**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MARY M. COLLINS, Individually and as
Personal Representative of the Heirs and
Estate of JAMES DANIEL COLLINS,
Deceased

        Plaintiff(s),

   v.

METROPOLITAN LIFE INSURANCE
COMPANY, INC;

FOSTER WHEELER NORTH AMERICA
CORPORATION (F/K/A FOSTER
WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION
(individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-
BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and
as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a O-
I);

ZURN INDUSTRIES, INC. 9A/j/a and
successor-by-merger to ERIE CITY IRON
WORKS);

GARLOCK SEALING TECHNOLOGIES
LLC (individually and as a successor-in-
interest to GARLOCK, INC);

AMETEK, INC. (individually and as a
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger

**NOTICE OF REMOVAL**


**Filed on behalf of
VOLKSWAGEN OF AMERICA, INC.**


Counsel of Record for this Party:

Steven T. Davis, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE 19806

Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA 15219

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX 75205

with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION
(individually , and as successor-in-interest to
AMERICAN SUPER TEMPERATURE
WIRE, and successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger to
HAVEG CORPORATION);

HERCULES, INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by merger to
HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK
BORSIG POWER, INC. f/k/a D.B. RILEY,
INC. f/k/a RILEY STOKER
CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC.
(individually and as successor-in-interest to
MUNDET CORK COMPANY);

3M COMPANY (individually and f/k/a
MINNESOTA, MINING and
MANUFACTURING COMPANY a/k/a
"3M");

T.H. AGRICULTURE & NUTRITION LLC
(individually and f/k/a T.H. AGRICULTURE
& NUTRITION COMPANY, INC. f/k/a
THOMPSON-HAYWARD CHEMICAL
COMPANY);

PHILIPS ELECTRONICS NORTH
AMERICA CORP (individually and as
successor-in-interest to T H AGRICULTURE
& NUTIRTION LLC);

KAISER CEMENT CORPORATION
(individually and as successor-in-interest to
KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENT CEMENT, INC.
(f/k/a KAISER CEMENT CORPORATION,
individually and as successor-in-interest to
KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually and as successor-in-
interest to RPM, INC. and BONDEX
INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually
and as successor-in-interest to RPM, INC.
and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as
successor-in-merger to CBS
CORPORATION, successor-by-merger to
WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER
COMPANY;

BORGWARNER MORSE TEC, INC.
(individually and as successor-in-interest to
BORG-WARNER CORPORATION);

BORGWARNER, INC. (individually and as
successor-in-interest to BORG-WARNER
CORPORATION);

HONEYWELL INTERNATIONAL, INC.
(individually and as successor-in-interest
To ALLIED-SIGNAL, INC. and THE
BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION
(f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNEUMO ABEX LLC (individually and as
successor-in-merger to PNEUMO ABEX
CORPORATION, successor-in-interest to
ABEX CORPORATION f/k/a AMERICAN
BRAKE SHOE and FOUNDRY COMPANY
including the AMERICAN BRAKEBLOK
DIVISION and FOUNDRY COMPANY
including AMERICAN BRAKEBLOK
DIVISION and THE AMERICAN
BRAKEBLOK CORPORATION f/k/a THE
AMERICAN BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a
subsidiary of ARVIN INDUSTRIES, INC.
individually and as successor-in-interest to
GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC.
(individually and as successor-in-merger to
AMMCO TOOLS, INC and AMMCO
TOOLS, CO. d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.

<u>VOLKSWAGEN OF AMERICA, INC.</u>

          Defendants.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MARY M. COLLINS, Individually and
as Personal Representative of the Heirs
and Estate of JAMES DANIEL
COLLINS, Deceased
             Plaintiff(s),

    v.

METROPOLITAN LIFE INSURANCE
COMPANY, INC;

FOSTER WHEELER NORTH
AMERICA CORPORATION (F/K/A
FOSTER WHEELER ENERGY
CORPORATION);

GEORGIA-PACIFIC CORPORATION
(individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY,
INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-
BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually
and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a
O-I);

ZURN INDUSTRIES, INC. 9A/j/a and
successor-by-merger to ERIE CITY
IRON WORKS);

GARLOCK SEALING
TECHNOLOGIES LLC (individually and
as a successor-in-interest to GARLOCK,
INC);

AMETEK, INC. (individually and as a
successor-in-interest to HAVEG

_____

**NOTICE OF REMOVAL**

**Filed on behalf of**
**VOLKSWAGEN OF AMERICA,**
**INC.**

4123160

5

INDUSTRIES, INC. successor-by-merger
with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION
(individually , and as successor-in-interest
to AMERICAN SUPER
TEMPERATURE WIRE, and successor-
in-interest to HAVEG INDUSTRIES,
INC. successor-by-merger to  HAVEG
CORPORATION);

HERCULES, INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by merger
to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK
BORSIG POWER, INC. f/k/a D.B.
RILEY, INC. f/k/a RILEY STOKER
CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY,
INC. (individually and as successor-in-
interest to MUNDET CORK
COMPANY);

3M COMPANY (individually and f/k/a
MINNESOTA, MINING and
MANUFACTURING COMPANY a/k/a
"3M");

T.H. AGRICULTURE & NUTRITION
LLC (individually and f/k/a T.H.
AGRICULTURE & NUTRITION
COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH

4123160

6

AMERICA CORP (individually and as
successor-in-interest to T H
AGRICULTURE & NUTIRTION LLC);

KAISER CEMENT CORPORATION
(individually and as successor-in-interest
to KAISER GYPSUM COMPANY,
INC.);

HANSON PERMANENT CEMENT,
INC. (f/k/a KAISER CEMENT
CORPORATION, individually and as
successor-in-interest to KAISER
GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually and as
successor-in-interest to RPM, INC. and
BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC.
(individually and as successor-in-interest
to RPM, INC. and BONDEX
INTERNATIONAL, INC.);

VIACOM, INC. (individually and as
successor-in-merger to CBS
CORPORATION, successor-by-merger to
WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER
COMPANY;

BORGWARNER MORSE TEC, INC.
(individually and as successor-in-interest
to BORG-WARNER CORPORATION);

BORGWARNER, INC. (individually and
as successor-in-interest to BORG-
WARNER CORPORATION);

HONEYWELL INTERNATIONAL,
INC. (individually and as successor-in-
interest

To ALLIED-SIGNAL, INC. and THE
BENDIX CORPORATION);

DAIMLERCHRYSLER
CORPORATION (f/k/a CHRYSLER
CORPORATION);

GENERAL MOTORS CORPORATION;
FORD MOTOR COMPANY;

PNEUMO ABEX LLC (individually and
as successor-in-merger to PNEUMO
ABEX CORPORATION, successor-in-
interest to ABEX CORPORATION f/k/a
AMERICAN BRAKE SHOE and
FOUNDRY COMPANY including the
AMERICAN BRAKEBLOK DIVISION
and FOUNDRY COMPANY including
AMERICAN BRAKEBLOK DIVISION
and THE AMERICAN BRAKEBLOK
CORPORATION f/k/a THE AMERICAN
BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a
subsidiary of ARVIN INDUSTRIES,
INC. individually and as successor-in-
interest to GRIZZLY
MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC.
(individually and as successor-in-merger
to AMMCO TOOLS, INC and AMMCO
TOOLS, CO. d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.

VOLKSWAGEN OF AMERICA, INC.

      Defendants.

### NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE:


AND NOW, comes defendant, Volkswagen of America, Inc. (VWoA) and files its Notice

of Removal, and in support thereof avers as follows:

1.      On February 28, 2006, Plaintiffs James Daniel Collins and Mary M. Collins filed

a Complaint against 40 Defendants, <u>not including VWoA</u>, in the Superior Court of New Castle

County, Delaware.

2.      On information and belief, Plaintiffs' initial discovery responses were served in

May, 2006.  These discovery responses disclosed Mr. Collins' employment history, including

employment at two Volkswagen dealerships.

3.      On information and belief, James Daniel Collins was deposed on August 10,

2006, at which time he testified about exposure to VWoA products.

4.      On information and belief, Plaintiffs filed a motion to amend the Complaint on

August 17, 2006 to add VWoA as a party to the lawsuit.  The motion was not immediately

presented to the Superior Court of New Castle County, Delaware.  The Superior Court of New

Castle County, Delaware granted the motion to amend on October 6, 2006.

5.      On information and belief, Plaintiff James Daniel Collins died on or about

September 25, 2006.

6.      On information and belief, Plaintiff Mary Collins filed an Amended Complaint

adding VWoA as a party to the lawsuit on October 17, 2006, attached hereto as Exhibit A.

7.      VWoA was served with original process on December 11, 2006, after the close of

discovery in the case, and after the Plaintiff James Collins had died.  At that point in time, trial

was scheduled for February 12, 2007.

8.      On December 9, 2006, an initial Motion to Substitute Parties and Add Wrongful Death Claim was filed.  Thereafter, on January 24, 2007, a second Motion to Substitute Parties and Add a Wrongful Death Claim was filed.  The Court granted the second Motion to Substitute Parties and Add Wrongful Death Claim on February 2, 2007.  Mary M. Collins, in her own right, and as the Executrix of the Estate of James Daniel Collins is the Plaintiff in this action (hereinafter "Plaintiff").

9.      Plaintiff then filed a Second Amended Complaint on February 5, 2007, attached hereto as Exhibit B.

10.     Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, VWoA removes this action to the United States District Court for the District of Delaware, which is the judicial district in which the action is pending.

11.     Upon information and belief, VWoA is the only remaining defendant in this action.  Although the docket does not reflect such, Counsel for VWoA was informed on March 12, 2007, for the first time, that VWoA is the only defendant remaining in this case.  This information was confirmed in written correspondence attached hereto as Exhibit C.

12.     Forty defendants were sued in this action, but the majority appears to have been only nominal defendants who were sued as part of a "mass tort" asbestos filing.  They and their alleged asbestos-containing products were not identified in this asbestos action and those companies have been or will be dismissed through voluntary and/or stipulated dismissals.  The remaining defendants other than VWoA have had summary judgment granted or have settled their claims, although those settlements (and some of the nominal defendant dismissals) are not yet reflected on the docket.

13.    There is complete diversity of citizenship between Plaintiff and VWoA in this action because:

      a.    Plaintiff is an individual and citizen of the State of Washington;

      b.    Defendant Volkswagen of America, Inc. is organized and incorporated under the laws of the State of New Jersey, with a principal place of business in Michigan;

      c.    More than $75,000, exclusive of interests and costs, is in controversy in this action; and

      d.    Other remaining defendants, whether or not diverse, are either nominal defendants (that have been or will be dismissed) or have settled the instant action.

14.    Thus, this court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. §1332 if the action as it stands had it originally been brought in federal court. Removal is therefore proper under 28 U.S.C. §1441(a).

15.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because any parties in interest properly joined and served as a defendant that were citizens of the State of Delaware, the State in which this action was brought, are nominal defendants or have settled the claims against them.

16.    This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because VWoA received notice, confirmed in writing, that the case had become

4123160                                    11

removable on March 12, 2007.  This Notice of Removal is filed within one year of the

commencement of the action against VWoA.[1]

17.     Pursuant to Section 1446(a) of Title 28 of the United States Code, "a copy of all

process, pleadings, and orders" served on Volkswagen of America, Inc. at the time of removal

are attached as Exhibit D.[2]

**WHEREFORE**, Defendant Volkswagen of America, Inc., pursuant to these statutes and

in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the

Superior Court of New Castle County, Delaware, on this 14th day of March 2007.

Dated:  March 14, 2007

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY:

Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219

AND

One Penn Center, 19th Floor

---

[1] If commencement of the action is measured by when the Complaint was filed without VWoA as a party, VWoA is entitled to an equitable exception to the one-year bar.

[2] See also all papers and pleadings filed via Lexis Nexis electronic file and serve from December 11, 2006 (E-filing ID No. 13151797) to March 5, 2007 (E-filing ID No. 14017420).

1617 JFK Boulevard
Philadelphia, PA  19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Counsel for Defendant,
Volkswagen of America, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Volkswagen of America, Inc.'s Notice of Removal was served on Plaintiff's counsel this 14th day of March, 2007, via hand delivery.

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY:  _____

Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE 19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA 15219

AND

One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA 19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX 75205

Counsel for Defendant,
Volkswagen of America, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MARY M. COLLINS, Individually and
as Personal Representative of the Heirs
and Estate of JAMES DANIEL
COLLINS, Deceased
            Plaintiff(s),

     v.

METROPOLITAN LIFE INSURANCE
COMPANY, INC;

FOSTER WHEELER NORTH
AMERICA CORPORATION (F/K/A
FOSTER WHEELER ENERGY
CORPORATION);

GEORGIA-PACIFIC CORPORATION
(individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY,
INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-
BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually
and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and
d/b/a O-I);

ZURN INDUSTRIES, INC. 9A/j/a and
successor-by-merger to ERIE CITY
IRON WORKS);

GARLOCK SEALING
TECHNOLOGIES LLC (individually
and as a successor-in-interest to
GARLOCK, INC);

AMETEK, INC. (individually and as a

_____

**NOTICE OF REMOVAL**

**Filed on behalf of**
**VOLKSWAGEN OF AMERICA,**
**INC.**

successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-
merger with HAVEG CORPORATION);

CHAMPLAIN CABLE
CORPORATION (individually , and as
successor-in-interest to AMERICAN
SUPER TEMPERATURE WIRE, and
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-
merger to  HAVEG CORPORATION);

HERCULES, INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by
merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a
BABCOCK BORSIG POWER, INC.
f/k/a D.B. RILEY, INC. f/k/a RILEY
STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY,
INC. (individually and as successor-in-
interest to MUNDET CORK
COMPANY);

3M COMPANY (individually and f/k/a
MINNESOTA, MINING and
MANUFACTURING COMPANY a/k/a
"3M");

T.H. AGRICULTURE & NUTRITION
LLC (individually and f/k/a T.H.
AGRICULTURE & NUTRITION
COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH
AMERICA CORP (individually and as
successor-in-interest to T H
AGRICULTURE & NUTIRTION LLC);

KAISER CEMENT CORPORATION
(individually and as successor-in-interest
to KAISER GYPSUM COMPANY,
INC.);

HANSON PERMANENT CEMENT,
INC. (f/k/a KAISER CEMENT
CORPORATION, individually and as
successor-in-interest to KAISER
GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually and as
successor-in-interest to RPM, INC. and
BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC.
(individually and as successor-in-interest
to RPM, INC. and BONDEX
INTERNATIONAL, INC.);

VIACOM, INC. (individually and as
successor-in-merger to CBS
CORPORATION, successor-by-merger
to WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER
COMPANY;

BORGWARNER MORSE TEC, INC.
(individually and as successor-in-interest
to BORG-WARNER CORPORATION);

BORGWARNER, INC. (individually
and as successor-in-interest to BORG-
WARNER CORPORATION);

HONEYWELL INTERNATIONAL,
INC. (individually and as successor-in-

interest
To ALLIED-SIGNAL, INC. and THE
BENDIX CORPORATION);

DAIMLERCHRYSLER
CORPORATION (f/k/a CHRYSLER
CORPORATION);

GENERAL MOTORS
CORPORATION;
FORD MOTOR COMPANY;

PNEUMO ABEX LLC (individually and
as successor-in-merger to PNEUMO
ABEX CORPORATION, successor-in-
interest to ABEX CORPORATION f/k/a
AMERICAN BRAKE SHOE and
FOUNDRY COMPANY including the
AMERICAN BRAKEBLOK DIVISION
and FOUNDRY COMPANY including
AMERICAN BRAKEBLOK DIVISION
and THE AMERICAN BRAKEBLOK
CORPORATION f/k/a THE
AMERICAN BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a
subsidiary of ARVIN INDUSTRIES,
INC. individually and as successor-in-
interest to GRIZZLY
MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC.
(individually and as successor-in-merger
to AMMCO TOOLS, INC and AMMCO
TOOLS, CO. d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.

VOLKSWAGEN OF AMERICA, INC.

Defendants.

## CERTIFICATE OF NOTICE OF FILING

The undersigned attorneys of record for Volkswagen of America, Inc., certify that, in compliance with 28 U.S.C. §1446(d), a copy of the Notice of Removal of this action was filed with the Prothonotary of the Superior Court of New Castle County, Delaware on March 14, 2007.

The undersigned attorneys of record further certify that on the same day, in compliance with the requirements of 28 U.S.C. §1446(d), written notice of the removal was also delivered to all the parties, including the Plaintiffs, in this action directly or through their attorneys, along with a copy of the Notice of Removal filed in this court.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY: _____

Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219

AND

One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA  19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Dated:  March 14, 2007                    Counsel for Defendant,
                                          Volkswagen of America, Inc.

# EXHIBIT "A"

4088719

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

EFiled: Oct 17 2006 12:26PM EDT
Transaction ID 12649530

COUNTY : **N**  K  S CIVIL ACTION NUMBER:  06C-02-281 ASB

CIVIL CASE CODE:  __ASB__    CIVIL CASE TYPE:  __Asbestos__
(SEE REVERSE SIDE FOR CODE AND TYPE)

| | |
|---|---|
| Caption:<br><br>JAMES DANIEL COLLINS and MARY M. COLLINS<br><br> Plaintiffs,<br><br> v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, INC., et al.,<br><br><br> Defendants. | Name and Status of Party filing document:<br><br>Plaintiff<br>Document Type: (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br> FIRST AMENDED COMPLAINT<br><br>Non-Arbitration  x      eFile x<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ___ Mediation ___ Neutral Assessment ___<br><br>DEFENDANT (Circle one) **ACCEPT  REJECT**<br><br>JURY DEMAND ___x___ YES ___ NO<br><br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br><br>EXPEDITED   STANDARD   **COMPLEX** |
| ATTORNEY NAME(S):<br><br>Yvonne Takvorian Saville<br><br>ATTORNEY ID(S):<br>DE BAR ID#3430<br><br>FIRM NAME:<br><br>Weiss & Saville, P.A.<br>ADDRESS:<br><br>1220 North Market Street, Suite 604<br><br>P. O. Box 370<br><br>Wilmington, DE  19899<br>TELEPHONE NUMBER:<br><br>(302) 656-0400<br>FAX NUMBER:<br><br>(302) 656-5011<br>E-MAIL ADDRESS: | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

REVISED 9/2003

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Oct 17 2006 12:26PM EDT
Transaction ID 12649530

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. 06C-02-281 ASB |
| | : | |
| | : | COMPLAINT |
| Plaintiffs, | : | |
| | : | "FIRST AMENDED COMPLAINT - |
| v. | : | UNDERSCORED LANGUAGE |
| | : | REPRESENTS CHANGES MADE FROM |
| METROPOLITAN LIFE INSURANCE | : | THE FIRST AMENDED COMPLAINT |
| COMPANY; | : | AND BRACKETS INDICATE |
| | : | DELETION FROM THE ORIGINAL |
| FOSTER WHEELER NORTH | : | COMPLAINT" |
| AMERICA CORPORATION (f/k/a | : | |
| FOSTER WHEELER ENERGY | : | NON-ARBITRATION |
| CORPORATION); | : | |
| | : | ASBESTOS |
| GEORGIA-PACIFIC CORPORATION | : | |
| (individually and as successor to | : | JURY TRIAL DEMANDED |
| BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, | : | |
| INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER- | : | |
| BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually | : | |
| and as successor-in-interest to OWENS- | : | |
| ILLINOIS GLASS COMPANY and d/b/a | : | |
| O-I); | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and | : | |
| successor-by-merger to ERIE CITY | : | |
| IRON WORKS); | : | |
| | : | |
| GARLOCK SEALING | : | |
| TECHNOLOGIES LLC (individually and | : | |
| as a successor-in-interest to GARLOCK, | : | |
| INC.); | : | |
| | : | |
| AMETEK, INC. (individually, and as | : | |
| successor-in-interest to HAVEG | : | |
| INDUSTRIES, INC. successor-by- | : | |
| merger with HAVEG CORPORATION); | : | |

CHAMPLAIN CABLE CORPORATION       :
(individually, and as successor-in-interest  :
to AMERICAN SUPER                 :
TEMPERATURE WIRE, and successor-  :
in-interest to HAVEG INDUSTRIES,  :
INC. successor-by-merger to HAVEG :
CORPORATION);                     :
                                  :
HERCULES INC. (individually, and as  :
successor-in-interest to HAVEG    :
INDUSTRIES, INC. successor-be-merger  :
to HAVEG CORPORATION);            :
                                  :
RILEY POWER, INC. (f/k/a BABCOCK  :
BORSIG POWER, INC., f/k/a D.B.    :
RILEY, INC., f/k/a RILEY STOKER   :
CORPORATION);                     :
                                  :
UNION CARBIDE CORPORATION;        :
                                  :
DANA CORPORATION;                 :
                                  :
CRANE COMPANY;                    :
                                  :
INGERSOLL-RAND COMPANY;           :
                                  :
CROWN CORK & SEAL COMPANY,        :
INC. (individually and as successor-in-  :
interest to MUNDET CORK           :
COMPANY);                         :
                                  :
3M COMPANY (individually and f/k/a  :
MINNESOTA, MINING, AND            :
MANUFACTURING COMPANY, a/k/a      :
"3M");                            :
                                  :
T.H. AGRICULTURE & NUTRITION,     :
LLC (individually and f/k/a T.H.  :
AGRICULTURE & NUTRITION           :
COMPANY, INC. f/k/a THOMPSON-     :
HAYWARD CHEMICAL COMPANY);        :
                                  :
PHILIPS ELECTRONICS NORTH         :
AMERICA CORP. (individually and as  :
successor-in-interest to T H      :
AGRICULTURE & NUTRITION, LLC);    :
                                  :
KAISER GYPSUM COMPANY, INC.;      :
                                  :

KAISER CEMENT CORPORATION            :
(individually, and as successor-in-interest    :
to KAISER GYPSUM COMPANY,            :
INC.);                               :
                                     :
HANSON PERMANENTE CEMENT,            :
INC. (f/k/a KAISER CEMENT            :
CORPORATION, individually and as     :
successor-in-interest to KAISER      :
GYPSUM COMPANY, INC.);               :
                                     :
BONDEX INTERNATIONAL, INC.;          :
                                     :
RPM, INC. (individually, and as      :
successor-in-interest to BONDEX      :
INTERNATIONAL, INC.);                :
                                     :
RPM INTERNATIONAL, INC.              :
(individually and as successor-in-interest    :
to RPM, INC., and BONDEX             :
INTERNATIONAL, INC.);                :
                                     :
VIACOM, INC. (individually and as    :
successor-by-merger to CBS           :
CORPORATION, successor-by-merger     :
to WESTINGHOUSE ELECTRIC             :
CORPORATION);                        :
                                     :
THE GOODYEAR TIRE & RUBBER           :
COMPANY;                             :
                                     :
BORGWARNER MORSE TEC, INC.,          :
(individually and successor in interest to    :
BORG-WARNER CORPORATION);            :
                                     :
BORGWARNER, INC.,(individually and   :
successor in interest to BORG-WARNER :
CORPORATION);                        :
                                     :
HONEYWELL INTERNATIONAL,             :
INC. (individually and as successor-in-    :
interest to ALLIED-SIGNAL, INC. and  :
THE BENDIX CORPORATION);             :
                                     :
DAIMLERCHRYSLER                      :
CORPORATION (f/k/a CHRYSLER          :
CORPORATION);                        :
                                     :
GENERAL MOTORS CORPORATION;          :

FORD MOTOR COMPANY;                      :
                                         :
PNEUMO ABEX, LLC (individually and       :
as successor-by-merger to PNEUMO         :
ABEX CORPORATION, successor-in-          :
interest to ABEX CORPORATION f/k/a       :
AMERICAN BRAKE SHOE                      :
COMPANY, f/k/a AMERICAN BRAKE            :
SHOE and FOUNDRY COMPANY                 :
including the AMERICAN                    :
BRAKEBLOK DIVISION, successor-by-        :
merger to the AMERICAN BRAKE             :
SHOE and FOUNDRY COMPANY and             :
THE AMERICAN BRAKEBLOK                   :
CORPORATION, f/k/a THE                   :
AMERICAN BRAKE MATERIALS                 :
CORPORATION);                            :
                                         :
MAREMONT CORPORATION (a                  :
subsidiary of ARVIN INDUSTRIES,          :
INC., individually and as                :
successor-in-interest to GRIZZLY         :
MANUFACTURING CO.);                      :
                                         :
HENNESSY INDUSTRIES, INC.,               :
(individually and as successor by merger :
to AMMCO TOOLS, INC. and AMMCO           :
TOOLS, CO., d/b/a AMMCO TOOLS);          :
                                         :
A.W. CHESTERTON, INC.;                   :
                                         :
DURABLA MANUFACTURING                    :
COMPANY, INC.;                           :
                                         :
VOLKSWAGEN OF AMERICA, INC.;             :
                                         :
        Defendants.                      :
                                         :

## COUNT I

1.    Plaintiff, JAMES DANIEL COLLINS, was wrongfully exposed to asbestos, an

inherently dangerous toxic substance while employed at the following places:

        (a)    Plaintiff JAMES DANIEL COLLINS was exposed thru his father, James

               Collins, from his father's work at Fort Lewis  where he worked from

1947-1965; and 1967-1967 as a heating and cooling specialist in Fort Lewis, WA.

(b) Plaintiff JAMES DANIEL COLLINS performed construction jobs at personal residences from 1950-1952.

(c) Plaintiff JAMES DANIEL COLLINS performed mechanic jobs at personal residences from 1964-2005.

(d) Plaintiff JAMES DANIEL COLLINS performed construction jobs at residential sites in Olympia, Washington in 1977.

(e) Plaintiff JAMES DANIEL COLLINS worked at a salvage yard in Tumwater, Washington in1965.

(f) Plaintiff JAMES DANIEL COLLINS attended Clover Park Vocational School in Tacoma, Washington from 1967-1969 as a student.

(g) Plaintiff JAMES DANIEL COLLINS worked at America Oil Service Station in Tacoma, Washington from 1968-1969 as a laborer and light mechanic.

(h) Plaintiff JAMES DANIEL COLLINS worked at Brewington Motors in Olympia, Washington as a mechanic from 1971-1976.

(i) Plaintiff JAMES DANIEL COLLINS worked at South Puget Sound Community College in Olympia, Washington from 1985-2005 as an instructor.

(j) Plaintiff JAMES DANIEL COLLINS worked at Hanson Motors in Olympia, Washington from 1976-1985 as a mechanic.

(k) Plaintiff JAMES DANIEL COLLINS was employed by Collins Automotive Enterprises where he worked at personal residences in Olympia, Washington from 1975-1976 as a mechanic.

Plaintiff was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

2.    As a result of the Defendants' wrongful conduct, Plaintiff, JAMES DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.    As a result of Defendants wrongful conduct which caused Plaintiff, JAMES DANIEL COLLINS's asbestos related diseases and health problems, Plaintiffs, JAMES DANIEL COLLINS and MARY M. COLLINS suffer extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law. In addition, Plaintiff(s) MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

4.    The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

## COUNT II

5.    The allegations in paragraph one (1) through four (4) are realleged and incorporated by reference within this Count.

6.    FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.;

were at all times pertinent directly or indirectly engaged in the mining, manufacturing,

distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-

containing products. They were also engaged in the development, manufacture, distribution,

sales, licensing or leasing of equipment procedures and/or technology necessary to mine,

manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing

products.

      7.      Defendant Metropolitan Life Insurance Company, as well as other members of

the asbestos industry, including but not limited to Defendants listed herein, engaged in

investigations and research as to the hazards of asbestos and often edited out material harmful to

the asbestos industry and only published certain portions of their findings and/or refrained from

publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its

endeavors.

      8.      The illnesses and disabilities of Plaintiff is a direct and proximate result of 3M's

negligence in placing into the stream of commerce respiratory devices defective in design and

inadequate for the purposes for which they were intended, namely preventing the inhalation of

dust, including asbestos dust, generated from construction and/or insulation activities.

      9.      3M knew or should have known that workers would use and rely upon 3M's

respiratory devices at sites where asbestos materials were commonly and extensively used which

created substantial and constant quantities of dust and that 3M's respiratory devices would

provide inadequate protection against the inhalation of asbestos dust.

      10.     Furthermore, 3M was negligent for failing to warn and/or properly instruct

workers regarding the inadequacies of its respiratory devices for preventing the inhalation of

asbestos dust.

11.     As a direct and proximate result of the above wrongful activities of the Defendants, Plaintiff was exposed to asbestos and the Plaintiff developed the asbestos-related diseases discussed and sustained the injuries described herein.

## COUNT III

12.     The allegations in paragraphs One (1) through Eleven (11) are realleged and incorporated by reference within this Count.

13.     The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)     Failed to adequately test, research investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

14.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

**COUNT IV**

15.     The allegations in paragraphs one (1) through Fourteen (14) are realleged and incorporated by reference within this Count.

16.     The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff and others similarly situated:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

(c)     Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)     Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT V

18.    The allegations in paragraphs one (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.    Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff for all injuries and damages which were contracted thereby.

20.    All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff for all the injuries and damages which were contracted thereby.

21.    The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff injuries which were caused thereby.

22.    The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff for all injuries caused thereby.

23.    As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VI

24.    The allegations in paragraphs One (1) through Twenty-three (23) are realleged and incorporated by reference within this Count.

25.    The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

(a)    Conceal the existence, nature and extent of that risk; and,

(b)     Failed to disclose the existence, nature and extent of that risk to Plaintiff and those similarly situated.

26.     The Defendants had reason to expect that Plaintiff, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would-be materially affected by the aforementioned concealment and nondisclosure.

27.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VII

28.     The allegations in paragraphs one (1) through Twenty-seven (27) are realleged and incorporated by reference within this Count.

29.     The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)     Had no adequate basis for such representations;

(b)     Knew that a significant health hazard to human life existed from asbestos.

30.     Defendants had reason to expect that as a result of such representation, Plaintiff and others similarly situated would be exposed to asbestos.

31.     As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

32.     The allegations in paragraphs One (1) through Thirty-one (31) are realleged and incorporated by reference within this Count.

33.     The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the Plaintiff and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

34.    As a result of this conspiracy, the Plaintiff was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

35.    The allegations in paragraphs One (1) through Thirty-four (34) are realleged and incorporated by reference within this Count.

36.    Even after the dangers of asbestos finally began to be known to Plaintiff or others similarly situated, Defendants continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

(a)    Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

(b)    Defeat and/or delay such legal actions and the final collection of any judgment.

37.    Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

38.    As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT X

39.    The allegations in paragraphs One (1) through Thirty-eight (38) are realleged and incorporated by reference within this Count.

40.    Plaintiff used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the

inhalation of asbestos dust and fibers. Plaintiff would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

41.     Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiff.

42.     Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

43.     Plaintiff was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

44.     During the periods Plaintiff used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

45.     As a direct and proximate result of the above acts and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT XI

46.     The allegations in paragraphs One (1) through Forty- five (45) are realleged and incorporated by reference within this Count.

47.     Plaintiff, JAMES DANIEL COLLINS, would show that for a period of many years, he worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of Plaintiff, JAMES DANIEL COLLINS', father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiff, JAMES DANIEL COLLINS, would show that he has been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great

quantities of asbestos fibers. Further, Plaintiff, JAMES DANIEL COLLINS, alleges, as more specifically set out below, that he has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

48.    Plaintiff, JAMES DANIEL COLLINS, alleges that he was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of Plaintiff, JAMES DANIEL COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff, JAMES DANIEL COLLINS, was exposed to the asbestos dust and fibers brought home by Plaintiff, JAMES DANIEL COLLINS', father in the normal course of performing household activities, such as shaking out and laundering work clothing. In that each exposure to such products caused or contributed to Plaintiff, JAMES DANIEL COLLINS' injuries, Plaintiff, JAMES DANIEL COLLINS, says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudgement interest, as would be necessary to compensate the Plaintiffs for the injuries they have and will suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages.

Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**WEISS & SAVILLE, P.A.**

By: /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430
        Weiss & Saville, P.A.
        1220 North Market Street, Suite 604
        P.O. Box 370
        Wilmington, DE 19899
        Phone (302)656-0400
        Fax (302)656-5011
        Attorney for Plaintiff

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605

Date:  October 17, 2006

# EXHIBIT "B"

4088719

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Feb. 5 2007 11:40 AM EST
Transaction ID 13694201
Case No. 06C-02-281 ASB

COUNTY : N  K  S  CIVIL ACTION NUMBER:  __06C-02-281 ASB__

CIVIL CASE CODE:  __ASB__          CIVIL CASE TYPE:  __Asbestos__
(SEE REVERSE SIDE FOR CODE AND TYPE)

| Caption: | Name and Status of Party filing document: |
|---|---|
| MARY M. COLLINS, Individually and as Personal — <br><br> Representative of the Heirs and Estate of <br><br> JAMES DANIEL COLLINS, Deceased, <br><br><br> Plaintiff(s), <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE <br><br> COMPANY, INC., et al., <br><br><br><br> Defendants. | Plaintiff <br> Document Type: (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM) <br><br> SECOND AMENDED COMPLAINT <br><br> Non-Arbitration __x__        eFile_x_ <br> (CERTIFICATE OF VALUE MAY BE REQUIRED) <br><br> Arbitration ___  Mediation ___  Neutral Assessment ___ <br><br> DEFENDANT (Circle one) **ACCEPT    REJECT** <br><br> JURY DEMAND ___x___  YES ___  NO <br><br> TRACK ASSIGNMENT REQUESTED:  (CIRCLE ONE) <br><br> EXPEDITED    STANDARD    **COMPLEX** |
| ATTORNEY NAME(S): <br> Yvonne Takvorian Saville <br> ATTORNEY ID(S): <br> DE BAR ID#3430 <br> FIRM NAME: <br> Weiss & Saville, P.A. <br> ADDRESS: <br> 1220 North Market Street, Suite 604 <br> P. O. Box 370 <br> Wilmington, DE  19899 <br> TELEPHONE NUMBER: <br> (302) 656-0400 <br> FAX NUMBER: <br> (302) 656-5011 <br> E-MAIL ADDRESS: | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS <br><br><br> EXPLAIN THE RELATIONSHIP(S): <br><br><br><br> OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: <br><br> (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

REVISED 9/2003

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Feb 5 2007 11:40 ...EST
Transaction ID 13694201
Case No. 06C-02-281 ASB

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and<br>as Personal Representative of the Heirs<br>and Estate of JAMES DANIEL<br>COLLINS, Deceased, | : <br> : <br> : <br> : | C.A. No. 06C-02-281 ASB <br><br> COMPLAINT |
| | : | "SECOND AMENDED COMPLAINT - |
| Plaintiff(s), | : | UNDERSCORED LANGUAGE |
| | : | REPRESENTS CHANGES MADE FROM |
| v. | : | THE FIRST AMENDED COMPLAINT |
| | : | |
| METROPOLITAN LIFE INSURANCE | : | NON-ARBITRATION |
| COMPANY; | : | |
| | : | ASBESTOS |
| FOSTER WHEELER NORTH | : | |
| AMERICA CORPORATION (f/k/a | : | JURY TRIAL DEMANDED |
| FOSTER WHEELER ENERGY | : | |
| CORPORATION); | : | |
| | : | |
| GEORGIA-PACIFIC CORPORATION | : | |
| (individually and as successor to | : | |
| BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, | : | |
| INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER- | : | |
| BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually | : | |
| and as successor-in-interest to OWENS- | : | |
| ILLINOIS GLASS COMPANY and d/b/a | : | |
| O-I); | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and | : | |
| successor-by-merger to ERIE CITY | : | |
| IRON WORKS); | : | |
| | : | |
| GARLOCK SEALING | : | |
| TECHNOLOGIES LLC (individually and | : | |
| as a successor-in-interest to GARLOCK, | : | |
| INC.); | : | |
| | : | |
| | : | |
| | : | |

PLAINTIFF(S') SECOND AMENDED COMPLAINT          Page 1
C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\292_200702051638440281.wpd (GLT)(01/26/2007)

.

AMETEK, INC. (individually, and as                    :
successor-in-interest to HAVEG               :
INDUSTRIES, INC. successor-by-            :
merger with HAVEG CORPORATION);          :
                                          :
CHAMPLAIN CABLE CORPORATION               :
(individually, and as successor-in-interest     :
to AMERICAN SUPER                          :
TEMPERATURE WIRE, and successor-          :
in-interest to HAVEG INDUSTRIES,          :
INC. successor-by-merger to HAVEG          :
CORPORATION);                             :
                                          :
HERCULES INC. (individually, and as          :
successor-in-interest to HAVEG            :
INDUSTRIES, INC. successor-be-merger       :
to HAVEG CORPORATION);                    :
                                          :
RILEY POWER, INC. (f/k/a BABCOCK          :
BORSIG POWER, INC., f/k/a D.B.            :
RILEY, INC., f/k/a RILEY STOKER           :
CORPORATION);                             :
                                          :
UNION CARBIDE CORPORATION;                :
                                          :
DANA CORPORATION;                         :
                                          :
CRANE COMPANY;                            :
                                          :
INGERSOLL-RAND COMPANY;                   :
                                          :
CROWN CORK & SEAL COMPANY,                :
INC. (individually and as successor-in-       :
interest to MUNDET CORK                    :
COMPANY);                                 :
                                          :
3M COMPANY (individually and f/k/a          :
MINNESOTA, MINING, AND                    :
MANUFACTURING COMPANY, a/k/a              :
"3M");                                    :
                                          :
T.H. AGRICULTURE & NUTRITION,             :
LLC (individually and f/k/a T.H.           :
AGRICULTURE & NUTRITION                   :
COMPANY, INC. f/k/a THOMPSON-             :
HAYWARD CHEMICAL COMPANY);                :
                                          :
                                          :
                                          :

PHILIPS ELECTRONICS NORTH                    :
AMERICA CORP. (individually and as           :
successor-in-interest to T H                 :
AGRICULTURE & NUTRITION, LLC);               :
                                             :
KAISER GYPSUM COMPANY, INC.;                 :
                                             :
KAISER CEMENT CORPORATION                    :
(individually, and as successor-in-interest  :
to KAISER GYPSUM COMPANY,                    :
INC.);                                       :
                                             :
HANSON PERMANENTE CEMENT,                    :
INC. (f/k/a KAISER CEMENT                     :
CORPORATION, individually and as             :
successor-in-interest to KAISER              :
GYPSUM COMPANY, INC.);                       :
                                             :
BONDEX INTERNATIONAL, INC.;                  :
                                             :
RPM, INC. (individually, and as              :
successor-in-interest to BONDEX              :
INTERNATIONAL, INC.);                        :
                                             :
RPM INTERNATIONAL, INC.                      :
(individually and as successor-in-interest   :
to RPM, INC., and BONDEX                     :
INTERNATIONAL, INC.);                        :
                                             :
VIACOM, INC. (individually and as            :
successor-by-merger to CBS                   :
CORPORATION, successor-by-merger             :
to WESTINGHOUSE ELECTRIC                     :
CORPORATION);                                :
                                             :
THE GOODYEAR TIRE & RUBBER                   :
COMPANY;                                     :
                                             :
BORGWARNER MORSE TEC, INC.,                  :
(individually and successor in interest to   :
BORG-WARNER CORPORATION);                    :
                                             :
BORGWARNER, INC.,(individually and           :
successor in interest to BORG-WARNER         :
CORPORATION);                                :
                                             :
                                             :
                                             :
                                             :

HONEYWELL INTERNATIONAL,            :
INC. (individually and as successor-in-   :
interest to ALLIED-SIGNAL, INC. and     :
THE BENDIX CORPORATION);             :
                                    :
DAIMLERCHRYSLER                     :
CORPORATION (f/k/a CHRYSLER        :
CORPORATION);                        :
                                    :
GENERAL MOTORS CORPORATION;     :
FORD MOTOR COMPANY;               :
                                    :
PNEUMO ABEX, LLC (individually and   :
as successor-by-merger to PNEUMO     :
ABEX CORPORATION, successor-in-     :
interest to ABEX CORPORATION f/k/a   :
AMERICAN BRAKE SHOE               :
COMPANY, f/k/a AMERICAN BRAKE    :
SHOE and FOUNDRY COMPANY        :
including the AMERICAN               :
BRAKEBLOK DIVISION, successor-by-    :
merger to the AMERICAN BRAKE       :
SHOE and FOUNDRY COMPANY and    :
THE AMERICAN BRAKEBLOK           :
CORPORATION, f/k/a THE               :
AMERICAN BRAKE MATERIALS        :
CORPORATION);                        :
                                    :
MAREMONT CORPORATION (a          :
subsidiary of ARVIN INDUSTRIES,       :
INC., individually and as               :
successor-in-interest to GRIZZLY        :
MANUFACTURING CO.);                 :
                                    :
HENNESSY INDUSTRIES, INC.,          :
(individually and as successor by merger
to AMMCO TOOLS, INC. and AMMCO
TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.;

      Defendants.

## COUNT I

1.    <u>Plaintiff(s') Decedent</u>, JAMES DANIEL COLLINS, was wrongfully exposed to asbestos, an inherently dangerous toxic substance while employed at the following places:

(a)    <u>Plaintiff(s') Decedent</u> was exposed thru his father, James Collins, from his father's work at Fort Lewis  where he worked from 1947-1965; and 1967-1967 as a heating and cooling specialist in Fort Lewis, WA.

(b)    <u>Plaintiff(s') Decedent</u> performed construction jobs at personal residences from 1950-1952.

(c)    <u>Plaintiff(s') Decedent</u> performed mechanic jobs at personal residences from 1964-2005.

(d)    <u>Plaintiff(s') Decedent</u> performed construction jobs at residential sites in Olympia, Washington in 1977.

(e)    <u>Plaintiff(s') Decedent</u> worked at a salvage yard in Tumwater, Washington in1965.

(f)    <u>Plaintiff(s') Decedent</u> attended Clover Park Vocational School in Tacoma, Washington from 1967-1969 as a student.

(g)    <u>Plaintiff(s') Decedent</u> worked at America Oil Service Station in Tacoma, Washington from 1968-1969 as a laborer and light mechanic.

(h)    <u>Plaintiff(s') Decedent</u> worked at Brewington Motors in Olympia, Washington as a mechanic from 1971-1976.

(i)    <u>Plaintiff(s') Decedent</u> worked at South Puget Sound Community College in Olympia, Washington from 1985-2005 as an instructor.

(j)    <u>Plaintiff(s') Decedent</u> worked at Hanson Motors in Olympia, Washington from 1976-1985 as a mechanic.

(k)    Plaintiff(s') Decedent was employed by Collins Automotive Enterprises where he worked at personal residences in Olympia, Washington from 1975-1976 as a mechanic.

Plaintiff(s') Decedent was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

2.    As a result of the Defendants' wrongful conduct, Plaintiff(s') Decedent, JAMES DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.    On September 25, 2006, as a direct and proximate result of his asbestos-related diseases and problems, JAMES DANIEL COLLINS died.

4.    As a result of Defendants wrongful conduct which caused Plaintiff(s') Decedent, JAMES DANIEL COLLINS's asbestos related diseases and health problems, Plaintiff(s') Decedent, JAMES DANIEL COLLINS, Deceased; and MARY M. COLLINS, Christopher Scott Collins, and Cynthia Rae Martin suffered extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law.  In addition, Plaintiff MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

5.    Plaintiff(s) are seeking to recover any and all damages which are recoverable under applicable law for survival and wrongful death claims.

6.    MARY M. COLLINS is the Personal Representative of the Estate of JAMES

DANIEL COLLINS, deceased, and as such is pursuing the estate claims for the injuries JAMES

DANIEL COLLINS suffered during his life.

7.    The above injuries have or will in the future result in a decrease of past or future

earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

### COUNT II

8.    The allegations in paragraph One (1) through Seven (7) are realleged and

incorporated by reference within this Count.

9.    FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER
WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON
WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a
successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-
interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-
interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG
CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG
INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.;

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

10.     Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, including but not limited to Defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material harmful to

the asbestos industry and only published certain portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors.

11.    The illnesses, disabilities and/or death of Plaintiff(s') Decedent is a direct and proximate result of 3M's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

12.    3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

13.    Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

14.    As a direct and proximate result of the above wrongful activities of the Defendants, Plaintiff(s') Decedent was exposed to asbestos and the Plaintiff(s') Decedent developed the asbestos-related diseases discussed and sustained the injuries described herein.

## COUNT III

15.    The allegations in paragraphs One (1) through Fourteen (14) are realleged and incorporated by reference within this Count.

16.    The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff(s') Decedent as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)     Failed to adequately test, research investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff(s') Decedent and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff(s') Decedent and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff(s') Decedent was injured as described herein.

## COUNT IV

18.     The allegations in paragraphs One (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.     The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff(s') Decedent and others similarly situated:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)    Failed to adequately warn all the potential victims of asbestos including the Plaintiff(s') Decedent as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

(c)    Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff(s') Decedent and others similarly situated;

(d)    Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff(s') Decedent and others similarly situated;

(e)    Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

20.    As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff(s') Decedent was injured as described herein.

## COUNT V

21.    The allegations in paragraphs One (1) through Twenty (20) are realleged and incorporated by reference within this Count.

22.    Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff(s') Decedent for all injuries and damages which were contracted thereby.

23.    All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff(s') Decedent for all the injuries and damages which were contracted thereby.

24.     The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff(s') Decedent injuries which were caused thereby.

25.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff(s') Decedent for all injuries caused thereby.

26.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff(s') Decedent was injured as described herein.

## COUNT VI

27.     The allegations in paragraphs One (1) through Twenty-six (26) are realleged and incorporated by reference within this Count.

28.     The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

(a)     Conceal the existence, nature and extent of that risk; and,

(b)     Failed to disclose the existence, nature and extent of that risk to Plaintiff(s') Decedent and those similarly situated.

29.     The Defendants had reason to expect that Plaintiff(s') Decedent, whose injuries were caused by his  exposure, was within the class of persons whose actions or inaction would-be materially affected by the aforementioned concealment and nondisclosure.

30.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff(s') Decedent was injured as described herein.

### COUNT VII

31.     The allegations in paragraphs one (1) through <u>Thirty (30)</u> are realleged and incorporated by reference within this Count.

32.     The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

        (a)     Had no adequate basis for such representations;

        (b)     Knew that a significant health hazard to human life existed from asbestos.

33.     Defendants had reason to expect that as a result of such representation, <u>Plaintiff(s')</u> <u>Decedent</u> and others similarly situated would be exposed to asbestos.

34.     As a result of this wrongful representation, <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries referred to herein.

### COUNT VIII

35.     The allegations in paragraphs One (1) through <u>Thirty-four (34)</u> are realleged and incorporated by reference within this Count.

36.     The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the <u>Plaintiff(s') Decedent</u> and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

37.     As a result of this conspiracy, the <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries complained of herein.

### COUNT IX

38.     The allegations in paragraphs One (1) through <u>Thirty-seven (37)</u> are realleged and incorporated by reference within this Count.

39.     Even after the dangers of asbestos finally began to be known to <u>Plaintiff(s') Decedent</u> or others similarly situated, Defendants continued to act wrongfully both individually and together

in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

        (a)     Prevent and delay <u>Plaintiff(s')</u> <u>Decedent</u> and others similarly situated from filing legal action to recover for these injuries and/or;

        (b)     Defeat and/or delay such legal actions and the final collection of any judgment.

40.     Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

41.     As a result of this wrongful representation, <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries referred to herein.

## COUNT X

42.     The allegations in paragraphs One (1) through <u>Forty-one (41)</u> are realleged and incorporated by reference within this Count.

43.     <u>Plaintiff(s') Decedent</u> used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff(s) would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the inhalation of asbestos dust and fibers. Plaintiff(s) would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

44.     Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries <u>and/or death</u> of <u>Plaintiff(s') Decedent</u>.

45.     Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

46.     <u>Plaintiff(s') Decedent</u> was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

47.     During the periods <u>Plaintiff(s') Decedent</u> used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

48.     As a direct and proximate result of the above acts and omissions of Defendants, <u>Plaintiff(s') Decedent</u> was injured as described herein.

<b><u>COUNT XI</u></b>

49.     The allegations in paragraphs One (1) through <u>Forty-eight (48)</u> are realleged and incorporated by reference within this Count.

50.     Plaintiff(s) would show that for a period of many years, <u>Plaintiff(s') Decedent</u> worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of <u>Plaintiff(s') Decedent</u>, JAMES DANIEL COLLINS' father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States.  Plaintiff(s) would show that <u>Plaintiff(s') Decedent</u> was exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great quantities of asbestos fibers.  Further, Plaintiff(s) allege, as more specifically set out below, that <u>Plaintiff(s') Decedent</u> suffered injuries proximately caused by his  exposure to asbestos-containing products designed, manufactured and sold by Defendants.

51.     Plaintiff(s) allege that <u>Plaintiff(s') Decedent</u> was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of <u>Plaintiff(s') Decedent</u>, JAMES DANIEL

COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff(s') Decedent, JAMES DANIEL COLLINS was exposed to the asbestos dust and fibers brought home by Plaintiff(s') Decedent, JAMES DANIEL COLLINS' father in the normal course of performing household activities, such as shaking out and laundering work clothing.  In that each exposure to such products caused or contributed to Plaintiff(s') Decedent, JAMES DANIEL COLLINS' injuries, Plaintiff(s) say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiff(s) demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudgement interest, as would be necessary to compensate the Plaintiff(s) for the injuries they have and will suffer.

Plaintiff(s) further demand judgment against each of the Defendants for punitive damages.

Plaintiff(s) further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiff(s) further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**WEISS & SAVILLE, P.A.**

By: /s/ Yvonne Takvorian Saville
      Yvonne Takvorian Saville, #3430
      Weiss & Saville, P.A.
      1220 North Market Street, Suite 604
      P.O. Box 370
      Wilmington, DE 19899
      Phone (302)656-0400
      Fax (302)656-5011
      Attorney for Plaintiff(s)

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum

Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605


Date:    <u>February 5, 2007</u>

# EXHIBIT "C"

4088719



**OBERMAYER**

REBMANN MAXWELL & HIPPEL LLP

*Attorneys At Law*

Alice S. Johnston
Direct Dial: 412-288-2459
E-mail: alice.johnston@obermayer.com

One Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219-2502
P 412-566-1500
F 412-566-1508
www.obermayer.com

March 12, 2007

*Via Telefax – 214/520-1181*

Tiffany Newlin
Baron & Budd
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

Re:   Civil Action No. **06C-02-281 ASB**, *Mary M. Collins, Individually and as Personal Representative of the Heirs and Estate of James Daniel Collins  v. Metropolitan Life Insurance Company, Inc., et al.* in the Superior Court of the State of Delaware In and For New Castle County

Dear Tiffany:

Following up on our telephone conversation of this afternoon, you are going to provide me with available dates for the deposition of Lenore Collins, the mother of decedent Mr. James Collins. I will take the deposition in Olympia, Washington, preferably this month, as there is significant other discovery to be conducted thereafter.

Also, you indicated that Ford and General Motors are the only defendants remaining in the case, other than Volkswagen of America, Inc., and you agreed to find out and let me know whether or not Ford and General Motors have now settled the case. Later this afternoon, Larry Rufo advised me that Ford and General Motors have in fact settled and that Volkswagen of America, Inc. is the last defendant remaining in the case. Will you please let me know immediately if that is not correct?

Thank you.

Very truly yours,

Alice S. Johnston

ASJ/njw

**Over a Century of Solutions**

4137615

Philadelphia
Pennsylvania

Harrisburg
Pennsylvania

Pittsburgh
Pennsylvania

Cherry Hill
New Jersey

Wilmington
Delaware

## BARON & BUDD

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
SUITE 1100
3102 OAK LAWN AVENUE
DALLAS, TEXAS 75219-4281
(214) 521-3605
TELECOPIER (214) 520-1181

FREDERICK M. BARON†
RUSSELL W. BUDD (TX & MS)
BRENT M. ROSENTHAL
LISA A. BLUE, PH.D.†
STEVEN D. WOLENS
MELISSA K. HUTTS (TX & MO)
STEVE BAUGHMAN JENSEN
ALLEN M. STEWART (TX & PA)
LAURA BAUGHMAN (TX & NY)
LAURIE J. MEDGESIN†
ALAN B. RICH (TX & IL)†
ELLEN A. PRESBY
SCOTT SUMMY (TX & MO)
MISTY A. FARRIS
KEVIN D. MCHARGUE
JAMES D. PIEL (TX, DC & PA)
LANCE A. POOL (TX & OK)
JOHN J. SPILLANE
BEN K. DUBOSE
LAWRENCE G. GETTYS (TX & LA)
FRANK E. GOODRICH

CELESTE A. EVANGELISTI (TX, CA & NY)
CHARLA G. ALDOUS
CARY L. MCDOUGAL
STEVEN T. BARON
SCOTT R. FRIELING
CARLA M. BURKE (TX & NY)
BRUCE W. STECKLER
GARY CRUCIANI††
JANICE PENNINGTON (TX & AZ)†
JOHN L. YATESH
ROBERT D. GRANT

SAM T. RICHARD (TX & OK)
CHRISTINA B. MANCUSO
SCOTT MORRISON
STEPHEN C. JOHNSTON
AMY J. SHAHAN
J.N. GRIMES (TX & GA)
MARTY A. MORRIS
LAURA M. CABUTTO
NATALIE F. DUNCAN

TIFFANY NEWLIN DICKENSON (TX & MS)
JACQUELINE MONTEJANO
REY FERNANDEZ
EDMOND L. MARTIN
DONNA J. OLEVINS
STEPHANIE N. BROOKS
DAVID T. RITTER
RENÉE MELANÇON (TX & LA)
THERESA NELSON RUCK (NY & OH ONLY)
D. CARL MONEY (TX & NY)
CHAD R. COTTEN
ERIN ANDERSON PARRS
JORY D. LANGE, JR.
STEPHEN T. BLACKBURN (TX & GA)
RANDALL K. PULLIAM (TX & AR)
JOHN L. LANGDOC (TX & CA)
ROXANNE MCKENZIE LINTON (LA ONLY)
DENYSE F. CLANCY
RYAN C. LEIGHKOFO (TX & CO)
BART DALTON (TX & CA)
DAVID L. GREEN

CLAIRE T. HUNTSMAN
M. CRISTINA SANCHEZ
TINA POTTER
SHARON D. BAUTISTA
CHARLES E. SOECHTING, JR.
CAROLIN K. SHINING (CA & IL ONLY)
CARRIE A. HILL
SHERRY L. TALTON
SUSAN LAURBA LASALLE
ELIZABETH A. SALINAS
LISA WHITE SHIRLEY (TX, LA & FL)
STEFANIE K. MAJOR
KRIS M. OLAUNCH (TX & NE)
ERIO L. BROWN (LA ONLY)
JEFFREY J. CONWAY (TX & LA)
BRENDAN S. MAHER (TX, GA & NY)
BRIAN K. PEACOCK
SEAN F. COX

†† SPECIAL COUNSEL
† OF COUNSEL

March 13, 2007

Alice S. Johnston
Obermayer Rebmann Maxwell & Hippel, LLP
One Melton Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219

*Via Facsimile: 412/566-1508*

Re:   JAMES DANIEL COLLINS, et al. vs. METROPOLITAN LIFE INSURANCE COMPANY, INC., et al.;
       Cause No. 06C-02-281 ASB, SUPERIOR COURT FOR NEW CASTLE COUNTY, Delaware County,
       Delaware

Dear Ms. Johnston,

       I am writing to advise you of the new procedures in place in Delaware regarding initial case
dispositive motions which apply to the Motions to Dismiss that have been filed on behalf of Volkswagen
in the aforementioned case:

   •   Defendant Volkswagen Of America, Inc.'s Motion To Dismiss For Failure To State A
       Claim Upon Which Relief Can Be Granted And For Failure To Plead Negligence And
       Fraud With Particularity And For Ancillary Relief ; and

   •   Defendant Volkswagen Of America, Inc.'s Motion to Dismiss For Lack Of Personal
       Jurisdiction And On The Basis Of Forum Non Conveniens.

       The court has now set up a procedure wherein these motions are to be set on the omnibus
docket, the last Thursday of each month. Once set on this docket, the non-moving party must file an
objection to the motion or the motion will then be ordered by the court. If the non-moving party objects
to the motion, the moving party is to re-notice the motion for one of the designated toxic tort weeks to
be heard by Judge Slights. The next toxic tort week will take place the week of April 23rd.

       Accordingly, once your cases are placed on the omnibus docket, we will be prepared to notify
you of our objection and proceed with a hearing during the next available toxic tort week. If you have

any further questions regarding these new procedures, please feel free to contact Defense Coordinating Counsel, Loreto P. Rufo, as suggested by the court.

Additionally, in response to your letter received yesterday afternoon, I would like to confirm that Volkswagen of America, Inc. is now the only remaining defendant in this case.

Also, as requested, please be advised that Plaintiffs produced 11 pathology slides (SP-05-016413: A1-1-A1-10(10); A2-1) to Defense Coordinating Counsel on June 6, 2006.

With Kind Regards,

Erin A. Farris

Erin Anderson Farris

EAF/kh

cc:    Loreta P. Rufo - *Via Facsimile*

**BARON & BUDD**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
THE CENTRUM
3102 OAK LAWN AVENUE
SUITE 1100
Dallas, Texas 75219-4281
(214) 521-3605
Telecopier (214) 520-1181

**DATE:**      3/13/07

**TO:**      Alice Johnston

**PHONE:**

**FAX:**      412/5661508

**FROM:**      Erin Anderson Farris

TOTAL NUMBER OF PAGES SENT:      3
(including cover sheet)

ADDITIONAL MESSAGE:

*Notice of Confidentiality*

*The information contained in and transmitted with this facsimile is either subject to the Attorney-Client privilege; Attorney work product; or confidential and is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile by or to anyone other than the recipient designated above by the sender is unauthorized and strictly prohibited. If you have received this facsimile in error, please notify Baron & Budd by telephone at (214) 521-3605 immediately. Any facsimile erroneously transmitted to you should be immediately returned to the sender by U.S. mail, or if authorization is granted by the sender, destroyed.*

# EXHIBIT "D"

4088719



**SO ORDERED** Filed: Feb 6 2007 10:32AM EST
Transaction ID 13707614
Case No. 06C-02-281 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

**SO ORDERED**

MARY M. COLLINS, Individually and as :      C.A. No. 06C-02-281 ASB
Personal Representative of the Heirs and :
Estate of JAMES DANIEL COLLINS, and :
LENORE COLLINS, CHRISTOPHER    :
SCOTT COLLINS, CYNTHIA RAE    :
MARTIN, GLORIA SERHAN, THOMAS :
COLLINS, and RICHARD ALLEN    :
COLLINS,    :
      Plaintiffs,    :

      v.    :

METROPOLITAN LIFE INSURANCE    :
COMPANY, INC., et al.;    :
      Defendants.    :

<u>**ORDER**</u>

The foregoing application of Alice S. Johnston for Admission to practice in this

action pro hac vice is hereby granted.

IT IS SO ORDERED this _____ day of _____, 2007.

_____
                                    J.

4080051

Court: DE Superior Court-New Castle County

Judge: Judge, Asbestos

Alternate judge: N/A

File & Serve reviewed Transaction ID: 13494519

Current date: 2/6/2007

Case number: 06C-02-281 ASB

Case name: Collins, James Daniel vs Metropolitan Life Insurance Co



SO ORDERED    Feb 6 2007 10:31A EST
Transaction ID 13707596
Case No. 06C-02-281 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MARY M. COLLINS, Individually and as : <br> Personal Representative of the Heirs and : <br> Estate of JAMES DANIEL COLLINS, and : <br> LENORE COLLINS, CHRISTOPHER : <br> SCOTT COLLINS, CYNTHIA RAE : <br> MARTIN, GLORIA SERHAN, THOMAS : <br> COLLINS, and RICHARD ALLEN : <br> COLLINS, <br>     Plaintiffs, : <br>         v. : <br> METROPOLITAN LIFE INSURANCE : <br> COMPANY, INC., et al.; : <br>     Defendants. : | C.A. No. 06C-02-281 ASB |

**SO ORDERED**

### ORDER

The foregoing application of Robert E. Thackston for Admission to practice in this action pro hac vice is hereby granted.

IT IS SO ORDERED this _____ day of _____, 2007.

_____

                                    J.

4080153

Court: DE Superior Court-New Castle County

Judge: Judge, Asbestos

Alternate judge: N/A

File & Serve reviewed Transaction ID: 13494601

Current date: 2/6/2007

Case number: 06C-02-281 ASB

Case name: Collins, James Daniel vs Metropolitan Life Insurance Co

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Feb 5 2007 11:40AM EST
Transaction ID 13694201
Case No. 06C-02-281 ASB

COUNTY : N  K  S CIVIL ACTION NUMBER:  _06C-02-281 ASB_

CIVIL CASE CODE:  _ASB_      CIVIL CASE TYPE: _Asbestos_____
(SEE REVERSE SIDE FOR CODE AND TYPE)

| | |
|---|---|
| Caption:<br><br>MARY M. COLLINS, Individually and as Personal<br><br>Representative of the Heirs and Estate of<br><br>JAMES DANIEL COLLINS, Deceased,<br><br><br> Plaintiff(s),<br><br> v.<br><br> METROPOLITAN LIFE INSURANCE<br><br>COMPANY, INC., et al.,<br><br><br> Defendants. | Name and Status of Party filing document:<br><br>Plaintiff<br>Document Type: (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>     SECOND AMENDED COMPLAINT<br><br>Non-Arbitration  _x_        eFile _x_<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ____ Mediation ____ Neutral Assessment ____<br><br>DEFENDANT (Circle one) **ACCEPT    REJECT**<br><br>JURY DEMAND ___x___ YES ____ NO<br><br>TRACK ASSIGNMENT REQUESTED:  (CIRCLE ONE)<br><br>EXPEDITED    STANDARD    **COMPLEX** |
| ATTORNEY NAME(S):<br>Yvonne Takvorian Saville<br><br>ATTORNEY ID(S):<br>DE BAR ID#3430<br><br>FIRM NAME:<br><br>Weiss & Saville, P.A.<br>ADDRESS:<br><br>1220 North Market Street, Suite 604<br><br>P. O. Box 370<br><br>Wilmington, DE  19899<br>TELEPHONE NUMBER:<br><br>(302) 656-0400<br>FAX NUMBER:<br><br>(302) 656-5011<br>E-MAIL ADDRESS: | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br>:<br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

REVISED 9/2003

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Feb 5 2007 11:40 M EST
Transaction ID 13694201
Case No. 06C-02-281 ASB

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and as Personal Representative of the Heirs and Estate of JAMES DANIEL COLLINS, Deceased, | : | C.A. No. 06C-02-281 ASB |
| | : | |
| | : | COMPLAINT |
| Plaintiff(s), | : | |
| | : | "SECOND AMENDED COMPLAINT - UNDERSCORED LANGUAGE REPRESENTS CHANGES MADE FROM THE FIRST AMENDED COMPLAINT |
| v. | : | |
| | : | |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | NON-ARBITRATION |
| | : | |
| | : | ASBESTOS |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | JURY TRIAL DEMANDED |
| | : | |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |
| | : | |
| | : | |

AMETEK, INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-
merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION
(individually, and as successor-in-interest
to AMERICAN SUPER
TEMPERATURE WIRE, and successor-
in-interest to HAVEG INDUSTRIES,
INC. successor-by-merger to HAVEG
CORPORATION);

HERCULES INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-be-merger
to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK
BORSIG POWER, INC., f/k/a D.B.
RILEY, INC., f/k/a RILEY STOKER
CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY,
INC. (individually and as successor-in-
interest to MUNDET CORK
COMPANY);

3M COMPANY (individually and f/k/a
MINNESOTA, MINING, AND
MANUFACTURING COMPANY, a/k/a
"3M");

T.H. AGRICULTURE & NUTRITION,
LLC (individually and f/k/a T.H.
AGRICULTURE & NUTRITION
COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

PHILIPS ELECTRONICS NORTH
AMERICA CORP. (individually and as
successor-in-interest to T H
AGRICULTURE & NUTRITION, LLC);

    :

KAISER GYPSUM COMPANY, INC.;

    :

KAISER CEMENT CORPORATION
(individually, and as successor-in-interest
to KAISER GYPSUM COMPANY,
INC.);

    :

HANSON PERMANENTE CEMENT,
INC. (f/k/a KAISER CEMENT
CORPORATION, individually and as
successor-in-interest to KAISER
GYPSUM COMPANY, INC.);

    :

BONDEX INTERNATIONAL, INC.;

    :

RPM, INC. (individually, and as
successor-in-interest to BONDEX
INTERNATIONAL, INC.);

    :

RPM INTERNATIONAL, INC.
(individually and as successor-in-interest
to RPM, INC., and BONDEX
INTERNATIONAL, INC.);

    :

VIACOM, INC. (individually and as
successor-by-merger to CBS
CORPORATION, successor-by-merger
to WESTINGHOUSE ELECTRIC
CORPORATION);

    :

THE GOODYEAR TIRE & RUBBER
COMPANY;

    :

BORGWARNER MORSE TEC, INC.,
(individually and successor in interest to
BORG-WARNER CORPORATION);

    :

BORGWARNER, INC.,(individually and
successor in interest to BORG-WARNER
CORPORATION);

    :

HONEYWELL INTERNATIONAL,      :
INC. (individually and as successor-in-   :
interest to ALLIED-SIGNAL, INC. and   :
THE BENDIX CORPORATION);       :
                               :
DAIMLERCHRYSLER                :
CORPORATION (f/k/a CHRYSLER    :
CORPORATION);                  :
                               :
GENERAL MOTORS CORPORATION;   :
FORD MOTOR COMPANY;            :
                               :
PNEUMO ABEX, LLC (individually and   :
as successor-by-merger to PNEUMO   :
ABEX CORPORATION, successor-in-   :
interest to ABEX CORPORATION f/k/a   :
AMERICAN BRAKE SHOE            :
COMPANY, f/k/a AMERICAN BRAKE   :
SHOE and FOUNDRY COMPANY       :
including the AMERICAN         :
BRAKEBLOK DIVISION, successor-by-   :
merger to the AMERICAN BRAKE   :
SHOE and FOUNDRY COMPANY and   :
THE AMERICAN BRAKEBLOK         :
CORPORATION, f/k/a THE         :
AMERICAN BRAKE MATERIALS       :
CORPORATION);                  :
                               :
MAREMONT CORPORATION (a        :
subsidiary of ARVIN INDUSTRIES,   :
INC., individually and as      :
successor-in-interest to GRIZZLY   :
MANUFACTURING CO.);            :
                               :
HENNESSY INDUSTRIES, INC.,     :
(individually and as successor by merger
to AMMCO TOOLS, INC. and AMMCO
TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.;

        Defendants.

<u>COUNT I</u>

1.    <u>Plaintiff(s') Decedent</u>, JAMES DANIEL COLLINS, was wrongfully exposed to asbestos, an inherently dangerous toxic substance while employed at the following places:

    (a)    <u>Plaintiff(s') Decedent</u> was exposed thru his father, James Collins, from his father's work at Fort Lewis where he worked from 1947-1965; and 1967-1967 as a heating and cooling specialist in Fort Lewis, WA.

    (b)    <u>Plaintiff(s') Decedent</u> performed construction jobs at personal residences from 1950-1952.

    (c)    <u>Plaintiff(s') Decedent</u> performed mechanic jobs at personal residences from 1964-2005.

    (d)    <u>Plaintiff(s') Decedent</u> performed construction jobs at residential sites in Olympia, Washington in 1977.

    (e)    <u>Plaintiff(s') Decedent</u> worked at a salvage yard in Tumwater, Washington in1965.

    (f)    <u>Plaintiff(s') Decedent</u> attended Clover Park Vocational School in Tacoma, Washington from 1967-1969 as a student.

    (g)    <u>Plaintiff(s') Decedent</u> worked at America Oil Service Station in Tacoma, Washington from 1968-1969 as a laborer and light mechanic.

    (h)    <u>Plaintiff(s') Decedent</u> worked at Brewington Motors in Olympia, Washington as a mechanic from 1971-1976.

    (i)    <u>Plaintiff(s') Decedent</u> worked at South Puget Sound Community College in Olympia, Washington from 1985-2005 as an instructor.

    (j)    <u>Plaintiff(s') Decedent</u> worked at Hanson Motors in Olympia, Washington from 1976-1985 as a mechanic.

(k)    <u>Plaintiff(s')</u> Decedent was employed by Collins Automotive Enterprises

where he worked at personal residences in Olympia, Washington from

1975-1976 as a mechanic.

<u>Plaintiff(s')</u> Decedent was exposed to asbestos and/or asbestos-containing products

which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the

Defendants.

2.    As a result of the Defendants' wrongful conduct, <u>Plaintiff(s')</u> Decedent, JAMES

DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.    <u>On September 25, 2006, as a direct and proximate result of his asbestos-related</u>

<u>diseases and problems, JAMES DANIEL COLLINS died.</u>

4.    As a result of Defendants wrongful conduct which caused <u>Plaintiff(s') Decedent,</u>

JAMES DANIEL COLLINS's asbestos related diseases and health problems, <u>Plaintiff(s')</u>

<u>Decedent</u>, JAMES DANIEL COLLINS, Deceased; and MARY M. COLLINS, <u>Christopher Scott</u>

<u>Collins, and Cynthia Rae Martin</u> suffered extensive mental anguish, pain and suffering, medical

bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and

loss of enjoyment of life, all of which are recoverable under applicable law.  In addition, Plaintiff

MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to

be deprived of pecuniary benefits, contributions of support and household services, all of which

are recoverable under applicable law.

5.    <u>Plaintiff(s) are seeking to recover any and all damages which are recoverable</u>

<u>under applicable law for survival and wrongful death claims.</u>

6.    <u>MARY M. COLLINS is the Personal Representative of the Estate of JAMES</u>

<u>DANIEL COLLINS, deceased, and as such is pursuing the estate claims for the injuries JAMES</u>

<u>DANIEL COLLINS suffered during his life.</u>

7.    The above injuries have or will in the future result in a decrease of past or future

earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

## COUNT II

8.    The allegations in paragraph One (1) through <u>Seven (7)</u> are realleged and

incorporated by reference within this Count.

9.    FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER
WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON
WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a
successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-
interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-
interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG
CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG
INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.;

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos--containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

      10.    Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, including but not limited to Defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material harmful to

the asbestos industry and only published certain portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors.

11.    The illnesses, disabilities and/or death of Plaintiff(s') Decedent is a direct and proximate result of 3M's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

12.    3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

13.    Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

14.    As a direct and proximate result of the above wrongful activities of the Defendants, Plaintiff(s') Decedent was exposed to asbestos and the Plaintiff(s') Decedent developed the asbestos-related diseases discussed and sustained the injuries described herein.

## COUNT III

15.    The allegations in paragraphs One (1) through Fourteen (14) are realleged and incorporated by reference within this Count.

16.    The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff(s') Decedent as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)     Failed to adequately test, research investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff(s') Decedent and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff(s') Decedent and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff(s') Decedent was injured as described herein.

## COUNT IV

18.     The allegations in paragraphs One (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.     The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff(s') Decedent and others similarly situated:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)    Failed to adequately warn all the potential victims of asbestos including the Plaintiff(s') Decedent as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

(c)    Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff(s') Decedent and others similarly situated;

(d)    Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff(s') Decedent and others similarly situated;

(e)    Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

20.    As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff(s') Decedent was injured as described herein.

## COUNT V

21.    The allegations in paragraphs One (1) through Twenty (20) are realleged and incorporated by reference within this Count.

22.    Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff(s') Decedent for all injuries and damages which were contracted thereby.

23.    All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff(s') Decedent for all the injuries and damages which were contracted thereby.

24.     The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the <u>Plaintiff(s') Decedent</u> injuries which were caused thereby.

25.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the <u>Plaintiff(s')</u> <u>Decedent</u> for all injuries caused thereby.

26.     As a direct and proximate result of the above action and omissions of Defendants, <u>Plaintiff(s') Decedent</u> was injured as described herein.

<u>**COUNT VI**</u>

27.     The allegations in paragraphs One (1) through <u>Twenty-six (26)</u> are realleged and incorporated by reference within this Count.

28.     The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

      (a)     Conceal the existence, nature and extent of that risk; and,

      (b)     Failed to disclose the existence, nature and extent of that risk to <u>Plaintiff(s')</u> <u>Decedent</u> and those similarly situated.

29.     The Defendants had reason to expect that <u>Plaintiff(s') Decedent</u>, whose injuries were caused by his  exposure, was within the class of persons whose actions or inaction would-be materially affected by the aforementioned concealment and nondisclosure.

30.     As a direct and proximate result of the above action and omissions of Defendants, <u>Plaintiff(s') Decedent</u> was injured as described herein.

## COUNT VII

31.    The allegations in paragraphs one (1) through <u>Thirty (30)</u> are realleged and incorporated by reference within this Count.

32.    The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

        (a)    Had no adequate basis for such representations;

        (b)    Knew that a significant health hazard to human life existed from asbestos.

33.    Defendants had reason to expect that as a result of such representation, <u>Plaintiff(s')</u> <u>Decedent</u> and others similarly situated would be exposed to asbestos.

34.    As a result of this wrongful representation, <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

35.    The allegations in paragraphs One (1) through <u>Thirty-four (34)</u> are realleged and incorporated by reference within this Count.

36.    The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the <u>Plaintiff(s') Decedent</u> and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

37.    As a result of this conspiracy, the <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

38.    The allegations in paragraphs One (1) through <u>Thirty-seven (37)</u> are realleged and incorporated by reference within this Count.

39.    Even after the dangers of asbestos finally began to be known to <u>Plaintiff(s') Decedent</u> or others similarly situated, Defendants continued to act wrongfully both individually and together

in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

      (a)    Prevent and delay <u>Plaintiff(s') Decedent</u> and others similarly situated from filing legal action to recover for these injuries and/or;

      (b)    Defeat and/or delay such legal actions and the final collection of any judgment.

    40.    Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

    41.    As a result of this wrongful representation, <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries referred to herein.

## <u>COUNT X</u>

    42.    The allegations in paragraphs One (1) through <u>Forty-one (41)</u> are realleged and incorporated by reference within this Count.

    43.    <u>Plaintiff(s') Decedent</u> used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff(s) would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the inhalation of asbestos dust and fibers. Plaintiff(s) would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

    44.    Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries <u>and/or death</u> of <u>Plaintiff(s') Decedent</u>.

45.    Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

46.    <u>Plaintiff(s') Decedent</u> was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

47.    During the periods <u>Plaintiff(s') Decedent</u> used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

48.    As a direct and proximate result of the above acts and omissions of Defendants, <u>Plaintiff(s') Decedent</u> was injured as described herein.

<u>COUNT XI</u>

49.    The allegations in paragraphs One (1) through <u>Forty-eight (48)</u> are realleged and incorporated by reference within this Count.

50.    Plaintiff(s) would show that for a period of many years, <u>Plaintiff(s') Decedent</u> worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of <u>Plaintiff(s') Decedent</u>, JAMES DANIEL COLLINS' father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiff(s) would show that <u>Plaintiff(s') Decedent</u> was exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great quantities of asbestos fibers. Further, Plaintiff(s) allege, as more specifically set out below, that <u>Plaintiff(s')</u> <u>Decedent</u> suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

51.    Plaintiff(s) allege that <u>Plaintiff(s') Decedent</u> was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of <u>Plaintiff(s') Decedent</u>, JAMES DANIEL

COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff(s') Decedent, JAMES DANIEL COLLINS was exposed to the asbestos dust and fibers brought home by Plaintiff(s') Decedent, JAMES DANIEL COLLINS' father in the normal course of performing household activities, such as shaking out and laundering work clothing.   In that each exposure to such products caused or contributed to Plaintiff(s') Decedent, JAMES DANIEL COLLINS' injuries, Plaintiff(s) say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiff(s) demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudgement interest, as would be necessary to compensate the Plaintiff(s) for the injuries they have and will suffer.

Plaintiff(s) further demand judgment against each of the Defendants for punitive damages.

Plaintiff(s) further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiff(s) further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**WEISS & SAVILLE, P.A.**

By: /s/ Yvonne Takvorian Saville
     Yvonne Takvorian Saville, #3430
     Weiss & Saville, P.A.
     1220 North Market Street, Suite 604
     P.O. Box 370
     Wilmington, DE 19899
     Phone (302)656-0400
     Fax (302)656-5011
     Attorney for Plaintiff(s)

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum

Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605

Date:   <u>February 5, 2007</u>

**SO ORDERED**  Entered: Feb 2 2007 1:07PM EST
Transaction ID 13680859
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE:  ASBESTOS LITIGATION          :
                                     :
**COTE TRIAL GROUP**                 :
                                     :
ROLLIN JAMES OVERSTREET         :    C.A. No.  05C-09-037 ASB
OLIVER EDWARD SANDAHL           :    C.A. No.  05C-11-057 ASB
CHARLES CHRISTOPHER LENTILE :        C.A. No.  05C-11-256 ASB
ROLAND LEO GRENIER, SR.         :    C.A. No.  05C-11-257 ASB
MARLON CLARENCE OWENS           :    C.A. No.  06C-02-241 ASB
JAMES DANIEL COLLINS            :    C.A. No.  06C-02-281 ASB

**ORDER GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' PAGE AND LINE
DESIGNATIONS AS TO GENERAL MOTORS COMPANY**

CAME ON TO BE HEARD *Plaintiffs' Motion for Leave to Supplement Plaintiffs' Page
and Line Designations as to General Motors Company*.  The Court having considered the Motion,
any response filed thereto, and the arguments of counsel, has determined that said motion should
be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that *Plaintiffs' Motion
for Leave to Supplement Plaintiffs' Page and Line Designations as to General Motors Company* is
GRANTED in all things.

SIGNED this _____ day of _____, 2007.


_____
PRESIDING JUDGE

Court: DE Superior Court-New Castle County

Judge: Judge, Asbestos

Alternate judge: N/A

File & Serve reviewed Transaction ID: 13587442

Current date: 2/2/2007

Case number: Multi-case

Case name: Multi-case

**SO ORDERED** Filed: Feb 2 2007 1:04PM EST
Transaction ID 13680789
Case No. 06C-02-281 ASB

IN AND FOR NEW CASTLE COUNTY

JAMES DANIEL COLLINS AND          :     C.A. No. 06C-02-281 ASB
MARY M. COLLINS                   :
                                  :     ASBESTOS
                                  :
        Plaintiff(s),             :
                                  :
S.                                :
                                  :
METROPOLITAN LIFE INSURANCE       :
COMPANY, INC. et al.,             :
                                  :
        Defendant(s).             :

**SO ORDERED**

### ORDER

NOW THIS _____ day of _____, 2007, the Court having duly considered

plaintiff('s) motion;

IT IS HEREBY ORDERED:

1.     Mary M. Collins, having been appointed Personal Representative of the Estate of James Daniel

Collins,  will be substituted for plaintiff James Daniel Collins, deceased.

2.     Mary M. Collins, having been appointed Personal Representative of the Estate of James Daniel

Collins, may also bring a wrongful death claim on behalf of the heirs and estate of James Daniel Collins and add to

Count One (I) a wrongful death claim.

The caption shall now read as follows:

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

MARY M. COLLINS, Individually and as Personal    :    C.A. No. 06C-02-281 ASB
Representative of the Heirs and Estate of JAMES  :
DANIEL COLLINS                                   :    SECOND AMENDED COMPLAINT UNDERSCORED
                                                 :    LANGUAGE REPRESENTS CHANGES MADE TO
        Plaintiffs,                              :    THE FIRST AMENDED COMPLAINT
                                                 :
             v.                                  :    NON-ARBITRATION
                                                 :
METROPOLITAN LIFE INSURANCE COMPANY;             :    ASBESTOS
                                                 :
FOSTER WHEELER NORTH AMERICA                     :    JURY TRIAL DEMANDED
CORPORATION (f/k/a FOSTER WHEELER                :
ENERGY CORPORATION);                             :
                                                 :
GEORGIA-PACIFIC CORPORATION (individually        :
and as successor to BESTWALL GYPSUM              :
COMPANY);                                        :
                                                 :
KELLY-MOORE PAINT COMPANY, INC.;                 :
                                                 :
AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS            :
DIVISION);                                       :

ORDER - Page 1
C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\293_200701250424380499.wpd

CERTAINTEED CORPORATION;                                              :

OWENS-ILLINOIS, INC. (individually and as                            :
successor-in-interest to OWENS-ILLINOIS GLASS                        :
COMPANY and d/b/a O-I);                                              :
                                                                     :
ZURN INDUSTRIES, INC. (a/k/a and successor-by-                       :
merger to ERIE CITY IRON WORKS);                                     :
                                                                     :
GARLOCK SEALING TECHNOLOGIES LLC                                     :
(individually and as a successor-in-interest to                      :
GARLOCK, INC.);                                                      :
                                                                     :
AMETEK, INC. (individually, and as successor-in-                     :
interest to HAVEG INDUSTRIES, INC. successor-by-                     :
merger with HAVEG CORPORATION);                                      :
                                                                     :
CHAMPLAIN CABLE CORPORATION                                          :
(individually, and as successor-in-interest to                       :
AMERICAN SUPER TEMPERATURE WIRE, and                                :
successor-in-interest to HAVEG INDUSTRIES, INC.                      :
successor-by-merger to HAVEG CORPORATION);                           :
                                                                     :
HERCULES INC. (individually, and as successor-in-                    :
interest to HAVEG INDUSTRIES, INC. successor-be-                     :
merger to HAVEG CORPORATION);                                        :
                                                                     :
RILEY POWER, INC. (f/k/a BABCOCK BORSIG                              :
POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY                     :
STOKER CORPORATION);                                                 :
                                                                     :
UNION CARBIDE CORPORATION;                                           :
                                                                     :
DANA CORPORATION;                                                    :
                                                                     :
CRANE COMPANY;                                                       :
                                                                     :
INGERSOLL-RAND COMPANY;                                              :
                                                                     :
CROWN CORK & SEAL COMPANY, INC.                                      :
(individually and as successor-in-interest to MUNDET                 :
CORK COMPANY);                                                       :
                                                                     :
3M COMPANY (individually and f/k/a MINNESOTA,                        :
MINING, AND MANUFACTURING COMPANY,                                  :
a/k/a "3M");                                                         :
                                                                     :
T.H. AGRICULTURE & NUTRITION, LLC                                    :
(individually and f/k/a T.H. AGRICULTURE &                           :
NUTRITION COMPANY, INC. f/k/a THOMPSON-                              :
HAYWARD CHEMICAL COMPANY);                                           :
                                                                     :
PHILIPS ELECTRONICS NORTH AMERICA CORP.                             :
(individually and as successor-in-interest to T H                    :
AGRICULTURE & NUTRITION, LLC);                                       :
                                                                     :
KAISER GYPSUM COMPANY, INC.;                                         :
                                                                     :
KAISER CEMENT CORPORATION (individually,                             :
and as successor-in-interest to KAISER GYPSUM                        :
COMPANY, INC.);                                                      :
                                                                     :
HANSON PERMANENTE CEMENT, INC. (f/k/a                                :
KAISER CEMENT CORPORATION, individually and                         :
as successor-in-interest to KAISER GYPSUM                            :
COMPANY, INC.);                                                      :

BONDEX INTERNATIONAL, INC.;                                    :
                                                               :
RPM, INC. (individually, and as successor-in-interest         :
to BONDEX INTERNATIONAL, INC.);                               :
                                                               :
RPM INTERNATIONAL, INC. (individually and as                  :
successor-in-interest to RPM, INC., and BONDEX                :
INTERNATIONAL, INC.);                                         :
                                                               :
VIACOM, INC. (individually and as successor-by-              :
merger to CBS CORPORATION, successor-by-merger                :
to WESTINGHOUSE ELECTRIC CORPORATION);                        :
                                                               :
THE GOODYEAR TIRE & RUBBER COMPANY;                           :
                                                               :
BORGWARNER MORSE TEC, INC., (individually                     :
and successor in interest to BORG-WARNER                      :
CORPORATION);                                                 :
                                                               :
BORGWARNER, INC.,(individually and successor in               :
interest to BORG-WARNER CORPORATION);                         :
                                                               :
HONEYWELL INTERNATIONAL, INC.                                 :
(individually and as successor-in-interest to ALLIED-        :
SIGNAL, INC. and THE BENDIX CORPORATION);                    :
                                                               :
DAIMLERCHRYSLER CORPORATION (f/k/a                           :
CHRYSLER CORPORATION);                                        :
                                                               :
GENERAL MOTORS CORPORATION;                                   :
FORD MOTOR COMPANY;                                           :
                                                               :
PNEUMO ABEX, LLC (individually and as successor-            :
by-merger to PNEUMO ABEX CORPORATION,                         :
successor-in-interest to ABEX CORPORATION f/k/a              :
AMERICAN BRAKE SHOE COMPANY, f/k/a                           :
AMERICAN BRAKE SHOE and FOUNDRY                              :
COMPANY including the AMERICAN BRAKEBLOK                      :
DIVISION, successor-by-merger to the AMERICAN                :
BRAKE SHOE and FOUNDRY COMPANY and THE                       :
AMERICAN BRAKEBLOK CORPORATION, f/k/a                        :
THE AMERICAN BRAKE MATERIALS                                 :
CORPORATION);                                                :
                                                               :
MAREMONT CORPORATION (a subsidiary of                        :
ARVIN INDUSTRIES, INC., individually and as                  :
successor-in-interest to GRIZZLY                             :
MANUFACTURING CO.);                                          :
                                                               :
HENNESSY INDUSTRIES, INC., (individually and as              :
successor by merger to AMMCO TOOLS, INC. and                 :
AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);                        :
                                                               :
A.W. CHESTERTON, INC.;                                       :
                                                               :
DURABLA MANUFACTURING COMPANY, INC.;                         :
                                                               :
VOLKSWAGEN OF AMERICA, INC.;                                 :
                                                               :
         Defendants.                                         :
                                                               :
                                                               :
                                                               :

The following paragraphs will be added and incorporated into Count One (I) of the complaint: On 9/25/2006, as a direct and proximate result of his asbestos-related diseases and problems, James Daniel Collins died.

As a result of Defendant(s) wrongful conduct which caused Plaintiff(s') decedent, James Daniel Collins's asbestos-related diseases and health problems, Plaintiff(s') decedent, James Daniel Collins, Deceased; and Mary M. Collins, Christopher Scott Collins, and Cynthia Rae Martin suffer extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law.  In addition, Plaintiff Mary M. Collins has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

Plaintiff(s) are seeking to recover any and all damages which are recoverable under  applicable law for survival and wrongful death claims.

Mary M. Collins is the Personal Representative of the Estate of James Daniel Collins, deceased, and as such is pursuing the estate claims for the injuries James Daniel Collins suffered during his life.

Plaintiff(s) respectfully requests that an Order be entered allowing the amendment as set forth above. '

_____

JUDGE

Court: DE Superior Court-New Castle County

Judge: Judge, Asbestos

Alternate judge: N/A

File & Serve reviewed Transaction ID: 13582246

Current date: 2/2/2007

Case number: 06C-02-281 ASB

Case name: Collins, James Daniel vs Metropolitan Life Insurance Co

EFiled: Jan 16 2007 10:13 
Transaction ID 13463458

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

<u>IN RE ASBESTOS LITIGATION</u>                    )
                                                    )
JAMES DANIEL COLLINS                  )    C.A. No.: 06C-02-281 ASB
MARLON CLARENCE OWENS          )    C.A. No.: 06C-02-241 ASB
ROLAND LEO GRENIER                    )    C.A. No.: 05C-11-257 ASB
OLIVER EDWARD SANDAHL            )    C.A. No.: 05C-11-057 ASB
CHARLES CHRISTOPHER LENTILE  )    C.A. No.: 05C-11-256 ASB
ROLLIN JAMES OVERSTREET          )    C.A. No.: 05C-09-037 ASB

<u>ORDER</u>

Having considered Defendant, General Motors Corporation's, Motion to Strike Plaintiffs'

Notice of Adoption of Plaintiffs' Response and all responses thereto,

**IT IS HEREBY ORDERED** that this Motion is **GRANTED** and Plaintiffs' Notice of

Adoption of Plaintiffs' Response is stricken. It is also hereby ordered that Defendant, General

Motors Corporation's, Motion In Limine To Preclude Testimony and Evidence That a Single

Fiber of Asbestos or Any Level of Exposure At or Below Background Can Cause Mesothelioma

is **GRANTED**.

_____

Judge

WILDMS 140043v.1

EFiled: Feb 2 2007 10:07
Transaction ID 13676218
Case No. 06C-02-281 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION | : |
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : |
| Plaintiffs, | :    C.A. No. 06C-02-281 ASB |
| vs. | : |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., | : |
| | : |
| Defendants. | : |
| | : |

## NOTICE OF OMNIBUS MOTION

TO:    ALL COUNSEL

PLEASE TAKE NOTICE that the attached Omnibus Motion to Dismiss all

Crossclaims against Defendant Crown Cork & Seal Company, Inc. will be presented to

the Court at the Omnibus Motions hearing on Thursday, February 22, 2007.


JOSEPH W. BENSON, P.A.

/s/ Joseph W. Benson, Esquire
Bar No.: 196
/s/ Andrew G. Ahern III, Esquire
Bar No.: 2083
1701 North Market Street
P.O. Box 248
Wilmington, DE 19899
(302) 656-8811
Attorneys for Defendant
Crown Cork & Seal Company, Inc.

DATED:

EFiled: Feb 2 2007 10:07
Transaction ID 13676218
Case No. 06C-02-281 ASB

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | | |
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | |
| | | |
| Plaintiffs, | : | C.A. No. 06C-02-281 ASB |
| | | |
| vs. | : | |
| | | |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT CROWN CORK & SEAL COMPANY,
INC.'S OMNIBUS MOTION TO DISMISS CROSSCLAIMS**

　　1.　　Defendant Crown Cork & Seal Company, Inc. hereby moves for the entry

of final judgment including dismissal of all crossclaims against it. This motion is based on the

Stipulation of Dismissal dismissing all claims of Plainitiffs against this Defendant attached as an

Exhibit to this motion.

　　2.　　Any party objecting to the dismissal of all crossclaims and entry of final

judgment in this matter is required to notify the Court by the next Omnibus hearing scheduled

for Thursday, February 22, 2007.

　　　　　　　　　　　　　　JOSEPH W. BENSON, P.A.

　　　　　　　　　　　　　　*/s/ Joseph W. Benson, Esquire*
　　　　　　　　　　　　　　Bar No.: 196
　　　　　　　　　　　　　　*/s/ Andrew G. Ahern III, Esquire*
　　　　　　　　　　　　　　Bar No.: 2083
　　　　　　　　　　　　　　1701 North Market Street
　　　　　　　　　　　　　　P.O. Box 248
　　　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　　　(302) 656-8811
　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　Crown Cork & Seal Company, Inc.

DATED:

EFiled: Feb  2 2007 10:07
Transaction ID 13676218
Case No. 06C-02-281 ASB

## CERTIFICATE OF SERVICE

I, Charelle Ortiz, an employee of JOSEPH W. BENSON, P.A., 1701 North

Market Street, P. O. Box 248, Wilmington, Delaware 19899, hereby certify that

Defendant Crown Cork & Seal Company. Inc.'s Omnibus Motion to Dismiss

Crossclaims was served by LexisNexis FileandServe on February 1, 2007 to all parties.


/s/ Charelle Ortiz_____
Charelle Ortiz


**SWORN TO AND SUBSCRIBED** before me the date and year aforesaid.


/s/ Andrew G. Ahern III, Esquire
Notary Public

EFiled: Feb 2 2007 10:07AM EST
Transaction ID 13676218

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE Case No. 06C-02-281 ASB

IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION                        :

JAMES DANIEL COLLINS and MARY M.     :
COLLINS,

       Plaintiffs,                                   :          C.A. No. 06C-02-281 ASB

       vs.                                               :

METROPOLITAN LIFE INSURANCE        :
COMPANY, et al.,

                        :

       Defendants.                                :

                        :

## STIPULATION OF DISMISSAL OF
## DEFENDANT CROWN CORK & SEAL COMPANY, INC.

The parties to this action, by their undersigned attorneys, hereby stipulate and

agree that Defendant Crown Cork & Seal Company, Inc. shall be, and hereby is,

dismissed from this action without prejudice.


WEISS & SAVILLE, P.A.                          JOSEPH W. BENSON, P.A.

Yvonne Takvorian Saville, Esq.                 Andrew G. Ahern III, Esq.
1220 North Market Street                       1701 North Market Street
Suite 604                                      P.O. Box 248
Wilmington, DE 19801                           Wilmington, DE 19899
Attorneys for Plaintiffs                       Attorneys for Defendant
                                               Crown Cork & Seal Company,
                                               Inc.


Dated: 1/sa/07                                 Dated: 1/30/07

EFiled: Jan 30 2007 7:11PM EST
Transaction ID 13645561
Case No. 06C-02-281 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS, and MARY M. COLLINS, | § § § | |
| Plaintiff(s), | § § | |
| VS. | § § | C.A. No. 06C-02-281 ASB |
| METROPOLITAN LIFE INSURANCE COMPANY, INC. et al., | § § § | |
| Defendant(s). | § | |

## AFFIDAVIT

This *10th* day of *January* , ~~2006~~ *2007* A.D., MARY M. COLLINS, Individually

and as Personal Representative of the Heirs and Estate of James Daniel Collins, Deceased, , being duly

sworn, did depose and say:

That his/her **SECOND SUPPLEMENTAL ANSWERS TO INTERROGATORIES DIRECTED**

**TO PLAINTIFF BY ALL DEFENDANTS** are true to the best of his/her knowledge and belief, or based

upon information supplied by his/her attorneys.

*Mary M Colui*
_____
MARY M. COLLINS, Individually and as
Personal Representative of the Heirs and Estate of
JAMES DANIEL COLLINS, Deceased

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this *10th* day of

*January* , ~~2006~~ *2007*, to which witness my official hand and seal of office.

My Commission expires:

*2-10-2009  Reside: Olympia*

*Thea R. Warrington*
Notary Public in and for
the State of *Washington*

James Daniel Collins
8/16/06 PT2/P-M
Delaware

EFiled: Jan 30 2007 7:10[...]
Transaction ID 13645573
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| COTE TRIAL GROUP | : | |
| | : | |
| William Cote | : | C.A. No. 05C-09-268 |
| John Sheldon | : | C.A. No. 05C-08-206 |
| Moscoe King | : | C.A. No. 05C-11-125 |
| Charles Lentile | : | C.A. No. 05C-11-256 |
| James Collins | : | C.A. No. 06C-02-281 |
| William Kountz | : | C.A. No. 06C-02-223 |
| Marlon Owens | : | C.A. No. 06C-02-241 |
| Roland Grenier | : | C.A. No. 05C-11-257 |
| Lyle Foltz | : | C.A. No. 05C-10-325 |
| Hugo Engel | : | C.A. No. 05C-09-083 |
| Virgil Brauer | : | C.A. No. 05C-08-049 |
| Oliver Sandahl | : | C.A. No. 05C-11-057 |
| Arnold Eudy | : | C.A. No. 05C-10-323 |
| William Modelewski | : | C.A. No. 05C-09-192 |
| Kenneth Beard | : | C.A. No. 05C-11-158 |
| John Bassett | : | C.A. No. 05C-07-122 |
| Rollin Overstreet | : | C.A. No. 05C-09-137 |
| Eustachico Lupone | : | C.A. No. 05C-11-063 |
| George Thomas | : | C.A. No. 05C-11-106 |
| Barry Smith | : | C.A. No. 06C-02-265 |

**DEFENSE COORDIANTING COUNSEL'S RESPONSE TO
PLAINTIFFS' MOTION TO ADOPT PROPOSED JURY QUESTIONNAIRE**

COME NOW the Defendants, by and through Defense Coordinating Counsel, and hereby oppose Plaintiffs' request that the Court adopt the Proposed Jury Questionnaire attached to Plaintiffs' Motion. In support of this opposition, Defendants aver:

1.    The questionnaire has never been used in asbestos cases in this jurisdiction. Instead, a much simpler, "user-friendly", and neutral and objective questionnaire has been used with great success for decades.

2.    The questionnaire unfairly suggests certain matters to the potential juror and is inappropriate.

WHEREFORE, Defendants respectfully ask this Court to deny Plaintiffs' Motion

Respectfully submitted,

**RUFO ASSOCIATES, PA**

By :   /S/ Loreto P. Rufo
          Loreto P. Rufo
          Delaware Bar ID : 2534
          Hockessin Village Center
          7217 Lancaster Pike, Suite F
          Hockessin, Delaware 19707

Date:  January 30, 2007

EFiled: Jan 30 2007 3:08PM EST
Transaction ID 13638299
Case No. Multi-case

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION                                    :
                                                             :
ROLLIN JAMES OVERSTREET                                       :   C.A. No. 05C-09-037 ASB
OLIVER EDWARD SANDAHL                                         :   C.A. No. 05C-11-057 ASB
CHARLES CHRISTOPHER LENTILE                                   :   C.A. No. 05C-11-256 ASB
ROLAND LEO GRENIER, SR.                                       :   C.A. No. 05C-11-257 ASB
MARLON CLARENCE OWENS                                         :   C.A. No. 06C-02-241 ASB
JAMES DANIEL COLLINS                                          :   C.A. No. 06C-02-281 ASB

## FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION'S OBJECTIONS TO PLAINTIFF'S EXHIBIT A REQUESTING THE PRODUCTION OF ITEMS AT THE DEPOSITION OF SHELDON RABINOVITZ

Comes now Defendants, Ford Motor Company and General Motors Corporation, by and

through its attorneys and for its objections to the Plaintiffs' captioned above Exhibit A requesting

the production of documents at the deposition of Sheldon Rabinovitz, states as follows:

1.    Plaintiffs noticed the deposition of Sheldon Rabinovitz for February 8, 2007.

2.    Said notice requested Sheldon Rabinovitz to bring certain items with him to his
      deposition.

3.    Ford Motor Company and General Motors Corporation's objections to the specific
      requests contained in Plaintiffs' Notice are set for below:

      a.    All documents, tangible things, reports, models, or data compilations that have
            been provided to, reviewed by, or prepared by or for you in anticipation of your
            testimony in this case.

            **Objection. This request is overly broad, unduly burdensome and seeks to
            have the deponent produce documents already in Plaintiff's possession or
            equally accessible to Plaintiff. Subject to and without waiving its objections,
            Defendants agree to produce the deponent's file and to make reasonable
            efforts to provide Plaintiff with documents that Plaintiff cannot reasonably
            obtain on his own.**

      b.    All documents, tangible things, reports, models, or data compilations that you
            reviewed or relied on to form any opinions to be offered in this litigation.

            **Objection. This request is overly broad, unduly burdensome and seeks to**

WILDMS 140691v.1

have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.

c.      Your complete file and all documents that you have been provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and emails.

**Objection. This request is overly broad, unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.**

d.      All publications you relied upon in formulating any opinions to be offered in this litigation.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

e.      A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case.

**Objection. This request is overly broad and unduly burdensome. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

f.      A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case that relate specifically to asbestos exposure of workers in the carpentry or sheetrock business or workers whose exposure you allege is similar to that of workers in these industries, either occupationally or in a household context.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, unlikely to lead to the discovery of relevant and admissible evidence and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff**

-2-

with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.

g.    Copies of any demonstrative aids you may use in trial of this case.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

h.    All versions of any reports you have prepared relating to this lawsuit, together with all documents or data that you relied upon in forming those opinions.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

i.    Current resume, curriculum vitae, bibliography, and all billing records transmitted to Defense counsel.

j.    All documents or information received from any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

k.    All documents relating to or memorializing any contact or communication you have had with any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

l.    A list of all cases in which you have testified at trial or by deposition.

**Objection. This request is overly broad and unduly burdensome and improperly assumes the witness has such a document.**

m.    Copies of all reports previously issued in asbestos cases.

-3-

WILDMS 140691v.1

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. Further, it invades privileged matters and assumes the witness has such documents. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

n.    Copies of transcripts of all past testimony you have given in asbestos-related cases.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. The request also assumes the witness has such document. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

o.    All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

p.    A copy of all publications, books, articles, etc., you have authored, alone or in collaboration. Only if copies are not available, deponent then shall produce a bibliographic listing of all such publications, books and articles.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

q.    All reports, summaries, forecasts, narratives, charts, tables, video or audio records, photos, etc., you have produced as a result of any tests, investigations, or analyses conducted concerning the subject matter of this lawsuit.

**Objection. This request is overly broad, unduly burdensome, and vague and ambiguous. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

r.    All books, guidelines, checklists, articles, publications, or other materials you have consulted during any such tests, investigations, or analyses or in the preparation of any reports, summaries, forecasts, narratives, charts, tables, video or audio records, etc.

-4-

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

s.     Your report stating the subject matter on which you may testify, all facts known by you, your mental impressions, and all your opinions in this case.

t.     Any photographs or video recordings relating to the subject matter of this lawsuit that you have taken, been provided or reviewed.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

u.     All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

v.     All documents that you have reviewed or are aware of regarding any industrial company's use of asbestos or any information received from any industrial company discussing any issue relating to asbestos.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

w.     All statutes, OSHA, NIOSH or other state or federal government regulations that you may rely upon or to which you may refer.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

-5-

x.    Copies of any trade organization documents that relate in any way to your opinions in this case.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical, scientific, or general literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

y.    All articles or materials of which you are aware that relate to the amount of asbestos necessary to cause asbestosis, lung cancer, or mesothelioma.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

z.    All articles or materials of which you are aware regarding non-asbestos causes of lung injuries.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

aa.    All epidemiological materials of which you are aware that relate to a person substantially similar to Plaintiff in this case.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

bb.    All documents, x-rays, CT scans, or other tangible items in any way related to Plaintiff.

WILDMS 140691v.1

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

cc.   All documents, slides, stains, pathology, reports, or any other materials that you prepared or reviewed relating to your opinions regarding Plaintiff.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

WHEREFORE, Defendants Ford Motor Company and General Motors Corporation prays that this Court enter a protective order prohibiting said requests of Sheldon Rabinovitz and for any further relief this Court deems just and proper.

WHITE AND WILLIAMS LLP

By: _____

**CHRISTIAN J. SINGEWALD (#3542)**
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Attorneys for Defendants,
Ford Motor Company and General Motors
Corporation

Dated: January 30, 2007

-7-

EFiled: Jan 30 2007 3:06PM EST
Transaction ID 13638227
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |

**FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION'S
OBJECTIONS TO PLAINTIFF'S EXHIBIT A REQUESTING THE
PRODUCTION OF ITEMS AT THE DEPOSITION OF STEVEN MLYRANEK**

Comes now Defendants, Ford Motor Company and General Motors Corporation, by and

through its attorneys and for its objections to the Plaintiffs' captioned above Exhibit A requesting

the production of documents at the deposition of Steven Mlyranek, states as follows:

1.  Plaintiffs noticed the deposition of Steven Mlyranek for February 2, 2007.

2.  Said notice requested Steven Mlyranek to bring certain items with him to his deposition.

3.  Ford Motor Company and General Motors Corporation's objections to the specific
    requests contained in Plaintiffs' Notice are set for below:

    a.  All documents, tangible things, reports, models, or data compilations that have
        been provided to, reviewed by, or prepared by or for you in anticipation of your
        testimony in this case.

        **Objection. This request is overly broad, unduly burdensome and seeks to
        have the deponent produce documents already in Plaintiff's possession or
        equally accessible to Plaintiff. Subject to and without waiving its objections,
        Defendants agree to produce the deponent's file and to make reasonable
        efforts to provide Plaintiff with documents that Plaintiff cannot reasonably
        obtain on his own.**

    b.  All documents, tangible things, reports, models, or data compilations that you
        reviewed or relied on to form any opinions to be offered in this litigation.

        **Objection. This request is overly broad, unduly burdensome and seeks to
        have the deponent produce documents already in Plaintiff's possession or
        equally accessible to Plaintiff. Subject to and without waiving its objections,**

**Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.**

c.      Your complete file and all documents that you have been provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and emails.

**Objection. This request is overly broad, unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.**

d.      All publications you relied upon in formulating any opinions to be offered in this litigation.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

e.      A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case.

**Objection. This request is overly broad and unduly burdensome. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

f.      A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case that relate specifically to asbestos exposure of workers in the carpentry or sheetrock business or workers whose exposure you allege is similar to that of workers in these industries, either occupationally or in a household context.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, unlikely to lead to the discovery of relevant and admissible evidence and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this**

-2-

case.

g.  Copies of any demonstrative aids you may use in trial of this case.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

h.  All versions of any reports you have prepared relating to this lawsuit, together with all documents or data that you relied upon in forming those opinions.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

i.  Current resume, curriculum vitae, bibliography, and all billing records transmitted to Defense counsel.

j.  All documents or information received from any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

k.  All documents relating to or memorializing any contact or communication you have had with any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

l.  A list of all cases in which you have testified at trial or by deposition.

**Objection. This request is overly broad and unduly burdensome and improperly assumes the witness has such a document.**

m.  Copies of all reports previously issued in asbestos cases.

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible**

-3-

evidence. **Further, it invades privileged matters and assumes the witness has such documents. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

n.  Copies of transcripts of all past testimony you have given in asbestos-related cases.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. The request also assumes the witness has such document. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

o.  All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

p.  A copy of all publications, books, articles, etc., you have authored, alone or in collaboration. Only if copies are not available, deponent then shall produce a bibliographic listing of all such publications, books and articles.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

q.  All reports, summaries, forecasts, narratives, charts, tables, video or audio records, photos, etc., you have produced as a result of any tests, investigations, or analyses conducted concerning the subject matter of this lawsuit.

**Objection. This request is overly broad, unduly burdensome, and vague and ambiguous. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

r.  All books, guidelines, checklists, articles, publications, or other materials you have consulted during any such tests, investigations, or analyses or in the preparation of any reports, summaries, forecasts, narratives, charts, tables, video or audio records, etc.

**Objection. This request is overly broad, unduly burdensome, vague and**

-4-

ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.

s.    Your report stating the subject matter on which you may testify, all facts known by you, your mental impressions, and all your opinions in this case.

t.    Any photographs or video recordings relating to the subject matter of this lawsuit that you have taken, been provided or reviewed.

Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.

u.    All information in your possession that you have reviewed relating to any place that Plaintiff worked.

Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.

v.    All documents that you have reviewed or are aware of regarding any industrial company's use of asbestos or any information received from any industrial company discussing any issue relating to asbestos.

Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.

w.    All statutes, OSHA, NIOSH or other state or federal government regulations that you may rely upon or to which you may refer.

Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.

WILDMS 140690v.1

x.   Copies of any trade organization documents that relate in any way to your opinions in this case.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical, scientific, or general literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

y.   All articles or materials of which you are aware that relate to the amount of asbestos necessary to cause asbestosis, lung cancer, or mesothelioma.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

z.   All articles or materials of which you are aware regarding non-asbestos causes of lung injuries.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

aa.  All epidemiological materials of which you are aware that relate to a person substantially similar to Plaintiff in this case.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

bb.  All documents, x-rays, CT scans, or other tangible items in any way related to Plaintiff.

-6-

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

cc.    All documents, slides, stains, pathology, reports, or any other materials that you prepared or reviewed relating to your opinions regarding Plaintiff.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

WHEREFORE, Defendants Ford Motor Company and General Motors Corporation prays

that this Court enter a protective order prohibiting said requests of Steven Mlyranek and for any

further relief this Court deems just and proper.

WHITE AND WILLIAMS LLP

By:    _____

**CHRISTIAN J. SINGEWALD (#3542)**
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Attorneys for Defendants,
Ford Motor Company and General Motors
Corporation

Dated:  January 30, 2007

-7-

EFiled: Jan 30 2007 3:03PM EST
Transaction ID 13638170
Case No. Multi-case

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION | : |
| | : |
| ROLLIN JAMES OVERSTREET | : C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | : C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | : C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : C.A. No. 05C-11-257 ASB |
| MARLON CLARENCE OWENS | : C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | : C.A. No. 06C-02-281 ASB |

### FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION'S OBJECTIONS TO PLAINTIFF'S EXHIBIT A REQUESTING THE PRODUCTION OF ITEMS AT THE DEPOSITION OF ALBERTO MARCHEVSKY

Comes now Defendants, Ford Motor Company and General Motors Corporation, by and through its attorneys and for its objections to the Plaintiffs' captioned above Exhibit A requesting the production of documents at the deposition of Alberto Marchevsky, states as follows:

1. Plaintiffs noticed the deposition of Alberto Marchevsky for January 30, 2007.

2. Said notice requested Alberto Marchevsky to bring certain items with him to his deposition.

3. Ford Motor Company and General Motors Corporation's objections to the specific requests contained in Plaintiffs' Notice are set for below:

   a. All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for you in anticipation of your testimony in this case.

      **Objection. This request is overly broad, unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.**

   b. All documents, tangible things, reports, models, or data compilations that you reviewed or relied on to form any opinions to be offered in this litigation.

      **Objection. This request is overly broad, unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or**

equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.

c.   Your complete file and all documents that you have been provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and emails.

**Objection. This request is overly broad, unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.**

d.   All publications you relied upon in formulating any opinions to be offered in this litigation.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

e.   A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case.

**Objection. This request is overly broad and unduly burdensome. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

f.   A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case that relate specifically to asbestos exposure of workers in the carpentry or sheetrock business or workers whose exposure you allege is similar to that of workers in these industries, either occupationally or in a household context.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, unlikely to lead to the discovery of relevant and admissible evidence and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff**

WILDMS 140689v.1

is also referred to deponent's report or disclosure previously disclosed in this case.

g.    Copies of any demonstrative aids you may use in trial of this case.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

h.    All versions of any reports you have prepared relating to this lawsuit, together with all documents or data that you relied upon in forming those opinions.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

i.    Current resume, curriculum vitae, bibliography, and all billing records transmitted to Defense counsel.

j.    All documents or information received from any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

k.    All documents relating to or memorializing any contact or communication you have had with any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

l.    A list of all cases in which you have testified at trial or by deposition.

**Objection. This request is overly broad and unduly burdensome and improperly assumes the witness has such a document.**

m.    Copies of all reports previously issued in asbestos cases.

**Objection. This request is overly broad, unduly burdensome, and not**

reasonably calculated to lead to the discovery of relevant and admissible evidence. **Further, it invades privileged matters and assumes the witness has such documents. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

n.    Copies of transcripts of all past testimony you have given in asbestos-related cases.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. The request also assumes the witness has such document. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

o.    All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

p.    A copy of all publications, books, articles, etc., you have authored, alone or in collaboration. Only if copies are not available, deponent then shall produce a bibliographic listing of all such publications, books and articles.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

q.    All reports, summaries, forecasts, narratives, charts, tables, video or audio records, photos, etc., you have produced as a result of any tests, investigations, or analyses conducted concerning the subject matter of this lawsuit.

**Objection. This request is overly broad, unduly burdensome, and vague and ambiguous. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

r.    All books, guidelines, checklists, articles, publications, or other materials you have consulted during any such tests, investigations, or analyses or in the preparation of any reports, summaries, forecasts, narratives, charts, tables, video or audio records, etc.

-4-

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

s.   Your report stating the subject matter on which you may testify, all facts known by you, your mental impressions, and all your opinions in this case.

t.   Any photographs or video recordings relating to the subject matter of this lawsuit that you have taken, been provided or reviewed.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

u.   All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

v.   All documents that you have reviewed or are aware of regarding any industrial company's use of asbestos or any information received from any industrial company discussing any issue relating to asbestos.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

w.   All statutes, OSHA, NIOSH or other state or federal government regulations that you may rely upon or to which you may refer.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

WILDMS 140689v.1

x.     Copies of any trade organization documents that relate in any way to your opinions in this case.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical, scientific, or general literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

y.     All articles or materials of which you are aware that relate to the amount of asbestos necessary to cause asbestosis, lung cancer, or mesothelioma.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

z.     All articles or materials of which you are aware regarding non-asbestos causes of lung injuries.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

aa.     All epidemiological materials of which you are aware that relate to a person substantially similar to Plaintiff in this case.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

bb.     All documents, x-rays, CT scans, or other tangible items in any way related to Plaintiff.

-6-

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

cc.    All documents, slides, stains, pathology, reports, or any other materials that you prepared or reviewed relating to your opinions regarding Plaintiff.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

WHEREFORE, Defendants Ford Motor Company and General Motors Corporation prays that this Court enter a protective order prohibiting said requests of Alberto Marchevsky and for any further relief this Court deems just and proper.

**WHITE AND WILLIAMS LLP**

By:    _____

**CHRISTIAN J. SINGEWALD (#3542)**
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Attorneys for Defendants,
Ford Motor Company and General Motors
Corporation

Dated: January 30, 2007

-7-

EFiled: Jan 30 2007 2:57...EST
Transaction ID 13637943
Case No. Multi-case

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |

**FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION'S
OBJECTIONS TO PLAINTIFF'S EXHIBIT A REQUESTING THE
PRODUCTION OF ITEMS AT THE DEPOSITION OF ELIZABETH ANDERSON**

Comes now Defendants, Ford Motor Company and General Motors Corporation, by and

through its attorneys and for its objections to the Plaintiffs' captioned above Exhibit A requesting

the production of documents at the deposition of Elizabeth Anderson, states as follows:

1.　　Plaintiffs noticed the deposition of Elizabeth Anderson for February 8, 2007.

2.　　Said notice requested Elizabeth Anderson to bring certain items with her to her
deposition.

3.　　Ford Motor Company and General Motors Corporation's objections to the specific
requests contained in Plaintiffs' Notice are set for below:

　　a.　　All documents, tangible things, reports, models, or data compilations that have
been provided to, reviewed by, or prepared by or for you in anticipation of your
testimony in this case.

　　　　**Objection. This request is overly broad, unduly burdensome and seeks to
have the deponent produce documents already in Plaintiff's possession or
equally accessible to Plaintiff. Subject to and without waiving its objections,
Defendants agree to produce the deponent's file and to make reasonable
efforts to provide Plaintiff with documents that Plaintiff cannot reasonably
obtain on his own.**

　　b.　　All documents, tangible things, reports, models, or data compilations that you
reviewed or relied on to form any opinions to be offered in this litigation.

WILDMS 140675v.1

**Objection. This request is overly broad, unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.**

c.   Your complete file and all documents that you have been provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and emails.

**Objection. This request is overly broad, unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.**

d.   All publications you relied upon in formulating any opinions to be offered in this litigation.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

e.   A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case.

**Objection. This request is overly broad and unduly burdensome. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

f.   A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case that relate specifically to asbestos exposure of workers in the carpentry or sheetrock business or workers whose exposure you allege is similar to that of workers in these industries, either occupationally or in a household context.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, unlikely to lead to the discovery of relevant and admissible evidence and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its**

objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.

g.    Copies of any demonstrative aids you may use in trial of this case.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

h.    All versions of any reports you have prepared relating to this lawsuit, together with all documents or data that you relied upon in forming those opinions.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

i.    Current resume, curriculum vitae, bibliography, and all billing records transmitted to Defense counsel.

j.    All documents or information received from any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce her file for this case.**

k.    All documents relating to or memorializing any contact or communication you have had with any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce her file for this case.**

l.    A list of all cases in which you have testified at trial or by deposition.

**Objection. This request is overly broad and unduly burdensome and improperly assumes the witness has such a document.**

m.    Copies of all reports previously issued in asbestos cases.

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. Further, it invades privileged matters and assumes the witness has such documents. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

n.    Copies of transcripts of all past testimony you have given in asbestos-related cases.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. The request also assumes the witness has such document. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

o.    All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

p.    A copy of all publications, books, articles, etc., you have authored, alone or in collaboration. Only if copies are not available, deponent then shall produce a bibliographic listing of all such publications, books and articles.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

q.    All reports, summaries, forecasts, narratives, charts, tables, video or audio records, photos, etc., you have produced as a result of any tests, investigations, or analyses conducted concerning the subject matter of this lawsuit.

**Objection. This request is overly broad, unduly burdensome, and vague and ambiguous. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

r.    All books, guidelines, checklists, articles, publications, or other materials you have consulted during any such tests, investigations, or analyses or in the preparation of any reports, summaries, forecasts, narratives, charts, tables, video or audio records, etc.

-4-

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

s.    Your report stating the subject matter on which you may testify, all facts known by you, your mental impressions, and all your opinions in this case.

t.    Any photographs or video recordings relating to the subject matter of this lawsuit that you have taken, been provided or reviewed.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce her file for this case.**

u.    All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce her file for this case.**

v.    All documents that you have reviewed or are aware of regarding any industrial company's use of asbestos or any information received from any industrial company discussing any issue relating to asbestos.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce her file for this case.**

w.    All statutes, OSHA, NIOSH or other state or federal government regulations that you may rely upon or to which you may refer.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

WILDMS 140675v.1

x.     Copies of any trade organization documents that relate in any way to your opinions in this case.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical, scientific, or general literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

y.     All articles or materials of which you are aware that relate to the amount of asbestos necessary to cause asbestosis, lung cancer, or mesothelioma.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

z.     All articles or materials of which you are aware regarding non-asbestos causes of lung injuries.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

aa.    All epidemiological materials of which you are aware that relate to a person substantially similar to Plaintiff in this case.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

bb.    All documents, x-rays, CT scans, or other tangible items in any way related to Plaintiff.

-6-

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

cc.    All documents, slides, stains, pathology, reports, or any other materials that you prepared or reviewed relating to your opinions regarding Plaintiff.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

WHEREFORE, Defendants Ford Motor Company and General Motors Corporation prays

that this Court enter a protective order prohibiting said requests of Elizabeth Anderson and for any

further relief this Court deems just and proper.

WHITE AND WILLIAMS LLP

By:

CHRISTIAN J. SINGEWALD (#3542)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Attorneys for Defendants,
Ford Motor Company and General Motors
Corporation

Dated: January 30, 2007

-7-

WILDMS 140675v.1

EFiled: Jan 30 2007 3:01PM EST
Transaction ID 13638091
Case No. Multi-case

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |

**FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION'S
OBJECTIONS TO PLAINTIFF'S EXHIBIT A REQUESTING THE
PRODUCTION OF ITEMS AT THE DEPOSITION OF PATRICK HESSEL**

Comes now Defendants, Ford Motor Company and General Motors Corporation, by and

through its attorneys and for its objections to the Plaintiffs' captioned above Exhibit A requesting

the production of documents at the deposition of Patrick Hessel, states as follows:

1.   Plaintiffs noticed the deposition of Patrick Hessel for February 6, 2007.

2.   Said notice requested Patrick Hessel to bring certain items with him to his deposition.

3.   Ford Motor Company and General Motors Corporation's objections to the specific
requests contained in Plaintiffs' Notice are set for below:

   a.   All documents, tangible things, reports, models, or data compilations that have
been provided to, reviewed by, or prepared by or for you in anticipation of your
testimony in this case.

   **Objection. This request is overly broad, unduly burdensome and seeks to
have the deponent produce documents already in Plaintiff's possession or
equally accessible to Plaintiff. Subject to and without waiving its objections,
Defendants agree to produce the deponent's file and to make reasonable
efforts to provide Plaintiff with documents that Plaintiff cannot reasonably
obtain on his own.**

   b.   All documents, tangible things, reports, models, or data compilations that you
reviewed or relied on to form any opinions to be offered in this litigation.

   **Objection. This request is overly broad, unduly burdensome and seeks to
have the deponent produce documents already in Plaintiff's possession or**

equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.

c.    Your complete file and all documents that you have been provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and emails.

**Objection. This request is overly broad, unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff. Subject to and without waiving its objections, Defendants agree to produce the deponent's file and to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own.**

d.    All publications you relied upon in formulating any opinions to be offered in this litigation.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

e.    A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case.

**Objection. This request is overly broad and unduly burdensome. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

f.    A listing of all scientific literature, medical literature and other sources of information upon which you have relied in rendering your opinion in this case that relate specifically to asbestos exposure of workers in the carpentry or sheetrock business or workers whose exposure you allege is similar to that of workers in these industries, either occupationally or in a household context.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, unlikely to lead to the discovery of relevant and admissible evidence and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendants agree to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff**

-2-

is also referred to deponent's report or disclosure previously disclosed in this case.

g.　Copies of any demonstrative aids you may use in trial of this case.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

h.　All versions of any reports you have prepared relating to this lawsuit, together with all documents or data that you relied upon in forming those opinions.

**Objection. This request is overly broad and unduly burdensome and seeks material protected by the attorney work product privilege. Subject to and without waiving this objection, Plaintiff is referred to deponent's report or disclosure previously disclosed in this case.**

i.　Current resume, curriculum vitae, bibliography, and all billing records transmitted to Defense counsel.

j.　All documents or information received from any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

k.　All documents relating to or memorializing any contact or communication you have had with any lawyers, representatives, employees or agents of Defense counsel relating to this case.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

l.　A list of all cases in which you have testified at trial or by deposition.

**Objection. This request is overly broad and unduly burdensome and improperly assumes the witness has such a document.**

m.　Copies of all reports previously issued in asbestos cases.

**Objection. This request is overly broad, unduly burdensome, and not**

reasonably calculated to lead to the discovery of relevant and admissible evidence. Further, it invades privileged matters and assumes the witness has such documents. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.

n.    Copies of transcripts of all past testimony you have given in asbestos-related cases.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. The request also assumes the witness has such document. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

o.    All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. This request also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

p.    A copy of all publications, books, articles, etc., you have authored, alone or in collaboration. Only if copies are not available, deponent then shall produce a bibliographic listing of all such publications, books and articles.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

q.    All reports, summaries, forecasts, narratives, charts, tables, video or audio records, photos, etc., you have produced as a result of any tests, investigations, or analyses conducted concerning the subject matter of this lawsuit.

**Objection. This request is overly broad, unduly burdensome, and vague and ambiguous. Subject to and without waiving its objections, Plaintiff is referred to deponent's report or disclosure issued in this case and previously produced.**

r.    All books, guidelines, checklists, articles, publications, or other materials you have consulted during any such tests, investigations, or analyses or in the preparation of any reports, summaries, forecasts, narratives, charts, tables, video or audio records, etc.

-4-

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

s.    Your report stating the subject matter on which you may testify, all facts known by you, your mental impressions, and all your opinions in this case.

t.    Any photographs or video recordings relating to the subject matter of this lawsuit that you have taken, been provided or reviewed.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

u.    All information in your possession that you have reviewed relating to any place that Plaintiff worked.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

v.    All documents that you have reviewed or are aware of regarding any industrial company's use of asbestos or any information received from any industrial company discussing any issue relating to asbestos.

**Objection. This request is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery. This request is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving this objection, deponent will produce his file for this case.**

w.    All statutes, OSHA, NIOSH or other state or federal government regulations that you may rely upon or to which you may refer.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

x.    Copies of any trade organization documents that relate in any way to your opinions in this case.

**Objection. This request is overly broad and unduly burdensome and seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical, scientific, or general literature. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

y.    All articles or materials of which you are aware that relate to the amount of asbestos necessary to cause asbestosis, lung cancer, or mesothelioma.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

z.    All articles or materials of which you are aware regarding non-asbestos causes of lung injuries.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

aa.    All epidemiological materials of which you are aware that relate to a person substantially similar to Plaintiff in this case.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff, including published medical and scientific literature. Subject to and without waiving its objections, Defendant agrees to make reasonable efforts to provide Plaintiff with documents that Plaintiff cannot reasonably obtain on his own. Plaintiff is also referred to deponent's report or disclosure previously disclosed in this case.**

bb.    All documents, x-rays, CT scans, or other tangible items in any way related to Plaintiff.

-6-

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

cc.    All documents, slides, stains, pathology, reports, or any other materials that you prepared or reviewed relating to your opinions regarding Plaintiff.

**Objection. This request is overly broad, unduly burdensome, vague and ambiguous. It also seeks to have the deponent produce documents already in Plaintiff's possession or equally accessible to Plaintiff.**

WHEREFORE, Defendants Ford Motor Company and General Motors Corporation prays that this Court enter a protective order prohibiting said requests of Patrick Hessel and for any further relief this Court deems just and proper.

WHITE AND WILLIAMS LLP

By:    _____
CHRISTIAN J. SINGEWALD (#3542)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Attorneys for Defendants,
Ford Motor Company and General Motors
Corporation

Dated: January 30, 2007

-7-

WILDMS 140688v.1

EFiled: Jan 29 2007 4:16PM EST
Transaction ID 13624253
Case No. Multi-case

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION                    :

ROLLIN JAMES OVERSTREET                  :   C.A. No. 05C-09-037 ASB
OLIVER EDWARD SANDAHL                    :   C.A. No. 05C-11-057 ASB
CHARLES CHRISTOPHER LENTILE          :   C.A. No. 05C-11-256 ASB
ROLAND LEO GRENIER, SR.                    :   C.A. No. 05C-11-257 ASB
MARLON CLARENCE OWENS                  :   C.A. No. 06C-02-241 ASB
JAMES DANIEL COLLINS                         :   C.A. No. 06C-02-281 ASB

### ORDER

Having heard Defendants, Ford Motor Company and General Motors Corporation's,

Motion for Protective Order, Plaintiffs' response, and after oral argument,

IT IS HEREBY ORDERED that the Motion for Protective Order is GRANTED.

_____
J.

WILDMS 140656v.1

EFiled: Jan 29 2007 4:16PM EST
Transaction ID 13624253
Case No. Multi-case

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

IN RE:  ASBESTOS LITIGATION       :

:

| | |
|---|---|
| ROLLIN JAMES OVERSTREET | :   C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | :   C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | :   C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | :   C.A. No. 05C-11-257 ASB |
| MARLON CLARENCE OWENS | :   C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | :   C.A. No. 06C-02-281 ASB |

### FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION'S
### MOTION FOR PROTECTIVE ORDER

1.  These asbestos cases are scheduled for trial on February 14, 2007.

2.  On January 12, 2007, the Defense Coordinator provided potential dates to Baron

& Budd for the depositions of all defense experts for the February Trial Setting.  Prior to that

date, Ford and GM had provided various dates to the Defense Coordinator for its experts: Toca;

Marchevsky; Travis; Mlynarek; Hessel; Anderson; and Rabinovitz.  These dates were relayed on

to plaintiffs' counsel by the Defense Coordinator on January 12th.

3.  As of close of business on Friday, January 26, 2007, Baron & Budd had never

accepted any of the dates provided by Ford or GM for their experts.  In fact, Baron & Budd

never indicated any desire to depose any of their experts to either defense counsel, the Defense

Coordinator, or the Court.  As the Court may recall, during the one hour teleconference with the

Court on January 26th, plaintiffs' counsel never mentioned any desire to depose any of

Ford/GM's experts or that they intended to file deposition notices at 9:00 p.m. that evening,

despite the Court's inquiry of counsel as to any other issues that needed to be addressed.

4.  After 9:00 p.m. on January 26, 2007, Baron & Budd's local counsel, Weiss &

Saville, filed notices for these seven experts' deposition.  Amazingly, three of these notices

attempt to provide less than two business days notice for these depositions. This short notice is in blatant violation of Superior Court Civil Rule 30 (b)(1) which requires that a party *"shall* give reasonable notice" when desiring to take an oral deposition.

     5.    On Sunday evening, January 28, 2007, defense counsel email a letter to plaintiffs' counsel stating that the three depositions noticed for January 30th and January 31st would not go forward as scheduled due to the late notice. (Exhibit 1). Defense counsel stated in his letter that he would contact these three experts and obtain dates for their depositions for the following week. Apparently, that was not good enough for plaintiffs' counsel.

     6.    Today, plaintiffs' counsel sent an email to defense counsel stating that they "are proceeding with the deposition of your experts pursuant to the times and date you offered." (Exhibit 2). Of course, plaintiffs' email does not address the fact that the dates were offered over two weeks ago and plaintiffs' counsel never made any mention of any desire to take these depositions before filing the notices after 9:00 p.m. on Friday evening.

     7.    Pursuant to Superior Court Civil Rule 26 (c), Ford and GM request that the Court enter a Protective Order prohibiting these depositions from proceeding on January 30th and 31st. Plaintiffs failed to provide *reasonable notice* as to the scheduling of these depositions. Ford and GM did provide these potential dates two weeks ago, but that does not mean that plaintiffs' counsel can wait until the eleventh hour before noticing a deposition – without even a courtesy call to defense counsel. Rule 30 requires that reasonable notice *shall* be provided. This is not discretionary; it is mandatory.

     8.    Pursuant to Superior Court Civil Rule 37(a)(4), Ford and GM request the sanction of attorney's fees for the need to prepare, file and argue this motion. Ford and GM presented a reasonable proposal which plaintiffs' counsel did not even address in the email response. Ford

WILDMS 140656v.1

and GM advised plaintiffs' counsel that it would seek sanctions if forced to file a motion for protective order. Ford and GM request that sanctions be awarded in accordance with Rule 37(a)(4).

9.    *"[S]hall give reasonable notice"* is not two days notice. The motion for protective order should be granted.

WHITE AND WILLIAMS LLP

BY: _____
**CHRISTIAN J. SINGEWALD** (#3542)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302-654-0424
**Attorneys for Defendants,**
Ford Motor Company and General Motors
Corporation

Dated: January 29, 2007

-3-

WIL.DMS 140656v.1

EFiled:  Jan 29 2007  4:16P.M. EST
Transaction ID 13624253
Case No. Multi-case

# Exhibit 1

**Singewald, Christian**

| | |
|---|---|
| **From:** | Singewald, Christian |
| **Sent:** | Sunday, January 28, 2007 8:21 PM |
| **To:** | 'Tiffany Newlin' |
| **Cc:** | Loreto P. Rufo; 'jspillane@baronbudd.com'; 'Erin Anderson Farris' |
| **Subject:** | Issues as to February Cases |

**Attachments:**    Letter to T. Dickenson re. Wrongful Death Claims.pdf; Letter to T. Dickenson re. Expert
Deposition Issues.pdf

 

Letter to T.            Letter to T.
Dickenson re. Wro...  Dickenson re. Exp...

Tiffany:
    Please see attached letters. - Chris

Christian J. Singewald, Esquire
White and Williams LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Direct Dial: 302-467-4510
Direct Fax: 302-467-4547
singewaldc@whiteandwilliams.com

****IRS Circular 230 Notice****

>To ensure compliance with certain regulations promulgated by the U.S. Internal Revenue
Service, we inform you that any federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used, by
any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal
Revenue Code, or (2) promoting, marketing or recommending to another party any tax-related
matters addressed herein, unless expressly stated otherwise.
>
>****Confidentiality Notice****
>
>This E-Mail message and any documents accompanying this E-Mail transmission contain
information from the law firm of White and Williams LLP which is "Privileged and
confidential attorney-client communication and/or work product of counsel." If you are not
the intended recipient, you are hereby notified that any disclosure, copying, distribution
and/or the taking of or refraining from taking of any action in reliance on the contents
of this E-Mail information is strictly prohibited and may result in legal action being
instituted against you. Please reply to the sender advising of the error in transmission
and delete the message and any accompanying documents from your system immediately. Thank
you.

# White and Williams LLP

824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

Christian J. Singewald
Direct Dial: 302.467.4510
Direct Fax: 302.467.4547
singewaldc@whiteandwilliams.com

January 28, 2007

**By Email**

Tiffany Dickenson, Esquire
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

RE:  **February 2007 Trial Setting - Deposition Notices**

Dear Tiffany:

I am in receipt of the seven expert discovery depositions that your local counsel e-filed after 9:00 p.m. on Friday evening. Please note that the three depositions noticed for January 30th and January 31st will NOT go forward as scheduled. A business day or two of notice for an expert's discovery deposition is not "reasonable notice" as required by Superior Court Civil Rule 30. The short notice is even more egregious when you consider the fact that you have had these offered dates for at least two weeks. Thus, I repeat that the depositions of Fred Toca on January 30th, Alberto Marchevsky on January 30th, and William Travis on January 31st will not go forward.

If you disagree with my position and interpretation of "reasonable notice," please advise me no later than noon on Monday, January 29, 2007, so that I may file a Motion for Protective Order. If a motion is necessary, Ford/GM will seek sanctions for having to file the motion. If I do not hear from you by noon on Monday, it will be my understanding that you accept my position and the depositions will not proceed on the 30th and 31st. We will check with those three experts for dates during the first week of February.

As for the depositions that you noticed in February, I will check with the experts to see if they are still available on the dates we offered over two weeks ago. Given your delay in accepting dates, we need to see if the experts are still available. If they are not, I will let you know promptly.

As for the *duces tecum* request that you issued with each Notice, it is extremely overly broad and unduly burdensome. I will instruct each expert to bring his/her case file to the deposition. I trust that this is acceptable. If this is not acceptable, please advise me no later than noon on Tuesday, January 30, 2007, so that I may file an objection to your *duces tecum* request.

January 28, 2007
Page 2

Finally, you filed the seven deposition notices in all six cases. This is not correct. I trust that you will not attempt to depose an expert in a case in which he has not been asked to testify. If I am incorrect in my assumption, please advise me.

Thank you for your attention to these matters.

Sincerely,

WHITE AND WILLIAMS LLP

By:

Christian J. Singewald

cc:    John Spillane, Esquire (via email)
       Erin Farris, Esquire (via email)
       Larry Rufo, Esquire (via email)

CJS:vf

EFiled:  Jan 29 2007  4:16PM EST
Transaction ID 13624253
Case No. Multi-case

# Exhibit 2

**Singewald, Christian**

| | |
|---|---|
| **From:** | Tiffany Newlin [TNewlin@baronbudd.com] |
| **Sent:** | Monday, January 29, 2007 12:01 PM |
| **To:** | Singewald, Christian |
| **Subject:** | RE: Issues as to February Cases |

Chris:

Please be advised, we are proceeding with the deposition of your experts pursuant to the times and date you offered. As you are aware, these depositions have been noticed via phone. If necessary, we are happy to move the deposition of Fred Toca from 10 am on January 30 to 10 am on January 31, the alternate date you provided. Please let us know asap today if you wish to move Mr. Toca's deposition to the 31st.

In addition, please provide any notes taken by Dr. Marchevsky in preparation for his deposition by close of business today.

Thanks.

Tiffany Dickenson

-----Original Message-----
From: Singewald, Christian [mailto:Singewaldc@whiteandwilliams.com]
Sent: Sunday, January 28, 2007 7:21 PM
To: Tiffany Newlin
Cc: Loreto P. Rufo; John Spillane; Erin Anderson Farris
Subject: Issues as to February Cases


  <<Letter to T. Dickenson re. Wrongful Death Claims.pdf>>   <<Letter to
T. Dickenson re. Expert Deposition Issues.pdf>>
Tiffany:
   Please see attached letters. - Chris

Christian J. Singewald, Esquire
White and Williams LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Direct Dial: 302-467-4510
Direct Fax: 302-467-4547
singewaldc@whiteandwilliams.com

****IRS Circular 230 Notice****

>To ensure compliance with certain regulations promulgated by the U.S.
Internal Revenue Service, we inform you that any federal tax advice
contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, by any taxpayer for
the purpose of (1) avoiding tax-related penalties under the U.S.
Internal Revenue Code, or (2) promoting, marketing or recommending to
another party any tax-related matters addressed herein, unless expressly
stated otherwise.
>
>****Confidentiality Notice****
>
>This E-Mail message and any documents accompanying this E-Mail
transmission contain information from the law firm of White and Williams
LLP which is "Privileged and confidential attorney-client communication
and/or work product of counsel." If you are not the intended recipient,
you are hereby notified that any disclosure, copying, distribution
and/or the taking of or refraining from taking of any action in reliance
on the contents of this E-Mail information is strictly prohibited and

1

EFiled: Jan 26 2007 9:36AM EST
Transaction ID 13598264
Case No. Multi-case

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE : ASBESTOS LITIGATION            :
                                       :
COTE  TRIAL GROUP                      :
    Charles Lentile                    :    C.A. No. : 05C-11-256
    James Collins                      :    C.A. No. : 06C-02-281
    Marlon Owens                       :    C.A. No. : 06C-02-241
    Roland Grenier                     :    C.A. No. : 05C-11-257
    Lyle Foltz                         :    C.A. No. : 05C-10-325
    Oliver Sandahl                     :    C.A. No. : 05C-11-057
    Kenneth Beard                      :    C.A. No. : 05C-11-158
    Rollin Overstreet                  :    C.A. No. : 05C-09-037

### DEFENSE COORDINATING COUNSEL'S
### NOTICE OF DEPOSITION OF ARTHUR FRANK, MD

TO    :    All Counsel

**PLEASE TAKE NOTICE** that the deposition of ARTHUR FRANK, MD will be recorded by the undersigned or any Delaware asbestos litigation defense attorney designated by the undersigned on January 30, 2007 at 9:00 am in at the Sheraton Philadelphia City Center Hotel, Logins II Coherence Room, 17th & Race Streets, Philadelphia, PA.

### Duces Tecum

The witness is instructed to produce the following materials to the undersigned at least two full business days prior to the deposition:

1.    All documents reviewed in preparation for your testimony in these cases.

2.    All documents, records and materials relating to said plaintiffs which you have reviewed at any time including, but not limited to, correspondence, statements, reports, questionnaires, handwritten notes, medical and hospital records, deposition transcripts, work history and any other such document, record or tangible material relating to the above referenced plaintiffs.

3.    All documents, materials, records, reports, correspondence, photographs or any

other written or tangible items prepared by or at your request or by or at the request of any of your agents, employees or associates concerning these cases or your expected testimony.

4. Copies of all materials and documents of any kind which you have received concerning these cases including, but not limited to, all records, reports, correspondence and memorandum (if correspondence or documents requested in this duces tecum are claimed as "privileged", it should be brought to the deposition for identification).

5. Copies of all books, records, translations, articles, writing, publications, correspondence, notes, documents or any other written materials upon which you rely or will rely or have ill the past relied in preparation for presentation of your testimony in an asbestos case and for these particular cases.

6. Copies of any notes or outline used by you presently or in the past to give lectures, classes, presentations to any entity or group, including any litigation group which are related to your expected areas of testimony in these cases.

7. All documents and materials including, but not limited to, photographs, photographic slides, charts, diagrams, graphs or any other tangible item which you have reviewed or which you intend to show or utilize at the time of trial during your direct testimony.

8. A list of any and all of your prior testimony in any public proceeding or litigation including, but not limited to, testimony at deposition, workers' compensation bearing, trial, governmental or municipal proceeding, or any other type of proceeding concerning asbestos exposure. Regarding said testimony, please provide the following as applicable:

    a. Plaintiff's name;

    b. Date of testimony;

    c. Court, committee, agency or body before whom said testimony was

given;

      d.     Names and addresses of attorneys representing all parties involved, and

      e.     Produce a copy of each transcript.

9.     All expert reports you have prepared within the last 5 years in asbestos cases or, in the alternative, a listing of the cases for which you have prepared reports.

10.     A list of all articles, textbooks, or other sources information or data upon which you base the opinions you expect to give.

11.     A list of or copies of any writing, publication, document, report, correspondence, article, book, notes and/or material related to asbestos, asbestos exposure and/or asbestos-related diseases which you have reviewed, consider relied on or may rely on to support your expected testimony or that you used for preparation of your report or your testimony in this lawsuit.

12.     Copies of any correspondence that you have sent to or received from any other experts in this litigation regarding your or their testimony in this case, or on any topic related to this case or asbestos litigation.

13.     All documents concerning your gross earnings from testimony at deposition or trial, or meetings with attorneys and/or litigation groups or non-litigation work related to an asbestos exposure, including consultation and including, but not limited to, ledgers, accounts receivables, receipt books, receipts, books, invoices, bills, correspondence, and/or any other material relating to gross income or gross earnings, present or potential, participating as an expert witness in litigation related to asbestos litigation. (For the purpose of this deposition, provide a list for the five previous calendar years, which would include the following: gross income, percentage of gross income related to asbestos litigation earnings, percentage with respect to consultation related to any asbestos related matter.)

14.     Copies of any and all documents and correspondence between you and

Plaintiffs' Counsel and all documents sent to you by Plaintiffs' Counsel.

15.    All reports or documents you prepared containing your expected testimony, including all drafts of reports.

16.    The most up-to-date curriculum vitae on your background, training, education, and bibliography of articles written by you and copies of articles, pamphlets, parts of books, or books written by you or to which you contributed, which are related to your expected testimony, whether actually published or not.

Dated : January 26, 2007                    **RUFO ASSOCIATES, PA.**

                                By :    /S/ Loreto P. Rufo
                                        Loreto P. Rufo (# 2534)
                                        Hockessin Village Center
                                        7217 Lancaster Pike, Suite F
                                        Hockessin, Delaware 19707
                                        Telephone : 302-234-5900
                                        Defense Coordinating Counsel

Frank 013007

EFiled: Jan 26 2007 9:09█ EST
Transaction ID 13612771
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

CHARLES CHRISTOPHER LENTILE                C.A. No. 05C-11-256 ASB
and SUSIE DUNN-LENTILE,

    Plaintiffs,

                      v.

METROPOLITAN LIFE
INSURANCE COMPANY; et al.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JAMES DANIEL COLLINS and                   C.A. No. 06C-02-281 ASB
MARY M. COLLINS,

    Plaintiffs,

                      v.

METROPOLITAN LIFE
INSURANCE COMPANY; et al.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE, DELAWARE

ROLLIN JAMES OVERSTREET and                C.A. No.  05C-09-037
CRYSTAL J. OVERSTREET,

    Plaintiffs,

                      v.

METROPOLITAN LIFE
INSURANCE COMPANY; et al.
        Defendants.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

OLIVER EDWARD SANDAHL, and          C.A. No. 05C-11–057-ASB
  ANNE M. SANDAHL,

      Plaintiffs,

                         v.

METROPOLITAN LIFE
INSURANCE COMPANY; et al.

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

ROLAND LEO GRENIER, SR.,      :      C.A. No. 05C-11-257 ASB
                         :
      Plaintiff(s)         :      ASBESTOS
                         :
        vs.              :
                         :
METROPOLITAN LIFE INSURANCE     :
COMPANY, INC., et al.,        :
                         :
      Defendant(s).      :

**PLAINTIFF'S NOTICE OF INTENTION TO TAKE THE TELEPHONIC DEPOSITION OF ALBERTO MARCHEVSKY AND
SUBPOENA DUCES TECUM - Page 2**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

MARLON CLARENCE OWENS and     :    C.A. No. 06C-02-241 ASB
LYNN OWENS,                            :

        Plaintiffs,                :

                v.                   :

METROPOLITAN LIFE INSURANCE    :
COMPANY, et al.                   :

        Defendants.             :

---

## PLAINTIFF'S NOTICE OF INTENTION TO TAKE THE TELEPHONIC DEPOSITION OF ALBERTO MARCHEVSKY AND SUBPOENA DUCES TECUM

---

TO:     ALL COUNSEL OF RECORD

        PLEASE TAKE NOTICE that at the below-stated date, hour, and place we shall cause the *telephonic*

deposition of the below-described deponent before an official court reporter, a notary public duly authorized

to administer the oaths or his duly designated representative. The deposition will continue day to day until

completed. Any party or their attorney may appear and participate as they see fit.

DEPONENT:             Alberto Marchevsky
DATE & HOUR:         January 30, 2007
                        5:30 p.m. (PST)
PLACE:                  Los Angeles Airport Marriott
                        5855 West Century Blvd.
                        Los Angeles, CA 90045
                        310-641-5700
COURT REPORTER:     Henjum Goucher Reporting Company
DIAL-IN INFORMATION:   1-866-297-6394, Code: 1689 4133

PLAINTIFF'S NOTICE OF INTENTION TO TAKE THE TELEPHONIC DEPOSITION OF ALBERTO MARCHEVSKY AND
SUBPOENA DUCES TECUM - Page 3

*At or before the date specified above, the deponent is requested to produce all the items requested on the attached Exhibit "A."*

Date:    January 26, 2007

Respectfully submitted,

**WEISS & SAVILLE, P.A.**

By:    /s/ Yvonne Takvorian Saville
Yvonne Takvorian Saville, Esq., #3430
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE  19899
Telephone:    (302) 656-0400
Facsimile:    (302) 656-5011
Attorney for Plaintiff

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605

EXHIBIT "A"

**I.    DEFINITIONS AND INSTRUCTIONS**

**A.    Instructions**

The following instructions apply to the production of documents as required pursuant to this Notice:

1.    Documents produced shall be segregated and labeled according to the Request in response to which they are produced.

2.    Identify each document or set of documents being produced.

3.    Identify each document in this Request which is withheld based on any claim of privilege and also state (a) the basis of that claim; (b) the name of any and all persons who have seen the document; and (c) the date and subject matter of the document.

4.    With respect to any category of documents which you contend is in some way "burdensome" or "oppressive," state the specific reasons for such objection, and produce examples of the documents in question.

5.    These Requests, unless otherwise indicated, relate to documents and other things created, written, or produced at any time to the present.

**B.    Definitions**

1.    The terms "you" and "your" shall mean you, your attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

2.    The term "person" and "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

3.     The terms "document," "documentation," and "documents" including any written, printed, recorded or graphic matter, photographic or videographic matter or sound reproductions or computer input or output, or other tangible things, including but not limited to: Papers, books, pamphlets, guidebooks, handbooks, instruction and/or safety manuals, articles, letters, correspondence, electronic or videotape recordings, contracts, notes, rough drafts, interoffice memoranda, reports, research materials, logs, diaries, calendars, bank statements, tax invoices, diagrams, studies, manuals, minutes, by-laws, articles of incorporation, resolutions, shareholder endorsements, or partnership documents however produced or reproduced, that are now or were formerly in your possession, custody, or control (including documents at any time in the possession, custody, or control of your subsidiaries, whether domestic or international, or merged or acquired predecessors).

4.     The term "product" shall include any material used or present at any of the work sites as defined above, regardless of asbestos content.

5.     At the deposition, you will be asked to produce individual documents in response to each of the numbered requests. Please be prepared to do so.

6.     If you claim a privilege or exemption from discovery for any of the materials requested below, please be prepared to state the specific ground for each privilege or immunity claimed, in order that Plaintiff's counsel may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the objection is necessary. Please also provide this information on or before the deposition.

7.     The term "Defense Counsel" shall mean all attorneys, agents of attorneys, law firms, persons working with the law firms or for the law firms who represent Defendant in this litigation.

## C.     *Request for Documents*

1.     Please produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for you in anticipation of your testimony at deposition or the trial of this case.

2.     Please produce all documents, tangible things, reports, models, or data compilation that you reviewed or relied on to form any opinions to be offered in this litigation.

3.     Please produce all reports, studies, tests, and other demonstrative evidence including, but not limited to, videotaped demonstrations, to be used or intended to be used during your deposition or trial testimony in this case.

4.     Please produce your complete file and all documents that you have been provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and e-mails.

5.     Please produce all information, materials, documents, or reports by Defendant's other experts or medical providers that were provided to you.

6.     Please produce all publications you relied upon in formulating any opinions to be offered in this litigation.

7.     Please produce all publications you reviewed in preparation of your testimony at deposition or the trial of this case.

8.     Please produce a listing of all scientific literature, medical literature, treatises, periodicals, pamphlets, other authority or any other source of information upon which you have relied in rendering your opinion in this case.

9.     Please produce a listing of all scientific literature, medical literature, treatises, periodicals, pamphlets, other authority or any other source of information you reviewed in preparation of your testimony at deposition or the trial of this case.

10.     Please produce copies of any demonstrative aides you may use at the trial of this case.

11.     Please produce all versions of any reports you have prepared relating to this lawsuit, together with all documents or data that you relied upon in forming those opinions.

12.     Please produce your current resume, curriculum vitae, bibliography, and all billing records transmitted to Defense counsel.

13.     Please produce all documents or information received from any lawyers, representatives, employees or agents of Defense counsel relating to this case.

14.      Please produce all documents relating to or memorializing any contact or communication you have had with any lawyers, representatives, employees or agents of Defense counsel relating to this case.

15.      Please produce all documents, photographs, videotapes or other recordings in your possession or that you have reviewed relating to Defendant in this case or the presence of or, anyone's exposure to asbestos-containing products manufactured by defendant.

16.      Please produce a list of all cases in which you have testified at trial or by deposition ion the last four years.

17.      Please produce a list of all cases in which you have testified at trial or by deposition on behalf of any manufacturer of asbestos containing products, premises owner or contractor in the last four years.

18.      Please produce all information you have reviewed relating to Plaintiff's exposure to products manufactured by Defendant(s).

19.      Please produce all information in your possession that you have reviewed relating to any place that Plaintiff may have resided or worked.

20.      Please produce a copy of all publications, books, articles, etc., you have authored, alone or in collaboration.   Only if copies are not available, deponent then shall produce a bibliographic listing of all such publications, books, and articles.

21.      Please produce all reports, summaries, forecasts, narratives, charts, tables, video or audio records, photos, etc., you have prepared as a result of any tests, investigations, or analyses conducted concerning the subject matter of this lawsuit.

22.      Please produce all books, guidelines, checklists, articles, publications or other materials you have consulted during any such tests, investigations, or analyses or in the preparation of any reports, summaries, forecasts, narratives, charts, tables, video or audio records, etc.

23.      Please produce your report stating the subject matter on which you may testify, all facts known by you, your mental impressions, and all of your opinions in this case.

24.      Please produce any photographs or video recordings relating to the subject matter of this lawsuit that you have taken, been provided or reviewed.

25.      Please produce all information in your possession that you have reviewed relating to any place that Plaintiff worked.

26.      Please produce all documents you have or have reviewed or are aware of regarding any asbestos manufacturer's use of asbestos or any information received from any asbestos manufacturer discussing any issue relating to asbestos.

27.      Please produce all statutes, OSHA, NIOSH or other state or federal government regulations that you may rely upon or to which you may refer.

28.    Please produce copies of any trade organization documents that relate in any way to your opinions in this case.

29.    Please produce all articles or materials of which you are aware that relate to the amount of asbestos necessary to cause asbestosis.

30.    Please produce all articles or materials of which you are aware regarding non-asbestos causes of lung injuries.

31.    Please produce all epidemiological materials of which you are aware that relate to a person substantially similar to Plaintiff in this case or a person's work in the heating and plumbing industry.

32.    Please produce all documents, x-rays, MRI films, CT scan films, other diagnostic tests or other tangible items in any way related to Plaintiff.

33.    Please produce all documents, slides, stains, pathology, reports, or any other materials that you prepared or reviewed relating to your opinions regarding Plaintiff.

EFiled: Jan 26 2007 9:06 [...]EST
Transaction ID 13612766
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

CHARLES CHRISTOPHER LENTILE              C.A. No. 05C-11-256 ASB
and SUSIE DUNN-LENTILE,

     Plaintiffs,


v.


METROPOLITAN LIFE
INSURANCE COMPANY; et al.



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JAMES DANIEL COLLINS and              C.A. No. 06C-02-281 ASB
MARY M. COLLINS,

     Plaintiffs,


v.


METROPOLITAN LIFE
INSURANCE COMPANY; et al.



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE, DELAWARE

ROLLIN JAMES OVERSTREET and              C.A. No.  05C-09-037
CRYSTAL J. OVERSTREET,

     Plaintiffs,


v.


METROPOLITAN LIFE
INSURANCE COMPANY; et al.
     Defendants.


IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

OLIVER EDWARD SANDAHL, and                              C.A. No. 05C-11–057-ASB
ANNE M. SANDAHL,

    Plaintiffs,

v.

METROPOLITAN LIFE
INSURANCE COMPANY; et al.


IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROLAND LEO GRENIER, SR., | : | C.A. No. 05C-11-257 ASB |
| | : | |
| Plaintiff(s) | : | ASBESTOS |
| | : | |
| vs. | : | |
| | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, INC., et al., | : | |
| | : | |
| Defendant(s). | : | |

PLAINTIFF'S NOTICE OF INTENTION TO TAKE THE TELEPHONIC DEPOSITION OF ELIZABETH ANDERSON AND
SUBPOENA DUCES TECUM - Page 2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

MARLON CLARENCE OWENS and    :    C.A. No. 06C-02-241 ASB
LYNN OWENS,                           :

               Plaintiffs,             :

                            :

                  v.               :

                            :

METROPOLITAN LIFE INSURANCE    :
COMPANY, et al.                  :

              Defendants.         :

---

**PLAINTIFF'S NOTICE OF INTENTION TO TAKE THE TELEPHONIC
DEPOSITION OF ELIZABETH ANDERSON
AND SUBPOENA DUCES TECUM**

---

TO:    ALL COUNSEL OF RECORD

      PLEASE TAKE NOTICE that at the below-stated date, hour, and place we shall cause the *telephonic*

deposition of the below-described deponent before an official court reporter, a notary public duly authorized

to administer the oaths or his duly designated representative. The deposition will continue day to day until

completed. Any party or their attorney may appear and participate as they see fit.

                DEPONENT:             Elizabeth Anderson
                DATE & HOUR:         February 8, 2007
                                            10:00 a.m. (EST)
                PLACE:                 Hilton Hotel
                                            1767 King Street
                                            Alexandria, VA
                                            703-837-0440
                COURT REPORTER:     Henjum Goucher Reporting Company
                DIAL-IN INFORMATION:   (866) 825-3967, Code: 1689 4143

*At or before the date specified above, the deponent is requested to produce all the items requested on the attached Exhibit "A."*

Date:    January 26, 2007

Respectfully submitted,

**WEISS & SAVILLE, P.A.**

By:    /s/ Yvonne Takvorian Saville
       Yvonne Takvorian Saville, Esq., #3430
       1220 North Market Street, Suite 604
       P.O. Box 370
       Wilmington, DE  19899
       Telephone:    (302) 656-0400
       Facsimile:    (302) 656-5011
       Attorney for Plaintiff

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605

EXHIBIT "A"

**I.     DEFINITIONS AND INSTRUCTIONS**

**A.     Instructions**

The following instructions apply to the production of documents as required pursuant to this Notice:

1.     Documents produced shall be segregated and labeled according to the Request in response to which they are produced.

2.     Identify each document or set of documents being produced.

3.     Identify each document in this Request which is withheld based on any claim of privilege and also state (a) the basis of that claim; (b) the name of any and all persons who have seen the document; and (c) the date and subject matter of the document.

4.     With respect to any category of documents which you contend is in some way "burdensome" or "oppressive," state the specific reasons for such objection, and produce examples of the documents in question.

5.     These Requests, unless otherwise indicated, relate to documents and other things created, written, or produced at any time to the present.

**B.     Definitions**

1.     The terms "you" and "your" shall mean you, your attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

2.     The term "person" and "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

3.     The terms "document," "documentation," and "documents" including any written, printed, recorded or graphic matter, photographic or videographic matter or sound reproductions or computer input or output, or other tangible things, including but not limited to: Papers, books, pamphlets, guidebooks, handbooks, instruction and/or safety manuals, articles, letters, correspondence, electronic or videotape recordings, contracts, notes, rough drafts, interoffice memoranda, reports, research materials, logs, diaries, calendars, bank statements, tax invoices, diagrams, studies, manuals, minutes, by-laws, articles of incorporation, resolutions, shareholder endorsements, or partnership documents however produced or reproduced, that are now or were formerly in your possession, custody, or control (including documents at any time in the possession, custody, or control of your subsidiaries, whether domestic or international, or merged or acquired predecessors).

4.     The term "product" shall include any material used or present at any of the work sites as defined above, regardless of asbestos content.

5.     At the deposition, you will be asked to produce individual documents in response to each of the numbered requests. Please be prepared to do so.

6.     If you claim a privilege or exemption from discovery for any of the materials requested below, please be prepared to state the specific ground for each privilege or immunity claimed, in order that Plaintiff's counsel may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the objection is necessary. Please also provide this information on or before the deposition.

7.     The term "Defense Counsel" shall mean all attorneys, agents of attorneys, law firms, persons working with the law firms or for the law firms who represent Defendant in this litigation.

**C.**     ***Request for Documents***

1.     Please produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for you in anticipation of your testimony at deposition or the trial of this case.

2.     Please produce all documents, tangible things, reports, models, or data compilation that you reviewed or relied on to form any opinions to be offered in this litigation.

3.     Please produce all reports, studies, tests, and other demonstrative evidence including, but not limited to, videotaped demonstrations, to be used or intended to be used during your deposition or trial testimony in this case.

4.     Please produce your complete file and all documents that you have been provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and e-mails.

5.     Please produce all information, materials, documents, or reports by Defendant's other experts or medical providers that were provided to you.

6.     Please produce all publications you relied upon in formulating any opinions to be offered in this litigation.

7.     Please produce all publications you reviewed in preparation of your testimony at deposition or the trial of this case.

8.     Please produce a listing of all scientific literature, medical literature, treatises, periodicals, pamphlets, other authority or any other source of information upon which you have relied in rendering your opinion in this case.

9.     Please produce a listing of all scientific literature, medical literature, treatises, periodicals, pamphlets, other authority or any other source of information you reviewed in preparation of your testimony at deposition or the trial of this case.

10.     Please produce copies of any demonstrative aides you may use at the trial of this case.

11.     Please produce all versions of any reports you have prepared relating to this lawsuit, together with all documents or data that you relied upon in forming those opinions.

12.     Please produce your current resume, curriculum vitae, bibliography, and all billing records transmitted to Defense counsel.

13.     Please produce all documents or information received from any lawyers, representatives, employees or agents of Defense counsel relating to this case.

14.    Please produce all documents relating to or memorializing any contact or communication you have had with any lawyers, representatives, employees or agents of Defense counsel relating to this case.

15.    Please produce all documents, photographs, videotapes or other recordings in your possession or that you have reviewed relating to Defendant in this case or the presence of, anyone's exposure to asbestos-containing products manufactured by defendant.

16.    Please produce a list of all cases in which you have testified at trial or by deposition ion the last four years.

17.    Please produce a list of all cases in which you have testified at trial or by deposition on behalf of any manufacturer of asbestos containing products, premises owner or contractor in the last four years.

18.    Please produce all information you have reviewed relating to Plaintiff's exposure to products manufactured by Defendant(s).

19.    Please produce all information in your possession that you have reviewed relating to any place that Plaintiff may have resided or worked.

20.    Please produce a copy of all publications, books, articles, etc., you have authored, alone or in collaboration.   Only if copies are not available, deponent then shall produce a bibliographic listing of all such publications, books, and articles.

21.    Please produce all reports, summaries, forecasts, narratives, charts, tables, video or audio records, photos, etc., you have prepared as a result of any tests, investigations, or analyses conducted concerning the subject matter of this lawsuit.

22.    Please produce all books, guidelines, checklists, articles, publications or other materials you have consulted during any such tests, investigations, or analyses or in the preparation of any reports, summaries, forecasts, narratives, charts, tables, video or audio records, etc.

23.    Please produce your report stating the subject matter on which you may testify, all facts known by you, your mental impressions, and all of your opinions in this case.

24.    Please produce any photographs or video recordings relating to the subject matter of this lawsuit that you have taken, been provided or reviewed.

25.    Please produce all information in your possession that you have reviewed relating to any place that Plaintiff worked.

26.    Please produce all documents you have or have reviewed or are aware of regarding any asbestos manufacturer's  use of asbestos or any information received from any asbestos manufacturer discussing any issue relating to asbestos.

27.    Please produce all statutes, OSHA, NIOSH or other state or federal government regulations that you may rely upon or to which you may refer.

28.    Please produce copies of any trade organization documents that relate in any way to your opinions in this case.

29.    Please produce all articles or materials of which you are aware that relate to the amount of asbestos necessary to cause asbestosis.

30.    Please produce all articles or materials of which you are aware regarding non-asbestos causes of lung injuries.

31.    Please produce all epidemiological materials of which you are aware that relate to a person substantially similar to Plaintiff in this case or a person's work in the heating and plumbing industry.

32.    Please produce all documents, x-rays, MRI films, CT scan films, other diagnostic tests or other tangible items in any way related to Plaintiff.

33.    Please produce all documents, slides, stains, pathology, reports, or any other materials that you prepared or reviewed relating to your opinions regarding Plaintiff.

EFiled: Jan 25 2007 1:07[...]EST
Transaction ID 13587442
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE:  ASBESTOS LITIGATION                    :
                                               :
**COTE TRIAL GROUP**                           :
                                               :

|                                      |   |                        |
|--------------------------------------|---|------------------------|
| ROLLIN JAMES OVERSTREET              | : | C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL                | : | C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE          | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR.              | : | C.A. No. 05C-11-257 ASB |
| MARLON CLARENCE OWENS                | : | C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS                 | : | C.A. No. 06C-02-281 ASB |

## MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' PAGE AND LINE DESIGNATIONS AS TO GENERAL MOTORS COMPANY

COME NOW Plaintiffs in the above-referenced and numbered causes and files this their

Motion for leave to Supplement Plaintiffs' Page Line Designations as to General Motors

Company, and

respectfully moves the Court as follows:

Plaintiffs adopted their Page & Line Designations filed on August 9, 2006 for the

February 2007 Trial Docket. (Exhibit "A"). Within the designation as to General Motors

Company, Plaintiffs identified the deposition of William Krebs, taken March 24, 2004 in the

matter of Ward, et al. v. General Motors Corporation, et al, in the District Court of Coryell

County, Texas. However, Plaintiffs inadvertently failed to include the narrowed designations for

this particular deposition. Plaintiffs move the court to allow Plaintiffs to supplement the

designations attached hereto as Exhibit "B."

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the court

Grant Plaintiffs' Motion for Leave to Supplement Plaintiffs' Page Line Designations as to

General Motors Company.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**

By:     /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430
        1220 North Market Street, Suite 604
        P.O. Box 370
        Wilmington, DE  19899
        Telephone:        (302) 656-0400
        Facsimile:        (302) 656-5011
        Attorney for Plaintiff

Date:  January 25, 2007

EFiled: Jan 25 2007 1:07PM EST
Transaction ID 13587442
Case No. Multi-case

# Exhibit A



EFiled: Aug 9 2006 4:42
Transaction ID 12028574

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION          :
                                    :
COTE TRIAL GROUP                    :
William Cote                        :          C.A. No. : 05C-09-268
John Sheldon                        :          C.A. No. : 05C-08-206
Moscoe King                         :          C.A. No. : 05C-11-125
Charles Lentile                     :          C.A. No. : 05C-11-256
James Collins                       :          C.A. No. : 06C-02-281
William Kountz                      :          C.A. No. : 06C-02-223
Marlon Owens                        :          C.A. No. : 06C-02-241
Roland Grenier                      :          C.A. No. : 05C-11-257
Lyle Foltz                          :          C.A. No. : 05C-10-325
Hugo Engel                          :          C.A. No. : 05C-09-083
Virgil Brauer                       :          C.A. No. : 05C-08-049
Oliver Sandahl                      :          C.A. No. : 05C-11-057
Arnold Eudy                         :          C.A. No. : 05C-10-323
William Modelewski                  :          C.A. No. : 05C-09-192
Kenneth Beard                       :          C.A. No. : 05C-11-158
John Bassett                        :          C.A. No. : 05C-07-122
Horace Durham                       :          C.A. No. : 05C-07-136
Rollin Overstreet                   :          C.A. No. : 05C-09-037
Eustachico Lupone                   :          C.A. No. : 05C-11-063
George Thomas                       :          C.A. No. : 05C-11-106
Barry Smith                         :          C.A. No. : 06C-02-265


## NOTICE OF ADOPTION

The aforementioned Plaintiffs hereby adopt and incorporate by reference Plaintiffs' Master

List of Expert Witnesses at Filing ID 10511054, Plaintiffs' Master Exhibit List and Plaintiffs'

Master List of Deposition Testimony produced on February 15, 2005 via Federal Express to Defense

Coordinating Counsel, Plaintiffs' Supplements to Plaintiffs' Master Exhibit List and Plaintiffs'

Supplements to Plaintiffs' Master List of Deposition Testimony produced on June 29, 2006 via

Federal Express to Defense Coordinating Counsel, and Plaintiffs' General and Association Lists of

Exhibits and Deposition Testimony produced on June 29, 2006 via Federal Express Defense

Coordinating Counsel, and any further supplements thereto.

JACOBS & CRUMPLAR, P.A.

By:     /s/Thomas C. Crumplar
        Thomas C. Crumplar, #0942
        2 East 7th Street
        P.O. Box 1271
        Wilmington, DE 19899
        (302) 656-5445
        Attorney for Plaintiff

        and

        BARON & BUDD
        A PROFESSIONAL CORPORATION
        The Centrum
        Suite 1100
        3102 Oak Lawn Avenue
        Dallas, Texas 75219
        (214) 521-3605

Date: August 9, 2006

EFiled:  Jan 25 2007  1:07PM EST
Transaction ID 13587442
Case No. Multi-case

# Exhibit B

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE:
ASBESTOS LITIGATION                                 :
                                                    :
   COTE TRIAL GROUP                                 :
                                                    :
   ROLLIN JAMES OVERSTREET          :      C.A. No.  05C-09-037 ASB
   OLIVER EDWARD SANDAHL             :      C.A. No.  05C-11-057 ASB
   CHARLES CHRISTOPHER LENTILE :      C.A. No.  05C-11-256 ASB
   ROLAND LEO GRENIER, SR.          :      C.A. No.  05C-11-257 ASB
   MARLON CLARENCE OWENS            :      C.A. No.  06C-02-241 ASB
   JAMES DANIEL COLLINS             :      C.A. No.  06C-02-281 ASB

PAGE & LINE DESIGNATION OF 03/24/2004 DEPOSITION OF WILLIAM H. KREBS
IN WARD v. GM CAUSE NO. 31,583 CORYELL COUNTY, TEXAS

COMES NOW, Plaintiff(s) in the above-captioned cause and file this their Page

and Line Designation in relation to the February 7, 2007 trial setting in the Superior

Court of Delaware County, State of Delaware.

Respectfully submitted,

WEISS & SAVILLE, P.A.

By:     /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430
        1220 North Market Street, Suite 604
        P.O. Box 370
        Wilmington, DE  19899
        Telephone:    (302) 656-0400
        Facsimile:    (302) 656-5011
        Attorney for Plaintiff

Date: January 25, 2007

**Page/Line to Page/Line**
7/19 - 7/23
8/13 - 8/23
16/23, beginning with "Are" - 17/3
20/7 - 20/17, ending with "now"
25/1 - 25/6, ending with "true"
95/19 - 96/1
96/18 -97/7
147/4 - 147/7
148/3 - 148/12
148/15
148/24 - 150/10
152/1 - 152/8
152/14 - 154/24
155/6 - 156/4
156/12 - 156/15
157/1 - 159/10
172/19 - 173/7
173/21 - 173/25
187/21 - 188/13, ending with "Yes."
188/19 - 189/12
189/15 - 191/5
191/8 - 195/4
195/7 - 195/9
195/12 - 196/12
197/1 - 198/4
213/11 - 213/25
214/20 - 215/7
215/10 - 215/24

EFiled: Jan 24 2007 11:48 EST
Transaction ID 13582251
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION

Cote Trial Group

Limited to:

| | | |
|---|---|---|
| JOHN MILLER BASSETT | : | C.A. No. 05C-07-122 ASB |
| KENNETH RUDELL BEARD | : | C.A. No. 05C-11-158 ASB |
| VIRGIL LLOYD BRAUER | : | C.A. No. 05C-08-049 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |
| **WILLIAM GILBERT COTE** | : | **C.A. No. 05C-09-268 ASB** |
| HUGO GEORGE ENGEL | : | C.A. No. 05C-09-083 ASB |
| ARNOLD CHARLES EUDY | : | C.A. No. 05C-10-323 ASB |
| LYLE DAVIS FOLTZ | : | C.A. No. 05C-10-325 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| MOSCOE JACKSON KING, JR. | : | C.A. No. 05C-11-125 ASB |
| WILLIAM JOSEPH KOUNTZ | : | C.A. No. 06C-02-223 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| EUSTACHICO LUPONE | : | C.A. No. 05C-11-063 ASB |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| JOHN WALLACE SHELDON | : | C.A. No. 05C-08-206 ASB |
| BARRY SMITH | : | C.A. No. 06C-02-265 ASB |
| GEORGE THOMAS | : | C.A. No. 05C-11-106 ASB |

---

**PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS
IN LIMINE TO EXCLUDE THE TESTIMONY AND DEMONSTRATIVE
EXHIBITS OF DR. WILLIAM E. LONGO**

---

1.      Plaintiffs submit this Consolidated Response to Defendants' Motions in Limine to

Exclude the Testimony and Demonstrative Exhibits of Dr. William E. Longo, and respectfully

show the Court as follows:

**Plaintiffs Adopt Their Prior Responses Concerning
Dr. Longo's Testimony and Exhibits, and State of the Art Documents.**

2.      Multiple Defendants have filed objections to the testimony of and evidence from Dr.

Longo.[1]  Plaintiffs hereby adopt and incorporate by reference Plaintiffs' Consolidated Response

to Defendants' Motions in Limine Concerning the Testimony and Demonstrative Exhibits of Dr.

William Longo, and any exhibits thereto, Transaction ID 11606666.  Plaintiffs also hereby adopt

and incorporate by reference Plaintiffs' Consolidated Response to Motions in Limine on Medical

and Scientific Articles and Other "State of the Art" Documents and any exhibits thereto at Filing

ID 11605540.  Plaintiffs offer further argument below.

### Judge Davidson of the Texas MDL Has Recently Denied a Similar Motion to Exclude Dr. Longo's Testimony.

3.     In October of 2006, Judge Mark Davidson of the Texas MDL asbestos court denied a

similar motion to exclude Dr. Longo's testimony.  *See* Order dated Oct. 12, 2006, *Raines v.

Ametek, Inc., et al.*, No. 2005-14079, attached as Exhibit 1.  Judge Davidson explained: "I am

convinced from the review of the record that the opinions expressed by Dr. Longo are within

published and peer-reviewed and mainstream scientific opinion and otherwise complies with the

*Daubert*...test[]."  Transcript dated Oct. 4, 2006, attached as Exhibit 2, at 10.  Judge Davidson's

decision is consistent with rulings by the vast majority of courts that have reviewed Dr. Longo's

testimony.

4.     Moreover, Judge Davidson's ruling confirms the lack of persuasive value held by

Defendants' favorite order: an interlocutory ruling issued in 2001 by the 6th Judicial District of

Lamar County, Texas that excluded Dr. Longo's testimony.  As discussed at length in Plaintiffs'

first adopted response, that order is so afflicted with factual error as to possess no persuasive

---

[1] Defendants refer to both Dr. Longo and his colleague, Mr. Richard Hatfield, collectively as "Longo" rather than the more cumbersome "Longo and Hatfield."  Plaintiffs here adopt the same nomenclature.

weight for this Court. Unsurprisingly, Defendants still fail to mention that the very study

criticized so harshly in the Lamar County order was subsequently published in a peer-reviewed

journal, completely undermining the Lamar County court's assessment of its scientific merit. *See*

Longo, et al., *Fiber Release During the Removal of Asbestos-Containing Gaskets: A Work*

*Practice Simulation*, APPLIED OCCUP. AND ENVTL. HYGIENE 17:55-62 (2002), attached as

Exhibit 21 to the adopted response. Publication is "a significant indicia of the reliability of

scientific evidence" and has been called the "ultimate test of the integrity of an expert witness in

the scientific arena." *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 726-27

(Tex. 1996).

### Defendants' Citation to *Tyre V. CSX Transportation* Does Not Justify Exclusion of Dr. Longo's Testimony and Exhibits.

5. Defendants' current papers also add a new citation, *Mary Ellen Tyre v. CSX*

*Transportation, Inc.*, Duval County, Florida, No. 16-2002-CA-4837, Div B.,[2] to support their

contention that Dr. Longo and his work should be barred from the courtroom. Defendants miss

the point. The *Tyre* court excluded Dr. Longo's studies after finding them not reliable as "an

asbestos fiber *counting* study if precision for the count is required." Ex. EE at 4 (emphasis

supplied). Here, Plaintiffs do not offer Dr. Longo to quantify asbestos exposure. The Longo

evidence is offered to demonstrate, among other things, the "pathway for exposure" of *any*

asbestos in an occupational setting, not the number of fibers a particular plaintiff was exposed to.

As Judge Davidson explained, the focus of Dr. Longo's testimony is on the extent to which

---

[2] The decision and order is attached as Exhibit EE to Crane Co.'s "Motion in Limine to Exclude Testimony, Videotapes, and Photographs of Studies Conducted by Dr. William Longo and Richard Hatfield."

products are "capable of [emitting] asbestos." Ex. 2 at 9. "Statistical precision is not necessary

in order to qualify as an expert opinion." *Id.* at 5.

### Conclusion

6.     Plaintiffs respectfully request that the Court deny Defendants' Motions in Limine to

Exclude the Testimony and Demonstrative Exhibits of Dr. William Longo.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:     /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430

*~ and ~*

BARON & BUDD, P.C.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
Phone:  214/521-3605
Fax:  214/520-1181

*Attorneys for Plaintiffs*

Date:     January 12, 2007

EFiled:  Jan 12 2007  1:50PM EST
Transaction ID 13445462

# Exhibit 1

2005-14079

CAUSE NO. ~~2004-07603~~

| | | |
|---|---|---|
| WILLIAM L. RAINES , SR. AND | § | IN THE DISTRICT COURT OF |
| BERNICE RAINES | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMETEK INC., ET AL. | § | 11th JUDICIAL DISTRICT |

*TRANSFERRED FROM*

CAUSE NO. 05CV0200

| | | |
|---|---|---|
| WILLIAM L. RAINES , SR. AND | § | IN THE DISTRICT COURT OF |
| BERNICE RAINES | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AMETEK INC., ET AL. | § | 122ND JUDICIAL DISTRICT |

## ORDER ON DEFENDANT WASHINGTON GROUP, INC.'S MOTION TO EXCLUDE THE TESTIMONY OF DR. WILLIAM LONGO AND TO EXCLUDE THE WORK PRACTICE STUDIES AND VIDEOTAPES OF MATERIAL ANALYTICAL SERVICES, INC.

Having considered Defendant Washington Group, Inc.'s Motion to Exclude the Testimony of Dr. William Longo and to Exclude the Work Practice Studies and Videotapes of Materials Analytical Services, Inc., any Response thereto, any documents or other evidence on file herein, and after considering the arguments of counsel, the Court finds that the Motion is without merit and should be DENIED. It is therefore

ORDERED that Defendant Washington Group, Inc.'s Motion to Exclude the Testimony of Dr. William Longo and to Exclude the Work Practice Studies and Videotapes of Materials Analytical Services, Inc. is DENIED.

FILED

CHARLES BACARISSE
District Clerk

OCT 12 2006

Harris County, Texas

By_____
                    Deputy

OCT 1 2 2006

SIGNED this the _____ day of _____, 2006.

_____

JUDGE PRESIDING

EFiled: Jan 12 2007 1:50PM EST
Transaction ID 13445462

# Exhibit 2

1

```
 1                  REPORTER'S RECORD

 2                VOLUME 1 OF 1 VOLUME

 3          MDL TRIAL COURT CASE NO. 2005-14079

 4

 5   WILLIAM RAINES,  ET AL :  IN THE DISTRICT COURT OF

 6   VS.                 :  HARRIS COUNTY, T E X A S

 7   AMETEK, INC., ET AL   :  11TH  JUDICIAL  DISTRICT

 8

 9

10

11

12

13        ***************************

14              P R E T R I A L

15        ***************************

16

17

18

19        The 4th day of October, 2006, the

20   following proceedings came on to be heard in the

21   above-entitled and numbered cause before the

22   Honorable Mark Davidson, MDL Judge presiding, held

23   in Houston, Harris County, Texas.

24        Proceedings reported by Machine

25   Shorthand.
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS   77002

file:///V|/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

2

```
1                    A P P E A R A N C E S

2

3    Attorneys for the Plaintiff:

4        MR. ALEX BARLOW
         MR. CLAY FOSTEL
5        MR. DENMAN HEARD
         Heard Robins Cloud & Lubel
6        500 Dallas, #3100
         Houston, Texas  77002

7
         MR. RICHARD NEMEROFF
8        4514 Cole Ave., #806
         Dallas, Texas  75205

9

10   Attorneys for the Defendant, Washington Group
         International:

11
         MR. EDWARD HENNESSEY
12       MR. RANDY WILKINS
         Hennessey, Gardner & Barth
13       502 Caroline
         Houston, Texas  77002

14

15   Attorney for the Defendant, Carver Pump:

16       MR. WILLIAM FARRELL
         Cotton Farrell, PC
17       1010 Lamar, #860
         Houston, Texas  77002

18

19

20

21

22

23

24

25
                    TERRI W. ANDERSON
         201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002
```

3

```
 1               P R O C E E D I N G S
 2   October 4, 2006                Motion to Strike
 3               THE COURT:  To continue the pretrial,
 4   I will now proceed to hear the Defendant's Motion
 5   to Strike Dr. Longo as a witness.  Mr. Hennessey.
 6               MR. HENNESSEY:  Judge, it is our
 7   motion.  I don't know whether you want me to
 8   repeat what I have already written.
 9               THE COURT:  I have read the motion.
10               MR. HENNESSEY:  I don't have anything
11   to add to the motion.
12               THE COURT:  The filing of the motion
13   puts the burden on the plaintiff to go forward --
14               MR. HENNESSEY:  That is my
15   understanding.
16               THE COURT:  -- and present evidence.
17   We will proceed.
18               MR. BARLOW:  We did file a response
19   with evidence today that hopefully you have.
20               THE COURT:  Today?
21               MR. BARLOW:  Yes. I tried to get a
22   copy delivered to you, but I don't know if it made
23   it back to you.  A courtesy copy.
24               THE COURT:  Let me go look.  I am
25   sorry.  I will be right back.
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

4

```
 1              (PAUSE)
 2              MR. BARLOW:  I can kind of walk you
 3    through the response real quick.
 4              THE COURT:  I can walk through it
 5    pretty quick.
 6              Now, Mr. Hennessey, your challenge is
 7    to Dr. Longo's methodology and opinions and not to
 8    qualifications, correct?
 9              MR. HENNESSEY:  Qualifications I am
10    not going to address here.  Actually the relevancy
11    of the expert's opinion and whether or not the
12    expert's testimony assisted the trier of fact are
13    the main things.
14              As far as I am concerned, this
15    response, the way it is worded, grants my motion.
16    Their argument alone sets forth -- I will read it,
17    "At no point did Dr. Longo intend his studies to
18    represent the precise level of Plaintiff's
19    exposures to asbestos from Defendant's use of pipe
20    covering."  Why in the world is it relevant?  It
21    is nice and educational.  It is a nice academic
22    endeavor.
23              How is it going to help the jury
24    answer the question about whether this contractor,
25    who was there only a short number of years over
```

5

1    this man's 37-year work history, caused asbestos

2    to be put into the air in such quantities that

3    were more likely than not to cause mesothelioma?

4            THE COURT:  Well, I think their

5    response is going to be twofold.  One, that Texas

6    has not yet adopted the Lohiman factor which

7    require the frequency and the duration and an

8    amount of exposure to be something that is proven.

9            The second argument from what I have

10   seen so far they appear to be making is that

11   statistical precision is not necessary in order to

12   qualify as an expert opinion.  When a person

13   testifies in -- when an expert testifies in a

14   medical malpractice case, he doesn't have to

15   present statistical measurements of when

16   negligence would turn into non-negligence because

17   the opinions rendered are sufficient evidence.

18   You know at least in the area of med mal that to

19   be the case.  True?

20           MR. HENNESSEY:  I think that is

21   correct.

22           But again, you have taken a 37-year

23   work history.  This guy doesn't address any

24   portion of that work history.  Doesn't outline

25   anything about what this man would have been

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

6

1    exposed to in the work site.  He just says, This

2    is what happens in a laboratory when I cut a piece

3    of pipe insulation.  This is what goes into the

4    air under my laboratory conditions.  That is

5    essentially what all this is.  That's what it is.

6           How is that relevant as to what this

7    man was doing, when he was doing it, where he was

8    doing it, or even the type of asbestos that he was

9    using?  We have mesothelioma here, Judge.  We all

10   know that is confined to certain types of

11   asbestos.

12           All we have is a dog and pony show

13   where they can show a cloud of dust, which isn't

14   even all asbestos dust.  It is just to show -- it

15   means nothing as far as causation is concerned.

16   It is just an attempt to put on some inflammatory

17   irrelevant evidence.

18           THE COURT:  Thank you.  Response.

19           MR. BARLOW:  Judge, the relevance of

20   Dr. Longo's testimony and his studies is to show

21   the pathway of exposure and also the potential for

22   exposure when the asbestos products in question in

23   this case are used.  That is relevant to a number

24   of things.  It is indeed relevant to causation.

25           But it is also relevant to a number of

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

7

1    other factors.  In order for there to be exposure
2    and for us to establish exposure, we have to
3    establish the manipulation of these products and
4    the way that they were manipulated would admit
5    asbestos fibers in the first place.  That is all
6    that Dr. Longo's studies start with.
7              He takes asbestos products.  He has
8    taken a number of different kinds of products.  In
9    this case we are talking about pipe insulation.
10   He uses them in standard practice.  Then he
11   measures the dust and the asbestos -- the asbestos
12   that is emitted when they are used in a standard
13   practice way and measures it.  He videos it.  He
14   does it in a controlled environment because
15   failure to do so would violate the law.
16             It is relevant because it establishes
17   a potential for exposure.  It will assist the jury
18   in seeing the pathway of the exposure.  It
19   establishes that there is visible dust and then
20   there is invisible dust.  The science, I think, is
21   undisputed that it is the invisible dust that
22   actually gets in the lung and causes the
23   mesothelioma, asbestosis, and all the other
24   asbestos-related diseases.
25             It also shows -- it establishes that

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

8

1    this product emits asbestos, therefore, it is a

2    potentially dangerous product.  The defendants in

3    this case when they used it needed to assert a

4    certain amount of care, such as warning people,

5    perhaps using industrial hygiene methods to

6    control dust.  So it goes not just to causation,

7    but to the negligence portion of the case.

8              It also goes to show the need to warn

9    because asbestos does not have onion properties.

10   Asbestos at dangerous levels in the absence of

11   Tyndall lighting is oftentimes invisible.  This

12   helps with all of those things.  It goes to

13   establish that you can be above the TLV and not be

14   seeing visible dust.

15             Dr. Longo's studies are very straight

16   forward.  They are peer reviewed.  His

17   methodologies are peer viewed.  They have been

18   published in the literature.  Every technique that

19   he uses from the phrase contrast microscopy to the

20   TEM, transmission electron microscopy, all of this

21   has been approved by government agencies both in

22   this country and abroad.  The use of the Tyndall

23   lighting is a standard operating procedure along

24   with the videotaping of the work practice studies

25   is the standard operating procedure of the EPA.

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V /Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

9

1           So it is reliable, it is relevant, and

2    it is going to assist the finder of fact in this

3    case.

4           MR. HENNESSEY:  May I call your

5    attention to Page 4 of their response where it

6    begins "in the instant case", about midway through

7    the page, "Plaintiff will introduce evidence only

8    that Plaintiff's exposures to pipe covering

9    installed by the Defendant incurred as a result of

10   activities similar to those tested by Dr. Longo,

11   but will not represent that Dr. Longo's results

12   represent the exact levels of exposure experienced

13   by any one person, including the Plaintiff."

14          MR. BARLOW:  Judge --

15          THE COURT:  Let him finish, please.

16          MR. HENNESSEY:  How is it relevant

17   just to say there is dust in the air?  We can't

18   say how he has measured impacts this Plaintiff

19   that we want millions of dollars for.  But we just

20   want to put the dog and pony show up for

21   prejudicial reasons.  That's what this is.

22          THE COURT:  With all due respect, I

23   see the focus of the expert opinion to be focused

24   on the extent to which your client's product was

25   capable of admitting asbestos.  Without that, I am

10

```
 1    not sure they have a case.  I am convinced from

 2    the review of the record that the opinions

 3    expressed by Dr. Longo are within published and

 4    peer reviewed and main-stream scientific opinion

 5    and otherwise complies with the Daubert and

 6    Robinson tests.

 7             MR. HENNESSEY:  Just for clarity, this

 8    is not my client's product.  We are not a

 9    manufacturer.

10             THE COURT:  They were the

11    installer/designer of the product.

12             MR. HENNESSEY:  We were not a

13    designer.

14             THE COURT:  Noted.  I will, therefore,

15    deny the motion.  With that, do I have a Remand

16    Order?

17             MR. BARLOW:  I believe so, Judge.

18             MR. WILKINS:  The motion on the

19    overruled Summary Judgment --

20             MR. BARLOW:  There is some confusion

21    on that.  I know that Ian Cloud from my office had

22    some discussion with you and I believe you told us

23    how to prepare the order.  We prepared it.  They

24    have some problems.

25             THE COURT:  I couldn't have been
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V|/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

11

1    clearer.  It is denied.  Mr. Cloud wanted to go

2    into reasons and wanted to go into argument and I

3    said, Denied.

4              MR. BARLOW:  Can I show you the order?

5              THE COURT:  Does it say anything other

6    than denied?

7              MR. BARLOW:  I should show it to you,

8    Judge.

9              THE COURT:  I know how to cross stuff

10   out.  I can do that.

11             MR. BARLOW:  I believe it is the

12   parties, that is the issue.

13             THE COURT:  There were lots of

14   parties.

15             MR. BARLOW:  It was denied as to some

16   and granted as to the ones where there was no

17   evidence presented.  I believe that is where some

18   of the confusion is.

19             MR. WILKINS:  Judge, there was --

20   limit the response.  There was some other evidence

21   attached about other defendants and other

22   instances he was exposed to this product.  They

23   aren't included in the ones they have here.  There

24   was other evidence attached in the response.

25             THE COURT:  Tell you what.  Just for


                    TERRI W. ANDERSON
        201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

12

1   once, I am going to let you-all know what it is

2   like to be unwilling to get a judge to dismiss

3   patently frivolous claims.  I will let you make

4   your Motion to Dismiss any responsible third party

5   that they can't come up with evidence of at the

6   trial.  After all these years of proceeding

7   against people, I am going to let you make your

8   Motion for Directed Verdict, and it may well be

9   granted in part.

10          The motion is denied.  Period.

11          Now, where is that Remand Order?

12          MR. BARLOW:  Judge, just so we make

13  our record for the Court, we object to that.

14          THE COURT:  You strenuously object to

15  my denial of the Summary Judgment?

16          MR. BARLOW:  Yes, Judge.

17          THE COURT:  There is a case currently

18  before the Texas Supreme Court where somebody is

19  seeking to mandamus me for denying a Summary

20  Judgment and asking for abatement of the case, and

21  you may well be joining them asking for an

22  abatement of this case pending the resolution of

23  your appeal of my denial of the Summary Judgment.

24          MR. BARLOW:  I am betting abatement is

25  not one of the remedies we seek, Judge.


TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

13

1              THE COURT:  I am betting it is not one

2    the Supreme Court is going to grant.  Anything

3    else?  I just need the order.

4              MR. WILKINS:  Judge, I just have one

5    quick thing.  In reading the transcript from, I

6    think, yesterday, there was colloquy about where

7    you-all are talking about admissions of the

8    bankruptcy forms.  Well, Judge, even though it is

9    an admission that doesn't prevent an objection to

10   hearsay within hearsay.  You said, No, it doesn't.

11   I don't know if that is a ruling on any issue that

12   we can't raise at the time of trial.

13             THE COURT:  As to depositions?

14             MR. WILKINS:  It was actually just

15   those claims forms that were attached to the

16   response for Summary Judgment is how it came up.

17   But in general they said, Judge, even though your

18   ruling that answers to interrogatories are

19   admissions, we can't object to hearsay within

20   hearsay.

21             THE COURT:  On interrogatories, you

22   can.  On admissions, you can.  On depositions and

23   on documents, you cannot.

24             MR. WILKINS:  The only point I want to

25   make is on admissions, they are not hearsay under

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V:/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

14

```
 1   Rule 801.  They are not an exception to hearsay

 2   under 801.

 3            THE COURT:  I am sure Judge Ellisor is

 4   well aware of that fact, and if he is not, I am

 5   sure he will be able to handle that.

 6            MR. WILKINS:  I thought we weren't

 7   bound by that as a rule --

 8            THE COURT:  Judge Ellisor is a fine

 9   judge, and I am confident you will not have to

10   remind him that that is the law.

11            MR. WILKINS:  Thank you, Your Honor.

12            THE COURT:  I have signed the order.

13   Good luck in Galveston.  I will tell Judge Ellisor

14   this case is absolutely, positively going to

15   trial.

16

17            (HEARING CONCLUDED)

18

19

20

21

22

23

24

25
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

15

1    THE STATE OF TEXAS:

2    COUNTY OF HARRIS:

3                I, Terri W. Anderson, Official Court

4    Reporter, 11th District Court, Harris County,

5    Texas, certify that the above and foregoing

6    contains a true and correct transcription of all

7    portions of evidence and other proceedings

8    requested in writing by counsel for the parties to

9    be included in this volume of the Reporter's

10   Record, in the above-styled and numbered cause,

11   all of which occurred in open court or in

12   chambers, where indicated and were reported by me.

13               WITNESS MY OFFICIAL HAND this 4th

14   day of October, 2006.

15

16

17

18

19   _____

     Terri W. Anderson
20   Texas CSR #877
     Official Court Reporter
21   11th District Court
     Houston, Harris County, Tx.
22   201 Caroline, Suite 945
     Houston, Texas  77002

23

24

25


                    TERRI W. ANDERSON
       201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

EFiled: Jan 24 2007 11:25 EST
Transaction ID 13582246
Case No. 06C-02-281 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JAMES DANIEL COLLINS and MARY M.  :  C.A. No. 06C-02-281 ASB
COLLINS   :
  :  ASBESTOS
  Plaintiff(s),  :
  :
VS.  :
  :
METROPOLITAN LIFE INSURANCE  :
COMPANY, INC. et al.,  :
  :
  Defendant(s).  :

## MOTION TO SUBSTITUTE PARTIES AND ADD WRONGFUL DEATH CLAIM

  Plaintiff(s), James Daniel Collins, Deceased and Mary M. Collins, by and through their counsel Weiss & Saville, P.A., move for leave to amend the complaint under the agreed substantive state law of Washington as set forth herein:

  1.  Mary M. Collins, having been appointed Personal Representative of the Estate of James Daniel Collins, will be substituted for plaintiff James Daniel Collins, deceased.

  2.  Mary M. Collins, as Personal Representative of the Estate of James Daniel Collins, also moves for leave to bring a wrongful death claim on behalf of the heirs and estate of James Daniel Collins and to add to Count One (I) a wrongful death claim.

  The caption shall now read as follows:

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

MARY M. COLLINS, Individually and as Personal  :  C.A. No. 06C-02-281 ASB
Representative of the Heirs and Estate of JAMES  :
DANIEL COLLINS   :  SECOND AMENDED COMPLAINT UNDERSCORED
  :  LANGUAGE REPRESENTS CHANGES MADE TO
  Plaintiffs,  :  THE FIRST AMENDED COMPLAINT
  :
  v.  :  NON-ARBITRATION
  :
METROPOLITAN LIFE INSURANCE COMPANY; :  ASBESTOS
  :
FOSTER WHEELER NORTH AMERICA  :  JURY TRIAL DEMANDED
CORPORATION (f/k/a FOSTER WHEELER  :
ENERGY CORPORATION);  :
  :
GEORGIA-PACIFIC CORPORATION (individually  :
and as successor to BESTWALL GYPSUM  :
COMPANY);  :
  :
KELLY-MOORE PAINT COMPANY, INC.;  :
  :
AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS  :
DIVISION);  :
  :
CERTAINTEED CORPORATION;  :
  :
OWENS-ILLINOIS, INC. (individually and as  :
successor-in-interest to OWENS-ILLINOIS GLASS  :
COMPANY and d/b/a O-I);  :

ZURN INDUSTRIES, INC. (a/k/a and successor-by-
merger to ERIE CITY IRON WORKS);

GARLOCK SEALING TECHNOLOGIES LLC
(individually and as a successor-in-interest to
GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-
interest to HAVEG INDUSTRIES, INC. successor-by-
merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION
(individually, and as successor-in-interest to
AMERICAN SUPER TEMPERATURE WIRE, and
successor-in-interest to HAVEG INDUSTRIES, INC.
successor-by-merger to HAVEG CORPORATION);

HERCULES INC. (individually, and as successor-in-
interest to HAVEG INDUSTRIES, INC. successor-be-
merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG
POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY
STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC.
(individually and as successor-in-interest to MUNDET
CORK COMPANY);

3M COMPANY (individually and f/k/a MINNESOTA,
MINING, AND MANUFACTURING COMPANY,
a/k/a "3M");

T.H. AGRICULTURE & NUTRITION, LLC
(individually and f/k/a T.H. AGRICULTURE &
NUTRITION COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP.
(individually and as successor-in-interest to T H
AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually,
and as successor-in-interest to KAISER GYPSUM
COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a
KAISER CEMENT CORPORATION, individually and
as successor-in-interest to KAISER GYPSUM
COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest
to BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as
successor-in-interest to RPM, INC., and BONDEX
INTERNATIONAL, INC.);                                            :

VIACOM, INC. (individually and as successor-by-               :
merger to CBS CORPORATION, successor-by-merger
to WESTINGHOUSE ELECTRIC CORPORATION);                          :

THE GOODYEAR TIRE & RUBBER COMPANY;                           :

BORGWARNER MORSE TEC, INC., (individually                     :
and successor in interest to BORG-WARNER
CORPORATION);                                                   :

BORGWARNER, INC.,(individually and successor in              :
interest to BORG-WARNER CORPORATION);                          :

HONEYWELL INTERNATIONAL, INC.                                 :
(individually and as successor-in-interest to ALLIED-
SIGNAL, INC. and THE BENDIX CORPORATION);                      :

DAIMLERCHRYSLER CORPORATION (f/k/a                            :
CHRYSLER CORPORATION);                                          :

GENERAL MOTORS CORPORATION;                                   :
FORD MOTOR COMPANY;                                             :

PNEUMO ABEX, LLC (individually and as successor-             :
by-merger to PNEUMO ABEX CORPORATION,
successor-in-interest to ABEX CORPORATION f/k/a               :
AMERICAN BRAKE SHOE COMPANY, f/k/a
AMERICAN BRAKE SHOE and FOUNDRY                               :
COMPANY including the AMERICAN BRAKEBLOK
DIVISION, successor-by-merger to the AMERICAN                 :
BRAKE SHOE and FOUNDRY COMPANY and THE
AMERICAN BRAKEBLOK CORPORATION, f/k/a                         :
THE AMERICAN BRAKE MATERIALS
CORPORATION);                                                   :

MAREMONT CORPORATION (a subsidiary of                        :
ARVIN INDUSTRIES, INC., individually and as
successor-in-interest to GRIZZLY                               :
MANUFACTURING CO.);                                            :

HENNESSY INDUSTRIES, INC., (individually and as             :
successor by merger to AMMCO TOOLS, INC. and
AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);                         :

A.W. CHESTERTON, INC.;                                        :

DURABLA MANUFACTURING COMPANY, INC.;                         :

VOLKSWAGEN OF AMERICA, INC.;                                  :

     Defendants.                          :

                                            :

                                            :

    The following paragraphs will be added and incorporated into Count One (I) of the complaint: On 9/25/2006, as a direct and proximate result of his asbestos-related diseases and problems, James Daniel Collins died.

    As a result of Defendant(s) wrongful conduct which caused Plaintiff(s') decedent, James Daniel Collins's asbestos-related diseases and health problems, Plaintiff(s') decedent, James Daniel Collins, Deceased; and Mary M. Collins, Christopher Scott Collins, and Cynthia Rae Martin suffer extensive mental anguish, pain and suffering, medical

bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law.  In addition, Plaintiff Mary M. Collins has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

Plaintiff(s) are seeking to recover any and all damages which are recoverable under applicable law for survival and wrongful death claims.

Mary M. Collins is the Personal Representative of the Estate of James Daniel Collins, deceased, and as such is pursuing the estate claims for the injuries James Daniel Collins suffered during his life.

Plaintiff(s) respectfully requests that an Order be entered allowing the amendment as set forth above.


Respectfully submitted,
**WEISS & SAVILLE, P.A.**

By:    /s/ Yvonne Takvorian Saville
Yvonne Takvorian Saville, #3430
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE  19899
Telephone:    (302) 656-0400
Facsimile:    (302) 656-5011
Attorney for Plaintiff


Date: January 24, 2007

EFiled: Jan 24 2007 10:33 M EST
Transaction ID 13582214
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| COTE TRIAL GROUP | : | |
| | : | |
| William Cote | : | C.A. No. 05C-09-268 |
| John Sheldon | : | C.A. No. 05C-08-206 |
| Moscoe King | : | C.A. No. 05C-11-125 |
| Charles Lentile | : | C.A. No. 05C-11-256 |
| James Collins | : | C.A. No. 06C-02-281 |
| William Kountz | : | C.A. No. 06C-02-223 |
| Marlon Owens | : | C.A. No. 06C-02-241 |
| Roland Grenier | : | C.A. No. 05C-11-257 |
| Lyle Foltz | : | C.A. No. 05C-10-325 |
| Hugo Engel | : | C.A. No. 05C-09-083 |
| Virgil Brauer | : | C.A. No. 05C-08-049 |
| Oliver Sandahl | : | C.A. No. 05C-11-057 |
| Arnold Eudy | : | C.A. No. 05C-10-323 |
| William Modelewski | : | C.A. No. 05C-09-192 |
| Kenneth Beard | : | C.A. No. 05C-11-158 |
| John Bassett | : | C.A. No. 05C-07-122 |
| Rollin Overstreet | : | C.A. No. 05C-09-137 |
| Eustachico Lupone | : | C.A. No. 05C-11-063 |
| George Thomas | : | C.A. No. 05C-11-106 |
| Barry Smith | : | C.A. No. 06C-02-265 |

## PLAINTIFFS' MOTION TO ADOPT PROPOSED JURY QUESTIONNAIRE

TO THE HONORABLE COURT:

COME NOW Plaintiffs in the above-captioned cause of action and move this Court to adopt Plaintiffs' Proposed Jury Questionnaire attached hereto as Exhibit "A", and to direct prospective jurors to complete the questionnaire. Plaintiffs support their motion as follows:

1.    The questionnaire has been used on previous occasions in asbestos cases.

2.      The questionnaire will assist both counsel and the Court with *voir dire* examination.  Exhibit "A" has proven to facilitate jury selection and provide both sides with valuable juror information in an efficient, expedited manner.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully ask this Court to adopt Plaintiffs' Proposed Jury Questionnaire and direct prospective jurors to complete it for the trial of this case.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:      /s/ Yvonne Takvorian Saville
Yvonne Takvorian Saville, #3430

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605

Date:   January 24, 2007

Juror Name: _____

EFiled:  Jan 24 2007 10:33AM EST
Transaction ID 13582214
Case No. Multi-case

| 1. Name:<br><br>Age:<br><br>Where do you live? | 2. Highest grade you completed in school:<br><br>If college, please list any degrees received: | 3. If you or a loved one were harmed by someone's negligence would you file a lawsuit?<br><br>☐YES          ☐NO |
| --- | --- | --- |
| 4. Your current employer (if not working, what & where was your last job):<br><br>What is your job title/duties:<br><br>Type of business: | 5. Marital Status:<br><br>Spouse's/significant other's occupation:<br><br>His/her education background:<br><br>His/her job duties: | 6. Number of children and stepchildren and ages:<br><br>Children's occupations:<br><br>Parent's occupations (or previous occupations): |
| 7. Are you a:<br><br>☐ Democrat<br>☐ Republican<br>☐ Independent<br>☐ Other | 8. Which group do you identify with most?<br><br>☐ Executives<br>☐ Managers<br>☐ Workers | 9. There should be laws making it more difficult to file a personal lawsuit.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree |
| 10. Have you or a family member ever been a Plaintiff or Defendant in a lawsuit (Plaintiff = person suing Defendant = person being sued)?<br><br>☐YES          ☐NO<br><br>If YES, what type of case?<br><br>Have you ever hired an attorney?<br><br>If Yes, why? | 11. Ever served on a jury?<br><br>☐YES          ☐NO<br><br>If YES, what was the case?<br><br>☐Civil          ☐Criminal<br><br>What was the verdict?<br><br>Were you the foreperson? | 12. Have you, your spouse or a close family member ever owned a business?<br><br>☐YES          ☐NO<br><br>If YES, who and what kind of business?<br><br>Was that business ever sued? |
| 13. Have you, any family members or friends ever worked in the insurance field or for a company that does claims handling?<br><br>☐YES          ☐NO<br><br>If YES, who, for what company (ies) and what was this person's job? | 14. What is your religion:<br><br>Are you a member of any organizations (including religious)?<br><br>☐YES          ☐NO<br><br>If YES, what organizations? | 15. Have you or any family member ever worked in the medical or legal field?<br>☐YES          ☐NO<br><br>If YES, please explain:<br><br>Have you or a family member ever belonged to a Union?<br><br>☐YES          ☐NO |

1

| 16. Corporations are taken advantage of in our judicial system.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree | 17. Companies routinely compromise safety in order to increase profits.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree | 18. There are too many restrictions and regulations placed on companies today.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree |
|---|---|---|
| 19. Monetary awards against large businesses are necessary to bring improvements in the way business is conducted.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree | 20. Too many baseless lawsuits are seriously hampering business and the economy.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree | 21. It is wrong to hold a Company responsible today for exposure at work to chemicals which caused an employee to become seriously ill 20 to 50 years later.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree |
| 22. Workers have a certain amount of responsibility to make sure their place of work is safe.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree | 23. If someone works where there may be hazards, they bear at least some of the responsibility if they are harmed on the job.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree | 24. People are too quick to blame a company if they develop a work related illness, whether or not the Company was at fault.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree |
| 25. Are you, any family member or friend a member of CALA (Citizens Against Lawsuit Abuse) or any other group or organizations favoring tort reform?<br><br>☐ YES        ☐ NO<br><br>If YES, who and what group or organization and why did you or this person join? | 26. Which best describes your views regarding limiting damages (the amount of money a person can receive) in civil lawsuits:<br><br>☐ Strongly favor<br>☐ Favor<br>☐ Oppose<br>☐ Strongly oppose | 30. "Loss of Consortium" refers to the loss of such things as emotional support, companionship, service, or affection. What is your opinion about awarding money for loss of consortium to a spouse or to adult children? |
| 28. In general, what are your feelings about lawsuits asking for money? | 29. Do you believe in awarding money for mental anguish?<br><br>☐ YES        ☐ NO<br><br>Please explain: | 30. What are your feelings about punitive damages (money awarded to punish individuals or companies)? |
| 31. Are there any comments you wish to make or anything you think is important for us to know about you? | 32. The Plaintiff in this case is from out of state, not from Delaware. What are your thoughts/feelings about that? | 33. This trial could last 2-3 weeks. Is there any reason you could not serve? |

2

**EFiled: Jan 23 2007 2:57**~~PM~~**EST**
**Transaction ID 13557860**
**Case No. Multi-case**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE ASBESTOS LITIGATION | : | |
| COTE TRIAL GROUP | : | |
| Limited to: | : | |
| | : | |
| James Daniel Collins | : | C.A. No.: 06C-02-281 ASB |
| Marlon Clarence Owens | : | C.A. No.: 06C-02-241 ASB |
| Roland Leo Grenier | : | C.A. No.: 05C-11-257 ASB |
| Oliver Edward Sandahl | : | C.A. No.: 05C-11-057 ASB |
| Charles Christopher Lentile | : | C.A. No.: 05C-11-256 ASB |
| Rollin James Overstreet | : | C.A. No.: 05C-09-037 ASB |

**PLAINTIFFS' RESPONSE TO
GENERAL MOTORS CORPORATION'S MOTION TO STRIKE PLAINTIFFS'
NOTICE OF ADOPTION OF PLAINTIFFS' RESPONSE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs herein file this Response to General Motors Corporation's ("GMC") Motion to Strike, and in support thereof would respectfully show this Court the following:

1.      On January 16, 2007, GMC filed their Motion to Strike requesting that Plaintiffs' Notice of Adoption of a prior opposition to GMC's single fiber motion *in limine* be considered an invalid response and thus stricken from the record. Defendant claims that Plaintiffs' adopted response is unresponsive because the adopted response references Plaintiffs whose method, manner and circumstances of exposure are separate and distinct, and the notice of adoption sets forth no legal or factual basis in opposition to GMC's Motion. (*See* Defendant's Motion at ¶2 and ¶5). Defendants further claim that Plaintiffs' motion obstructs the clarity, efficiency, and judicial economy that is the underlying purpose of Standing Order No. 1. (*See* Defendant's Motion at ¶6).

2.      Plaintiffs contest this motion for the following reasons: 1) There is no substantive difference between GMC's ,motion *in limine* Concerning Evidence that a Single Fiber Can Cause Mesothelioma filed in reference to the GMC Plaintiffs on the February 2007 docket ("February 07 Plantiffs") than GMC's prior motion *in limine* on the same topic filed in reference to GMC Plaintiffs on the August 2006 docket ("August 06 Plaintiffs"), from which Plaintiffs adopted the response; 2) The method, manner, and circumstances concerning each Plaintiffs exposure is not a part of either motion in limine filed by GMC, nor is it referenced in Plaintiffs' response; 3) The adopted response sets forth all legal and factual arguments in response to GMC's Motion in Limine; and 4) Use of a prior response does not prevent clarity, efficiency, and judicial economy, but, in fact, promotes it.

3.      GMC's motion *in limine* regarding evidence and testimony that would show a single fiber causes

**PLAINTIFF'S RESPONSE TO GENERAL MOTORS CORPORATION'S MOTION TO STRIKE PLAINTIFFS'
NOTICE OF ADOPTION OF PLAINTIFFS' RESPONSE - Page 1**

mesothelioma filed on June 15, 2006 for the August 06 Plaintiffs is substantively, and almost completely, identical to GMC's motion *in limine* regarding the same evidence filed for the February 07 Plaintiffs on January 5, 2007 (attached hereto as Exhibits A and B, respectively). Indeed, of the five paragraphs that make up GMC's motion *in limine*, paragraphs 1, 4, and 5 are identical. The only added information in the recent motion *in limine* are references to specific experts, i.e. Dr. Lemen, Dr. Dikman and Dr. Frank, in paragraphs 2 and 3, rather than references to a "series of experts" as stated in GMC's former motion *in limine*. Merely adding the names of specific experts, which consequently are the same experts used for the August 06 Plaintiffs, does not change the scope or substance of GMC's argument. As such, it was unnecessary for Plaintiffs to re-construct a response to the exact same argument presented in an earlier docket.

4.     A review of both GMC motion *in limine* filings also exposes the fact that there is absolutely no reference in either motion to the methods, manners or circumstances surrounding the exposure of Plaintiffs to Defendant's asbestos-containing products. This motion *in limine* clearly concerns specific expert testimony about a "single fiber" of asbestos causing mesothelioma. Consequently, GMC has no basis to argue that the differing "methods, manner, and circumstances" of Plaintiffs' exposures to their asbestos-containing products is a reason that Plaintiffs' adoption of the prior motion *in limine* response is unfairly prejudicial.

5.     GMC's motion also incorrectly asserts that Plaintiffs response sets forth no legal or factual basis in opposition to GMC's motion *in limine*. However, Plaintiff's Notice of Adoption not only adopts, but incorporates by reference, the prior response thus setting forth all factual and legal argument therein. (*See* Notice of Adoption attached as Exhibit C).

6.     Finally, with regard to GMC's most ineffective and patently false assertion, Plaintiffs' adoption of a

prior response in no way violates the tenants of clarity, efficiency, and judicial economy. As noted above, Plaintiffs have adopted a prior response to an almost identical motion. As such, reading the prior response in opposition to what is essentially the same motion for which the response was originally drafted cannot and will not create confusion in the minds of the parties nor the Court. Such an assertion underestimates the ability of the Court and the parties to review and understand a previously filed document. There is continual adoption of prior filings throughout Delaware asbestos litigation. In fact, in the case of the aforementioned Plaintiff Roland Grenier, GMC filed a notice of adoption of prior discovery responses from not only the Master Asbestos File, but also the 2001case of Carl Roca, C.A. No. 01C-10-063. (*See* Exhibit D, attached hereto). This adoption requires Plaintiffs to review and accept responses to Master Interrogatories filed in the Master Asbestos file four months prior to Defendants' adoption that generically claim that GMC "has not been provided with complete information regarding Plaintiffs' allegations." (See Exhibit E, Interrogatory #46, attached hereto). It further requires Plaintiffs to review and accept discovery responses to 18 interrogatories and requests for production that are not in the form of the Master Interrogatories provided and sanctioned by Standing Order No. 1  The interrogatory responses from the 2001 case of Carl Roca obviously refer to a different Plaintiff and also concern a different exposure as the responses reference a General

Motors Assembly Plant in New Castle County, far from the Rhode Island GM and Oldsmobile dealerships where Mr. Grenier was exposed. (*See* Exhibit F, attached hereto). This, of course, lends itself to greater confusion and requires far more legal acumen to review than an adopted response to a substantially identical motion that contains no plaintiff-specific information. Nonetheless, these adoptions continually occur, and are utilized by Defendants, specifically GMC, without concern for clarity.

7.    It is apparent that both Plaintiffs and Defendants alike use the method of adoption to achieve greater efficiency, not to impede it. In the instant case, rather than filing a replica of a prior motion, Plaintiffs chose merely to file an adoption of the prior response providing all necessary information to locate the prior filing. The Court's utilization of Lexis Nexis e-filing, complete with filing identification numbers, serves to create an easy and *efficient* way to locate and obtain previously filed documents.

8.    Finally, it is only the instant motion that serves to violate the tenant of judicial economy. Defendants have required both Plaintiffs and this Court to enter into peripheral motion practice regarding an adoption of a prior response. As indicated above, the motions *in limine* filed by GMC are almost identical. Nonetheless, they've file the instant motion and set a hearing to contest the adoption of a response to an identical motion. Moreover, it should be noted that in Plaintiffs' adopted response, GMC's motion *in limine* that is the subject of the instant motion is rendered moot as Plaintiffs' clearly state that they do not intend to present expert testimony regarding exposure to a "single fiber." (*See* Plaintiffs' Consolidated Response to Motions in Limine to Preclude Evidence that a Single Fiber of Asbestos Can Cause Mesothelioma at page 1, attached hereto as Exhibit G.)

9.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask this Court to deny Defendant General Motors Corporation's Motion to Strike Plaintiffs' Notice of Adoption of Plaintiffs' Response, and for such other and further relief , at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax: 302/656-5011

By:    /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430
~ *and* ~

**BARON & BUDD, P.C.**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
Phone: 214/521-3605
Fax: 214/520-1181

PLAINTIFF'S RESPONSE TO GENERAL MOTORS CORPORATION'S MOTION TO STRIKE PLAINTIFFS'
NOTICE OF ADOPTION OF PLAINTIFFS' RESPONSE - Page 3

Date: <u>January 23, 2007</u>

EFiled: Jan 23 2007 2:57PM EST
Transaction ID 13557860
Case No. Multi-case

# Exhibit A

EFiled: Jun 15 2006 5:44
Transaction ID 11546947

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | ) | |
| | ) | |
| BILLY L. FAKE | ) | C.A. NO. 05C-07-135 ASB |
| | ) | |
| JOHN EDGAR PARRIS | ) | C.A. NO. 05C-09-065 ASB |
| | ) | |

### DEFENDANT, GENERAL MOTORS CORPORATION'S, MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EVIDENCE THAT A SINGLE FIBER OF ASBESTOS OR ANY LEVEL OF EXPOSURE AT OR BELOW BACKGROUND CAN CAUSE MESOTHELIOMA

1.      Defendant, General Motors Corporation ("General Motors"), moves this Court *in limine* to preclude any purported expert testimony or other evidence claiming that a "single fiber" of asbestos or any level of asbestos at or below background can cause or increase the risk of mesothelioma. Such evidence should be excluded because: (1) Plaintiffs will not present evidence that a specific fiber from products to which any Plaintiff was exposed to caused or contributed to the Plaintiffs' alleged development of mesothelioma; (2) such evidence is speculative and lacks any scientific or factual basis; (3) the introduction of such evidence asks the jury to speculate, in the absence of any evidence, that a single fiber of asbestos or any level of exposure at or below background might have cause Plaintiffs' mesothelioma; and (4) the potential prejudice from such evidence far outweighs any possible probative value.

2.      Plaintiffs, as part of their attempt to establish causation of mesothelioma for each Plaintiff in these cases, propose to offer a series of experts who propose to testify in various forms that exposure to any level of asbestos, including single fiber, was a specific cause of the Plaintiffs' mesothelioma.

3.    Plaintiffs' experts will generally testify that any exposure to asbestos fiber is unsafe and each exposure is medically significant; and there are no safe levels of exposure. Plaintiffs' experts have made no attempt to quantify Plaintiffs' alleged exposure to General Motors friction products, or any Defendant's products.

4.    This Court, in fact, has already rejected this position in prior litigation. In *In re: Asbestos Litigation, Pate Trial Group,* the Court found that Plaintiffs could not "establish reliability by a preponderance of the evidence that a single fiber of asbestos can cause disease and that there is no threshold of exposure that is necessary." (May 9, 2006 Transcript, pp. 178-180) (Exhibit A). Plaintiffs have not come forward with any evidence to contradict this holding and should not be permitted to attribute any exposure, no matter how slight, as a cause of Plaintiffs' mesothelioma.

5.    Accordingly, this Motion requests that the Court preclude from trial the opinion of Plaintiffs' experts that each and every exposure, even at background or below, caused Plaintiffs' mesothelioma because the specific causation opinions of the referenced experts do not satisfy the scientific reliability standard required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and adopted by the Delaware Supreme Court in *M.G. Bancorporation, Inc. v. Le Beau,* 737 A.2d 513 (Del 1999).

|  |  |
|---|---|
| | **WHITE AND WILLIAMS LLP** |
| Dated: June 15, 2006 | By: _Chris Singewald_ |
| | CHRISTIAN J. SINGEWALD (#3532) |
| | 824 N. Market Street, Suite 902 |
| | P.O. Box 709 |
| | Wilmington, Delaware 19899-0709 |
| | (302) 654-0424 |
| | Attorneys for Defendant, |
| | General Motors Corporation |

-2-

EFiled: Jun 15 2006 5:44PM EDT
Transaction ID 11546947

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE:  ASBESTOS LITIGATION | ) | |
| | ) | |
| BILLY L. FAKE | ) | C.A. NO. 05C-07-135 ASB |
| | ) | |
| JOHN EDGAR PARRIS | ) | C.A. NO. 05C-09-065 ASB |
| | ) | |

NOTICE OF MOTION

PLEASE TAKE NOTICE that the undersigned attorney will present the attached

Defendant, General Motors Corporation's, Motion in Limine to Preclude Testimony and

Evidence That a Single Fiber of Asbestos or Any Level of Exposure At or Below Background

Can Cause Mesothelioma to this Honorable Court at the convenience of the Court.

WHITE AND WILLIAMS LLP

By: _____

CHRISTIAN J. SINGEWALD (#3532)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware  19899-0709
(302) 654-0424
Attorneys for Defendant,
General Motors Corporation

Dated:  June 15, 2006

DOCS_DE 127335v.1

EFiled: Jun 15 2006 5:44
Transaction ID 11546947

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE:  ASBESTOS LITIGATION | ) | |
| | ) | |
| BILLY L. FAKE | ) | C.A. NO. 05C-07-135 ASB |
| | ) | |
| JOHN EDGAR PARRIS | ) | C.A. NO. 05C-09-065 ASB |
| | ) | |

## ORDER

**AND NOW,** upon consideration of Defendant, General Motors Corporation's, Motion *In Limine* To Preclude Testimony and Evidence That a Single Fiber of Asbestos or Any Level of Exposure At or Below Background Can Cause Mesothelioma, and all responses thereto,

**IT IS HEREBY ORDERED** this _____ day of _____, 2006, that the aforesaid Motion is **GRANTED.**

_____
Judge

Dated: _____

EFiled:  Jan  5 2007  9:15A
Transaction ID 13355968



# Exhibit A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION ) | |
| ) | |
| DATE TRIAL GROUP        ) | |
| ) | |
| ) | |
| ROBERT ROZENBOOM,        ) | C.A. No. 05C-05-270 |
| GEORGE JURGENS,        ) | C.A. No. 05C-05-273 |
| MARK SMITH,        ) | C.A. No. 05C-05-302 |
| LYLE WOOLSTON        ) | C.A. No. 05C-06-176 |

BEFORE:   THE HONORABLE JOSEPH R. SLIGHTS, III

APPEARANCES:

        IAN CONNOR BIFFERATO, ESQ.
        GARVAN F. McDANIEL, ESQ.
        BIFFERATO, GENTILOTTI BIDEN & BALICK, L.L.C.
          Attorneys for Plaintiffs

        WILLIAM A. KOHLBURN, ESQ.
        THEODORE GIANARIS, ESQ.
        BART FRENCH, ESQ.
        SHANE F. HAMPTON, ESQ.
        M. CODY FAVILLA, ESQ.
        SIMMONS-COOPER LLC
          Attorneys for Plaintiffs

                    Appearances cont'd...

- - - - -
MAY 9, 2006
PRETRIAL CONFERENCE/MOTIONS IN LIMINE
- - - - -

THOMAS E. MAURER, RPR
SUPERIOR COURT OFFICIAL REPORTER
NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 2609
WILMINGTON, DELAWARE  19801-3725
(302) 255-0566

176

1   and it's also in rulings that we had cited to the

2   Court.

3              MR. KOHLBURN:  And the only thing I would

4   add is that what we anticipate from our experts is

5   consistent with what I've said that they would say,

6   that theoretically one fiber could cause the disease

7   at the cellular level.  And we would, you know, they

8   would, the experts who testified on this that this is

9   what happens at the cellular level, one fiber does

10  disrupt a cell and the tumor grows from that.  We do

11  not anticipate that there are going to say that

12  that's what happened in any one of these particular

13  cases, or that we are going to make the argument or

14  take the position that, you know, one particular

15  fiber caused anyone's disease.

16             THE COURT:  All right.  I will admit that

17  the record before me in this case is limited in the

18  context of this particular motion.  But because I

19  don't want to develop a record with a lengthy

20  proceeding that at best it's going to show me that

21  the state of the record in this case is as it is in

22  all cases, because that's what I assume will occur.

23             I am not yet convinced that the plaintiffs

179

1    can establish reliability by a preponderance of the

2    evidence for the theory that a single fiber of

3    asbestos can cause disease and that there is no

4    threshold of exposure that is necessary.  And in the

5    absence of that foundation, I'm going to grant the

6    motion now on the single issue of whether a

7    plaintiff's expert can say to the jury that a single

8    fiber of asbestos can cause, in this instance can

9    cause mesothelioma.  That in no way forecloses a

10   cumulative exposure theory that indicates that every

11   exposure to asbestos must be considered in

12   determining whether or not exposure has caused the

13   disease.

14           And so my sense is that this ruling is

15   probably at the end of the day in these cases not

16   going to substantially affect the presentation,

17   because I suspect that that's really what these

18   experts, the essence of what they're going to say.

19   And that the single fiber theory in this case at

20   least would have been used simply to illustrate that

21   point perhaps more graphically or vividly than it

22   might be illustrated without making that point.  But

23   that the point of cumulative exposure can still be

1   made in a sufficiently effective way to allow the

2   plaintiffs to make their case on causation.

3          I just don't have -- everything that I know

4   now in the information that I have does not allow me

5   to make the conclusion even by a preponderance of the

6   evidence yet that that is a reliable testimony.

7          MR. KOHLBURN:  And just to make sure we're

8   clear on the scope of the ruling, we're still okay

9   with the biomedical explanation of one cell starts

10  the tumor growing as background for the jury on the

11  disease?

12         THE COURT:  Yeah.  I didn't see that as

13  being encompassed within the motion that's been

14  filed; is that correct?

15         MR. PRICE:  I'll let Mr. Ostertag respond to

16  that one, since he's approaching.

17         MR. OSTERTAG:  That wasn't the subject of

18  the motions.

19         THE COURT:  All right.  Fair enough.  Thank

20  you.

21         Okay.  The next one is late disclosed expert

22  witness Fred Nelson, is that still at issue, the

23  motion to preclude Fred Nelson?

EFiled:  Jan 23 2007  2:57PM EST
Transaction ID 13557860
Case No. Multi-case

# Exhibit B

EFiled: Jan 5 2007 9:15A
Transaction ID 13355968

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE ASBESTOS LITIGATION | ) | |
| | ) | |
| JAMES DANIEL COLLINS | ) | C.A. No.: 06C-02-281 ASB |
| MARLON CLARENCE OWENS | ) | C.A. No.: 06C-02-241 ASB |
| ROLAND LEO GRENIER | ) | C.A. No.: 05C-11-257 ASB |
| OLIVER EDWARD SANDAHL | ) | C.A. No.: 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | ) | C.A. No.: 05C-11-256 ASB |
| ROLLIN JAMES OVERSTREET | ) | C.A. No.: 05C-09-037 ASB |
| | ) | |

### DEFENDANT, GENERAL MOTORS CORPORATION'S, MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EVIDENCE THAT A SINGLE FIBER OF ASBESTOS OR ANY LEVEL OF EXPOSURE AT OR BELOW BACKGROUND CAN CAUSE MESOTHELIOMA

1.    Defendant, General Motors Corporation ("General Motors"), moves this Court *in limine* to preclude any purported expert testimony or other evidence claiming that a "single fiber" of asbestos or any level of asbestos at or below background can cause or increase the risk of mesothelioma. Such evidence should be excluded because: (1) Plaintiffs will not present evidence that a specific fiber from products to which any Plaintiff was exposed to caused or contributed to the Plaintiffs' alleged development of asbestosis; (2) such evidence is speculative and lacks any scientific or factual basis; (3) the introduction of such evidence asks the jury to speculate, in the absence of any evidence, that a single fiber of asbestos or any level of exposure at or below background might have caused Plaintiffs' mesothelioma; and (4) the potential prejudice from such evidence far outweighs any possible probative value.

2.    Plaintiffs, as part of their attempt to establish causation of mesothelioma for each Plaintiff in these cases, propose to offer a series of experts, including, but not limited to Dr. Frank, Dr. Lemen and Dr. Dikman, who propose to testify in various forms that exposure to any level of asbestos, including a single fiber, was a specific cause of the Plaintiffs' mesothelioma.

3.     For example, Dr. Lemen may testify that "any exposure to asbestos fiber is unsafe; each exposure is medically significant; and there are no safe levels of exposure." (Plaintiffs' Witness and Exhibit List filed April 3, 2003 (E-filing ID No. 10950729) at ¶1). This same listing states that Dr. Lemen "may testify that there is no known safe level of exposure to asbestos." *Id.* Likewise, in the same listing, it is noted that "Dr. Dikman may testify that all exposures are substantial contributing factors to an individual's disease." *Id.* In essence, these witnesses have made no attempt to quantify Plaintiffs' alleged exposure to General Motors friction products.

4.     This Court, in fact, has already rejected this position in prior litigation.  In *In re: Asbestos Litigation: Pate Trial Group*, the Court found that Plaintiffs could not "establish reliability by a preponderance of the evidence that a single fiber of asbestos can cause disease and that there is no threshold of exposure that is necessary." (May 9, 2006 Transcript, pp. 178-180) (Exhibit A).  Plaintiffs have not come forward with any evidence to contradict this holding and should not be permitted to attribute any exposure, no matter how slight, as a cause of Plaintiffs' mesothelioma.

5.     Accordingly, this Motion requests that the Court preclude from trial the opinion of Plaintiffs' experts that each and every exposure, even at background or below, caused Plaintiffs' mesothelioma because the specific causation opinions of the referenced experts do not satisfy the scientific reliability standard required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and adopted by the Delaware Supreme Court in *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513 (Del. 1999).

2

WHITE AND WILLIAMS

CHRISTIAN J. SINGEWALD (#3542)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 654-0424
Attorneys for Defendant,
General Motors Corporation

Date:  January 5, 2007

3

EFiled:  Jan 23 2007  2:57PM EST
Transaction ID 13557860
Case No. Multi-case

# Exhibit C

EFiled: Jan 10 2007 11:37
Transaction ID 13421114

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

<u>IN RE ASBESTOS LITIGATION</u>

<u>Cote Trial Group</u>

Limited to:

| | | |
|---|---|---|
| WILLIAM GILBERT COTE | : | C.A. No. 05C-09-268 ASB |
| VIRGIL LLOYD BRAUER | : | C.A. No. 05C-08-049 ASB |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| JOHN WALLACE SHELDON | : | C.A. No. 05C-08-206 ASB |
| HUGO GEORGE ENGEL | : | C.A. No. 05C-09-083 ASB |
| ARNOLD CHARLES EUDY | : | C.A. No. 05C-10-323 ASB |
| MOSCOE JACKSON KING, JR. | : | C.A. No. 05C-11-125 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| KENNETH RUDELL BEARD | : | C.A. No. 05C-11-158 ASB |
| LYLE DAVIS FOLTZ | : | C.A. No. 05C-10-325 ASB |
| EUSTACHICO LUPONE | : | C.A. No. 05C-11-063 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| WILLIAM JOSEPH KOUNTZ | : | C.A. No. 06C-02-223 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |

<u>**NOTICE OF ADOPTION OF PLAINTIFF'S RESPONSE**</u>

Plaintiffs hereby adopt and incorporate by reference PLAINTIFF'S CONSOLIDATED

RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE* CONCERNING EVIDENCE THAT A

SINGLE FIBER CAN CAUSE MESOTHELIOMA and any exhibits thereto at Filing ID

11606128 in response to Motions *in Limine* Concerning Evidence that a Single Fiber Can Cause

Mesothelioma filed by the following Defendants:

- Buffalo Pumps, Inc.

- DaimlerChrysler Corporation

- Maremont

- Garlock Sealing Technologies, LLC

- General Motors Corporation

- Georgia Pacific

- Sepco Corporation

- Weil-McLain

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax: 302/656-5011

By:   /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430

~ and ~

BARON & BUDD, P.C.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
Phone: 214/521-3605
Fax: 214/520-1181

*Attorneys for Plaintiffs*

Date: ___January 10, 2007___

EFiled: Jan 23 2007 2:57PM EST
Transaction ID 13557860
Case No. Multi-case

# Exhibit D

EFiled: Jul 5 2006 4:12P
Transaction ID 11705689

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION:                   :

ROLAND LEO GRENIER, SR.                        :          C. A. NO. 05C-11-257 ASB

                                               :

                                               :

### DEFENDANT, GENERAL MOTORS CORPORATION'S, NOTICE OF ADOPTION OF ITS ANSWERS TO STANDING ORDER NO. 1 INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

General Motors Corporation hereby adopts and incorporates by reference its answers to

Standing Order No. 1 Interrogatories and Requests for Production of Documents which were

filed in *Carl Roca*, C.A. No. 01C-10-063 on or about April 30, 2002 (EFile No. 1297235) and its

responses filed in the *Master Asbestos File*, C.A. No. 77C-ASB-2 on or about March 14, 2006

(E-File No. 10790693).

WHITE AND WILLIAMS LLP

CHRISTIAN J. SINGEWALD (#3542)
824 Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Attorney for Defendant,
General Motors Corporation

Dated:   July 5, 2006

DOCS_DE 128001v.1

EFiled:  Jan 23 2007  2:57 EST
Transaction ID 13557860
Case No. Multi-case

# Exhibit E

EFiled: Mar 14 2006 12:55 EST
Transaction ID 10790693

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | C.A. NO. 77C-ASB-2 |
|  | : |  |
|  | : | ASBESTOS |

## GENERAL MOTORS CORPORATION'S RESPONSES
## TO STANDING ORDER INTERROGATORIES AND REQUESTS FOR PRODUCTION

### PRELIMINARY STATEMENT

Defendant General Motors Corporation's ("GM") responses to plaintiffs' interrogatories have been prepared in accordance with the Delaware Superior Court Rules pursuant to a reasonable and duly diligent investigation of the facts relating to this litigation. Consequently, GM's answers to plaintiffs' interrogatories reflect all of the responsive information identified by GM up through and including the date of these responses, pursuant to a reasonable and duly diligent search conducted in connection with this discovery in those areas where such information is expected to be found. To the extent that the requests purport to require more, GM objects because (a) the requests seek to compel GM to conduct a search beyond the scope of permissible discovery contemplated by the applicable rules of evidence and procedure, and (b) compliance with the requests would impose an undue burden and expense on GM. The following answers are given without prejudice to GM's right to produce evidence of any subsequently discovered facts. GM also reserves the right to assert additional privileges if warranted by new documents or evidence discovered at a later date.

Furthermore, GM has furnished information that is now available, that may include hearsay and other forms of information that are neither reliable nor admissible in evidence. GM reserves (1) all objections relating to inadmissible evidence; (2) the right to introduce at trial

DOCS_DE 123134v.1

c.    As to any information received orally in answer to this interrogatory, identify each person who supplied such information and state the full substance of the information supplied.

## RESPONSE TO INTERROGATORY NO. 46:

GM does not know of any study that establishes that potential exposure to asbestos during brake or clutch repair operations constitutes a health hazard. To the contrary, there are many published articles that establish that mechanics who perform brake and clutch repair are not excessively exposed to asbestos and that they do not have any increased risk of disease. GM does not know of any credible evidence that plaintiff(s) were exposed to any asbestos from any of its products, or on any of its premises, or of any evidence that plaintiff(s) suffer from any asbestos-related disease as a result of any alleged exposure at either GM's premises or to the products GM manufactured or sold. GM has not been afforded adequate time to complete discovery on such issues and has not been provided with complete information regarding Plaintiffs' allegations. Therefore, GM cannot reasonably be expected to respond to this interrogatory at this time. GM's investigation of these issues is ongoing, and GM reserves the right to supplement this answer if additional information is located. To the extent this interrogatory asks for more information, GM objects because it is vague, overly broad, unduly burdensome and will not lead to the discovery of admissible evidence. GM also objects because this interrogatory may seek information protected by the attorney-client privilege or the work product doctrine.

86

GM does not know of any study that establishes that potential exposure to asbestos during brake or clutch repair operations constitutes a health hazard. To the contrary, there are many published articles that establish that mechanics who perform brake and clutch repair are not excessively exposed to asbestos and that they do not have any increased risk of disease. GM does not know of any credible evidence that plaintiff(s) were exposed to any asbestos from any of its products, or on any of its premises, or of any evidence that plaintiff(s) suffer from any asbestos-related disease as a result of any alleged exposure at either GM's premises or to the products GM manufactured or sold. GM has not been afforded adequate time to complete discovery on such issues and has not been provided with complete information regarding Plaintiffs' allegations. Therefore, GM cannot reasonably be expected to respond to this interrogatory at this time. GM's investigation of these issues is ongoing, and GM reserves the right to supplement this answer if additional information is located. To the extent this interrogatory asks for more information, GM objects because it is vague, overly broad, unduly burdensome and will not lead to the discovery of admissible evidence. GM also objects because this interrogatory may seek information protected by the attorney-client privilege or the work product doctrine.

**INTERROGATORY NO. 46:** Do you contend that plaintiffs voluntarily and unreasonably exposed themselves to the danger arising from their contact with asbestos which you mined or distributed or products containing asbestos which you manufactured or distributed? If so, as to each plaintiff:

    a.    State the factual basis for such contention;

    b.    Identify each document relied upon in support of such contention;

85

EFiled: Jan 23 2007 2:57PM EST
Transaction ID 13557860
Case No. Multi-case

# Exhibit F

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION )
)
)

)
Limited to: Carl Roca )    C.A. No.: 01C-10-063

DEFENDANT GENERAL MOTORS CORPORATION'S
SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO CERTAIN OF PLAINTIFF'S INTERROGATORIES

INTRODUCTION

Pursuant to the directive of the Court, Defendant General Motors Corporation

("General Motors" or "GM") supplements its responses to the plaintiffs' interrogatories in

the manner set forth below.

It is General Motors's understanding, based on Mr. Roca's depositions, that Mr.

Roca had two periods of alleged exposure to asbestos-containing products at the former

General Motors Assembly Plant on Boxwood Road in New Castle County, Delaware from

approximately February of 1967 to approximately March of 1967 (the "first job"), and

from approximately September, 1976 to approximately January, 1977 (the "second job").

At that time, Mr. Roca was a union employee of T. T. Weldin & Sons Company

("Weldin"), an independent contractor for the first job and Master Mechanical, an

independent contractor, for the second job. Based on Mr. Roca's testimony, Mr. Roca

was hired by Weldin or Master Mechanical from a union hall, paid by Weldin or Master

Mechanical, directed by supervisory staff and foremen hired and paid by Weldin or Master

Mechanical, had equipment, tools and materials supplied by Weldin or Master Mechanical,

and was never given direction by General Motors employees, except to stop a leak on one

occasion, which could have affected other areas of the facility. In addition, any asbestos-

containing products used on the job were alleged by Mr. Roca to have been supplied by

subcontractors of Weldin or Master Mechanical. Also, according to Mr. Roca, direction

of the means and manner of work by Mr. Roca on his job as a pipefitter was given by Weldin or Master Mechanical management and foremen, including Mr. Roca himself.

No exposure to any asbestos-containing product allegedly assembled, manufactured or marketed by General Motors has been alleged. Those products which were assembled, manufactured or marketed by General Motors were not asbestos-containing pipe insulation or the other types of insulation to which Mr. Roca claimed exposure. Rather, the asbestos-containing products assembled, manufactured or marketed by General Motors were automotive friction products, in which chrysotile fibers were encapsulated in a solid resin matrix. The types of exposure in both the assembly and manufacturing stages, and for those who install the friction products are not relevant or similar to any exposure alleged by Mr. Roca. Therefore, General Motors objects to all discovery by plaintiffs which pertains to any knowledge of General Motors which is not related to any asbestos-containing products of the type to which Mr. Roca alleged exposure at General Motors as being overly broad, unduly burdensome and not reasonably calculated to lead to the production of admissible evidence in this action.

General Motors also objects to the plaintiffs' discovery to the extent it seeks information about facilities other than the former General Motors Assembly Plant on Boxwood Road in New Castle County, Delaware, or for time periods other than the time of Mr. Roca's alleged periods of exposure or during the two time periods at issue in that it is overly broad, unduly burdensome and not reasonably calculated to lead to the production of admissible evidence in this action. Other facilities and other contracts do not relate to the set of circumstances related to Mr. Roca's alleged exposures at the Boxwood facility. Farrall v. A.C.& S. Co., Inc., Del. Super., C. A. No. 85C-02-10, Niedzielski, Master (January 5, 1989); Kotowski v. A.C.& S., Inc., Del. Super., C. A. No. 86C-06-50, Carr, Master (May 17, 1990).

The time of Mr. Roca's exposure is over 25 years ago. During the over 25 year period since Mr. Roca's alleged exposure, the General Motors Assembly Plant on Boxwood Road underwent a number of reconstructions and modifications. The plant has been transferred to Saturn Corporation, a non-party to this action. In addition, numerous employees who might be familiar with the information or documents requested are no longer available to assist General Motors due to death, changes in employment and other reasons. General Motors, therefore, objects on the additional grounds of overbreadth and undue burden in attempting to locate records and information pertaining to such work. Although GM has objected to the interrogatories as noted, GM has incorporated by reference its responses to the standard interrogatories, a copy of which was served on plaintiffs' counsel.

These supplemental responses are made pursuant to the directives of Commissioner White at the April 19, 2002 hearing in this matter. Without waiving its objections, General Motors responds as follows:

<u>GENERAL OBJECTIONS</u>

1.    General Motors objects to each and every interrogatory, request and instruction to the extent that it seeks information that is protected from discovery by the

attorney-client privilege, work-product doctrine, Rule 26(b)(3) of the Superior Court Civil Rules, or other privilege available under law. This objection is incorporated by reference into each response below.

2.     General Motors objects to each and every interrogatory, request and instruction to the extent that it seeks to impose obligations on General Motors that are different from or beyond those required by the Superior Court Civil Rules or applicable law. This objection is incorporated by reference into each response below.

3.     General Motors objects to each and every interrogatory, request and instruction to the extent that it is premature. Plaintiff has not yet adequately answered the standard interrogatories as they pertain to any premises defendant including General Motors. General Motors reserves the right to supplement its responses if and when full and complete responses are served.

General Motors, pursuant to Rules 33 and 34 of the Superior Court Civil Rules, will respond to plaintiffs' discovery in the manner set forth below. In preparing these responses, General Motors has made and will make a reasonable search of those places and made inquiries of those persons with knowledge concerning the subjects of plaintiffs' requests. Ballard v. Allegheny Airlines, Inc., 54 F.R.D. 67 (E.D. Pa. 1972); and Evans v. Local Union, 313 F. Supp. 1354 (N.D. Ga. 1969).

In addition, General Motors has not and will not perform independent research nor sought other information outside its custody or control in order to respond to plaintiffs' requests. General Motors objects to any request which calls for such research or information outside of General Motors's custody or control because such requests are outside of the scope of permissible discovery under Rule 26 of the Superior Court Civil Rules. LaChemise LaCoste v. Alligator Company, Inc., 60 F.R.D. 165, 171 (D. Del. 1973); United States v. Dempster Bros., Inc., 31 F.R.D. 207 (E.D. Ten. 1962); Konczakowski v. Paramount Pictures, Inc., 20 F.R.D. 588, 593 (S.D.N.Y. 1957).

SUPPLEMENTAL RESPONSES:

7.    State whether, prior to 1978, you maintained a medical department or industrial hygiene department; as to any such department you maintained, identify all witnesses with personal knowledge of the material facts responsive to this interrogatory, and identify its location or locations; the inclusive dates from 1935 through 1978 when it was maintained; the number of doctors in the medical department at each location, or the number of industrial hygienists at each location; each file you maintained prior to 1978, further identified by the department and location where you maintained it, which contained documents regarding or referring to exposure to asbestos; health effects from exposure to asbestos; your industrial hygiene practices or protocols regarding the prevention of exposure to asbestos; any medical standards or protocols established by your medical department regarding the treatment of individuals for symptoms related to exposure to asbestos; each document maintained in a manner other than in a file, including any published medical, industrial hygiene or other scientific article, which you maintained prior to 1978, further identified by the department and location where you maintained it, regarding or referring to exposure to asbestos; health effects from exposure to asbestos. your industrial hygiene practices or protocols regarding the prevention of exposure to asbestos; any medical standards or protocols established by your medical department regarding the treatment of individuals for symptoms related to exposure to asbestos.

SUPPLEMENTAL RESPONSE:    Based on information received to date, the personnel identified in General Motors' initial response to this interrogatory were at the corporate level. There were no industrial hygienists at the Boxwood plant on a full time basis between 1960 and 1978. The plant physicians for the period between 1960 and 1978 will be identified if information on their identity becomes available.

Based on information received to date, General Motors observed "practices," as General Motors understands that term, regarding exposure to asbestos or prevention of exposure to asbestos which complied with the asbestos regulations enacted by the United States Occupational Safety and Health Administration.

General Motors has not located any documents at the Boxwood plant which are responsive to this interrogatory. For periods prior to 1972, the "practices" of General Motors for the Boxwood plant were as described in the deposition of Dr. William Krebs.

11.    State whether, on any premises owned or possessed by you in the State of Delaware from 1935 through 1978, you instructed, directed or trained your employees or employees of independent contractors in the safe handling and use of asbestos-containing products and/or the avoidance of exposure to asbestos dust or fibers. If so, state when you did so, for whom you did so, at which premises you did so, and your employees responsible for doing so; identify all witnesses with personal knowledge of the material facts responsive to this interrogatory, and identify all documents with material information responsive to this interrogatory.

SUPPLEMENTAL RESPONSE:    Based on information received to date, for the

period from 1960 to 1978, for the Boxwood plant, General Motors did not instruct, direct

or train employees of independent contractors in the safe handling and use of asbestos-

containing products and/or the avoidance of exposure to asbestos dust or fibers. General

Motors has not located documents or received information or documents from the

Boxwood plant which refer or relate to such instruction, direction or training at the

Boxwood plant during the period. See Response 11.

12.     State whether, on any premises owned or possessed by you in the State of
Delaware from 1935 through 1978, you monitored or screened your employees or
employees of independent contractors for the presence or absence of asbestosis or other
lung disease, or for cancer. If so, state when you did so, for whom you did so, at which
premises you did so, and your employees responsible for doing so; identify all witnesses
with personal knowledge of the material facts responsive to this interrogatory, and identify
all documents with material information responsive to this interrogatory.

SUPPLEMENTAL RESPONSE:     Based on information received to date, General

Motors did not monitor or screen its employees or employees of independent contractors

at the Boxwood plant between 1960 and 1978 for the presence of any asbestos-related

health condition for the reasons set forth in the deposition of Dr. William Krebs.

13.     State whether, in the course of your business, you have performed or have had
performed for you, or there have been performed, any air monitoring or other sampling
studies of asbestos dust or fibers generated as the result of activities on your premises in
the State of Delaware or from any asbestos-containing product you manufactured or sold,
and, if so, as to each study, set forth who did the study, when it was done, and where it
was done; identify all witnesses with personal knowledge of the material facts responsive
to this interrogatory, and identify all documents with material information responsive to
this interrogatory, including the air monitoring or bulk sampling studies.

SUPPLEMENTAL RESPONSE:     Based on information received to date, General

Motors did not perform or have performed at the Boxwood plant between 1960 and 1978

any air monitoring or studies of asbestos dust or fibers for the reasons set forth in the

deposition of Dr. William Krebs.

14.     Set forth all information received at any time prior to 1978 by any of your
officers, any doctors in your medical department, any of your chemists or industrial
hygienists, or any of your employees or agents who were a liaison with, served on, or
attended meetings of any trade organization, medical organization, industrial hygiene
organization, safety organization, chemical organization, utilities organization,
manufacturing organization or refinery organization, concerning the capability of exposure
to asbestos to cause or contribute to the development of asbestosis, cancer, or other
diseases or illnesses; state all sources of such information, identify all witnesses with
personal knowledge of the material facts responsive to this interrogatory, and identify all

documents with material information, including any written sources of information requested above, that are responsive to this interrogatory.

SUPPLEMENTAL RESPONSE:    Based on information received to date, General

Motors has not identified any such information at the Boxwood Road plant for the period

between 1960 and 1978. Documents from that period have not been maintained in the

Medical or Safety Departments for the plant and it is not possible for General Motors to

. identify documents or their sources for that time period.

15.    State whether any person or entity gave you any warnings, notices, instructions, or other information concerning asbestos, potential health risks from exposure to asbestos, or ways to prevent exposure to asbestos, at any time from 1935 through 1978, and, as to each such warning, notice, instruction or item of information, set forth its substance, who received it, and how, when, where, and from whom you received it; identify all witnesses with personal knowledge of the material facts responsive to this interrogatory, and identify all documents with material information responsive to this interrogatory.

SUPPLEMENTAL RESPONSE:    Based on information received to date, no person

or entity outside General Motors gave General Motors Boxwood plant personnel

warnings, notices, instructions or other information concerning asbestos, potential health

risks from exposure to asbestos or ways to prevent such exposure between 1960 and

1978, in part, for the reasons set forth in the deposition of William Krebs. In addition,

personnel at the Boxwood plant do not recall insulation contractors supplying such

information concerning asbestos during the period from 1960 through 1978.

16.    State whether, prior to 1978, anyone filed a workers' compensation claim in the State of Delaware against you based upon the development of asbestosis, cancer, or any other medical condition alleged to be caused by exposure to asbestos, and, if so, as to each such claim, state who filed the claim, the asbestos-related condition upon which the claim was based, when it was filed, where it was filed, the claim number, and the claim's disposition; identify all documents in your possession with material information responsive to this interrogatory.

SUPPLEMENTAL RESPONSE:    Based on information received to date, there were

no such claims from employees at the Boxwood plant between 1960 and 1978.

18.    State whether, prior to 1978, anyone filed a civil action against you in the State of Delaware based upon the development of asbestosis, cancer, or any other medical condition alleged to be caused by exposure to asbestos, and, if so, as to each such civil action, state who filed the civil action, the asbestos-related condition upon which the civil action was based, when it was filed, where it was filed, the civil action number, and the civil action's disposition; identify all documents in your possession with material information responsive to this interrogatory.

<u>SUPPLEMENTAL RESPONSE</u>:    Based on information received to date, there were
no such civil actions which related to alleged exposure to asbestos-containing products at
the Boxwood plant between 1960 and 1978.

POTTER ANDERSON & CORROON LLP

By:    <u>/s/ Somers S. Price, Jr.</u>
        Somers S. Price, Jr.
        1313 North Market Street
        Hercules Plaza, 6th Floor
        P. O. Box 951
        Wilmington, DE  19899-0951
        (302) 984-6000

        Attorneys for Defendant
        General Motors Corporation

PA&C – 520404

EFiled: Jan 23 2007 2:57PM EST
Transaction ID 13557860
Case No. Multi-case

# Exhibit G

EFiled: Jun 22 2006 2:58 EDT
Transaction ID 11606128

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION                    :
                                             :
BILLY FAKE                                   :        C.A. No. 05C-07-135 ASB
                                             :
JOHN PARRIS                                  :        C.A. No. 05C-09-065 ASB
                                             :

---

### PLAINTIFFS' CONSOLIDATED RESPONSE TO MOTIONS IN LIMINE TO PRECLUDE
### EVIDENCE THAT A SINGLE FIBER OF ASBESTOS CAN CAUSE MESOTHELIOMA

1.      Defendants General Motors Corporation, DaimlerChrysler Corporation, D.B. Riley, Inc., and

Pneumo Abex, LLC have moved in limine to exclude evidence that a "single fiber" of asbestos can

cause mesothelioma. The motion is largely moot, because the Plaintiffs do not intend to offer expert

testimony regarding exposure to a "single fiber." The Defendants' products actually release millions

of asbestos fibers during normal use. *See, e.g.*, Environmental Protection Agency, *Guidance for

Preventing Asbestos Disease Among Auto Mechanics* (June 1986), excerpt attached as Exhibit A,

at 1 ("Millions of asbestos fibers can be released during brake and clutch servicing.").

2.      With respect to the broader issue of low-level exposures, the Plaintiffs' causation evidence

is scientifically reliable and admissible. The Plaintiffs will offer reliable expert testimony that their

occupational asbestos exposures caused or contributed to the development of their asbestos-related

cancer. This testimony is based on a widespread scientific consensus that "[a]n occupational history

of brief or low-level exposure [to asbestos] should be considered sufficient for mesothelioma to be

designated as occupationally related." Consensus Report, *Asbestos, Asbestosis, and Cancer: The

Helsinki Criteria for Diagnosis and Attribution*, SCAND. J. WORK ENVTL. HEALTH 23:311-316

(1997), attached as Exhibit B, at 313; *see also* Environmental Protection Agency, *supra*, at 2

**EFiled: Jan 17 2007 9:36PM EST**
**Transaction ID 13493922**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| COTE TRIAL GROUP | : | |
| | : | |
| William Cote | : | C.A. No. 05C-09-268 |
| John Sheldon | : | C.A. No. 05C-08-206 |
| Moscoe King | : | C.A. No. 05C-11-125 |
| Charles Lentile | : | C.A. No. 05C-11-256 |
| James Collins | : | C.A. No. 06C-02-281 |
| William Kountz | : | C.A. No. 06C-02-223 |
| Marlon Owens | : | C.A. No. 06C-02-241 |
| Roland Grenier | : | C.A. No. 05C-11-257 |
| Lyle Foltz | : | C.A. No. 05C-10-325 |
| Hugo Engel | : | C.A. No. 05C-09-083 |
| Virgil Brauer | : | C.A. No. 05C-08-049 |
| Oliver Sandahl | : | C.A. No. 05C-11-057 |
| Arnold Eudy | : | C.A. No. 05C-10-323 |
| William Modelewski | : | C.A. No. 05C-09-192 |
| Kenneth Beard | : | C.A. No. 05C-11-158 |
| John Bassett | : | C.A. No. 05C-07-122 |
| Rollin Overstreet | : | C.A. No. 05C-09-137 |
| Eustachico Lupone | : | C.A. No. 05C-11-063 |
| George Thomas | : | C.A. No. 05C-11-106 |
| Barry Smith | : | C.A. No. 06C-02-265 |

## PLAINTIFFS' OBJECTIONS TO DEFENSE COORDINATING COUNSEL'S RE-NOTICE OF DEPOSITION OF WILLIAM LONGO, MD

Plaintiffs hereby file the following objections and responses to Defense Coordinating

Counsel's Notice of Deposition of William Longo, MD and Subpoena Duces Tecum.

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO SUBPOENA DUCES TECUM

1.      All documents reviewed in preparation for your testimony in these cases.

**RESPONSE: Plaintiffs object to this request as vague, overly broad and unduly burdensome. Subject to and without waiving said objections, all Defendant-specific documents reviewed by Dr. Longo in preparation for his testimony have been previously produced.**

2.    All documents, records and materials relating to said plaintiffs which you have reviewed at any time including, but not limited to, correspondence, statements, reports, questionnaires, handwritten notes, medical and hospital records, deposition transcripts, work history and any other such document, record or tangible material relating to the above referenced plaintiffs.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendant or in Defendants possession.**

3.    All documents, materials, records, reports, correspondence, photographs or any other written or tangible items prepared by or at your request or by or at the request of any of your agents, employees or associates concerning these cases or your expected testimony.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that this request violates the work-product doctrine and is beyond the scope of Superior Court Civil Rule 26.**

4.    Copies of all materials and documents of any kind which you have received concerning these cases including, but not limited to, all records, reports, correspondence and memorandum (if correspondence or documents requested in this duces tecum are claimed as "privileged," it should be brought to the deposition for identification).

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that this request violates the work-product doctrine and is beyond the scope of Superior Court Civil Rule 26.**

5.    Copies of all books, records, translations, articles, writing, publications, correspondence, notes, documents or any other written materials upon which you rely or will rely or have in the past relied in preparation for presentation of your testimony in an asbestos case and for these particular cases.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time and scope. Plaintiffs further objects to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

6.    Copies of any notes or outline used by you presently or in the past to give lectures,

classes, presentations to any entity or group, including any litigation group which are related to your expected areas of testimony in these cases.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time and scope. Plaintiffs further objects to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

7.    All documents and materials including, but not limited to, photographs, photographic slides, charts, diagrams, graphs or any other tangible item which you have reviewed or which you intend to show or utilize at the time of trial during your direct testimony.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object that this request calls for speculation.**

8.    A list of any and all of your prior testimony in any public proceeding or litigation including, but not limited to, testimony at deposition, workers' compensation hearing, trial, governmental or municipal proceeding, or any other type of proceeding concerning asbestos exposure. Regarding said testimony, please provide the following as applicable:

      A.    Plaintiffs' Name;
      B.    Date of Testimony;
      C.    Court, committee, agency, or body before whom said testimony was given;
      D.    Names and addresses of attorneys representing all parties involved; and
      E.    Produce a copy of each transcript.

**RESPONSE: Plaintiffs object to this request as overly broad and unduly burdensome. Plaintiffs additionally object that this Request seeks documents not relevant to the issues of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

9.    All expert reports you have prepared within the last 5 years in asbestos cases or, in the alternative, a listing of the cases for which you have prepared reports.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time, scope, or subject matter. Plaintiffs object that this Request seeks documents not relevant to the issues of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request requires the creation of documents that do not exist.**

10.    A list of all articles, textbooks, or other sources of information or data upon which you base the opinions you expect to give.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendants or in Defendants possession.**
      **Subject to and without waiving said objections, all Defendant-specific documents reviewed by Dr. Longo in preparation for his testimony have been previously produced.**

11.    A list of or copies of any writing, publication, document, report, correspondence, article, book, notes and/or material related to asbestos, asbestos exposure and/or asbestos-related diseases which you have reviewed, consider relied on or may rely on to support your testimony in this lawsuit.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendant or in Defendants possession.**
      **Subject to and without waiving said objections, all Defendant-specific documents reviewed by Dr. Longo in preparation for his testimony have been previously produced.**

12.    Copies of any correspondence that you sent to or received from any other experts in this litigation regarding your or their testimony in this case, or on any topic related to this case or asbestos litigation.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

13.    All documents concerning your gross earnings from testimony at deposition or trial, or meetings with attorneys and/or litigation groups or non-litigation work related to asbestos exposure, including consultation and including, but not limited to, ledgers, accounts receivables, receipt books, receipts, books, invoices, bills, correspondence, and/or any other material relating to gross income or gross earnings, present or potential, participating as an expert witness in litigation related to asbestos litigation. (For the purpose of this deposition, provide a list for the five previous calendar years, which would include the following: gross income, percentage of gross income related to asbestos litigation earnings, percentage with respect to consultation related to any asbestos related matter.)

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope. Plaintiffs further object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably**

calculated to lead to the discovery of admissible evidence.

14.    Copies of any and all documents and correspondence between you and Plaintiffs'
       Counsel and all documents sent to you by Plaintiffs' Counsel.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly
burdensome, and not limited as to time, scope or subject matter. Plaintiffs object to the
extent that the documents sought are not relevant to the issues in this lawsuit and not
reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further
object to the extent that this request violates the work-product doctrine and is beyond the
scope of Superior Court Civil Rule 26.**

15.    All reports or documents you prepared containing your expected testimony, including all
       drafts of reports.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly
burdensome, and not limited as to time, scope or subject matter. Plaintiffs object to the
extent that the documents sought are not relevant to the issues in this lawsuit and not
reasonably calculated to lead to the discovery of admissible evidence.**

16.    The most up-to-date curriculum vitae on your background, training, education and
       bibliography of articles written by you and copies of articles, pamphlets, parts of books,
       or books written by you or to which you contributed, which are related to your expected
       testimony, whether actually published or not.

**RESPONSE: Plaintiffs object to this request as overly broad, unduly burdensome, and not
limited as to time, scope or subject matter. Plaintiffs further object that this request calls
for speculation.**
       **Subject to and without waiving said objections, Plaintiffs will provide a copy of Dr.
Longo's current CV.**

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:    /s/ Yvonne Takvorian Saville
       Yvonne Takvorian Saville, #3430

       and

       BARON & BUDD
       A PROFESSIONAL CORPORATION
       The Centrum
       Suite 1100
       3102 Oak Lawn Avenue
       Dallas, Texas  75219
       (214) 521-3605

Date:  January 17, 2007

EFiled: Jan 17 2007 9:21PM EST
Transaction ID 13493906

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION                :
                                          :
Kenneth Beard                             :     C.A. No. 05C-11-158 ASB
John Bassett                              :     C.A. No. 05C-07-122 ASB
Horace Durham                             :     C.A. No. 05C-07-136 ASB
Virgil Brauer                             :     C.A. No. 05C-08-049 ASB
Eustachico Lupone                         :     C.A. No. 05C-11-063 ASB
Hugo Engel                                :     C.A. No. 05C-09-083 ASB
Moscoe King                               :     C.A. No. 05C-11-125 ASB
Lyle Foltz                                :     C.A. No. 05C-10-325 ASB
James Collins                             :     C.A. No. 05C-02-281 ASB

## PLAINTIFFS' OBJECTIONS TO DEFENSE COORDINATING COUNSEL'S RE-NOTICE OF DEPOSITION OF STEVEN H. DIKMAN, MD

Plaintiffs hereby file the following objections and responses to Defense Coordinating

Counsel's ReNotice of Deposition of Steven H. Dikman and Subpoena Duces Tecum.

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO SUBPOENA DUCES TECUM

1.      All documents reviewed in preparation for your testimony in these cases.

**RESPONSE: Plaintiffs object to this request as vague, overly broad and unduly burdensome. Subject to and without waiving said objections, Plaintiffs will provide all plaintiff-specific documents that Dr. Dikman has reviewed and is relying upon for his opinions with regard to each plaintiff.**

2.      All documents, records and materials relating to said plaintiffs which you have reviewed at any time including, but not limited to, correspondence, statements, reports, questionnaires, handwritten notes, medical and hospital records, deposition transcripts, work history and any other such document, record or tangible material relating to the above referenced plantiffs.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendant or in Defendants possession.**
        **Subject to and without waiving said objections, Plaintiffs will provide all plaintiff-specific documents that Dr. Dikman has reviewed and is relying upon for his opinions with**

regard to each plaintiff.

3.    All documents, materials, records, reports, correspondence, photographs or any other written or tangible items prepared by or at your request or by or at the request of any of your agents, employees or associates concerning these cases or your expected testimony.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that this request violates the work-product doctrine and is beyond the scope of Superior Court Civil Rule 26.**

4.    Copies of all materials and documents of any kind which you have received concerning these cases including, but not limited to, all records, reports, correspondence and memorandum (if correspondence or documents requested in this duces tecum are claimed as "privileged," it should be brought to the deposition for identification).

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that this request violates the work-product doctrine and is beyond the scope of Superior Court Civil Rule 26.**

5.    Copies of all books, records, translations, articles, writing, publications, correspondence, notes, documents or any other written materials upon which you rely or will rely or have in the past relied in preparation for presentation of your testimony in an asbestos case and for these particular cases.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time and scope. Plaintiffs further objects to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

6.    Copies of any notes or outline used by you presently or in the past to give lectures, classes, presentations to any entity or group, including any litigation group which are related to your expected areas of testimony in these cases.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time and scope. Plaintiffs further objects to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

7.    All documents and materials including, but not limited to, photographs, photographic

slides, charts, diagrams, graphs or any other tangible item which you have reviewed or which you intend to show or utilize at the time of trial during your direct testimony.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object that this request calls for speculation.**

8.    A list of any and all of your prior testimony in any public proceeding or litigation including, but not limited to, testimony at deposition, workers' compensation hearing, trial, governmental or municipal proceeding, or any other type of proceeding concerning asbestos exposure. Regarding said testimony, please provide the following as applicable:

      A.    Plaintiffs' Name;
      B.    Date of Testimony;
      C.    Court, committee, agency, or body before whom said testimony was given;
      D.    Names and addresses of attorneys representing all parties involved; and
      E.    Produce a copy of each transcript.

**RESPONSE: Plaintiffs object to this request as overly broad and unduly burdensome. Plaintiffs additionally object that this Request seeks documents not relevant to the issues of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

9.    All expert reports you have prepared within the last 5 years in asbestos cases or, in the alternative, a listing of the cases for which you have prepared reports.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time, scope, or subject matter. Plaintiffs additionally object that this Request seeks documents not relevant to the issues of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

10.    A list of all articles, textbooks, or other sources of information or data upon which you base the opinions you expect to give.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendants or in Defendants possession.**
      **Subject to and without waiving said objections, Plaintiffs will provide all plaintiff-specific documents that Dr. Dikman has reviewed and is relying upon for his opinions with regard to each plaintiff.**

11.    A list of or copies of any writing, publication, document, report, correspondence, article, book, notes and/or material related to asbestos, asbestos exposure and/or asbestos-related

diseases which you have reviewed, consider relied on or may rely on to support your testimony in this lawsuit.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendant or in Defendants possession.**

**Subject to and without waiving said objections, Plaintiffs will provide all plaintiff-specific documents that Dr. Dikman has reviewed and is relying upon for his opinions with regard to each plaintiff.**

12.    Copies of any correspondence that you sent to or received from any other experts in this litigation regarding your or their testimony in this case, or on any topic related to this case or asbestos litigation.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

13.    All documents concerning your gross earnings from testimony at deposition or trial, or meetings with attorneys and/or litigation groups or non-litigation work related to asbestos exposure, including consultation and including, but not limited to, ledgers, accounts receivables, receipt books, receipts, books, invoices, bills, correspondence, and/or any other material relating to gross income or gross earnings, present or potential, participating as an expert witness in litigation related to asbestos litigation. (For the purpose of this deposition, provide a list for the five previous calendar years, which would include the following: gross income, percentage of gross income related to asbestos litigation earnings, percentage with respect to consultation related to any asbestos related matter.)

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope. Plaintiffs further object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

14.    Copies of any and all documents and correspondence between you and Plaintiffs' Counsel and all documents sent to you by Plaintiffs' Counsel.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome, and not limited as to time, scope or subject matter. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not**

reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that this request violates the work-product doctrine and is beyond the scope of Superior Court Civil Rule 26.

15.    All reports or documents you prepared containing your expected testimony, including all drafts of reports.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome, and not limited as to time, scope or subject matter. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that the documents or materials sought are as available to Plantiffs as to Defendant or in Defendants possession.**

**Subject to and without waiving said objections, Plaintiffs will provide all plaintiff-specific documents that Dr. Dikman has reviewed and is relying upon for his opinions with regard to each plaintiff.**

16.    The most up-to-date curriculum vitae on your background, training, education and bibliography of articles written by you and copies of articles, pamphlets, parts of books, or books written by you or to which you contributed, which are related to your expected testimony, whether actually published or not.

**RESPONSE: Plaintiffs object to this request as overly broad, unduly burdensome, and not limited as to time, scope or subject matter. Plaintiffs further object that this request calls for speculation.**

**Subject to and without waiving said objections, Plaintiffs will provide a copy of Dr. Dikman's current CV.**

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:    /s/ Yvonne Takvorian Saville
Yvonne Takvorian Saville, #3430

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605

Date:  January 17, 2007

EFiled: Jan 17 2007 9:28 EST
Transaction ID 13493917

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| COTE TRIAL GROUP | : | |
| | : | |
| William Cote | : | C.A. No. 05C-09-268 |
| John Sheldon | : | C.A. No. 05C-08-206 |
| Moscoe King | : | C.A. No. 05C-11-125 |
| Charles Lentile | : | C.A. No. 05C-11-256 |
| James Collins | : | C.A. No. 06C-02-281 |
| William Kountz | : | C.A. No. 06C-02-223 |
| Marlon Owens | : | C.A. No. 06C-02-241 |
| Roland Grenier | : | C.A. No. 05C-11-257 |
| Lyle Foltz | : | C.A. No. 05C-10-325 |
| Hugo Engel | : | C.A. No. 05C-09-083 |
| Virgil Brauer | : | C.A. No. 05C-08-049 |
| Oliver Sandahl | : | C.A. No. 05C-11-057 |
| Arnold Eudy | : | C.A. No. 05C-10-323 |
| William Modelewski | : | C.A. No. 05C-09-192 |
| Kenneth Beard | : | C.A. No. 05C-11-158 |
| John Bassett | : | C.A. No. 05C-07-122 |
| Rollin Overstreet | : | C.A. No. 05C-09-137 |
| Eustachico Lupone | : | C.A. No. 05C-11-063 |
| George Thomas | : | C.A. No. 05C-11-106 |
| Barry Smith | : | C.A. No. 06C-02-265 |

## PLAINTIFFS' OBJECTIONS TO DEFENSE COORDINATING COUNSEL'S RE-NOTICE OF DEPOSITION OF RICHARD LEMEN, MD

Plaintiffs hereby file the following objections and responses to Defense Coordinating

Counsel's Notice of Deposition of Richard Lemen, MD and Subpoena Duces Tecum.

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO SUBPOENA DUCES TECUM

1.    All documents reviewed in preparation for your testimony in these cases.

**RESPONSE: Plaintiffs object to this request as vague, overly broad and unduly burdensome. Subject to and without waiving said objections, all Defendant-specific documents reviewed by Dr. Lemen in preparation for his testimony have been previously produced.**

2.    All documents, records and materials relating to said plaintiffs which you have reviewed at any time including, but not limited to, correspondence, statements, reports, questionnaires, handwritten notes, medical and hospital records, deposition transcripts, work history and any other such document, record or tangible material relating to the above referenced plaintiffs.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendant or in Defendants possession.**

3.    All documents, materials, records, reports, correspondence, photographs or any other written or tangible items prepared by or at your request or by or at the request of any of your agents, employees or associates concerning these cases or your expected testimony.

**RESPONSE:  Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that this request violates the work-product doctrine and is beyond the scope of Superior Court Civil Rule 26.**

4.    Copies of all materials and documents of any kind which you have received concerning these cases including, but not limited to, all records, reports, correspondence and memorandum (if correspondence or documents requested in this duces tecum are claimed as "privileged," it should be brought to the deposition for identification).

**RESPONSE:  Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that this request violates the work-product doctrine and is beyond the scope of Superior Court Civil Rule 26.**

5.    Copies of all books, records, translations, articles, writing, publications, correspondence, notes, documents or any other written materials upon which you rely or will rely or have in the past relied in preparation for presentation of your testimony in an asbestos case and for these particular cases.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time and scope. Plaintiffs further objects to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

6.    Copies of any notes or outline used by you presently or in the past to give lectures,

classes, presentations to any entity or group, including any litigation group which are related to your expected areas of testimony in these cases.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time and scope. Plaintiffs further objects to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

7.    All documents and materials including, but not limited to, photographs, photographic slides, charts, diagrams, graphs or any other tangible item which you have reviewed or which you intend to show or utilize at the time of trial during your direct testimony.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object that this request calls for speculation.**

8.    A list of any and all of your prior testimony in any public proceeding or litigation including, but not limited to, testimony at deposition, workers' compensation hearing, trial, governmental or municipal proceeding, or any other type of proceeding concerning asbestos exposure. Regarding said testimony, please provide the following as applicable:

     A.    Plaintiffs' Name;
     B.    Date of Testimony;
     C.    Court, committee, agency, or body before whom said testimony was given;
     D.    Names and addresses of attorneys representing all parties involved; and
     E.    Produce a copy of each transcript.

**RESPONSE: Plaintiffs object to this request as overly broad and unduly burdensome. Plaintiffs additionally object that this Request seeks documents not relevant to the issues of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

9.    All expert reports you have prepared within the last 5 years in asbestos cases or, in the alternative, a listing of the cases for which you have prepared reports.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome and not limited as to time, scope, or subject matter. Plaintiffs object that this Request seeks documents not relevant to the issues of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request requires the creation of documents that do not exist.**

10.    A list of all articles, textbooks, or other sources of information or data upon which you base the opinions you expect to give.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendants or in Defendants possession.**
**Subject to and without waiving said objections, all Defendant-specific documents reviewed by Dr. Lemen in preparation for his testimony have been previously produced.**

11.    A list of or copies of any writing, publication, document, report, correspondence, article, book, notes and/or material related to asbestos, asbestos exposure and/or asbestos-related diseases which you have reviewed, consider relied on or may rely on to support your testimony in this lawsuit.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that the documents or materials sought are as available to Plaintiffs as to Defendant or in Defendants possession.**
**Subject to and without waiving said objections, all Defendant-specific documents reviewed by Dr. Lemen in preparation for his testimony have been previously produced.**

12.    Copies of any correspondence that you sent to or received from any other experts in this litigation regarding your or their testimony in this case, or on any topic related to this case or asbestos litigation.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs further object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

13.    All documents concerning your gross earnings from testimony at deposition or trial, or meetings with attorneys and/or litigation groups or non-litigation work related to asbestos exposure, including consultation and including, but not limited to, ledgers, accounts receivables, receipt books, receipts, books, invoices, bills, correspondence, and/or any other material relating to gross income or gross earnings, present or potential, participating as an expert witness in litigation related to asbestos litigation. (For the purpose of this deposition, provide a list for the five previous calendar years, which would include the following: gross income, percentage of gross income related to asbestos litigation earnings, percentage with respect to consultation related to any asbestos related matter.)

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly burdensome, and not limited in time or scope. Plaintiffs further object to the extent that the documents sought are not relevant to the issues in this lawsuit and not reasonably**

calculated to lead to the discovery of admissible evidence.

14.     Copies of any and all documents and correspondence between you and Plaintiffs'
        Counsel and all documents sent to you by Plaintiffs' Counsel.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly
burdensome, and not limited as to time, scope or subject matter. Plaintiffs object to the
extent that the documents sought are not relevant to the issues in this lawsuit and not
reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further
object to the extent that this request violates the work-product doctrine and is beyond the
scope of Superior Court Civil Rule 26.**

15.     All reports or documents you prepared containing your expected testimony, including all
        drafts of reports.

**RESPONSE: Plaintiffs object to this request as vague, ambiguous, overly broad, unduly
burdensome, and not limited as to time, scope or subject matter. Plaintiffs object to the
extent that the documents sought are not relevant to the issues in this lawsuit and not
reasonably calculated to lead to the discovery of admissible evidence.**

16.     The most up-to-date curriculum vitae on your background, training, education and
        bibliography of articles written by you and copies of articles, pamphlets, parts of books,
        or books written by you or to which you contributed, which are related to your expected
        testimony, whether actually published or not.

**RESPONSE: Plaintiffs object to this request as overly broad, unduly burdensome, and not
limited as to time, scope or subject matter. Plaintiffs further object that this request calls
for speculation.**
        **Subject to and without waiving said objections, Plaintiffs will provide a copy of Dr.
Lemen's current CV.**

Respectfully submitted,

**WEISS & SAVILLE, P.A.**

1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:    /s/ Yvonne Takvorian Saville_____
       Yvonne Takvorian Saville, #3430

       and

       BARON & BUDD
       A PROFESSIONAL CORPORATION
       The Centrum
       Suite 1100
       3102 Oak Lawn Avenue
       Dallas, Texas  75219
       (214) 521-3605

Date:  January 17, 2007



**SO ORDERED** Filed: Jan 17 2007 9:12AM EST
Transaction ID 13478810

**IN THE SUPERIOR COPURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

IN RE: ASBESTOS LITIGATION :
                              :
*COTE TRIAL GROUP*            :
  William Cote             :    C.A. No. : 05C-09-268
  John Sheldon             :    C.A. No. : 05C-08-206
  Moscoe King              :    C.A. No. : 05C-11-125
  Charles Lentile          :    C.A. No. : 05C-11-256
  James Collins            :    C.A. No. : 06C-02-281
  William Kountz           :    C.A. No. : 06C-02-223
  Marlon Owens             :    C.A. No. : 06C-02-241
  Roland Grenier           :    C.A. No. : 05C-11-257
  Lyle Foltz               :    C.A. No. : 05C-10-325
  Hugo Engel               :    C.A. No. : 05C-09-083
  Virgil Brauer            :    C.A. No. : 05C-08-049
  Oliver Sandahl           :    C.A. No. : 05C-11-057
  Arnold Eudy              :    C.A. No. : 05C-10-323
  William Modelewski       :    C.A. No. : 05C-09-192
  Kenneth Beard            :    C.A. No. : 05C-11-158
  John Bassett             :    C.A. No. : 05C-07-122
  Rollin Overstreet        :    C.A. No. : 05C-09-037
  Eustachico Lupone        :    C.A. No. : 05C-11-063
  George Thomas            :    C.A. No. : 05C-11-106
  Barry Smith              :    C.A. No. : 06C-02-265

**SO ORDERED**

## ORDER

*AND NOW TO WIT*, on this 21st day of December, 2006, upon considering the Motion to

Dismiss Claims filed on behalf of various Defendants, and it appearing that as said Motion

appears meritorious and is unopposed and, further, that there is no just reason for delay;

    *IT IS HEREBY ORDERED, ADJUDGED, and DECREED* that, Pursuant to Rule 54 of

the Superior Court Civil Rules, said Motion is hereby **GRANTED** and all claims, including

crossclaims, against the Defendants listed below in the cases listed below are hereby dismissed

with prejudice with each party bearing its own costs.

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| JOHN MILLER BASSETT | 05C-07-122 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);<br><br>GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);<br><br>CERTAINTEED CORPORATION;<br><br>OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY);<br><br>AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.);<br><br>CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.;<br><br>KAISER GYPSUM COMPANY, INC.;<br><br>HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);<br><br>RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.);<br><br>THE SHERWIN WILLIAMS COMPANY;<br><br>T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| KENNETH RUDELL BEARD and CATHERYN SUE BEARD | 05C-11-158 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);<br><br>GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);<br><br>CERTAINTEED CORPORATION;<br><br>AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);<br><br>CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | H.B. FULLER COMPANY (individually and as successor-in-interest to AMCHEM PRODUCTS, INC. and BENJAMIN FOSTER COMPANY); |
| | | OKONITE INCORPORATED; |
| | | PRATT & WHITNEY POWER SYSTEMS, INC.; |
| | | PEERLESS INDUSTRIES, INC. (d/b/a PEERLESS HEATER COMPANY); |
| | | PEERLESS HEATER COMPANY, (individually and as successor in interest to PEERLESS INDUSTRIES, INC. d/b/a THE PEERLESS HEATER COMPANY, and d/b/a PEERLESS BOILERS); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | GENERAL MOTORS CORPORATION; |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| VIRGIL LLOYD BRAUER | 05C-08-049 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | A.W. CHESTERTON, INC.; |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY); |
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | BUFFALO PUMPS, INC. |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., f/k/a WARREN PUMPS, INC.; |
| | | GARDNER DENVER, INC., f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | HENRY VOGT MACHINE COMPANY; |
| | | UNION CARBIDE CORPORATION; |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS | 06C-02-281 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | A.W. CHESTERTON, INC.; |
| | | FORD MOTOR COMPANY; |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.); |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | UNION CARBIDE CORPORATION; and |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| WILLIAM GILBERT COTE and ETHEL MAE COTE | 05C-09-268 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | BONDEX INTERNATIONAL, INC.; <br><br> RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); <br><br> GENERAL ELECTRIC COMPANY; and <br><br> CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY) |
| INGEBORG ENGEL and MARGARET OSMOND, Individually and as Co-Executrix of the Estate of HUGO GEORGE ENGEL, Deceased; and BARBARA ENGEL, MARIA DUBIEL | 05C-09-083 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I; <br><br> AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); <br><br> CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; <br><br> UNION CARBIDE CORPORATION; <br><br> CRANE COMPANY; <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/A KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> DURABLA MANUFACTURING COMPANY; <br><br> A.W. CHESTERTON, INC.; |
| ARNOLD CHARLES EUDY and SHIRLEY ARLETTE EUDY | 05C-10-323 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BONDEX INTERNATIONAL, INC.; |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | BUFFALO PUMPS, INC.; |
| | | IMO INDUSTRIES, INC. (individually and as successor-in-interest to DELAVAL TURBINE, INC.); |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | GOULDS PUMPS, INC.; and<br><br>HENRY VOGT MACHINE COMPANY |
| LYLE DAVIS FOLTZ and LAWANDA FOLTZ, | 05C-10-325 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);<br><br>CERTAINTEED CORPORATION;<br><br>OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);<br><br>GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.);<br><br>AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);<br><br>CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);<br><br>HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);<br><br>T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);<br><br>HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);<br><br>DURABLA MANUFACTURING COMPANY;<br><br>HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);<br><br>FORD MOTOR COMPANY;<br><br>GENERAL MOTORS CORPORATION |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| ROLAND LEO GRENIER, SR., | 05C-11-257 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; |
| | | GENERAL ELECTRIC COMPANY; |
| | | H.B. FULLER COMPANY, (individually and as successor-in-interest to AMCHEM PRODUCTS, INC. |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | and BENJAMIN FOSTER COMPANY); |
| | | HENNESSY INDUSTRIES, INC. (individually and as successor-by-merger to AMMCO TOOLS, INC.); |
| | | WEIL-MCLAIN; |
| | | SAINT-GOBAIN PERFORMANCE PLASTICS, INC. (individually and f/k/a FURON COMPANY, and as successor-in-interest to SEPCO CORPORATION); |
| | | SEPCO CORPORATION; |
| | | SEALING EQUIPMENT PRODUCTS COMPANY, INC. (f/k/a SEPCO CORPORATION) |
| BARBARA HASSEN KING, Individually and as Executrix of the Estate of MOSCOE JACKSON KING, JR., Deceased; MICHAEL JACKSON KING, BARBARA CHRISTINE WILSON, LEMUEL HALFORD KING, and RONALD BLANCHARD KING | 05C-11-125 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY, INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | INC.); |
| | | BUFFALO PUMPS, INC.; |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; |
| | | HENRY VOGT MACHINE COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; and |
| | | UNION CARBIDE CORPORATION |
| WILLIAM JOSEPH KOUNTZ | 06C-02-223 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY, INC.; |
| | | BUFFALO PUMPS, INC.; |
| | | BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION); |
| | | BORGWARNER, INC., (individually and successor in interest to BORG-WARNER CORPORATION); |
| | | HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION); |
| CHARLES CHRISTOPHER LENTILE and SUSIE DUNN-LENTILE | 05C-11-256 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | |
| EUSTACHICO LUPONE | 05C-11-063 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC. |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| WILLIAM JOSEPH MODELEWSKI, and JEANETTE MODELEWSKI | 05C-09-192 | F FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br> AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); <br><br> CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; <br><br> UNION CARBIDE CORPORATION; <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> GENERAL ELECTRIC COMPANY; <br><br> DURABLA MANUFACTURING COMPANY; <br><br> A.W. CHESTERTON, INC.; <br><br> OKONITE INCORPORATED |
| ROLLIN JAMES OVERSTREET and CRYSTAL J. OVERSTREET | 05C-09-037 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I; <br><br> GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDEX CORPORATION); |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | FORD MOTOR COMPANY; |
| | | PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| MARLON CLARENCE OWENS and LYNN OWENS | 06C-02-241 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY, INC.; |
| | | A.W. CHESTERTON, INC.; |
| | | HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS); |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| OLIVER EDWARD SANDAHL, and ANNE M. SANDAHL | 05C-11–057 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | CRANE COMPANY; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | A.W. CHESTERTON, INC.; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.);<br><br>BORGWARNER MORSE TEC, INC.;<br><br>BORGWARNER, INC; |
| JOHN WALLACE SHELDON and GERALDINE PEARL SHELDON | 05C-08-206 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);<br><br>GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);<br><br>CERTAINTEED CORPORATION;<br><br>OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY);<br><br>AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.);<br><br>CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.;<br><br>UNION CARBIDE CORPORATION;<br><br>T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.);<br><br>KAISER GYPSUM COMPANY, INC.;<br><br>HANSON PERMANENTE CEMENT, INC. (f/k/A KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);<br><br>GENERAL ELECTRIC COMPANY;<br><br>BOISE CASCADE, L.L.C. (individually and as successor-by-interest to MINNESOTA & ONTARIO PAPER COMPANY);<br><br>BUFFALO PUMPS, INC.;<br><br>IMO INDUSTRIES, INC. (individually and as successor-in-interest to DELAVAL TURBINE, INC.);<br><br>HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; |
| | | HENRY VOGT MACHINE COMPANY |
| BARRY GORDON SMITH and ALLEGRA SMITH | 06C-02-265 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BONDEX INTERNATIONAL, INC.; |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| GEORGE LEROY THOMAS and HELEN K. THOMAS | 05C-11-106 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | COMPANY); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | BUFFALO PUMPS, INC.; |
| | | HOWDEN BUFFALO, INC.  (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; |
| | | HENRY VOGT MACHINE COMPANY |

J

Court: DE Superior Court-New Castle County

Judge: Judge, Asbestos

Alternate judge: N/A

File & Serve reviewed Transaction ID: 13232827

Current date: 1/17/2007

Case number: Multi-case

Case name: Multi-case



**SO ORDERED** Reuen: Jan 16 2007  2:57 EST
Transaction ID 13469746

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

limited to:                                    :
                                               :
AMES DANIEL COLLINS and                        :
ARY M. COLLINS,                                :      C.A. No.  06C-02-281  ASB
                                               :
          Plaintiffs                           :
                                               :
             v.                                :
                                               :
ETROPOLITAN LIFE INSURANCE,                    :
t al,                                          :
                                               :
          Defendants                           :

**SO ORDERED**

<u>ORDER</u>

NOW THIS _____ day of _____ , 200___, the Court

aving duly considered the foregoing Motion to Dismiss:

IT IS HEREBY ORDERED THAT the above-captioned claim of the plaintiffs,

gainst defendant Pneumo Abex LLC and all cross-claims are hereby dismissed

ithout prejudice, with each party to bear its own costs and attorneys' fees.

_____
                J.

Court: DE Superior Court-New Castle County

Judge: Judge, Asbestos

Alternate judge: N/A

File & Serve reviewed Transaction ID: 13212547

Current date: 1/16/2007

Case number: 06C-02-281 ASB

Case name: Collins, James Daniel vs Metropolitan Life Insurance Co

EFiled: Jan 16 2007 10:13 [illegible] EST
Transaction ID 13463458

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| **IN RE ASBESTOS LITIGATION** | ) |
| | ) |
| JAMES DANIEL COLLINS | ) C.A. No.: 06C-02-281 ASB |
| MARLON CLARENCE OWENS | ) C.A. No.: 06C-02-241 ASB |
| ROLAND LEO GRENIER | ) C.A. No.: 05C-11-257 ASB |
| OLIVER EDWARD SANDAHL | ) C.A. No.: 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | ) C.A. No.: 05C-11-256 ASB |
| ROLLIN JAMES OVERSTREET | ) C.A. No.: 05C-09-037 ASB |

## DEFENDANT, GENERAL MOTORS CORPORATION'S, MOTION TO STRIKE PLAINTIFFS' NOTICE OF ADOPTION OF PLAINTIFFS' RESPONSE

Defendant, General Motors Corporation ("GM"), by and through its attorneys, hereby

moves this Honorable Court to Strike Plaintiffs' Adoption of Plaintiff's Consolidated Response

to Defendants' Motion *In Limine* Concerning Evidence that a Single Fiber Can Cause

Mesothelioma previously filed with the Court in a separate matter. GM asserts the following in

support thereof:

     1.     On January 5, 2007, GM filed a Motion *In Limine* to preclude any purported

expert testimony or other evidence claiming that a "single fiber" of asbestos or any level of

asbestos at or below background can cause or increase the risk of mesothelioma.

     2.     On or about January 10, 2007, Plaintiffs—Rollin J. Overstreet, Oliver E. Sandahl,

Charles C. Lentile, Roland L. Grenier, Sr., Marlon C. Owens, and James D. Collins ("the GM

Plaintiffs")—filed a Notice of Adoption of Plaintiff's Response. The notice attempted to adopt

and incorporate by reference another document previously filed with the Court. The previous

court filing refers to a set of plaintiffs separate and distinct from the GM Plaintiffs, in which the

methods, manners and circumstances surrounding their alleged exposure to asbestos-containing

-2-

products, if any, is not identical.  The GM Plaintiffs' efforts would not only unfairly prejudice GM and the other defendants, but also confuse the Court in its consideration of this Motion.

      3.      A motion to strike lies within the Court's discretion.[1]

      4.      The GM Plaintiffs have failed to respond to GM's Motion *In Limine*, in accordance with the Delaware Superior Court Rules of Civil Procedure and Standing Order No. 1.  Superior Court Civil Rule 37(e) governs the presentation of evidentiary motions.[2]  If a party would like to oppose a particular motion, then the opposing party must file a response within the appropriate number of days.[3]  "The responsive pleading shall contain all authorities and facts which the responding party desires to present to the Court."[4]  The rules of civil procedure state that the "[f]ailure to file a responsive pleading shall constitute a waiver of any opposition to the motion."

      5.      The GM Plaintiffs' adoption of a consolidated response fails to set forth any legal or factual basis in opposition to GM's Motion *In Limine*.  The GM Plaintiffs' notice of adoption, therefore, does not qualify as a response to an evidentiary motion.  Having served no value or use for purposes of contesting GM's Motion,  the Court must strike the GM Plaintiffs' Notice of Adoption.  Accordingly, GM's Motion *In Limine* is unopposed and should be granted.

      6.      The GM Plaintiffs' manner of responding to GM's Motion also violates the underlying purpose and policies set forth in Standing Order No. 1:  clarity, efficiency and judicial economy.  The GM Plaintiffs' response only serves to create further confusion in the minds of all parties, including the Court in preparing to consider this Motion.  The GM Plaintiffs' response also causes all interested parties to follow an ever-increasing paper trail, in

---

[1] *Hull-Johnson v. Wilmington Trust*, 1996 WL 769457 (Del. Super) (Exhibit "A").
[2] Delaware Superior Court Civil Rule of Procedure 37(e).
[3] Delaware Superior Court Civil Rule of Procedure 37(e)(2).
[4] *Id.*

WILDMS 140043v.1

which GM must look to one document that inexplicably refers to and incorporates the arguments

of another document or documents by reference.  This arrangement certainly does not contribute

to the efficient and orderly process that the Court sought when it recently revised Standing Order

No. 1.

WHEREFORE, Defendant, General Motors Corporation, respectfully requests that this

Court strike the Notice of Adoption of Plaintiffs' Response filed in these matters.

WHITE AND WILLIAMS LLP

CHRISTIAN J. SINGEWALD (#3542)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 654-0424
Attorneys for Defendant,
General Motors Corporation

Date:   January 16, 2007

-4-

WILDMS 140043v.1

EFiled: Jan 16 2007 10:13PM EST
Transaction ID 13463458


# Exhibit A

Westlaw.

Not Reported in A.2d                                                      Page 1
Not Reported in A.2d, 1996 WL 769457 (Del.Super.)
(Cite as: Not Reported in A.2d)

C

Hull-Johnson         v.        Wilmington
TrustDel.Super.,1996.Only the Westlaw citation is
currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Superior Court of Delaware.
HULL-JOHNSON
v.
WILMINGTON TRUST, C.A. No. 96C-03-016.
No. 96C-03-016.

Dec. 9, 1996.

LEE, Judge.
*1 Dear Counsel:

Pending before the Court is plaintiff's combined
Motion to Disqualify Defendant's Counsel and
Motion for Leave to Amend the Complaint. The
motions seek to disqualify Matthew J. Lynch,
Esquire, attorney for defendant Wilmington Trust
("the Bank"), as its counsel in this lawsuit and also to
name Mr. Lynch as an additional defendant. This
Court held oral argument on the motion on June 7,
1996. Thereafter, the parties submitted briefs on the
motions. This is the Court's decision thereon.

FACTS

Plaintiff, a licensed and practicing attorney in the
State of Delaware, initially filed this suit on March
19, 1996 against the Bank alleging that a former
employee of hers had forged checks drawn on
plaintiff's account with the Bank; the Bank had paid
out at least $16,114.55 to this employee; the forged
signatures obviously were not plaintiff's; and when
plaintiff called to the Bank's attention its negligence,
the Bank, by letter dated February 28, 1996, refused
to repay plaintiff and blamed her, not itself, for her
loss. Plaintiff claims that by paying the checks, the
Bank breached its contracts with plaintiff, failed to
exercise ordinary care, and was grossly negligent.
Plaintiff also claims that "in facilitating ... [the
employee's] scheme" and then blaming plaintiff for
her loss, the Bank's conduct was outrageous, thereby
entitling her to punitive damages.

Because the February 28, 1996 letter is central to this
case, it is set forth below. Mr. Lynch, who is in-house

counsel to the Bank, wrote the letter and therein, he
stated:
Mr. Green has asked me to answer your February 9
letter. Your claim for $16,114.55 arising from the
thefts of your employee is denied.
As I understand the facts, you signed the checks in
question when they were blank, then you gave them
to the thief who inserted your name on the payee line.
The thief then negotiated these checks by cashing
them or depositing them in her account.
Six Del. C. § 3-406 provides that any person whose
negligence contributes to the mailing of an
unauthorized signature may not assert that
unauthorized signature as a source of liability against
a payee. Giving the thief a blank check and failing to
examine the statements and canceled checks for these
accounts is negligence which precludes your
recovery under this section. Such an analysis is
especially applicable regarding the fiduciary accounts
that were victimized by your employer [sic].
Your claim must also fail under 6 Del. C. § 3-405.
The thief prepared the blank checks made payable to
you under circumstances where she never intended
you to have any interest in the check. Under this
section, her endorsement of your name is effective to
negotiate the item.
Finally, as pointed out by Mr. Green, 6 Del. C. § 4-
406 also requires denial of your claim in view of your
failure to examine your statements and canceled
checks.
If, as you claim, the forgeries were obvious to even a
casual observer, they should have been obvious to
you. I understand your claim that the Bank is
precluded from asserting this defense because it
lacked ordinary care in negotiating the checks in
question, however, Wilmington Trust disagrees with
your analysis.

*2 By letter dated April 18, 1996, plaintiff's counsel
advised Mr. Lynch that she and plaintiff believed he
could not represent the Bank. She alleged that Mr.
Lynch was violating Rule 3.7 of Delaware's Rules of
Professional Conduct[FN1] (hereinafter, "DRPC, Rule
___"), and accordingly, they could not deal with him
pursuant to DRPC, Rule 8.4(a).[FN2] Mr. Lynch
responded that he would continue to represent the
Bank.

FN1. DRPC, Rule 3.7 states:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 2
Not Reported in A.2d, 1996 WL 769457 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.

FN2. DRPC, Rule 8.4(a) states:
It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so or do so through the acts of another.

On May 6, 1996, plaintiff moved this Court to disqualify Mr. Lynch from representing the Bank and to grant leave to amend her complaint to join Mr. Lynch as a defendant.

In the amended complaint, plaintiff alleges that Mr. Lynch signed the February 28, 1996 letter; he refuses to withdraw from representation of the Bank; his continued representation of the Bank constitutes a violation of the Delaware Rules of Professional Conduct and his refusal to withdraw put plaintiff in violation of those rules by causing her to assist his violation, thereby exposing plaintiff to the possibility of professional discipline; his refusal to withdraw exposes plaintiff to the possibility that she would not be able to subpoena him as a witness at trial, thereby depriving her of her State and federal constitutional rights; and "[e]xposing plaintiff to professional liability and impairing her constitutional rights, and thereby impeding her ability to enforce her legal claims against Wilmington Trust Company, constituted extortion, intimidation, and intentional infliction of emotional distress, and was therefore, and otherwise, malicious, abusive, shocking, and outrageous."

In connection with her motion to disqualify, plaintiff contends that Mr. Lynch is a necessary witness because he signed the letter; he allegedly committed some of the wrongful acts against her; DRPC, Rules 3.7 and 1.7(a) and (b), [FN3] 2.3 and 4.3 require disqualification; and unless he is disqualified, she may be held to have violated the Delaware Rules of Professional Conduct and her federal and state rights to due process may be violated.

FN3. DRPC, Rule 1.7(b) states in pertinent part:
A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
(1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) the client consents after consultation.

DISCUSSION

I will consider the motion to amend first, and then examine the motion to disqualify. However, before moving to those substantive issues, I address two procedural matters plaintiff raises.

First, she requests the Court to strike Mr. Lynch's brief as untimely filed and to award to her counsel attorney's fees incurred as a result of working overtime due to the filing delay. A motion to strike is within the Court's discretion, and in light of the small amount of the delay and the assistance which the briefing provides the Court, I deny the motion to strike. I also find the request for counsel fees to be meritless.

Second, plaintiff attacks Mr. Lynch's disclosure of the attempts to reach a stipulation on the matter of whether Mr. Lynch was acting within the scope of his authority as an employee and staff attorney to the Bank. In light of plaintiff's counsel's indication at oral argument that such a stipulation could resolve the pending motion to amend, it was necessary that the parties inform the Court of the status of the stipulation. Accordingly, I reject plaintiff's attacks on Mr. Lynch's updating the Court on this matter.

*Motion to Amend*

*3 A motion to amend under Superior Court Civil Rule 15(a) may be used to add parties to a suit. *Mullen v. Alarmguard,* Del. Supr., 625 A.2d 258, 263 (1993). The Court's decision to grant or deny a motion to amend is within its discretion. *Grand Ventures, Inc. v. Whaley,* Del. Supr., 632 A.2d 63, 72 (1993); *Mullen v. Alarmguard, supra* at 262. Furthermore, if it is obvious that the claim or claims asserted in the amendment will fail, the Court need not allow the amendment. *Itek Corporation v. Chicago Aerial Industries, Inc.,* Del. Super., 257

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                      Page 3
Not Reported in A.2d, 1996 WL 769457 (Del.Super.)
(Cite as: Not Reported in A.2d)

A.2d 232, 233 (1969).

Plaintiff's numerous arguments advanced to support her joint tort feasor claims and breach of contract claims in the amended complaint are grounded in her contention that when Mr. Lynch wrote the February 28, 1996 letter, he had to be writing it as a non-attorney employee of the Bank. I rule that Mr. Lynch wrote the February 28, 1996 letter to plaintiff as the Bank's attorney. Therein, he conveyed to her, as the attorney for the Bank, the Bank's legal position in this matter. I further rule, as a matter of law, that an attorney who states to a claimant his client's legal position may not be sued as a joint tort feasor or for breach of contract. Thus, to the extent claimant seeks to name Mr. Lynch as a joint tort feasor or to contend he is responsible pursuant to a breach of contract claim, plaintiff's claims fail. Since plaintiff's claims in her amended complaint will fail, the Court denies the amendment. *See id.*

*Motion to Disqualify*

Plaintiff seeks to disqualify Mr. Lynch on several different grounds. First, plaintiff claims Mr. Lynch is a necessary witness under DRPC, Rule 3.7 because he suggested in his February 28, 1996 letter that the plaintiff was negligent in failing to advise the Bank of the forgery. Plaintiff asserts that he "signed that [February 28, 1996] letter, so he is a necessary witness to those circumstances ....," and thus should be disqualified from representing the Bank. Second, plaintiff claims that Mr. Lynch's own self-interest precludes him from representing the Bank under DRPC, Rule 1.7(b). Third, plaintiff claims that Mr. Lynch should be disqualified under DRPC, Rule 4.3[FN4] because he provided legal advice to an unrepresented person, the plaintiff, when he answered her allegations with the February 28, 1996 letter. Fourth, plaintiff argues that Mr. Lynch should be disqualified under DRPC, Rule 8.4 "not because ... he is violating the ethics rules, but because by [representing the Bank] he is putting Plaintiff in violation of the ethics rules and also impairing her federal and state rights to due process."

> FN4. DRPC, Rule 4.3 states in pertinent part:
> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the

unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.
The Comment to the Rule states:
An unrepresented person, particularly one not experienced in dealing with legal matters, might assume that a lawyer is disinterested in loyalties or is a disinterested authority on the law even when the lawyer represents a client. During the course of a lawyer's representation of a client, the lawyer should not give advice to an unrepresented person other than the advice to obtain counsel.

In the case of *Appeal of Infotechnology, Inc.,* Del. Supr., 582 A.2d 215 (1990), the Supreme Court set forth perimeters for when a non-client litigant may challenge another lawyer's alleged breach of the Delaware Rules of Professional Conduct outside of a disciplinary proceeding. At page 221, the Court stated:

*4 [T]he burden of proof must be on the non-client litigant to prove by clear and convincing evidence (1) the existence of a conflict and (2) to demonstrate how the conflict will prejudice the fairness of the proceedings.

Absent misconduct which taints the proceeding, thereby obstructing the orderly administration of justice, there is no independent right of counsel to challenge another lawyer's alleged breach of the Rules outside of a disciplinary proceeding. Likewise, the trial courts have no jurisdiction to entertain such applications except as noted above.

In order to succeed on a motion to disqualify counsel under Rule 3.7, plaintiff must show, at a minimum, that there is a reasonable likelihood that counsel will be a necessary witness in the same litigation in which he serves as counsel for one of the parties. *Delaware Trust Co. v. Edward J. Brady,* Del. Ch., C.A. No. 8827, Allen, Ch. (September 14, 1988) (hereinafter "*Brady*"). The moving party must demonstrate that the attorney's testimony is not merely cumulative, but is necessary to the resolution of the suit. *Id.* The moving party has the burden of establishing that counsel's continuance in the case would violate the rule. *Kalmanovitz v. G. Heileman Brewing Co., Inc., D. Del., 610 F. Supp. 1319 (1985).*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1996 WL 769457 (Del.Super.)
(Cite as: Not Reported in A.2d)

In this case, Mr. Lynch is the Bank's lawyer of choice in this litigation, [FN5] and in his representation of his client and employer, he has provided professional legal advice, counsel, and assistance to the Bank in defending against plaintiff's claims. Contrary to plaintiff's assertions, it is readily apparent that Mr. Lynch acted only in one capacity, that of legal counsel to the Bank. In furtherance of his professional obligations, Mr. Lynch responded to plaintiff's allegations by summarizing the facts and outlining the law in his February 28, 1996 letter.

> FN5. As the Bank's attorney of choice, Mr. Lynch has an obligation to represent his client in a competent and diligent manner under DRPC, Rules 1.1 and 1.3.

I find that nothing in Mr. Lynch's letter creates a reasonable likelihood that he will be a necessary witness in plaintiff's breach of contract action. *Brady.* There is no evidence in his letter that he possessed any first-hand knowledge of the claims in question. Therefore, I determine that plaintiff has failed to sustain her burden of showing that Mr. Lynch's testimony is necessary to the resolution of the breach of contract claim. *Brady.*

Nor does the plaintiff sustain her burden of showing that Mr. Lynch has violated DRPC, Rules 1.7(a),[FN6] 1.7(b), 2.3,[FN7] or 4.3. In the first place, DRPC, Rules 1.7(a) and 1.7(b) apply only when a lawyer is representing a person who is a client. Clearly, plaintiff never has been Mr. Lynch's client: She never sought his legal counsel, he never provided legal counsel to her, and he never acted in the capacity as her legal counsel. In the second place, his February 28, 1996 letter merely summarized the facts as known to him and outlined the applicable law. Contrary to plaintiff's assertion otherwise, Mr. Lynch did not assume legal duties toward plaintiff or provide her with legal advice when he fulfilled his duty to the Bank by answering the plaintiff's allegations.

> FN6. DRPC, Rule 1.7(a) states:
> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless;
> (1) the lawyer reasonably believes the representation will not adversely effect the relationship with the other client; and
> (2) each client consents after consultation.

> FN7. DRPC, Rule 2.3 states:
> (a) A lawyer may undertake an evaluation of a matter affecting a client for the use of someone other than the client if:
> (1) the lawyer reasonably believes that making the evaluation is compatible with other aspects of the lawyer's relationship with the client; and
> (2) the client consents after consultation.

*5 For the same reasons outlined above, I find that Mr. Lynch did not violate DRPC, Rule 2.3.

Plaintiff also fails to sustain her burden of showing that Mr. Lynch violated DRPC, Rule 4.3. First, there is no allegation, nor any evidence, that Mr. Lynch ever stated or implied that he was disinterested when he dealt with plaintiff. On the contrary, Mr. Lynch clearly acknowledged his role as the Bank's counsel by signing his name on the Bank's letterhead as "Staff Attorney" in his letter. Second, there is no allegation, nor any evidence, that Mr. Lynch knew or should have known that plaintiff misunderstood Mr. Lynch's role in the matter. In fact, in light of the correspondence between the two parties, it is clear that plaintiff clearly understood Mr. Lynch's role as the Bank's counsel.

Finally, because I find that Mr. Lynch has not violated any of the rules of professional conduct, his continued representation of the Bank does not place the plaintiff in violation of DRPC, Rule 8.4.

Because plaintiff has failed to establish by clear and convincing evidence that Mr. Lynch has violated any disciplinary rule, plaintiff's motion to disqualify Mr. Lynch from representing his client is dismissed.

## CONCLUSION

I conclude that plaintiff's motion to amend must be denied in light of the fact that the amendments fail to allege any viable claims against Mr. Lynch. I also conclude that plaintiff's motion to disqualify Mr. Lynch as counsel must be dismissed because plaintiff has failed to establish, by clear and convincing evidence, that a conflict exists. Thus, I deny plaintiff's combined Motion to Disqualify Defendant's Counsel and for Leave to Amend the Complaint.

IT IS SO ORDERED.

Del.Super.,1996.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1996 WL 769457 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Hull-Johnson v. Wilmington Trust
Not Reported in A.2d, 1996 WL 769457 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EFiled: Jan 16 2007 10:13 AM EST
Transaction ID 13463458

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **IN RE ASBESTOS LITIGATION** | ) | |
| | ) | |
| JAMES DANIEL COLLINS | ) | C.A. No.: 06C-02-281 ASB |
| MARLON CLARENCE OWENS | ) | C.A. No.: 06C-02-241 ASB |
| ROLAND LEO GRENIER | ) | C.A. No.: 05C-11-257 ASB |
| OLIVER EDWARD SANDAHL | ) | C.A. No.: 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | ) | C.A. No.: 05C-11-256 ASB |
| ROLLIN JAMES OVERSTREET | ) | C.A. No.: 05C-09-037 ASB |

### ORDER

Having considered Defendant, General Motors Corporation's, Motion to Strike Plaintiffs'

Notice of Adoption of Plaintiffs' Response and all responses thereto,

**IT IS HEREBY ORDERED** that this Motion is **GRANTED** and Plaintiffs' Notice of

Adoption of Plaintiffs' Response is stricken.  It is also hereby ordered that Defendant, General

Motors Corporation's, Motion In Limine To Preclude Testimony and Evidence That a Single

Fiber of Asbestos or Any Level of Exposure At or Below Background Can Cause Mesothelioma

is **GRANTED**.

_____

Judge

WILDMS 140043v.1



**SO ORDERED** Filed: Jan 15 2007 9:38PM EST
Transaction ID 13463012

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

**IN RE:   ASBESTOS LITIGATION:**

SO ORDERED

| | | |
|---|---|---|
| **JAMES D. COLLINS and MARY M. COLLINS,** | : | C.A. No.: 06C-02-281 ASB |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **METROPOLITAN LIFE INSURANCE COMPANY, et al.,** | : | |
| | : | |
| Defendants. | : | |

### ORDER

IT IS HEREBY ORDERED this _____ day of _____, 2006, all

claims against Philips Electronics North America Corporation are dismissed with each

party to bear its own costs and attorney's fees.

_____

*J.*

Court: DE Superior Court-New Castle County

Judge: Judge, Asbestos

Alternate judge: N/A

File & Serve reviewed Transaction ID: 13151797

Current date: 1/15/2007

Case number: 06C-02-281 ASB

Case name: Collins, James Daniel vs Metropolitan Life Insurance Co

EFiled: Jan 12 2007 11:05 EST
Transaction ID 13455568

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION

| | | |
|---|---|---|
| VIRGIL LLOYD BRAUER | : | C.A. No. 05C-08-049 ASB |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| WILLIAM JOSEPH KOUNTZ | : | C.A. No. 06C-02-223 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |

## PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE CONCERNING TRIAL CONDUCT AND USE OF SPECIFIC TERMS DURING TRIAL

1.      Plaintiffs file this consolidated response to Defendant Goulds Pumps, Inc.'s Motion to Exclude Testimony and/or References to and/or Use of the Terms "Asbestos Companies" and "the Asbestos Industry" in Relation to Defendant Goulds Pumps, Inc. and Defendant, General Motors Corporation's, Motion in Limine Concerning Trial Conduct, and would respectfully show the Court as follows:

### Asbestos Companies/Asbestos Industry

2.      Terms such as "asbestos companies" or "the asbestos industry" may be used in specific documentary evidence or testimony that is at issue at trial. Plaintiff's counsel agrees only to use these terms in argument as they may be justified by the evidence admitted at trial. Goulds Pumps specifically complains that it is not an "asbestos company," but the evidence may show otherwise. In addition, while Goulds Pumps insists that it not be grouped with other defendants who made other products or sold asbestos fiber, the law supports finding that asbestos manufacturers should have known of the hazards of their products by applying knowledge gained by manufacturers in a different area. *See, e.g., Wammock v. Celotex Corp.*, 835 F.2d 818, 822 (11th. 1988) (ruling that the jury could conclude from evidence of company awareness of hazards of asbestos exposure faced by miners and plant workers that company also knew that end products users, such as carpenters, were at risk); *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314, 1318 (5th Cir. 1985) (holding that evidence that the defendant knew of the hazards to asbestos miners and plant workers was relevant to establish foreseeability of the hazards of exposure to asbestos by end product users in shipyards); *City of Greenville v. W.R. Grace & Co.*, 640 F. Supp. 559 (D.S.C. 1986) ("If the people manufacturing the asbestos . . . were known to be at risk, logic suggests that manufacturers should anticipate that others who would work around the material or eventually have to remove it during renovation or demolition would also be at risk." (citing *Lohrmann*)), *aff'd*, 827 F.2d 975 (4th Cir. 1987).

### Claims/Lawsuits by Non-Parties

## Illness or Death of Co-Worker, Family Member or Witness

3.     Claims or lawsuits by non-parties, as well as illnesses or deaths—especially among employees—may be relevant to show notice. For example, workers' compensation claims or lawsuits can be relevant evidence of knowledge and intent. *See* Plaintiffs' Response to Defendant Garlock Sealing Technologies, L.L.C., formerly known as Garlock, Inc.'s Motions in Limine to Preclude Documentary Evidence Concerning Workers' Compensation Claims. The fact that friend, family member, or co-worker has contracted an asbestos-related disease may also be relevant to that Plaintiff's own damages. For example, awareness of the pain and distress suffered by a dying friend and his or her family can impact the Plaintiff's own experience of his disease and his fear for his future.

## Newspapers/Magazines/Media Coverage

4.     The contents of some newspaper or magazine articles, in additional to other sources of media coverage, may will be relevant to notice—to what a defendant should have known about the hazards of asbestos exposure. *See* Plaintiffs' Consolidated Response to Motions in Limine on Medical and Scientific Articles and Other "State of the Art" Documents.

## National Health Crisis

5.     Some historical and government documents that are extremely relevant to the issues in this case may refer to asbestos-related diseases as a "national health crisis" or "nationwide cause of death"; they may also refer to those with asbestos-related disease as "victims." The very fact that historical documents refer to asbestos-related disease as a national heath crisis is itself relevant to notice, as well as other issues in the case. Again, Plaintiff's counsel would only use these terms as they are supported by the evidence.

## Space Suits

6.     Dr. Longo's team uses protective gear, as they must, during work practice simulations. Defendants sometimes refer to these as "space suits." Cleaver-Brooks suggests that reference to "space suits" could be unfairly prejudicial to it and has no relevance. Dr. Longo's work practice simulations are quite relevant, however, and it would be unreasonable—indeed, illegal—to send his team into the chamber to be exposed to asbestos with no protection. *See* Plaintiffs' Consolidated Response to Defendants' Motions in Limine Concerning the Testimony and Demonstrative Exhibits of Dr. William Longo, adopted and incorporated by reference along with any exhibits thereto at Filing ID 11606666. When presenting his study to the jury, Plaintiffs should be permitted to explore with Dr. Longo what the jury will see in the study and the methods he uses in performing his work practice simulations. There is no reason to presume that jurors will be unable to follow the law in making their findings because they have seen workers in the present being protected from asbestos exposure.

**PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE CONCERNING TRIAL CONDUCT AND USE OF SPECIFIC TERMS DURING TRIAL**                                              **Page 2**

**Co-Worker Testimony**

7.    Co-workers should be permitted to testify concerning any relevant evidence of which they have personal knowledge. This may include information on the particular brands, as well as types, of products that they, Plaintiffs or other co-workers used, the manner of use and dust released by use, and the frequency and environment in which these products were used. Some co-workers may have additional relevant information concerning a particularly Plaintiff's claim. Defendant has not identified and specific testimony it wishes to exclude, nor has Defendant provided any basis to exclude any relevant testimony a co-worker can provide.

**Testimony of Lay Witnesses**

8.    Plaintiffs hereby adopt and incorporate by reference PLAINTIFF'S RESPONSE TO DEFENDANT WEIL-MCLAIN'S MOTION IN LIMINE TO PRECLUDE OR LIMIT TESTIMONY FROM PLAINTIFFS' LAY WITNESSES and any exhibits thereto at Filing ID 13455406.

**Personal Concerns of Plaintiffs' Family Members**

9.    Plaintiffs' family members are entitled to discuss their own loss and experience of Plaintiffs' illness in support of their claims for loss of consortium or wrongful death. Defendant's motion in limine is too vague and could be read to exclude this necessary, certainly very relevant, testimony.

**Testimony Concerning Litigation Unrelated to GM**

10.    Because GM is not the only Defendant in this case and, as Plaintiffs have shown above, claims or litigation against a Defendant may be relevant to Defendant's notice of the hazards of asbestos, evidence of litigation unrelated to GM may be admissible in this trial. If GM is concerned about the effect of this evidence, it may seek a limiting instruction, if appropriate, when the evidence is offered.

**Issues Not Contested**

11.    Plaintiffs' counsel agrees not to make reference to "the multitude of asbestos cases" or the fact or quantity of any Defendant's past settlements. Neither will Plaintiffs attempt to assert a duty on the part of Defendants not recognized by law; the claims Plaintiffs have alleged and pursued in this matter are recognized and supported by applicable law. Plaintiffs ask that the Court consider any additional issues if and when they arise.

**Conclusion**

12.    Defendants have not shown that the probative value of the enumerated items is substantially outweighed by the chance of unfair prejudice, confusion of the issues, or misleading the jury. Plaintiffs respectfully request that the Court deny Defendant Goulds Pumps, Inc.'s Motion to Exclude Testimony and/or References to and/or Use of the Terms

"Asbestos Companies" and "the Asbestos Industry" in Relation to Defendant Goulds Pumps, Inc. and Defendant,

General Motors Corporation's, Motion in Limine Concerning Trial Conduct.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:     /s/ Yvonne Takvorian Saville
         Yvonne Takvorian Saville, #3430

~ and ~

**BARON & BUDD, P.C.**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
Phone:  214/521-3605
Fax:  214/520-1181

*Attorneys for Plaintiffs*

Date:  __January 11, 2007__

EFiled:  Jan 12 2007 11:05 EST
Transaction ID 13455568

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

<u>IN RE ASBESTOS LITIGATION</u>

| | | |
|---|---|---|
| VIRGIL LLOYD BRAUER | : | C.A. No.  05C-08-049 ASB |
| ROLLIN JAMES OVERSTREET | : | C.A. No.  05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No.  05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No.  05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No.  05C-11-257 ASB |
| WILLIAM JOSEPH KOUNTZ | : | C.A. No.  06C-02-223 ASB |
| MARLON CLARENCE OWENS | : | C.A. No.  06C-02-241 ASB |
| JAMES DANIEL COLLINS | : | C.A. No.  06C-02-281 ASB |

## ORDER

AND NOW, on this ____ day of _____, 2007, upon consideration of the Defendant Goulds Pumps, Inc.'s Motion to Exclude Testimony and/or References to and/or Use of the Terms "Asbestos Companies" and "the Asbestos Industry" in Relation to Defendant Goulds Pumps, Inc. and Defendant, General Motors Corporation's, Motion in Limine Concerning Trial Conduct, together with any response(s) thereto,

IT IS HEREBY ORDERED that such Motions are DENIED.

_____
**JUDGE PRESIDING**

EFiled: Jan 12 2007 4:20PM EST
Transaction ID 13449739

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

IN RE:        ASBESTOS LITIGATION

<u>Cote Trial Group</u>                    )
                                           )
| | | |
|---|---|---|
| William Cote | : | C.A. No.: 05C-09-268 |
| John Sheldon | : | C.A. No.: 05C-08-206 |
| Moscoe King | : | C.A. No.: 05C-11-125 |
| Charles Lentile | : | C.A. No.: 05C-11-256 |
| James Collins | : | C.A. No.: 06C-02-281 |
| Marlon Owens | : | C.A. No.: 06C-02-241 |
| Ronald Grenier | : | C.A. No.: 05C-11-257 |
| Lyle Foltz | : | C.A. No.: 05C-10-325 |
| Hugo Engel | : | C.A. No.: 05C-09-083 |
| Virgil Brauer | : | C.A. No.: 05C-08-049 |
| Oliver Sandahl | : | C.A. No.: 05C-11-057 |
| Arnold Eudy | : | C.A. No.: 05C-10-323 |
| William Modelewski | : | C.A. No.: 05C-09-192 |
| Kenneth Beard | : | C.A. No.: 05C-11-158 |
| John Bassett | : | C.A. No.: 05C-07-122 |
| Rollin Overstreet | : | C.A. No.: 05C-09-037 |
| Eustachico Lupone | : | C.A. No.: 05C-11-063 |
| George Thomas | : | C.A. No.: 05C-11-106 |
| Barry Smith | : | C.A. No.: 06C-02-265 |

## <u>GARLOCK SEALING TECHNOLOGIES, L.L.C., FORMERLY KNOWN AS GARLOCK INC'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE</u>

Garlock objects to Plaintiffs' Motion in Limine number 3 for the following reasons:

Strictly read, if the Court granted this motion, the jury would be denied evidence of the totality of the plaintiff's exposures. Yet the only way in which the jury can determine whether the small fiber release from Garlock's products was a substantial contributing cause is by learning about the total asbestos exposure of the plaintiff.  *Cf.*

*Kotowski v. A.C.&S Co., Inc.*, 1990 WL 81859 (Del.Super) (not reported, copy

attached).  This evidence of exposure can be admitted without disclosing that a party has settled or has been dismissed.

Additionally, and independently, the evidence of exposure to other companies' products is admissible to establish liability of dismissed or settled parties and then reduce any judgment against Defendant in accordance with 10 Del.C § 6304. *Kotowski*, at 3.

**GOLDFEIN & JOSEPH**

**/s/ Gary H. Kaplan**
**GARY H. KAPLAN, ESQ.**
**Attorney Bar # 2965**
222 Delaware Avenue, Suite 1110
Wilmington, Delaware 19899
(302) 656-3301
Attorneys for Defendant
Garlock Sealing Technologies L.L.C,
formerly known as Garlock Inc.

EFiled: Jan 12 2007 2:55PM EST
Transaction ID 13447054

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

|                          |   |                          |
|--------------------------|---|--------------------------|
| IN RE : ASBESTOS LITIGATION | : |                        |
|                          | : |                          |
| COTE  TRIAL GROUP        | : |                          |
| Moscoe King              | : | C.A. No. : 05C-11-125    |
| Hugo Engel               | : | C.A. No. : 05C-09-083    |
| Virgil Brauer            | : | C.A. No. : 05C-08-049    |
| Kenneth Beard            | : | C.A. No. : 05C-11-158    |
| John Bassett             | : | C.A. No. : 05C-07-122    |
| Eustachico Lupone        | : | C.A. No. : 05C-11-063    |
| Horace Durham            | : | C.A. No. : 05C-07-136    |
| Lyle Foltz               | : | C.A. No. : 05C-10-325    |
| James Collins            | : | C.A. No. : 05C-02-281    |

**DEFENSE COORDINATING COUNSEL'S
RENOTICE OF DEPOSITION OF STEVEN H. DIKMAN, MD**

TO    :    All Counsel

**PLEASE TAKE NOTICE** that the undersigned, or another Delaware Asbestos Litigation Defense Counsel designated to do so by the undersigned, will take the deposition of STEVEN H. DIKMAN, MD on January 16, 2007 at 5:30 pm at the Hotel Wales, 1295 Madison Avenue, New York, New York.  The deposition will continue, if not completed, on January 17, 2007 at 5:30 pm at the same location.  The deposition will be recorded stenographically.

**_Duces Tecum_**

The witness is instructed to produce the following materials to the undersigned at least two full business days prior to the deposition:

1.    All documents reviewed in preparation for your testimony in these cases.

2.    All documents, records and materials relating to said plaintiffs which you have reviewed at any time including, but not limited to, correspondence, statements, reports, questionnaires, handwritten notes, medical and hospital records,

deposition transcripts, work history and any other such document, record or tangible material relating to the above referenced plaintiffs.

3.    All documents, materials, records, reports, correspondence, photographs or any other written or tangible items prepared by or at your request or by or at the request of any of your agents, employees or associates concerning these cases or your expected testimony.

4.    Copies of all materials and documents of any kind which you have received concerning these cases including, but not limited to, all records, reports, correspondence and memorandum (if correspondence or documents requested in this duces tecum are claimed as "privileged", it should be brought to the deposition for identification).

5.    Copies of all books, records, translations, articles, writing, publications, correspondence, notes, documents or any other written materials upon which you rely or will rely or have ill the past relied in preparation for presentation of your testimony in an asbestos case and for these particular cases.

6.    Copies of any notes or outline used by you presently or in the past to give lectures, classes, presentations to any entity or group, including any litigation group which are related to your expected areas of testimony in these cases.

7.    All documents and materials including, but not limited to, photographs, photographic slides, charts, diagrams, graphs or any other tangible item which you have reviewed or which you intend to show or utilize at the time of trial during your direct testimony.

8.    A list of any and all of your prior testimony in any public proceeding or litigation including, but not limited to, testimony at deposition, workers' compensation bearing, trial, governmental or municipal proceeding, or any other type of proceeding concerning asbestos exposure. Regarding said testimony, please provide the following as applicable:

    a.      Plaintiff's name;

    b.      Date of testimony;

    c.      Court, committee, agency or body before whom said testimony was given;

    d.      Names and addresses of attorneys representing all parties involved, and

    e.      Produce a copy of each transcript.

9.     All expert reports you have prepared within the last 5 years in asbestos cases or, in the alternative, a listing of the cases for which you have prepared reports.

10.    A list of all articles, textbooks, or other sources information or data upon which you base the opinions you expect to give.

11.    A list of or copies of any writing, publication, document, report, correspondence, article, book, notes and/or material related to asbestos, asbestos exposure and/or  asbestos-related diseases which you have reviewed, consider relied on or may rely on to support your expected testimony or that you used for preparation of your report or your testimony in this lawsuit.

12.    Copies of any correspondence that you have sent to or received from any other experts in this litigation regarding your or their testimony in this case, or on any topic related to this case or asbestos litigation.

13.    All documents concerning your gross earnings from testimony at deposition or trial, or meetings with attorneys and/or litigation groups or non-litigation work related to an asbestos exposure, including consultation and including, but not limited to, ledgers, accounts receivables, receipt books, receipts, books, invoices, bills, correspondence, and/or any other material relating to gross income or gross earnings, present or potential, participating as an expert witness in litigation related to asbestos litigation. (For the purpose of this deposition, provide a list for the five previous calendar years, which would include the following: gross

income, percentage of gross income related to asbestos litigation earnings, percentage with respect to consultation related to any asbestos related matter.)

14.   Copies of any and all documents and correspondence between you and Plaintiffs' Counsel and all documents sent to you by Plaintiffs' Counsel.

15.   All reports or documents you prepared containing your expected testimony, including all drafts of reports.

16.   The most up-to-date curriculum vitae on your background, training, education, and bibliography of articles written by you and copies of articles, pamphlets, parts of books, or books written by you or to which you contributed, which are related to your expected testimony, whether actually published or not.


Dated : January 12, 2007                    **RUFO ASSOCIATES, PA.**

                                    By :   /S/  Loreto P. Rufo
                                            Loreto P. Rufo (# 2534)
                                            Hockessin Village Center
                                            7217 Lancaster Pike, Suite F
                                            Hockessin, Delaware 19707
                                            Telephone : 302-234-5900
                                            Defense Coordinating Counsel

Dikman 011507Renotice2

EFiled: Jan 12 2007 2:35PM EST
Transaction ID 13446570

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTS LITIGATION

Limited to:                          :
                                     :
      James Collins                  :    C.A. No.: 06C-02-281
      Roland Grenier                 :    C.A. No.: 05C-11-257
      Rollin Overstreet              :    C.A. No.: 05C-09-037
      Marlon Owens                   :    C.A. No.: 06C-02-241
      Barry Smith                    :    C.A. No.: 06C-02-265

**DEFENDANT BORG-WARNER'S REPLY TO PLAINTIFFS' MOTION IN LIMINE
AND MEMORANDUM CONTAINED THEREIN**

COMES NOW Defendant Borg-Warner Corporation, by its Successor-in-Interest

BorgWarner Morse TEC, Inc. ("Borg-Warner") in the above-captioned cases with its reply to

Plaintiffs' consolidated Motion in Limine.

In response to Plaintiffs' Motion in Limine, Borg-Warner states that, as part of its

presentation of alternate exposures and prosecutions of crossclaims, it is entitled as a matter of

law to make statements and present evidence about any defendants who may have been

dismissed or settled.

Respectfully submitted,

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

/s/ Matthew P. Donelson
_____
MATTHEW P. DONELSON (#4243)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899
(302) 428-3181
Attorney for Defendant Borg-Warner

Dated: January 12, 2007

G:\Docs\CLIENT\223\02222\motions\00377457.DOC

EFiled: Jan 12 2007 1:17PM EST
Transaction ID 13444787

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION

Cote Trial Group

Limited to:

| | | |
|---|---|---|
| WILLIAM GILBERT COTE | : | C.A. No. 05C-09-268 ASB |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |
| BARRY SMITH | : | C.A. No. 06C-02-265 ASB |

**NOTICE OF ADOPTION OF PLAINTIFF'S RESPONSE**

Plaintiffs hereby adopt and incorporate by reference PLAINTIFFS' CONSOLIDATED

RESPONSE TO MOTIONS IN LIMINE ON MEDICAL AND SCIENTIFIC ARTICLES AND

OTHER "STATE OF THE ART" DOCUMENTS and any exhibits thereto at Filing ID

11605540 in response to the following Motions *in Limine*:

- Borg-Warner Corporation's Motion in Limine to Limit or Exclude Documents of Certain

  Trade Associations and Related Testimony;

- Borg-Warner Corporation's Motion in Limine to limit or exclude documents of the

  friction materials standard institute;

- DaimlerChrysler Corporation's Motion In Limine To Preclude the Use of Exhibits and

  Related Testimony Pertaining to Non-Friction Asbestos Materials;

- DaimlerChrysler Corporation's Motion In Limine On Medical and Scientific Treatises, Periodicals or Pamphlets, and Expert Interpretation Or Commentary Regarding Such Documents and Other "State-Of-The-Art" Documents

- Ford Motor Company's Motion in Limine to Limit or Exclude Documents of Certain Trade Associations and Related Testimony;

- Ford Motor Company's Motion in Limine to Preclude the Use of Exhibits and Related Testimony Pertaining to the Industrial Health Foundation and Other Trade Groups;

- Ford Motor Company's Motion in Limine to Preclude Non-Friction Evidence;

- Weil-McLain's Motion in Limine to preclude medical and scientific articles, treatises, periodicals, or pamphlets.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:    /s/ Yvonne Takvorian Saville
       Yvonne Takvorian Saville, #3430

~ and ~

BARON & BUDD, P.C.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
Phone:  214/521-3605
Fax:  214/520-1181

*Attorneys for Plaintiffs*

Date:    January 12, 2007

EFiled: Jan 12 2007 1:17<del>PM</del> EST
Transaction ID 13444787



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

<u>IN RE ASBESTOS LITIGATION</u>

<u>Cote Trial Group</u>

Limited to:

| | | |
|---|---|---|
| WILLIAM GILBERT COTE | : | C.A. No. 05C-09-268 ASB |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |
| BARRY SMITH | : | C.A. No. 06C-02-265 ASB |

---

## ORDER

---

AND NOW, on this _____ day of _____, 2007, upon consideration of the

following Motions *in Limine*:

•     Borg-Warner Corporation's Motion in Limine to Limit or Exclude Documents of Certain

    Trade Associations and Related Testimony;

•     Borg-Warner Corporation's Motion in Limine to limit or exclude documents of the friction

    materials standard institute;

•     DaimlerChrysler Corporation's Motion In Limine To Preclude the Use of Exhibits and

    Related Testimony Pertaining to Non-Friction Asbestos Materials;

•     DaimlerChrysler Corporation's Motion In Limine On Medical and Scientific Treatises,

    Periodicals or Pamphlets, and Expert Interpretation Or Commentary Regarding Such

    Documents and Other "State-Of-The-Art" Documents

•     Ford Motor Company's Motion in Limine to Limit or Exclude Documents of Certain Trade

Associations and Related Testimony;

- Ford Motor Company's Motion in Limine to Preclude the Use of Exhibits and Related Testimony Pertaining to the Industrial Health Foundation and Other Trade Groups;

- Ford Motor Company's Motion in Limine to Preclude Non-Friction Evidence;

- Weil-McLain's Motion in Limine to preclude medical and scientific articles, treatises, periodicals, or pamphlets.

together with any response(s) thereto,

IT IS HEREBY ORDERED that such Motions are DENIED.

_____

**JUDGE PRESIDING**



EFiled: Jan 24 2007 11:48 AM EST
Transaction ID 13582251
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

<u>IN RE ASBESTOS LITIGATION</u>

<u>Cote Trial Group</u>

Limited to:

| | | |
|---|---|---|
| JOHN MILLER BASSETT | : | C.A. No. 05C-07-122 ASB |
| KENNETH RUDELL BEARD | : | C.A. No. 05C-11-158 ASB |
| VIRGIL LLOYD BRAUER | : | C.A. No. 05C-08-049 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |
| **WILLIAM GILBERT COTE** | : | **C.A. No. 05C-09-268 ASB** |
| HUGO GEORGE ENGEL | : | C.A. No. 05C-09-083 ASB |
| ARNOLD CHARLES EUDY | : | C.A. No. 05C-10-323 ASB |
| LYLE DAVIS FOLTZ | : | C.A. No. 05C-10-325 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| MOSCOE JACKSON KING, JR. | : | C.A. No. 05C-11-125 ASB |
| WILLIAM JOSEPH KOUNTZ | : | C.A. No. 06C-02-223 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| EUSTACHICO LUPONE | : | C.A. No. 05C-11-063 ASB |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| JOHN WALLACE SHELDON | : | C.A. No. 05C-08-206 ASB |
| BARRY SMITH | : | C.A. No. 06C-02-265 ASB |
| GEORGE THOMAS | : | C.A. No. 05C-11-106 ASB |

---

**PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS
IN LIMINE TO EXCLUDE THE TESTIMONY AND DEMONSTRATIVE
EXHIBITS OF DR. WILLIAM E. LONGO**

---

1.    Plaintiffs submit this Consolidated Response to Defendants' Motions in Limine to

Exclude the Testimony and Demonstrative Exhibits of Dr. William E. Longo, and respectfully

show the Court as follows:

**Plaintiffs Adopt Their Prior Responses Concerning
Dr. Longo's Testimony and Exhibits, and State of the Art Documents.**

2.    Multiple Defendants have filed objections to the testimony of and evidence from Dr.

Longo.[1]  Plaintiffs hereby adopt and incorporate by reference Plaintiffs' Consolidated Response

to Defendants' Motions in Limine Concerning the Testimony and Demonstrative Exhibits of Dr.

William Longo, and any exhibits thereto, Transaction ID 11606666.  Plaintiffs also hereby adopt

and incorporate by reference Plaintiffs' Consolidated Response to Motions in Limine on Medical

and Scientific Articles and Other "State of the Art" Documents and any exhibits thereto at Filing

ID 11605540.  Plaintiffs offer further argument below.

**Judge Davidson of the Texas MDL Has Recently Denied a
Similar Motion to Exclude Dr. Longo's Testimony.**

3.       In October of 2006, Judge Mark Davidson of the Texas MDL asbestos court denied a

similar motion to exclude Dr. Longo's testimony.  *See* Order dated Oct. 12, 2006, *Raines v.*

*Ametek, Inc., et al.*, No. 2005-14079, attached as Exhibit 1.  Judge Davidson explained:  "I am

convinced from the review of the record that the opinions expressed by Dr. Longo are within

published and peer-reviewed and mainstream scientific opinion and otherwise complies with the

*Daubert*...test[]."  Transcript dated Oct. 4, 2006, attached as Exhibit 2, at 10.  Judge Davidson's

decision is consistent with rulings by the vast majority of courts that have reviewed Dr. Longo's

testimony.

4.       Moreover, Judge Davidson's ruling confirms the lack of persuasive value held by

Defendants' favorite order: an interlocutory ruling issued in 2001 by the 6th Judicial District of

Lamar County, Texas that excluded Dr. Longo's testimony.  As discussed at length in Plaintiffs'

first adopted response, that order is so afflicted with factual error as to possess no persuasive

---

[1] Defendants refer to both Dr. Longo and his colleague, Mr. Richard Hatfield, collectively as "Longo" rather than the more cumbersome "Longo and Hatfield."  Plaintiffs here adopt the same nomenclature.

weight for this Court. Unsurprisingly, Defendants still fail to mention that the very study

criticized so harshly in the Lamar County order was subsequently published in a peer-reviewed

journal, completely undermining the Lamar County court's assessment of its scientific merit. *See*

Longo, et al., *Fiber Release During the Removal of Asbestos-Containing Gaskets: A Work*

*Practice Simulation*, APPLIED OCCUP. AND ENVTL. HYGIENE 17:55-62 (2002), attached as

Exhibit 21 to the adopted response.  Publication is "a significant indicia of the reliability of

scientific evidence" and has been called the "ultimate test of the integrity of an expert witness in

the scientific arena." *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 726-27

(Tex. 1996).

### Defendants' Citation to *Tyre V. CSX Transportation* Does Not Justify Exclusion of Dr. Longo's Testimony and Exhibits.

5.     Defendants' current papers also add a new citation, *Mary Ellen Tyre v. CSX*

*Transportation, Inc.*, Duval County, Florida, No. 16-2002-CA-4837, Div B.,[2] to support their

contention that Dr. Longo and his work should be barred from the courtroom.  Defendants miss

the point.  The *Tyre* court excluded Dr. Longo's studies after finding them not reliable as "an

asbestos fiber *counting* study if precision for the count is required." Ex. EE at 4 (emphasis

supplied).  Here, Plaintiffs do not offer Dr. Longo to quantify asbestos exposure.  The Longo

evidence is offered to demonstrate, among other things, the "pathway for exposure" of *any*

asbestos in an occupational setting, not the number of fibers a particular plaintiff was exposed to.

As Judge Davidson explained, the focus of Dr. Longo's testimony is on the extent to which

---

[2] The decision and order is attached as Exhibit EE to Crane Co.'s "Motion in Limine to Exclude Testimony, Videotapes, and Photographs of Studies Conducted by Dr. William Longo and Richard Hatfield."

products are "capable of [emitting] asbestos." Ex. 2 at 9. "Statistical precision is not necessary in order to qualify as an expert opinion." *Id.* at 5.

### Conclusion

6.    Plaintiffs respectfully request that the Court deny Defendants' Motions in Limine to Exclude the Testimony and Demonstrative Exhibits of Dr. William Longo.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:    /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430

~ *and* ~

BARON & BUDD, P.C.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
Phone:  214/521-3605
Fax:  214/520-1181

*Attorneys for Plaintiffs*

Date:    January 12, 2007

EFiled:  Jan 24 2007 11:48AM EST
Transaction ID 13582251
Case No. Multi-case

# Exhibit 1



CAUSE NO. ~~2004-07603~~

| | | |
|---|---|---|
| WILLIAM L. RAINES , SR. AND | § | IN THE DISTRICT COURT OF |
| BERNICE RAINES | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMETEK INC., ET AL. | § | 11th JUDICIAL DISTRICT |

*TRANSFERRED FROM*

CAUSE NO. 05CV0200

| | | |
|---|---|---|
| WILLIAM L. RAINES , SR. AND | § | IN THE DISTRICT COURT OF |
| BERNICE RAINES | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AMETEK INC., ET AL. | § | 122ND JUDICIAL DISTRICT |

### ORDER ON DEFENDANT WASHINGTON GROUP, INC.'S MOTION TO EXCLUDE THE TESTIMONY OF DR. WILLIAM LONGO AND TO EXCLUDE THE WORK PRACTICE STUDIES AND VIDEOTAPES OF MATERIAL ANALYTICAL SERVICES, INC.

Having considered Defendant Washington Group, Inc.'s Motion to Exclude the Testimony of Dr. William Longo and to Exclude the Work Practice Studies and Videotapes of Materials Analytical Services, Inc.; any Response thereto, any documents or other evidence on file herein, and after considering the arguments of counsel, the Court finds that the Motion is without merit and should be DENIED. It is therefore

ORDERED that Defendant Washington Group, Inc.'s Motion to Exclude the Testimony of Dr. William Longo and to Exclude the Work Practice Studies and Videotapes of Materials Analytical Services, Inc. is DENIED.

FILED

CHARLES BACARISSE
District Clerk

OCT 1 2 2006

Harris County, Texas

By_____
                    Deputy

SIGNED this the _____ day of _____, 2006.

OCT 1 2 2006

_____
JUDGE PRESIDING

EFiled:  Jan 24 2007 11:48 EST
Transaction ID 13582251
Case No. Multi-case

# Exhibit 2

1

```
1                    REPORTER'S RECORD

2                  VOLUME 1 OF 1 VOLUME

3              MDL TRIAL COURT CASE NO. 2005-14079

4

5    WILLIAM RAINES,   ET AL :  IN THE DISTRICT COURT OF

6    VS.                      :  HARRIS COUNTY, T E X A S

7    AMETEK, INC., ET AL   :  11TH  JUDICIAL  DISTRICT

8

9

10

11

12

13          ***************************

14                  P R E T R I A L

15          ***************************

16

17

18

19          The 4th day of October, 2006, the

20   following proceedings came on to be heard in the

21   above-entitled and numbered cause before the

22   Honorable Mark Davidson, MDL Judge presiding, held

23   in Houston, Harris County, Texas.

24          Proceedings reported by Machine

25   Shorthand.
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

2

```
 1                    A P P E A R A N C E S

 2

 3    Attorneys for the Plaintiff:

 4        MR. ALEX BARLOW
          MR. CLAY FOSTEL
 5        MR. DENMAN HEARD
          Heard Robins Cloud & Lubel
 6        500 Dallas, #3100
          Houston, Texas   77002
 7
          MR. RICHARD NEMEROFF
 8        4514 Cole Ave., #806
          Dallas, Texas   75205

 9

10    Attorneys for the Defendant, Washington Group
      International:
11
          MR. EDWARD HENNESSEY
12        MR. RANDY WILKINS
          Hennessey, Gardner & Barth
13        502 Caroline
          Houston, Texas   77002
14

15    Attorney for the Defendant, Carver Pump:

16        MR. WILLIAM FARRELL
          Cotton Farrell, PC
17        1010 Lamar, #860
          Houston, Texas   77002
18

19

20

21

22

23

24

25

                     TERRI W. ANDERSON
          201 CAROLINE, SUITE 945   HOUSTON, TEXAS   77002
```

file:///V|/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

3

```
1                P R O C E E D I N G S
2    October 4, 2006                 Motion to Strike
3             THE COURT:  To continue the pretrial,
4    I will now proceed to hear the Defendant's Motion
5    to Strike Dr. Longo as a witness.  Mr. Hennessey.
6             MR. HENNESSEY:  Judge, it is our
7    motion.  I don't know whether you want me to
8    repeat what I have already written.
9             THE COURT:  I have read the motion.
10            MR. HENNESSEY:  I don't have anything
11   to add to the motion.
12            THE COURT:  The filing of the motion
13   puts the burden on the plaintiff to go forward --
14            MR. HENNESSEY:  That is my
15   understanding.
16            THE COURT:  -- and present evidence.
17   We will proceed.
18            MR. BARLOW:  We did file a response
19   with evidence today that hopefully you have.
20            THE COURT:  Today?
21            MR. BARLOW:  Yes.  I tried to get a
22   copy delivered to you, but I don't know if it made
23   it back to you.  A courtesy copy.
24            THE COURT:  Let me go look.  I am
25   sorry.  I will be right back.
```

TERRI W. ANDERSON<br>201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

4

1            (PAUSE)

2            MR. BARLOW:  I can kind of walk you

3      through the response real quick.

4            THE COURT:  I can walk through it

5      pretty quick.

6            Now, Mr. Hennessey, your challenge is

7      to Dr. Longo's methodology and opinions and not to

8      qualifications, correct?

9            MR. HENNESSEY:  Qualifications I am

10      not going to address here.  Actually the relevancy

11      of the expert's opinion and whether or not the

12      expert's testimony assisted the trier of fact are

13      the main things.

14            As far as I am concerned, this

15      response, the way it is worded, grants my motion.

16      Their argument alone sets forth -- I will read it,

17      "At no point did Dr. Longo intend his studies to

18      represent the precise level of Plaintiff's

19      exposures to asbestos from Defendant's use of pipe

20      covering."  Why in the world is it relevant?  It

21      is nice and educational.  It is a nice academic

22      endeavor.

23            How is it going to help the jury

24      answer the question about whether this contractor,

25      who was there only a short number of years over

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

5

```
1    this man's 37-year work history, caused asbestos
2    to be put into the air in such quantities that
3    were more likely than not to cause mesothelioma?
4              THE COURT:  Well, I think their
5    response is going to be twofold.  One, that Texas
6    has not yet adopted the Lohiman factor which
7    require the frequency and the duration and an
8    amount of exposure to be something that is proven.
9              The second argument from what I have
10   seen so far they appear to be making is that
11   statistical precision is not necessary in order to
12   qualify as an expert opinion.  When a person
13   testifies in -- when an expert testifies in a
14   medical malpractice case, he doesn't have to
15   present statistical measurements of when
16   negligence would turn into non-negligence because
17   the opinions rendered are sufficient evidence.
18   You know at least in the area of med mal that to
19   be the case.  True?
20             MR. HENNESSEY:  I think that is
21   correct.
22             But again, you have taken a 37-year
23   work history.  This guy doesn't address any
24   portion of that work history.  Doesn't outline
25   anything about what this man would have been
```

                    TERRI W. ANDERSON
        201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

6

1    exposed to in the work site.  He just says, This

2    is what happens in a laboratory when I cut a piece

3    of pipe insulation.  This is what goes into the

4    air under my laboratory conditions.  That is

5    essentially what all this is.  That's what it is.

6              How is that relevant as to what this

7    man was doing, when he was doing it, where he was

8    doing it, or even the type of asbestos that he was

9    using?  We have mesothelioma here, Judge.  We all

10   know that is confined to certain types of

11   asbestos.

12             All we have is a dog and pony show

13   where they can show a cloud of dust, which isn't

14   even all asbestos dust.  It is just to show -- it

15   means nothing as far as causation is concerned.

16   It is just an attempt to put on some inflammatory

17   irrelevant evidence.

18             THE COURT:  Thank you.  Response.

19             MR. BARLOW:  Judge, the relevance of

20   Dr. Longo's testimony and his studies is to show

21   the pathway of exposure and also the potential for

22   exposure when the asbestos products in question in

23   this case are used.  That is relevant to a number

24   of things.  It is indeed relevant to causation.

25             But it is also relevant to a number of

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V:/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

7

1  other factors.  In order for there to be exposure

2  and for us to establish exposure, we have to

3  establish the manipulation of these products and

4  the way that they were manipulated would admit

5  asbestos fibers in the first place.  That is all

6  that Dr. Longo's studies start with.

7              He takes asbestos products.  He has

8  taken a number of different kinds of products.  In

9  this case we are talking about pipe insulation.

10 He uses them in standard practice.  Then he

11 measures the dust and the asbestos -- the asbestos

12 that is emitted when they are used in a standard

13 practice way and measures it.  He videos it.  He

14 does it in a controlled environment because

15 failure to do so would violate the law.

16             It is relevant because it establishes

17 a potential for exposure.  It will assist the jury

18 in seeing the pathway of the exposure.  It

19 establishes that there is visible dust and then

20 there is invisible dust.  The science, I think, is

21 undisputed that it is the invisible dust that

22 actually gets in the lung and causes the

23 mesothelioma, asbestosis, and all the other

24 asbestos-related diseases.

25             It also shows -- it establishes that

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

8

1    this product emits asbestos, therefore, it is a

2    potentially dangerous product.  The defendants in

3    this case when they used it needed to assert a

4    certain amount of care, such as warning people,

5    perhaps using industrial hygiene methods to

6    control dust.  So it goes not just to causation,

7    but to the negligence portion of the case.

8         It also goes to show the need to warn

9    because asbestos does not have onion properties.

10   Asbestos at dangerous levels in the absence of

11   Tyndall lighting is oftentimes invisible.  This

12   helps with all of those things.  It goes to

13   establish that you can be above the TLV and not be

14   seeing visible dust.

15        Dr. Longo's studies are very straight

16   forward.  They are peer reviewed.  His

17   methodologies are peer viewed.  They have been

18   published in the literature.  Every technique that

19   he uses from the phrase contrast microscopy to the

20   TEM, transmission electron microscopy, all of this

21   has been approved by government agencies both in

22   this country and abroad.  The use of the Tyndall

23   lighting is a standard operating procedure along

24   with the videotaping of the work practice studies

25   is the standard operating procedure of the EPA.

TERRI W. ANDERSON
201 CAROLINE, SUITE 945   HOUSTON, TEXAS   77002

9

1           So it is reliable, it is relevant, and

2      it is going to assist the finder of fact in this

3      case.

4           MR. HENNESSEY:  May I call your

5      attention to Page 4 of their response where it

6      begins "in the instant case", about midway through

7      the page, "Plaintiff will introduce evidence only

8      that Plaintiff's exposures to pipe covering

9      installed by the Defendant incurred as a result of

10     activities similar to those tested by Dr. Longo,

11     but will not represent that Dr. Longo's results

12     represent the exact levels of exposure experienced

13     by any one person, including the Plaintiff."

14           MR. BARLOW:  Judge --

15           THE COURT:  Let him finish, please.

16           MR. HENNESSEY:  How is it relevant

17     just to say there is dust in the air?  We can't

18     say how he has measured impacts this Plaintiff

19     that we want millions of dollars for.  But we just

20     want to put the dog and pony show up for

21     prejudicial reasons.  That's what this is.

22           THE COURT:  With all due respect, I

23     see the focus of the expert opinion to be focused

24     on the extent to which your client's product was

25     capable of admitting asbestos.  Without that, I am

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V|/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

10

1    not sure they have a case.  I am convinced from

2    the review of the record that the opinions

3    expressed by Dr. Longo are within published and

4    peer reviewed and main-stream scientific opinion

5    and otherwise complies with the Daubert and

6    Robinson tests.

7                MR. HENNESSEY:  Just for clarity, this

8    is not my client's product.  We are not a

9    manufacturer.

10               THE COURT:  They were the

11   installer/designer of the product.

12               MR. HENNESSEY:  We were not a

13   designer.

14               THE COURT:  Noted.  I will, therefore,

15   deny the motion.  With that, do I have a Remand

16   Order?

17               MR. BARLOW:  I believe so, Judge.

18               MR. WILKINS:  The motion on the

19   overruled Summary Judgment --

20               MR. BARLOW:  There is some confusion

21   on that.  I know that Ian Cloud from my office had

22   some discussion with you and I believe you told us

23   how to prepare the order.  We prepared it.  They

24   have some problems.

25               THE COURT:  I couldn't have been

                    TERRI W. ANDERSON
     201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

11

```
 1   clearer.  It is denied.  Mr. Cloud wanted to go

 2   into reasons and wanted to go into argument and I

 3   said, Denied.

 4              MR. BARLOW:  Can I show you the order?

 5              THE COURT:  Does it say anything other

 6   than denied?

 7              MR. BARLOW:  I should show it to you,

 8   Judge.

 9              THE COURT:  I know how to cross stuff

10   out.  I can do that.

11              MR. BARLOW:  I believe it is the

12   parties, that is the issue.

13              THE COURT:  There were lots of

14   parties.

15              MR. BARLOW:  It was denied as to some

16   and granted as to the ones where there was no

17   evidence presented.  I believe that is where some

18   of the confusion is.

19              MR. WILKINS:  Judge, there was --

20   limit the response.  There was some other evidence

21   attached about other defendants and other

22   instances he was exposed to this product.  They

23   aren't included in the ones they have here.  There

24   was other evidence attached in the response.

25              THE COURT:  Tell you what.  Just for
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V|/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

12

```
 1   once, I am going to let you-all know what it is
 2   like to be unwilling to get a judge to dismiss
 3   patently frivolous claims.  I will let you make
 4   your Motion to Dismiss any responsible third party
 5   that they can't come up with evidence of at the
 6   trial.  After all these years of proceeding
 7   against people, I am going to let you make your
 8   Motion for Directed Verdict, and it may well be
 9   granted in part.
10             The motion is denied.  Period.
11             Now, where is that Remand Order?
12             MR. BARLOW:  Judge, just so we make
13   our record for the Court, we object to that.
14             THE COURT:  You strenuously object to
15   my denial of the Summary Judgment?
16             MR. BARLOW:  Yes, Judge.
17             THE COURT:  There is a case currently
18   before the Texas Supreme Court where somebody is
19   seeking to mandamus me for denying a Summary
20   Judgment and asking for abatement of the case, and
21   you may well be joining them asking for an
22   abatement of this case pending the resolution of
23   your appeal of my denial of the Summary Judgment.
24             MR. BARLOW:  I am betting abatement is
25   not one of the remedies we seek, Judge.
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945   HOUSTON, TEXAS   77002

file:///V/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

13

```
 1              THE COURT:  I am betting it is not one

 2     the Supreme Court is going to grant.  Anything

 3     else?  I just need the order.

 4              MR. WILKINS:  Judge, I just have one

 5     quick thing.  In reading the transcript from, I

 6     think, yesterday, there was colloquy about where

 7     you-all are talking about admissions of the

 8     bankruptcy forms.  Well, Judge, even though it is

 9     an admission that doesn't prevent an objection to

10     hearsay within hearsay.  You said, No, it doesn't.

11     I don't know if that is a ruling on any issue that

12     we can't raise at the time of trial.

13              THE COURT:  As to depositions?

14              MR. WILKINS:  It was actually just

15     those claims forms that were attached to the

16     response for Summary Judgment is how it came up.

17     But in general they said, Judge, even though your

18     ruling that answers to interrogatories are

19     admissions, we can't object to hearsay within

20     hearsay.

21              THE COURT:  On interrogatories, you

22     can.  On admissions, you can.  On depositions and

23     on documents, you cannot.

24              MR. WILKINS:  The only point I want to

25     make is on admissions, they are not hearsay under
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

14

1    Rule 801.  They are not an exception to hearsay

2    under 801.

3            THE COURT:  I am sure Judge Ellisor is

4    well aware of that fact, and if he is not, I am

5    sure he will be able to handle that.

6            MR. WILKINS:  I thought we weren't

7    bound by that as a rule --

8            THE COURT:  Judge Ellisor is a fine

9    judge, and I am confident you will not have to

10   remind him that that is the law.

11           MR. WILKINS:  Thank you, Your Honor.

12           THE COURT:  I have signed the order.

13   Good luck in Galveston.  I will tell Judge Ellisor

14   this case is absolutely, positively going to

15   trial.

16

17           (HEARING CONCLUDED)

18

19

20

21

22

23

24

25

TERRI W. ANDERSON
201 CAROLINE, SUITE 945   HOUSTON, TEXAS   77002

15

```
 1   THE STATE OF TEXAS:

 2   COUNTY  OF  HARRIS:

 3              I, Terri W. Anderson, Official Court

 4   Reporter, 11th District Court, Harris County,

 5   Texas, certify that the above and foregoing

 6   contains a true and correct transcription of all

 7   portions of evidence and other proceedings

 8   requested in writing by counsel for the parties to

 9   be included in this volume of the Reporter's

10   Record, in the above-styled and numbered cause,

11   all of which occurred in open court or in

12   chambers, where indicated and were reported by me.

13              WITNESS MY OFFICIAL HAND this 4th

14   day of October, 2006.

15

16

17

18

19              _____
                Terri W. Anderson
20              Texas CSR #877
                Official Court Reporter
21              11th District Court
                Houston, Harris County, Tx.
22              201 Caroline, Suite 945
                Houston, Texas  77002
23

24

25
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

EFiled:  Jan 12 2007  1:50PM EST
Transaction ID 13445462

# Exhibit 1

2005-14079

CAUSE NO. ~~2004-07603~~

| | | |
|---|---|---|
| WILLIAM L. RAINES, SR. AND | § | IN THE DISTRICT COURT OF |
| BERNICE RAINES | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMETEK INC., ET AL. | § | 11th JUDICIAL DISTRICT |

*TRANSFERRED FROM*

CAUSE NO. 05CV0200

| | | |
|---|---|---|
| WILLIAM L. RAINES, SR. AND | § | IN THE DISTRICT COURT OF |
| BERNICE RAINES | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AMETEK INC., ET AL. | § | 122ND JUDICIAL DISTRICT |

## ORDER ON DEFENDANT WASHINGTON GROUP, INC.'S MOTION TO EXCLUDE THE TESTIMONY OF DR. WILLIAM LONGO AND TO EXCLUDE THE WORK PRACTICE STUDIES AND VIDEOTAPES OF MATERIAL ANALYTICAL SERVICES, INC.

Having considered Defendant Washington Group, Inc.'s Motion to Exclude the

Testimony of Dr. William Longo and to Exclude the Work Practice Studies and Videotapes

of Materials Analytical Services, Inc., any Response thereto, any documents or other

evidence on file herein, and after considering the arguments of counsel, the Court finds that

the Motion is without merit and should be DENIED. It is therefore

ORDERED that Defendant Washington Group, Inc.'s Motion to Exclude the

Testimony of Dr. William Longo and to Exclude the Work Practice Studies and Videotapes

of Materials Analytical Services, Inc. is DENIED.

FILED
CHARLES BACARISSE
District Clerk

OCT 1 2 2006

Harris County, Texas

By_____
Deputy

OCT 1 2 2006

SIGNED this the _____ day of _____, 2006.

_____
JUDGE PRESIDING

EFiled:  Jan 12 2007  1:50PM EST
Transaction ID 13445462

# Exhibit 2

1

1           REPORTER'S RECORD

2         VOLUME 1 OF 1 VOLUME

3      MDL TRIAL COURT CASE NO. 2005-14079

4

5   WILLIAM RAINES,   ET AL :   IN THE DISTRICT COURT OF

6   VS.                   :   HARRIS COUNTY, T E X A S

7   AMETEK, INC., ET AL    :   11TH  JUDICIAL  DISTRICT

8

9

10

11

12

13         ****************************

14              P R E T R I A L

15         ****************************

16

17

18

19         The 4th day of October, 2006, the

20   following proceedings came on to be heard in the

21   above-entitled and numbered cause before the

22   Honorable Mark Davidson, MDL Judge presiding, held

23   in Houston, Harris County, Texas.

24         Proceedings reported by Machine

25   Shorthand.


                    TERRI W. ANDERSON
          201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

2

```
 1              A P P E A R A N C E S

 2

 3    Attorneys for the Plaintiff:

 4        MR. ALEX BARLOW
          MR. CLAY FOSTEL
 5        MR. DENMAN HEARD
          Heard Robins Cloud & Lubel
 6        500 Dallas, #3100
          Houston, Texas  77002
 7
          MR. RICHARD NEMEROFF
 8        4514 Cole Ave., #806
          Dallas, Texas  75205

 9

10    Attorneys for the Defendant, Washington Group
      International:
11
          MR. EDWARD HENNESSEY
12        MR. RANDY WILKINS
          Hennessey, Gardner & Barth
13        502 Caroline
          Houston, Texas  77002
14

15    Attorney for the Defendant, Carver Pump:

16        MR. WILLIAM FARRELL
          Cotton Farrell, PC
17        1010 Lamar, #860
          Houston, Texas  77002

18

19

20

21

22

23

24

25
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

3

```
 1              P R O C E E D I N G S
 2   October 4, 2006              Motion to Strike
 3              THE COURT:  To continue the pretrial,
 4   I will now proceed to hear the Defendant's Motion
 5   to Strike Dr. Longo as a witness.  Mr. Hennessey.
 6              MR. HENNESSEY:  Judge, it is our
 7   motion.  I don't know whether you want me to
 8   repeat what I have already written.
 9              THE COURT:  I have read the motion.
10              MR. HENNESSEY:  I don't have anything
11   to add to the motion.
12              THE COURT:  The filing of the motion
13   puts the burden on the plaintiff to go forward --
14              MR. HENNESSEY:  That is my
15   understanding.
16              THE COURT:  -- and present evidence.
17   We will proceed.
18              MR. BARLOW:  We did file a response
19   with evidence today that hopefully you have.
20              THE COURT:  Today?
21              MR. BARLOW:  Yes. I tried to get a
22   copy delivered to you, but I don't know if it made
23   it back to you.  A courtesy copy.
24              THE COURT: Let me go look.  I am
25   sorry.  I will be right back.
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

4

```
1              (PAUSE)

2              MR. BARLOW:  I can kind of walk you

3     through the response real quick.

4              THE COURT:  I can walk through it

5     pretty quick.

6              Now, Mr. Hennessey, your challenge is

7     to Dr. Longo's methodology and opinions and not to

8     qualifications, correct?

9              MR. HENNESSEY:  Qualifications I am

10    not going to address here.  Actually the relevancy

11    of the expert's opinion and whether or not the

12    expert's testimony assisted the trier of fact are

13    the main things.

14             As far as I am concerned, this

15    response, the way it is worded, grants my motion.

16    Their argument alone sets forth -- I will read it,

17    "At no point did Dr. Longo intend his studies to

18    represent the precise level of Plaintiff's

19    exposures to asbestos from Defendant's use of pipe

20    covering."  Why in the world is it relevant?  It

21    is nice and educational.  It is a nice academic

22    endeavor.

23             How is it going to help the jury

24    answer the question about whether this contractor,

25    who was there only a short number of years over
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

5

```
 1    this man's 37-year work history, caused asbestos

 2    to be put into the air in such quantities that

 3    were more likely than not to cause mesothelioma?

 4              THE COURT:  Well, I think their

 5    response is going to be twofold.  One, that Texas

 6    has not yet adopted the Lohiman factor which

 7    require the frequency and the duration and an

 8    amount of exposure to be something that is proven.

 9              The second argument from what I have

10    seen so far they appear to be making is that

11    statistical precision is not necessary in order to

12    qualify as an expert opinion.  When a person

13    testifies in -- when an expert testifies in a

14    medical malpractice case, he doesn't have to

15    present statistical measurements of when

16    negligence would turn into non-negligence because

17    the opinions rendered are sufficient evidence.

18    You know at least in the area of med mal that to

19    be the case.  True?

20              MR. HENNESSEY:  I think that is

21    correct.

22              But again, you have taken a 37-year

23    work history.  This guy doesn't address any

24    portion of that work history.  Doesn't outline

25    anything about what this man would have been
```

file:///V:/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

6

1    exposed to in the work site.  He just says, This

2    is what happens in a laboratory when I cut a piece

3    of pipe insulation.  This is what goes into the

4    air under my laboratory conditions.  That is

5    essentially what all this is.  That's what it is.

6              How is that relevant as to what this

7    man was doing, when he was doing it, where he was

8    doing it, or even the type of asbestos that he was

9    using?  We have mesothelioma here, Judge.  We all

10   know that is confined to certain types of

11   asbestos.

12             All we have is a dog and pony show

13   where they can show a cloud of dust, which isn't

14   even all asbestos dust.  It is just to show -- it

15   means nothing as far as causation is concerned.

16   It is just an attempt to put on some inflammatory

17   irrelevant evidence.

18             THE COURT:  Thank you.  Response.

19             MR. BARLOW:  Judge, the relevance of

20   Dr. Longo's testimony and his studies is to show

21   the pathway of exposure and also the potential for

22   exposure when the asbestos products in question in

23   this case are used.  That is relevant to a number

24   of things.  It is indeed relevant to causation.

25             But it is also relevant to a number of

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V|/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

7

```
 1    other factors.  In order for there to be exposure
 2    and for us to establish exposure, we have to
 3    establish the manipulation of these products and
 4    the way that they were manipulated would admit
 5    asbestos fibers in the first place.  That is all
 6    that Dr. Longo's studies start with.
 7              He takes asbestos products.  He has
 8    taken a number of different kinds of products.  In
 9    this case we are talking about pipe insulation.
10    He uses them in standard practice.  Then he
11    measures the dust and the asbestos -- the asbestos
12    that is emitted when they are used in a standard
13    practice way and measures it.  He videos it.  He
14    does it in a controlled environment because
15    failure to do so would violate the law.
16              It is relevant because it establishes
17    a potential for exposure.  It will assist the jury
18    in seeing the pathway of the exposure.  It
19    establishes that there is visible dust and then
20    there is invisible dust.  The science, I think, is
21    undisputed that it is the invisible dust that
22    actually gets in the lung and causes the
23    mesothelioma, asbestosis, and all the other
24    asbestos-related diseases.
25              It also shows -- it establishes that
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945   HOUSTON, TEXAS   77002

8

1   this product emits asbestos, therefore, it is a

2   potentially dangerous product.  The defendants in

3   this case when they used it needed to assert a

4   certain amount of care, such as warning people,

5   perhaps using industrial hygiene methods to

6   control dust.  So it goes not just to causation,

7   but to the negligence portion of the case.

8              It also goes to show the need to warn

9   because asbestos does not have onion properties.

10  Asbestos at dangerous levels in the absence of

11  Tyndall lighting is oftentimes invisible.  This

12  helps with all of those things.  It goes to

13  establish that you can be above the TLV and not be

14  seeing visible dust.

15             Dr. Longo's studies are very straight

16  forward.  They are peer reviewed.  His

17  methodologies are peer viewed.  They have been

18  published in the literature.  Every technique that

19  he uses from the phrase contrast microscopy to the

20  TEM, transmission electron microscopy, all of this

21  has been approved by government agencies both in

22  this country and abroad.  The use of the Tyndall

23  lighting is a standard operating procedure along

24  with the videotaping of the work practice studies

25  is the standard operating procedure of the EPA.


                    TERRI W. ANDERSON
        201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

9

```
 1              So it is reliable, it is relevant, and
 2    it is going to assist the finder of fact in this
 3    case.
 4              MR. HENNESSEY:  May I call your
 5    attention to Page 4 of their response where it
 6    begins "in the instant case", about midway through
 7    the page, "Plaintiff will introduce evidence only
 8    that Plaintiff's exposures to pipe covering
 9    installed by the Defendant incurred as a result of
10    activities similar to those tested by Dr. Longo,
11    but will not represent that Dr. Longo's results
12    represent the exact levels of exposure experienced
13    by any one person, including the Plaintiff."
14              MR. BARLOW:  Judge --
15              THE COURT:  Let him finish, please.
16              MR. HENNESSEY:  How is it relevant
17    just to say there is dust in the air?  We can't
18    say how he has measured impacts this Plaintiff
19    that we want millions of dollars for.  But we just
20    want to put the dog and pony show up for
21    prejudicial reasons.  That's what this is.
22              THE COURT:  With all due respect, I
23    see the focus of the expert opinion to be focused
24    on the extent to which your client's product was
25    capable of admitting asbestos.  Without that, I am
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

10

1    not sure they have a case.  I am convinced from

2    the review of the record that the opinions

3    expressed by Dr. Longo are within published and

4    peer reviewed and main-stream scientific opinion

5    and otherwise complies with the Daubert and

6    Robinson tests.

7              MR. HENNESSEY:  Just for clarity, this

8    is not my client's product.  We are not a

9    manufacturer.

10             THE COURT:  They were the

11   installer/designer of the product.

12             MR. HENNESSEY:  We were not a

13   designer.

14             THE COURT:  Noted.  I will, therefore,

15   deny the motion.  With that, do I have a Remand

16   Order?

17             MR. BARLOW:  I believe so, Judge.

18             MR. WILKINS:  The motion on the

19   overruled Summary Judgment --

20             MR. BARLOW:  There is some confusion

21   on that.  I know that Ian Cloud from my office had

22   some discussion with you and I believe you told us

23   how to prepare the order.  We prepared it.  They

24   have some problems.

25             THE COURT:  I couldn't have been

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V|/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

11

1    clearer.  It is denied.  Mr. Cloud wanted to go
2    into reasons and wanted to go into argument and I
3    said, Denied.
4                MR. BARLOW:  Can I show you the order?
5                THE COURT:  Does it say anything other
6    than denied?
7                MR. BARLOW:  I should show it to you,
8    Judge.
9                THE COURT:  I know how to cross stuff
10   out.  I can do that.
11               MR. BARLOW:  I believe it is the
12   parties, that is the issue.
13               THE COURT:  There were lots of
14   parties.
15               MR. BARLOW:  It was denied as to some
16   and granted as to the ones where there was no
17   evidence presented.  I believe that is where some
18   of the confusion is.
19               MR. WILKINS:  Judge, there was --
20   limit the response.  There was some other evidence
21   attached about other defendants and other
22   instances he was exposed to this product.  They
23   aren't included in the ones they have here.  There
24   was other evidence attached in the response.
25               THE COURT:  Tell you what.  Just for

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V|/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

12

```
 1    once, I am going to let you-all know what it is

 2    like to be unwilling to get a judge to dismiss

 3    patently frivolous claims.  I will let you make

 4    your Motion to Dismiss any responsible third party

 5    that they can't come up with evidence of at the

 6    trial.  After all these years of proceeding

 7    against people, I am going to let you make your

 8    Motion for Directed Verdict, and it may well be

 9    granted in part.

10              The motion is denied.  Period.

11              Now, where is that Remand Order?

12              MR. BARLOW:  Judge, just so we make

13    our record for the Court, we object to that.

14              THE COURT:  You strenuously object to

15    my denial of the Summary Judgment?

16              MR. BARLOW:  Yes, Judge.

17              THE COURT:  There is a case currently

18    before the Texas Supreme Court where somebody is

19    seeking to mandamus me for denying a Summary

20    Judgment and asking for abatement of the case, and

21    you may well be joining them asking for an

22    abatement of this case pending the resolution of

23    your appeal of my denial of the Summary Judgment.

24              MR. BARLOW:  I am betting abatement is

25    not one of the remedies we seek, Judge.
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

13

```
 1            THE COURT:  I am betting it is not one

 2    the Supreme Court is going to grant.  Anything

 3    else?  I just need the order.

 4            MR. WILKINS:  Judge, I just have one

 5    quick thing.  In reading the transcript from, I

 6    think, yesterday, there was colloquy about where

 7    you-all are talking about admissions of the

 8    bankruptcy forms.  Well, Judge, even though it is

 9    an admission that doesn't prevent an objection to

10    hearsay within hearsay.  You said, No, it doesn't.

11    I don't know if that is a ruling on any issue that

12    we can't raise at the time of trial.

13            THE COURT:  As to depositions?

14            MR. WILKINS:  It was actually just

15    those claims forms that were attached to the

16    response for Summary Judgment is how it came up.

17    But in general they said, Judge, even though your

18    ruling that answers to interrogatories are

19    admissions, we can't object to hearsay within

20    hearsay.

21            THE COURT:  On interrogatories, you

22    can.  On admissions, you can.  On depositions and

23    on documents, you cannot.

24            MR. WILKINS:  The only point I want to

25    make is on admissions, they are not hearsay under
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

file:///V:/Depositions%20ptx%20formats/L/longo/Longo%20100406.txt

14

```
 1   Rule 801.  They are not an exception to hearsay
 2   under 801.
 3             THE COURT:  I am sure Judge Ellisor is
 4   well aware of that fact, and if he is not, I am
 5   sure he will be able to handle that.
 6             MR. WILKINS:  I thought we weren't
 7   bound by that as a rule --
 8             THE COURT:  Judge Ellisor is a fine
 9   judge, and I am confident you will not have to
10   remind him that that is the law.
11             MR. WILKINS:  Thank you, Your Honor.
12             THE COURT:  I have signed the order.
13   Good luck in Galveston.  I will tell Judge Ellisor
14   this case is absolutely, positively going to
15   trial.
16
17             (HEARING CONCLUDED)
18
19
20
21
22
23
24
25
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002

15

```
 1    THE STATE OF TEXAS:

 2    COUNTY  OF  HARRIS:

 3                    I, Terri W. Anderson, Official Court

 4    Reporter, 11th District Court, Harris County,

 5    Texas, certify that the above and foregoing

 6    contains a true and correct transcription of all

 7    portions of evidence and other proceedings

 8    requested in writing by counsel for the parties to

 9    be included in this volume of the Reporter's

10    Record, in the above-styled and numbered cause,

11    all of which occurred in open court or in

12    chambers, where indicated and were reported by me.

13                    WITNESS MY OFFICIAL HAND this 4th

14    day of October, 2006.

15

16

17

18

19                    _____

20                    Terri W. Anderson
                      Texas CSR #877
                      Official Court Reporter
21                    11th District Court
                      Houston, Harris County, Tx.
22                    201 Caroline, Suite 945
                      Houston, Texas  77002

23

24

25
```

TERRI W. ANDERSON
201 CAROLINE, SUITE 945  HOUSTON, TEXAS  77002



EFiled:  Jan 12 2007 10:54 EST
Transaction ID 13441099

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION          :
                                    :
*COTE TRIAL GROUP*                  :
    William Cote                :     C.A. No. : 05C-09-268
    John Sheldon                :     C.A. No. : 05C-08-206
    Moscoe King                 :     C.A. No. : 05C-11-125
    Charles Lentile             :     C.A. No. : 05C-11-256
    James Collins               :     C.A. No. : 06C-02-281
    William Kountz              :     C.A. No. : 06C-02-223
    Marlon Owens                :     C.A. No. : 06C-02-241
    Roland Grenier              :     C.A. No. : 05C-11-257
    Lyle Foltz                  :     C.A. No. : 05C-10-325
    Hugo Engel                  :     C.A. No. : 05C-09-083
    Virgil Brauer               :     C.A. No. : 05C-08-049
    Oliver Sandahl              :     C.A. No. : 05C-11-057
    Arnold Eudy                 :     C.A. No. : 05C-10-323
    William Modelewski          :     C.A. No. : 05C-09-192
    Kenneth Beard               :     C.A. No. : 05C-11-158
    John Bassett                :     C.A. No. : 05C-07-122
    Rollin Overstreet           :     C.A. No. : 05C-09-037
    Eustachico Lupone           :     C.A. No. : 05C-11-063
    George Thomas               :     C.A. No. : 05C-11-106
    Barry Smith                 :     C.A. No. : 06C-02-265

## DEFENDANTS' RESPONSE TO
## PLAINTIFFS' MOTION IN LIMINE AND MEMORANDUM CONTAINED THEREIN

**COME NOW** Defendants, by and through Defense Coordinating Counsel, and

hereby respond to Plaintiffs' Motion in Limine and Memorandum Contained Therein as

follows:

    1)    Plaintiffs have filed a motion seeking entry of an Order prohibiting

Defendants, their counsel, and their witnesses from mentioning, referring to, insinuating,

or directly or indirectly bringing before the jury any evidence or information concerning a number of evidentiary areas. Defendants will address each area.

2) First, Plaintiffs wish to prevent introduction or use of any evidence or testimony regarding a "memorandum concerning client preparation". Defendants are unable to respond to this request for exclusion of evidence or information as the evidence or information sought to be excluded has not been identified with sufficient specificity. It is unknown what is meant by a "memorandum concerning client preparation". It is not appropriate to put the burden on Defendants to seek some sort of preliminary ruling on admissibility of an evidentiary matter that has not even been fully identified or described. If and when each of these individual Plaintiffs identifies the specific evidentiary matter sought to be excluded and sets forth the grounds for such exclusion, Defendants can and will respond. Without waiving any further or future arguments Defendants may wish to present, Defendants state at this juncture that any item, information, or other evidentiary matter containing probative value outweighing any claim of prejudicial effect should be fully admissible at the trial of these maters.

3) Next, Plaintiffs wish to exclude any evidence, testimony, statement, or other use of information that Plaintiffs have received, are entitled to receive, or will in the future receive monies paid in the form of settlement by Defendants previously named in this matter and then voluntarily dismissed. However, Plaintiffs fail to recognize that the jury in these cases has a right to know and, indeed, must be told that there were additional Defendants and that they reached an amicable resolution of the claims against them with Plaintiffs. Defendants agree that the amounts of the settlements should not be disclosed to the jury. However, the fact that there were settlements must be disclosed.

4)      Third, Plaintiffs wish to exclude any evidence that Plaintiffs may have been exposed to other products, including other products which contained asbestos. The issue of causation of the asbestos-related injuries and diseases alleged in these cases is squarely before the jury. The jury must be permitted to hear about all exposures which may potentially have caused Plaintiffs' injuries, diseases, or alleged disabilities and/or limitations. The jury must determine the facts at issue. The lynchpin fact at issue is whether or not any alleged exposure was a proximate cause of the alleged injuries. It is impossible to determine that fact without knowing of all of the exposures. The interests of justice demand that the jury be afforded a full presentation of all exposures.

5)      Plaintiffs wish to exclude any evidence that Plaintiffs are not citizens of this State and that the exposures alleged did not occur in this State. The nature of an exposure, including its geographic location and factors specific to and/or peculiar about its geographic location is an important factor in determining whether the exposure is a proximate cause of the injury alleged. Likewise, the Plaintiffs' domicile is important in determining the issue of damages.

6)     Finally, Plaintiffs wish to exclude any evidence about any other unrelated prior or subsequent claims, suits, or settlements for the reason that such claims, suits or settlements would not be in any way material or relevant to this cause or the Plaintiffs'/Decedents' claims. This is not a request that can be addressed in a vacuum and it is not appropriate to put the burden on Defendants to seek some sort of preliminary ruling on admissibility. If and when each of these individual Plaintiffs identifies the specific evidentiary matter sought to be excluded and sets forth the grounds for such exclusion,

Defendants can and will respond. Without waiving any further or future arguments Defendants may wish to present, Defendants state at this juncture that any item, information, or other evidentiary matter containing probative value outweighing any claim of prejudicial effect should be fully admissible at the trial of these maters.

**WHEREFORE**, Defendants respectfully request that Plaintiffs' motion be denied.

Dated : January 12, 2007                        **RUFO ASSOCIATES, PA**

                                   By :  */S/ Loreto P. Rufo*
                                        Loreto P. Rufo
                                        Del. Bar I.D. : 2534
                                        Hockessin Village Center
                                        7217 Lancaster Pike, Suite F
                                        Hockessin, Delaware 19707
                                        Tel : 302.234.5900
                                        Defense Coordinating Counsel

EFiled: Jan 10 2007 1:23PM EST
Transaction ID 13409637

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JAMES DANIEL COLLINS and    :    C.A. No. 06C-02-281 ASB
MARY M. COLLINS,    :

   :

      Plaintiffs,    :

v.    :    NON-ARBITRATION

   :

METROPOLITAN LIFE INSURANCE    :
COMPANY, INC. et al.,    :

   :    JURY TRIAL OF TWELVE
      Defendants.    :    DEMANDED

## DEFENDANT CRANE CO., INC.'S MOTION TO DISMISS ALL CLAIMS AND CROSSCLAIMS

Defendant, Crane Company moves this Honorable Court pursuant to Superior Court Civil Rule 41(a) to dismiss all claims against it in the above captioned matter. In support of this Motion, Crane Company states as follows:

1.    Plaintiffs' counsel has stipulated and agreed to dismiss all claims against Crane Company on behalf of the Plaintiffs. Plaintiffs counsel executed a Stipulation of Dismissal on behalf of the Plaintiffs. A copy of the fully executed Stipulation is attached as "Exhibit A" and was filed with the Court on January 10, 2007.

2.    Having entered into a Stipulation for Dismissal, Crane Company moves the Court to enter an Order dismissing all Crossclaims against Crane Company in the above captioned matter, with each party bearing their own costs, if no party objects to the Motion on or before the next Omnibus Asbestos Hearing scheduled for Thursday, January 25, 2007.

WHEREFORE, Defendant Crane Company respectfully requests that this Court grant its Motion to Dismiss all Claims and Crossclaims.

Respectfully Submitted:

By: /s/**Nicholas E. Skiles**

Nicholas E. Skiles, Esquire (#3777)
300 Delaware Avenue
Suite 1130
Wilmington, DE 19899-0330
(302)656-5935 x35
Attorneys for Defendant Crane Co.

Dated: January 10, 2007

EFiled: Jan 10 2007 1:23PM EST
Transaction ID 13409637

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. 06C-02-281 ASB |
| | : | |
| Plaintiffs, | : | |
| v. | : | NON-ARBITRATION |
| | : | |
| METROPOLITAN LIFE INSURANCE COMPANY, INC. et al., | : | |
| | : | JURY TRIAL OF TWELVE |
| Defendants. | : | DEMANDED |

## ORDER

WHEREFORE, Defendant Crane Company's Motion to Dismiss all Claims and Crossclaims **IS HEREBY GRANTED**.

_____
J.

Dated:

EFiled: Jan 10 2007 1:23 EST
Transaction ID 13409637

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and<br>MARY M. COLLINS, | : | C.A. No. 06C-02-281 ASB |
| | : | |
| Plaintiffs, | : | |
| v. | : | NON-ARBITRATION |
| | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, INC. et al., | : | |
| | : | JURY TRIAL OF TWELVE |
| Defendants. | : | DEMANDED |

## STIPULATION FOR DISMISSAL WITHOUT PREJUDICE

IT IS HEREBY STIPULATED AND AGREED this _10th_ day of _January_,

200_7_, by and between the parties to this action, through the undersigned counsel and subject to

approval by the Court, that Plaintiffs' claims against Crane Co. are hereby dismissed without

prejudice. All parties are to bear their own costs.

WEISS & SAVILLE, P.A.                    SWARTZ CAMPBELL LLC

Yvonne Takvorian Seville, Esquire (#3430)   Nicholas E. Skiles, Esquire (#3777)
1220 Market Street                          300 Delaware Avenue, Suite 1130
Suite 604                                   P.O. Box 330
Wilmington, DE 19801                        Wilmington, DE 19899-0330
(302) 656-0400                              (302) 656-5935
Attorneys for Plaintiff                     Attorneys for Defendant
James and Mary Collins                      Crane Co.

EFiled: Jan 5 2007 2:48PM EST
Transaction ID 13362501

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION          :
                                    :
Limited to:                         :
                                    :
   James Collins                    :   C.A. No.: 06C-02-281

## ORDER

IT IS HEREBY ORDERED on this_____day of_____, 2007, that

Defendant Hennessy Industries, Inc's Motion in Limine to exclude argument or evidence of

liability for or a duty related to another company's product is HEREBY GRANTED.

_____
J.

G:\Docs\CLIENT\80514\16914\order\00376369.DOC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

<u>IN RE:  ASBESTOS LITIGATION</u>   :
Limited to:         :
            :
**James Collins**       :  **C.A. No.: 06C-02-281**
            :

### DEFENDANT HENNESSY INDUSTRIES MOTION IN LIMINE TO EXCLUDE ARGUMENT OR EVIDENCE OF LIABILITY FOR OR A DUTY RELATED TO <u>ANOTHER COMPANY'S PRODUCTS</u>

Defendant Hennessy Industries, Inc., as successor-in-interest to Ammco Tools, Inc., (hereafter "Hennessy"), by its below-signed counsel, moves this Court for an Order in Limine to exclude argument or evidence of liability for products not manufactured by Hennessy.  In support thereof, it states:

1. In Delaware, a manufacturer's duty to warn of potential danger of **its** product is dependent on whether **it** had knowledge of the hazards associated with **its** product.  (emphasis added).  <u>In Re: Asbestos Litigation</u>: 799 A.2d 1151, 1153 (Del.2002).

2. Pursuant to the Delaware Rules of Evidence, D.R.E. 402, testimony and evidence regarding Ammco's knowledge regarding brake shoes is irrelevant as to the imposition of a duty to warn.  It does not matter whether Ammco knew brake shoes contained asbestos. Ammco's duty to warn users of its brake shoe grinder was a duty to warn of dangers related to the grinder itself (i.e., parts that pinch, parts that are loose, parts that get hot, whether the grinder needed to be bolted down, etc.).

3.  There is no duty to warn of another company's products under Washington law. Bich v. General Electric Company, 614 P.2d 1323, 1328 (Wash. App. 1980).

4.  Ammco brake shoe grinders never contained asbestos; they were not asbestos-containing products.

5.  Ammco brake shoe grinders did not depend upon asbestos-containing products in order to function.

6.  Ammco brake shoe grinders did not have asbestos-containing component parts.

7.  Any duty to warn of the dangerous nature of asbestos-containing brake shoes would have belonged to brake manufacturers, designers, and suppliers, who placed the brakes into the stream of commerce.

8.  Ammco did not place brakes into the stream of commerce.

9.  Any duty to warn of the dangers of manipulating brake shoes belonged to the manufacturers, designers, and suppliers of the brake shoes.

10.  Pursuant to D.R.E. 403, the value of any testimony or evidence relating to a duty to warn of other companies' products would be substantially outweighed by the prejudice to Hennessy.  The Ammco brake shoe grinder is not and was not an asbestos-containing product.  To present evidence or testimony that attempts to place a duty to warn of the dangers of asbestos on Hennessy for a tool that did not contain asbestos would irreparably harm the defendant.

11.  Further, testimony or evidence attempting to somehow link an asbestos-free tool with an entirely different product manufactured by an entirely different company would unduly confuse and mislead the jury.

12.  Such a manufactured and misleading link between two entirely different products and companies would necessarily prejudice Hennessy beyond repair under D.R.E. 403.

WHEREFORE, the Defendant Hennessy Industries, Inc., as successor-in-interest to Ammco Tools, Inc., respectfully requests that this Honorable Court enter an Order in limine prohibiting the Plaintiff and his counsel from offering before the jury any allegation, argument, or evidence that Hennessy had a duty to warn of another company's product.

Respectfully submitted,

ELZUFON, AUSTIN, REARDON,
TARLOV AND MONDELL, P.A.

/s/ Penelope B. O'Connell
PENELOPE B. O'CONNELL (#4898)
300 Delaware Avenue, 17th Floor
P. O. Box 1630
Wilmington, DE 19899
(302) 428-3181
Attorney for Defendant
Hennessy Industries, Inc.,
As Successor-in-Interest to
Ammco Tools, Inc.

January 5, 2007
G:\Docs\CLIENT\80514\16914\motions\00375420.DOC

EFiled: Jan 5 2007 9:15A
Transaction ID 13355968

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **IN RE ASBESTOS LITIGATION** | ) | |
| | ) | |
| JAMES DANIEL COLLINS | ) | C.A. No.: 06C-02-281 ASB |
| MARLON CLARENCE OWENS | ) | C.A. No.: 06C-02-241 ASB |
| ROLAND LEO GRENIER | ) | C.A. No.: 05C-11-257 ASB |
| OLIVER EDWARD SANDAHL | ) | C.A. No.: 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | ) | C.A. No.: 05C-11-256 ASB |
| ROLLIN JAMES OVERSTREET | ) | C.A. No.: 05C-09-037 ASB |
| | ) | |

### ORDER

**AND NOW**, upon consideration of Defendant, General Motors Corporation's, Motion *In Limine* To Preclude Testimony and Evidence That a Single Fiber of Asbestos or Any Level of Exposure At or Below Background Can Cause Mesothelioma, and all responses thereto,

**IT IS HEREBY ORDERED** this _____ day of _____, 2007, that the aforesaid Motion is **GRANTED**.

_____
Judge

4

EFiled: Jan 5 2007 9:15A
Transaction ID 13355968

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **IN RE ASBESTOS LITIGATION** | ) | |
| | ) | |
| JAMES DANIEL COLLINS | ) | C.A. No.: 06C-02-281 ASB |
| MARLON CLARENCE OWENS | ) | C.A. No.: 06C-02-241 ASB |
| ROLAND LEO GRENIER | ) | C.A. No.: 05C-11-257 ASB |
| OLIVER EDWARD SANDAHL | ) | C.A. No.: 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | ) | C.A. No.: 05C-11-256 ASB |
| ROLLIN JAMES OVERSTREET | ) | C.A. No.: 05C-09-037 ASB |

### DEFENDANT, GENERAL MOTORS CORPORATION'S, MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EVIDENCE THAT A SINGLE FIBER OF ASBESTOS OR ANY LEVEL OF EXPOSURE AT OR BELOW BACKGROUND CAN CAUSE MESOTHELIOMA

1.      Defendant, General Motors Corporation ("General Motors"), moves this Court *in*

*limine* to preclude any purported expert testimony or other evidence claiming that a "single fiber"

of asbestos or any level of asbestos at or below background can cause or increase the risk of

mesothelioma.  Such evidence should be excluded because:  (1) Plaintiffs will not present

evidence that a specific fiber from products to which any Plaintiff was exposed to caused or

contributed to the Plaintiffs' alleged development of asbestosis; (2) such evidence is speculative

and lacks any scientific or factual basis; (3) the introduction of such evidence asks the jury to

speculate, in the absence of any evidence, that a single fiber of asbestos or any level of exposure

at or below background might have caused Plaintiffs' mesothelioma; and (4) the potential

prejudice from such evidence far outweighs any possible probative value.

2.      Plaintiffs, as part of their attempt to establish causation of mesothelioma for each

Plaintiff in these cases, propose to offer a series of experts, including, but not limited to Dr.

Frank, Dr. Lemen and Dr. Dikman, who propose to testify in various forms that exposure to any

level of asbestos, including a single fiber, was a specific cause of the Plaintiffs' mesothelioma.

3.    For example, Dr. Lemen may testify that "any exposure to asbestos fiber is unsafe; each exposure is medically significant; and there are no safe levels of exposure." (Plaintiffs' Witness and Exhibit List filed April 3, 2003 (E-filing ID No. 10950729) at ¶1). This same listing states that Dr. Lemen "may testify that there is no known safe level of exposure to asbestos." *Id.* Likewise, in the same listing, it is noted that "Dr. Dikman may testify that all exposures are substantial contributing factors to an individual's disease." *Id.* In essence, these witnesses have made no attempt to quantify Plaintiffs' alleged exposure to General Motors friction products.

4.    This Court, in fact, has already rejected this position in prior litigation. In *In re: Asbestos Litigation: Pate Trial Group*, the Court found that Plaintiffs could not "establish reliability by a preponderance of the evidence that a single fiber of asbestos can cause disease and that there is no threshold of exposure that is necessary." (May 9, 2006 Transcript, pp. 178-180) (Exhibit A). Plaintiffs have not come forward with any evidence to contradict this holding and should not be permitted to attribute any exposure, no matter how slight, as a cause of Plaintiffs' mesothelioma.

5.    Accordingly, this Motion requests that the Court preclude from trial the opinion of Plaintiffs' experts that each and every exposure, even at background or below, caused Plaintiffs' mesothelioma because the specific causation opinions of the referenced experts do not satisfy the scientific reliability standard required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and adopted by the Delaware Supreme Court in *M.G. Bancorporation, Inc. v. Le Beau,* 737 A.2d 513 (Del. 1999).

2

WHITE AND WILLIAMS

**CHRISTIAN J. SINGEWALD (#3542)**
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 654-0424
Attorneys for Defendant,
General Motors Corporation

Date:   January 5, 2007

EFiled: Jan 5 2007 9:15A EST
Transaction ID 13355968

# Exhibit A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION )
                              )
PATE TRIAL GROUP         )
                                )
                                )
ROBERT ROZENBOOM,     ) C.A. No. 05C-05-270
GEORGE JURGENS,       ) C.A. No. 05C-05-273
MARK SMITH,           ) C.A. No. 05C-05-302
LYLE WOOLSTON         ) C.A. No. 05C-06-176

BEFORE:  THE HONORABLE JOSEPH R. SLIGHTS, III

APPEARANCES:

        IAN CONNOR BIFFERATO, ESQ.
        GARVAN F. McDANIEL, ESQ.
        BIFFERATO, GENTILOTTI BIDEN & BALICK, L.L.C.
          Attorneys for Plaintiffs

        WILLIAM A. KOHLBURN, ESQ.
        THEODORE GIANARIS, ESQ.
        BART FRENCH, ESQ.
        SHANE F. HAMPTON, ESQ.
        M. CODY FAVILLA, ESQ.
        SIMMONS-COOPER LLC
          Attorneys for Plaintiffs

                           Appearances cont'd...

- - - - -
MAY 9, 2006
PRETRIAL CONFERENCE/MOTIONS IN LIMINE
- - - - -

THOMAS E. MAURER, RPR
SUPERIOR COURT OFFICIAL REPORTER
NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 2609
WILMINGTON, DELAWARE  19801-3725
(302) 255-0566

178

1    and it's also in rulings that we had cited to the

2    Court.

3           MR. KOHLBURN:  And the only thing I would

4    add is that what we anticipate from our experts is

5    consistent with what I've said that they would say,

6    that theoretically one fiber could cause the disease

7    at the cellular level.  And we would, you know, they

8    would, the experts who testified on this that this is

9    what happens at the cellular level, one fiber does

10   disrupt a cell and the tumor grows from that.  We do

11   not anticipate that there are going to say that

12   that's what happened in any one of these particular

13   cases, or that we are going to make the argument or

14   take the position that, you know, one particular

15   fiber caused anyone's disease.

16          THE COURT:  All right.  I will admit that

17   the record before me in this case is limited in the

18   context of this particular motion.  But because I

19   don't want to develop a record with a lengthy

20   proceeding that at best it's going to show me that

21   the state of the record in this case is as it is in

22   all cases, because that's what I assume will occur.

23          I am not yet convinced that the plaintiffs

179

1    can establish reliability by a preponderance of the

2    evidence for the theory that a single fiber of

3    asbestos can cause disease and that there is no

4    threshold of exposure that is necessary.  And in the

5    absence of that foundation, I'm going to grant the

6    motion now on the single issue of whether a

7    plaintiff's expert can say to the jury that a single

8    fiber of asbestos can cause, in this instance can

9    cause mesothelioma.  That in no way forecloses a

10    cumulative exposure theory that indicates that every

11    exposure to asbestos must be considered in

12    determining whether or not exposure has caused the

13    disease.

14          And so my sense is that this ruling is

15    probably at the end of the day in these cases not

16    going to substantially affect the presentation,

17    because I suspect that that's really what these

18    experts, the essence of what they're going to say.

19    And that the single fiber theory in this case at

20    least would have been used simply to illustrate that

21    point perhaps more graphically or vividly than it

22    might be illustrated without making that point.  But

23    that the point of cumulative exposure can still be

180

1    made in a sufficiently effective way to allow the

2    plaintiffs to make their case on causation.

3            I just don't have -- everything that I know

4    now in the information that I have does not allow me

5    to make the conclusion even by a preponderance of the

6    evidence yet that that is a reliable testimony.

7            MR. KOHLBURN:  And just to make sure we're

8    clear on the scope of the ruling, we're still okay

9    with the biomedical explanation of one cell starts

10   the tumor growing as background for the jury on the

11   disease?

12           THE COURT:  Yeah.  I didn't see that as

13   being encompassed within the motion that's been

14   filed; is that correct?

15           MR. PRICE:  I'll let Mr. Ostertag respond to

16   that one, since he's approaching.

17           MR. OSTERTAG:  That wasn't the subject of

18   the motions.

19           THE COURT:  All right.  Fair enough.  Thank

20   you.

21           Okay.  The next one is late disclosed expert

22   witness Fred Nelson, is that still at issue, the

23   motion to preclude Fred Nelson?



EFiled: Jan 4 2007 4:18P
Transaction ID 13349443

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION                    :

**COTE TRIAL GROUP**                          :

| | | |
|---|---|---|
| WILLIAM GILBERT COTE | : | C.A. No. 05C-09-268 ASB |
| VIRGIL LLOYD BRAUER | : | C.A. No. 05C-08-049 ASB |
| JOHN MILLER BASSETT | : | C.A. No. 05C-07-122 ASB |
| ROLLIN JAMES OVERSTREET | : | C.A. No. 05C-09-037 ASB |
| JOHN WALLACE SHELDON  : | C.A. No. 05C-08-206 ASB | |
| HUGO GEORGE ENGEL | : | C.A. No. 05C-09-083 ASB |
| WILLIAM JOSEPH MODELEWSKI | : | C.A. No. 05C-09-192 ASB |
| ARNOLD CHARLES EUDY | : | C.A. No. 05C-10-323 ASB |
| MOSCOE JACKSON KING, JR. | : | C.A. No. 05C-11-125 ASB |
| OLIVER EDWARD SANDAHL | : | C.A. No. 05C-11-057 ASB |
| KENNETH RUDELL BEARD | : | C.A. No. 05C-11-158 ASB |
| GEORGE LEROY THOMAS | : | C.A. No. 05C-11-106 ASB |
| LYLE DAVIS FOLTZ | : | C.A. No. 05C-10-325 ASB |
| EUSTACHICO LUPONE | : | C.A. No. 05C-11-063 ASB |
| CHARLES CHRISTOPHER LENTILE | : | C.A. No. 05C-11-256 ASB |
| ROLAND LEO GRENIER, SR. | : | C.A. No. 05C-11-257 ASB |
| WILLIAM JOSEPH KOUNTZ | : | C.A. No. 06C-02-223 ASB |
| MARLON CLARENCE OWENS | : | C.A. No. 06C-02-241 ASB |
| BARRY GORDON SMITH | : | C.A. No. 06C-02-265 ASB |
| JAMES DANIEL COLLINS | : | C.A. No. 06C-02-281 ASB |

**PLAINTIFFS' MOTION IN LIMINE AND
MEMORANDUM CONTAINED THEREIN**

COME NOW Plaintiffs in the above-referenced and numbered cause and file this their Motion in

Limine and Memorandum Contained Therein, and respectfully move the Court as follows:

I.

To instruct Defendants and Defendants' counsel not to mention, refer to, insinuate, or bring before

the jury, directly or indirectly, on *voir dire* examination, reading of the pleadings, statement of the case,

interrogation of witnesses, argument, objections before the jury, or in any other manner, any of the matters

set forth below, unless and until such matters have first been called to the Court's attention out of the presence

and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and

relevance of such matters.

II.

To instruct Defendants' counsel to inform all witnesses called by Defendants not to mention in the presence or hearing of the jury any of the below-listed matters, unless and until specifically permitted to do so by a ruling of the Court.

III.

To instruct counsel for Defendants that failure to abide by such order of the Court may constitute contempt of court.

This motion is made on the grounds that violation of any or all of these instructions would cause great harm to Plaintiffs' cause and would deprive Plaintiffs of a fair and impartial trial.

The matters referred to herein and above are as follows:

1.    To prevent Defendants and Defendants' counsel from making any statements regarding a memorandum concerning client preparation.

2.    That Plaintiffs/Decedents have received, have been entitled to receive, or will in the future receive monies paid to Plaintiffs/Decedents in settlement by all Defendants previously named herein which were voluntarily dismissed by Plaintiffs/Decedents.

3.    Plaintiffs anticipate that Defendants may seek to introduce evidence that Plaintiffs were exposed to products that may or may not have contained asbestos or products manufactured, sold and/or distributed by Defendants who have been dismissed and/or settled.  Plaintiffs request that Defendant be instructed not to refer to such evidence before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or in any other manner, unless and until the Court determines, out of the presence and hearing of the jury, that such evidence is relevant and admissible.

4.    That any Plaintiffs/Defendants are not a citizen or a resident of the State of Delaware or was not exposed to asbestos in Delaware.

5.    That Plaintiffs/Decedents may have other unrelated prior or subsequent claims, suits, or

settlements, for the reason that such claims, suits or settlements would not be in any way material or relevant to this cause or the Plaintiffs'/Decedents' claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be ordered to refrain from any comment, allusion, question, suggestion, or reference to any of the subject matters or areas as specified above.  Plaintiffs also request all other relief to which they may be entitled.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**

By:    /s/ Yvonne Takvorian Saville
      Yvonne Takvorian Saville, #3430
      1220 North Market Street, Suite 604
      P.O. Box 370
      Wilmington, DE  19899
      Telephone:    (302) 656-0400
      Facsimile:    (302) 656-5011
      Attorney for Plaintiff

Date:   January 4, 2007

EFiled: Jan 4 2007 4:18P[...]
Transaction ID 13349443

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION            :
                                      :
**COTE TRIAL GROUP**                  :
                                      :
WILLIAM GILBERT COTE                  :   C.A. No. 05C-09-268 ASB
VIRGIL LLOYD BRAUER                   :   C.A. No. 05C-08-049 ASB
JOHN MILLER BASSETT                   :   C.A. No. 05C-07-122 ASB
ROLLIN JAMES OVERSTREET               :   C.A. No. 05C-09-037 ASB
JOHN WALLACE SHELDON    :   C.A. No. 05C-08-206 ASB
HUGO GEORGE ENGEL                     :   C.A. No. 05C-09-083 ASB
WILLIAM JOSEPH MODELEWSKI             :   C.A. No. 05C-09-192 ASB
ARNOLD CHARLES EUDY                   :   C.A. No. 05C-10-323 ASB
MOSCOE JACKSON KING, JR.              :   C.A. No. 05C-11-125 ASB
OLIVER EDWARD SANDAHL                 :   C.A. No. 05C-11-057 ASB
KENNETH RUDELL BEARD                  :   C.A. No. 05C-11-158 ASB
GEORGE LEROY THOMAS                   :   C.A. No. 05C-11-106 ASB
LYLE DAVIS FOLTZ                      :   C.A. No. 05C-10-325 ASB
EUSTACHICO LUPONE                     :   C.A. No. 05C-11-063 ASB
CHARLES CHRISTOPHER LENTILE   :   C.A. No. 05C-11-256 ASB
ROLAND LEO GRENIER, SR.               :   C.A. No. 05C-11-257 ASB
WILLIAM JOSEPH KOUNTZ                 :   C.A. No. 06C-02-223 ASB
MARLON CLARENCE OWENS                 :   C.A. No. 06C-02-241 ASB
BARRY GORDON SMITH                    :   C.A. No. 06C-02-265 ASB
JAMES DANIEL COLLINS                  :   C.A. No. 06C-02-281 ASB

### ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE

CAME ON TO BE HEARD *Plaintiffs' Motion in Limine* on five (5) separate issues listed

in Plaintiffs' Motion. The Court having considered the Motion, any response filed thereto, and the

arguments of counsel, has determined that some or all of the relief sought therein is meritorious,

and rules as follows without prejudice to the rights of any party to seek reconsideration of these

rulings by the trial judge:

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED as to each of the issues

raised in Plaintiffs' Motion in Limine as follows:

| NO. | GRANTED | DENIED | DEFERRED TO TRIAL JUDGE | DESCRIPTION |
|---|---|---|---|---|
| 1 | | | | To prevent Defendants and Defendants' counsel from making any statements regarding a memorandum concerning client preparation. |
| 2 | | | | That Plaintiffs/Decedents have received, been entitled to receive, or will in the future receive the monies paid to Plaintiffs/Decedents in settlement by all Defendants previously named herein which were voluntarily dismissed by Plaintiffs. |
| 3 | | | | Defendant not introduce evidence that Plaintiffs were exposed to other products that may or may not have contained asbestos. |
| 4 | | | | That any Plaintiffs/Decedents are not a citizen or a resident of the State of Delaware or was exposed in Delaware. |
| 5 | | | | That Plaintiffs/Decedents may have other unrelated prior or subsequent claims, suits, or settlements, for the reason that such claims, suits or settlements would not be in any way material or relevant to this cause or the Plaintiffs'/Decedents' claims. |

SIGNED this _____ day of _____, 2007.


_____
PRESIDING JUDGE

EFiled: Jan 4 2007 3:01P...
Transaction ID 13347413

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

**IN RE ASBESTOS LITIGATION**

| | | |
|---|---|---|
| JAMES DANIEL COLLINS | ) | C.A. No. 06C-02-281 ASB |
| MARLON CLARENCE OWENS | ) | C.A. No. 06C-02-241 ASB |
| ROLAND LEO GRENIER | ) | C.A. No. 05C-11-257 ASB |
| OLIVER EDWARDS SANDAHL | ) | C.A. No. 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | ) | C.A. No. 05C-11-256 ASB |
| ROLLIN JAMES OVERSTREET | ) | C.A. No. 05C-09-037 ASB |

**DEFENDANT, GENERAL MOTORS CORPORATION'S,**
**MOTION IN LIMINE CONCERNING TRIAL CONDUCT**

Defendant, General Motors Corporation ("GM"), hereby requests this Court to instruct

counsel for all parties as follows:

1.      No party shall refer to or elicit testimony from any witness regarding the claims of

non-parties for alleged asbestos-related disease, as such references would only inflame the jury,

create unfair prejudice and confuse the issues.

2.      No party shall cite to or elicit testimony from any witness which implies or states

that asbestos was the cause of death or disease in any of Plaintiffs' co-workers, Plaintiffs' family

members or product identification witnesses, if any. Such references are not relevant and would

only serve to inflame the jury and confuse the issues.

3.      No party shall refer to or elicit testimony from any witness regarding "the

multitude of asbestos cases" or the like. Such references are not relevant and would only serve to

inflame the jury and confuse the issues.

4.      No party shall refer to or elicit testimony from any witness regarding the fact that

there have been in the past, or are now presently, claims or lawsuits pending against any

Defendant concerning any asbestos-related disease.

5.    No reference shall be made to or testimony elicited from any witness regarding the fact that any of the Defendants have settled cases in the past or the number of cases which a particular Defendant has settled in the past.

6.    No reference shall be made to or testimony elicited from any witness regarding whether a particular witness has a lawsuit pending against or previously settled a lawsuit with any Defendant in this action.

7.    No reference shall be made to or testimony elicited from any witness regarding the contents of newspaper articles, magazine articles, television programs or any media coverage whatsoever of any facet of asbestos or asbestos-related disease.

8.    No reference shall be made to or testimony elicited from any witness regarding asbestos or asbestos-containing products as a nationwide cause of death or a national health crisis. Moreover, these persons occupationally exposed to asbestos shall not be referred to as "victims."

9.    No reference shall be made to or testimony elicited from any witness regarding the current methods or equipment used in removing or containing asbestos in terms such as "space suits" or other similar terms, as these references have no relevance to the exposure of the subject Plaintiffs.

10.    No references, statements, claims or allegations shall be made or testimony elicited from any witness regarding the fact that Plaintiffs will not be able to recover damages from non-parties, as these references could cause the jury to decline to apportion fault to non-parties despite contrary evidence.

11. No reference shall be made or testimony elicited from any witness regarding any duty owed by the Defendants that is not recognized or imposed under applicable state or federal law.

12. Testimony from co-workers shall be limited to the types of products and environment present while the co-workers were working with Plaintiffs.

13. Testimony by lay witnesses shall not include any references to or statements regarding the witness' diagnoses or information provided by medical doctors.

14. Testimony by Plaintiffs' spouses and family members regarding their own personal concerns, fears or emotional distress shall be precluded as irrelevant in the instant suit, which involves only Plaintiffs' claims for their asbestos-related disease. Such testimony would be unduly prejudicial and bear no relevance; thus, it should be excluded pursuant to D.R.E. 802 and 403.

15. Testimony about litigation unrelated to GM or its vehicles shall not be permitted.

16. Delaware Rule of Evidence 403 permits the Court to exclude any evidence if its probative value is substantially outweighed by the probability that its submission will cause unfair prejudice, confuse the issues, or mislead the jury. GM respectfully requests the Court to direct all counsel and parties to abstain from any comment, argument or eliciting testimony referencing any of the items enumerated above.

17. GM respectfully requests the Court to direct all counsel and parties to conduct themselves in the manner described in the items enumerated below.

18. In the event that any party settles with Plaintiffs after the commencement of trial, Plaintiffs are required to notify all other parties as soon as practicable, and no later than the recommencement of trial on the succeeding trial day after agreement is reached. Notification

- 3 -

may be accomplished by announcing the settlement to the Court, with all counsel present and if appropriate, to the jury. Plaintiffs must also inform all counsel of the type of settlement and the type of release,

19.     Parties, without leave of the Court, are precluded from calling any witness who was not previously identified on their witness and exhibit lists in accordance with the Court's Pre-trial Orders.

20.     Parties are precluded from offering into evidence any exhibit not previously identified on their witness and exhibit lists in accordance with the Court's Pre-Trial Orders.

21.     Each party will provide other counsel with a sufficient opportunity to examine exhibits, videotapes and transcripts prior to these items being mentioned in front of the jury or introduced as evidence.

22.     GM respectfully requests that the Court, prior to trial, issue a ruling that an objection made by one Defendant is joined by all Defendants unless counsel specifically states otherwise.

**WHEREFORE**, the Defendant, General Motors Corporation, respectfully requests that this Court instruct all parties regarding the conduct cited above.

- 4 -

WHITE AND WILLIAMS LLP

*Chris Singewald*

**CHRISTIAN J. SINGEWALD (#3542)**
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 654-0424
Attorney for Defendant,
General Motors Corporation

DATE:  January 4, 2007

WILDMS 138858v.1

EFiled: Jan 4 2007 2:55PM EST
Transaction ID 13347298

Table of Contents

Page

TABLE OF AUTHORITIES .................................................................................. ii

I.     STATEMENT OF FACTS ........................................................................ 1

II.    ARGUMENT ........................................................................................... 2

       A.    D.R.E. Rule 803(8) Permits The Introduction Of Public Records And Reports
             Into Evidence. ......................................................................................... 2

       B.    The OSHA regulations are relevant to show the non-defectiveness of friction
             products in general and proximate causation. ....................................... 3

III.   CONCLUSION ........................................................................................ 6

WILDMS 138844v.1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **IN RE ASBESTOS LITIGATION** | ) | |
| | ) | |
| JAMES DANIEL COLLINS | ) | C.A. No.: 06C-02-281 ASB |
| MARLON CLARENCE OWENS | ) | C.A. No.: 06C-02-241 ASB |
| ROLAND LEO GRENIER | ) | C.A. No.: 05C-11-257 ASB |
| OLIVER EDWARD SANDAHL | ) | C.A. No.: 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | ) | C.A. No.: 05C-11-256 ASB |
| ROLLIN JAMES OVERSTREET | ) | C.A. No.: 05C-09-037 ASB |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, GENERAL MOTORS CORPORATION'S, MOTION *IN LIMINE* TO
INTRODUCE THE OSHA PERMISSIBLE EXPOSURE LEVEL FOR ASBESTOS FIBERS,
FIBER SIZE AND PRODUCT LABELING REQUIREMENTS

Defendant, General Motors Corporation ("GM"), submits this Memorandum of Law in support of

its Motion *In Limine* to permit it to introduce OSHA permissible exposure levels for asbestos fibers, fiber

size and product labeling requirements. In support thereof, GM states as follows:

I.      STATEMENT OF FACTS

The current Occupational Safety & Health Administration ("OSHA") permissible exposure level

for asbestos is 0.1 fibers per cubic centimeter (f/cc) for an eight hour time weighted average ("TWA").

29 C.F.R. §1910.1001(c) and 29 C.F.R. 1926,1101 formerly, 29 C.F.R. 1926.58. OSHA initially

promulgated an emergency level of 12 f/cc in 1971. OSHA did not add the eight-hour time-weighted

average requirement until 1972. Subsequent to 1972, the level always included an eight-hour time-

weighted average, which evolved over time as follows: 1972, 5 f/cc; 1976, 2 f/cc; 1986, 0.2 f/cc; 1995 to

present, 0.1 f/cc, (GM understands that no Plaintiff can claim exposure to friction products after 1990). In

addition to the eight-hour time-weighted average exposure limit, OSHA set a short-term "excursion limit"

that allows higher exposures for a short period of time. The current standard allows for a thirty minute

excursion of 1.0 f/cc. 29 C.F.R. §1910 1001(2).

OSHA defines an asbestos fiber as being five microns or longer in length, with a length to

diameter ratio of three to one. 29 C.F.R. §1910.1001(b) and 29 C.F.R. 1926.1101 [formerly 29 C.F.R.

§1926.58(b)]. Products containing encapsulated fibers are exempt from labeling if the manufacturer can demonstrate that no airborne concentrations of asbestos fibers in excess of the permissible exposure limit and/or excursion limit will be released or the asbestos is present in the product in concentrations of less than 1.0 percent. 29 C.F.R. Section 1910.1001 and Section 1926.1101 [formerly 1926.58].

OSHA promulgated these rules pursuant to the rule-making procedures established for federal agencies. The public rule-making hearing regarding asbestos exposures permitted interested parties to submit evidence in support and opposition to the proposed OSHA rule. As a result of that administrative process, OSHA adopted a formal rule establishing 0.1 f/cc as the current permissible exposure level for asbestos fibers, defined fiber size, and set forth product labeling requirements.

GM seeks to introduce these regulations into evidence, because this information will assist the jury in its inquiry as to the alleged defectiveness of friction products in general. The evidence will also assist the jury in establishing whether asbestos fibers, if any, in the dust emitted from friction materials proximately caused Plaintiffs' diseases. Accordingly, the OSHA regulations are admissible on these issues.

The standards are also relevant and admissible on the question of whether friction products manufactured by GM were and are reasonably safe for their intended use. Further, GM anticipates that Plaintiffs will put on evidence regarding the OSHA standard itself and suggest to the jury that the government has banned asbestos in the work place.

## II.    ARGUMENT

### A.    D.R.E. Rule 803(8)[1] Permits The Introduction Of Public Records And Reports Into Evidence.

Pursuant to D.R.E. 803(8), OSHA rules are admissible into evidence under the public records exception to the rule against hearsay. The OSHA rules and regulations, promulgated and reported

---

[1] D.R.E. 803(8) states in pertinent part:

(8) Public records and reports. To the extent not otherwise provided in this paragraph, records, reports, statements or data compilations, in any form, of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.... .

2

pursuant to OSHA's legal duty and authority, constitute factual findings or conclusions of an investigation conducted pursuant to OSHA's legal authority. These regulations are thus admissible at trial unless Plaintiffs show that the OSHA regulations lack trustworthiness. Plaintiffs cannot make such showing in this instance.

**B.      The OSHA regulations are relevant to show the non-defectiveness of friction products in general and proximate causation.**

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." D.R.E. 401. The OSHA regulations are relevant to issues of product defect and proximate cause, and should be admitted into evidence at trial.

The pertinent OSHA regulations should be admitted, because they will provide the jury with information necessary for evaluating the alleged defectiveness of automotive friction products. In this regard, the evidence will show that Plaintiffs' use of automotive products did not release asbestos fibers in an amount in excess of the OSHA permissible exposure level of 0.1 f/cc for an eight-hour time-weighted average, or in excess of any standard in existence during Plaintiffs' years of work with friction products. Indeed such release, if any, was negligible.

The OSHA regulations are also relevant as to whether the automotive friction products at issue are defective and/or proximately caused Plaintiffs' disease. The evidence will show that these products contained chrysotile fibers that were baked and encapsulated in resins and binders. The evidence will also show that there is a substantial disagreement in the medical community as to whether fibers from friction products cause mesothelioma or other asbestos-related diseases.

The absence of asbestos fibers is explained generally by the fact that the encapsulated chrysotile fibers in automotive friction products is further transformed from the heat of the braking process into a non-carcinogenic substance called forsterite. Lynch, *Brake lining Decomposition Products*, 18(12) Journal of the Air Pollution Control Association 824 (1986); Hickish, et al., *Exposure to Asbestos During Brake Maintenance*, 13 Annals of Occupational Hygiene 17 (1970); Hatch, *Possible Alternatives to*

*Asbestos as Friction Material*, 13 Annals of Occupational Hygiene 25 (1970). The evidence will show

that less than one percent of the asbestos fibers encapsulated in a typical automotive brake lining survive

this transformation to forsterite. *Id.* Further, the chrysotile fibers that actually survive are less than the five

microns in length and thus do not qualify as a "fiber" as defined by OSHA. *See, e.g.*, Rodelsperger, et al.,

*Asbestos Dust Exposure During Brake Repair*, 10 American Journal of Industrial Medicine 63 (1986).

The significance of the fact that a very large number of fibers were less than five microns in length is that

these fibers are believed to be incapable of causing asbestos-related diseases. *See, e.g.*, Gross, *Is Short-*

*Fibered Asbestos A Biological Hazard?*, 29 Archives of Environmental Health 115 (1974).

  The OSHA regulations clearly have a strong bearing on the issues of product defect and

proximate cause in this case. The evidence will show that any fiber release from friction material lies

within the permissible exposure limits established by OSHA. The evidence will also show that the vast

majority of those fibers will be less than five microns in length.  The previous sentence commands

particular importance in light of the fact that OSHA only counts fibers that are equal to or longer than five

microns in length. Compliance with governmental standards constitutes strong and substantial evidence

that a product is not defective. *Lorenz Celotex Corporation*, 896 F.2d 148 (5th Cir. 1990).  Other

jurisdictions, in fact, have permitted admission of the OSHA regulations into evidence. In three asbestos

cases, the Fifth Circuit approved the trial court's admission into evidence of OSHA regulations on the

issue of whether a product is defective. See *Dartez v. Fibreboard Corp.*, 765 F.2d 456 (5th Cir. 1985);

*Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129 (5th Cir. 1985); and *Lorenz v. Celotex*, 896 F.2d

148 (5th Cir. 1990). The Fifth Circuit held that "[c]ompliance with such government safety standards

constitutes strong and substantial evidence that a product is not defective." *Dartez*, 765 F.2d at 471;

*Gideon*, 761 F.2d at 1144. In each of these three cases, the Fifth Circuit affirmed the district court's

decision to admit OSHA regulations on the permissible exposure levels to asbestos fibers. *See also Slover*

*v. Fabtek, Inc.*, 517 A.2d 293 (Del. Super. 1986) (in a product liability case concerning ANSI standards,

the court held that "[e]vidence of a nationally accepted standard is clearly admissible").

Similarly, in *Albrecht v. Baltimore & Ohio R. Co.*, the Fourth Circuit approved the trial court's admission of OSHA regulations into evidence. 808 F.2d 329 (4th Cir. 1987). In *Albrecht*, the District Court had read the OSHA regulations to the jury. The *Albrecht* decision follows the lead of *Howard v. McCorry Corp.* 601 F.2d 133 (4th Cir. 1979). In *Howard*, the Fourth Circuit held that compliance with the federal regulations was relevant on the issue of the defendant's negligence and should be submitted to the jury as any other reasonable evidence on that issue. *Howard*, 601 F. 2d at 138.

This Court should permit the jury to be informed of the OSHA regulations to establish whether GM friction material products were defective as well as guide the jury as to what was the acceptable threshold limit values or permissible exposure levels to asbestos fibers at the time of alleged exposure. Such information is clearly relevant on the issue of corporate knowledge, as it relates to the duty to warn of alleged defects and the state-of-the art defense. Delaware, like numerous state courts, has admitted OSHA regulations to assist the jury in making these determinations. *Disabatino Bros. Ins. v. Baio*, 366 A.2d 508 (Del. 1976); *Knight v. Burns, Kirkley & Williams Construction Co., Inc.*, 331 So.2d 651 (Ala. 1976). *See, e.g., Parker v. South La. Contractors Inc.*, 370 So.2d 1310 (La. Ct. App. 1979); *Kraus v. Alamo Nat'l Bank of San Antonio*, 586 S.W. 2d 202 (Tex. Ct. App. 1979); *Kelly v. Howard S. Wright Construction Co.*, 582 P.2d 500 (Wash. 1978); *Dunn v. Brinier*, 537 S.W.2d 164 (Ark. 1976).

Given the overwhelming authority in federal and state courts allowing the admission of OSHA regulations, a finding consistent with this Court's evidentiary holding in *Slover* and *Baio*, this Court should admit into evidence all of the prior OSHA threshold limit values and the standards up to the date of Plaintiffs' last exposure. Such guidance will be relevant and necessary to the jury's determination of: (1) whether friction material products are defective; (2) the causative aspect of any fiber release from friction products; and (3) the state of scientific knowledge concerning asbestos hazards.

5

III.    **CONCLUSION**

Based on the foregoing facts and authorities, the Defendant, General Motors Corporation,

respectfully requests that this Court grant its Motion to introduce the OSHA permissible exposure levels

to asbestos fibers, fiber size and labeling requirements, and all other relief that justice requires in

association with this Motion.

**WHITE AND WILLIAMS LLP**

**CHRISTIAN J. SINGEWALD (#3542)**
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 654-0424
Attorneys for Defendant,
General Motors Corporation

Date:  January 4, 2007

WILDMS 138844v.1

EFiled: Jan 4 2007 2:55PM EST
Transaction ID 13347298

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

**IN RE ASBESTOS LITIGATION**

| | | |
|---|---|---|
| | ) | |
| JAMES DANIEL COLLINS | ) | C.A. No.: 06C-02-281 ASB |
| MARLON CLARENCE OWENS | ) | C.A. No.: 06C-02-241 ASB |
| ROLAND LEO GRENIER | ) | C.A. No.: 05C-11-257 ASB |
| OLIVER EDWARD SANDAHL | ) | C.A. No.: 05C-11-057 ASB |
| CHARLES CHRISTOPHER LENTILE | ) | C.A. No.: 05C-11-256 ASB |
| ROLLIN JAMES OVERSTREET | ) | C.A. No.: 05C-09-037 ASB |

**DEFENDANT, GENERAL MOTORS CORPORATION'S, MOTION IN LIMINE
TO INTRODUCE THE OSHA PERMISSIBLE EXPOSURE LEVEL FOR
ASBESTOS FIBERS, FIBER SIZE AND PRODUCT LABELING REQUIREMENTS**

Defendant, General Motors Corporation ("GM"), by and through its counsel, files the within

Motion and in support thereof state as follows:

1.      GM seeks to introduce evidence of the Occupational Safety & Health Administration's

("OSHA") permissible exposure levels for asbestos fibers, fiber size and product labeling requirements,

and all prior permissible exposure levels ("PEL") or threshold exposure limit ("TEL") values established

by any agencies with required competence and jurisdiction to enact such rules on the grounds that the

OSHA rules and PEL and TEL values and levels are admissible as a public record, and for the reasons

more fully set forth in the attached Memorandum of Law which is incorporated herein.

2.      Additionally, GM respectfully requests any other relief which justice requires in

association with this Motion.

WHEREFORE, GM respectfully requests this Court to enter an Order permitting Defendant,

General Motors Corporation, to introduce the OSHA permissible exposure level for asbestos, fiber size

and labeling requirements and all prior permissible exposure level or threshold values established by

agencies with required competence and jurisdiction to issue such rules.

WILDMS 138844v.1

WHITE AND WILLIAMS LLP

**CHRISTIAN J. SINGEWALD (#3542)**
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 654-0424
Attorneys for Defendant,
General Motors Corporation

Date:  January 4, 2007

WILDMS 138844v.1

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Mar 8 2007 12:23PM EST
Transaction ID 13315048

COUNTY:     N                                    CIVIL ACTION NUMBER:  06C-02-281

CIVIL CASE CODE:__ASB_____          CIVIL CASE TYPE:_____Asbestos_____

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| **James Collins and Mary Collins** | GARLOCK SEALING TECHNOLOGIES, LLC, DEFENDANT____ |
| PLAINTIFFS, | |
| V. | DOCUMENT TYPE ( E.G., COMPLAINT, ANSWER WITH COUNTERCLAIM) |
| | ANSWER TO FIRST AMENDED COMPLAINT |
| | NON-ARBITRATION ___X___     EFILE __X____ (CERTIFICATION OF VALUE MAY BE REQUIRED) |
| | ARBITRATION ____ MEDIATION ___ NEUTRAL ASSESSMENT ____ |
| GARLOCK SEALING TECHNOLOGIES, L.L.C. | DEFENDANT (CIRCLE ONE) **ACCEPT    REJECT** |
| DEFENDANT. | JURY DEMAND ___X___ YES _____ NO |
| | TRACK ASSIGNMENT REQUESTED:  (CIRCLE ONE) |
| | **EXPEDITED     STANDARD     COMPLEX** |
| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS _____ |
| _____ GARY H. KAPLAN, ESQUIRE _____ | _____ |
| ATTORNEY ID(S): __2965___ | _____ |
| FIRM:   GOLDFEIN & JOSEPH _____ | EXPLAIN THE RELATIONSHIP(S): _____ |
| ADDRESS: 222 DELAWARE AVENUE, SUITE 1110 | _____ |
| _____ P.O. BOX 2206 | _____ |
| _____ WILMINGTON, DE 19899 _____ | _____ |
| TELEPHONE: (302) 656-3301 | _____OTHER |
| FAX:     (302) 656-0643 | UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: _____ |
| EMAIL:   GKAPLAN@GOLDFEINLAWDE.COM | _____ |
| | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

EFiled: Jan 2 2007 12:23PM EST
Transaction ID 13315048

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE: Asbestos Litigation                          :
                                                    :        C.A. No. 06C-02-281
James Daniel Collins and                            :
Mary M. Collins,                                    :        NON-ARBITRATION
                                                    :
           Plaintiffs,                              :
                                                    :
v.                                                  :
                                                    :        JURY TRIAL OF
GARLOCK SEALING TECHNOLOGIES, LLC, :                         TWELVE DEMANDED
                                                    :
           Defendant.                               :

ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANT
GARLOCK SEALING TECHNOLOGIES, LLC

Defendant, Garlock Sealing Technologies, LLC, by and through its undersigned

attorneys, Goldfein & Joseph, hereby answers plaintiffs' First Amended Complaint as

follows:

**COUNT I**

1.    Denied as to answering defendant. Moreover, answering defendant is

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph and therefore, they are denied.

2.    Denied as to answering defendant. Moreover, answering defendant is

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph and therefore, they are denied.

3.    Denied as to answering defendant. Moreover, answering defendant is

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph and therefore, they are denied.

4.    Denied.

**COUNT II**

5.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 4 of plaintiff's Complaint as fully as though the same were set forth herein at length.

6.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

7.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

8.    The allegations contained in this paragraph are directed to a co-defendant and require no response by answering defendant.

9.    The allegations contained in this paragraph are directed to a co-defendant and require no response by answering defendant.

10.    The allegations contained in this paragraph are directed to a co-defendant and require no response by answering defendant.

11.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

**COUNT III**

12.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 11 of plaintiff's Complaint as fully as though the same were set forth herein at length.

13.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

14.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

### COUNT IV

15.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 14 of plaintiff's Complaint as fully as though the same were set forth herein at length.

16.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

17.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

### COUNT V

18.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 17 of plaintiff's Complaint as fully as though the same were set forth herein at length.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

23.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

## COUNT VI

24.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 23 of plaintiff's Complaint as fully as though the same were set forth herein at length.

25.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

26.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

27.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

## COUNT VII

28.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 27 of plaintiff's Complaint as fully as though the same were set forth herein at length.

29.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

30.    Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

31.    Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

## COUNT VIII

32.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 31 of plaintiff's Complaint as fully as though the same were set forth herein at length.

33.    Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

34.    Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

## COUNT IX

35.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 34 of plaintiff's Complaint as fully as though the same were set forth herein at length.

36.    Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

37.    Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

38.    Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

## COUNT X

39.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 38 of plaintiff's Complaint as fully as though the same were set forth herein at length.

40.    The allegations contained in this paragraph are directed to a co-defendant and require no response by answering defendant.

41.    The allegations contained in this paragraph are directed to a co-defendant and require no response by answering defendant.

42.    The allegations contained in this paragraph are directed to a co-defendant and require no response by answering defendant.

43.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

44.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

45.    The allegations contained in this paragraph are directed to a co-defendant and require no response by answering defendant.

## COUNT XI

46.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 45 of plaintiff's Complaint as fully as though the same were set forth herein at length.

47.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

48.    Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

### FIRST AFFIRMATIVE DEFENSE

49.    The plaintiffs' claims are barred by the applicable Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

50.    The plaintiffs' claims are barred by the Doctrine of Laches, Estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

51.    The plaintiff's contributory negligence was the proximate cause of injuries and damages of which he complains.

### FOURTH AFFIRMATIVE DEFENSE

52.    The plaintiffs' claims are barred by the Doctrine of the Assumption of Risk.

### FIFTH AFFIRMATIVE DEFENSE

53.    The Complaint/Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

54.    Answering defendant is immune from liability for any conduct performed in conformance with government specifications.

### SEVENTH AFFIRMATIVE DEFENSE

55.    Answering defendant complied with all applicable Federal, State and other regulations.

## EIGHTH AFFIRMATIVE DEFENSE

56.    Answering defendant is immune from liability from any conduct performed in conformance with specifications mandated by plaintiff's employer.

## NINTH AFFIRMATIVE DEFENSE

57.    Answering defendant is not liable for the alleged intentional torts of any of its predecessors-in-interest.

## TENTH AFFIRMATIVE DEFENSE

58.    This action is barred by the Doctrine of <u>forum non conveniens</u>.

## ELEVENTH AFFIRMATIVE DEFENSE

59.    This action is barred by the Doctrine of sophisticated purchasers/employer.

## TWELFTH AFFIRMATIVE DEFENSE

60.    The claims asserted by plaintiffs are proximately caused by an intervening and/or superseding cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

61.    At all relevant times hereto, the knowledge of other persons and business entities, and the ability of such persons and business entities to take actions to prevent the injuries of which the plaintiff complains was superior to that of answering defendant and, therefore, any duty to warn the plaintiff was on those other persons and business entities and not on answering defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

62.    The failure of the purchaser or employer to warn or safeguard the plaintiff from any possible health hazards associated with asbestos was an intervening and/or superseding cause of the plaintiff's alleged injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE

63.    The plaintiff misused the asbestos-containing products described in his Complaint/Amended Complaint, and that misuse proximately caused or contributed to the injuries and damages of which he complains.

### SIXTEENTH AFFIRMATIVE DEFENSE

64.    Answering defendant has no knowledge of the dangerous propensities of the material allegedly causing the injuries to the plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

65.    The alleged incident, injuries and damages of which the plaintiffs complain were caused by unauthorized, unintended or improper use of the products complained of and as a result of the failure to exercise reasonable and ordinary care, caution, or vigilance for which answering defendant was not legally liable or responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

66.    Strict liability is not the law of Delaware.

### NINETEENTH AFFIRMATIVE DEFENSE

67.    The plaintiffs are estopped from proceeding with the causes of action alleged in their Complaint/Amended Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

68.    The Complaint/Amended Complaint fails to specify any willful or wanton conduct on the part of answering defendant and, therefore, all claims and references to the recovery of punitive damages in the Complaint/Amended Complaint must be stricken.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

69.    The Complaint/Amended Complaint fails to specifically state the items of special damages claimed as required by Rule 9(g) and, therefore, all claims for and references to the recovery of special damages in the Complaint/Amended Complaint must be stricken.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

70.    The Complaint/Amended Complaint fails to allege with specificity any acts, actions or conduct on the part of the answering defendant which constitutes negligence,

fraud or conspiracy as required by Rule 9, and therefore, all claims and/or damages based on the allegations of negligence, fraud or conspiracy must be stricken.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

71.    The plaintiffs' claim for punitive damages is barred by the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Delaware.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

72.    The plaintiffs' claims for punitive damages are barred by the Fifth Amendment to the United States Constitution as applied to the State through the Fourteenth Amendment and the Constitution of the State of Delaware.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

73.    Plaintiffs failed to give proper and timely notice of their claims and all claims relating to breach of warranty are barred by reason of plaintiffs' failure.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

74.    If any products were supplied by answering defendant, which is denied, those products were safe, fit and suitable for their proper and intended use.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

75.    Answering defendant extended no warranties, express or implied, and denies that any warranties were breached.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

76.    In the event exposure of any plaintiffs to any product supplied by answering defendant is found to have occurred, such exposure was de minimums and not sufficient to establish by a reasonable degree of probability that a product supplied by answering defendant caused any alleged injury.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

77.    This Honorable Court lacks jurisdiction over the person of answering defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

78.     This Honorable Court lacks jurisdiction over the subject matter of plaintiffs' claims.

## CROSSCLAIM FOR CONTRIBUTION

While the answering defendant denies liability in all aspects, it avers alternatively that should it be found liable in any respect, it is entitled to contribution from each co-defendant for any amount which the answering defendant may be required to pay to the plaintiffs and it is entitled to have the relative degrees of fault determined in accordance with Title 10, Chapter 63, of the Delaware Code.

## CROSSCLAIM FOR INDEMNIFICATION

In the alternative, answering defendant seeks full indemnification from each co-defendant.

## ANSWER TO ALL PAST, PRESENT AND FUTURE CROSSCLAIMS

Answering defendant denies the allegations of any crossclaims for which have been filed or may in the future be filed by any co-defendant and demands that such crossclaims be dismissed.

GOLDFEIN & JOSEPH

/s/ Gary H. Kaplan

GARY H. KAPLAN - ID# 2965
222 Delaware Avenue, Suite 1110
P.O. Box 2206
Wilmington, DE  19899
(302) 656-3301
Attorney for Defendant,
  Garlock Sealing Technologies, LLC

EFiled: Dec 29 2006 2:27 [...]
Transaction ID 13306557

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | ) | |
| | ) | |
| COTE TRIAL GROUP | ) | |
| | ) | |
| Limited To: | ) | |
| JAMES COLLINS | ) | C.A. No.: 06C-02-281 |

**HONEYWELL INTERNATIONAL, INC., SUCCESSOR IN INTEREST TO
BENDIX CORPORATION'S DEPOSITION COUNTERDESIGNATIONS**

Michael Matthews, November 8, 2006

34(13) – 36(8)

Richard Stewart, November 7, 2006

19(1) – 19(4)
28(7) – 28(10)

Harold Foshaug, November 7, 2006

37(12) – 38(17)
71(9) – 71(24)
87(15) – 87(25)
89(12) – 89(13)

RAWLE & HENDERSON LLP

By: /s/ J. Michael Johnson, Esquire
J. Michael Johnson, Esquire (ID 187)
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801
(302) 778-1200

ATTORNEYS FOR DEFENDANT,
HONEYWELL INTERNATIONAL,
INC.

EFiled:  Dec 29 2006 11:36___EST___
Transaction ID 13304943

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION            :
                                     :
James Collins                        :        C.A. No.: 06C-02-281

**LINE AND PAGE DESIGNATION OF DEFENDANT BORG-WARNER
CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER
MORSE TEC, INC.**

Defendant reserves all rights including but not limited to the right to call any of
Plaintiff's co-workers as witnesses whose depositions have been taken in such capacity and/or
other witnesses in asbestos litigation filed in the United States.  If such co-workers or witnesses
are not available for testimony, Defendant will read portions of their deposition and use exhibits
admitted during that deposition and shall not be limited to the designations set forth herein for
purposes of rebuttal or impeachment.  Defendant further reserves the right to supplement this list
in accordance with the Rules of the Court, by permission of the Court, or by agreement among
the parties.

ELZUFON, AUSTIN, REARDON,
TARLOV AND MONDELL, P.A.

/s/ Matthew P. Donelson
MATTHEW P. DONELSON (#4243)
300 Delaware Avenue, Suite 1700
Wilmington, DE 19899
(302) 428-3181
Attorney for Defendant,
Borg-Warner

Dated: December 29, 2006

**Deponent: James Collins**
**Trial Deposition of August 10, 2006**

| PAGE | LINE |
|------|------|
| 8 | 8-25 |
| 9 | 1-7 |
| 10 | 11-25 |
| 11 | 1-25 |
| 12 | 1-25 |
| 13 | 1-4, 11-25 |
| 14 | 7-25 |
| 15 | 1-17 |
| 16 | 1-25 |
| 17 | 1-25 |
| 18 | 1-12, 17-25 |
| 19 | 1-25 |
| 20 | 1-25 |
| 21 | 1-5 |
| 22 | 1-4, 9-17 |
| 26 | 9-25 |
| 27 | 18-25 |
| 28 | 1-16 |
| 30 | 1-25 |
| 31 | 1-11 |
| 32 | 8-24 |
| 33 | 2-25 |
| 34 | 1-25 |
| 35 | 1-9, 18-25 |
| 36 | 1-24 |
| 37 | 2-25 |
| 38 | 1-16, 19-24 |
| 41 | 15-25 |
| 42 | 1-25 |
| 43 | 14-25 |
| 44 | 1-17 |
| 49 | 2-12 |
| 50 | 3-4 |
| 53 | 14-25 |
| 54 | 1-25 |
| 55 | 11-21 |
| 56 | 1-24 |
| 57 | 1-8 |
| 58 | 1-25 |
| 59 | 2-25 |
| 60 | 1-10 |
| 61 | 1-22 |

| PAGE | LINES |
|------|-------|
| 62 | 1-25 |
| 63 | 1-4, 13-25 |
| 64 | 1-8, 13-25 |
| 65 | 1-23 |
| 66 | 1-20 |
| 67 | 14-25 |
| 68 | 1-23 |
| 69 | 1-23 |
| 70 | 1-25 |
| 71 | 1-5 |

**Deponent: James Collins**
**Discovery Deposition of August 10, 2006**

| PAGE | LINES |
|------|-------|
| 7 | 12-25 |
| 8 | 1-6 |
| 9 | 24-25 |
| 10 | 1-8, 19-25 |
| 11 | 1-21 |
| 13 | 4-25 |
| 14 | 1-25 |
| 15 | 1-20 |
| 16 | 7-25 |
| 17 | 1-5, 12-24 |
| 18 | 1-17 |
| 20 | 11-25 |
| 21 | 1-12, 23-25 |
| 22 | 1-25 |
| 23 | 1-25 |
| 24 | 1-8 |
| 25 | 2-25 |
| 26 | 1-25 |
| 27 | 1-25 |
| 28 | 1-25 |
| 35 | 6-22 |
| 36 | 2-25 |
| 37 | 1-23 |
| 38 | 1-18 |
| 39 | 6-20 |
| 40 | 18-21 |
| 42 | 18-25 |
| 43 | 1-22 |
| 44 | 17-25 |

| PAGE | LINES |
|------|-------|
| 45 | 10-25 |
| 46 | 18-25 |
| 47 | 4-25 |
| 48 | 1-25 |
| 49 | 1-25 |
| 50 | 1-25 |
| 51 | 1-25 |
| 53 | 4-25 |
| 54 | 1-25 |
| 55 | 25 |
| 56 | 1-25 |
| 59 | 8-25 |
| 60 | 1-25 |
| 61 | 1-25 |
| 62 | 1-25 |
| 63 | 1-25 |
| 64 | 1-25 |
| 65 | 1-25 |
| 66 | 1-25 |
| 69 | 9-14 |
| 72 | 5-14 |
| 76 | 2-25 |
| 77 | 1-23 |
| 78 | 1-25 |
| 79 | 1-25 |
| 80 | 1-20 |
| 90 | 6-15, 19-25 |
| 91 | 1-14 |
| 92 | 8-13 |
| 93 | 2-4 |
| 99 | 24 |
| 100 | 1-25 |
| 101 | 1-25 |
| 102 | 1-25 |
| 103 | 1-25 |
| 104 | 1-25 |
| 105 | 1-25 |
| 106 | 23-25 |
| 107 | 1-8, 25 |
| 108 | 1-14 |
| 109 | 8-17 |
| 111 | 6-9 |
| 116 | 5-15 |

**Deponent: Richard Stewart**
**November 7, 2006**

| PAGE | LINES |
|------|-------|
| 10 | 1-25 |
| 11 | 1-25 |
| 12 | 1-25 |
| 13 | 1-25 |
| 14 | 10-25 |
| 15 | 1-25 |
| 16 | 1-25 |
| 17 | 4-22 |
| 18 | 1-4, 12-25 |
| 19 | 1-22 |
| 20 | 3-25 |
| 21 | 21-25 |
| 22 | 1-14 |
| 23 | 1-25 |
| 24 | 1-25 |
| 25 | 1-25 |
| 26 | 1-9, 12-19 |
| 27 | 1-18 |
| 28 | 11-25 |
| 29 | 1-25 |
| 30 | 1-8 |
| 31 | 16-25 |
| 32 | 1-25 |
| 33 | 1-12 |
| 34 | 3-10 |
| 35 | 1-25 |
| 36 | 1-7 |
| 37 | 8-25 |
| 38 | 12-25 |
| 39 | 1-25 |
| 40 | 3-25 |
| 41 | 1-25 |
| 42 | 1-5 |
| 43 | 2-25 |
| 44 | 19-25 |
| 45 | 1-17 |
| 46 | 20-25 |
| 49 | 18-25 |
| 50 | 15-25 |
| 51 | 1-12 |
| 52 | 17-25 |

| 53 | 1-13 |
| 54 | 3-12 |
| 57 | 10-21 |
| 62 | 14-21 |
| 63 | 10-25 |
| 64 | 1-11, 20-25 |
| 65 | 1-20 |
| 66 | 9-15 |

**Deponent: Michael Matthews**
**November 8, 2006**

| PAGE | LINES |
| --- | --- |
| 8 | 15-25 |
| 9 | 1-25 |
| 10 | 2-25 |
| 11 | 25 |
| 12 | 1-25 |
| 13 | 1-22 |
| 14 | 1-9 |
| 15 | 14-20 |
| 16 | 17-25 |
| 17 | 1-5 |
| 19 | 2-25 |
| 20 | 1-19 |
| 24 | 2-24 |
| 25 | 4-14 |
| 26 | 6-25 |
| 27 | 20-25 |
| 28 | 1-25 |
| 29 | 1-25 |
| 30 | 5-25 |
| 31 | 14-25 |
| 32 | 1-25 |
| 33 | 10-14 |
| 34 | 4-25 |
| 35 | 1-25 |
| 36 | 1-17 |
| 37 | 25 |
| 38 | 1-11 |
| 39 | 15-25 |
| 42 | 7-11 |
| 49 | 23-25 |
| 52 | 9-22 |
| 53 | 12-24 |

| | |
|---|---|
| 55 | 12-20 |
| **PAGE** | **LINES** |
| 56 | 3-17 |
| 59 | 18-25 |
| 60 | 1-6 |

**Deponent: Harold Foshaug**
**November 7, 2006**

| PAGE | LINES |
|---|---|
| 11 | 6-25 |
| 12 | 1-25 |
| 13 | 1-24 |
| 14 | 2-7, 14-24 |
| 15 | 3-22 |
| 16 | 2-25 |
| 17 | 1-25 |
| 18 | 2-25 |
| 19 | 1-25 |
| 20 | 13-24 |
| 21 | 5-25 |
| 22 | 1-25 |
| 23 | 1-25 |
| 24 | 1-18 |
| 25 | 12-25 |
| 26 | 1-21 |
| 27 | 1-25 |
| 28 | 1-6 |
| 29 | 16-25 |
| 30 | 1-20 |
| 32 | 5-22 |
| 33 | 5-25 |
| 34 | 2-25 |
| 35 | 1-25 |
| 36 | 8-20 |
| 37 | 1-25 |
| 38 | 12-25 |
| 39 | 1-17 |
| 40 | 2-12 |
| 41 | 19-25 |
| 42 | 1-25 |
| 43 | 1-22 |
| 44 | 2-25 |
| 45 | 1-25 |

| 47 | 5-25 |
| PAGE | LINES |
| 49 | 2-20 |
| 50 | 6-14 |
| 51 | 8-19 |
| 52 | 7-23 |
| 53 | 3-25 |
| 54 | 1-5 |
| 58 | 3-24 |
| 59 | 9-25 |
| 60 | 1-25 |
| 61 | 1-23 |
| 66 | 3-12 |
| 68 | 21-25 |
| 69 | 1-25 |
| 70 | 5-24 |
| 71 | 8-22 |
| 72 | 1-5, 15-24 |
| 73 | 2-9 |
| 74 | 3-12 |
| 76 | 11-24 |
| 77 | 6-25 |
| 78 | 22-25 |
| 80 | 20-25 |
| 81 | 3-20 |
| 82 | 5-10, 17-25 |
| 83 | 1-19 |
| 85 | 6-10 |
| 88 | 15-25 |

ELZUFON, AUSTIN, REARDON,
TARLOV AND MONDELL, P.A.

/s/ Matthew P. Donelson
MATTHEW P. DONELSON (#4243)
300 Delaware Avenue, Suite 1700
Wilmington, DE 19899
(302) 428-3181
Attorney for Defendant,
Borg-Warner

Dated: December 28, 2006

EFiled: Dec 29 2006 11:32AM EST
Transaction ID 13304869

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION        :

       :

James Collins                       :      C.A. No.: 06C-02-281

## LINE AND PAGE DESIGNATION OF DEFENDANT HENNESSY INDUSTRIES, INC.

Defendant reserves all rights including but not limited to the right to call any of Plaintiff's co-workers as witnesses whose depositions have been taken in such capacity and/or other witnesses in asbestos litigation filed in the United States. If such co-workers or witnesses are not available for testimony, Defendant will read portions of their deposition and use exhibits admitted during that deposition and shall not be limited to the designations set forth herein for purposes of rebuttal or impeachment. Defendant further reserves the right to supplement this list in accordance with the Rules of the Court, by permission of the Court, or by agreement among the parties.

ELZUFON, AUSTIN, REARDON,
TARLOV AND MONDELL, P.A.

*/s/ Penelope B. O'Connell*
PENELOPE B. O'CONNELL (#4898)
300 Delaware Avenue, Suite 1700
Wilmington, DE 19899
(302) 428-3181
Attorney for Defendant,
Hennessy Industries, Inc.

Dated: December 29, 2006

**Deponent: James Collins**
**Trial Deposition of August 10, 2006**

| PAGE | LINE |
|------|------|
| 8 | 8-25 |
| 9 | 1-7 |
| 10 | 11-25 |
| 11 | 1-25 |
| 12 | 1-25 |
| 13 | 1-4, 11-25 |
| 14 | 7-25 |
| 15 | 1-17 |
| 16 | 1-25 |
| 17 | 1-25 |
| 18 | 1-12, 17-25 |
| 19 | 1-25 |
| 20 | 1-25 |
| 21 | 1-5 |
| 22 | 1-4, 9-17 |
| 26 | 9-25 |
| 27 | 18-25 |
| 28 | 1-16 |
| 30 | 1-25 |
| 31 | 1-11 |
| 32 | 8-24 |
| 33 | 2-25 |
| 34 | 1-25 |
| 35 | 1-9, 18-25 |
| 36 | 1-24 |
| 37 | 2-25 |
| 38 | 1-16, 19-24 |
| 41 | 15-25 |
| 42 | 1-25 |
| 43 | 14-25 |
| 44 | 1-17 |
| 49 | 2-12 |
| 50 | 3-4 |
| 53 | 14-25 |
| 54 | 1-25 |
| 55 | 11-21 |
| 56 | 1-24 |
| 57 | 1-19 |
| 58 | 1-25 |
| 59 | 2-25 |
| 60 | 1-25 |
| 61 | 1-22 |

| PAGE | LINES |
|------|-------|
| 62 | 1-25 |
| 63 | 1-4, 13-25 |
| 64 | 1-8, 13-25 |
| 65 | 1-23 |
| 66 | 1-20 |
| 67 | 14-25 |
| 68 | 1-23 |
| 69 | 1-23 |
| 70 | 1-25 |
| 71 | 1-5 |

**Deponent: James Collins**
**Discovery Deposition of August 10, 2006**

| PAGE | LINES |
|------|-------|
| 7 | 12-25 |
| 8 | 1-6 |
| 9 | 24-25 |
| 10 | 1-8, 19-25 |
| 11 | 1-21 |
| 13 | 4-25 |
| 14 | 1-25 |
| 15 | 1-20 |
| 16 | 7-25 |
| 17 | 1-5, 12-24 |
| 18 | 1-17 |
| 20 | 11-25 |
| 21 | 1-12, 23-25 |
| 22 | 1-25 |
| 23 | 1-25 |
| 24 | 1-8 |
| 25 | 2-25 |
| 26 | 1-25 |
| 27 | 1-25 |
| 28 | 1-25 |
| 35 | 6-22 |
| 36 | 2-25 |
| 37 | 1-23 |
| 38 | 1-18 |
| 39 | 6-20 |
| 40 | 18-21 |
| 42 | 18-25 |
| 43 | 1-22 |
| 44 | 17-25 |

| PAGE | LINES |
|------|-------|
| 45 | 10-25 |
| 46 | 18-25 |
| 47 | 4-25 |
| 48 | 1-25 |
| 49 | 1-25 |
| 50 | 1-25 |
| 51 | 1-25 |
| 53 | 4-25 |
| 54 | 1-25 |
| 55 | 25 |
| 56 | 1-25 |
| 59 | 8-25 |
| 60 | 1-25 |
| 61 | 1-25 |
| 62 | 1-25 |
| 63 | 1-25 |
| 64 | 1-25 |
| 65 | 1-25 |
| 66 | 1-25 |
| 69 | 9-14 |
| 72 | 5-14 |
| 76 | 2-25 |
| 77 | 1-23 |
| 78 | 1-25 |
| 79 | 1-25 |
| 80 | 1-20 |
| 90 | 6-15, 19-25 |
| 91 | 1-14 |
| 92 | 8-13 |
| 93 | 2-4 |
| 99 | 24 |
| 100 | 1-25 |
| 101 | 1-25 |
| 102 | 1-25 |
| 103 | 1-25 |
| 104 | 1-25 |
| 105 | 1-25 |
| 106 | 23-25 |
| 107 | 1-8, 25 |
| 108 | 1-14 |
| 109 | 8-17 |
| 116 | 5-15 |

**Deponent: Richard Stewart**
**November 7, 2006**

| PAGE | LINES |
|------|-------|
| 10 | 1-25 |
| 11 | 1-25 |
| 12 | 1-25 |
| 13 | 1-25 |
| 14 | 10-25 |
| 15 | 1-25 |
| 16 | 1-25 |
| 17 | 4-22 |
| 18 | 1-4, 12-25 |
| 19 | 1-22 |
| 20 | 3-25 |
| 21 | 21-25 |
| 22 | 1-14 |
| 23 | 1-25 |
| 24 | 1-25 |
| 25 | 1-25 |
| 26 | 1-9, 12-19 |
| 27 | 1-18 |
| 28 | 11-25 |
| 29 | 1-25 |
| 30 | 1-8 |
| 31 | 16-25 |
| 32 | 1-25 |
| 33 | 1-12 |
| 34 | 3-10 |
| 35 | 1-25 |
| 36 | 1-7 |
| 37 | 8-25 |
| 38 | 12-25 |
| 39 | 1-25 |
| 40 | 3-25 |
| 41 | 1-25 |
| 42 | 1-5 |
| 43 | 2-25 |
| 44 | 19-25 |
| 45 | 1-17 |
| 46 | 20-25 |
| 49 | 18-25 |
| 50 | 15-25 |
| 51 | 1-12 |
| 52 | 17-25 |
| 53 | 1-13 |

| | |
|---|---|
| 54 | 3-12 |
| 57 | 10-21 |
| 62 | 14-21 |
| 63 | 10-25 |
| 64 | 1-11, 20-25 |
| 65 | 1-20 |
| 66 | 9-15 |

**Deponent: Michael Matthews**
**November 8, 2006**

| PAGE | LINES |
|---|---|
| 8 | 15-25 |
| 9 | 1-25 |
| 10 | 2-25 |
| 11 | 25 |
| 12 | 1-25 |
| 13 | 1-22 |
| 14 | 1-9 |
| 15 | 14-20 |
| 16 | 17-25 |
| 17 | 1-5 |
| 19 | 2-25 |
| 20 | 1-19 |
| 24 | 2-24 |
| 25 | 4-14 |
| 26 | 6-25 |
| 27 | 20-25 |
| 28 | 1-25 |
| 29 | 1-25 |
| 30 | 5-25 |
| 31 | 14-25 |
| 32 | 1-25 |
| 33 | 10-14 |
| 34 | 4-25 |
| 35 | 1-25 |
| 36 | 1-17 |
| 37 | 25 |
| 38 | 1-11 |
| 39 | 15-25 |
| 42 | 7-11 |
| 49 | 23-25 |
| 52 | 9-22 |
| 53 | 12-24 |
| 55 | 12-20 |

| PAGE | LINES |
|------|-------|
| 56 | 3-17 |
| 59 | 18-25 |
| 60 | 1-6 |

**Deponent: Harold Foshaug**
**November 7, 2006**

| PAGE | LINES |
|------|-------|
| 11 | 6-25 |
| 12 | 1-25 |
| 13 | 1-24 |
| 14 | 2-7, 14-24 |
| 15 | 3-22 |
| 16 | 2-25 |
| 17 | 1-25 |
| 18 | 2-25 |
| 19 | 1-25 |
| 20 | 13-24 |
| 21 | 5-25 |
| 22 | 1-25 |
| 23 | 1-25 |
| 24 | 1-18 |
| 25 | 12-25 |
| 26 | 1-21 |
| 27 | 1-25 |
| 28 | 1-6 |
| 29 | 16-25 |
| 30 | 1-20 |
| 32 | 5-22 |
| 33 | 5-25 |
| 34 | 2-25 |
| 35 | 1-25 |
| 36 | 8-20 |
| 37 | 1-25 |
| 38 | 12-25 |
| 39 | 1-17 |
| 40 | 2-12 |
| 41 | 19-25 |
| 42 | 1-25 |
| 43 | 1-22 |
| 44 | 2-25 |
| 45 | 1-25 |
| 47 | 5-25 |

| PAGE | LINES |
|------|-------|
| 49 | 2-20 |
| 50 | 6-14 |
| 51 | 8-19 |
| 52 | 7-23 |
| 53 | 3-25 |
| 54 | 1-5 |
| 58 | 3-24 |
| 59 | 9-25 |
| 60 | 1-25 |
| 61 | 1-23 |
| 66 | 3-12 |
| 68 | 21-25 |
| 69 | 1-25 |
| 70 | 5-24 |
| 71 | 8-22 |
| 72 | 1-5, 15-24 |
| 73 | 2-9 |
| 74 | 3-12 |
| 76 | 11-24 |
| 77 | 6-25 |
| 78 | 22-25 |
| 80 | 20-25 |
| 81 | 3-20 |
| 82 | 5-10, 17-25 |
| 83 | 1-19 |
| 85 | 6-10 |
| 88 | 15-25 |

ELZUFON, AUSTIN, REARDON,
TARLOV AND MONDELL, P.A.

/s/ Penelope B. O'Connell
PENELOPE B. O'CONNELL (#4898)
300 Delaware Avenue, Suite 1700
Wilmington, DE 19899
(302) 428-3181
Attorney for Defendant,
Hennessy Industries, Inc.

Dated: December 28, 2006

EFiled: Dec 28 2006 4:09... EST
Transaction ID 13299653

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE : ASBESTOS LITIGATION    :
                               :
COTE TRIAL GROUP               :
    William Cote           :    C.A. No. : 05C-09-268
    John Sheldon           :    C.A. No. : 05C-08-206
    Moscoe King            :    C.A. No. : 05C-11-125
    Charles Lentile        :    C.A. No. : 05C-11-256
    James Collins          :    C.A. No. : 06C-02-281
    William Kountz         :    C.A. No. : 06C-02-223
    Marlon Owens           :    C.A. No. : 06C-02-241
    Roland Grenier         :    C.A. No. : 05C-11-257
    Lyle Foltz             :    C.A. No. : 05C-10-325
    Hugo Engel             :    C.A. No. : 05C-09-083
    Virgil Brauer          :    C.A. No. : 05C-08-049
    Oliver Sandahl         :    C.A. No. : 05C-11-057
    Arnold Eudy            :    C.A. No. : 05C-10-323
    William Modelewski     :    C.A. No. : 05C-09-192
    Kenneth Beard          :    C.A. No. : 05C-11-158
    John Bassett           :    C.A. No. : 05C-07-122
    Rollin Overstreet      :    C.A. No. : 05C-09-037
    Eustachico Lupone      :    C.A. No. : 05C-11-063
    George Thomas          :    C.A. No. : 05C-11-106
    Barry Smith            :    C.A. No. : 06C-02-265

## DEFENSE COORDINATING COUNSEL'S
## RE- NOTICE OF DEPOSITION OF RICHARD LEMEN, MD

TO    :    All Counsel

**PLEASE TAKE NOTICE** that the undersigned, or another Delaware Asbestos Litigation Defense Counsel designated to do so by the undersigned, will take the deposition of Richard Lemen, MD on January 22, 2007 at 10:00 am (Canton, Georgia Time) at the Holiday Inn Express Canton, 713 Transit Avenue, Exit #20 I575 Highway #5, Canton, Georgia. The deposition will be recorded stenographically.

### _Duces Tecum_

The witness is specifically directed to produce the following materials :

I.    All documents reviewed in preparation for your testimony in these cases.

2.    All documents, records and materials relating to said plaintiffs which you have reviewed at any time including, but not limited to, correspondence, statements, reports, questionnaires, handwritten notes, medical and hospital records, deposition transcripts, work history and any other such document, record or tangible material relating to the above referenced plaintiffs.

3.    All documents, materials, records, reports, correspondence, photographs or any other written or tangible items prepared by or at your request or by or at the request of any of your agents, employees or associates concerning these cases or your expected testimony.

4.    Copies of all materials and documents of any kind which you have received concerning these cases including, but not limited to, all records, reports, correspondence and memorandum (if correspondence or documents requested in this duces tecum are claimed as "privileged", it should be brought to the deposition for identification).

5.    Copies of all books, records, translations, articles, writing, publications, correspondence, notes, documents or any other written materials upon which you rely or will rely or have ill the past relied in preparation for presentation of your testimony in an asbestos case and for these particular cases.

6.    Copies of any notes or outline used by you presently or in the past to give lectures, classes, presentations to any entity or group, including any litigation group which are related to your expected areas of testimony in these cases.

7.    All documents and materials including, but not limited to, photographs, photographic slides, charts, diagrams, graphs or any other tangible item which you have reviewed or which you intend to show or utilize at the time of trial during your direct testimony.

8.    A list of any and all of your prior testimony in any public proceeding or litigation including, but not limited to, testimony at deposition, workers' compensation

bearing, trial, governmental or municipal proceeding, or any other type of proceeding concerning asbestos exposure. Regarding said testimony, please provide the following as applicable:

    a.    Plaintiff's name;

    b.    Date of testimony;

    c.    Court, committee, agency or body before whom said testimony was given;

    d.    Names and addresses of attorneys representing all parties involved, and

    e.    Produce a copy of each transcript.

9.    All expert reports you have prepared within the last 5 years in asbestos cases or, in the alternative, a listing of the cases for which you have prepared reports.

10.    A list of all articles, textbooks, or other sources information or data upon which you base the opinions you expect to give.

11.    A list of or copies of any writing, publication, document, report, correspondence, article, book, notes and/or material related to asbestos, asbestos exposure and/or asbestos-related diseases which you have reviewed, consider relied on or may rely on to support your expected testimony or that you used for preparation of your report or your testimony in this lawsuit.

12.    Copies of any correspondence that you have sent to or received from any other experts in this litigation regarding your or their testimony in this case, or on any topic related to this case or asbestos litigation.

13.    All documents concerning your gross earnings from testimony at deposition or trial, or meetings with attorneys and/or litigation groups or non-litigation work related to an asbestos exposure, including consultation and including, but not limited to, ledgers, accounts receivables, receipt books, receipts, books, invoices, bills, correspondence, and/or any other material relating to gross income or gross

earnings, present or potential, participating as an expert witness in litigation related to asbestos litigation. (For the purpose of this deposition, provide a list for the five previous calendar years, which would include the following: gross income, percentage of gross income related to asbestos litigation earnings, percentage with respect to consultation related to any asbestos related matter.)

14.    Copies of any and all documents and correspondence between you and Plaintiffs' Counsel and all documents sent to you by Plaintiffs' Counsel.

15.    All reports or documents you prepared containing your expected testimony, including all drafts of reports.

16.    The most up-to-date curriculum vitae on your background, training, education, and bibliography of articles written by you and copies of articles, pamphlets, parts of books, or books written by you or to which you contributed, which are related to your expected testimony, whether actually published or not.

Dated : December 28, 2006                           **RUFO ASSOCIATES, PA.**

                                        By :    /S/  Loreto P. Rufo
                                                Loreto P. Rufo (# 2534)
                                                Hockessin Village Center
                                                7217 Lancaster Pike, Suite F
                                                Hockessin, Delaware 19707
                                                Telephone : 302-234-5900
                                                Defense Coordinating Counsel

Lemen 012207(Renotice)

EFiled: Dec 22 2006 12:2[...]M EST
Transaction ID 13264959

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | |
| | : | C. A. No.  06C-02-281 ASB |
| Plaintiffs, | : | |
| | : | NON-ARBITRATION |
| v. | : | |
| | : | ASBESTOS CASE |
| METROPOLITAN LIFE INSURANCE COMPANY, INC., *et al.*, | : | |
| | : | TRIAL BY JURY OF |
| | : | TWELVE DEMANDED |
| Defendants. | : | |

**DEFENDANTS, FORD MOTOR COMPANY AND GENERAL MOTORS
CORPORATION'S, LINE AND PAGE DESIGNATIONS**

**James D. Collins (Discovery Deposition of August 10, 2006)**

p. 10, ln. 19 – p. 11, ln. 17                     p. 24, ln. 4 – p. 28, ln. 5

p. 12, ln. 21 – p. 13, ln. 14                     p. 32, ln. 8 – p. 33, ln. 7

p. 15, ln. 1-15                                           p. 47, ln. 16 – p. 49, ln. 15

p. 20, ln. 19 – p. 21, ln. 13                     p. 49, ln. 18 – p. 50, ln. 21

p. 21, ln. 23 – p. 23, ln. 23

**Harold Foshaug (Deposition of November 7, 2006)**

p. 10, ln. 9-23                                           p. 33, ln. 2-7

p. 15, ln. 25 – p. 16, ln. 12                     p. 33, ln. 13-25

p. 21, ln. 5-12                                           p. 61, ln. 11-25

p. 30, ln. 20 – p. 31, ln. 14

**Richard Stewart (Deposition of November 7, 2006)**

p. 10, ln. 22 – p. 11, ln. 19                     p. 34, ln. 12-24

p. 30, ln. 9-25                                           p. 36, ln. 10-13

p. 31, ln. 10-25                                         p. 48, ln. 14-24

i

WILDMS 138927v.1

<u>Michael Matthews (Deposition of November 8, 2006)</u>

p. 8, ln. 19-22                                     p. 27, ln. 20 – p. 28, ln. 1

p. 23, ln. 5 – p. 24, ln. 6                         p. 33, ln. 24 – p. 34, ln. 7

p. 24, ln. 17-25


1.      Ford and General Motors reserve the right to use any other line and page designations submitted by any other party, including plaintiff.

2.      Ford and General Motors reserve the right to identify additional deposition testimony as it is not yet in receipt of all depositions of the numerous product nexus witnesses identified by plaintiff.

3.       Ford and General Motors incorporate by reference any of plaintiff's designations for the purpose of proving its cross claims against the various co-defendants and requesting apportionment of liability, if any, between, Ford and General Motors, all co-defendants, and all bankrupt entities which plaintiff has made a claim with.


                              WHITE AND WILLIAMS LLP


                              CHRISTIAN J. SINGEWALD (DE# 3542)
                              824 Market Street, Suite 902
                              P.O. Box 709
                              Wilmington, DE  19899-0709
                              (302) 654-0424
                              Attorneys for Defendants,
                              Ford Motor Company and General Motors
                              Corporation


Dated: December 22, 2006


ii

EFiled:  Dec 22 2006 11:41...EST
Transaction ID 13264170

IN THE SUPERIOR COURT OF DELAWARE COUNTY
STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS | § § § | |
| Plaintiff(s), | § § | CIVIL ACTION |
| VS. | § § | FILE NO. 06C-02-281 ASB |
| METROPOLITAN LIFE INSURANCE COMPANY, INC. et al., | § § § § | |
| Defendant(s). | | |

## PLAINTIFFS' PAGE AND LINE DESIGNATION

COMES NOW, Plaintiff(s) in the above-captioned cause and file this their Page and Line

Designation in relation to the February 7, 2007 trial setting in the Superior Court of Delaware

County, State of Delaware.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**

By:    /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430
        1220 North Market Street, Suite 604
        P.O. Box 370
        Wilmington, DE 19899
        Telephone:    (302) 656-0400
        Facsimile:    (302) 656-5011
        Attorney for Plaintiff

Date: December 21, 2006

1

Deposition of James Collins (Videotaped Deposition)

| PAGE | LINE |
|---|---|
| 7 | 16-25 |
| 8 | 1-25 |
| 9 | 1-25 |
| 10 | 1-25 |
| 11 | 1-25 |
| 12 | 1-25 |
| 13 | 1-25 |
| 14 | 1-25 |
| 15 | 1-25 |
| 16 | 1-25 |
| 17 | 1-25 |
| 18 | 1-25 |
| 19 | 1-25 |
| 20 | 1-25 |
| 21 | 1-25 |
| 22 | 1-25 |
| 23 | 1-25 |
| 24 | 1-25 |
| 25 | 1-2, 6-25 |
| 26 | 1-25 |
| 27 | 1-25 |
| 28 | 1-25 |
| 29 | 1-25 |
| 30 | 1-25 |

| 31 | 1-25 |
|----|------|
| 32 | 1-25 |
| 33 | 1-25 |
| 34 | 1-25 |
| 35 | 1-25 |
| 36 | 1-25 |
| 37 | 1-25 |
| 38 | 1-25 |
| 39 | 1-25 |
| 40 | 1-25 |
| 41 | 1-25 |
| 42 | 1-25 |
| 43 | 1-25 |
| 44 | 1-25 |
| 45 | 2-4, 6-25 |
| 46 | 1-18, 20-23, 25 |
| 47 | 1-2, 4-5, 7-22, 24-25 |
| 48 | 1, 3-8, 10-25 |
| 49 | 1-25 |
| 50 | 1-11, 13-25 |
| 51 | 1-25 |
| 52 | 1-15, 17-25 |
| 53 | 1-25 |
| 54 | 1-25 |
| 55 | 1-25 |
| 56 | 1-25 |
| 57 | 1-25 |
| 58 | 1-25 |

| 59 | 1-25 |
|----|------|
| 60 | 1-25 |
| 61 | 1-25 |
| 62 | 1-25 |
| 63 | 1-25 |
| 64 | 1-6, 8-25 |
| 65 | 1-11, 13-21, 23-25 |
| 66 | 1, 3-11, 13-18, 20 |
| 67 | 9-25 |
| 68 | 1-25 |
| 69 | 1-25 |
| 70 | 1-25 |
| 71 | 1-25 |
| 72 | 1-25 |
| 73 | 1-25 |
| 74 | 1-25 |
| 75 | 1-25 |
| 76 | 1-25 |
| 77 | 1-25 |
| 78 | 1-25 |
| 79 | 1-25 |
| 80 | 1-25 |
| 81 | 1-25 |
| 82 | 1-19 |

Deposition of James Collins (Discovery Deposition)

| PAGE | LINE |
|------|------|
| 7 | 12-25 |
| 8 | 1-25 |
| 9 | 9-20, 24-25 |
| 10 | 1-8, 15-25 |
| 11 | 1-21 |
| 12 | 21-25 |
| 13 | 1-25 |
| 14 | 4-25 |
| 15 | 1-20 |
| 16 | 2-25 |
| 17 | 1-5 |
| 20 | 16-18 |
| 33 | 8-24 |
| 34 | 1-25 |
| 35 | 2-25 |
| 36 | 1-25 |
| 37 | 1-11, 15-23 |
| 38 | 4-25 |
| 39 | 1-25 |
| 40 | 1-3, 9-25 |
| 41 | 1-21 |
| 42 | 9-20 |
| 45 | 12-17, 21-25 |
| 46 | 1-5, 9-20 |
| 51 | 1-25 |
| 52 | 1-25 |
| 53 | 1-21 |

| 54 | 14-18 |
|----|-------|
| 55 | 11-14, 16-24 |
| 56 | 9-17 |
| 57 | 18-25 |
| 58 | 1-17 |
| 61 | 1-15 |
| 62 | 6-25 |
| 63 | 1, 10-25 |
| 64 | 1-25 |
| 65 | 1-6 |
| 66 | 4-16, 24-25 |
| 67 | 1-25 |
| 68 | 1-4, 13-25 |
| 69 | 1-25 |
| 70 | 1-22, 24-25 |
| 71 | 1-10, 12-14, 16-25 |
| 72 | 1-25 |
| 73 | 1-11, 17-23 |
| 74 | 13-18 |
| 78 | 1-5, 9-18, 20-25 |
| 79 | 1, 3-25 |
| 80 | 1-25 |
| 81 | 1-17 |
| 82 | 6-21 |
| 83 | 1-6, 11-21 |
| 84 | 8-21 |
| 85 | 14-25 |
| 86 | 1-25 |

| 87 | 1-8 |
|---|---|
| 89 | 19-25 |
| 90 | 1-25 |
| 91 | 1-5, 10-17, 23-25 |
| 92 | 4-25 |
| 93 | 1-25 |
| 94 | 1-25 |
| 95 | 1-8 |
| 96 | 5-25 |
| 97 | 1-25 |
| 98 | 4-25 |
| 99 | 1-22, 25 |
| 100 | 1-7, 21-25 |
| 101 | 2-25 |
| 102 | 2-15, 22-25 |
| 103 | 1-4, 6-14 |
| 104 | 2-10, 16-25 |
| 105 | 1-8, 21-25 |
| 106 | 1-2, 11-18 |
| 108 | 6-25 |
| 109 | 1, 8-10, 18-25 |
| 110 | 1-2, 4, 5-7, 9-22 |
| 111 | 10-22 |
| 112 | 1-16 |

Deposition of Michael Matthews (co-worker of James Collins)

| PAGE | LINE |
|---|---|

| 8 | 15-24 |
|---|---|
| 9 | 3-25 |
| 10 | 1-25 |
| 11 | 1-25 |
| 12 | 1-3, 9-25 |
| 13 | 1-11, 16-25 |
| 14 | 1-9 |
| 16 | 17-25 |
| 17 | 1-14, 18-25 |
| 18 | 1-16, 24-25 |
| 19 | 1-25 |
| 20 | 1-25 |
| 21 | 1-25 |
| 22 | 1-25 |
| 23 | 1-25 |
| 24 | 1-25 |
| 25 | 1-25 |
| 26 | 1-25 |
| 27 | 1-25 |
| 28 | 1-12, 14-25 |
| 29 | 1-25 |
| 30 | 1-10, 16-25 |
| 31 | 4-25 |
| 32 | 1-8, 11-25 |
| 33 | 1-18, 24-25 |
| 34 | 1-12 |
| 37 | 25 |
| 38 | 1-11, 16-25 |
| 39 | 1-8, 15-25 |

| 41 | 12-25 |
|----|-------|
| 42 | 1-25 |
| 43 | 1-25 |
| 44 | 1-25 |
| 45 | 1-25 |
| 46 | 1-25 |
| 47 | 1-25 |
| 48 | 1-25 |
| 49 | 1-25 |
| 50 | 1-25 |
| 51 | 1-25 |
| 52 | 1-22 |
| 53 | 12-24 |
| 55 | 5-22, 24-25 |
| 56 | 1-2, 9-15, 17-25 |
| 57 | 1-7, 9-19, 21-25 |
| 58 | 1-25 |
| 59 | 1-25 |
| 60 | 1-9, 12-13, 15-20, 23-25 |
| 61 | 1-7, 9-10, 13-17, 19, 21-22, 24-25 |
| 62 | 1-3, 6-7, 9-13, 15-18 |
| 65 | 2-16 |

Deposition of Richard Stewart (co-worker of James Collins)

| PAGE | LINE |
|------|------|
| 9 | 23-25 |
| 10 | 1-25 |
| 11 | 1-25 |

| 12 | 1-25 |
|----|------|
| 13 | 1-25 |
| 14 | 1-23 |
| 15 | 8-25 |
| 16 | 1-25 |
| 17 | 1-25 |
| 18 | 1-4, 12-25 |
| 19 | 5-16 |
| 20 | 3-25 |
| 21 | 1-25 |
| 22 | 1-25 |
| 23 | 1-21 |
| 24 | 5-25 |
| 25 | 1-25 |
| 26 | 1-9 |
| 27 | 1-25 |
| 28 | 1-6, 11-25 |
| 29 | 1-25 |
| 30 | 1-25 |
| 31 | 1-6, 10-25 |
| 32 | 1-25 |
| 33 | 1-25 |
| 34 | 1-10, 12-25 |
| 35 | 1-25 |
| 36 | 1-13 |
| 37 | 8-14, 16-21, 24-25 |
| 38 | 1-25 |
| 39 | 1, 7-25 |
| 40 | 1-25 |

| 41 | 1-25 |
|----|------|
| 42 | 1-16 |
| 43 | 2-25 |
| 44 | 1-25 |
| 45 | 1-17, 23-25 |
| 46 | 1-25 |
| 47 | 1-8 |
| 49 | 12-25 |
| 50 | 1-25 |
| 51 | 1-25 |
| 52 | 1-25 |
| 53 | 1-25 |
| 54 | 1-25 |
| 55 | 1-25 |
| 56 | 1-25 |
| 57 | 1-25 |
| 58 | 1-12 |
| 59 | 12-14, 18-25 |
| 60 | 1, 4-7, 10-24 |
| 61 | 2-3, 5-21 |
| 62 | 1-25 |
| 63 | 1-25 |
| 64 | 1-25 |
| 65 | 1-20 |
| 66 | 4-8 |

Deposition of Harold Foshaug (co-worker of James Collins)

| PAGE | LINE |
|------|------|
| 9 | 25 |
| 10 | 1-25 |
| 11 | 1-25 |
| 12 | 1 |
| 13 | 11-25 |
| 14 | 1-5, 11-25 |
| 15 | 1 |
| 16 | 13-17, 24-25 |
| 17 | 1-2 |
| 18 | 11-15 |
| 19 | 13-21, 25 |
| 20 | 1-14, 17-20 |
| 21 | 5-8 |
| 22 | 14-22 |
| 24 | 12-17, 22-25 |
| 25 | 1-7 |
| 26 | 20-23, 25 |
| 27 | 1-2 |
| 32 | 10-25 |
| 33 | 1 |
| 34 | 9-11, 17-25 |
| 35 | 3-20 |
| 36 | 14-16, 20-22 |
| 40 | 19-22 |
| 41 | 3-6, 14-18 |
| 42 | 1-4, 8-11, 14-25 |
| 43 | 1-8, 13-25 |
| 44 | 1-7 |

| 51 | 14-16, 18-23 |
|----|----|
| 52 | 21-25 |
| 53 | 8-25 |
| 58 | 5-8, 14-25 |
| 60 | 12-15, 19-23 |
| 62 | 14-18 |
| 65 | 3-25 |
| 66 | 1-2, 4-7, 11-13, 15-17, 20-22, 25 |
| 67 | 1-8, 15-18, 20-25 |
| 68 | 1-10, 19-21, 23-25 |
| 69 | 1-3, 5-11, 14-16, 18, 21-25 |
| 70 | 8-10, 13-14, 18-23 |
| 71 | 1-5 |
| 72 | 8-9 |
| 73 | 8-17, 20-23 |
| 76 | 3-20 |
| 78 | 1-4 |
| 79 | 20-25 |
| 80 | 3-20 |
| 81 | 18-22 |
| 82 | 9-10, 12-13 |
| 86 | 2-5, 7, 9 |
| 88 | 21-25 |
| 89 | 1-6, 8-10, 14-17 |

Plaintiff(s) hereby adopt and incorporate by Plaintiffs' Master List of Deposition Testimony produced on February 15, 2005 via Federal Express to Defense Coordinating Counsel, Plaintiffs' Supplements to Plaintiffs' Master List of Deposition Testimony produced on June 29, 2006 via Federal Express to Defense Coordinating Counsel, and Plaintiffs' General and Association Lists of Deposition Testimony produced on June 29, 2006 via Federal Express Defense Coordinating

13

Counsel, and any further supplements thereto. Plaintiffs previously adopted and incorporated this deposition testimony on August 9, 2006 at Filing ID 12028574.

EFiled: Dec 15 2006 4:27 EST
Transaction ID 13212547

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN RE:  ASBESTOS LITIGATION

Limited to:                          :
                                     :
JAMES DANIEL COLLINS and             :
MARY M. COLLINS,                     :        C.A. No.  06C-02-281  ASB
                                     :
            Plaintiffs               :
                                     :
                 v.                  :
                                     :
METROPOLITAN LIFE INSURANCE,         :
et al,                               :
                                     :
            Defendants               :

### MOTION TO DISMISS CLAIMS
### AGAINST DEFENDANT PNEUMO ABEX LLC

Defendant Pneumo Abex LLC moves this Honorable Court pursuant to Superior Court Rule 41(a) to dismiss all claims against it in the above-captioned action.  Moving Defendant offers the following in support of its Motion.

1.    The Plaintiffs in the above-captioned action has stipulated and agreed to dismiss all claims against Moving Defendant, without prejudice. Plaintiffs, through his counsel, Yvonne Takvorian Saville, has executed a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

COOCH AND TAYLOR

BY:   /s/C. Scott Reese
      C. SCOTT REESE
      Delaware Bar No. 2036
      NORISS E. COSGROVE
      Delaware Bar No. 4238
      824 Market Street
      Suite 1000
      P. O. Box 1680
      Wilmington, Delaware 19899
December 15, 2006          Attorneys for Defendant
                           Pneumo Abex LLC



EFiled:  Dec 15 2006  4:27PM EST
Transaction ID 13212547

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE:  ASBESTOS LITIGATION | : | |
| Limited to: | : | C.A. No.  06C-02-281 ASB |
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | |
| Plaintiffs | : | |
| v. | : | |
| METROPOLITAN LIFE INSURANCE, et al, | : | |
| Defendants | : | |

### STIPULATION OF DISMISSAL AS TO
### DEFENDANT PNEUMO ABEX LLC

IT IS HEREBY STIPULATED and agreed by and between plaintiffs and defendant

Pneumo Abex LLC and their/its undersigned counsel, that all plaintiffs' claims against

Pneumo Abex LLC are dismissed without prejudice, with each party to bear its own costs and

attorneys' fees.  No consideration has been paid for this Stipulation of Dismissal.

WEISS & SAVILLE, P.A.

By: _____
Yvonne Takvorian Saville
Delaware Bar No. 3430
1220 Market Street, Suite 604
Wilmington, DE 19801
Telephone:  (302) 656-0400
Attorney for Plaintiffs

Dated: 12/13/06

COOCH AND TAYLOR

By: _____
C. Scott Reese
Delaware Bar No. 2036
824 Market St., Suite 1000
P.O. Box 1680
Wilmington, DE 19899
Telephone:  (302) 984-3856
Attorney for Defendant
Pneumo Abex LLC

Dated: 12/14/06



**EFiled:  Dec 15 2006  2:18**
**Transaction ID 13209592**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| *COTE  TRIAL GROUP* | : | |
| *Charles Lentile* | : | *C.A. No. : 05C-11-256* |
| *James Collins* | : | *C.A. No. : 06C-02-281* |
| *Horace Durham* | : | *C.A. No. : 05C-07-136* |
| *Rollin Overstreet* | : | *C.A. No. : 05C-09-037* |

### NOTICE OF SERVICE
### OF DEFENDANTS' EXPERT ECONOMIC REPORTS

**PLEASE TAKE NOTICE** that on this 15th day of December, 2006, the undersigned, as Defense

Coordinating Counsel and as Defense Medical Coordinator, did serve upon counsel for Plaintiffs

in these actions expert economic reports prepared by Robert F. Minnehan, Ph.D.


Dated  :  December 15, 2006                    **RUFO ASSOCIATES, PA**

                                 By  :    */S/  Loreto P. Rufo*
                                          Loreto P. Rufo  (ID # 2534)
                                          Hockessin Village Center
                                          7217 Lancaster Pike, Suite F
                                          Hockessin, Delaware 19707
                                          Tel : 302.234.5900



EFiled: Dec 15 2006 2:18PM EST
Transaction ID 13209592

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| *COTE  TRIAL GROUP* | : | |
| *Charles Lentile* | : | *C.A. No. : 05C-11-256* |
| *James Collins* | : | *C.A. No. : 06C-02-281* |
| *Horace Durham* | : | *C.A. No. : 05C-07-136* |
| *Rollin Overstreet* | : | *C.A. No. : 05C-09-037* |

### NOTICE OF SERVICE
### OF DEFENDANTS' EXPERT ECONOMIC REPORTS

***PLEASE TAKE NOTICE*** that on this 15th day of December, 2006, the undersigned, as Defense

Coordinating Counsel and as Defense Medical Coordinator, did serve upon counsel for Plaintiffs

in these actions expert economic reports prepared by Robert F. Minnehan, Ph.D.

Dated : December 15, 2006                    **RUFO ASSOCIATES, PA**

                                  By :    */S/ Loreto P. Rufo*
                                       Loreto P. Rufo  (ID # 2534)
                                       Hockessin Village Center
                                       7217 Lancaster Pike, Suite F
                                       Hockessin, Delaware 19707
                                       Tel : 302.234.5900

EFiled: Dec 15 2006 11:06AM EST
Transaction ID 13207442

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION    :
                              :
FEBRUARY 2007 TRIAL GROUP

| | | | |
|---|---|---|---|
| John Sheldon | : | C.A. No. | 05C-08-206 ASB |
| Moscoe King | : | C.A. No. | 05C-11-125 ASB |
| Charles Lentile | : | C.A. No. | 05C-11-256 ASB |
| | | | |
| James Collins | : | C.A. No. | 06C-02-281 ASB |
| William Kountz | : | C.A. No. | 06C-02-223 ASB |
| | | | |
| Marlon Owens | : | C.A. No. | 06C-02-241 ASB |
| Roland Grenier | : | C.A. No. | 05C-11-257 ASB |
| | | | |
| Lyle Foltz | : | C.A. No. | 05C-10-325 ASB |
| Hugo Engel | : | C.A. No. | 05C-09-083 ASB |
| Virgil Brauer | : | C.A. No. | 05C-08-049 ASB |
| Oliver Sandahl | : | C.A. No. | 05C-11-057 ASB |
| Arnold Eudy | : | C.A. No. | 05C-10-323 ASB |
| Willliam Modelewski | : | C.A. No. | 05C-09-192 ASB |
| Kenneth Beard | : | C.A. No. | 05C-11-158 ASB |
| Eustachico Lupone | : | C.A. No. | 05C-11-063 ASB |
| William Cote | : | C.A. No. | 05C-09-268 ASB |
| John Bassett | : | C.A. No. | 05C-07-122 ASB |
| Horace Durham | : | C.A. No. | 05C-07-136 ASB |
| Rollin Overstreet | : | C.A. No. | 05C-09-037 ASB |
| George Leroy Thomas | : | C.A. No. | 05C-11-106 ASB |
| Barry Gordon Smith | : | C.A. No. | 06C-02-265 ASB |

## FINAL WITNESS & EXHIBIT LIST FOR DEFENDANT
## KAISER GYPSUM COMPANY, INC.

**I.    WITNESSES**

**A.    EXPERTS**

Kaiser Gypsum hereby discloses the following experts to be called at trial:

1.    **Arthur M. Langer, Ph.D.**
      **Director, Environmental Sciences Laboratory**

**Institute of Applied Sciences, Brooklyn College**
**City University of New York**
**Bedford Avenue at Avenue H**
**Brooklyn, New York  11210**

Subject of Expected Testimony:  Dr. Langer will testify regarding the effects of
chrysotile asbestos fibers with respect to the causation and/or development of
mesothelioma and other cancerous conditions as well as other health conditions
and/or medical history pertinent to plaintiff's/decedent's case.  Dr. Langer is a
mineralogist who is expected to testify as to the characteristics of various asbestos
fibers and the behavior of such fibers in human tissue.  Dr. Langer is Professor
and Director of the Environmental Sciences Laboratory, a member of the
Institutes of Applied Sciences and was the Associate Director of the
Environmental Sciences Laboratory in the Mt. Sinai School of Medicine.
Dr. Langer is expected to testify about the physical properties of asbestos mineral
fibers, their origin, and presence in rock formations indigenous to the Western
United States.  He is expected to testify to the proper methods of measuring fiber
release and fiber counts.  He may also testify as to the amount of asbestos fibers
found in air samples taken from urban cities and other environments.  He is also
expected to testify to the history and methods of measurement.  He may testify as
to the scientific principles in regard to the release of asbestos fibers, the effect that
a product mix may have on the release of fibers, and the changes that asbestos
may undergo during use and during exposure to heat.  He may also testify
regarding the state of scientific knowledge concerning the potential health hazards
of exposure     to airborne asbestos fibers over time, the relative health hazards of
various types of asbestos and dose response.  A copy of his CV will be made
available upon request.

2.    **Sheldon H. Rabinovitz, Ph.D., C.I.H.**
      **Vice President**
      **Sandler Occupational Medicine Associates**
      **966 Hungerford Drive, #20A**
      **Rockville, MD  20850-1741**
      **(301) 217-0868**

Subject of Expected Testimony:  Dr. Rabinovitz is a certified industrial hygienist
with an extensive background in the prevention of adverse health effects and
injuries in the workplace.  He has extensive experience evaluating the workplace
for potential hazards with regard to work practices and workplace design,
measuring and evaluating various substances to assess exposure, exposure
potential and health and safety risks, and controlling the occupational setting with
engineering, work practice, administrative, and personal protective equipment
methods.  Dr. Rabinovitz may opine on issues related to workplace hazard
anticipation, recognition, evaluation and control.  He may also testify on issues
related to exposure standards and the relationship between exposure and disease
risk.  Dr. Rabinovitz may testify as to the state of the art with respect to asbestos
in the field of industrial hygiene, and, in particular, the evolution of knowledge

regarding the effects of asbestos exposure and its control during the period relevant to this case. He may also testify as to the development and utility of methodologies for identifying and measuring asbestos in air, dust and products. He may also testify about the evolution of and the process for setting Threshold Limit Values (TLVs), Occupational Safety and Health Administration standards-Permissible Exposure Limits (OSHA-PELs), and other standards used for assessing and controlling asbestos exposure. Dr. Rabinovitz may discuss the relationship between scientific knowledge and the development of public policy, the standards relating to asbestos exposure, and all aspects of government regulation of asbestos exposure. He may also testify as to industrial hygiene relating to asbestos including, but not limited to, asbestos-containing products used in manufacturing facilities, buildings, and construction sites, and the assessment of risk of exposure under various circumstances. Dr. Rabinovitz may also conduct an exposure or retrospective assessment of the plaintiff's exposure to asbestos in various construction products or in various work settings. He may comment about asbestos exposures to specific products and in various work settings. Dr. Rabinovitz may also testify about the development of knowledge regarding the dose-response relationship between exposure to asbestos and the development of disease, and related matters. He may also comment about testing done by or on behalf of the plaintiff, including critique and analysis of the sampling methods, analysis, protocols and scientific bases for the tests, and accuracy of the testing in reproducing field conditions. If Dr. Rabinovitz is unavailable to testify, Kaiser Gypsum may call Denny Ertel, CIH, who has similar expertise and will testify consistent within the described areas of testimony set forth for Dr. Rabionovitz.

3.     **I.A. Feingold, M.D.**
**Pulmonary Department**
**South Miami Hospital**
**7400 S.W. 62nd Avenue**
**Miami, FL**

Subject of Expected Testimony:  Dr. Feingold is the Medical Director of the Pulmonary and Respiratory Department, South Miami Hospital. Dr. Feingold may be called to testify with respect to the anatomy and function of the human respiratory system, pulmonary function testing, diseases allegedly associated with exposure to asbestos, and the development of related scientific and medical knowledge. Dr. Feingold may also be called to testify with respect to causation in these cases. Dr. Feingold may also be asked to respond to the testimony of certain witnesses offered at the time of trial including, but not limited to, plaintiff's experts on the alleged hazards of exposure to asbestos-containing products and their alleged propensity to release fibers. Dr. Feingold may further testify regarding radiology as a diagnostic aid in asbestos-associated disease, his review and opinions of the radiographic findings, and the correlation of those findings with plaintiff's or plaintiff's decedent's medical records, work history and other diagnostic studies. Dr. Feingold may further provide testimony based on biostatistics and his review and analysis of the epidemiological data and

literature. Dr. Feingold may also provide testimony regarding animal research concerning asbestos-related disease, the biological effects of asbestos and other dusts, cancer research, the practices and protocols regarding publication of scientific research, and the history of research into such matters in the United States and elsewhere, including state of the art. The observations and opinions offered by Dr. Feingold in this matter will be based on his review of the materials provided, a continuing review of the available scientific literature relating to the health effects of materials of interest in this matter, and Dr. Feingold's education and professional experience. As defendant becomes aware of additional facts and the opinions of plaintiff's experts, this witness may testify regarding his opinions of the additional facts or in response to the opinions of plaintiff's experts.

4.    **William L. Dyson, Ph.D., C.I.H.**
      **P.O. Box 49176**
      **Greensboro, North Carolina 27419-9176**

      Subject of Expected Testimony: Dr. Dyson are certified industrial hygienists. He will testify on industrial hygiene principles and standards, including but not limited to, OSHA and ACGIH standards, the evolution and history of threshold limit values (TLVs) and permissible exposure limits (PELs), the relative toxicity of different types of asbestos, the relative friability of different asbestos-containing products, and their propensity to cause disease, and on related issues. He may testify concerning the nature, extent, and etiology of various asbestos-related diseases. He may be called to testify regarding his knowledge of the type of products manufactured by Kaiser Gypsum, their use and the potential for exposure to airborne asbestos fibers experienced by the plaintiff in allegedly working directly with those products or in the vicinity of their use. He may also testify as to plaintiff's exposure to asbestos and what role, if any, plaintiff's exposure to asbestos-containing products manufactured by Kaiser Gypsum played in the context of plaintiff's total exposure and any resulting asbestos.

5.    **Michael Graham, M.D.**
      **Office of Medical Examiner**
      **City of St. Louis**
      **1300 Clark Street**
      **St. Louis, Missouri 63104**

      Dr. Graham is a board-certified pathologist who may testify to the pathological diagnosis of the medical condition of any plaintiff and/or the cause of death of any plaintiff. Dr. Graham is expected to testify concerning his review of medical records and pathology slides and samples regarding plaintiff. Dr. Graham may testify concerning his medical opinions of plaintiff's medical condition and, specifically, whether the plaintiff suffers from asbestos-related disease, the plaintiff's prognosis, course of disease, medical care costs. He may also address the health effects of asbestos exposure, threshold levels of exposure and fiber types necessary to cause disease. Dr. Graham may testify to the relationship, if any, between the plaintiff's illness and exposure to asbestos. He may also testify to the latency period related to various

asbestos-related diseases and the carcinogenic properties of different types of asbestos fibers. Dr. Graham may testify, in general, to asbestos-related diseases and the effects of exposure to persons in occupational settings, including the epidemiology of asbestos-related diseases and criteria for diagnosis of an asbestos-related disease and the state of the art of knowledge about asbestos-related diseases. In addition, Dr. Graham's testimony may include the health risks involved with smoking.

### B.    FACT WITNESSES

Kaiser identifies fact witnesses to be called on its behalf as follows:

**Carroll LaGraffe, Assistant Secretary (live or by deposition)**
**Kaiser Gypsum Company, Inc. ("Kaiser Gypsum")**
**P.O. Box 660225**
**Dallas, Texas 75266**

1.    Subject of Expected Testimony: Ms. LeGraffe may testify about the history of the corporation, its operation, the products Kaiser Gypsum manufactured and their packaging, the extent to which such products contained chrysotile, and whether and when Kaiser Gypsum ever manufactured, distributed, or sold the types of products at issue in this case.

2.    George B. Kirk (by deposition only)
c/o Ken Petty, Esq. or Bob Manlowe, Esq.
Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100
Seattle, WA 98101-2380

Subject of Expected Testimony: Mr. Kirk was employed by Kaiser Gypsum from 1954 through 1978. Mr. Kirk may testify about the history of the corporation, its operations, the products manufactured, their packaging, the use of warnings on the product packaging, the formulations and extent to which such products contained chrysotile and whether and when Kaiser Gypsum ever manufactured, distributed or sold the types of products at issue in this case.

In addition to the fact witnesses listed above, Kaiser Gypsum may elicit testimony from any and all co-workers, product identification witnesses, and other fact witnesses including those designated by Plaintiff and co-defendants. By making such designation, however, Kaiser Gypsum does not adopt or concede the accuracy or correctness of all testimony by such individual.

Any witnesses identified by any other defendant who performed either an independent medical examination of Plaintiff or who reviewed medical records or reviewed the pathology of Plaintiff. Such IMEs and records reviews are typically arranged by one defendant on behalf of many others, and Kaiser Gypsum many not know the identity of all such doctors or may not otherwise be able to timely supplement with regard to their qualifications, opinions, etc.

Any physician or medical provider who has examined, treated or evaluated Plaintiff or with whom Plaintiff has consulted, including but not limited to, those from whom records, have been obtained, and the records custodians of those providers or consultants.

Any person familiar with Plaintiff, his or her work history, his or her alleged exposure to asbestos containing products, and the existence or extent of any alleged damages, including any person identified by plaintiff in deposition or any discovery response of any party.

Any and all records custodians (1) for any of Plaintiff's current or former employers; (2) for companies of governmental entities or military organizations on whose premises Plaintiff is alleged to have been exposed to asbestos-containing products manufactured by the defendant; and (3) for the Social Security Administration or to her local, state, or federal agencies, including but not limited to law enforcement agencies whose records regarding Plaintiff may not have been obtained.

To the extent necessary, Kaiser Gypsum reserves the right to call any other witnesses identified by any other party, whether or not they remain a party at the time of trial.

To the extent necessary, Kaiser Gypsum reserves the right to add and disclose such further witnesses who may be called at trial as may be determined to be necessary in response to the disclosure or testimony of other witnesses.

To the extent necessary, Kaiser Gypsum reserves the right to disclose and call rebuttal witnesses in response to plaintiff's presentation at trial.


MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN


BY:   */s/ Armand Della Porta, Jr.,  No. 2861*
        ARMAND J. DELLA PORTA, JR., ESQ.
        ANA MARINA MCCANN, ESQ.

1220 North Market St., 5th Floor
P.O. Box 8888
Wilmington, DE  19899
(302) 552-4323

DATED:  December 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the Witness and Exhibit List For Defendant Kaiser Gypsum

Company, Inc., was electronically filed on Lexis Nexis File and Served on  December 15

2006.

**Marshall, Dennehey, Warner,
Coleman & Goggin**

*/s/ Armand J. Della Porta, Jr.,  Esq. No. 2861*
Armand J. Della Porta Jr., Esquire
1220 N. Market Street, 5th Floor
P.O. Box 130
Wilmington, DE  19899-0130
(302) 552-4232
Attorney for Defendants, Kaiser Gypsum, Inc.

EFiled: Dec 13 2006 4:42
Transaction ID 13188130

IN THE SUPERIOR COURT OF DELAWARE COUNTY
STATE OF DELAWARE

JAMES DANIEL COLLINS and MARY M.    §
COLLINS    §
   §     CIVIL ACTION
    Plaintiff(s),    §
   §
VS.    §     FILE NO. 06C-02-281 ASB
   §
METROPOLITAN LIFE INSURANCE    §
COMPANY, INC. et al.,    §
   §
    Defendant(s).    §

## PLAINTIFF(S) NOTICE OF INTENTION
## NOT TO OPPOSE SUMMARY JUDGMENT

COMES NOW, Plaintiff(s) in the above-captioned cause and files this Notice of Intention

Not to Oppose Motion(s) for Summary Judgment filed by the following Defendants:

FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER
WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to
BESTWALL GYPSUM COMPANY);

CERTAINTEED CORPORATION;

AMETEK, INC. (individually, and as successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest
to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to
HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG
INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

KAISER GYPSUM COMPANY, INC.;

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT
CORPORATION, individually and as successor-in-interest to KAISER GYPSUM
COMPANY, INC.);

DURABLA MANUFACTURING COMPANY;

PLAINTIFF'S NOTICE OF INTENTION NOT TO OPPOSE SUMMARY JUDGMENT
C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\491_200612132142190190.wpd

Page 1

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);

A.W. CHESTERTON, INC.;

FORD MOTOR COMPANY;

GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.);

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);

UNION CARBIDE CORPORATION; and

T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.)

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:    /s/ Yvonne Takvorian Saville
       _Yvonne Takvorian Saville, #3430

~ and ~

BARON & BUDD, P.C.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
Phone:  214/521-3605

Fax:  214/520-1181

*Attorneys for Plaintiffs*

Date:  <u>December 13, 2006</u>

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

EFiled: Dec 12 2006 10:15 M EST

COUNTY:    N    K    S    CIVIL ACTION NUMBER Transaction ID 13164595

CIVIL CASE CODE:   CASB            CIVIL CASE TYPE:   Asbestos
(SEE REVERSE SIDE FOR CODE AND TYPE)

| | |
|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br><br>COMPANY, INC., *et al.*<br><br>Defendants. | NAME AND STATUS OF PARTY FILING DOCUMENT:<br><br>  Defendants, General Motors Corporation and Ford Motor Company <br>DOCUMENT TYPE: (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>  Response in Opposition to Plaintiff's Motion to Substitute Parties and Add Wrongful Death and Survival Claims <br><br>NON-ARBITRATION  X <br><br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ___    Mediation ___    Neutral Assessment ___<br>DEFENDANT (CIRCLE ONE)    ACCEPT    REJECT<br><br>JURY DEMAND    X ___  YES  _____  NO |
| ATTORNEY NAME(S):<br><br>  Christian J. Singewald (#3542) <br>ATTORNEY ID(S):<br><br>  White and Williams LLP <br>FIRM NAME:<br><br>ADDRESS:<br><br>824 N. Market Street, Suite 902,<br>P.O. Box 709, Wilmington, DE 19899-0709 <br><br>TELEPHONE NUMBER:  (302) 654-0424 <br><br>FAX NUMBER:  (302) 467-4547 <br><br>E-MAIL ADDRESS:<br><br>singewaldc@whiteandwilliams.com | TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br><br>**EXPEDITED    STANDARD    COMPLEX**<br>IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>_____<br>_____<br>_____<br>EXPLAIN THE RELATIONSHIP(S): _____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: __<br>_____<br>_____<br>_____<br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

WILDMS 138489v.1

EFiled:  Dec 12 2006 10:15 M EST
Transaction ID 13164595

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | CIVIL ACTION NO. 06C-02-281 ASB |
| | : | |
| Plaintiffs, | : | ASBESTOS CASE |
| | : | |
| v. | : | TRIAL BY JURY OF TWELVE |
| | : | DEMANDED |
| METROPOLITAN LIFE INSURANCE COMPANY, INC., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS, GENERAL MOTORS CORPORATION AND FORD MOTOR COMPANY'S, RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES AND ADD WRONGFUL DEATH CLAIM

Defendants, General Motors Corporation ("GM") and Ford Motor Company ("Ford"), by and through their counsel, oppose Plaintiffs' Motion to Substitute Parties and Add Wrongful Death Claim. In support of their position, GM and Ford assert the following:

1.      Plaintiff, James Daniel Collins ("the decedent"), has died.

2.      The decedent's wife, Mary M. Collins, was appointed the Personal Representative of the Estate of James Daniel Collins.

3.      In light of the decedent's death, Plaintiffs now move this Court to substitute Mary M. Collins for the decedent. Plaintiffs also request leave of the Court to allow several parties to assert a wrongful death claim, specifically Lenore Collins, Christopher Scott Collins, Cynthia Rae Martin, Gloria Serhan, Thomas Collins and Richard Allen.[2] Finally, Plaintiffs intend to recover damages under the survival statute.

---

[2] Christopher Scott Collins and Cynthia Rae Martin are the decedent's children. The relationship between the decedent and Lenore Collins, Gloria Serhan, Thomas Collins and Richard Allen, respectively, is not currently known.

- 2 -