# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARY M. COLLINS, Individually and as
Personal Representative of the Heirs and
Estate of JAMES DANIEL COLLINS,
Deceased

        Plaintiff(s),

    v.

METROPOLITAN LIFE INSURANCE
COMPANY, INC;

FOSTER WHEELER NORTH AMERICA
CORPORATION (F/K/A FOSTER
WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION
(individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-
BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and
as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a O-
I);

ZURN INDUSTRIES, INC. 9A/j/a and
successor-by-merger to ERIE CITY IRON
WORKS);

GARLOCK SEALING TECHNOLOGIES
LLC (individually and as a successor-in-
interest to GARLOCK, INC);

AMETEK, INC. (individually and as a
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger

 

**NOTICE OF REMOVAL**


**Filed on behalf of**
**VOLKSWAGEN OF AMERICA, INC.**


Counsel of Record for this Party:

Steven T. Davis, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE 19806

Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA 15219

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX 75205

4123160

with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION
(individually , and as successor-in-interest to
AMERICAN SUPER TEMPERATURE
WIRE, and successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger to
HAVEG CORPORATION);

HERCULES, INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by merger to
HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK
BORSIG POWER, INC. f/k/a D.B. RILEY,
INC. f/k/a RILEY STOKER
CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC.
(individually and as successor-in-interest to
MUNDET CORK COMPANY);

3M COMPANY (individually and f/k/a
MINNESOTA, MINING and
MANUFACTURING COMPANY a/k/a
"3M");

T.H. AGRICULTURE & NUTRITION LLC
(individually and f/k/a T.H. AGRICULTURE
& NUTRITION COMPANY, INC. f/k/a
THOMPSON-HAYWARD CHEMICAL
COMPANY);

PHILIPS ELECTRONICS NORTH
AMERICA CORP (individually and as
successor-in-interest to T H AGRICULTURE
& NUTIRTION LLC);

KAISER CEMENT CORPORATION
(individually and as successor-in-interest to
KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENT CEMENT, INC.
(f/k/a KAISER CEMENT CORPORATION,
individually and as successor-in-interest to
KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually and as successor-in-
interest to RPM, INC. and BONDEX
INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually
and as successor-in-interest to RPM, INC.
and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as
successor-in-merger to CBS
CORPORATION, successor-by-merger to
WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER
COMPANY;

BORGWARNER MORSE TEC, INC.
(individually and as successor-in-interest to
BORG-WARNER CORPORATION);

BORGWARNER, INC. (individually and as
successor-in-interest to BORG-WARNER
CORPORATION);

HONEYWELL INTERNATIONAL, INC.
(individually and as successor-in-interest
To ALLIED-SIGNAL, INC. and THE
BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION
(f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNEUMO ABEX LLC (individually and as
successor-in-merger to PNEUMO ABEX
CORPORATION, successor-in-interest to
ABEX CORPORATION f/k/a AMERICAN
BRAKE SHOE and FOUNDRY COMPANY
including the AMERICAN BRAKEBLOK
DIVISION and FOUNDRY COMPANY
including AMERICAN BRAKEBLOK
DIVISION and THE AMERICAN
BRAKEBLOK CORPORATION f/k/a THE
AMERICAN BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a
subsidiary of ARVIN INDUSTRIES, INC.
individually and as successor-in-interest to
GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC.
(individually and as successor-in-merger to
AMMCO TOOLS, INC and AMMCO
TOOLS, CO. d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.

VOLKSWAGEN OF AMERICA, INC.

   Defendants.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MARY M. COLLINS, Individually and
as Personal Representative of the Heirs
and Estate of JAMES DANIEL
COLLINS, Deceased
              Plaintiff(s),

    v.

METROPOLITAN LIFE INSURANCE
COMPANY, INC;

FOSTER WHEELER NORTH
AMERICA CORPORATION (F/K/A
FOSTER WHEELER ENERGY
CORPORATION);

GEORGIA-PACIFIC CORPORATION
(individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY,
INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-
BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually
and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a
O-I);

ZURN INDUSTRIES, INC. 9A/j/a and
successor-by-merger to ERIE CITY
IRON WORKS);

GARLOCK SEALING
TECHNOLOGIES LLC (individually and
as a successor-in-interest to GARLOCK,
INC);

AMETEK, INC. (individually and as a
successor-in-interest to HAVEG

_____

**NOTICE OF REMOVAL**


**Filed on behalf of
VOLKSWAGEN OF AMERICA,
INC.**

4123160

5

INDUSTRIES, INC. successor-by-merger
with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION
(individually , and as successor-in-interest
to AMERICAN SUPER
TEMPERATURE WIRE, and successor-
in-interest to HAVEG INDUSTRIES,
INC. successor-by-merger to  HAVEG
CORPORATION);

HERCULES, INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by merger
to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK
BORSIG POWER, INC. f/k/a D.B.
RILEY, INC. f/k/a RILEY STOKER
CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY,
INC. (individually and as successor-in-
interest to MUNDET CORK
COMPANY);

3M COMPANY (individually and f/k/a
MINNESOTA, MINING and
MANUFACTURING COMPANY a/k/a
"3M");

T.H. AGRICULTURE & NUTRITION
LLC (individually and f/k/a T.H.
AGRICULTURE & NUTRITION
COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH

AMERICA CORP (individually and as
successor-in-interest to T H
AGRICULTURE & NUTIRTION LLC);

KAISER CEMENT CORPORATION
(individually and as successor-in-interest
to KAISER GYPSUM COMPANY,
INC.);

HANSON PERMANENT CEMENT,
INC. (f/k/a KAISER CEMENT
CORPORATION, individually and as
successor-in-interest to KAISER
GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually and as
successor-in-interest to RPM, INC. and
BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC.
(individually and as successor-in-interest
to RPM, INC. and BONDEX
INTERNATIONAL, INC.);

VIACOM, INC. (individually and as
successor-in-merger to CBS
CORPORATION, successor-by-merger to
WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER
COMPANY;

BORGWARNER MORSE TEC, INC.
(individually and as successor-in-interest
to BORG-WARNER CORPORATION);

BORGWARNER, INC. (individually and
as successor-in-interest to BORG-
WARNER CORPORATION);

HONEYWELL INTERNATIONAL,
INC. (individually and as successor-in-
interest

To ALLIED-SIGNAL, INC. and THE
BENDIX CORPORATION);

DAIMLERCHRYSLER
CORPORATION (f/k/a CHRYSLER
CORPORATION);

GENERAL MOTORS CORPORATION;
FORD MOTOR COMPANY;

PNEUMO ABEX LLC (individually and
as successor-in-merger to PNEUMO
ABEX CORPORATION, successor-in-
interest to ABEX CORPORATION f/k/a
AMERICAN BRAKE SHOE and
FOUNDRY COMPANY including the
AMERICAN BRAKEBLOK DIVISION
and FOUNDRY COMPANY including
AMERICAN BRAKEBLOK DIVISION
and THE AMERICAN BRAKEBLOK
CORPORATION f/k/a THE AMERICAN
BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a
subsidiary of ARVIN INDUSTRIES,
INC. individually and as successor-in-
interest to GRIZZLY
MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC.
(individually and as successor-in-merger
to AMMCO TOOLS, INC and AMMCO
TOOLS, CO. d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.

VOLKSWAGEN OF AMERICA, INC.

        Defendants.

**NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE:

AND NOW, comes defendant, Volkswagen of America, Inc. (VWoA) and files its Notice
of Removal, and in support thereof avers as follows:

1.     On February 28, 2006, Plaintiffs James Daniel Collins and Mary M. Collins filed
a Complaint against 40 Defendants, not including VWoA, in the Superior Court of New Castle
County, Delaware.

2.     On information and belief, Plaintiffs' initial discovery responses were served in
May, 2006. These discovery responses disclosed Mr. Collins' employment history, including
employment at two Volkswagen dealerships.

3.     On information and belief, James Daniel Collins was deposed on August 10,
2006, at which time he testified about exposure to VWoA products.

4.     On information and belief, Plaintiffs filed a motion to amend the Complaint on
August 17, 2006 to add VWoA as a party to the lawsuit. The motion was not immediately
presented to the Superior Court of New Castle County, Delaware. The Superior Court of New
Castle County, Delaware granted the motion to amend on October 6, 2006.

5.     On information and belief, Plaintiff James Daniel Collins died on or about
September 25, 2006.

6.     On information and belief, Plaintiff Mary Collins filed an Amended Complaint
adding VWoA as a party to the lawsuit on October 17, 2006, attached hereto as Exhibit A.

7.     VWoA was served with original process on December 11, 2006, after the close of
discovery in the case, and after the Plaintiff James Collins had died. At that point in time, trial
was scheduled for February 12, 2007.

8.      On December 9, 2006, an initial Motion to Substitute Parties and Add Wrongful Death Claim was filed.  Thereafter, on January 24, 2007, a second Motion to Substitute Parties and Add a Wrongful Death Claim was filed.  The Court granted the second Motion to Substitute Parties and Add Wrongful Death Claim on February 2, 2007.  Mary M. Collins, in her own right, and as the Executrix of the Estate of James Daniel Collins is the Plaintiff in this action (hereinafter "Plaintiff").

9.      Plaintiff then filed a Second Amended Complaint on February 5, 2007, attached hereto as Exhibit B.

10.      Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, VWoA removes this action to the United States District Court for the District of Delaware, which is the judicial district in which the action is pending.

11.      Upon information and belief, VWoA is the only remaining defendant in this action.  Although the docket does not reflect such, Counsel for VWoA was informed on March 12, 2007, for the first time, that VWoA is the only defendant remaining in this case.  This information was confirmed in written correspondence attached hereto as Exhibit C.

12.      Forty defendants were sued in this action, but the majority appears to have been only nominal defendants who were sued as part of a "mass tort" asbestos filing.  They and their alleged asbestos-containing products were not identified in this asbestos action and those companies have been or will be dismissed through voluntary and/or stipulated dismissals.  The remaining defendants other than VWoA have had summary judgment granted or have settled their claims, although those settlements (and some of the nominal defendant dismissals) are not yet reflected on the docket.

13.    There is complete diversity of citizenship between Plaintiff and VWoA in this action because:

      a.      Plaintiff is an individual and citizen of the State of Washington;

      b.      Defendant Volkswagen of America, Inc. is organized and incorporated under the laws of the State of New Jersey, with a principal place of business in Michigan;

      c.      More than $75,000, exclusive of interests and costs, is in controversy in this action; and

      d.      Other remaining defendants, whether or not diverse, are either nominal defendants (that have been or will be dismissed) or have settled the instant action.

14.    Thus, this court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. §1332 if the action as it stands had it originally been brought in federal court.  Removal is therefore proper under 28 U.S.C. §1441(a).

15.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because any parties in interest properly joined and served as a defendant that were citizens of the State of Delaware, the State in which this action was brought, are nominal defendants or have settled the claims against them.

16.    This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because VWoA received notice, confirmed in writing, that the case had become

removable on March 12, 2007. This Notice of Removal is filed within one year of the commencement of the action against VWoA.[1]

17.    Pursuant to Section 1446(a) of Title 28 of the United States Code, "a copy of all process, pleadings, and orders" served on Volkswagen of America, Inc. at the time of removal are attached as Exhibit D.[2]

**WHEREFORE**, Defendant Volkswagen of America, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court of New Castle County, Delaware, on this 14th day of March 2007.

Dated:  March 14, 2007

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY:

Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219

AND

One Penn Center, 19th Floor

---

[1] If commencement of the action is measured by when the Complaint was filed without VWoA as a party, VWoA is entitled to an equitable exception to the one-year bar.

[2] See also all papers and pleadings filed via Lexis Nexis electronic file and serve from December 11, 2006 (E-filing ID No. 13151797) to March 5, 2007 (E-filing ID No. 14017420).

1617 JFK Boulevard
Philadelphia, PA  19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Counsel for Defendant,
Volkswagen of America, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Volkswagen of America, Inc.'s Notice of Removal was served on Plaintiff's counsel this 14th day of March, 2007, via hand delivery.

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY: _____
Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE 19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA 15219

AND

One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA 19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX 75205

Counsel for Defendant,
Volkswagen of America, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MARY M. COLLINS, Individually and
as Personal Representative of the Heirs
and Estate of JAMES DANIEL
COLLINS, Deceased
              Plaintiff(s),

      v.

METROPOLITAN LIFE INSURANCE
COMPANY, INC;

FOSTER WHEELER NORTH
AMERICA CORPORATION (F/K/A
FOSTER WHEELER ENERGY
CORPORATION);

GEORGIA-PACIFIC CORPORATION
(individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY,
INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-
BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually
and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and
d/b/a O-I);

ZURN INDUSTRIES, INC. 9A/j/a and
successor-by-merger to ERIE CITY
IRON WORKS);

GARLOCK SEALING
TECHNOLOGIES LLC (individually
and as a successor-in-interest to
GARLOCK, INC);

AMETEK, INC. (individually and as a

_____

**NOTICE OF REMOVAL**


**Filed on behalf of**
**VOLKSWAGEN OF AMERICA,**
**INC.**

successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-
merger with HAVEG CORPORATION);

CHAMPLAIN CABLE
CORPORATION (individually , and as
successor-in-interest to AMERICAN
SUPER TEMPERATURE WIRE, and
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-
merger to  HAVEG CORPORATION);

HERCULES, INC. (individually, and as
successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by
merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a
BABCOCK BORSIG POWER, INC.
f/k/a D.B. RILEY, INC. f/k/a RILEY
STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY,
INC. (individually and as successor-in-
interest to MUNDET CORK
COMPANY);

3M COMPANY (individually and f/k/a
MINNESOTA, MINING and
MANUFACTURING COMPANY a/k/a
"3M");

T.H. AGRICULTURE & NUTRITION
LLC (individually and f/k/a T.H.
AGRICULTURE & NUTRITION
COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH
AMERICA CORP (individually and as
successor-in-interest to T H
AGRICULTURE & NUTIRTION LLC);

KAISER CEMENT CORPORATION
(individually and as successor-in-interest
to KAISER GYPSUM COMPANY,
INC.);

HANSON PERMANENT CEMENT,
INC. (f/k/a KAISER CEMENT
CORPORATION, individually and as
successor-in-interest to KAISER
GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually and as
successor-in-interest to RPM, INC. and
BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC.
(individually and as successor-in-interest
to RPM, INC. and BONDEX
INTERNATIONAL, INC.);

VIACOM, INC. (individually and as
successor-in-merger to CBS
CORPORATION, successor-by-merger
to WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER
COMPANY;

BORGWARNER MORSE TEC, INC.
(individually and as successor-in-interest
to BORG-WARNER CORPORATION);

BORGWARNER, INC. (individually
and as successor-in-interest to BORG-
WARNER CORPORATION);

HONEYWELL INTERNATIONAL,
INC. (individually and as successor-in-

interest
To ALLIED-SIGNAL, INC. and THE
BENDIX CORPORATION);

DAIMLERCHRYSLER
CORPORATION (f/k/a CHRYSLER
CORPORATION);

GENERAL MOTORS
CORPORATION;
FORD MOTOR COMPANY;

PNEUMO ABEX LLC (individually and
as successor-in-merger to PNEUMO
ABEX CORPORATION, successor-in-
interest to ABEX CORPORATION f/k/a
AMERICAN BRAKE SHOE and
FOUNDRY COMPANY including the
AMERICAN BRAKEBLOK DIVISION
and FOUNDRY COMPANY including
AMERICAN BRAKEBLOK DIVISION
and THE AMERICAN BRAKEBLOK
CORPORATION f/k/a THE
AMERICAN BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a
subsidiary of ARVIN INDUSTRIES,
INC. individually and as successor-in-
interest to GRIZZLY
MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC.
(individually and as successor-in-merger
to AMMCO TOOLS, INC and AMMCO
TOOLS, CO. d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.

VOLKSWAGEN OF AMERICA, INC.

       Defendants.

## CERTIFICATE OF NOTICE OF FILING

The undersigned attorneys of record for Volkswagen of America, Inc., certify that, in compliance with 28 U.S.C. §1446(d), a copy of the Notice of Removal of this action was filed with the Prothonotary of the Superior Court of New Castle County, Delaware on March 14, 2007.

The undersigned attorneys of record further certify that on the same day, in compliance with the requirements of 28 U.S.C. §1446(d), written notice of the removal was also delivered to all the parties, including the Plaintiffs, in this action directly or through their attorneys, along with a copy of the Notice of Removal filed in this court.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY: _____

Steven T. Davis, Esquire
Del. Bar No. 2731
3 Mill Road, Suite 306A
Wilmington, DE  19806

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219

AND

One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA  19103

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

Dated:  March 14, 2007                    Counsel for Defendant,
                                          Volkswagen of America, Inc.

AND

OF COUNSEL:
Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell &
Hippel, LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA 15219
(412) 288-2459

AND

Robert E. Thackston, Esquire
Hawkins Parnell & Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX 75205
(214) 780-5101

Counsel for Defendant,
Volkswagen of America, Inc.

Dated: February 22, 2007

EFiled: Feb 22 2007 3:54PM EST
Transaction ID 13893514
Case No. 06C-02-281 ASB

# EXHIBIT "A"

4088719

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Oct 17 2006 12:26PM EDT
Transaction ID 12649530

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. 06C-02-281 ASB |
| | : | |
| Plaintiffs, | : | COMPLAINT |
| | : | |
| v. | : | "FIRST AMENDED COMPLAINT - UNDERSCORED LANGUAGE REPRESENTS CHANGES MADE FROM THE FIRST AMENDED COMPLAINT AND BRACKETS INDICATE DELETION FROM THE ORIGINAL COMPLAINT" |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | |
| | : | |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | NON-ARBITRATION |
| | : | ASBESTOS |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | JURY TRIAL DEMANDED |
| | : | |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |
| | : | |
| AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); | : | |

CHAMPLAIN CABLE CORPORATION : 
(individually, and as successor-in-interest : 
to AMERICAN SUPER : 
TEMPERATURE WIRE, and successor- : 
in-interest to HAVEG INDUSTRIES, : 
INC. successor-by-merger to HAVEG : 
CORPORATION); : 

HERCULES INC. (individually, and as : 
successor-in-interest to HAVEG : 
INDUSTRIES, INC. successor-be-merger : 
to HAVEG CORPORATION); : 

RILEY POWER, INC. (f/k/a BABCOCK : 
BORSIG POWER, INC., f/k/a D.B. : 
RILEY, INC., f/k/a RILEY STOKER : 
CORPORATION); : 

UNION CARBIDE CORPORATION; : 

DANA CORPORATION; : 

CRANE COMPANY; : 

INGERSOLL-RAND COMPANY; : 

CROWN CORK & SEAL COMPANY, : 
INC. (individually and as successor-in- : 
interest to MUNDET CORK : 
COMPANY); : 

3M COMPANY (individually and f/k/a : 
MINNESOTA, MINING, AND : 
MANUFACTURING COMPANY, a/k/a : 
"3M"); : 

T.H. AGRICULTURE & NUTRITION, : 
LLC (individually and f/k/a T.H. : 
AGRICULTURE & NUTRITION : 
COMPANY, INC. f/k/a THOMPSON- : 
HAYWARD CHEMICAL COMPANY); : 

PHILIPS ELECTRONICS NORTH : 
AMERICA CORP. (individually and as : 
successor-in-interest to T H : 
AGRICULTURE & NUTRITION, LLC); : 

KAISER GYPSUM COMPANY, INC.; :

KAISER CEMENT CORPORATION           :
(individually, and as successor-in-interest   :
to KAISER GYPSUM COMPANY,           :
INC.);                              :

HANSON PERMANENTE CEMENT,           :
INC. (f/k/a KAISER CEMENT           :
CORPORATION, individually and as    :
successor-in-interest to KAISER     :
GYPSUM COMPANY, INC.);              :

BONDEX INTERNATIONAL, INC.;         :

RPM, INC. (individually, and as     :
successor-in-interest to BONDEX     :
INTERNATIONAL, INC.);               :

RPM INTERNATIONAL, INC.             :
(individually and as successor-in-interest   :
to RPM, INC., and BONDEX            :
INTERNATIONAL, INC.);               :

VIACOM, INC. (individually and as   :
successor-by-merger to CBS          :
CORPORATION, successor-by-merger    :
to WESTINGHOUSE ELECTRIC            :
CORPORATION);                       :

THE GOODYEAR TIRE & RUBBER          :
COMPANY;                            :

BORGWARNER MORSE TEC, INC.,         :
(individually and successor in interest to   :
BORG-WARNER CORPORATION);           :

BORGWARNER, INC.,(individually and  :
successor in interest to BORG-WARNER  :
CORPORATION);                       :

HONEYWELL INTERNATIONAL,            :
INC. (individually and as successor-in-   :
interest to ALLIED-SIGNAL, INC. and.   :
THE BENDIX CORPORATION);            :

DAIMLERCHRYSLER                     :
CORPORATION (f/k/a CHRYSLER         :
CORPORATION);                       :

GENERAL MOTORS CORPORATION;         :

FORD MOTOR COMPANY;                          :
                                             :
PNEUMO ABEX, LLC (individually and           :
as successor-by-merger to PNEUMO             :
ABEX CORPORATION, successor-in-              :
interest to ABEX CORPORATION f/k/a           :
AMERICAN BRAKE SHOE                          :
COMPANY, f/k/a AMERICAN BRAKE                :
SHOE and FOUNDRY COMPANY                     :
including the AMERICAN                        :
BRAKEBLOK DIVISION, successor-by-            :
merger to the AMERICAN BRAKE                  :
SHOE and FOUNDRY COMPANY and                 :
THE AMERICAN BRAKEBLOK                       :
CORPORATION, f/k/a THE                        :
AMERICAN BRAKE MATERIALS                     :
CORPORATION);                                :
                                             :
MAREMONT CORPORATION (a                      :
subsidiary of ARVIN INDUSTRIES,              :
INC., individually and as                     :
successor-in-interest to GRIZZLY             :
MANUFACTURING CO.);                          :
                                             :
HENNESSY INDUSTRIES, INC.,                   :
(individually and as successor by merger     :
to AMMCO TOOLS, INC. and AMMCO              :
TOOLS, CO., d/b/a AMMCO TOOLS);             :
                                             :
A.W. CHESTERTON, INC.;                       :
                                             :
DURABLA MANUFACTURING                        :
COMPANY, INC.;                               :
                                             :
VOLKSWAGEN OF AMERICA, INC.;                 :
                                             :
       Defendants.                           :
                                             :

## COUNT I

1.    Plaintiff, JAMES DANIEL COLLINS, was wrongfully exposed to asbestos, an

inherently dangerous toxic substance while employed at the following places:

    (a)    Plaintiff JAMES DANIEL COLLINS was exposed thru his father, James

           Collins, from his father's work at Fort Lewis where he worked from

1947-1965; and 1967-1967 as a heating and cooling specialist in Fort Lewis, WA.

(b)     Plaintiff JAMES DANIEL COLLINS performed construction jobs at personal residences from 1950-1952.

(c)     Plaintiff JAMES DANIEL COLLINS performed mechanic jobs at personal residences from 1964-2005.

(d)     Plaintiff JAMES DANIEL COLLINS performed construction jobs at residential sites in Olympia, Washington in 1977.

(e)     Plaintiff JAMES DANIEL COLLINS worked at a salvage yard in Tumwater, Washington in1965.

(f)     Plaintiff JAMES DANIEL COLLINS attended Clover Park Vocational School in Tacoma, Washington from 1967-1969 as a student.

(g)     Plaintiff JAMES DANIEL COLLINS worked at America Oil Service Station in Tacoma, Washington from 1968-1969 as a laborer and light mechanic.

(h)     Plaintiff JAMES DANIEL COLLINS worked at Brewington Motors in Olympia, Washington as a mechanic from 1971-1976.

(i)     Plaintiff JAMES DANIEL COLLINS worked at South Puget Sound Community College in Olympia, Washington from 1985-2005 as an instructor.

(j)     Plaintiff JAMES DANIEL COLLINS worked at Hanson Motors in Olympia, Washington from 1976-1985 as a mechanic.

(k)     Plaintiff JAMES DANIEL COLLINS was employed by Collins Automotive Enterprises where he worked at personal residences in Olympia, Washington from 1975-1976 as a mechanic.

Plaintiff was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

2.     As a result of the Defendants' wrongful conduct, Plaintiff, JAMES DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.     As a result of Defendants wrongful conduct which caused Plaintiff, JAMES DANIEL COLLINS's asbestos related diseases and health problems, Plaintiffs, JAMES DANIEL COLLINS and MARY M. COLLINS suffer extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law. In addition, Plaintiff(s) MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

4.     The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

## COUNT II

5.     The allegations in paragraph one (1) through four (4) are realleged and incorporated by reference within this Count.

6.     FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX
INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to
RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS
CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to
BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-
WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-
interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO
ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a
AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE
and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK
DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and
FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK
CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC.,
individually and as successor-in-interest to GRIZZLY MANUFACTURING
CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to
AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.:

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

      7.    Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, including but not limited to Defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material harmful to the asbestos industry and only published certain portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors.

      8.    The illnesses and disabilities of Plaintiff is a direct and proximate result of 3M's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

      9.    3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

      10.    Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

11.     As a direct and proximate result of the above wrongful activities of the Defendants, Plaintiff was exposed to asbestos and the Plaintiff developed the asbestos-related diseases discussed and sustained the injuries described herein.

**COUNT III**

12.     The allegations in paragraphs One (1) through Eleven (11) are realleged and incorporated by reference within this Count.

13.     The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)     Failed to adequately test, research investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

14.    As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT IV

15.    The allegations in paragraphs one (1) through Fourteen (14) are realleged and incorporated by reference within this Count.

16.    The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff and others similarly situated:

(a)    Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)    Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

(c)    Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)    Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)    Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.    As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT V

18.     The allegations in paragraphs one (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.     Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff for all injuries and damages which were contracted thereby.

20.     All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff for all the injuries and damages which were contracted thereby.

21.     The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff injuries which were caused thereby.

22.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff for all injuries caused thereby.

23.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VI

24.     The allegations in paragraphs One (1) through Twenty-three (23) are realleged and incorporated by reference within this Count.

25.     The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

        (a)     Conceal the existence, nature and extent of that risk; and,

(b)     Failed to disclose the existence, nature and extent of that risk to Plaintiff and those similarly situated.

26.     The Defendants had reason to expect that Plaintiff, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would be materially affected by the aforementioned concealment and nondisclosure.

27.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VII

28.     The allegations in paragraphs one (1) through Twenty-seven (27) are realleged and incorporated by reference within this Count.

29.     The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)     Had no adequate basis for such representations;

(b)     Knew that a significant health hazard to human life existed from asbestos.

30.     Defendants had reason to expect that as a result of such representation, Plaintiff and others similarly situated would be exposed to asbestos.

31.     As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

32.     The allegations in paragraphs One (1) through Thirty-one (31) are realleged and incorporated by reference within this Count.

33.     The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the Plaintiff and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

34.    As a result of this conspiracy, the Plaintiff was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

35.    The allegations in paragraphs One (1) through Thirty-four (34) are realleged and incorporated by reference within this Count.

36.    Even after the dangers of asbestos finally began to be known to Plaintiff or others similarly situated, Defendants continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

(a)    Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

(b)    Defeat and/or delay such legal actions and the final collection of any judgment.

37.    Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

38.    As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT X

39.    The allegations in paragraphs One (1) through Thirty-eight (38) are realleged and incorporated by reference within this Count.

40.    Plaintiff used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the

inhalation of asbestos dust and fibers. Plaintiff would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

41.    Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiff.

42.    Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

43.    Plaintiff was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

44.    During the periods Plaintiff used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

45.    As a direct and proximate result of the above acts and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT XI

46.    The allegations in paragraphs One (1) through Forty- five (45) are realleged and incorporated by reference within this Count.

47.    Plaintiff, JAMES DANIEL COLLINS, would show that for a period of many years, he worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of Plaintiff, JAMES DANIEL COLLINS', father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiff, JAMES DANIEL COLLINS, would show that he has been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great

quantities of asbestos fibers. Further, Plaintiff, JAMES DANIEL COLLINS, alleges, as more specifically set out below, that he has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

48.    Plaintiff, JAMES DANIEL COLLINS, alleges that he was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of Plaintiff, JAMES DANIEL COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff, JAMES DANIEL COLLINS, was exposed to the asbestos dust and fibers brought home by Plaintiff, JAMES DANIEL COLLINS', father in the normal course of performing household activities, such as shaking out and laundering work clothing. In that each exposure to such products caused or contributed to Plaintiff, JAMES DANIEL COLLINS' injuries, Plaintiff, JAMES DANIEL COLLINS, says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudement interest, as would be necessary to compensate the Plaintiffs for the injuries they have and will suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages.

Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

WEISS & SAVILLE, P.A.

By: /s/ Yvonne Takvorian Saville
       Yvonne Takvorian Saville, #3430
       Weiss & Saville, P.A.
       1220 North Market Street, Suite 604
       P.O. Box 370
       Wilmington, DE 19899
       Phone (302)656-0400
       Fax (302)656-5011
       Attorney for Plaintiff

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605

Date:   October 17, 2006

EXHIBIT "B"

4088719

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

EFiled: Feb. 5 2007 11:40AM EST
Transaction ID 13694201
Case No. 06C-02-281 ASB

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and as Personal Representative of the Heirs and Estate of JAMES DANIEL COLLINS, Deceased, | : | C.A. No. 06C-02-281 ASB |
| | : | COMPLAINT |
| Plaintiff(s), | : | "SECOND AMENDED COMPLAINT - UNDERSCORED LANGUAGE REPRESENTS CHANGES MADE FROM THE FIRST AMENDED COMPLAINT |
| v. | : | |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | NON-ARBITRATION |
| | : | ASBESTOS |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | JURY TRIAL DEMANDED |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| CERTAINTEED CORPORATION; | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |

AMETEK, INC. (individually, and as                 :
successor-in-interest to HAVEG                      :
INDUSTRIES, INC. successor-by-                      :
merger with HAVEG CORPORATION);                     :

CHAMPLAIN CABLE CORPORATION                         :
(individually, and as successor-in-interest         :
to AMERICAN SUPER                                   :
TEMPERATURE WIRE, and successor-                    :
in-interest to HAVEG INDUSTRIES,                    :
INC. successor-by-merger to HAVEG                   :
CORPORATION);                                       :

HERCULES INC. (individually, and as                 :
successor-in-interest to HAVEG                      :
INDUSTRIES, INC. successor-be-merger                :
to HAVEG CORPORATION);                              :

RILEY POWER, INC. (f/k/a BABCOCK                    :
BORSIG POWER, INC., f/k/a D.B.                      :
RILEY, INC., f/k/a RILEY STOKER                     :
CORPORATION);                                       :

UNION CARBIDE CORPORATION;                          :

DANA CORPORATION;                                   :

CRANE COMPANY;                                      :

INGERSOLL-RAND COMPANY;                             :

CROWN CORK & SEAL COMPANY,                          :
INC. (individually and as successor-in-             :
interest to MUNDET CORK                             :
COMPANY);                                           :

3M COMPANY (individually and f/k/a                  :
MINNESOTA, MINING, AND                              :
MANUFACTURING COMPANY, a/k/a                        :
"3M");                                              :

T.H. AGRICULTURE & NUTRITION,                       :
LLC (individually and f/k/a T.H.                    :
AGRICULTURE & NUTRITION                             :
COMPANY, INC. f/k/a THOMPSON-                       :
HAYWARD CHEMICAL COMPANY);                          :
                                                    :
                                                    :

PHILIPS ELECTRONICS NORTH                    :
AMERICA CORP. (individually and as           :
successor-in-interest to T H                 :
AGRICULTURE & NUTRITION, LLC);               :
                                             :
KAISER GYPSUM COMPANY, INC.;                 :
                                             :
KAISER CEMENT CORPORATION                    :
(individually, and as successor-in-interest  :
to KAISER GYPSUM COMPANY,                    :
INC.);                                       :
                                             :
HANSON PERMANENTE CEMENT,                    :
INC. (f/k/a KAISER CEMENT                    :
CORPORATION, individually and as            :
successor-in-interest to KAISER              :
GYPSUM COMPANY, INC.);                       :
                                             :
BONDEX INTERNATIONAL, INC.;                  :
                                             :
RPM, INC. (individually, and as              :
successor-in-interest to BONDEX              :
INTERNATIONAL, INC.);                        :
                                             :
RPM INTERNATIONAL, INC.                      :
(individually and as successor-in-interest   :
to RPM, INC., and BONDEX                     :
INTERNATIONAL, INC.);                        :
                                             :
VIACOM, INC. (individually and as            :
successor-by-merger to CBS                   :
CORPORATION, successor-by-merger             :
to WESTINGHOUSE ELECTRIC                     :
CORPORATION);                                :
                                             :
THE GOODYEAR TIRE & RUBBER                   :
COMPANY;                                     :
                                             :
BORGWARNER MORSE TEC, INC.,                  :
(individually and successor in interest to   :
BORG-WARNER CORPORATION);                    :
                                             :
BORGWARNER, INC.,(individually and           :
successor in interest to BORG-WARNER         :
CORPORATION);                                :
                                             :
                                             :
                                             :
                                             :
                                             :

HONEYWELL INTERNATIONAL,        :
INC. (individually and as successor-in-    :
interest to ALLIED-SIGNAL, INC. and    :
THE BENDIX CORPORATION);        :
                                :
DAIMLERCHRYSLER                 :
CORPORATION (f/k/a CHRYSLER     :
CORPORATION);                   :
                                :
GENERAL MOTORS CORPORATION;     :
FORD MOTOR COMPANY;             :
                                :
PNEUMO ABEX, LLC (individually and    :
as successor-by-merger to PNEUMO    :
ABEX CORPORATION, successor-in-    :
interest to ABEX CORPORATION f/k/a    :
AMERICAN BRAKE SHOE             :
COMPANY, f/k/a AMERICAN BRAKE   :
SHOE and FOUNDRY COMPANY        :
including the AMERICAN           :
BRAKEBLOK DIVISION, successor-by-    :
merger to the AMERICAN BRAKE    :
SHOE and FOUNDRY COMPANY and    :
THE AMERICAN BRAKEBLOK          :
CORPORATION, f/k/a THE          :
AMERICAN BRAKE MATERIALS        :
CORPORATION);                   :
                                :
MAREMONT CORPORATION (a         :
subsidiary of ARVIN INDUSTRIES,    :
INC., individually and as       :
successor-in-interest to GRIZZLY    :
MANUFACTURING CO.);             :
                                :
HENNESSY INDUSTRIES, INC.,      : . :
(individually and as successor by merger    :
to AMMCO TOOLS, INC. and AMMCO    :
TOOLS, CO., d/b/a AMMCO TOOLS);    :

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING
COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.;

       Defendants.

## COUNT I

1.    <u>Plaintiff(s') Decedent</u>, JAMES DANIEL COLLINS, was wrongfully exposed to
asbestos, an inherently dangerous toxic substance while employed at the following places:

(a)    <u>Plaintiff(s') Decedent</u> was exposed thru his father, James Collins, from his
father's work at Fort Lewis where he worked from 1947-1965; and 1967-
1967 as a heating and cooling specialist in Fort Lewis, WA.

(b)    <u>Plaintiff(s') Decedent</u> performed construction jobs at personal residences
from 1950-1952.

(c)    <u>Plaintiff(s') Decedent</u> performed mechanic jobs at personal residences
from 1964-2005.

(d)    <u>Plaintiff(s') Decedent</u> performed construction jobs at residential sites in
Olympia, Washington in 1977.

(e)    <u>Plaintiff(s') Decedent</u> worked at a salvage yard in Tumwater, Washington
in1965.

(f)    <u>Plaintiff(s') Decedent</u> attended Clover Park Vocational School in Tacoma,
Washington from 1967-1969 as a student.

(g)    <u>Plaintiff(s') Decedent</u> worked at America Oil Service Station in Tacoma,
Washington from 1968-1969 as a laborer and light mechanic.

(h)    <u>Plaintiff(s') Decedent</u> worked at Brewington Motors in Olympia,
Washington as a mechanic from 1971-1976.

(i)    <u>Plaintiff(s') Decedent</u> worked at South Puget Sound Community College
in Olympia, Washington from 1985-2005 as an instructor.

(j)    <u>Plaintiff(s') Decedent</u> worked at Hanson Motors in Olympia, Washington
from 1976-1985 as a mechanic.

(k)     Plaintiff(s') Decedent was employed by Collins Automotive Enterprises

where he worked at personal residences in Olympia, Washington from

1975-1976 as a mechanic.

    Plaintiff(s') Decedent was exposed to asbestos and/or asbestos-containing products

which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the

Defendants.

2.     As a result of the Defendants' wrongful conduct, Plaintiff(s') Decedent, JAMES

DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.     On September 25, 2006, as a direct and proximate result of his asbestos-related

diseases and problems, JAMES DANIEL COLLINS died.

4.     As a result of Defendants wrongful conduct which caused Plaintiff(s') Decedent,

JAMES DANIEL COLLINS's asbestos related diseases and health problems, Plaintiff(s')

Decedent, JAMES DANIEL COLLINS, Deceased; and MARY M. COLLINS, Christopher Scott

Collins, and Cynthia Rae Martin suffered extensive mental anguish, pain and suffering, medical

bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and

loss of enjoyment of life, all of which are recoverable under applicable law. In addition, Plaintiff

MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to

be deprived of pecuniary benefits, contributions of support and household services, all of which

are recoverable under applicable law.

5.     Plaintiff(s) are seeking to recover any and all damages which are recoverable

under applicable law for survival and wrongful death claims.

6.    MARY M. COLLINS is the Personal Representative of the Estate of JAMES

DANIEL COLLINS, deceased, and as such is pursuing the estate claims for the injuries JAMES

DANIEL COLLINS suffered during his life.

7.    The above injuries have or will in the future result in a decrease of past or future

earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

## COUNT II

8.    The allegations in paragraph One (1) through Seven (7) are realleged and

incorporated by reference within this Count.

9.    FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER
WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to
BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON
WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a
successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-
interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-
interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG
CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG
INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B.
RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-
interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H.
AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-
HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as
successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest
to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT
CORPORATION, individually and as successor-in-interest to KAISER
GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX
INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to
RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS
CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to
BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-
WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

VOLKSWAGEN OF AMERICA, INC.;

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos--containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

10.     Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, including but not limited to Defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material harmful to

the asbestos industry and only published certain portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors.

11.     The illnesses, disabilities <u>and/or death</u> of <u>Plaintiff(s') Decedent</u> is a direct and proximate result of 3M's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

12.     3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

13.     Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

14.     As a direct and proximate result of the above wrongful activities of the Defendants, <u>Plaintiff(s') Decedent</u> was exposed to asbestos and the <u>Plaintiff(s') Decedent</u> developed the asbestos-related diseases discussed and sustained the injuries described herein.

## COUNT III

15.     The allegations in paragraphs One (1) through <u>Fourteen (14)</u> are realleged and incorporated by reference within this Count.

16.     The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff(s') Decedent as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)     Failed to adequately test, research investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff(s') Decedent and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff(s') Decedent and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff(s') Decedent was injured as described herein.

## COUNT IV

18.     The allegations in paragraphs One (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.     The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff(s') Decedent and others similarly situated:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the

Plaintiff(s') Decedent as well as other users, bystanders, household members and members of the

general public of the risks of asbestos exposure;

(c)     Failed to adequately test, research and investigate asbestos and/or its effects

prior to sale, use, and/or exposure of the Plaintiff(s') Decedent and others similarly situated;

(d)     Failed to adequately package, distribute and use asbestos in a manner which

would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff(s')

Decedent and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not

limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct

research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe

or safely remove the asbestos now in place.

20.     As a direct and proximate result of the above actions and omissions of Defendants,

Plaintiff(s') Decedent was injured as described herein.

## COUNT V

21.     The allegations in paragraphs One (1) through Twenty (20) are realleged and

incorporated by reference within this Count.

22.     Asbestos and asbestos-containing products are inherently dangerous and as such all

Defendants who made or sold asbestos or the equipment, processes or other things necessary for its

use, are strictly liable to the Plaintiff(s') Decedent for all injuries and damages which were

contracted thereby.

23.     All Defendants who assisted, directly or indirectly, in the leasing or licensing of

asbestos and all equipment necessary for its use are strictly liable to the Plaintiff(s') Decedent for

all the injuries and damages which were contracted thereby.

24.     The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the <u>Plaintiff(s') Decedent</u> injuries which were caused thereby.

25.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the <u>Plaintiff(s')</u> <u>Decedent</u> for all injuries caused thereby.

26.     As a direct and proximate result of the above action and omissions of Defendants, <u>Plaintiff(s') Decedent</u> was injured as described herein.

<u>**COUNT VI**</u>

27.     The allegations in paragraphs One (1) through <u>Twenty-six (26)</u> are realleged and incorporated by reference within this Count.

28.     The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

(a)     Conceal the existence, nature and extent of that risk; and,

(b)     Failed to disclose the existence, nature and extent of that risk to <u>Plaintiff(s')</u> <u>Decedent</u> and those similarly situated.

29.     The Defendants had reason to expect that <u>Plaintiff(s') Decedent</u>, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would be materially affected by the aforementioned concealment and nondisclosure.

30.     As a direct and proximate result of the above action and omissions of Defendants, <u>Plaintiff(s') Decedent</u> was injured as described herein.

## COUNT VII

31.    The allegations in paragraphs one (1) through <u>Thirty (30)</u> are realleged and incorporated by reference within this Count.

32.    The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

        (a)    Had no adequate basis for such representations;

        (b)    Knew that a significant health hazard to human life existed from asbestos.

33.    Defendants had reason to expect that as a result of such representation, <u>Plaintiff(s')</u> <u>Decedent</u> and others similarly situated would be exposed to asbestos.

34.    As a result of this wrongful representation, <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

35.    The allegations in paragraphs One (1) through <u>Thirty-four (34)</u> are realleged and incorporated by reference within this Count.

36.    The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the <u>Plaintiff(s') Decedent</u> and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

37.    As a result of this conspiracy, the <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

38.    The allegations in paragraphs One (1) through <u>Thirty-seven (37)</u> are realleged and incorporated by reference within this Count.

39.    Even after the dangers of asbestos finally began to be known to <u>Plaintiff(s') Decedent</u> or others similarly situated, Defendants continued to act wrongfully both individually and together

in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

(a)     Prevent and delay <u>Plaintiff(s') Decedent</u> and others similarly situated from filing legal action to recover for these injuries and/or;

(b)     Defeat and/or delay such legal actions and the final collection of any judgment.

40.     Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

41.     As a result of this wrongful representation, <u>Plaintiff(s') Decedent</u> was exposed to asbestos and suffered the injuries referred to herein.

<strong><u>COUNT X</u></strong>

42.     The allegations in paragraphs One (1) through <u>Forty-one (41)</u> are realleged and incorporated by reference within this Count.

43.     <u>Plaintiff(s') Decedent</u> used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff(s) would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the inhalation of asbestos dust and fibers. Plaintiff(s) would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

44.     Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries <u>and/or death</u> of <u>Plaintiff(s') Decedent</u>.

45.     Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

46.     Plaintiff(s') Decedent was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

47.     During the periods Plaintiff(s') Decedent used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

48.     As a direct and proximate result of the above acts and omissions of Defendants, Plaintiff(s') Decedent was injured as described herein.

## COUNT XI

49.     The allegations in paragraphs One (1) through Forty-eight (48) are realleged and incorporated by reference within this Count.

50.     Plaintiff(s) would show that for a period of many years, Plaintiff(s') Decedent worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of Plaintiff(s') Decedent, JAMES DANIEL COLLINS' father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiff(s) would show that Plaintiff(s') Decedent was exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great quantities of asbestos fibers. Further, Plaintiff(s) allege, as more specifically set out below, that Plaintiff(s') Decedent suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

51.     Plaintiff(s) allege that Plaintiff(s') Decedent was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of Plaintiff(s') Decedent, JAMES DANIEL

COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff(s') Decedent, JAMES DANIEL COLLINS was exposed to the asbestos dust and fibers brought home by Plaintiff(s') Decedent, JAMES DANIEL COLLINS' father in the normal course of performing household activities, such as shaking out and laundering work clothing.  In that each exposure to such products caused or contributed to Plaintiff(s') Decedent, JAMES DANIEL COLLINS' injuries, Plaintiff(s) say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiff(s) demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudgement interest, as would be necessary to compensate the Plaintiff(s) for the injuries they have and will suffer.

Plaintiff(s) further demand judgment against each of the Defendants for punitive damages.

Plaintiff(s) further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiff(s) further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**WEISS & SAVILLE, P.A.**

By: /s/ Yvonne Takvorian Saville
      Yvonne Takvorian Saville, #3430
      Weiss & Saville, P.A.
      1220 North Market Street, Suite 604
      P.O. Box 370
      Wilmington, DE 19899
      Phone (302)656-0400
      Fax (302)656-5011
      Attorney for Plaintiff(s)

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum

Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605

Date:    February 5, 2007

EXHIBIT "C"

4088719

1

1       IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

2               IN AND FOR NEW CASTLE COUNTY

3     IN RE:   ASBESTOS LITIGATION

4     THEODORE PATE            C.A.NO.: 05C-05-242
      SAMI ABOU-ANTOUN         C.A.NO.: 05C-05-246
5     ROBERT ROZENBOOM         C.A.NO.: 05C-05-270
      GEORGE JURGENS           C.A.NO.: 05C-05-273
6     MARK SMITH               C.A.NO.: 05C-05-272
      JAMES JONES              C.A.NO.: 05C-06-057
7     LYLE WOOLSTON            C.A.NO.: 05C-06-176
      ROBERT CAPRIOTTI         C.A.NO.: 05C-07-177
8     EUGENE BRESSAN           C.A.NO.: 05C-07-178
      PETER KOHLER             C.A.NO.: 05C-07-247

9

10    BEFORE:   THE HONORABLE JOSEPH R. SLIGHTS, III, J.
                THE HONORABLE COMMISSIONER DAVID A. WHITE

11

12

      APPEARANCES:

13

          BIFFERATO, GENTILOTTI, BIDEN & BALICK, LLC
14        IAN CONNOR BIFFERATO
          Attorney for the Plaintiffs

15

16        THOMAS A. CRUMPLAR, ESQUIRE
          Attorney for the Plaintiffs

17

          RUFO ASSOCIATES, P.A.
18        LORETO P. RUFO, ESQUIRE
          Defense Coordination Counsel

19

20        Courtroom 12D

21        March 2, 2006

22

23    ALSO PRESENT NUMEROUS DEFENSE COUNSEL

                  Jean Preston, CSR
                 Official Court Reporter
              500 N. King Street Suite 2609
              Wilmington, DE. 19801-3725

4

1    testifying, but they should be on standby.

2              And that's guidance that I'm offering you now

3    in the hopes that that may be of some assistance to you

4    as you work through the issues that are pending with

5    Commissioner White.

6              I had also promised a ruling on the Rule 9

7    motions, particularly the motions alleging that the

8    complaint should be dismissed for failure to articulate

9    the theory of liability with particularity.

10             Those motions are granted without prejudice.

11             The defendant will have 5 days from today --

12   or I'm sorry the plaintiff will have 5 days from today to

13   amend the pleadings to conform to the evidence to include

14   time, place, and manner of exposure and whether or not

15   the exposure was occupational, or recreational or

16   otherwise.

17             That deadline relates to the matters pending

18   for the March trials.

19             The defendants will answer those complaints on

20   the date scheduled now for jury screening of the March

21   trials.

22             As to the other complaints that have been

23   filed, those complaints will be amended within 60 days.

Jean Preston, CSR
Official Court Reporter
500 N. King Street Suite 2609
Wilmingtron, DE. 19801-3725

5

1        Answers or responsive pleadings will be due as

2     to those amended complaints in accordance with Rule 12.

3        There is not going to be a motion or a written

4     decision on that.  My reasoning is simply that I don't

5     believe that the complaints as currently framed meet the

6     Rule 9 requirements for particularity.

7        And I don't know frankly, that beyond looking

8     at the complaint anyone of you wish to review this would

9     do, would do more than that to understand my ruling so

10    I'm not going to give you any more in the way of

11    rationale than that.

12        As to why I'm allowing it to be amended to

13    conform to the pleadings, I believe that our case law

14    under Rule 15 is fairly clear that those amendments

15    should be liberally granted; and I'm also satisfied that

16    the state of discovery that exists in the case is

17    sufficient to allow the defendants in connection with the

18    March trials particularly to have notice of the

19    particularities that are missing from the pleadings and

20    that this amendment is really more a formality than it is

21    really a substantive notice for the defendants as to what

22    the nature of the claims are.

23        I think that that ruling still leaves open the

7

1    terms of the scheduling of decisions or issuance of

2    decisions, I'll either communicate that to you directly

3    or through Commissioner White; but I do fully expect of

4    course decisions will be issued prior to trial.

5                All right.  I think what we're --

6                MR. PRICE:  Your Honor, one issue the Court

7    did not mention just now with regard to the Rule 9, but

8    if The Court recalls there were a number of fraud-based

9    counts that still remained that were not voluntarily

10   dismissed after the hearing we had before The Court

11   February 10th.

12               THE COURT:  In terms of?

13               MR. PRICE:  It spoke in terms of the exposure

14   details but did not speak in terms of the fraud-based

15   and misrepresentation-based counts and I think that

16   still is an issue.

17               JUDGE SLIGHTS:  And you are right on that, and

18   the allegation there was that the particular statements

19   had not been adequately identified, and I concur with

20   that.  The amendment should include the statements that

21   are allegedly either fraudulent or the statements that

22   were misrepresented, either in a general way or if the

23   plaintiffs have them, in specific terms.

                    Jean Preston, CSR
                    Official Court Reporter
                  500 N. King Street Suite 2609
                   Wilmingtron, DE. 19801-3725

EFiled: Feb 22 2007 3:54PM EST
Transaction ID 13893514
Case No. 06C-02-281 ASB

# EXHIBIT "D"

4088719

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

In Re: Asbestos

| | | |
|---|---|---|
| Thomas E. Archie and Joyce Archie | ) | C. A. No. 02C-08-204-ASB |
| Daniel E. Bachman | ) | C. A. No. 02C-04-280-ASB |
| Paul Barkus and Yvonne Barkus | ) | C. A. No. 02C-03-056-ASB |
| Cynthia G. Beam, Personal Representative | ) | |
| of the Estate of Mary Good, Deceased | ) | C. A. No. 02C-08-239-ASB |
| John F. Betley, Jr. and Jean Betlwey | ) | C. A. No. 02C-01-041-ASB |
| Oda M. Biddle, as Surviving Spouse and Personal | ) | |
| Representative of Drexel Wayne Biddle, Sr., ) | | |
| deceased | ) | C. A. No. 02C-03-194-ASB |
| Forrest A. Boettcher and Virgina Boettcher | ) | C. A. No. 02C-06-075-ASB |
| John A. Booth and Marcia Booth | ) | C. A. No. 02C-04-108-ASB |
| Michael Bove | ) | C. A. No. 02C-06-074-ASB |
| Robert Brady | ) | C. A. No. 02C-02-204-ASB |
| Charles Brower and Nancy Brower | ) | C. A. No. 02C-08-299-ASB |
| Mark A. Chase and Shari Chase | ) | C. A. No. 02C-06-209-ASB |
| Francis G. Choma and Patricia Choma | ) | C. A. No. 02C-03-195-ASB |
| Joseph D. Christopher | ) | C. A. No. 02C-07-265-ASB |
| Antimo Cofrancesco and Brenda Cofrancesco | ) | C. A. No. 02C-08-182-ASB |
| Albert J. Conner, Jr. and Margaret Conner | ) | C. A. No. 02C-03-206-ASB |
| Rocco A. DiOssi | ) | C. A. No. 02C-08-291-ASB |
| Hugh Dougherty | ) | C. A. No. 02C-09-004-ASB |
| Michael Federowicz and Catherine Federowicz | ) | C. A. No. 02C-12-014-ASB |
| Richard S. Ferguson, II and Bonnie Ferguson | ) | C. A. No. 02C-08-016-ASB |
| Marshall J. Fields, Jr. and Arnita Fields | ) | C. A. No. 02C-03-279-ASB |
| Harvey Fisher and Ann Fisher | ) | C. A. No. 02C-08-296-ASB |
| John A. Flynn and Dolores Flynn | ) | C. A. No. 03C-01-138-ASB |
| Francis A. Hackendorn and Linda Hackendorn | ) | C. A. No. 02C-08-300-ASB |
| Charles W. Hannagan and Ellen Hannagan | ) | C. A. No. 02C-09-003-ASB |
| John J. Healy and Patricia Healy | ) | C. A. No. 02C-07-264-ASB |
| Conrad Heinold and Abglina Heinold | ) | C. A. No. 02C-08-095-ASB |
| David R. Holleran and Susan Holleran | ) | C. A. No. 02C-04-281-ASB |
| John C. Hopkins and Mildred C. Hopkins | ) | C. A. No. 03C-01-123-ASB |
| Earl L. Hudson and Linda Hudson | ) | C. A. No. 02C-09-002-ASB |
| Larre M. Jones | ) | C. A. No. 02C-04-075-ASB |
| James A. Jones and Mae Ella Jones | ) | C. A. No. 02C-05-166-ASB |
| Stanley N. Justis | ) | C. A. No. 02C-03-005-ASB |
| Loretta C. Kilby, as Surviving Spouse of | ) | |
| Delmer T. Kilby, Sr., Deceased | ) | C. A. No. 02C-06-110-ASB |
| William T. Knox and Joanne Knox | ) | C. A. No. 02C-07-091-ASB |
| James Kossek and Joanne Kossek | ) | C. A. No. 02C-08-067-ASB |

| | | |
|---|---|---|
| George C. Koukedis, Sr. and Jenny Koukedis | ) | C. A. No. 02C-08-066-ASB |
| Ruth Krause, as Surviving Spouse of | ) | |
| Mark Krause, Deceased | ) | C. A. No. 03C-01-124-ASB |
| Edward A. Lesniczak, Sr., and Patricia Lesniczak | ) | C. A. No. 02C-08-294-ASB |
| Ronald L. Marks and Jacqueline Marks | ) | C. A. No. 02C-06-210-ASB |
| Larry S. Marshall and Barbara A. Marshall | ) | C. A. No. 02C-07-249-ASB |
| Ralph A. McVey and Linda McVey | ) | C. A. No. 02C-06-247-ASB |
| Charles H. Mecke and Oma Faye Mecke | ) | C. A. No. 02C-11-001-ASB |
| William L. Milliken and Carol Milliken | ) | C. A. No. 02C-08-292-ASB |
| Madeline Faye Mitsdarfer, Personal Representative | ) | |
| of the Estate of Frederick Mitsdarfer, Deceased | ) | C. A. No. 02C-08-001-ASB |
| Paige Montgomery and Eugene Montgomery | ) | C. A. No. 02C-02-207-ASB |
| Columbus A. Nacchia, Jr. | ) | C. A. No. 02C-08-240-ASB |
| John J. Nedelka and Mary L. Nedelka | ) | C. A. No. 02C-04-107-ASB |
| Richard Newman and Elizabeth Newman | ) | C. A. No. 02C-09-001-ASB |
| William A. Nickel, Jr. and Sarah Nickle | ) | C. A. No. 02C-08-094-ASB |
| Benjamin F. Nyce and Sandra Nyce | ) | C. A. No. 02C-08-241-ASB |
| Theodore G. Pankowski and Deborah Pankowski | ) | C. A. No. 02C-06-225-ASB |
| Mary Patten and Marvin Patten | ) | C. A. No. 02C-02-206-ASB |
| Mary Ann Pedrick, Personal Representative of the | ) | |
| Estate of Horace Pedrick, Deceased | ) | C. A. No. 02C-08-183-ASB |
| Joseph R. Pennington and Ann Marie Pennington | ) | C. A. No. 02C-03-219-ASB |
| Gerald R. Penoza, | ) | C. A. No. 02C-10-020-ASB |
| Dewey L. Pierce | ) | C. A. No. 02C-04-128-ASB |
| William O. Porter and Melanie Porter | ) | C. A. No. 02C-12-093-ASB |
| Lucious Pringle, Jr. and Ernestine Pringle | ) | C. A. No. 02C-02-066-ASB |
| Stephen W. Pringle | ) | C. A. No. 02C-08-205-ASB |
| Edward H. Pugh and Sandra Lee Pugh | ) | C. A. No. 02C-03-043-ASB |
| John W. Robson | ) | C. A. No. 02C-02-205-ASB |
| Robert Rozenko | ) | C. A. No. 02C-11-010-ASB |
| James Ryan and Mary Ryan | ) | C. A. No. 01C-12-172-ASB |
| Paul A. Shannon, | ) | C. A. No. 02C-09-006-ASB |
| Robert Shively and Priscilla Shively | ) | C. A. No. 02C-03-142-ASB |
| William E. Simmons, Sr. and Janice R. Simmons | ) | C. A. No. 02C-07-006-ASB |
| Edward A. Slavin, Jr. and Diana Slavin | ) | C. A. No. 02C-08-042-ASB |
| Diana Slavin and Edward A. Slavin | ) | C. A. No. 02C-09-243-ASB |
| William J. Smolka and Evelyn C. Smolka | ) | C. A. No. 02C-02-134-ASB |
| Coy W. Snow | ) | C. A. No. 02C-02-267-ASB |
| Clarence R. Sweetman, Jr. | ) | C. A. No. 02C-09-005-ASB |
| Gary Sylvestro | ) | C. A. No. 03C-01-001-ASB |
| Joseph Todd | ) | C. A. No. 02C-03-193-ASB |
| Harry Toy and Irene Toy | ) | C. A. No. 02C-08-093-ASB |
| John Watson | ) | C. A. No. 02C-08-297-ASB |

2

| John W. Whitby, Sr. and Janice Whitby | ) | C. A. No. 02C-02-065-ASB |
| Warren Whiteside and Roberta Whiteside | ) | C. A. No. 02C-08-298-ASB |
| Frederick Witt and Charlette Witt | ) | C.A. No. 02C-05-214-ASB |
| James F. Woolcyhaa | ) | C.A. No. 00C-08-028-ASB |
| Stanley Zgleszewski and Janice M. Zgleszewski | ) | C.A. No. 02C-08-293-ASB |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 4520 Corporation, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Submitted: May 28, 2003*
*Decided: September 25, 2003*

*Defendant 4520 Corporation's Motion to Dismiss Plaintiffs' Second Amended*
*Complaints.*
*Motion Granted.*
*Complaints Dismissed with Leave to Amend Within 30 Days.*

## OPINION

*Appearances:*

Barbara J. Gadbois, Esquire, Wilmington, Delaware
Attorney for Plaintiffs

Christian J. Singewald, Esquire, Wilmington, Delaware
Attorney for Defendant 4520 Corporation, Inc.

JOHN E. BABIARZ, JR., JUDGE

This is the Court's decision on Defendant 4520 Corporation's Motion to Dismiss the Second Amended Complaints (the "Motion") filed by numerous plaintiffs in asbestos-related personal injury actions against several defendants. Plaintiffs oppose the Motion. As discussed more fully below, the Motion is Granted, with leave for the plaintiffs to file Third Amended Complaints within 30 days of the date of this Opinion. Companion motions filed by several other defendants and notices of adoption filed by certain other defendants are granted as well, with leave granted to the plaintiffs to amend within 30 days.

## BACKGROUND

On March 3, 2003 this Court granted Defendant 4520 Corporation's Motion to Dismiss the Complaints of 81 plaintiffs, without prejudice, with leave given to the plaintiffs to file Second Amended Complaints within 30 days to address the deficiencies noted therein.[1] In its Opinion, the Court reviewed a representative Complaint filed by one of the plaintiffs. In so doing, the Court pointed to specific pleadings deficiencies in Counts 1, 2 and 3 that needed to be corrected. First, there were no allegations anywhere in the complaint of a work site or premises where the plaintiff was injured. Second, there were no references to a time frame, i.e., time, place

---

[1] See *Archie v. 4520 Corp., Inc.,* 2002 WL 832549 (Del. Super.).

4

or manner, during which an alleged injury occurred.[2]  The Court also concluded that Count 4 suffered from a similar lack of particularity regarding time, place and manner.[3]  Because of the specific deficiencies noted in Counts 1, 2, 3 and 4, the Court characterized the complaint as an insufficient "broad brush"[4] pleading which required more specifics.

Thereafter, counsel for the plaintiffs obtained approval from the Commissioner to file a new, 53-page and 13 Count Standing Order No. 14 Master Long Form Complaint[5] and all 81 plaintiffs[6] then filed Short Form Second Amended Complaints. In response thereto, Defendant 4520 Corp. filed the instant Motion.  The Second Amended Complaints, as they pertain to Defendant 4520 Corp., generally assert claims for relief for negligent, willful, wanton and reckless conduct (Counts 3 and 4),  loss of

---

[2] *Id.* at *1.

[3] *Id. at *2.*

[4] *Id.*

[5] In approving the filing of the Master Long Form Complaint under Standing Order No. 14, the Commissioner was not asked to make a determination of the sufficiency of the pleading under Superior Court Civil Rule 9 and his limited approval should not be construed as such by any party.

[6] Although footnote 5 of Defendant 4520 Corp's. Motion initially argued that only 77 of the 81 plaintiffs filed Second Amended Complaints, and requested that the Court dismiss the cases of the four alleged non-filing plaintiffs, footnote 1 of Plaintiffs' Answering Brief states unequivocally that all 81 of the plaintiffs filed Second Amended Complaints. Therefore, dismissal of four cases is not warranted.

5

consortium (Count 6) and for either a non-malignant or malignant disease (Counts 12 or 13). A few other plaintiffs assert claims for household exposure (Count 11).[7]

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be based will not be granted if the plaintiff may recover under any set of circumstances susceptible of proof under the complaint.[8] All well-pled allegations are to be taken as true, and all reasonable inferences shall be in favor of the non-moving party.[9] If the Court concludes that the plaintiff cannot prevail on any set of facts inferable from the pleadings, the complaint may be dismissed.[10]

Superior Court Civil Rule 9 states the Delaware rule as to pleading special matters. Specifically, all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity.[11] When

---

[7] As plaintiffs point out in page 6 of their Answering Brief, the conspiracy claims in Count 5 of the Second Amended Complaint were waived against 4520 Corp. This Court's March 3, 2003 Opinion also noted that plaintiffs agreed to dismiss their claims for civil conspiracy and strict liability as pled in the First Amended Complaint. *Archie v. 4520 Corp., Inc.*, 2003 WL 832549 at *1. The Second Amended Complaint also asserts a claim for premises liability (Count 2), against several landowner defendants, not 4520 Corp., which this Opinion does not specifically address.

[8] *Archie v. 4520 Corp., Inc.*, 2003 WL 832549 at *1 (Del. Super.); *Ramunno v. Cawley*, 705 A.2d 1029 (Del. 1998); *Spence v. Funk*, 396 A.2d 967 (Del. 1978).

[9] *Ramunno v. Cawley*, 705 A.2d at 1034.

[10] *In re USA Cafes, L.P. Litigation*, 600 A.2d 43, 47 (Del. Ch. 1991).

[11] Superior Ct. Civ. R. 9(b).

6

pleading such matters the duty of the plaintiff is to specifically state what actions the defendant did or failed to.[12]   Quite simply, the purpose of the special pleading requirement of Rule 9(b) for certain matters is fairness and notice so that the defendant can fairly prepare a defense.[13]

Subsection (f) of Superior Court Civil Rule 9 also states that in order to test the sufficiency of a pleading under that Rule, averments of time and place are deemed "material" and shall be considered like "all other averments of a material matter.[14]

### DISCUSSION

### A. The March Opinion

In this Court's March Opinion, the Court reminded the parties that averments of time and place, as required in Rule 9(f), "are at issue in this case."[15]   The Court concluded that the requisite particularity included "some indication of the time and place of the alleged injuries."[16]   In granting Defendant 4520 Corp's prior motion to

---

[12] *Carr v. Levinson,* 1983 WL 472091 at *1 (Del. Super).

[13] *See, e.g., Riggs National Bank v. Boyd,* 2000 WL 303308 at *3 (Del. Super.); *Fox v. Fox,* 729 A.2d 825, 827, n. 2 (1999).

[14] Superior. Ct. Civ. R. 9(f).

[15] *Archie v. 4520 Corp., Inc.,* 2003 WL 832549 at *1.

[16] *Id.*

7

dismiss, the Court reviewed a representative complaint[17] and found that "there was no allegation anywhere in the Complaint of a work site or premises where Plaintiff was injured, or a time frame during which an injury occurred."[18]  The Court stated that conclusions asserted in a complaint regarding claims for fraud or negligence will only be accepted "if there are specific allegations of fact to support them.[19]  Having concluded that the broad brush pleading approach utilized by the plaintiffs was not sufficient due to a lack of specifics as to time, place and manner of the alleged injuries, the Court dismissed Counts 1-4 of the Complaint without prejudice.[20]

### B. Defendant's Argument

In support of the present Motion, Defendant 4520 Corp. argues that the Second Amended Complaints are still insufficiently pled in terms of specifics as to time, place and manner for each of the plaintiffs, they contain "vague and completely amorphous general assertions"[21] and do not state with particularity any specific cause of action against it.  Attached to the Motion is the Standing Order No. 14 Master Long Form

---

[17] The Court reviewed the complaint of Charles Hannagan and noted that it was representative of all of the complaints which were the subject of the motion.

[18] *Archie v. 4520 Corp., Inc.*, 2003 WL 83259 at *1.

[19] *Id.* (citing *In re Santa Fe Pacific Shareholders Litig.*, 669 A.2d 59, 65-66 (Del. 1995).

[20] Due to its derivative nature, Count 7 (Loss of consortium) was not specifically addressed in the March opinion

[21] *See* Motion to Dismiss at 3.

8

Complaint filed by the plaintiffs on March 26, 2003[22] and the separate Second Amended Short Form Complaints filed contemporaneously by the individual plaintiffs.[23] The Second Amended Short Form Complaints adopt by reference specific counts from the Master Long Form Complaint. Defendant 4520 Corp. correctly points out that other than the specific counts asserted, the Second Amended Short Form Complaints are nearly identical in style.[24]

## C. Plaintiffs' Argument

In opposition to the present Motion, plaintiffs argue that the Second Amended Complaints are sufficiently pled, particularly when taking into account the additional details of the individual claims as developed through discovery[25]. In support of their argument they attach to their Appendix the Standing Order No. 14 Second Amended

---

[22] *Id.*, Ex. B. The 52-page Master Long Form Complaint contains 13 separate counts. Count 1 is for negligent, willful, wanton, reckless and intentional misconduct by manufacturer defendants. Count 2 contains the same allegations against premises owner defendants. Count 3 contains the same allegations against contractor defendants. Count 4 contains the same allegations against supplier/distributor defendants. Count 5 is for conspiracy. Count 6 is for loss of consortium. Count 7 is for wrongful death (non-malignancy). Count 8 is for wrongful death (malignant disease). Count 9 is a survival action. Count 10 is against landowner defendants for environmental exposure. Count 11 is for household exposure. Count 12 is for non-malignant disease. Count 13 is for malignant disease.

[23] *Id.*, Ex. D. The Short Form Complaints are compiled in alphabetical order and, in accordance with Standing Order No. 14, list the titled Counts against the defendants as they appear in the Master Long Form Complaint that each plaintiff adopts by reference.

[24] *Id.*, n. 4.

[25] *See* Plaintiffs' Answering Brief, 8-23.

9

Short Form Complaint for plaintiff Hugh Dougherty[26] and the discovery responses filed on his behalf, including his Answers to the Interrogatories of all Defendants[27], his Response to the Request for Production of all Defendants[28], and his Job History.[29]

### D. The Second Amended Complaint

According to the Master Long Form Complaint, Defendant 4520 Corp. is the successor-in-interest to Blount Development Corp., Mocenplaza Development Corp. and B.F. Shaw Company, as a supplier/distributor and contractor.[30] The Master Long Form Complaint further asserts, in a general fashion, that 4520 Corp. and/or its predecessors distributed, supplied, fabricated, and/or sold "asbestos-containing products."[31]  Also asserted in a very general manner in the Master Long Form Complaint is the assertion that Defendant 4520 Corp. and/or its predecessors was the prime contractor, general contractor, owners' representative and/or construction manager over "construction projects" in Delaware and other states during a period of

---

[26] *See* Plaintiffs' Appendix, Ex. B.

[27] *See* Plaintiffs' Appendix, Ex. C.

[28] *See* Plaintiffs' Appendix, Ex. D.  The Response to the Request for Production incorporates by reference the Responses filed on behalf of two other plaintiffs in March and May 1988.

[29] *See* Plaintiffs' Appendix, Ex. E.

[30] *See* Plaintiffs' Appendix, Ex. A, para. 33.

[31] *Id.*

10

approximately 31 years in which "asbestos containing products" were stored, distributed, installed, removed, repaired, altered and/or discarded.[32] Paragraph 3 of the Second Amended Short Form Complaints assert, also in a general fashion, the time period the particular plaintiff alleges exposure to asbestos containing products.[33] However, no specific work location or asbestos containing product is mentioned in this paragraph.

Defendant 4520 Corp. points out that it is nothing more than a holding company, which in 1999 acquired the liabilities of B.F. Shaw Company, a company that has now been out of business for over 15 years.[34] Indeed, prior to September 2001, neither 4520 Corp. nor B.F. Shaw had been named as a defendant in a Delaware asbestos case.[35] Since January 2002, however, Defendant 4520 Corp states that it has been named as a defendant in "over 80 asbestos-related cases" in Delaware "despite the fact that B.F. Shaw never mined, manufactured or supplied *any* asbestos-containing products."[36] At bottom, 4520 Corp. argues that it is insufficient under the law, on these

---

[32] *Id.*

[33] *See* Motion to Dismiss, Ex. D.

[34] *See* Reply Brief at 7.

[35] *Id.* at 2.

[36] *Id.* (emphasis in original).

11

pleadings, to expect it to be able to mount a defense to cases that assert, in essence, the it was "negligent some where, some time, some place, and for some reason."[37]  The Court agrees.

As noted above, neither the Master Long Form Complaint nor the Second Amended Short Form Complaints address, in a time specific fashion, when and where each plaintiff was allegedly exposed to asbestos containing products as a result of work allegedly performed by B.F. Shaw.  Likewise, the pleadings are deficient as to where each of the plaintiffs claims the exposure took place.  Although paragraph 33 of the Master Long Form Complaint attempts to correct the time and place deficiencies contained in the original pleadings, plaintiffs cannot circumvent the specific pleading requirements of Superior Court Civil Rule 9 by "inundating"[38] a defendant such as 4520 Corp. with general work site information it cannot possibly use to formulate a defense. Additionally, the Second Amended Short Form Complaints are insufficient under Rule 9 on the issue of when the alleged exposure took place.  A general statement, such as that contained in paragraph 3 of the Short Form Complaints that a plaintiff was exposed over a multi-decade period of time, is inadequate.  This general information does little to enable 4520 Corp. to mount any defense to the complaint.

---

[37] *Id* at 7.

[38] *See* Motion to Dismiss at 5.

Moreover, it is insufficient for the plaintiffs to attempt to bolster their pleading deficiencies by asking the defendant and the Court to resort to a review of the discovery responses as a supplement to the pleadings. The pleading requirements of Rule 9 with respect to special matters stand alone. The pleading of special matters rises or falls on its own, without resort to subsequently developed discovery. If the pleadings do not adequately set forth a claim for relief as required by Rule 9, resort to discovery responses as a supplement is not warranted.[39]

## CONCLUSION

For all of the reasons explained above, Defendant 4520 Corp's Motion to Dismiss the Second Amended Complaint is GRANTED. Plaintiffs may submit Third Amended Complaints for each plaintiff within 30 days of the issuance of this opinion.

*IT IS SO ORDERED.*

_____/s/ John E. Babiarz, Jr._____
Judge John E. Babiarz, Jr.

JEB,jr/dw/bjw
Original to Prothonotary
E-File on Lexis/Nexis

---

[39] *See Riggs National Bank v. Boyd*, 2000 WL 303308 at *4 (Del Super.).

13

EXHIBIT "E"

4088719

Westlaw.

Not Reported in A.2d                                                                 Page 1
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

☞

UNPUBLISHED OPINION. CHECK COURT RULES
BEFORE CITING.

Superior Court of Delaware.
Richard V. ANDERSON, et. ux. Plaintiffs,
v.
AIRCO, INC., et al. Defendants.
No. Civ.A. 02C-12-091HDR.

Submitted March 16, 2004.
Decided June 30, 2004.

Upon Defendants' Motions to Dismiss Denied in Part and
Granted in Part.

Robert Jacobs, and David A. Arndt, Jacobs & Crumplar,
P.A., Wilmington, Delaware, for Plaintiffs.

Matthew P. Donelson, and Joel M. Doner, Wilbraham,
Lawler & Buba, P.C., Wilmington, Delaware for Defendant
Airco, Inc.

James W. Semple, Morris, James, Hitchens & Williams,
LLP, Wilmington, Delaware for Defendant Air Products &
Chemicals, Inc.

Albert Manwaring, IV, and Joseph S. Naylor, Pepper
Hamilton, LLP, Wilmington, Delaware for Defendant
Allied Signal, Inc.

John L. Reed, and Gary W. Lipkin, Duane Morris,
Wilmington, Delaware for Defendants American Chemistry
Council, B.F. Goodrich Corp., Conoco Inc., The Dow
Chemical Company, Epec Polymers Inc., ICI Americas,
Inc., PPG Industries, Inc., Pactiv Corp., PolyOne
Corporation, Shell Oil Co., Tenneco Inc., Tenneco
Automotive, Inc., Union Carbide Corp., Uniroyal Inc. and
Zeneca, Inc.

Michael P. Kelly, McCarter & English, LLP, Wilmington,
Delaware for Defendant Bayer CropScience Inc.

Randall E. Robbins, Ashby & Geddes, Wilmington,
Delaware for Defendant Borden Chemical, Inc.

Adam C. Balick, Balick & Balick, Wilmington, Delaware
for Defendant Bridgestone/Firestone, Inc.

John D. Balaguer, and William L. Doerler, White &
Williams, Wilmington, Delaware for Defendants Chevron
USA Inc., Gulf Oil Corp. and Monsanto Company.

Frederick L. Cottrell, II, and Alyssa Schwartz, Richards,
Layton & Finger P.A., Wilmington, Delaware for Defendant
Occidental Oxychem.

Jeffrey L. Moyer, and Anne Shea Gaza, Richards, Layton &
Finger P. A., Wilmington, Delaware for Defendant
Formosa Plastics Corporation.

Somers S. Price, Jr., and W. Harding Drane, Jr., Potter,
Anderson & Corroon LLP, Wilmington, Delaware for
Defendant Gencorp and Olin Corp.

Donald E. Reid, Morris, Nichols, Arsht & Tunnell,
Wilmington, Delaware for Defendant Georgia-Pacific Corp.

Kevin J. Connors, Marshall, Dennehey, Warner, Coleman &
Goggin, Wilmington, Delaware for Defendant The
Goodyear Tire & Rubber Company.

James P. Hall, Phillips, Goldman & Spence, Wilmington,
Delaware for Defendant Society of Plastics Industry, Inc.

Richard D. Allen, Morris, Nichols, Arsht & Tunnell, for
Defendant Westlake Vinyls Inc.

David C. Malatesta, Jr., Kent and McBride, P.C.,
Wilmington, Delaware, for Defendant Whittaker
Corporation.

ORDER DENYING IN PART AND GRANTING IN
PART DEFENDANTS' MOTIONS TO DISMISS

RIDGELY, President J.

*1 Now, therefore, for the reasons stated in the Opinion
filed this date, IT IS ORDERED THAT:
1. Counts Two, Four, and Five of the Complaint filed by
Richard V. and Sheri R. Anderson are dismissed as to
Defendants The American Chemistry Council, Conoco,
Inc., B.F. Goodrich Company, ICI Americas, Inc.,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

Page 2

PolyOne Corp., PPG Industries, Inc., Shell Oil Co., Uniroyal, Inc. and Zeneca, Inc..

2. In all other respects, the Defendants' motions to dismiss are denied.

OPINION

Plaintiff Richard V. Anderson and his wife, Sheri R. Anderson, have filed this civil action against Airco, Inc., and thirty-five other defendants. [FN1] The Andersons seek compensatory and punitive damages for injuries allegedly sustained as a result of prolonged workplace exposure to vinyl chloride monomer ("VCM"), a chemical compound manufactured, marketed, and utilized by various representatives active in the polyvinyl industry.

> FN1. The other defendants are as follows: Air Products and Chemicals, Inc.; Allied Signal, Inc.; The American Chemistry Council; Bayer Cropscience, Inc.; B.F. Goodrich Company; Borden Chemical, Inc.; Bridgestone/Firestone, Inc.; Chevron U.S.A., Inc.; Condea Vista Company; Conoco, Inc.; The Dow Chemical Company; Epec Polymers Inc.; Formosa Plastics Corporation; Gencorp; Georgia-Pacific Corporation; The Goodyear Tire and Rubber Company; Gulf Oil Corporation; ICI Americas, Inc.; Monsanto Company; Occidental Oxychem; Olin Corporation; Pactiv Corporation; Pantasote, Inc.; PolyOne Corporation; PPG Industries, Inc.; Sasol North America, Inc.; Shell Oil Company; Society of the Plastics Industry, Inc; Tenneco, Inc.; Tenneco Automotive, Inc.; Union Carbide Corporation; Uniroyal, Inc.; Westlake Vinyls, Inc.; Whittaker Corporation; and Zeneca, Inc.

A majority of the defendants have filed motions to dismiss. Three motions to dismiss are before the Court and I will address each of these motions in this opinion. The first motion is a consolidated motion filed by Defendants The American Chemistry Council; Conoco Inc.; B.F. Goodrich Company; [FN2] ICI Americas, Inc.; PolyOne Corporation; PPG Industries, Inc.; Shell Oil Company; Uniroyal, Inc.; and Zeneca, Inc. (collectively "Consolidated Defendants"). [FN3] The two remaining motions to dismiss have been individually filed by Defendants Georgia-Pacific

Corporation and the Society of the Plastics Industry, Inc. ("SPI"). [FN4]

> FN2. In their pleadings, Consolidated Defendants have identified, among the others "ConocoPhillips Company" and "Goodrich Corporation" as moving defendants. In the interests of accuracy and consistency, the Court instead has followed the original case caption, which lists "Conoco, Inc.," and "B.F. Goodrich Company."

> FN3. A joinder has been filed by Honeywell International Inc. who has not been identified in the caption of this case. No stipulation or motion has been filed to address the identification of Honeywell as a successor of Allied Signal, Inc. Pending any such amendment, I decline to address any joinder of Honeywell.

> FN4. Georgia-Pacific is sued individually in Count Three, while SPI is named in Counts Four through Eight. Because Count Three raises issues unique to Georgia-Pacific, it is addressed separately from those raised by the other defendants in this opinion. SPI's contentions, however, do not warrant independent treatment, and thus are incorporated into Consolidated Defendants' motion to dismiss.

For the reasons set forth below, the motions are denied in part and granted in part. I first hold that federal law does not preempt the Andersons' state common law claims. The negligence claims in Counts One and Three are not subject to dismissal because the Andersons have pled with particularity each element of the common law tort of negligence. Similarly, because the Andersons have sufficiently alleged each element of the torts of conspiracy and aiding and abetting, Counts Six and Seven will not be dismissed. Count Eight, asserting a derivative cause of action for loss of consortium, therefore also survives the motions to dismiss.

Counts Two, Four, and Five, on the other hand, each fail to state a cause of action upon which relief may be granted. Count Two is dismissed because Delaware law applies to this case and a claim of strict products liability is not

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                 Page 3
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

recognized here. Finally, Counts Four and Five which involve alleged fraud are dismissed because the Andersons have failed to allege with particularity facts showing reliance by Anderson or facts showing an intent by the moving defendants to induce action by him.

## I. BACKGROUND

From 1986 to 1993, Plaintiff Richard V. Anderson was employed by the Georgia Gulf Corporation, a subsidiary of Georgia-Pacific and manufacturer and marketer of chlorovinyl products. In 2002, Anderson contracted glioblastoma multiform, a type of brain cancer, allegedly as a result of handling VCM compounds at the company's plant in New Castle, Delaware. In December 2002, Anderson, along with his wife, Sheri R. Anderson, filed suit against Consolidated Defendants, Georgia-Pacific, SPI (collectively "Defendants"), and others not involved in this motion, alleging eight instances of tortious conduct on the part of all defendants, who variously comprise suppliers, marketers, and manufacturers in the vinyl compound industry. [FN5] Specifically, the Andersons allege: negligent failure to warn of the known hazards of VCM (Count One); strict products liability (Count Two); negligent and intentional failure of Georgia-Pacific individually to provide a safe workplace (Count Three); reckless failure to provide sufficient warning of the dangers of VCM (Count Four); fraudulent concealment and misrepresentation of the dangers of VCM (Count Five); conspiracy to commit fraud, misrepresentation, and fraudulent concealment of the dangers of VCM (Count Six); aiding and abetting the alleged fraudulent concealment (Count Seven); and loss of consortium (Count Eight).

> FN5. The Complaint further groups all Defendants into two categories: (1) "Supplier Defendants"--Airco, Conoco, PolyOne, PPG, Shell, and Georgia-Pacific; and (2) "Non-Supplier Defendants"--Airco, American Chemistry Council, Conoco, Georgia-Pacific, B.F. Goodrich Company, ICI, PolyOne, PPG, Shell, SPI, Uniroyal, and Zeneca. The former are alleged to have supplied the VCM that Anderson handled at the Georgia Gulf plant. The Andersons accuse the Non-Supplier Defendants, referred to in the Complaint as "Conspiring Defendants," of conspiring to conceal the hazards of VCM. See Pl. Compl. ¶ 3, at 5 (Dec. 11, 2002).

*2 The Andersons claim that Defendants collectively engaged in an industry-wide campaign to conceal the ill effects of VCM exposure, and that, in particular, Anderson's brain cancer was caused by his unprotected handling of this compound. Vinyl chloride monomer ($C_2H_3Cl$) is a colorless gas used primarily in the production of polyvinyl chloride (PVC) homopolymer and copolymer resins, a construction-related material used in, among other applications, flooring and piping. [FN6] A known carcinogen, several studies have linked prolonged exposure to VCM to various forms of cancer. [FN7] The compound is also addressed in the Occupational Safety and Health Act of 1970 ("OSHA"), [FN8] the Clean Air Act of 1970, [FN9] and accompanying federal regulations. [FN10]

> FN6. See Vinyl Chloride Monomer. Georgia Gulf Product Information, available at http://www.ggc.com/docs/products/el/vcm_info.pdf (describing VCM's chemical properties and outlining its commercial applications)(last visited June 24, 2004).

> FN7. Report on Carcinogens, Tenth Edition, U.S. Department of Health and Human Services, Public Health Service, National Toxicology Program (Dec.2002), available at http:// ehp.niehs.nih.gov/roc/tenth/profiles/s186viny.pdf. See also Kathleen M. Rest & Nicholas A. Ashford, Regulation and Technological Options: The Case of Occupational Exposure to Formaldehyde, 1 Harv. J. Law & Tec. 63, 76-77 (1988) (recounting congressional and industrial response to the dangers of vinyl chloride and the latter's remedial actions)(last visited June 24, 2004).

> FN8. 29 U.S.C. §§ 651-678.

> FN9. See 42 U.S.C. § 7412(b)(1) (providing list of "hazardous air pollutants," including vinyl chloride).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                           Page 4
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

FN10. *See* 29 C.F.R. § 1910.1017 (regulating exposure limits, medical surveillance, signs and labels, and other aspects of the production of vinyl chloride).

The Andersons originally filed this action in Superior Court. Defendants removed the case in January 2003 to the United States District Court for the District of Delaware, [FN11] claiming questions of federal law predominated the Andersons' complaint. In an Order dated July 28, 2003, the District Court remanded the case to this Court. [FN12] Defendants then filed the pending motions to dismiss.

FN11. *See* 28 U.S.C. § 1441.

FN12. *Anderson v. Airco, Inc.,* 2003 U.S. Dist. LEXIS 13765 (D.Del.).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the Court to determine whether the plaintiff may recover under any reasonably conceivable set of circumstances susceptible to proof under the complaint. [FN13] Dismissal is warranted where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted. [FN14] Although the trial court need not "accept every strained interpretation of the allegations[,]" a plaintiff is "entitled to all reasonable inferences that logically flow from the face of the complaint." [FN15] As a general rule, vagueness and lack of detail are insufficient grounds for dismissal. [FN16]

FN13. *Evans v. Perillo,* 2000 Del.Super. LEXIS 243, at *5-6.

FN14. *Id.*

FN15. *Malpiede v. Townson,* 780 A.2d 1075, 1083 (Del.2000).

FN16. *Evans,* 2000 Del.Super. LEXIS 243, at *6.

Special rules of pleading apply to claims of fraud, negligence, or mistake under Delaware Civil Rule 9(b). A complaint alleging fraud, negligence, or mistake must state

with particularity the showing the condition of mind. [FN17] In the fraud context, a plaintiff must refer to the time, place, and contents of the false representations, as well as the identity of and benefit to the person making the alleged misrepresentations. [FN18] To sufficiently plead negligence, a defendant must be put on notice of what duty was breached, who breached it, the breaching act, and the party upon whom the act was performed. FN19]

FN17. Super. Ct. Civ. R. 9(b).

FN18. *Nutt v. A.C. & S., Inc.,* 466 A.2d 18 (Del.Super.Ct.1983); *see also Autrey v. Chemtrust Industries Corp.,* 362 F.Supp. 1085, 1092, 1093 (D.Del.1973).

FN19. *Myer v. Dyer,* 542 A.2d 802 (Del.Super.Ct.1987).

## III. CONSOLIDATED DEFENDANTS' MOTION TO DISMISS
### A. Preemption

Consolidated Defendants first claim that federal workplace safety laws preempt all of the Andersons' allegations of misconduct. They argue that their cause of action comprises, in essence, a claim of inadequate warnings, a subject specifically addressed by federal law. In response, the Andersons contend that the federal safety legislation is not meant to supercede all state tort law. According to the Andersons, their claims are grounded in state common law and do not implicate any federal regulatory scheme.

*3 OSHA is designed to remedy the "substantial burden" that "personal injuries and illnesses arising out of work situations impose [on] interstate commerce in terms of lost production, wage loss, medical expenses, and disability compensation payments." [FN20] In regulating workplace safety, Congress sought, inter alia, to encourage states "to assume the fullest responsibility for the administration and enforcement of their occupational safety and health laws [ ..., and] to improve the administration and enforcement ..." of such laws. [FN21] Workplace standards for vinyl chloride are controlled generally through the Hazard Communication Standard ("HCS"), [FN22] and directly by way of other federal regulations. [FN23] Because federal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                        Page 5
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

law regulates this aspect of VCM handling, any state labeling law to the contrary is unenforceable. [FN24]

> FN20. 29 U.S.C. § 651[ (a) ] (no subsection designation in original).

> FN21. *Id.* § 651(b)(11).

> FN22. 29 C.F.R. § 1910.1200 (ensuring that the "hazards of all chemicals produced or imported are evaluated, and that information concerning their hazards is transmitted to employers and employees.").

> FN23. *See id.* § 1910.1017(1) (regulating signs and labeling of vinyl chloride operations).

> FN24. *See generally Gade v. National Solid Wastes Management Assoc.*, 505 U.S. 88, 96-97 (1992); Ferdinand S. Tinio, Annotation, *Pre-emptive Effect of Occupational Safety and Health Act of 1970 and Standards Issued Thereunder,* 88 A.L.R. Fed. 833 (2004). *See also Manufacturers Assoc. of Tri-County v. Knepper,* 801 F.2d 130 (3d. Cir.1986) (holding that HCS preempts Pennsylvania hazardous-substance outreach-program regulation to the extent it applied to disclosure of workplace hazards in manufacturing sector); *New Jersey State Chamber of Commerce v. Hughey,* 774 F.2d 587 (3d. Cir.1985) (preempting state statute mandating disclosure of substances that may pose environmental hazards).

In determining whether a state action is preempted by the federal law, the Court must look to the congressional intent behind the federal provisions in issue. [FN25] As the District Court noted in its remand order in this case, the traditional police powers of the states will not be superceded by a federal act absent a "clear and manifest purpose of Congress" to do so. [FN26] In the context of OSHA, Congress has expressly saved two areas from federal preemption . [FN27] First, Congress directed that:

> FN25. *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 208 (1985).

> FN26. *Anderson v. Airco,* 2003 U.S. Dist. LEXIS 13765, at *5, quoting Wisconsin Public Intervenor v. Mortier,* 501 U.S. 597, 605 (1991).

> FN27. *See Gade,* 505 U.S. at 96-97.

[n]othing in this Act shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment. [FN28]

> FN28. 29 U.S.C. § 653(b)(4).

Congress also noted that the Act does not "prevent any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which no standard is in effect." [FN29]

> FN29. *Id.* § 667(a).

In support of their argument, Consolidated Defendants point to numerous decisions from a variety of jurisdictions detailing the extent that state warning laws have been preempted by regulations issued under OSHA's authority. [FN30] Unlike the claims in these cases, however, the Andersons have raised here a theory of tortious conduct based on common law principles of negligence and fraud. By directing that OSHA shall not be construed to "enlarge or diminish ... the common law ... rights, duties, or liabilities of employers and employees ...," Congress signaled an intent to leave state law tort actions intact. [FN31] Because the Andersons' inadequate warning claims are grounded in tort law, not administrative labeling requirements, [FN32] OSHA does not preempt any count of the complaint.

> FN30. *See, e.g., United Steelworkers v. Auchter,* 763 F.2d 728 (3d. Cir.1985) (discussing preemptive effect of HazCom Standard on state hazard disclosure laws in manufacturing sector); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.,* 248 F.Supp.2d 452, 461 (D.Md.2003) (noting that congressional intent controls determination of preemptive effect).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                          Page 6
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

FN31. Cf. Aetna v. Davila, No. 02-1845, ___ U.S. ___ (June 21, 2004), 2004 U.S. LEXIS 4571 (holding federal retirement insurance legislation preempts similar state statute because of congressional intent to furnish private remedy exclusively in federal courts).

FN32. Cf. Papas v. Upjohn Co., 985 F.2d 516, 518 (11th Cir.1993) (preempting state law defective labeling action under federal insecticide legislation's labeling and packaging standards); Hawkins v. Leslie's Pool Mart, Inc., 184 F.3d 244, 251 (3d. Cir.1999) (rejecting state action that sought labeling "different from that approved by the EPA .... " under same federal insecticide legislation).

Furthermore, Consolidated Defendants' present claim that the "preemption doctrine requires dismissal of this state-law tort action" is identical to the federal jurisdiction argument raised in the U.S. District Court. [FN33] In its remand order, the U.S. District Court expressly held that the Andersons' claims are not preempted by the labeling standards of OSHA. [FN34] The Consolidated Defendants thus failed to establish "either that federal law creates the cause of action or that the plaintiffs' right to relief reasonably depends on resolution of a substantial question of federal law." [FN35] Therefore, it necessarily follows that the federal legislation does not preempt the Andersons' state-law claims.

FN33. Def. Mot. to Dismiss, at 5.

FN34. Anderson, 2003 U.S. Dist. LEXIS 13765, at *6-7 ("The Court finds that the state tort laws at issue have not been preempted by the HazCom Standard or the VCM warning and labeling standard.").

FN35. Elf Aquitaine, Inc. v. Placid Oil Co., 624 F.Supp. 994, 997 (D.Del.1985).

B. Negligent Failure to Warn

*4 Separately, the Supplier Defendants contend that the Andersons' negligence claims in Count One must be dismissed because Anderson has failed to establish a causal link between his injuries and any particular defendant's activity. According to the Supplier Defendants, the Complaint fails to inculpate the particular defendants that manufactured or supplied the VCM that allegedly caused Anderson's condition.

The Andersons disagree, emphasizing that the Complaint establishes each supplier has the duty to provide VCM in a manner that ensures its subsequent safe handling. The Supplier Defendants breached this duty, according to the Andersons, by failing to provide sufficient information regarding proper handling procedures and by actively concealing this information from them.

The parties cite several cases for their respective positions. In Money v. Manville Corporation Asbestos Disease Compensation Fund, several employees of Delmarva Power and Light filed suit against various manufacturers of asbestos products, alleging a number of torts, including negligence. [FN36] After the close of the plaintiffs' evidence, the Superior Court granted a directed verdict in favor of the manufacturers. The Court held that, in the absence of expert medical testimony "providing a direct nexus between the defendants' asbestos products and plaintiffs' asbestos-related injuries," the plaintiffs had failed to establish a prima facie case on the issue of causation. [FN37]

FN36. 596 A.2d 1372 (Del.1991).

FN37. Id. at 1374 (recounting the Superior Court's reasoning).

Similarly, in Lipscomb v. Champlain Cable Corporation, the Superior Court granted summary judgment in favor of an asbestos manufacturer. [FN38] According to the Court, the plaintiff-employee failed to establish a proper "product nexus"--the "factual connection in space and time between a particular plaintiff and a particular defendant's product." [FN39] The employer in Lipscomb handled two types of piping, only one of which contained asbestos. Because he failed to offer any evidence as to which particular pipe he handled, the Court found that Lipscomb could not prove causation. [FN40]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                                    Page 7
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

FN38. *Lipscomb v. Champlain Cable Corp.*, 1988 Del.Super. LEXIS 338 (adopting Master's Report).

FN39. *Id.* at *1. *See also Nutt v. A.C. & S. Co.*, 517 A.2d 690, 692 (Del.Super.Ct.1986) (analyzing product nexus in the summary judgment context, and holding that a plaintiff must offer "some evidence that not only was a particular defendant's asbestos containing product present at the job site, but also that the plaintiff was in proximity to that product at the time it was being used.") (citing *In re Asbestos Litigation, 509 A.2d 1116 (Del.Super.Ct.1986)*).

FN40. *Id.* at *6. For the same reasons, the Court also found an insufficient causal link between Lipscomb's asbestos-related injury and the claim that he handled "unknown sheets of asbestos paper." *See id.*

Finally, in *Threadgill v. Manville Corporation Asbestos Disease Compensation Fund*, another asbestos-exposure case, the Delaware District Court denied a motion for a new trial after a jury returned a verdict in favor of the defendant asbestos manufacturer. [FN41] There the District Court noted that "the jury was free to conclude on this record that plaintiffs had failed to establish [a] product nexus" because there was no evidence "explicitly placing Mr. Threadgill in proximity to Manville's asbestos-containing products at the time those products were being used." [FN42] Because the plaintiffs' case was "entirely circumstantial," the District Court refused to disturb the jury's verdict. [FN43]

FN41. *Threadgill v. Manville Corp. Asbestos Disease Compensation Fund*, 1990 U.S. Dist. LEXIS 19083 (D.Del.).

FN42. *Id.* at *8.

FN43. *Id.*

I find that all three cases are distinguishable, at this stage of the proceeding. Initially, I note that I must review the Complaint to determine whether under any reasonable interpretation of the facts alleged could the Andersons state a claim, and if so, whether each element of the negligence

claim is properly pled. *Money*, *Lipscomb*, and *Threadgill* were decided at the directed verdict, summary judgment, and post-trial stages of litigation, respectively. In each case, discovery was complete or at least commenced, and in one a verdict had been returned. All three are similar, moreover, in that the plaintiffs had an opportunity to present at least part of their evidence in countering their opponents' attacks. Here, the Court is reviewing only the sufficiency of the Complaint.

*5 Substantively, Count One of the Complaint alleges that the "supplier defendants were negligent n that they did not give any warning of the hazards known to them," promoted "representations that denied and underestimated the harm of VCM," and failed to conduct "scientific and medical tests to examine and eliminate the hazards of the products they sold, manufactured, and distributed...." [FN44] Through this language, the Andersons have sufficiently alleged the four elements of a negligence action: duty (here, the obligation to warn), the breaching party (the supplier defendants, who are specifically named at the outset of the Complaint), the breaching act (failing to warn), and the injured party (Anderson). In the Complaint, the Andersons need not prove proximate cause because they need not prove their case at this stage of litigation. Accordingly, dismissal at this stage is inappropriate.

FN44. Pl. Compl. ¶ 11.

#### C. Strict Products Liability

Count Two of the Complaint asserts a claim of strict products liability against the Supplier Defendants, alleging that the VCM Anderson was exposed to was "defective and unreasonably dangerous" by virtue of its toxicity and carcinogenicity. [FN45] The Supplier Defendants, according to the Andersons, are strictly liable for Anderson's injuries because of their failure to warn of such dangers. In response, the Supplier Defendants maintain that Delaware does not recognize a strict tort liability in causes of action based on the sale of goods.

FN45. *Id.* ¶ 13.

In *Cline v. Prowler Industries of Maryland*, the Delaware Supreme Court expressly rejected the doctrine of strict tort

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                                              Page 8
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

liability in the sales context. [FN46] Concerned that it "would be engaging in impermissible judicial legislation," the Court held that Delaware's version of the Uniform Commercial Code [FN47] preempted any strict liability claim. [FN48] The Andersons, however, claim that Delaware law does not apply to their claim, asserting instead that the "places where the tortious conduct leading to injury occurred were in the states where the [Supplier] Defendants caused their literature to be created and in the States where [they] had their various meetings." [FN49]

> FN46. 418 A.2d 968 (Del.1980); *see also LeJeune v. Bliss-Salem, Inc.,* 85 F.3d 1069, 1071 (3d. Cir.1996) (contrasting Pennsylvania and Delaware products liability jurisprudence).

> FN47. 6 *Del. C.* § 1-101, *et seq.*

> FN48. *Cline,* 418 A.2d at 974. *See also* Anita Berstein, *The New-Tort Centrifuge,* 49 DEPAUL L. REV. 413, 425 (1999) (comparing the historical rise of strict liability in tort with the subsequent UCC scheme that "codif [ied] the law of warranties, disclaimers, and third-party beneficiaries.").

> FN49. Pl. Resp. at 27.

In determining which jurisdiction's law applies to a cause of action sounding in tort, Delaware courts follow the tenets of the Restatement (Second) of Conflict of Laws. [FN50] Section 145 provides: "[T]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in [Section 6]." [FN51] Whether a significant relationship attaches to a particular jurisdiction depends upon seven policy considerations enumerated in Section 6:

> FN50. *See Travelers Indem. Co. v. Lake,* 594 A.2d 38 (Del.1991). *See also* Symeon C. Symeonides, *The Judicial Acceptance of the Second Conflicts Restatement: A Mixed Blessing,* 56 MD. L.REV. 1248, 1252, t.1 (1997) (surveying the forty-one

jurisdictions, including Delaware, that have abandoned the *lex loci delicti* rule for tort conflicts).

> FN51. Restatement (Second) of Conflict of Laws. § 145(1).

(1) the needs of the interstate and international systems;
(2) the relevant policies of the forum;
(3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
*6 (4) the protection of justified expectations;
(5) the basic policies underlying the particular field of law;
(6) certainty, predictability and uniformity of result; and

(7) ease in the determination and application of the law to be applied. [FN52] Furthermore, Section 145 lists the following relational and geographic contacts a court should consider when applying the above factors:

> FN52. *Id.* § 6; *see also Lake,* 594 A.2d at 47.

(a) the place where the injury occurred;
(b) the place where the conduct causing the injury occurred;
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and
(d) the place where the relationship, if any, between the parties is centered. [FN53]

> FN53. RESTATEMENT, *supra* n. 4), § 145(2).

The Restatement, in addition to these wide-ranging considerations, provides a specific framework for personal injury actions:

[I]n an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in [the Section 6 policy considerations] to the occurrence and the parties, in which event the local law of the other state will be applied. [FN54]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

Page 9

FN54. *Id.* § 146.

Thus, where the tortious conduct and injury occur in different jurisdictions, the state that has the most significant relationship to the action is generally the one in which the plaintiff was injured. [FN55]

FN55. *Id.* § 146 cmt. e. In choosing which laws to apply, Courts favored the situs of injury well before the first Restatement's adoption in 1934. *See, e. g., Cameron v. Vandergriff,* 13 S.W. 1092 (Ark.1890); *Le Forest v. Tolman,* 117 Mass. 109 (1875) ("[T]he act which is the cause of the injury and the foundation of the action must at least be actionable or punishable by the law of the place in which it is done, if not also by the law of the place in which redress is sought.") (citing *Smith v. Condry,* 42 U.S. 28 (1843)). *But cf.* Ehrenzweig, *The Place of Acting in Intentional Multistate Torts,* 36 MINN. L.REV. 1 (1951) (favoring the application of local law of state where conduct occurred); Rheinstein, *The Place of Wrong,* 19 TULANE L.REV. 4 (1944) (advocating the same).

The Andersons claim that the Supplier Defendants' actions outside of Delaware resulted in a national deception of VCM workers. They contend that these interstate activities, in turn, engendered a significant relationship to the locus of production, *i.e.,* production and marketing decisions made in Kentucky, Louisiana, and Texas led directly to Anderson's condition. In this case, the alleged injury occurred in Delaware at Anderson's place of employment. Similarly, the Supplier Defendants delivered VCM to the Georgia Gulf plant in Delaware. Even assuming *arguendo* that some wrongful conduct occurred at the site of production, this fact is outweighed by the subsequent interactions between the parties and events in Delaware. [FN56] I am persuaded that Delaware has the most significant relationship to the occurrence at issue and the parties in this case. Because Delaware law applies and does not recognize a claim of strict products liability, Count Two of the Complaint must be dismissed.

FN56. *See* RESTATEMENT, *supra* n. 41, § 146 cmt. e ("The local law of the state where the

personal injury occurred is most likely to be applied when the injured person has a settled relationship to that state....").

*D. Fraud*

The remainder of the Complaint alleges an industry-sponsored campaign to mislead the public about the health effects of vinyl chloride exposure. [FN57] Count Four, titled "Recklessness and Conduct of Defendants," sets out a broad timeline of events concerning the Non-Supplier Defendants and their activities within the vinyl chloride industry. The Andersons allege that these parties agreed, over a span of thirty years, to make public false statements regarding VCM through several industry-wide agreements. Specifically, the Andersons recount meetings concerning SD-56, a vinyl chloride safety data sheet promulgated by the Manufacturing Chemists Association ("MCA") in 1953, as well as medical and experimental worker testing allegedly designed to conceal the carcinogenicity and other effects of vinyl chloride exposure. According to the Andersons, these actions "caused inaccurate and insufficient information regarding [vinyl chloride] to be available and but for this, [Anderson] would not have been injured." [FN58]

FN57. Count Three, asserting a claim solely against Georgia-Pacific, is addressed in Section IV, *infra.*

FN58. Pl. Compl. ¶ 76, at 42.

*7 Count Five, titled "Fraud of the Defendants," alleges that an MCA-sponsored epidemiological study of the vinyl chloride industry, commissioned in 1966, was compromised by various activities of the Non-Supplier Defendants. Stemming from "improper sponsor influence," the value of "delay ... to the vinyl chloride industry," and a dearth of "public [and] governmental interest in the hazards posed by ... vinyl chloride monomer," [FN59] the study was repeatedly delayed and ultimately voted down by an MCA committee attended by representatives of various Non-Supplier Defendants. [FN60] Because the MCA and the Non-Supplier Defendants "specifically voted not to spend any money at all on trying to find the cause of the disease in the future," [FN61] Anderson contends he relied on "faulty" information which ultimately caused his injury.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                    Page 10
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

FN59. *Id.* ¶ 77, at 42.

FN60. The Andersons claim that present at this meeting were the agents of "at least" Olin Corporation, Union Carbide Corporation, 3M, DuPont, Dow Chemical Company, and Uniroyal, Inc.

FN61. *Id.* ¶ 90, at 47-48.

Delaware's fraud jurisprudence requires that a plaintiff allege: (1) a false representation, usually one of fact, that was made by the defendant; (2) with knowledge or belief of its falsity or with reckless indifference to the truth; (3) with an intent to induce action or inaction; (4) plaintiff's response is taken in justifiable reliance on the representation; and (5) an injury results from such reliance. [FN62] Relatedly, these elements also comprise a claim of fraudulent concealment, except that a plaintiff must allege a deliberate concealment by the defendant. [FN63] Failure to allege any of the elements warrants dismissal of the claim. [FN64]

FN62. *See, e.g., Stephenson v. Capano Development, Inc.,* 462 A.2d 1069, 1074 (Del.1983) (recounting fraud's elements at common law and discussing each requirement in depth); *see generally* PROSSER AND KEETON ON THE LAW OF TORTS 725, 728 (5th ed.1984).

FN63. *Nicolet v. Nutt,* 525 A.2d 146, 149 (Del.1987) (citing *Stephenson,* 462 A.2d at 1074).

FN64. *Zerby v. Allied Signal Inc.,* 2001 Del.Super. LEXIS 16 (dismissing fraud and other claims against defendant vinyl chloride manufacturers).

Although Rule 12(b)(6) "should not be read to impose a requirement that certain magic words be repeated throughout a Complaint," [FN65] Rule 9(b) requires that the circumstances constituting fraud be alleged with particularity. [FN66] This requirement serves to allow defendants to prepare an effective response and defense, eliminate complaints "filed as a pretext for discovery," and to protect defendants from "unfounded charges of wrong-doing" injurious to their "reputation and goodwill."

[FN67]

FN65. *Snyder v. Butcher & Co.,* 1992 Del.Super. LEXIS 362, at *19.

FN66. Super. Ct. Civ. R. 9(b) (directing that fraud be alleged with "particularity").

FN67. *C.V. One v. Resources Group,* 1982 Del.Super. LEXIS 943.

In their Complaint, the Andersons fail to state how the Non-Supplier Defendants intended Anderson to act or refrain from acting. Similarly, the Complaint does not indicate any reliance on a specific representation made by the Non-Supplier Defendants. The Andersons can only allege a general reliance, based solely on information sources promulgated throughout the industry. [FN68] Although the Complaint specifies the time, place, and contents of the alleged false representations involving several, but not all, of the Non-Supplier Defendants, within the vinyl chloride industry, there is no allegation of any representation to Anderson directly or indirectly as an employee of any Non-Supplier Defendant or of a company supplied with such defendants products. [FN69] General allegations of fraud are insufficient. [FN70] Consistent with this Court's ruling in *Zerby,* [FN71] I hold that Counts Four and Five fail to state a cause of action.

FN68. *See* Pl. Compl. ¶ 91, at 48 (Anderson "*relied on the information* available to him when he worked at the [Georgia Gulf plant] and as a result of the misinformation ... was injured.") (emphasis added); *id.* ¶ 99, at 50 (Anderson "was made aware of the levels of VCM that were allegedly safe as published by [the Non-Supplier] defendants. He was made aware of a low risk of only liver cancer at the levels of his exposure *and relied on this information* to his detriment.") (emphasis added).

FN69. *Zerby,* 2001 Del.Super. LEXIS 16, at *20-21 ("The fact, if it is a fact, that the non-supplier defendants fraudulently concealed or misrepresented the dangers of vinyl chloride with the intent to deceive and mislead and to be relied

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                        Page 11
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

upon by Ms. Zerby and persons like Ms. Zerby whose employment responsibilities exposed them to vinyl chloride, does not state a cause of action where plaintiff was not employed by defendant or a company supplied with defendant's products.") (quotation marks omitted).

FN70. *See Strasburger v. Mars, Inc.*, 83 A.2d 101, 104 (Del.1951).

FN71. 2001 Del.Super. LEXIS 16.

*E. Conspiracy and Aiding and Abetting*

*8 Counts Six, "Conspirac[y] to Commit Fraud and Misrepresentation and Concealment by All Defendants," and Seven, "Aiding and Abetting," reiterate the fraud narrative in Count Five, specifically linking both the Supplier and Non-Supplier Defendants to the industry events concerning VCM safety. Although the Andersons cannot maintain their fraud claims, their conspiracy and aiding and abetting allegations are viable.

*Nicolet v. Nutt*, a conspiracy action stemming from asbestos-related injuries, holds that:

if competent medical evidence as to the dangers of asbestos was intentionally misrepresented and suppressed in order to cause plaintiffs to remain ignorant thereof, coupled with proof that such suppression caused injury to a plaintiff, the alleged tort [of conspiracy] is established. [FN72]

FN72. *Nicolet v. Nutt*, 525 A.2d 146, 148 (Del.1987).

This reasoning has been adopted in the vinyl chloride context. [FN73] Accordingly, if proved, the Andersons would be entitled to relief under the Complaint.

FN73. *Zerby*, 2001 Del.Super. LEXIS 16, at *24 (holding that if non-suppliers of vinyl chloride "conspired with the suppliers to misrepresent and suppress vinyl chloride's dangers, all the conspirators, including the non-supplier conspirators, can be held liable.").

As to aiding and abetting, the Restatement provides:

For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he ... knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.... [FN74]

FN74. Restatement (Second) of Torts, § 876(b), adopted by *Patton v. Simone*, 1992 Del.Super. LEXIS 316.

In alleging that the Non-Supplier Defendants deliberately plotted to conceal the health risks surrounding VCM exposure, the Andersons have sufficiently pled the three elements that comprise aiding and abetting: tortious conduct, knowledge, and substantial assistance. [FN75] As to the first element, the Complaint sufficiently alleges negligence as the underlying wrong supporting the derivative conspiracy and aiding and abetting claims. [FN76] In addition, in setting forth its litany of conspiratorial events and accusing the Non-Supplier Defendants of designing and implementing a comprehensive plan of secrecy, the Complaint adequately alleges the latter two elements of aiding and abetting. Accordingly, Count Seven will not be dismissed under Rule 12(b)(6).

FN75. *Patton*, 1992 Del.Super. LEXIS 316, at *22.

FN76. *See Nutt v. A.C. & S. Co.*, 517 A.2d 690, 694 (Del.Super.Ct.1986) ("Civil conspiracy is not an independent cause of action in Delaware, but requires an underlying wrong which would be actionable absent the conspiracy."); *Phoenix Canada Oil Co. v. Texaco, Inc.*, 455 F.Supp. 749, 752 (D.Del.1978), *aff'd* 595 F.2d 1213 (3d. Cir.1979).

*F. Loss of Consortium*

Count Eight asserts a claim on behalf of Mrs. Anderson for damages due to loss of consortium. Because the negligence and conspiracy counts remain, the consortium claim survives as well. [FN77]

FN77. *See Jones v. Elliott*, 551 A.2d 62, 64-65 (Del.1988); *Lacy v. G.D. Searle & Co.*, 484 A.2d 527 (Del.Super.Ct.1984).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

Page 12

## IV. GEORGIA-PACIFIC'S MOTION TO DISMISS

The Complaint's third count alleges that Georgia-Pacific, as parent company of Anderson's employer, Georgia Gulf, negligently or intentionally exposed Anderson to unsafe levels of VCM "as a result of the manufacturing facilities Georgia-Pacific designed and controlled and provided to Georgia Gulf...." [FN78] Because the company governed the "health and safety" and "[d]isclosures of medical effects of VCM" at Georgia Gulf "through about 1986," Georgia-Pacific "caused [Anderson] to be exposed to high levels of VCM...." [FN79]

    FN78. Pl. Compl. ¶ 20, at 14.

    FN79. *Id.* ¶¶ 19-20.

Georgia-Pacific seeks dismissal on several grounds. First, it takes issue with the timing alleged in the complaint. Specifically, Georgia-Pacific notes that Anderson was employed by Georgia Gulf's predecessor, Ethyl Corporation, for several months in 1983, thus making his employment allegations inaccurate. Since it did not purchase Ethyl' s plant until late 1983, Georgia-Pacific insists it could not have controlled the dissemination of information regarding VCM, and therefore cannot be held liable for Anderson's injuries. For the years Anderson was employed by Georgia Gulf, Georgia-Pacific contends that Delaware's workers' compensation laws bar any direct claim against it. [FN80] The company also argues that the Andersons' claims are general and conclusory, devoid of the factual circumstances surrounding Georgia-Pacific's control of Georgia Gulf.

    FN80. *See* 19 *Del. C.* § 2304.

*9 The purpose of the workers' compensation law is to give an injured employee "a prompt and sure means of receiving compensation and medical care without subjecting that worker to the hazards and delays of a lawsuit." [FN81] Compensation for injuries sustained in the course of employment is thus controlled solely by this statutory scheme, "regardless of the question of negligence and to the exclusion of all other rights and remedies." [FN82]

    FN81. *Frank C. Sparks Co. v. Huber Baking Co.,* 96 A.2d 456 (Del.1953).

    FN82. 19 *Del. C.* § 2304.

The viability of the Andersons' cause of action against Georgia-Pacific, as parent company to Anderson's direct employer, Georgia Gulf, thus turns on the relationship of the parties within the meaning of the workers' compensation laws. The term *employer* is defined as "all those who employ others unless they are excluded from the application of this chapter by any provision of" the workers' compensation laws. [FN83] The definition of *employee,* a term that has "probably produced more reported cases than any definition of status in the modern history of law," [FN84] is conceptually more problematic.

    FN83. 19 *Del. C.* § 2301(10).

    FN84. 3 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 60.01 (2003). *See also Harris v. Selavitch,* 9 A.2d 375 (Pa.1939); Restatement of Agency (Second) § 220 (defining "servant" as a "person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control.").

Courts generally follow the common-law distinction between employee and independent contractor. [FN85] In Delaware, the four elements of the test are: (1) who hired the employee; (2) who may discharge the employee; (3) who pays the employee's wages; and (4) who has the power to control the conduct of the employee when he is performing the particular job in question. [FN86] Although the rules are firmly established, their application to the numerous circumstances that may arise under them remains elusive. [FN87] But however nuanced the application of the rule is, it is well-settled that where one is determined to be an employee, the workers' compensation laws preempt any common-law remedy against the employer for personal injury. [FN88]

    FN85. *See* Restatement of Agency (Second) § 220(2) (listing factors for consideration).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                Page 13
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

FN86. *Lester C. Newton Trucking Co. v. Neal,* 204 A.2d 393, 395 (Del.1964); *Hering v. Central Grain,* 1999 Del.Super. LEXIS 156; *see also White v. Gulf Oil Corp.,* 406 A.2d 48 (Del.1979) (holding that statutory definitions in workers' compensations laws do not abrogate common-law concepts governing employer-employee relationship).

FN87. *See, e.g., Murray's Case,* 154 A. 352, 354 (Me.1931) ("No hard and fast rule can be made as to when one undertaking to do work for another is an independent contractor or an employee within the meaning of a Workmen's Compensation Act, but each case must be determined on its own facts.").

FN88. *Powell v. Interstate Vendaway, Inc.,* 300 A.2d 241 (Del.Super.Ct.1972).

On a motion to dismiss, the Court need not "blindly accept as true all allegations, nor must it draw all inferences from them in plaintiffs' favor unless they are reasonable...." [FN89] In determining whether the Andersons would be entitled to relief under any "any set of facts that might be shown to exist consistent with the well-pleaded allegations in the complaint," [FN90] the Court must be satisfied that the Complaint contains more than conclusory and generalized accusations. [FN91] The Andersons contend that Georgia-Pacific controlled the operations, including the safety protocols, of the plant in which Anderson worked. When taken in the context of the Complaint's broad allegations of negligence against the Supplier Defendants, Count Three inculpates Georgia-Pacific, as owner and controller of Georgia Gulf, in the negligent failure of the Supplier Defendants to provide a safe working environment. If true, Georgia-Pacific could be considered Anderson's employer, or as a dual-employer concurrent with Georgia Gulf. [FN92] But under the workers' compensation exclusionary provisions, this state of affairs would disallow any claim for personal injury against Georgia-Pacific. [FN93]

FN89. *Grobow v. Perot,* 539 A.2d 180, 187 (Del.1988), *overruled on other grounds, Brehm v. Eisner,* 746 A.2d 244 (Del.2000).

FN90. *In re Tri-Star Pictures,* 634 A.2d 319 (Del.1993).

FN91. *Loudon v. Archer-Daniels-Midland Co.,* 700 A.2d 135 (Del.1997); *Grobow,* 539 A.2d at 187.

FN92. *Loden v. Getty Oil Co.,* 316 A.2d 214, 216 (Del.Super.Ct.1974), *citing* 1A LARSON'S WORKERS' COMPENSATION LAW 839, § 48.40 (recognizing dual-employment relationships for purpose of workers' compensation).

FN93. *See* 19 Del. C. § 2304.

*10 For Georgia-Pacific to be immune from suit by virtue of this principle, however, the Court must find that Anderson is in fact an employee of the parent company. Delaware law recognizes the individuality of corporate entities. [FN94] Moreover, the fact that two corporations have a common central management and control does not override or negate the separate identity of the corporations. [FN95] Thus, whether Anderson can be considered an "employee" of Georgia-Pacific is controlled by the four employment criteria set forth in *Neal.* At this stage of litigation, however, the details of Anderson's relationship, if any, with Georgia-Pacific are insufficiently developed to warrant analysis under this test. As the Complaint serves only a notice function, in this context, the Andersons need not prove their case within it. The allegations in Count Three therefore provide little factual guidance for the Court in determining, for example, who hired Anderson or from which accounts his pay is drawn. [FN96] On the present record, application of the *Neal* test is premature. Accordingly, dismissal of Count Three is unwarranted at this stage of litigation.

FN94. *Stauffer v. Standard Breads, Inc.,* 178 A.2d 311 (Del. Ch.1962), *aff'd* 187 A.2d 78 (Del.1962).

FN95. *Skouras v. Admiralty Enterprises, Inc.,* 386 A.2d 674 (Del. Ch.1978).

FN96. *Cf. Jordan v. E.I. du Pont De Nemours & Co.,* 1986 Del.Super. LEXIS 1371, at *2 (Del.Super.Ct.1986) (discussing details of "working relationship" between defendants

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                                    Page 14
Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054
(Cite as: 2004 WL 1551484 (Del.Super.))

contractor and subcontractor and analyzing parties' relationship under *Neal* ); *Loden, 316 A.2d 214* (examining employment relationship in the context of *Neal* ).

### V. CONCLUSION

As to Counts One, Three, Six, Seven, and Eight, the Defendants' motions to dismiss are *DENIED*. As to Counts Two, Four and Five, Defendants' motions to dismiss are *GRANTED*. An order will be entered consistent with this opinion.

Not Reported in A.2d, 2004 WL 1551484 (Del.Super.), Prod.Liab.Rep. (CCH) P 17,054

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT "F"

4088719

Westlaw.

Not Reported in A.2d
2003 WL 832549 (Del.Super.)
(Cite as: 2003 WL 832549 (Del.Super.))

**C**

Only the Westlaw citation is currently available

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware.

Thomas E. ARCHIE and Joyce Archie, his wife
Daniel E. Bachman Paul Barkus and
Yvonne Barkus Cynthia G. Beam, Personal
Representative of the Estate of Mary
Good, Deceased John F. Betley, Jr. and Jean
Betliwey, his wife Oda M. Biddle, as
Surviving Spouse and Personal Representative of
Drexel Wayne Biddle, Sr.,
deceased Forrest A. Boettcher and Virgina Boettcher,
his wife John A. Booth and
Marcia Booth, his wife Michael Bove Robert Brady
Arthur Brobst and Michelle
Brobst, his wife Charles Brower and Nancy Brower,
his wife Mark A. Chase and
Shari Chase, his wife Francis G. Choma and Patricia
Choma, his wife Joseph D.
Christopher Antimo Cofrancesco and Brenda
Cofrancesco, his wife Albert J.
Conner, Jr. and Margaret Conner, his wife Rocco A.
DiOssi Hugh Dougherty
Michael Federowicz and Catherine Federowicz, his
wife Richard S. Ferguson, II
and Bonnie Ferguson, his wife Marshall J. Fields, Jr.
and Arnita Fields, his
wife Harvey Fisher and Ann Fisher, his wife John A.
Flynn and Dolores Flynn,
his wife Francis A. Hackendorn and Linda
Hackendorn, his wife Charles W.
Hannagan and Ellen Hannagan, his wife John J.
Healy and Patricia Healy, his
wife Conrad Heinold and Abglina Heinold, his wife
David R. Holleran and Susan
Holleran, his wife John C. Hopkins and Mildred C.
Hopkins, his wife Earl L.
Hudson and Linda Hudson, his wife Larre M. Jones
James A. Jones and Mae Ella
Jones, his wife Stanley N. Justis Loretta C. Kilby, as
Surviving Spouse of
Delmer T. Kilby, Sr., Deceased William T. Knox and
Joanne Knox, his wife James

Kossek and Joanne Kossek, his wife George C.
Koukedis, Sr. and Jenny Koukedis,
his wife Ruth Krause, as Surviving Spouse of Mark
Krause, Deceased Edward A.
Lesniczak, Sr., and Patricia Lesniczak, his wife
Ronald L. Marks and Jacqueline
Marks, his wife Larry S. Marshall and Barbara A.
Marshall, his wife Ralph A.
McVey and Linda McVey, his wife Charles H.
Mecke and Oma Faye Mecke, his wife
William L. Milliken and Carol Milliken, his wife
Madeline Faye Mitsdarfer,
Personal Representative of the Estate of Frederick
Mitsdarfer, Deceased Paige
Montgomery and Eugene Montgomery, her husband
Columbus A. Nacchia, Jr. John J.
Nedelka and Mary L. Nedelka, his wife Richard
Newman and Elizabeth Newman, his
wife William A. Nickel, Jr. and Sarah Nickle, his
wife Benjamin F. Nyce and
Sandra Nyce, his wife Theodore G. Pankowski and
Deborah Pankowski, his wife
Mary Patten and Marvin Patten, her husband Mary
Ann Pedrick, Personal
Representative of the Estate of Horace Pedrick,
Deceased Joseph R. Pennington
and Ann Marie Pennington, his wife Gerald R.
Penoza, Dewey L. Pierce William O.
Porter and Melanie Porter, his wife Lucious Pringle,
Jr. and Ernestine Pringle,
his wife Stephen W. Pringle Edward H. Pugh and
Sandra Lee Pugh, his wife John
W. Robson Robert Rozenko James Ryan and Mary
Ryan, his wife Paul A. Shannon,
Robert Shively and Priscilla Shively, his wife
William E. Simmons, Sr. and
Janice R. Simmons Edward A. Slavin, Jr. and Diana
Slavin, his wife Diana Slavin
and Edward A. Slavin, her husband William J.
Smolka and Evelyn C. Smolka, his
wife Coy W. Snow Clarence R. Sweetman, Jr Gary
Sylvestro Joseph Todd Harry Toy
and Irene Toy, his wife John Watson John W.
Whitby, Sr. and Janice Whitby, his
wife Warren Whiteside and Roberta Whiteside, his
wife Frederick Witt and
Charlotte Witt, his wife James F. Wooleyhan Stanley
F. Zgleszewski and Janice
M. Zgleszewski, his wife Plaintiffs,
v.
4520 CORP., INC., et al. Defendants.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                        Page 2
2003 WL 832549 (Del.Super.)
(Cite as: 2003 WL 832549 (Del.Super.))

No. Civ.A. 02C08204ASB, Civ.A. 02C04280ASB,
Civ.A. 02C03056ASB, Civ.A.
02C08239ASB, Civ.A. 02C01041ASB, Civ.A.
02C03194ASB, Civ.A. 02C06075ASB, Civ.A.
02C04108ASB, Civ.A. 02C06074ASB.

Submitted Jan. 31, 2003.
Decided March 3, 2003.

Defendant 4520 Corporation's Motion to Dismiss.
Motion Granted. Complaint Dismissed with Leave to
Amend Within 30 Days.

Richard T. Wilson, Wilmington, Delaware, for
Plaintiffs

Christian J. Singewald, Wilmington, Delaware, for
Defendant 4520 Corp., Inc.

OPINION

BABIARZ, J.

*1 This is the Court's decision on Defendant 4520
Corporation's motion to dismiss the Complaints filed
by 82 Plaintiffs in an asbestos-related personal injury
action against numerous Defendants. Plaintiffs
oppose the motion to dismiss and have submitted a
First Amended Complaint, which the Court accepts.
As explained below, the motion to dismiss the
Complaints is Granted with leave to amend within 30
days of the date of the issuance of this Opinion.
Notices of adoption filed by certain other Defendants
are therefore moot. [FN1]

> FN1. Defendants Atlas Turner, Inc., Bell
> Asbestos Mines, Ltd., and Sequoia
> Ventures, Inc. seek to adopt Defendant
> 4520's position on the motion to dismiss.

STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon
which relief can be based will not be granted if the
plaintiff may recover under any set of circumstances
susceptible of proof under the complaint. [FN2] All
well-pled allegations are to be taken as true, and all
reasonable inferences shall be in favor of the non-
moving party. [FN3] If the Court concludes that the
plaintiff cannot prevail on any set of facts inferable

from the pleadings, the complaint may be dismissed.
[FN4]

> FN2. Spence v. Funk, 396 A.2d 967
> (Del.1978); Ramunno v. Cawley, 705 A.2d
> 1029 (Del.1998).

> FN3. Ramunno v. Cawley, 705 A.2d at 1034.

> FN4. In re USA Cafes, L.P. Litigation, 600
> A.2d 43, 47 (Del. Ch.1991).

DISCUSSION

In the First Amended Complaint, [FN5] Plaintiffs
allege negligence as to all Defendants (Count 1);
premises liability (Count 2); contractor liability
(Count 3); wilful, wanton and reckless conduct
(Count 4); civil conspiracy (Count 5); strict liability
(Count 6); and loss of consortium (Count 7).
Plaintiffs have agreed to dismiss the counts for civil
conspiracy and strict liability. [FN6]

> FN5. See Plaintiffs' Motion in Opposition,
> Ex C at 10-13. In a clerical error, the First
> Amended Complaint mislabels the counts
> for both conspiracy and wilful, wanton and
> reckless conduct as Count 4, resulting in a
> total of six counts rather than seven. For
> purposes of this Opinion, the Court refers to
> Counts 1 through 7.
> Other than Plaintiffs' names and personal
> information, the 82 Complaints are virtually
> identical and are so treated in this Opinion.
> The Court's conclusions apply to each
> Plaintiff individually.

> FN6. See Transcript of Hearing (July 18,
> 2002) at 8.

Defendant 4520 moves to dismiss the Complaint in
its entirety because Plaintiffs have not pled the cause
with particularity and therefore fail to state a claim
upon which relief can be based. Plaintiffs concede
that the Complaint "paints [the allegations of
negligence] with a broad brush," [FN7] but assert
that it is not vague or lacking in particularity.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2003 WL 832549 (Del.Super.)
(Cite as: 2003 WL 832549 (Del.Super.))

Page 3

FN7. Plaintiff's Opposition at 5

The circumstances constituting negligence must be pled with particularity, pursuant to Super. Ct. Civ. R. 9(b), [FN8] in order to inform a defendant of the acts or omissions by which a duty has been breached. [FN9] As this Court has previously stated, "[i]t is not sufficient to state the result or conclusion of fact arising from circumstances not set forth in the declaration, nor to make a general statement of the facts which admits of almost any pro of to sustain it." [FN10]

FN8. Rule 9(b) provides as follows:
*Fraud, negligence, mistake, condition of mind.* In all averments of fraud, negligence, or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

FN9. *Riggs Nat'l Bank v. Boyd,* 2000 WL 303308 (Del.Super.) (citing *Machno v. Webb,* 274 A.2d 711, 713 (Del.Super.Ct.1971)).

FN10. *Lee v. Johnson,* 1996 WL 944868 at *2 (Del.Super.) (citations omitted)

In regard to time and place, which are at issue in this case, Rule 9(f) provides that "averments of time and place are material and shall be considered like all other averments of material matter." In addressing claims of fraud under Rule 9, this Court has stated that the complaint must allege the "time, place, and contents of the false representation.,." [FN11] Negligence, like fraud, is a special matter that must be pled with particularity, and the Court concludes that the requisite particularity includes some indication of the time and place of the alleged injuries.

FN11. *Nutt v. A.C. & S., Inc.,* 466 A.2d 18, 23 (Del.Super.Ct.), *aff'd sub nom. Mergentholer v. Asbestos Corp. of America,* 480 A.2d 647 (Del.1984).

Plaintiff Charles Hannagan's Complaint, [FN12] which is representative of all 82 complaints, alleges that Hannagan is an ironworker who suffers from asbestos-related injuries because all Defendants failed in their duty to protect Hannagan from the dangers of inhaling asbestos. However, there is no allegation anywhere in the Complaint of a work site or premises where Plaintiff was injured, or a time frame during which an injury occurred. The Court will accept conclusions asserted in the Complaint only if there are specific allegations of fact to support them. [FN13] In this case, Plaintiffs have not provided any specifics as to the time, place or manner of the alleged injuries. Even under the standards of notice pleading, this broad brush pleading is not sufficient. Defendant 4520's motion to dismiss Counts 1, 2 and 3 is granted without prejudice.

FN12. *See* Motion to Dismiss, Ex. A.

FN13. *In re Santa Fe Pacific Shareholders Litig.,* 669 A.2d 59, 65-66 (Del.1995).

*2 Defendant 4520 makes a similar argument to dismiss Count 4, which alleges wilful, wanton or reckless conduct. While state of mind requirements may be averred generally pursuant to Rule 9(b), the Court again finds that some notice of time, place or manner of injury is required. The lack of particularity which is fatal to the allegations of ordinary negligence is also fatal to the allegations of the aggravated form of negligence, along with the associated claim for punitive damages. [FN14] Defendant 4520's motion to dismiss Count 4 is therefore granted without prejudice.

FN14. *See Wolstenholme v. Hygienic Exterminating Co., Inc.,* 1988 WL 77655 at *1-2 (Del.Super.) (holding that where plaintiffs fail to plead fraud with particularity, the dependent request for punitive damages must be dismissed); *Rowlands v. Phico Ins. Co.,* 2000 WL 1092134 at *6 (D.Del.)

Loss of consortium (Count 7) is a derivative claim which need not be addressed at this time in light of the Court's decision to allow Plaintiffs to amend their Complaints.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d
2003 WL 832549 (Del Super.)
(Cite as: 2003 WL 832549 (Del.Super.))

Page 4

Finally, the notices of adoption filed by other Defendants are moot but may be renewed if Plaintiffs file a Second Amended Complaint

CONCLUSION

For the reasons explained above, Defendant 4520's motion to dismiss the Complaint is Granted. Plaintiffs may submit a Second Amended Complaint for each Plaintiff within 30 days of the issuance of this Opinion.

*It Is So ORDERED*

2003 WL 832549 (Del.Super.)

END OF DOCUMENT

Copr. © 2004 West No Claim to Orig. U.S. Govt. Works.

EFiled: Mar 2 2007 9:16PM EST
Transaction ID 14000047
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | ) | |
| | ) | |
| **Limited To:** | ) | |
| | ) | |
| LEROY RAYMOND ABBOTT, | ) | C.A. No. 06C-08-183 |
| | ) | |
| BARBARA ANN ALEXANDER, | ) | C.A. No. 05C-09-269 |
| | ) | |
| GERALD L. ALLEN and | ) | C.A. No. 06C-09-248 |
| HELEN WILMA ALLEN, | ) | |
| | ) | |
| VIRGINIA L. ALLEN, et al., | ) | C.A. No. 05C-11-161 |
| | ) | |
| DELORES ALVARADO, et al., | ) | C.A. No. 06C-04-229 |
| | ) | |
| KEMBERLY SEMENIUK, et al., | ) | C.A. No. 06C-05-223 |
| | ) | |
| BRENDA CLARK, et al., | ) | C.A. No. 06C-12-252 |
| | ) | |
| RUFUS RANDOLPH BARNES and | ) | C.A. No. 06C-02-096 |
| GILDA BARNES, | ) | |
| | ) | |
| GEORGE VICTOR BARRA and | ) | C.A. No. 06C-10-130 |
| ELIZABETH ANN BARRA, | ) | |
| | ) | |
| EVELYN BARRY, et al., | ) | C.A. No. 06C-03-100 |
| | ) | |
| JOHN MILLER BASSETT, | ) | C.A. No. 05C-07-122 |
| | ) | |
| EDWIN LARMAUR BAXTER and | ) | C.A. No. 06C-11-183 |
| JUDY BAXTER | ) | |
| | ) | |
| KENNETH RUDELL BEARD and | ) | C.A. No. 05C-11-158 |
| CATHERYN SUE BEARD, | ) | |
| | ) | |
| RAYMOND ONEIL BELL, | ) | C.A. No. 06C-06-333 |
| | ) | |
| JUANITA ESTER BELLMIRE, et al., | ) | C.A. No. 07C-01-256 |
| | ) | |
| ELEANOR DIANA POPOOLA, et al., | ) | C.A. No. 06C-04-057 |

| | | |
|---|---|---|
| GLEN ROY BOURKE and<br>DELORES NATALIE BOURKE, | ) | C.A. No. 05C-11-266 |
| DONALD KEITH BOWLIN and<br>JOYCE KAY BOWLIN, | ) | C.A. No. 06C-09-197 |
| MARY LOU BRAUGHT et al., | ) | C.A. No. 06C-08-282 |
| VIRGIL LLOYD BRAUER, | ) | C.A. No. 05C-08-049 |
| NICK BROKOVICH , JR. et al., | ) | C.A. No. 07C-01-057 |
| MARY PATRICIA CAMPBELL et al., | ) | C.A. No. 05C-07-271 |
| ETHEL CAMPBELL et al., | ) | C.A. No. 06C-04-153 |
| BRUCE A. CAMPBELL et al., | ) | C.A. No. 05C-10-061 |
| FRANK ALLEN CARTER and<br>JUNE CARTER, | ) | C.A. No. 05C-11-126 |
| PAUL RAY CHAPMAN and<br>PHYLLIS JEAN CHAPMAN, | ) | C.A. No. 05C-09-030 |
| DANIEL THOMAS CHINNERY, | ) | C.A. No. 06C-09-268 |
| L. CARRIE CHOY DEANE, et al., | ) | C.A. No. 06C-08-182 |
| GEORGE RAYMOND CLARK and<br>JULIAMARY CLARK, | ) | C.A. No. 05C-08-071 |
| CHERYL CLEMENT, | ) | C.A. No. 05C-09-237 |
| JOHN COLE and RUTH COLE, | ) | C.A. No. 07C-01-235 |
| JAMES DANIEAL COLLINS and<br>MARY M. COLLINS | ) | C.A. No. 06C-02-281 |
| LARRY J. COMBS, et al., | ) | C.A. No. 06C-11-185 |
| BETTY GARNER CORNETT, et al., | ) | C.A. No. 05C-09-119 |

| | | |
|---|---|---|
| WILLIAM GILBERY COTE and ETHEL MAE COTE, | ) ) ) | C.A. No. 05C-09-268 |
| CHERYL LOGAN COTTON, et al., | ) ) | C.A. No. 05C-09-180 |
| CARL CRADIC, SR., et al., | ) ) | C.A. No. 06C-10-074 |
| FRED MARVIN CREWS and FRANCES ELIZABETH CREWS, | ) ) ) | C.A. No. 06C-03-026 |
| RUTH E. CUMMINGS, et al., | ) ) | C.A. No. 06C-01-148 |
| DAVID M. DARDI, et al., | ) ) | C.A. No. 05C-09-282 |
| RICHARD EUGENE DAVIS and SUSAN JANE DAVIS, | ) ) ) | C.A. No. 05C-09-033 |
| DALE DEBLOCK, et al., | ) ) | C.A. No. 06C-09-291 |
| GLADYS JEAN DE MARS and ARTHUR F. DE MARS, | ) ) ) | C.A. No. 06C-11-189 |
| AMEENA DENNIS, et al., | ) ) | C.A. No. 06C-09-293 |
| TERESA DENTON, et al., | ) ) | C.A. No. 06C-10-320 |
| GALEN DEAN DEUTSCH and STACEY DELENE DEUTSCH, | ) ) ) | C.A. No. 05C-08-023 |
| JOHN A. DEVLIN JR., et al., | ) ) | C.A. No. 05C-09-281 |
| ALICE L. DUMSTORFF, et al., | ) ) | C.A. No. 06C-12-146 |
| THOMAS HARVEY DUNLAP and SHIRLEY MAE DUNLAP, | ) ) ) | C.A. No. 06C-11-236 |
| HORACE A. DURHAM, SR. and DOLORES JANE DURHAM, | ) ) ) | C.A. No. 05C-07-136 |
| ROSWELL G. EDGECOMB and MYRNA EDGECOMB | ) ) ) | C.A. No. 06C-12-136 |
| SHIRLEY L. EDRINGTON, et al., | ) | C.A. No. 07C-01-236 |

-3-

| | | |
|---|---|---|
| DEBORAH ENENBACH, | ) | C.A. No. 05C-10-261 |
| | ) | |
| HUGO GEORGE ENGEL and | ) | C.A. No. 05C-09-083 |
| INGEBORG ENGEL, | ) | |
| | ) | |
| GRACE ERATH, et al., | ) | C.A. No. 06C-12-189 |
| | ) | |
| ARNOLD CHARLES EUDY and | ) | C.A. No. 05C-10-323 |
| SHIRLEY ARNETTE EUDY, | ) | |
| | ) | |
| BILLY L. FAKE and | ) | C.A. No. 05C-07-135 |
| MARILYNN FAKE, | ) | |
| | ) | |
| WILLIAM HARRY FANCER, SR. and | ) | C.A. No. 06C-11-237 |
| JUDITH ANNE FANCER, | ) | |
| | ) | |
| PRESTON H. FARRAR, | ) | C.A. No. 05C-12-046 |
| | ) | |
| ROGER EUGENE FIELD and | ) | C.A. No. 06C-10-231 |
| ARLENE MAE FIELD, | ) | |
| | ) | |
| JOLINE WRIGHT FINCHER, | ) | C.A. No. 05C-07-204 |
| | ) | |
| MABEL FLAIGG, et al., | ) | C.A. No. 06C-12-071 |
| | ) | |
| LYLE DAVIS FOLTZ and LAWANDA | ) | C.A. No. 05C-10-325 |
| FOLTZ, | ) | |
| | ) | |
| JANET A. FRASER, et al., | ) | C.A. No. 06C-01-015 |
| | ) | |
| GENA MICHELE POE, et al., | ) | C.A. No. 06C-12-141 |
| | ) | |
| GARY GERDES, et al., | ) | C.A. No. 06C-07-047 |
| | ) | |
| JOHN HUGO GERLACH and | ) | C.A. No. 05C-09-179 |
| YVONNE MARION GERLACH, | ) | |
| | ) | |
| JENNIFER LYNN GIVAN, et al., | ) | C.A. No. 05C-07-321 |
| | ) | |
| JANICE GLOUDEMANS and | ) | C.A. No. 06C-12-251 |
| DONALD GLOUDEMANS, | ) | |
| | ) | |

-4-

| | | |
|---|---|---|
| RICHARD EDWARD GRASSO and VALERIE J. VIOLA GRASSO, | ) ) ) | C.A. No. 05C-08-313 |
| MILDRED M. GRAY, et al., | ) ) | C.A. No. 05C-10-087 |
| RITA GREEN, et al., | ) ) | C.A. No. 05C-06-296 |
| RONALD LEO GRANIER, SR. | ) ) | C.A. No. 05C-11-257 |
| KATHERINE LOUISE HANSON and LLOYD L. HANSON, | ) ) ) | C.A. No. 06C-10-189 |
| RAYMOND L. HARVEY, et al., | ) ) | C.A. No. 06C-03-164 |
| JUNE SYNAN HASH, | ) ) | C.A. No. 05C-06-293 |
| GLORIA A. HAWKS, et al., | ) ) | C.A. No. 05C-10-009 |
| DONALD HAYWOOD and BARABARA HAYWOOD, | ) ) ) | C.A. No. 05C-07-248 |
| BETTYE G. BRADLEY, et al., | ) ) | C.A. No. 06C-09-258 |
| DONNIE LEONA HODGES, et al., | ) ) | C.A. No. 05C-05-243 |
| MARIAN KATHRYN HOLMBERG, et al., | ) ) ) | C.A. No. 05-10-188 |
| JUNE ROSE HOLMES and ARTHUR R HOLMES, | ) ) ) | C.A. No. 05C-09-095 |
| CONNIE JUNE HOUSEMAN-RILEY, | ) ) | C.A. No. 05C-06-295 |
| CLARICE JEFFERIES, et al., | ) ) | C.A. No. 06C-08-047 |
| ERNEST EUGENE JONES and JOYCE B. JONES, | ) ) ) | C.A. No. 06C-11-188 |
| JAMES JONES and BARBARA JONES, | ) ) ) | C.A. No. 05C-06-057 |
| EDWARD J. KAMINSKI, | ) ) | C.A. No.07C-01-123 |

-5-

| | | |
|---|---|---|
| JOHN KASIANOWICZ, | ) | C.A. No. 07C-01-257 |
| | ) | |
| MARSHA KEELER, et al., | ) | C.A. No. 07C-01-058 |
| | ) | |
| REGINALD KERSEY and LOIS KERSEY, | ) | C.A. No. 07C-01-137 |
| | ) | |
| MOSCOE JASCKON KING, JR. and BARBARA HASSEN KING, | ) | C.A. No. 05C-11-125 |
| | ) | |
| PETER KOHLER, | ) | C.A. No. 05C-07-247 |
| | ) | |
| WILLIAM JOSEPH KOUNTZ, | ) | C.A. No. 06C-02-223 |
| | ) | |
| LEON DAVID KREBS, | ) | C.A. No. 05C-10-177 |
| | ) | |
| AGNES C. KRITZER, | ) | C.A. No. 05C-11-032 |
| | ) | |
| CHARLES P. KWOLEK, JR. et al., | ) | C.A. No. 06C-01-354 |
| | ) | |
| VAL GENE LANDIS, | ) | C.A. No. 05C-09-018 |
| | ) | |
| FLORENCE LANE, | ) | C.A. No. 06C-11-186 |
| | ) | |
| RAYMOND J. LAUBENSTEIN and JUDY LAUBENSTEIN, | ) | C.A. No. 06C-09-214 |
| | ) | |
| STEVEN LEDFORD, et al., | ) | C.A. No. 07C-01-010 |
| | ) | |
| MARTHA C. LEE, et al., | ) | C.A. No. 05C-08-022 |
| | ) | |
| JOHNNY LEEDY and PATRICIA LEEDY, | ) | C.A. No. 06C-11-238 |
| | ) | |
| CHARLES CHRISTOPHER LENTILE and SUSAN DUNN-LENTILE, | ) | C.A. No. 05C-11-256 |
| | ) | |
| MARIE MCMANUS, et al., | ) | C.A. No. 05C-09-044 |
| | ) | |
| STANLEY LAWRENCE LIBBY, SR. and MARION S. LIBBY, | ) | C.A. No. 05C-08-259 |
| | ) | |
| ROSEMARY LINDSAY, et al., | ) | C.A. No. 05C-09-177 |

-6-

| | | |
|---|---|---|
| JOHN JAMES LOWER and<br>CATHERINE LOUISE LOWER, | ) | C.A. No. 05C-11-073 |
| E. BRIAN LUCAS, et al., | ) | C.A. No. 06C-07-201 |
| EUSTACHICO LUPONE, | ) | C.A. No. 05C-11-063 |
| BERNADINE M. MATZKE, et al., | ) | C.A. No. 06C-01-029 |
| PATRICIA MCCARTHY, et al., | ) | C.A. No. 06C-12-137 |
| MICHAEL JAMES MCGUIRE<br>and RITA CHARLENE MCGUIRE, | ) | C.A. No. 05C-08-222 |
| DARRELL KEITH MCKINNIS and<br>MARY CAROL MCKINNIS, | ) | C.A. No. 05C-11-007 |
| MAUREEN ANN MCCLELLAN, et al., | ) | C.A. No. 05C-12-061 |
| EMILY MCNAIR, et al., | ) | C.A. No. 06C-12-072 |
| DORRIS MELLINGER, et al., | ) | C.A. No. 06C-09-247 |
| ALICE MENYHARTH, et al., | ) | C.A. No. 06C-01-352 |
| CHARLES S. MEYERS, et al., | ) | C.A. No. 06C-07-138 |
| TALMADGE JESSE MILLER and<br>HELEN MARIE MILLER, | ) | C.A. No. 06C-10-146 |
| RICHARD JARVIS MINSHALL, JR.<br>and SUSAN D. MINSHALL, | ) | C.A. No. 05C-07-273 |
| WILLIAM JOSEPH MODELEWSKI<br>and JEANETTE MODELEWSKI, | ) | C.A. No. 05C-09-192 |
| KATHERINE VIRGINIA LANDERS<br>MONTEMAYOR, | ) | C.A. No. 06C-05-175 |
| ROY MORISSETTE, | ) | C.A. No. 06C-12-140 |
| DONALD PAUL MORRIS, et al., | ) | C.A. No. 05C-12-026 |

-7-

SAMUEL L.C. MOSES and )     C.A. No. 05C-08-207
PATSY NELL MOSES, )
 )
ROBERT OVERBY and ANNE )     C.A. No. 05C-05-329
OVERBY, )
 )
ROLLIN J. OVERSTREET and )     C.A. No. 05C-09-037
CRYSTAL J. OVERSTREET, )
 )
MARLON CLARENCE OWENS and )     C.A. No. 06C-02-241
LYNN OWENS, )
 )
BONNIE P. HALENDA, et al., )     C.A. No. 05C-09-066
 )
DELORES PALMER, et al., )     C.A. No. 05C-06-294
 )
THEODORE PATE, and CHRISTINE )     C.A. No. 05C-05-242
PATE, )
 )
ALEXANDER A. PIETKA and )     C.A. No. 06C-08-302
ALFREDA PIETKA, )
 )
ALICE PORTER, et al., )     C.A. No. 07C-01-283
 )
JAMES WILLIAM PRAG )     C.A. No. 05C-11-174
and MARGARET PRAG, )
 )
ROBERT PROVOST, et al., )     C.A. No. 07C-01-104
 )
JOAN SALVESON, et al., )     C.A. No. 05C-08-185
 )
ROBERT A. PENZA, ESQ., et al., )     C.A. No. 06C-04-142
 )
ROBERT EDWARD RICE and )     C.A. No. 05C-09-034
LINDA M. RICE, )
 )
ANDARA RICH, et al., )     C.A. No. 06C-07-010
 )
CHERYL ANN RICHARDSON, et al., )     C.A. No. 05C-12-186
 )
WILLIAM OSCAR RIZER, SR. and )     C.A. No. 06C-10-110
VIRGINIA LEAH RIZER, )
 )

| | | |
|---|---|---|
| GERALDINE ROMAN, et al., | ) | C.A. No. 06C-08-239 |
| | ) | |
| LARRY D. ROULLARD and | ) | C.A. No. 06C-11-184 |
| JUDY ROULLARD, | ) | |
| | ) | |
| OLIVER EDWARD SANDAHL and | ) | C.A. No. 05C-11-057 |
| ANNE M. SANDAHL, | ) | |
| | ) | |
| ROBERT SANFORD, et al., | ) | C.A. No. 06C-03-213 |
| | ) | |
| EDWARD MICHAEL SCHAEFER and | ) | C.A. No. 05C-10-099 |
| LINDA KAY SCHAEFER, | ) | |
| | ) | |
| ALTHEA M. SCHAMP, et al., | ) | C.A. No. 05C-11-150 |
| | ) | |
| MARTY E. CHRISTENSEN, et al., | ) | C.A. No. 05C-09-178 |
| | ) | |
| BARBARA ANN SENG, et al., | ) | C.A. No. 06C-02-014 |
| | ) | |
| MARJORIE ELLEN SEYMOUR, et al., | ) | C.A. No. 05C-07-160 |
| | ) | |
| JAMES BRIAN SHANAHAN and | ) | C.A. No. 06C-12-073 |
| JANICE KAY SHANAHAN, | ) | |
| | ) | |
| JOHN WALLACE SHELDON and, | ) | C.A. No. 05C-08-206 |
| GERALDINE PEARL SHELDON, | ) | |
| | ) | |
| DEBORAH LYNN SIEBERT, et al., | ) | C.A. No. 05C-09-152 |
| | ) | |
| LUCILE SMALARZ, et al., | ) | C.A. No. 07C-01-217 |
| | ) | |
| BARRY GORDON SMITH and | ) | C.A. No. 06C-02-265 |
| ALLEGRA SMITH, | ) | |
| | ) | |
| MARK SMITH, | ) | C.A. No. 05C-05-302 |
| | ) | |
| DOROTHY SNELL and CLYDE | ) | C.A. No. 05C-05-341 |
| SNELL, | ) | |
| | ) | |
| STEVEN M. SWEARINGEN, et al., | ) | C.A. No. 06C-08-303 |
| | ) | |
| CAROL SWITA, et al., | ) | C.A. No. 06C-02-087 |
| | ) | |
| DOROTHY M. SWITZER, et al., | ) | C.A. No. 05C-08-039 |

-9-

| | | |
|---|---|---|
| CHESTER JOSEPH SZWED and VIOLA MARY SZWED, | ) ) ) | C.A. No. 06C-08-175 |
| DONALD ROBERT TAYLOR and DOROTHY R. TAYLOR, | ) ) ) | C.A. No. 06C-02-196 |
| GEORGE LEROY THOMAS and HELEN K. THOMAS, | ) ) ) | C.A. No. 05C-11-106 |
| MARCIA THOMSON, et al., | ) ) | C.A. No.05C-10-155 |
| DORIS TRAHAN, et al., | ) ) | C.A. No. 06C-02-159 |
| DORIS TRAHAN, et al., | ) ) | C.A. No. 05C-09-151 |
| JOHN H. VAN HOUTEN, II and DONNA VAN HOUTEN, | ) ) ) | C.A. No. 06C-11-239 |
| LEMUEL VAUGHAN and ERLINE VAUGHAN, | ) ) ) | C.A. No. 05C-08-175 |
| DOUGLAS LEE WALLS, et al. | ) ) | C.A. No. 05C-08-010 |
| HENRY WHEELER and JOANNE WHEELER, | ) ) ) | C.A. No. 06C-11-195 |
| LOUIS EDWARD WHEELER and ELIZABETH WHEELER, | ) ) ) | C.A. No. 06C-11-187 |
| EVERETTE C. WHITE and, ORA MAE WHITE, | ) ) ) | C.A. No. 07C-01-056 |
| LUCILLE M. WILLIAMS, et al., | ) ) | C.A. No. 05C-08-312 |
| DEBORAH KENNEDY WILLMAN, et al., | ) ) ) | C.A. No. 06C-04-143 |
| SANDRA MCKAY GREGORY, et al., | ) ) | C.A. No. 06C-07-031 |
| THOMAS S. WILSON and CONNIE KRAMER WILSON, | ) ) ) | C.A. No.06C-11-235 |
| MARY DOERR WINTER, et al., | ) ) | C.A. No. 06C-04-154 |

-10-

|  |  |  |
|---|---|---|
| VIOLET LA FERN WOMACK, et al., | ) | C.A. No. 05C-09-202 |
|  | ) |  |
| MARGARET PARISH WOODS, et al., | ) | C.A. No. 05C-11-190 |

## NOTICE OF ADOPTION

Defendant Ametek, Inc. hereby adopts and incorporates herein by reference its

Objections and Responses to Standing Order No. 1 Interrogatories as deposited with the Defense

Coordinating Counsel on December 8, 2006.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
    Attorneys for Defendant
    Ametek, Inc.

March 2, 2007

753556.1

-11-

EFiled: Jan 18 2007 10:04 AM EST
Transaction ID 13494519

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and as | : | C.A. No. 06C-02-281 ASB |
| Personal Representative of the Heirs and | : | |
| Estate of JAMES DANIEL COLLINS, and | : | |
| LENORE COLLINS, CHRISTOPHER | : | |
| SCOTT COLLINS, CYNTHIA RAE | : | |
| MARTIN, GLORIA SERHAN, THOMAS | : | |
| COLLINS, and RICHARD ALLEN | : | |
| COLLINS, | : | |
|      Plaintiffs, | : | |
| | : | |
|         v. | : | |
| | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, INC., et al.; | : | |
|      Defendants. | : | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that the Motion for Admission Pro Hac Vice of Alice S.

Johnston is being presented to the Court on 10 days Negative Notice.


BY:   /s/ Steven T. Davis
           Steven T. Davis, Esquire (#2731)
           Obermayer Rebmann Maxwell & Hippel, LLP
           3 Mill Road, Suite 306A
           Wilmington, DE 19806
           (302) 655-9094

           Counsel for Defendant,
           Volkswagen of America, Inc.

DATED:     January 18, 2007

4080051

**EFiled: Jan 5 2007 4:39PM EST**
**Transaction ID 13365741**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION:            :

| | | |
|---|---|---|
| James Collins | : | C.A. No.: 06C-02-281 |
| Roland Grenier | : | C.A. No.: 05C-11-257 |
| Rollin Overstreet | : | C.A. No.: 05C-09-037 |
| Marlon Owens | : | C.A. No.: 06C-02-241 |
| Barry Smith | : | C.A. No.: 06C-02-265 |
| | : | |

## DEFENDANT BORG-WARNER CORPORATION, BY ITS SUCCESSOR IN INTEREST BORGWARNER MORSE TEC, INC.'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OR EVIDENCE REGARDING BORG-WARNER'S USE OF CROCIDOLITE ASBESTOS FIBERS IN AUTOMATIC TRANSMISSION PARTS

Defendant, Borg-Warner Corporation by its Successor –in-Interest, BorgWarner Morse TEC, Inc. ("Borg-Warner") hereby moves this Honorable Court, pursuant to Delaware Rules of Evidence 402 and 403, to preclude testimony or evidence regarding the use of crocidolite asbestos fibers in automatic transmission parts. In support of its motion, defendant states as follows:

1.     Rule 402 would preclude the introduction of the Borg-Warner's Interrogatory responses on the ground that they are irrelevant to the present litigation. The record reflects no reference whatsoever to Plaintiffs' claims that they were exposed to crocidolite fibers from automatic transmission parts. The record reflects only Plaintiffs' alleged exposure to chrysotile fibers in clutches; clutches are not components of automatic transmissions. No Plaintiff to date has testified to alleged exposure to asbestos from automatic transmission parts.

2.     Rule 403 also precludes the introduction of testimony or evidence of crocdiolite in automatic transmission on the grounds that introducing such evidence will confuse the jury as to what product these Plaintiffs allege exposed them to asbestos. Plaintiffs allege exposure to clutch parts, not automatic transmission parts. There is no reason to permit the jury to hear about

Borg-Warner products that are not the subject of this litigation; to allow such testimony or evidence would not assist the jury in its fact-finding duties.

      2.    Plaintiffs are aware that automatic transmissions differ from manual transmissions. Any asbestos in an automatic transmission is enclosed in a "wet" environment and would then not release any dust.

      3.    Any Borg-Warner manufactured "dry" product was manufactured in a separate area from any Borg-Warner manufactured "wet" product.

      4.    Any alleged chrysotile asbestos was not mixed with any crocidolite asbestos. Furthermore, any Borg-Warner product that was manufactured with crocidolite asbestos was not manufactured in the same area as any product made with chrysotile asbestos. Thus, it is highly prejudicial to Borg-Warner to permit plaintiffs to testify about crocidolite and automatic transmissions.

      WHEREFORE, Borg-Warner requests that this Court preclude the introduction of testimony or evidence regarding defendant's use of crocidolite fibers in automatic transmission parts, as well as any testimony about the use of crocidolite fibers in any automatic transmissions. It is not relevant to this litigation, and its use in trial would unduly prejudice the defendant by its tendency to confuse the jury.

Respectfully submitted,

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.


/s/ Matthew P. Donelson
MATTHEW P. DONELSON (4243)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899
(302) 428-3181
Attorney for Borg-Warner Corporation by
its Successor-in-Interest, BorgWarner Morse
TEC, Inc.

Dated:  January 5, 2007

G:\Docs\CLIENT\223\02222\motions\00372436.DOC

3

EFiled:  Dec 19 2006  9:27 EST
Transaction ID 13232827

**IN THE SUPERIOR COPURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| *COTE  TRIAL GROUP* | : | |
|     William Cote | : | C.A. No. : 05C-09-268 |
|     John Sheldon | : | C.A. No. : 05C-08-206 |
|     Moscoe King | : | C.A. No. : 05C-11-125 |
|     Charles Lentile | : | C.A. No. : 05C-11-256 |
|     James Collins | : | C.A. No. : 06C-02-281 |
|     William Kountz | : | C.A. No. : 06C-02-223 |
|     Marlon Owens | : | C.A. No. : 06C-02-241 |
|     Roland Grenier | : | C.A. No. : 05C-11-257 |
|     Lyle Foltz | : | C.A. No. : 05C-10-325 |
|     Hugo Engel | : | C.A. No. : 05C-09-083 |
|     Virgil Brauer | : | C.A. No. : 05C-08-049 |
|     Oliver Sandahl | : | C.A. No. : 05C-11-057 |
|     Arnold Eudy | : | C.A. No. : 05C-10-323 |
|     William Modelewski | : | C.A. No. : 05C-09-192 |
|     Kenneth Beard | : | C.A. No. : 05C-11-158 |
|     John Bassett | : | C.A. No. : 05C-07-122 |
|     Rollin Overstreet | : | C.A. No. : 05C-09-037 |
|     Eustachico Lupone | : | C.A. No. : 05C-11-063 |
|     George Thomas | : | C.A. No. : 05C-11-106 |
|     Barry Smith | : | C.A. No. : 06C-02-265 |

**DEFENSE COORDINATING COUNSEL'S OMNIBUS MOTION
TO DISMISS ALL CLAIMS AGAINST CERTAIN DEFENANTS BASED UPON PLAINTIFFS'
DETERMINATION NOT TO OPPOSE SUMMARY JUDGMENT REQUESTS**

**COME NOW** various Defendants, by and through the undersigned as Defense

Coordinating Counsel, and hereby seek entry of the Order submitted herewith which will forever

dismiss all claims brought against Moving Defendants in these cases.  In support of this

request, Moving Defendants state:

    (1)    These cases are scheduled for trial in February 2007.

    (2)    Pursuant to the Trial Scheduling Abstract deadlines applicable to these cases,

Moving Defendants filed Motions for Summary Judgment seeking dismissal of all of Plaintiffs'

claims. Specifically, the following Defendants (herein referred to as "Moving Defendants").

moved for summary judgment in the following cases[1]:

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| JOHN MILLER BASSETT | 05C-07-122 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY); <br><br> AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); <br><br> CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); <br><br> THE SHERWIN WILLIAMS COMPANY; <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| KENNETH RUDELL BEARD and CATHERYN SUE BEARD | 05C-11-158 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; |

---

[1] For purposes of cohesiveness, the list presented herein is organized by case.

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | H.B. FULLER COMPANY (individually and as successor-in-interest to AMCHEM PRODUCTS, INC. and BENJAMIN FOSTER COMPANY); |
| | | OKONITE INCORPORATED; |
| | | PRATT & WHITNEY POWER SYSTEMS, INC.; |
| | | PEERLESS INDUSTRIES, INC. (d/b/a PEERLESS HEATER COMPANY); |
| | | PEERLESS HEATER COMPANY, (individually and as successor in interest to PEERLESS INDUSTRIES, INC. d/b/a THE PEERLESS HEATER COMPANY, and d/b/a PEERLESS BOILERS); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | GENERAL MOTORS CORPORATION; |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION; successor-in-interest to ABEX CORPORATION f/k/a AMERICAN |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| VIRGIL LLOYD BRAUER | 05C-08-049 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | A.W. CHESTERTON, INC.; |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY); |
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | BUFFALO PUMPS, INC. |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., f/k/a WARREN PUMPS, INC.; |
| | | GARDNER DENVER, INC., f/k/a GARDNER DENVER |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | MACHINERY, INC.); <br><br> HENRY VOGT MACHINE COMPANY; <br><br> UNION CARBIDE CORPORATION; <br><br> HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION |
| JAMES DANIEL COLLINS and MARY M. COLLINS | 06C-02-281 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); <br><br> CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); <br><br> HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> DURABLA MANUFACTURING COMPANY; <br><br> DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); <br><br> PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | A.W. CHESTERTON, INC.; |
| | | FORD MOTOR COMPANY; |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.); |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | UNION CARBIDE CORPORATION; and |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| WILLIAM GILBERT COTE and ETHEL MAE COTE | 05C-09-268 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | UNION CARBIDE CORPORATION; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BONDEX INTERNATIONAL, INC.; |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; and |
| | | CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY) |
| INGEBORG ENGEL and MARGARET OSMOND, Individually and as Co-Executrix of the Estate of HUGO GEORGE ENGEL, Deceased; and BARBARA ENGEL, MARIA DUBIEL | 05C-09-083 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I; |
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; |
| | | UNION CARBIDE CORPORATION; |
| | | CRANE COMPANY; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; |
| ARNOLD CHARLES EUDY and SHIRLEY ARLETTE EUDY | 05C-10-323 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BONDEX INTERNATIONAL, INC.; |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | BUFFALO PUMPS, INC.; |
| | | IMO INDUSTRIES, INC. (individually and as successor-in-interest to DELAVAL TURBINE, INC.); |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; and |
| | | HENRY VOGT MACHINE COMPANY |
| LYLE DAVIS FOLTZ and LAWANDA FOLTZ, | 05C-10-325 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br>DURABLA MANUFACTURING COMPANY; <br><br>HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION); <br><br>FORD MOTOR COMPANY; <br><br>GENERAL MOTORS CORPORATION |
| ROLAND LEO GRENIER, SR., | 05C-11-257 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br>GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br>CERTAINTEED CORPORATION; <br><br>OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br>GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); <br><br>AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); <br><br>CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); <br><br>HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); <br><br>UNION CARBIDE CORPORATION; <br><br>T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; |
| | | GENERAL ELECTRIC COMPANY; |
| | | H.B. FULLER COMPANY, (individually and as successor-in-interest to AMCHEM PRODUCTS, INC. and BENJAMIN FOSTER COMPANY); |
| | | HENNESSY INDUSTRIES, INC. (individually and as successor-by-merger to AMMCO TOOLS, INC.); |
| | | WEIL-MCLAIN; |
| | | SAINT-GOBAIN PERFORMANCE PLASTICS, INC. (individually and f/k/a FURON COMPANY, and as successor-in-interest to SEPCO CORPORATION); |
| | | SEPCO CORPORATION; |
| | | SEALING EQUIPMENT PRODUCTS COMPANY, INC. (f/k/a SEPCO CORPORATION) |
| BARBARA HASSEN KING, Individually and as Executrix of the Estate of MOSCOE JACKSON KING, JR., Deceased; MICHAEL JACKSON KING, BARBARA CHRISTINE WILSON, LEMUEL HALFORD KING, and RONALD BLANCHARD KING | 05C-11-125 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY, INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BUFFALO PUMPS, INC.; |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; |
| | | HENRY VOGT MACHINE COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; and |
| | | UNION CARBIDE CORPORATION |
| WILLIAM JOSEPH KOUNTZ | 06C-02-223 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | ALLIETE INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY, INC.; |
| | | BUFFALO PUMPS, INC.; |
| | | BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION); |
| | | BORGWARNER, INC., (individually and successor in interest to BORG-WARNER CORPORATION); |
| | | HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION); |
| CHARLES CHRISTOPHER LENTILE and SUSIE DUNN-LENTILE | 05C-11-256 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| EUSTACHICO LUPONE | 05C-11-063 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | CHEMICAL COMPANY); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); <br><br> DURABLA MANUFACTURING COMPANY; <br><br> A.W. CHESTERTON, INC. |
| WILLIAM JOSEPH MODELEWSKI, and JEANETTE MODELEWSKI | 05C-09-192 | F FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br> AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); <br><br> CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; <br><br> UNION CARBIDE CORPORATION; <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> GENERAL ELECTRIC COMPANY; <br><br> DURABLA MANUFACTURING COMPANY; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | A.W. CHESTERTON, INC.; OKONITE INCORPORATED |
| ROLLIN JAMES OVERSTREET and CRYSTAL J. OVERSTREET | 05C-09-037 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); CERTAINTEED CORPORATION; OWENS-ILLINOIS, INC. individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I; GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); KAISER GYPSUM COMPANY, INC.; HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDEX CORPORATION); DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); FORD MOTOR COMPANY; PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);<br><br>MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| MARLON CLARENCE OWENS and LYNN OWENS | 06C-02-241 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);<br><br>GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);<br><br>CERTAINTEED CORPORATION;<br><br>OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);<br><br>AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);<br><br>CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);<br><br>HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);<br><br>UNION CARBIDE CORPORATION;<br><br>T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);<br><br>KAISER GYPSUM COMPANY, INC.;<br><br>HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);<br><br>DURABLA MANUFACTURING COMPANY, INC.;<br><br>A.W. CHESTERTON, INC.; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS); <br><br> DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); <br><br> MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| OLIVER EDWARD SANDAHL, and ANNE M. SANDAHL | 05C-11–057 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br> GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); <br><br> AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); <br><br> CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); <br><br> HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); <br><br> UNION CARBIDE CORPORATION; <br><br> CRANE COMPANY; <br><br> T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | A.W. CHESTERTON, INC.; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.); |
| | | BORGWARNER MORSE TEC, INC.; |
| | | BORGWARNER, INC; |
| JOHN WALLACE SHELDON and GERALDINE PEARL SHELDON | 05C-08-206 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY); |
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; |
| | | UNION CARBIDE CORPORATION; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | BOISE CASCADE, L.L.C. (individually and as successor-by-interest to MINNESOTA & ONTARIO PAPER COMPANY); |
| | | BUFFALO PUMPS, INC.; |
| | | IMO INDUSTRIES, INC. (individually and as successor-in-interest to DELAVAL TURBINE, INC.); |
| | | HOWDEN BUFFALO, INC.  (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; |
| | | HENRY VOGT MACHINE COMPANY |
| BARRY GORDON SMITH and ALLEGRA SMITH | 06C-02-265 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BONDEX INTERNATIONAL, INC.; |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| GEORGE LEROY THOMAS and HELEN K. THOMAS | 05C-11-106 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | BUFFALO PUMPS, INC.; |
| | | HOWDEN BUFFALO, INC.  (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | GOULDS PUMPS, INC.; <br><br> HENRY VOGT MACHINE COMPANY |

(3)     After reviewing the record, counsel for Plaintiffs' in each of these cases has determined not to oppose the summary judgment applications.

(4)     To reduce the papers which would be required to be filed to accomplish the dismissals required, Moving Defendants hereby file this single Motion seeking an Order dismissing all of Plaintiffs' claims as well as all crossclaims against each of them.

*WHEREFORE*, for all of the foregoing reasons, Defendants pray that this Honorable Court enter the accompanying Order dismissing all claims against them with each party bearing its own fees and costs.

Dated: December 18, 2006

RUFO ASSOCIATES, PA

BY  : */S/ LORETO P. RUFO*
Loreto Rufo (DE Bar ID:2534)
Hockessin Village Center
7217 Lancaster Pike, Suite F
Hockessin, DE 19707
Tel : 302-234-5900
Defense Coordinating Counsel

Omnibus Motion-Febr07 TG (Motion).doc

EFiled: Jan 5 2007 4:32PM EST
Transaction ID 13365361

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION:       :

                                   :

| | | |
|---|---|---|
| James Collins | : | C.A. No.: 06C-02-281 |
| Roland Grenier | : | C.A. No.: 05C-11-257 |
| Rollin Overstreet | : | C.A. No.: 05C-09-037 |
| Marlon Owens | : | C.A. No.: 06C-02-241 |
| Barry Smith | : | C.A. No.: 06C-02-265 |
| | : | |

## BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC, INC.'S MOTION IN LIMINE TO LIMIT OR EXCLUDE DOCUMENTS OF CERTAIN TRADE ASSOCIATIONS AND RELATED TESTIMONY

Defendant, Borg-Warner Corporation by its successor in interest, BorgWarner Morse TEC, Inc. ("Borg-Warner"), by and through its attorneys, files the within Motion and in support thereof aver as follows:

1.       Borg-Warner, hereby moves this Honorable Court to preclude or limit Plaintiffs' use of documents of various trade associations affiliated with the asbestos mining or manufacturing industry, as well as related testimony. As grounds for this Motion, Borg-Warner relies upon the Brief in Support of this Motion in Limine, which is incorporated herein by reference.

WHEREFORE, for the reasons set forth in the supporting Brief in Support being served simultaneously herewith, Borg-Warner respectfully requests the Court to grant its Motion in Limine.

ELZUFON, AUSTIN, REARDON
TARLOV & MONDELL

/s/ Matthew P. Donelson

MATTHEW P. DONELSON, ESQ.
Del. Id. No. 4243
300 Delaware Avenue, Suite 1700
Wilmington, DE 19801
(302) 428-3181
Attorney for Defendant Borg-Warner

Dated: January 5, 2007

G:\Docs\CLIENT\223\02222\motions\00372435.DOC

2

EFiled: Jan 5 2007 4:20P...
Transaction ID 13364649



## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION:            :

|                    |   |                        |
|--------------------|---|------------------------|
| James Collins      | : | C.A. No.: 06C-02-281   |
| Roland Grenier     | : | C.A. No.: 05C-11-257   |
| Rollin Overstreet  | : | C.A. No.: 05C-09-037   |
| Marlon Owens       | : | C.A. No.: 06C-02-241   |
| Barry Smith        | : | C.A. No.: 06C-02-265   |
|                    | : |                        |

## BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC, INC.'S MOTION IN LIMINE TO LIMIT OR EXCLUDE DOCUMENTS OF THE FRICTION MATERIALS STANDARD INSTITUTE

Defendant, Borg-Warner Corporation by its successor in interest, BorgWarner

Morse TEC, Inc. ("Borg-Warner"), by and through its attorneys, file the within Motion

and in support thereof aver as follows:

1.     Borg-Warner, hereby moves this Honorable Court to preclude Plaintiffs'

use of documents of from the Friction Materials Standard Institute. As grounds for this

Motion, Borg-Warner relies upon the Brief in Support of this Motion in Limine which is

incorporated herein by reference.

WHEREFORE, for the reasons set forth in the supporting Brief in Support being

served simultaneously herewith, Borg-Warner respectfully requests the Court to grant its

Motion in Limine.

ELZUFON, AUSTIN, REARDON
TARLOV & MONDELL


/s/ Matthew P. Donelson
MATTHEW P. DONELSON, ESQ.
Del. Id. No. 4243
300 Delaware Avenue, Suite 1700
Wilmington, DE 19801
(302) 428-3181
Attorney for Defendant Borg-Warner

Dated:  January 5, 2007
G:\Docs\CLIENT\223\02222\motions\00372434.DOC

2

EFiled: Jan 5 2007 4:29P
Transaction ID 13365406

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE ASBESTOS LITIGATION:    :

| | |
|---|---|
| James Collins | C.A. No.: 06C-02-281 |
| Roland Grenier | C.A. No.: 05C-11-257 |
| Rollin Overstreet | C.A. No.: 05C-09-037 |
| Marlon Owens | C.A. No.: 06C-02-241 |
| Barry Smith | C.A. No.: 06C-02-265 |

## DEFENDANT BORG-WARNER CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE VIDEOTAPES AND EVIDENCE AND TESTIMONY OF MR. RICHARD L. HATFIELD AND DR. WILLIAM LONGO

Defendant Borg-Warner Corporation, by its Successor in Interest BorgWarner Morse TEC Inc. ("Borg-Warner) hereby objects to and moves *in limine* to exclude from the Plaintiffs' cases the inherently unreliable and misleading videotapes, evidence and testimony of Mr. Richard L. Hatfield and Dr. William Longo.

1.    Plaintiffs proffer Dr. William Longo, who has no formal training in industrial hygiene, or any practical automotive experience, to provide his "expert" opinion as to each individual Plaintiff's alleged occupational exposure to asbestos during their brief and sporadic work involving automotive clutches allegedly associated with Defendant. Dr. Longo is expected to proffer a quantitative analysis of Plaintiffs' purported exposure to asbestos during their work with Defendant's clutch products, based principally on videotaped "demonstrative" studies he conducted with his partner, Dr. Richard L. Hatfield.

2.    Mr. Hatfield has never performed a clutch job, much less worked with parts manufactured or supplied by Defendant. The videotaped studies Dr. Longo proffers were performed on parts not supplied by Defendant and do not remotely resemble Plaintiffs' workplaces or the circumstances of their alleged exposure. Despite these fatal

flaws, Plaintiffs proffer Dr. Longo (and his video-partner, Mr. Hatfield) to inform and "demonstrate" Plaintiffs' alleged exposure to asbestos for the jury.

3.     Dr. Longo's litigation-driven videotapes and testimony fail to meet the requisite standards of "fit" and reliability mandated by the courts Daubert v. Merrill Dow Pharmeceuticals, Inc., 509 U.S. 579 (1993); M.G. Bancorp., Inc. v. Le Beau, Del. Supr., 737 A.2d 513, 521-22 (1999) (adopting Daubert standard as Delaware law).

4.     Dr. Longo's proffered videotaped demonstrations bear no relation to the circumstances of Plaintiffs' alleged exposure.  The demonstrations are no more than staged theatrics, complete with costume (moon suits and respirators), deliberately deceptive stage lighting, and drama, which Courts across the country have precluded as either not sufficiently similar to the circumstances of the case they are being offered to prove, thus failing Daubert's "fit" requirement, or so inflammatory that the undue prejudice they will work on the jury far outweighs any probative value they might have.

5.     Neither Dr. Longo nor his colleagues who designed and performed the videotaped tests, in which the "space men," in a tiny dark chamber, blow out a dusty old brake shoe of unknown origin with an air hose, and file a brake shoe with a hand file they no longer even have, have any formal training or practical experience in automobile mechanics or brake repair practices.  Neither Dr. Longo nor his associate Mr. Hatfield are qualified to testify regarding the normal procedures for repairing automobile clutch assemblies and do not have the requisite training, background or experience to create a simulation of such practices.

6.     The demonstration offers no probative evidence because Dr. Longo does not measure the quantity of asbestos or non-asbestos airborne particles that are dramatically illuminated by 300 watts of theater lights.  He admits that it is impossible to

discern from the video how much, if any, of the dust shown in the magnifying stage lights and deceptively focused lens is asbestos. The brakes in the principal "Blowout II" video, relied on by Dr. Longo and Mr. Hatfield, are not even asbestos-containing brakes. There is therefore no scientific connection, nor the prerequisite "fit" under <u>Daubert</u>, between Dr. Longo's and Mr. Hatfield's demonstrations and the opinions Dr. Longo has formulated from them and the issues the jury must decide.

       7.     Dr. Longo's studies fail to meet any of the <u>Daubert</u> factors for reliability: (1) they were designed specifically and exclusively for advocacy in litigation; (2) they have never been peer reviewed or published; (3) have no measureable rate of error; (4) cannot be replicated; and (5) employed a method of measurement that allows no statistical or logical correlation between their results and epidemiological data generated by generally accepted practices. <u>See</u> <u>In re Armstrong World Industries, Inc.</u>, 285 B.R. 864 (Bankr. D. Del. 2002).

       8.     Scientifically-accepted procedures for collecting and measuring air samples to quantify exposure to airborne asbestos fibers have been codified in federal regulations for more than ten years. Dr. Longo and Mr. Hatfield did not comply with that protocol and failed in staged demonstrations to comply with government-mandated quality control procedures.

       9.     Mr. Hatfield admits that the analysis he conducted is not only contrary to the government-approved method, but has actually been rejected both by the United States Government and by the courts as inherently unreliable under <u>Daubert</u> as a means of measuring workplace asbestos exposure. <u>In re: Armstrong World Industries.</u>, 285 B.R. 864 at 870-71. The nebulous "ranges" of exposure to asbestos fibers that Mr. Hatfield

claims Plaintiffs may have experienced, the crux of the opinion Dr. Longo intends to offer at trial, cannot be determined from the results of his demonstrations.

10.     The Court must not allow Plaintiffs' improper attempt to unduly prejudice the jury with Dr. Longo's foundationless testimony, misleading and highly prejudiced videotapes and faulty analysis masquerading as expert opinion. As Plaintiffs cannot meet their burden of establishing that Dr. Longo's and Mr. Hatfield's testimony and methods are both relevant and reliable under Delaware law, or that the probative value of the advocacy in the staged videotapes substantially outweighs the undue prejudice to Defendant they will work on the jury, this Court should, as have many other tribunals, exclude Dr. Longo's (and Mr. Hatfield's) testimony and proffered video demonstrations.

WHEREFORE, Moving Defendant Borg-Warner requests that the Court preclude Dr. Longo's and Mr. Hatfield's testimony and proffered evidence. The testimony does not satisfy the requirements of the Delaware Rules of Evidence or the criteria for admitting expert testimony established by Daubert and M.G. Bancorporation.

Respectfully submitted,

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

/s/ Matthew P. Donelson

MATTHEW P. DONELSON (#4243)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899
(302) 428-3181
Attorney for Defendant Borg-Warner
Corporation

Dated: January 5, 2007
G:\Docs\CLIENT\223\02222\motions\00372437.DOC

EFiled: Mar 5 2007 9:35PM EST
Transaction ID 14017420
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | ) | |
| | ) | |
| Limited To: | ) | |
| | ) | |
| LEROY RAYMOND ABBOTT, | ) | C.A. No. 06C-08-183 |
| | ) | |
| CHARLES AIKEN and | ) | C.A. No. 04C-10-143 |
| VICKIE AIKEN, | ) | |
| | ) | |
| BARBARA ANN ALEXANDER, | ) | C.A. No. 05C-09-269 |
| | ) | |
| GERALD L. ALLEN and | ) | C.A. No. 06C-09-248 |
| HELEN WILMA ALLEN, | ) | |
| | ) | |
| VIRGINIA L. ALLEN, et al., | ) | C.A. No. 05C-11-161 |
| | ) | |
| DELORES ALVARADO, et al., | ) | C.A. No. 06C-04-229 |
| | ) | |
| KEMBERLY SEMENIUK, et al., | ) | C.A. No. 06C-05-223 |
| | ) | |
| BRENDA CLARK, et al., | ) | C.A. No. 06C-12-252 |
| | ) | |
| DERRICK BAILEY, | ) | C.A. No. 06C-05-174 |
| | ) | |
| PHYLLIS BAILEY, | ) | C.A. No. 06C-03-294 |
| | ) | |
| RUFUS RANDOLPH BARNES and | ) | C.A. No. 06C-02-096 |
| GILDA BARNES, | ) | |
| | ) | |
| GEORGE VICTOR BARRA and | ) | C.A. No. 06C-10-130 |
| ELIZABETH ANN BARRA, | ) | |
| | ) | |
| EVELYN BARRY, et al., | ) | C.A. No. 06C-03-100 |
| | ) | |
| JOHN MILLER BASSETT, | ) | C.A. No. 05C-07-122 |
| | ) | |
| EDWIN LARMAUR BAXTER and | ) | C.A. No. 06C-11-183 |
| JUDY BAXTER | ) | |
| | ) | |
| KENNETH RUDELL BEARD and | ) | C.A. No. 05C-11-158 |
| CATHERYN SUE BEARD, | ) | |
| | ) | |
| RAYMOND ONEIL BELL, | ) | C.A. No. 06C-06-333 |

|                                                              |   |                         |
|--------------------------------------------------------------|---|-------------------------|
| JUANITA ESTER BELLMIRE, et al.,                              | ) | C.A. No. 07C-01-256     |
|                                                              | ) |                         |
| ELEANOR DIANA POPOOLA, et al.,                               | ) | C.A. No. 06C-04-057     |
|                                                              | ) |                         |
| GLEN ROY BOURKE and<br>DELORES NATALIE BOURKE,               | ) | C.A. No. 05C-11-266     |
|                                                              | ) |                         |
| DONALD KEITH BOWLIN and<br>JOYCE KAY BOWLIN,                 | ) | C.A. No. 06C-09-197     |
|                                                              | ) |                         |
| VIRGIL LLOYD BRAUER,                                         | ) | C.A. No. 05C-08-049     |
|                                                              | ) |                         |
| NICK BROKOVICH , JR. et al.,                                 | ) | C.A. No. 07C-01-057     |
|                                                              | ) |                         |
| WILLIAM R. BROWN,                                            | ) | C.A. No. 05C-11-258     |
|                                                              | ) |                         |
| CHARLES MICHAEL BUTTS, et al.,                               | ) | C.A. No. 06C-10-221     |
|                                                              | ) |                         |
| MARY PATRICIA CAMPBELL et al.,                               | ) | C.A. No. 05C-07-271     |
|                                                              | ) |                         |
| ETHESL CAMPBELL et al.,                                      | ) | C.A. No. 06C-04-153     |
|                                                              | ) |                         |
| MARY CAMPBELL,                                               | ) | C.A. No. 04C-10-153     |
|                                                              | ) |                         |
| BRUCE A. CAMPBELL et al.,                                    | ) | C.A. No. 05C-10-061     |
|                                                              | ) |                         |
| FRANK ALLEN CARTER and<br>JUNE CARTER,                       | ) | C.A. No. 05C-11-126     |
|                                                              | ) |                         |
| ALAN R. CEPHAS                                               | ) | C.A No 03C-08-138       |
|                                                              | ) |                         |
| PAUL RAY CHAPMAN and<br>PHYLLIS JEAN CHAPMAN,                | ) | C.A. No. 05C-09-030     |
|                                                              | ) |                         |
| DANIEL THOMAS CHINNERY,                                      | ) | C.A. No. 06C-09-268     |
|                                                              | ) |                         |
| L. CARRIE CHOY DEANE, et al.,                                | ) | C.A. No. 06C-08-182     |
|                                                              | ) |                         |
| GEORGE RAYMOND CLARK and<br>JULIAMARY CLARK,                 | ) | C.A. No. 05C-08-071     |
|                                                              | ) |                         |
| CHERYL CLEMENT,                                              | ) | C.A. No. 05C-09-237     |
|                                                              | ) |                         |

-2-

| | | |
|---|---|---|
| JOHN COLE and RUTH COLE, | ) | C.A. No. 07C-01-235 |
| | ) | |
| JAMES DANIEAL COLLINS and MARY M. COLLINS, | ) | C.A. No. 06C-02-281 |
| | ) | |
| LARRY J. COMBS, et al., | ) | C.A. No. 06C-11-185 |
| | ) | |
| FRANCIS L. CONLEY, | ) | C.A. No. 06C-02-118 |
| | ) | |
| BETTY GARNER CORNETT, et al., | ) | C.A. No. 05C-09-119 |
| | ) | |
| WILLIAM GILBERY COTE and ETHEL MAE COTE, | ) | C.A. No. 05C-09-268 |
| | ) | |
| CHERYL LOGAN COTTON, et al., | ) | C.A. No. 05C-09-180 |
| | ) | |
| CARL CRADIC, SR., et al., | ) | C.A. No. 06C-10-074 |
| | ) | |
| FRED MARVIN CREWS and FRANCES ELIZABETH CREWS, | ) | C.A. No. 06C-03-026 |
| | ) | |
| ALFRED CRUMP, | ) | C.A. No. 02C-09-242 |
| | ) | |
| IRMA CRUMP, | ) | C.A. No. 02C-09-241 |
| | ) | |
| RUTH E. CUMMINGS, et al., | ) | C.A. No. 06C-01-148 |
| | ) | |
| DAVID M. DARDI, et al., | ) | C.A. No. 05C-09-282 |
| | ) | |
| RICHARD EUGENE DAVIS and SUSAN JANE DAVIS, | ) | C.A. No. 05C-09-033 |
| | ) | |
| GLADYS JEAN DE MARS and ARTHUR F. DE MARS | ) | C.A. No. 06C-11-189 |
| | ) | |
| GALEN DEAN DEUTSCH and STACEY DELENE DEUTSCH, | ) | C.A. No. 05C-08-023 |
| | ) | |
| JOHN A. DEVLIN JR., et al., | ) | C.A. No. 05C-09-281 |
| | ) | |
| ALICE L. DUMSTORFF, et al., | ) | C.A. No. 06C-12-146 |
| | ) | |

| | | |
|---|---|---|
| STEPHEN M. DUNDON,<br>and ROSEANN DUNDON, | ) | C.A. No. 04C-06-307 |
| THOMAS HARVEY DUNLAP and<br>SHIRLEY MAE DUNLAP, | ) | C.A. No. 06C-11-236 |
| HORACE A. DURHAM, SR. and<br>DOLORES JANE DURHAM, | ) | C.A. No. 05C-07-136 |
| ROSWELL G. EDGECOMB and<br>MYRNA EDGECOMB | ) | C.A. No. 06C-12-136 |
| SHIRLEY L. EDRINGTON, et al., | ) | C.A. No. 07C-01-236 |
| DEBORAH ENENBACH, | ) | C.A. No. 05C-10-261 |
| HUGO GEORGE ENGEL and<br>INGEBORG ENGEL, | ) | C.A. No. 05C-09-083 |
| MARY RAEL, Individually and as<br>Personal Representative of the Heirs and<br>Estate of STANLEY ESPOSITO,<br>Deceased, | ) | C.A. No. 06C-11-009 |
| ARNOLD CHARLES EUDY and<br>SHIRLEY ARNETTE EUDY, | ) | C.A. No. 05C-10-323 |
| BILLY L. FAKE and<br>MARILYNN FAKE, | ) | C.A. No. 05C-07-135 |
| WILLIAM HARRY FANCER, SR. and<br>JUDITH ANNE FANCER, | ) | C.A. No. 06C-11-237 |
| PRESTON H. FARRAR, | ) | C.A. No. 05C-12-046 |
| DOUGLAS FAVILLE, | ) | C.A. No. 06C-02-097 |
| ROGER EUGENE FIELD and<br>ARLENE MAE FIELD, | ) | C.A. No. 06C-10-231 |
| JOLINE WRIGHT FINCHER, | ) | C.A. No. 05C-07-204 |
| MABEL FLAIGG, et al., | ) | C.A. No. 06C-12-071 |

| | | |
|---|---|---|
| GREGORY A. FLETCHER, SR. and CLOTILDE J. FLETCHER, | ) ) ) | C.A. No. 06C-09-309 |
| | ) | |
| LYLE DAVIS FOLTZ and LAWANDA FOLTZ, | ) ) ) | C.A. No. 05C-10-325 |
| MICHAEL FORAKER and BETH FORAKER, | ) ) ) | C.A. No. 06C-08-120 |
| | ) | |
| JANET A. FRASER, et al., | ) ) | C.A. No. 06C-01-015 |
| ROBERT FREDERICK and ARLINE FREDERICK, | ) ) ) | C.A. No. 04C-08-087 |
| | ) | |
| GENA MICHELE POE, et al., | ) ) | C.A. No. 06C-12-141 |
| JOHN HUGO GERLACH and YVONNE MARION GERLACH, | ) ) ) | C.A. No. 05C-09-179 |
| | ) | |
| ADA JEAN GILES, | ) ) | C.A. No. 06C-05-259 |
| THEODORE GILLIS, | ) ) | C.A. No. 05C-02-097 |
| JENNIFER LYNN GIVAN, et al., | ) ) | C.A. No. 05C-07-321 |
| RICHARD EDWARD GRASSO and VALERIE J. VIOLA GRASSO, | ) ) ) | C.A. No. 05C-08-313 |
| | ) | |
| MILDRED M. GRAY, et al., | ) ) | C.A. No. 05C-10-087 |
| RITA GREEN, et al., | ) ) | C.A. No. 05C-06-296 |
| RONALD LEO GRANIER, SR. | ) ) | C.A. No. 05C-11-257 |
| MELANIE LARGIN HALL, individually and as Executrix of the Estate of PAULINE LARGIN, deceased, and MELANIE LARGIN HALL, STERLING LARGIN and CLARA L. LARGIN AIONO, Individually and as surviving children of PAULINE LARGIN, deceased, | ) ) ) ) ) ) ) ) ) ) | C.A. No. 04C-01-153 |

-5-

| | | |
|---|---|---|
| KATHERINE LOUISE HANSON and<br>LLOYD L. HANSON, | ) | C.A. No. 06C-10-189 |
| | ) | |
| WILLIAM M. HARMON, | ) | C.A. No. 05C-07-320 |
| | ) | |
| CATHERINE HART Personal<br>Representative of the Estate of<br>John P. Hart, Deceased, | ) | C.A. No. 06C-01-237 |
| | ) | |
| RAYMOND L. HARVEY, et al., | ) | C.A. No. 06C-03-164 |
| | ) | |
| JUNE SYNAN HASH, | ) | C.A. No. 05C-06-293 |
| | ) | |
| GLORIA A. HAWKS, et al., | ) | C.A. No. 05C-10-009 |
| | ) | |
| JOHN J. HEALY and<br>PATRICIA HEALY, | ) | C.A. No. 02C-07-264 |
| | ) | |
| BETTYE G. BRADLEY, et al., | ) | C.A. No. 06C-09-258 |
| | ) | |
| DONNIE LEONA HODGES, et al., | ) | C.A. No. 05C-05-243 |
| | ) | |
| EDWIN B. HOFFMAN, JR., | ) | C.A. No. 04C-03-086 |
| | ) | |
| MARIAN KATHRYN HOLMBERG, et<br>al., | ) | C.A. No. 05-10-188 |
| | ) | |
| JUNE ROSE HOLMES and<br>ARTHUR R HOLMES, | ) | C.A. No. 05C-09-095 |
| | ) | |
| CONNIE JUNE HOUSEMAN-RILEY, | ) | C.A. No. 05C-06-295 |
| | ) | |
| MUHAMMED IQBAL, | ) | C.A. No. 03C-04-267 |
| | ) | |
| CLARICE JEFFERIES, et al., | ) | C.A. No. 06C-08-047 |
| | ) | |
| ERNEST EUGENE JONES and<br>JOYCE B. JONES, | ) | C.A. No. 06C-11-188 |
| | ) | |
| GEORGE T. JONES, | ) | C.A. No. 06C-09-244 |
| | ) | |
| LARRE M. JONES, | ) | C.A. No. 02C-04-075 |
| | ) | |
| EDWARD J. KAMINSKI, | ) | C.A. No. 07C-01-123 |

-6-

JOHN KASIANOWICZ,                              )          C.A. No. 07C-01-257
                                               )
MARSHA KEELER, et al.,                         )          C.A. No. 07C-01-058
                                               )
LORETTA C. KILBY, as Surviving                 )          C.A. No. 02C-06-110
Spouse of DELMER T. KILBY, SR.,                )
Deceased,                                      )
                                               )
MOSCOE JASCKON KING, JR. and                   )          C.A. No. 05C-11-125
BARBARA HASSEN KING,                           )
                                               )
WILLIAM JOSEPH KOUNTZ,                         )          C.A. No. 06C-02-223
                                               )
LEON DAVID KREBS,                              )          C.A. No. 05C-10-177
                                               )
AGNES C. KRITZER,                              )          C.A. No. 05C-11-032
                                               )
CHARLES P. KWOLEK, JR. et al.,                 )          C.A. No. 06C-01-354
                                               )
MARY LAMBERT,                                  )          C.A. No. 04C-06-287
                                               )
VAL GENE LANDIS,                               )          C.A. No. 05C-09-018
                                               )
FLORENCE LANE,                                 )          C.A. No. 06C-11-186
                                               )
RAYMOND J. LAUBENSTEIN and                     )          C.A. No. 06C-09-214
JUDY LAUBENSTEIN,                              )
                                               )
STEVEN LEDFORD, et al.,                        )          C.A. No. 07C-01-010
                                               )
MARTHA C. LEE, et al.,                         )          C.A. No. 05C-08-022
                                               )
JOHNNY LEEDY and                               )          C.A. No. 06C-11-238
PATRICIA LEEDY,                                )
                                               )
CHARLES CHRISTOPHER LENTILE                    )          C.A. No. 05C-11-256
and SUSAN DUNN-LENTILE,                        )
                                               )
MARIE MCMANUS, et al.,                         )          C.A. No. 05C-09-044
                                               )
STANLEY LAWRENCE LIBBY, SR.                    )          C.A. No. 05C-08-259
and MARION S. LIBBY,                           )
                                               )

| | | |
|---|---|---|
| ROSEMARY LINDSAY, et al., | ) | C.A. No. 05C-09-177 |
| | ) | |
| JOHN JAMES LOWER and | ) | C.A. No. 05C-11-073 |
| CATHERINE LOUISE LOWER, | ) | |
| | ) | |
| E. BRIAN LUCAS, et al., | ) | C.A. No. 06C-07-201 |
| | ) | |
| EUSTACHICO LUPONE, | ) | C.A. No. 05C-11-063 |
| | ) | |
| BERNADINE M. MATZKE, et al., | ) | C.A. No. 06C-01-029 |
| | ) | |
| PATRICIA MCCARTHY, et al., | ) | C.A. No. 06C-12-137 |
| | ) | |
| MARK MCGRELLIS, | ) | C.A. No. 04C-08-267 |
| | ) | |
| MICHAEL JAMES MCGUIRE | ) | C.A. No. 05C-08-222 |
| and RITA CHARLENE MCGUIRE, | ) | |
| | ) | |
| DARRELL KEITH MCKINNIS and | ) | C.A. No. 05C-11-007 |
| MARY CAROL MCKINNIS, | ) | |
| | ) | |
| MAUREEN ANN MCCLELLAN, et al., | ) | C.A. No. 05C-12-061 |
| | ) | |
| THOMAS D. MCNAMARA and | ) | C.A. No. 06C-03-090 |
| MARGARET MCNAMARA, | ) | |
| | ) | |
| EMILY MCNAIR, et al., | ) | C.A. No. 06C-12-072 |
| | ) | |
| DORRIS MELLINGER, et al., | ) | C.A. No. 06C-09-247 |
| | ) | |
| ALICE MENYHARTH, et al., | ) | C.A. No. 06C-01-352 |
| | ) | |
| JOSEPH R. MESSICK and | ) | C.A. No. 05C-11-062 |
| ANN S. MESSICK, | ) | |
| | ) | |
| CHARLES S. MEYERS, et al., | ) | C.A. No. 06C-07-138 |
| | ) | |
| TALMADGE JESSE MILLER and | ) | C.A. No. 06C-10-146 |
| HELEN MARIE MILLER, | ) | |
| | ) | |
| RICHARD JARVIS MINSHALL, JR. | ) | C.A. No. 05C-07-273 |
| and SUSAN D. MINSHALL | ) | |
| | ) | |

-8-

| | | |
|---|---|---|
| WILLIAM JOSEPH MODELEWSKI and JEANETTE MODELEWSKI, | ) ) ) | C.A. No. 05C-09-192 |
| KATHERINE VIRGINIA LANDERS MONTEMAYOR, | ) ) ) | C.A. No. 06C-05-175 |
| ROY MORISSETTE, | ) ) | C.A. No. 06C-12-140 |
| DONALD PAUL MORRIS, et al., | ) ) | C.A. No. 05C-12-026 |
| SAMUEL L.C. MOSES and PATSY NELL MOSES, | ) ) ) | C.A. No. 05C-08-207 |
| COLUMBUS A. NACCHIA, JR., | ) ) | C.A. No. 02C-08-240 |
| ROLLIN J. OVERSTREET and CRYSTAL J. OVERSTREET, | ) ) ) | C.A. No. 05C-09-037 |
| MARLON CLARENCE OWENS and LYNN OWENS, | ) ) ) | C.A. No. 06C-02-241 |
| BONNIE P. HALENDA, et al., | ) ) | C.A. No. 05C-09-066 |
| DELORES PALMER, et al., | ) ) | C.A. No. 05C-06-294 |
| BETTY PANKIW | ) ) | C.A. No. 00C-07-009 |
| BARBARA W. PIERSON, and WAYNE PIERSON, | ) ) ) | C.A. No. 05C-06-328 |
| ALEXANDER A. PIETKA and ALFREDA PIETKA, | ) ) ) | C.A. No. 06C-08-302 |
| JOSEPH PONIECKI and PATRICIA PONIECKI, | ) ) ) | C.A. No. 03C-06-233 |
| ALICE PORTER, et al., | ) ) | C.A. No. 07C-01-283 |
| JAMES WILLIAM PRAG and MARGARET PRAG, | ) ) ) | C.A. No. 05C-11-174 |
| ROBERT PROVOST, et al., | ) ) | C.A. No. 07C-01-104 |

-9-

| | | |
|---|---|---|
| GEORGE F. RAMSEY, | ) ) | C.A. No. 03C-08-150 |
| JOAN SALVESON, et al., | ) ) | C.A. No. 05C-08-185 |
| RANDALL REISS, et al., | ) ) | C.A. No. 06C-12-116 |
| RALPH REYNOLDS, | ) ) | C.A. No. 04C-07-060 |
| ROBERT REYNOLDS and KATHLEEN REYNOLDS, | ) ) ) | C.A. No. 04C-03-125 |
| ROBERT EDWARD RICE and LINDA M. RICE, | ) ) ) | C.A. No. 05C-09-034 |
| ANDARA RICH, et al., | ) ) | C.A. No. 06C-07-010 |
| CHERYL ANN RICHARDSON, et al., | ) ) | C.A. No. 05C-12-186 |
| LILLIAN RIEDEL, | ) ) | C.A. No. 04C-07-099 |
| WILLIAM OSCAR RIZER, SR. and VIRGINIA LEAH RIZER, | ) ) ) | C.A. No. 06C-10-110 |
| NORMAN A. ROBISON, and SHARON ROBISON, | ) ) ) | C.A. No. 04C-06-305 |
| GERALDINE ROMAN, et al., | ) ) | C.A. No. 06C-08-239 |
| LARRY D. ROULLARD and JUDY ROULLARD, | ) ) ) | C.A. No. 06C-11-184 |
| ROBERT ROZENKO, | ) ) | C.A. No. 02C-11-010 |
| RALPH RYAN and JOANNE RYAN, | ) ) ) | C.A. No. 04C-05-108 |
| OLIVER EDWARD SANDAHL and ANNE M. SANDAHL, | ) ) ) | C.A. No. 05C-11-057 |
| ROBERT SANFORD, et al., | ) ) | C.A. No. 06C-03-213 |

| | | |
|---|---|---|
| EDWARD MICHAEL SCHAEFER and LINDA KAY SCHAEFER, | ) ) ) | C.A. No. 05C-10-099 |
| ALTHEA M. SCHAMP, et al., | ) ) | C.A. No. 05C-11-150 |
| MARTY E. CHRISTENSEN, et al., | ) ) | C.A. No. 05C-09-178 |
| BARBARA ANN SENG, et al., | ) ) | C.A. No. 06C-02-014 |
| MARJORIE ELLEN SEYMOUR, et al., | ) ) | C.A. No. 05C-07-160 |
| JAMES BRIAN SHANAHAN and JANICE KAY SHANAHAN, | ) ) ) | C.A. No. 06C-12-073 |
| JOHN WALLACE SHELDON and, GERALDINE PEARL SHELDON, | ) ) ) | C.A. No. 05C-08-206 |
| DEBORAH LYNN SIEBERT, et al., | ) ) | C.A. No. 05C-09-152 |
| DIANA SLAVIN and EDWARD A. SLAVIN, JR., | ) ) ) | C.A. No. 02C-09-243 |
| EDWARD A. SLAVIN, JR. and DIANA SLAVIN, | ) ) ) | C.A. No. 02C-08-042 |
| LUCILE SMALARZ, et al., | ) ) | C.A. No. 07C-01-217 |
| BARRY GORDON SMITH and ALLEGRA SMITH, | ) ) ) | C.A. No. 06C-02-265 |
| EVELYN SMITH, | ) ) | C.A. No. 04C-10-117 |
| IRENE SOUSA, Individually and as Personal Representative of the Heirs and Estate of KENNETH J. SOUSA, Deceased, | ) ) ) ) ) ) | C.A. No. 06C-11-143 |
| DAVID STEVENSON and ESTER STEVENSON, | ) ) ) | C.A. No. 03C-05-170 |
| JOHN W. STRAIGHT and MARY ANN STRAIGHT, | ) ) ) | C.A. No. 05C-08-097 |

| | | |
|---|---|---|
| STEVEN M. SWEARINGEN, et al., | ) | C.A. No. 06C-08-303 |
| | ) | |
| ROBERT SWEETMAN and | ) | C.A. No. 04C-01-303 |
| NANCY SWEETMAN, | ) | |
| | ) | |
| CAROL SWITA, et al., | ) | C.A. No. 06C-02-087 |
| | ) | |
| DOROTHY M. SWITZER, et al., | ) | C.A. No. 05C-08-039 |
| | ) | |
| CHESTER JOSEPH SZWED and | ) | C.A. No. 06C-08-175 |
| VIOLA MARY SZWED, | ) | |
| | ) | |
| SARAH TANSLEY, as Executrix of the | ) | C.A. No. 05C-02-096 |
| Estate of RICHARD TANSLEY, | ) | |
| deceased, | ) | |
| | ) | |
| DONALD ROBERT TAYLOR and | ) | C.A. No. 06C-02-196 |
| DOROTHY R. TAYLOR, | ) | |
| | ) | |
| GEORGE LEROY THOMAS and | ) | C.A. No. 05C-11-106 |
| HELEN K. THOMAS, | ) | |
| | ) | |
| MARCIA THOMSON, et al., | ) | C.A. No.05C-10-155 |
| | ) | |
| MELVIN DOUGLAS TJADEN | ) | C.A. No. 04C-03-353 |
| and CAROLE SUE TJADEN, | ) | |
| | ) | |
| DORIS TRAHAN, et al., | ) | C.A. No. 06C-02-159 |
| | ) | |
| KAREN ANN TUCKER, et al., | ) | C.A. No. 05C-09-151 |
| | ) | |
| JOHN H. VAN HOUTEN, II and | ) | C.A. No. 06C-11-239 |
| DONNA VAN HOUTEN, | ) | |
| | ) | |
| DOUGLAS LEE WALLS, et al., | ) | C.A. No. 05C-08-010 |
| | ) | |
| RALPH WALSH, JR. | ) | C.A. No. 05C-09-035 |
| and MARIETTA WALSH, | ) | |
| | ) | |
| JOHN WATSON, | ) | C.A. No. 02C-08-297 |
| | ) | |
| LOUIS EDWARD WHEELER and | ) | C.A. No. 06C-11-187 |
| ELIZABETH WHEELER, | ) | |
| | ) | |

-12-

| | | |
|---|---|---|
| EVERETTE C. WHITE and,<br>ORA MAE WHITE, | ) | C.A. No. 07C-01-056 |
| | ) | |
| MARGARET E. WILFONG and<br>GEORGE T. WILFONG, SR., | ) | C.A. No. 03C-09-002 |
| | ) | |
| LUCILLE M. WILLIAMS, et al. | ) | C.A. No. 05C-08-312 |
| | ) | |
| DEBORAH KENNEDY WILLMAN, et<br>al., | ) | C.A. No. 06C-04-143 |
| | ) | |
| SANDRA MCKAY GREGORY, et al., | ) | C.A. No. 06C-07-031 |
| | ) | |
| THOMAS S. WILSON and<br>CONNIE KRAMER WILSON, | ) | C.A. No.06C-11-235 |
| | ) | |
| MARY DOERR WINTER, et al., | ) | C.A. No. 06C-04-154 |
| | ) | |
| VIOLET LA FERN WOMACK, et al., | ) | C.A. No. 05C-09-202 |
| | ) | |

## NOTICE OF ADOPTION

Defendant Champlain Cable Corporation hereby adopts and incorporates herein

by reference its Objections and Responses to Standing Order No. 1 Interrogatories as deposited

with the Defense Coordinating Counsel on December 8, 2006.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
    Attorneys for Defendant
    Champlain Cable Corporation

March 5, 2007

753787.1

-13-

EFiled: Dec 19 2006 9:27
Transaction ID 13232827

## IN THE SUPERIOR COPURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | : | |
| | : | |
| *COTE TRIAL GROUP* | : | |
| William Cote | : | C.A. No. : 05C-09-268 |
| John Sheldon | : | C.A. No. : 05C-08-206 |
| Moscoe King | : | C.A. No. : 05C-11-125 |
| Charles Lentile | : | C.A. No. : 05C-11-256 |
| James Collins | : | C.A. No. : 06C-02-281 |
| William Kountz | : | C.A. No. : 06C-02-223 |
| Marlon Owens | : | C.A. No. : 06C-02-241 |
| Roland Grenier | : | C.A. No. : 05C-11-257 |
| Lyle Foltz | : | C.A. No. : 05C-10-325 |
| Hugo Engel | : | C.A. No. : 05C-09-083 |
| Virgil Brauer | : | C.A. No. : 05C-08-049 |
| Oliver Sandahl | : | C.A. No. : 05C-11-057 |
| Arnold Eudy | : | C.A. No. : 05C-10-323 |
| William Modelewski | : | C.A. No. : 05C-09-192 |
| Kenneth Beard | : | C.A. No. : 05C-11-158 |
| John Bassett | : | C.A. No. : 05C-07-122 |
| Rollin Overstreet | : | C.A. No. : 05C-09-037 |
| Eustachico Lupone | : | C.A. No. : 05C-11-063 |
| George Thomas | : | C.A. No. : 05C-11-106 |
| Barry Smith | : | C.A. No. : 06C-02-265 |

### DEFENSE COORDINATING COUNSEL'S OMNIBUS MOTION
### TO DISMISS ALL CLAIMS AGAINST CERTAIN DEFENANTS BASED UPON PLAINTIFFS'
### DETERMINATION NOT TO OPPOSE SUMMARY JUDGMENT REQUESTS

**COME NOW** various Defendants, by and through the undersigned as Defense

Coordinating Counsel, and hereby seek entry of the Order submitted herewith which will forever

dismiss all claims brought against Moving Defendants in these cases.  In support of this

request, Moving Defendants state:

(1)    These cases are scheduled for trial in February 2007.

(2)    Pursuant to the Trial Scheduling Abstract deadlines applicable to these cases,

Moving Defendants filed Motions for Summary Judgment seeking dismissal of all of Plaintiffs'

claims. Specifically, the following Defendants (herein referred to as "Moving Defendants").

moved for summary judgment in the following cases[1]:

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| JOHN MILLER BASSETT | 05C-07-122 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY); <br><br> AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); <br><br> CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); <br><br> THE SHERWIN WILLIAMS COMPANY; <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| KENNETH RUDELL BEARD and CATHERYN SUE BEARD | 05C-11-158 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; |

---

[1] For purposes of cohesiveness, the list presented herein is organized by case.

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | H.B. FULLER COMPANY (individually and as successor-in-interest to AMCHEM PRODUCTS, INC. and BENJAMIN FOSTER COMPANY); |
| | | OKONITE INCORPORATED; |
| | | PRATT & WHITNEY POWER SYSTEMS, INC.; |
| | | PEERLESS INDUSTRIES, INC. (d/b/a PEERLESS HEATER COMPANY); |
| | | PEERLESS HEATER COMPANY, (individually and as successor in interest to PEERLESS INDUSTRIES, INC. d/b/a THE PEERLESS HEATER COMPANY, and d/b/a PEERLESS BOILERS); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | GENERAL MOTORS CORPORATION; |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| VIRGIL LLOYD BRAUER | 05C-08-049 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | A.W. CHESTERTON, INC.; |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY); |
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | BUFFALO PUMPS, INC. |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., f/k/a WARREN PUMPS, INC.; |
| | | GARDNER DENVER, INC., f/k/a GARDNER DENVER |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | MACHINERY, INC.); <br><br> HENRY VOGT MACHINE COMPANY; <br><br> UNION CARBIDE CORPORATION; <br><br> HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION |
| JAMES DANIEL COLLINS and MARY M. COLLINS | 06C-02-281 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); <br><br> CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); <br><br> HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> DURABLA MANUFACTURING COMPANY; <br><br> DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); <br><br> PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); <br><br> A.W. CHESTERTON, INC.; <br><br> FORD MOTOR COMPANY; <br><br> GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); <br><br> MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.); <br><br> OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br> UNION CARBIDE CORPORATION; and <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| WILLIAM GILBERT COTE and ETHEL MAE COTE | 05C-09-268 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br> AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); <br><br> CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE; and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); <br><br> HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | UNION CARBIDE CORPORATION; <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> BONDEX INTERNATIONAL, INC.; <br><br> RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); <br><br> GENERAL ELECTRIC COMPANY; and <br><br> CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY) |
| INGEBORG ENGEL and MARGARET OSMOND, Individually and as Co-Executrix of the Estate of HUGO GEORGE ENGEL, Deceased; and BARBARA ENGEL, MARIA DUBIEL | 05C-09-083 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I; <br><br> AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); <br><br> CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; <br><br> UNION CARBIDE CORPORATION; <br><br> CRANE COMPANY; <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); <br><br> KAISER GYPSUM COMPANY, INC.; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); DURABLA MANUFACTURING COMPANY; A.W. CHESTERTON, INC.; |
| ARNOLD CHARLES EUDY and SHIRLEY ARLETTE EUDY | 05C-10-323 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); CERTAINTEED CORPORATION; OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); KAISER GYPSUM COMPANY, INC.; HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); BONDEX INTERNATIONAL, INC.; RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); GENERAL ELECTRIC COMPANY; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | BUFFALO PUMPS, INC.; |
| | | IMO INDUSTRIES, INC. (individually and as successor-in-interest to DELAVAL TURBINE, INC.); |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; and |
| | | HENRY VOGT MACHINE COMPANY |
| LYLE DAVIS FOLTZ and LAWANDA FOLTZ, | 05C-10-325 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> DURABLA MANUFACTURING COMPANY; <br><br> HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION); <br><br> FORD MOTOR COMPANY; <br><br> GENERAL MOTORS CORPORATION |
| ROLAND LEO GRENIER, SR., | 05C-11-257 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br> GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); <br><br> AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); <br><br> CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); <br><br> HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); <br><br> UNION CARBIDE CORPORATION; <br><br> T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; |
| | | GENERAL ELECTRIC COMPANY; |
| | | H.B. FULLER COMPANY, (individually and as successor-in-interest to AMCHEM PRODUCTS, INC. and BENJAMIN FOSTER COMPANY); |
| | | HENNESSY INDUSTRIES, INC. (individually and as successor-by-merger to AMMCO TOOLS, INC.); |
| | | WEIL-MCLAIN; |
| | | SAINT-GOBAIN PERFORMANCE PLASTICS, INC. (individually and f/k/a FURON COMPANY, and as successor-in-interest to SEPCO CORPORATION); |
| | | SEPCO CORPORATION; |
| | | SEALING EQUIPMENT PRODUCTS COMPANY, INC. (f/k/a SEPCO CORPORATION) |
| BARBARA HASSEN KING, Individually and as Executrix of the Estate of MOSCOE JACKSON KING, JR., Deceased; MICHAEL JACKSON KING, BARBARA CHRISTINE WILSON, LEMUEL HALFORD KING, and RONALD BLANCHARD KING | 05C-11-125 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC, successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY, INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BUFFALO PUMPS, INC.; |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; |
| | | HENRY VOGT MACHINE COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; and |
| | | UNION CARBIDE CORPORATION |
| WILLIAM JOSEPH KOUNTZ | 06C-02-223 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); <br><br> HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); <br><br> T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> DURABLA MANUFACTURING COMPANY, INC.; <br><br> BUFFALO PUMPS, INC.; <br><br> BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION); <br><br> BORGWARNER, INC., (individually and successor in interest to BORG-WARNER CORPORATION); <br><br> HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION); |
| CHARLES CHRISTOPHER LENTILE and SUSIE DUNN-LENTILE | 05C-11-256 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br> AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); <br><br> CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| EUSTACHICO LUPONE | 05C-11-063 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | CHEMICAL COMPANY); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); <br><br> DURABLA MANUFACTURING COMPANY; <br><br> A.W. CHESTERTON, INC. |
| WILLIAM JOSEPH MODELEWSKI, and JEANETTE MODELEWSKI | 05C-09-192 | F FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); <br><br> GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); <br><br> CERTAINTEED CORPORATION; <br><br> OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); <br><br> AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); <br><br> CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; <br><br> UNION CARBIDE CORPORATION; <br><br> T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); <br><br> KAISER GYPSUM COMPANY, INC.; <br><br> HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); <br><br> GENERAL ELECTRIC COMPANY; <br><br> DURABLA MANUFACTURING COMPANY; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | A.W. CHESTERTON, INC.; OKONITE INCORPORATED |
| ROLLIN JAMES OVERSTREET and CRYSTAL J. OVERSTREET | 05C-09-037 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); CERTAINTEED CORPORATION; OWENS-ILLINOIS, INC. individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I; GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); KAISER GYPSUM COMPANY, INC.; HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDEX CORPORATION); DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); FORD MOTOR COMPANY; PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| MARLON CLARENCE OWENS and LYNN OWENS | 06C-02-241 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); CERTAINTEED CORPORATION; OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); UNION CARBIDE CORPORATION; T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); KAISER GYPSUM COMPANY, INC.; HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); DURABLA MANUFACTURING COMPANY, INC.; A.W. CHESTERTON, INC.; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);<br><br>DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);<br><br>MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| OLIVER EDWARD SANDAHL, and ANNE M. SANDAHL | 05C–11–057 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);<br><br>GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);<br><br>CERTAINTEED CORPORATION;<br><br>OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);<br><br>GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.);<br><br>AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);<br><br>CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);<br><br>HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);<br><br>UNION CARBIDE CORPORATION;<br><br>CRANE COMPANY;<br><br>T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | A.W. CHESTERTON, INC.; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.); |
| | | BORGWARNER MORSE TEC, INC.; |
| | | BORGWARNER, INC; |
| JOHN WALLACE SHELDON and GERALDINE PEARL SHELDON | 05C-08-206 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY); |
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; |
| | | UNION CARBIDE CORPORATION; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | BOISE CASCADE, L.L.C. (individually and as successor-by-interest to MINNESOTA & ONTARIO PAPER COMPANY); |
| | | BUFFALO PUMPS, INC.; |
| | | IMO INDUSTRIES, INC. (individually and as successor-in-interest to DELAVAL TURBINE, INC.); |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; |
| | | HENRY VOGT MACHINE COMPANY |
| BARRY GORDON SMITH and ALLEGRA SMITH | 06C-02-265 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BONDEX INTERNATIONAL, INC.; |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| GEORGE LEROY THOMAS and HELEN K. THOMAS | 05C-11-106 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | BUFFALO PUMPS, INC.; |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT.); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS WHO MOVED FOR SUMMARY JUDGMENT AND WHOSE APPLICATIONS ARE NOT OPPOSED BY PLAINTIFFS |
|---|---|---|
| | | GOULDS PUMPS, INC.;<br><br>HENRY VOGT MACHINE COMPANY |

(3)    After reviewing the record, counsel for Plaintiffs' in each of these cases has determined not to oppose the summary judgment applications.

(4)    To reduce the papers which would be required to be filed to accomplish the dismissals required, Moving Defendants hereby file this single Motion seeking an Order dismissing all of Plaintiffs' claims as well as all crossclaims against each of them.

*WHEREFORE*, for all of the foregoing reasons, Defendants pray that this Honorable Court enter the accompanying Order dismissing all claims against them with each party bearing its own fees and costs.

Dated: December 18, 2006

RUFO ASSOCIATES, PA

BY  : */S/ LORETO P. RUFO*
Loreto Rufo (DE Bar ID:2534)
Hockessin Village Center
7217 Lancaster Pike, Suite F
Hockessin, DE 19707
Tel : 302-234-5900
Defense Coordinating Counsel

Omnibus Motion-Febr07 TG (Motion).doc

EFiled: Jan 30 2007 4:32PM EST
Transaction ID 13640611
Case No. Multi-case

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

CHARLES CHRISTOPHER LENTILE          C.A. No. 05C-11-256 ASB
and SUSIE DUNN-LENTILE,

    Plaintiffs,

               v.

METROPOLITAN LIFE
INSURANCE COMPANY; et al.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JAMES DANIEL COLLINS and          C.A. No. 06C-02-281 ASB
MARY M. COLLINS,

    Plaintiffs,

               v.

METROPOLITAN LIFE
INSURANCE COMPANY; et al.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE, DELAWARE

ROLLIN JAMES OVERSTREET and          C.A. No. 05C-09-037
CRYSTAL J. OVERSTREET,

    Plaintiffs,

               v.

METROPOLITAN LIFE
INSURANCE COMPANY; et al.
    Defendants.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

OLIVER EDWARD SANDAHL, and                    C.A. No. 05C-11–057-ASB
 ANNE M. SANDAHL,

    Plaintiffs,


                          v.


METROPOLITAN LIFE
INSURANCE COMPANY; et al.


IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY


ROLAND LEO GRENIER, SR.,                    C.A. No. 05C-11-257 ASB

    Plaintiff(s)                    ASBESTOS

                          v.


METROPOLITAN LIFE INSURANCE
COMPANY, INC., et al.,

    Defendant(s).

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

MARLON CLARENCE OWENS and               C.A. No. 06C-02-241 ASB
LYNN OWENS,

     Plaintiffs,

                v.

METROPOLITAN LIFE INSURANCE
COMPANY, et al.

     Defendants.

---

**PLAINTIFF'S VACATION OF NOTICES OF DEPOSITION OF
ALBERTO MARCHEVSKY AND WILLIAM TRAVIS**

---

TO:    ALL COUNSEL OF RECORD

     PLEASE TAKE NOTICE that the depositions of Alberto Marchevsky (noticed to take place on January 30, 2007 at 5:30 p.m. Pacific Time) and William Travis (noticed to take place on January 31, 2007 at 5:00 p.m. Eastern Time) are hereby **vacated**.

Date:   January 30, 2007

Respectfully submitted,


WEISS & SAVILLE, P.A.


By:    /s/ Yvonne Takvorian Saville
       Yvonne Takvorian Saville, Esq., #3430
       1220 North Market Street, Suite 604
       P.O. Box 370
       Wilmington, DE  19899
       Telephone:    (302) 656-0400
       Facsimile:    (302) 656-5011
       Attorney for Plaintiff



and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS
Mary M. Collins, Individually and as Personal Representative of the Heirs and Estate of James Daniel Collins

**(b)** County of Residence: Thurston County, Washington

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Yvonne Takvorian Saville, Esquire
Weiss & Saville, P.A., 1220 North Market Street, Suite 604
P.O. Box 370, Wilmington, DE 19899, 302-656-0400   AND

Tiffany Newlin, Esquire, Baron & Budd, 3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219, 214-521-3605

## DEFENDANTS
**Volkswagen of America, Inc.**
County of Residence of First Listed : Oakland County, Michigan
(IN U.S. PLAINTIFF CASES ONLY)

Attorneys (If Known)
Steven T. Davis, Esquire
Obermayer Rebmann Maxwell & Hippel LLP, 3 Mill Road, Suite 306A
Wilmington, DE 19806, 302-655-9094

"SEE ATTACHED SHEET"
FOR REMAINING ATTORNEYS OF RECORDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Personal Liability

### REAL PROPERTY
- [ ] 210 Land Condemnations
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury – Med. Malpractice
- [ ] 365 Personal Injury – Product Liability
- [X] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### CIVIL RIGHTS
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patents
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIW C/DIW W(405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Bank and Banking
- [ ] 450 Commerce/ICC Rates/etc
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Act
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appealed to District Judge from Magistrate Judge

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statue under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Alleged  INJURIES RELATED TO ASBESTOS EXPOSURE, removed pursuant to 28 U.S.C. § 1441 and § 1446.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23
- DEMAND $ ____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] YES [ ] NO
- IN EXCESS OF $75,000.00

## VIII. RELATED CASE(S) IF ANY (See Instructions)
None known
JUDGE: _____   DOCKET NUMBER : _____

DATE : March 14, 2007    SIGNATURE OF ATTORNEY OF RECORD   *Stvt. Davis*

### FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT: _____  APPLYING IFP _____  JUDGE _____  MAG. _____

JUDGE _____

4138219

**CIVIL COVER SHEET CON'T.**

**I. (c)   Plaintiffs:**

Yvonne Takvorian Saville, Esquire
Weiss & Saville, P.A.
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE  19899
302-656-0400

Tiffany Newlin, Esquire
Baron & Budd
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
214-521-3605

**Defendants:**

Alice S. Johnston, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
On Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, PA  15219
412-566-1500

Steven T. Davis, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
3 Mill Road, Suite 306A
Wilmington, DE  19806
302-655-9094

Robert E. Thackston, Esquire
Hawkins Parnell& Thackston, LLP
4514 Cole Avenue, Suite 550
Dallas, TX  75205

4138065

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 7 - 1 4 9 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____7_____ COPIES OF AO FORM 85.

_____3/14/07_____          X _____

(Date forms issued)          (Signature of Party or their Representative)

X _____

_____ THOMAS G. M'SHANE
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action