IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and as Personal Representative of the Heirs and Estate of JAMES DANIEL COLLINS, Deceased, | : : : : : | Case No. 07-CV-149 |
| Plaintiffs, | : : | *(Removed on March 14, 2007, from the Superior Court of the State of Delaware, in* |
| v. | : : | *and for New Castle County, C.A. No. 06C-02-281-ASB)* |
| METROPOLITAN LIFE INSURANCE COMPANY; ET AL., | : : : | |
| Defendants. | : | |

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

---

**WEISS & SAVILLE, P.A.**
Yvonne Takvorian Saville, SB No. 3430
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax: 302/656-5011

**BARON & BUDD, P.C.**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
Phone: 214/521-3605
Fax: 214/520-1181

*Attorneys for Plaintiffs*
April 12, 2007

## TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     STATEMENT OF NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . 1

II.    SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.    ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.     VOLKSWAGEN HAS FAILED TO ESTABLISH THAT ITS REMOVAL
              IS TIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

              1.     The one-year period for removal is mandatory . . . . . . . . . . . . . . . 3

              2.     Commencement of an action for purposes of the one-year
                     period for removal is the date of the case is originally filed . . . . . . 4

              3.     Congress purposely intended to limit access to a federal forum
                     in drafting the one-year period for removal . . . . . . . . . . . . . . . . . . 8

       B.     VOLKSWAGEN HAS NOT ESTABLISHED THAT ANY EXCEPTIONS
              TO THE ONE-YEAR RULE ARE APPLICABLE . . . . . . . . . . . . . . . . . . . . . 10

              1.     Volkswagen has failed to assert any argument for an exception
                     based on fraudulent joinder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

              2.     Volkswagen has failed to prove that any equitable exception
                     would apply to the one-year rule in this case. . . . . . . . . . . . . . . . . 11

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF CONFERENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*Arango v. Guzman Travel Advisors Corp.*
    621 F.2d 1371 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ardoin v. Stine Lumber Co.*
    298 F.Supp.2d 422 (W.D.La. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ariel Land Owners, Inc. v. Dring*
    351 F.3d 611 (3rd Cir. Dec. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 9

*In re Briscoe*
    448 F.3d 201 (3rd Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

*Canton Textile Mills, Inc. v. Lathem*
    317 S.E.2d 189 (Ga. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Caterpillar Inc. v. Lewis*
    519 U.S. 61 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Clingan v. Celtic Life Ins. Co.*
    244 F.Supp.2d 1298 (D.C. Ala.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Crowe v. Coleman,*
    113 F.3d 1536 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cabalceta v. Standard Fruit Co.*
    883 F.2d 1553 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dukes v. U.S. Healthcare, Inc.*
    57 F.3d 350 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ferguson v. Sec. Life of Denver Ins. Co.*
    996 F. Supp. 597 (N.D. Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Holloway v. Jackson*
    412 So.2d 774 (Ala. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kuhn v. Brunswick Corp.*
    871 F. Supp. 1444 (N.D. Ga. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**<u>CASES</u>**                                                                                     **<u>PAGE(S)</u>**

*Lytle v. Lytle*
     982 F. Supp. 671 (E.D. Mo. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Mathew v. McCoy*
     847 S.W.2d 397 (Tex. App.– Houston [14th Dist.] 1993) . . . . . . . . . . . . . . . . . . . . . . 5

*Naef v. Masonite Corp.*
     923 F. Supp. 1504 (S.D. Ala. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Perhats Assocs., Inc. v. Fasco Indus., Inc.*
     843 F. Supp. 424 (N.D. Ill. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Price v. Messer*
     872 F. Supp. 317 (S.D. W. Va. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Provenza ex rel. Provenza v. Yamaha Motor Co. Ltd.*
     295 F.Supp.2d 1175 (D.Nev. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Robinson v. Ruiz*
     772 F. Supp. 212 (D. Del. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Russell Corp. v. Am. Home Assur. Co.*
     264 F.3d 1040 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

*Santiago v. Barre Nat'l, Inc.*
     795 F. Supp. 508 (D. Mass. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sasser v. Ford Motor Co.*
     126 F. Supp.2d 1333 (M.D. Ala.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8-9

*Serv. Asset Mgmt. Co. v. Hibernia Corp.*
     80 F. Supp.2d 626 (E.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Singh v. Daimler-Benz AG*
     9 F.3d 303 (3rd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*Sledz v. Flintkote Co.*
     209 F.Supp.2d 559 (D. Md. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Smith v. MBL Life Assurance Corp.*
     727 F. Supp. 601 (N.D. Ala.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

iii

**CASES**                                                                  **PAGE(S)**

*Tedford v. Warner-Lambert*
    327 F.3d 423 (5th Cir.2003); . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Wilbanks v. N. Am. Coal Corp.*
    334 F.Supp.2d 921 (S.D.Miss.2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Williams v. Hofmann Balancing Techniques, Ltd.*
    776 A.2d 4 (Md. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Woods v. Firestone Tire & Rubber Co.*
    560 F. Supp. 588 (D. Fla. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Zumas v. Owens-Corning Fiberglas Corp.*
    907 F. Supp. 131 (D. Md. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATUTES AND RULES

28 U.S.C. 1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Delaware Superior Court Civil Rule 3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## LEGISLATIVE HISTORY

H.R.Rep. No. 889, at 72(1988), reprinted in 1988 U.S.C.C.A.N. 5982 . . . . . . . . . . . . . . . . . 7, 8

## SECONDARY SOURCE

14A C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure,
    § 3732 at 527-30 (2d ed. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and as Personal Representative of the Heirs and Estate of JAMES DANIEL COLLINS, Deceased, | : : : : : | Case No. 07-CV-149 |
| Plaintiffs, | : : | *(Removed on March 14, 2007, from the Superior Court of the State of Delaware, in* |
| v. | : : | *and for New Castle County, C.A. No. 06C-02-281-ASB)* |
| METROPOLITAN LIFE INSURANCE COMPANY; ET AL., | : : : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW MARY M. COLLINS, acting Individually and as Personal Representative of the Heirs of the ESTATE OF JAMES DANIEL COLLINS, Deceased ("Plaintiff"), and files this Brief in Support of Plaintiff's Motion to Remand. Plaintiff would respectfully show the Court as follows:

**I.      STATEMENT OF NATURE AND STAGE OF THE PROCEEDING**

This case was originally filed in Delaware state court on February 28, 2006 seeking damages related to asbestos exposure. The case was removed to this Court by the defendant on March 14, 2007. Discovery has been completed as to all defendants except for the removing defendant. All defendants have settled or have otherwise been dismissed, except for the

removing defendant. No action has been taken by this Court since the case was removed. This motion requests that this Court remand the case to the state court from which it was removed.

## II.    SUMMARY OF THE ARGUMENT

1.    Defendant failed to file its Notice of Removal in a timely manner as required by 28 U.S.C. 1446(b). Section 1446(b) provides for a strict one-year removal period from the date of commencement of the lawsuit.

2.    The date of commencement from which the period of removal is measured begins on the date the original complaint is filed initiating the lawsuit.

3.    Congressional intent clearly indicates that the one-year period for removal was intended to limit access to the federal courts. Extending the period for removal would thwart the very purposes of the limitation expressly intended by Congress.

4.    There are no exceptions recognized in this jurisdiction that would permit Defendant to remove this case beyond the mandatory period provided for in section 1446(b).

## III.    STATEMENT OF FACTS

Plaintiff originally filed this case in Delaware state court on February 28, 2006. (Original Complaint, attached as Exhibit "A" to this motion). On March 14, 2007, Volkswagen filed its notice of removal in this case based on diversity jurisdiction. (Volkswagen's Notice of Removal). Defendant, Volkswagen of America, Inc.("Volkswagen"), was added as a defendant in the First Amended Complaint, filed on October 17, 2006. (Plaintiff's First Amended Complaint Attached to Volkswagen's Notice of Removal as Exhibit A). The notice of removal

**BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION TO REMAND**                    2

was not filed until more than one-year after the case was originally filed. (Volkswagen's Notice

of Removal; Original Complaint, Exhibit "A").

## IV.    ARGUMENT AND AUTHORITIES

### A.    <u>Volkswagen Has Failed to Establish That Its Removal Is Timely</u>.

Plaintiff originally filed this case in Delaware state court on February 28, 2006. (Original

Complaint, Exhibit "A"). On March 14, 2007, Volkswagen filed its notice of removal in this

case based on diversity jurisdiction. The notice of removal, however, was filed beyond the strict

one-year period for removal set forth in 28 U.S.C. 1446(b). "Removal statutes are to be strictly

construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*,

448 F.3d 201, 217 (3rd Cir. 2006). Further, "comity requires federal courts to allow state courts

to proceed with their cases unless those cases are clearly and unequivocally removable." *Smith v.

MBL Life Assurance Corp.*, 727 F.Supp. 601, 603 (N.D.Ala.1989). Considering these principles,

and the fact that Volkswagen has offered no legal or factual support for permitting it to remove

this case beyond the one-year period for removal, this Court should remand this case to the state

court.

### 1.    The one-year period for removal is mandatory.

No action may be removed based on diversity jurisdiction more than one-year after

commencement. 28 U.S.C. 1446(b); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). The

Third Circuit has recognized that this one-year limitation period is <u>absolute</u> and not subject to

any equitable exceptions. *Singh v. Daimler-Benz AG*, 9 F.3d 303, 309 (3rd Cir. 1993); *see also

Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (characterizing the

one-year time limit as one of several "bright line limitations" that "are an inevitable feature of a

<u>BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND</u>                     3

court system of limited jurisdiction that strictly construes the right to remove."); *see also Perhats Assocs., Inc. v. Fasco Indus., Inc.*, 843 F.Supp. 424, 427 (N.D.Ill. 1994) (noting that "the one-year outside limit is certainly stated as an absolute prohibition" on removal to federal court). In short, "[t]here is no question that the statute prohibits removal outside of certain time limits. . . ." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 n.2 (3rd Cir. Dec. 2003).

The time limits for removal are mandatory and must be strictly applied. *Robinson v. Ruiz*, 772 F.Supp. 212 (D.Del. 1991); *see generally* 14A C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure, § 3732 at 527-30 (2d ed. 1985). The rule of strict construction is particularly important in the context of the one-year time limitation, which was enacted as part of the Judicial Improvements and Access to Justice Act of 1988 for the specific purpose of "reduc[ing] the number of cases in federal court by restricting diversity jurisdiction." *Ferguson v. Sec. Life of Denver Ins. Co.*, 996 F.Supp. 597, 601 (N.D. Tex. 1998); *see also Santiago v. Barre Nat'l, Inc.*, 795 F.Supp. 508, 510 (D. Mass. 1992) ("[T]he Act's legislative history reinforces the interpretation that the one-year bar is absolute"). Specifically, the mandatory time limitation set forth in § 1446 is strictly construed and may not be extended. *Robinson v. Ruiz*, 772 F.Supp. 212 (D.Del. Aug 14, 1991); *see generally* 14A C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure, § 3732 at 527-30 (2d ed. 1985).

    **2.    Commencement of an Action for Purposes of the One-Year Period for Removal Is the Date the Case Is Originally Filed.**

Volkswagen asserts that the notice of removal was filed "within one year of the commencement of the action *against VWoA*." Volkswagen's Notice of Removal at 4 (emphasis

added).  This assertion misrepresents the applicable  law[1] and the factual background of this case.

The action that Volkswagen removed to this Court and which is the subject of this motion to

remand is Delaware Civil Action Number 06C-02-281 ASB, commenced on February 28, 2006.[2]

Although Volkswagen appears to argue that the allegations against it constitute an independent

action with a different commencement date than the rest of the defendants, Delaware law has no

provision for multiple commencement dates for an action.  The original complaint in this action

was filed over one year before Volkswagen sought removal.

Without citing any authority, Volkswagen appears to assert that a new "action" is

"commenced" for purposes of section 1446(b) whenever a new defendant is added.  This position

would be  appropriate in the context of a statute of limitations, and is in fact the rule in most

jurisdictions regarding statutes of limitations.  *See, e.g.*, *Holloway v. Jackson*, 412 So.2d 774,

778 (Ala. 1982); *Mathew v. McCoy*, 847 S.W.2d 397, 400 (Tex. App. – Houston [14th Dist.]

1993); *Williams v. Hofmann Balancing Techniques, Ltd.*, 776 A.2d 4, 19 (Md. App. 2001).  But

these rulings on the limitations defense do not resolve the question of whether section 1446(b)

bars removal in this case.  In contrast to section 1446(b), which is mandatory and intended to

restrict federal jurisdiction, statutes of limitations are "practical and pragmatic devices to spare

the courts from litigation of stale claims, and the citizen from being put to his defense after

---

[1] The date of commencement under section 1446 is determined according to state law.
*See Provenza ex rel. Provenza v. Yamaha Motor Co. Ltd.*, 295 F.Supp.2d 1175 (D.Nev. 2003);
*Zumas v. Owens-Corning Fiberglas Corp.*, 907 F.Supp. 131 (D.Md. 1995).

[2] Delaware Superior Court Civil Rule 3(a) provides that an action is commenced by filing
with the Prothonotary a complaint and a praecipe.  This action was therefore commenced on
February 28, 2007 when Plaintiff filed the original complaint and praecipe.  There is no provision
in Delaware law for a new "commencement" whenever a defendant is added by amendment.

**BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION TO REMAND**                                  5

memories have faded, witnesses have died or disappeared, and evidence has been lost." *Canton Textile Mills, Inc. v. Lathem*, 317 S.E.2d 189, 193 (Ga. 1984) (quoting *Chase Secs. Corp. v. Donaldson*, 325 U.S. 304 (1945)).

In *Sledz v. Flintkote Co.*, 209 F.Supp.2d 559, (D. Md. 2002), the court addressed this issue directly. In *Sledz*, the defendant cited *Williams*, *supra*, and argued that under Maryland law, the case did not commence for purposes of section 1446(b) until it was added as a defendant. The court held that "*Williams* is plainly inapplicable to the present case, as it merely addresses the relation back doctrine in respect to a limitations defense. *Williams* is not at all useful in assessing the timeliness of a removal – an exercise in statutory interpretation – by a defendant added in an amended complaint." *Id*. at 562 (citations omitted). Because section 1446(b) must be strictly construed against removal jurisdiction, and because Congress "could have worded § 1446(b) to be claim or party specific, but chose not to," commencement must be measured from the date of the original complaint. *Id*. at 563.

In *Sasser v. Ford Motor Co.*, 126 F. Supp.2d 1333 (M.D. Ala.2001), the court addressed the same issue:

> If the words in § 1446(b) – "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action" – mean within one year of the commencement of the initial action, that is, the filing of the original complaint, then Sasser prevails, because this action was commenced on July 31, 1998, but the removal notice was not filed until May 17, 2000. However, if the words mean within one year of the commencement of the action as to Ford only, then Ford wins, assuming the commencement date of the action is when Ford was added as a party on October 12, 1999.

*Id*. at 1335. The court concluded that "the former interpretation is more appropriate," reasoning that "because 'removal statutes are construed narrowly,' [and] 'where plaintiff and defendant

clash about jurisdiction, uncertainties are resolved in favor of remand,' the term 'commencement of action' should be understood to refer to commencement of the action initially, and not as to any later addition of a particular party or claim." *Id.* at 1336 (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

Volkswagen's argument that there is a new commencement every time a complaint is amended, runs contrary to the expressed congressional intent behind the one-year limitation.  In enacting § 1446(b), Congress emphasized that the intent was to "reduc[e] opportunity for removal after substantial progress has been made in state court."  H.R.Rep. No. 889, at 72(1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032. ("The result is a modest curtailment in access to diversity jurisdiction.").  Congress did not qualify "substantial progress" as to each defendant, and Congress made no mention of multiple commencement dates. In fact, it would make little sense to permit multiple commencement dates considering the express congressional intent to prevent removal after "substantial progress" has been made in state court.  This interpretation of section 1446(b) acknowledges Congress' intent to create a "bright line" time limit for removal based on diversity jurisdiction.  *See Russell Corp., supra,* at 1050.  In addition, this interpretation is consistent with the construction of the term "civil action" in other removal statutes.  *See Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980) (the term "civil action" in 28 U.S.C. § 1441(d) "denotes the entirety of the proceedings in question;" under section 1441(b), "the 'civil action's' removability is determined as to its entirety, not as to particular claims or parties.").  As has been held by other district courts, commencement occurs when the initial complaint is filed and the deadline remains one year from the filing date, not the joinder date. *See Ardoin v. Stine Lumber Co.*, 298 F.Supp.2d 422 (W.D.La. 2003) (adding

plaintiffs); *Lytle v. Lytle*, 982 F.Supp. 671 (E.D.Mo. 1997) (adding defendant).  Simply adding new parties does not "re-commence" an action.

In short, Volkswagen's proposed interpretation of section 1446(b) is inconsistent with the language, history and purpose of the statute.  Any conflict about when this action commenced for purposes of section 1446(b) should be resolved against removal and in favor of remand.

**3.    Congress Purposely Intended to Limit Access to a Federal Forum in Drafting the One-Year Period for Removal.**

Congress intentionally restricted the ability to remove cases from state court after one year. "While acknowledging that this provision would produce 'a modest curtailment in access to diversity jurisdiction,' the House Report emphasized instead that the change would prevent 'removal after substantial progress has been made in state court.'"  *Singh v. Daimler-Benz AG*, 9 F.3d 303, 309 (3rd Cir. 1993), quoting, H.R.Rep. No. 889, at 72(1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032. In crafting this barrier to removal, "Congress recognized that '[r]emoval late in the proceedings may result in substantial delay and disruption.'" *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3rd Cir. Dec. 2003) quoting H.R.Rep. No. 100-889, at 72.

The court in *Sasser v. Ford Motor Co.* noted that "although the legislative history of § 1446(b) does not specifically address the circumstance presented here, the thrust of the comments in that history support the court's approach. . . . It is apparent from this language that Congress was not concerned with the status of particular claims or parties in a lawsuit but rather with the status of the overall lawsuit. Cases should no longer commute back and forth between federal and state courts as parties and claims are added and dismissed; instead, after one year,

even in those instances where diversity jurisdiction is present, the cases should simply come to rest in one forum and go to trial." *Id.* at 1336-37; *see also Serv. Asset Mgmt. Co. v. Hibernia Corp.*, 80 F. Supp.2d 626, 629 (E.D. Tex. 2000) (the word "action" in section 1446(b) "refers to the initial lawsuit filed in state court and not to separate claims added later in the suit."); *Lytle v. Lytle*, 982 F.Supp. 671, 674 (E.D. Mo. 1997) ("IMG and Gusto did not file their notice of removal until October 1, 1997, well after the one-year period prescribed by § 1446(b) had run. As discussed above, it is simply irrelevant that neither IMG nor Gusto was brought into this action until June of this year."); *Price v. Messer*, 872 F.Supp. 317, 320-21 (S.D. W.Va. 1995) (holding that "action" commenced for purposes of section 1446(b) when original complaint was filed, not when removing defendant was added).

The purpose of section 1446(b) is *not* to ensure that all defendants have a full year to remove a case.  Rather, section 1446(b) was designed to limit access to the federal courts by establishing an absolute deadline for removal.  Congress wanted to prevent, not protect, the ability to remove cases that had substantially progressed.  Such substantial progress is clearly evident  in the present case being that discovery as to all other defendants has been completed and all defendants other than Volkswagen have settled or otherwise been dismissed.  This case is precisely the type of case Congress had in mind when it chose to limit the time for removal to one year.  *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3rd Cir. Dec. 2003) ("[T]he one-year time limit was intended to remedy the anomalous situation where a change in the parties late in the litigation allows a party to remove for the first time.").

**B.** **Volkswagen Has Not Established That Any Exceptions to the One-Year Rule Are Applicable.**

There are a few very narrow, and not widely recognized exceptions to the removal time limits. Volkswagen, however, has failed to demonstrate any reasonable basis for applying any exception in this case.

**1.** **Volkswagen has failed to assert any argument for an exception based on fraudulent joinder.**

One of the few exceptions to the one-year rule is for cases in which a defendant can prove fraudulent joinder of a diverse defendant. Volkswagen, although alluding to such an accusation, has neither pled nor proven fraudulent joinder.

First, any removal based on allegations of fraudulent joinder would be untimely. A defendant seeking removal has the burden "to scrutinize the case and remove it in a timely fashion." *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994). When a defendant seeks to remove based on allegations of fraudulent joinder, the thirty-day time period for removal begins when the defendant "could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court." *Naef v. Masonite Corp.*, 923 F.Supp. 1504, 1512 (S.D. Ala. 1996). Even giving Volkswagen every benefit of doubt possible, it should have been aware of any potential fraudulent joinder argument from the moment it was sued. *Id*; *see also Clingan v. Celtic Life Ins. Co.*, 244 F.Supp.2d 1298 (D.C.Ala.2003) (remanding on grounds of untimely removal, after concluding that defendant could have ascertained within 30 days of receipt of complaint that it had valid arguments for fraudulent joinder with respect to all claims asserted against nondiverse defendant). The time for asserting fraudulent joinder has long since passed.

Second, even if Volkswagen could argue fraudulent joinder, it has not provided any evidence to meet its stringent burden of proof.  A defendant asserting fraudulent joinder must prove that "either (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), *citing Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).  A defendant pleading fraudulent joinder must support the claim with "clear and convincing evidence." *Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588, 590 (D. Fla. 1983).  If there is *even a possibility* that a state court would find that the complaint states a cause of action against the resident defendant, the case must be remanded.  *Crowe*, 113 F.3d at 1538, *quoting Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983).  Volkswagen cannot meet its burden of proof.

> **2.     Volkswagen has failed to prove that any equitable exception would apply to the one-year rule in this case.**

Although Volkswagen has alleged that it is entitled to an "equitable exception,[3] it has provided no authority for granting any such exception to the mandatory and absolute one-year deadline for removal.  Although the Fifth Circuit has recognized an equitable exception to the statutory time limit, the Third Circuit has not. *See Tedford v. Warner-Lambert,* 327 F.3d 423, 425-26 (5th Cir.2003) ("No ... circuit court [other than the Fifth] has published an opinion on this issue, and district courts across the country have come to opposite conclusions."); *see also Wilbanks v. N. Am. Coal Corp.,* 334 F.Supp.2d 921, 926-27 (S.D.Miss.2004).  In fact, the Fifth

---

[3]Volkswagen's Notice of Removal at 4, n.1.

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND**                    11

Circuit is the only circuit that has clearly recognized an equitable exception to the § 1446 one-year time limit for removal of diversity jurisdiction cases. *Tedford,* 327 F.3d at 428-29.  In contrast, the Third Circuit strictly construes removal statutes and places the burden on defendants to demonstrate that removal is proper. *In re Briscoe*, 448 F.3d 201, 217 (3rd Cir. 2006); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3rd Cir. 1995).  The Third Circuit has not recognized an exception, the statute does not contain an exception, and the Third Circuit narrowly construes removal statutes *against* removal. As such, this Court should not recognize an exception to the clear statutory language of § 1446(b).

## V.    CONCLUSION

Volkswagen failed to timely remove this case to federal court.  This case should be remanded to state court without further delay.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:      /s/ Yvonne Takvorian Saville
        Yvonne Takvorian Saville, #3430

*~ and ~*

**BARON & BUDD, P.C.**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
Phone:  214/521-3605
Fax:  214/520-1181

*Attorneys for Plaintiffs*

Date:     April 12, 2007


<u>CERTIFICATE OF CONFERENCE</u>

The undersigned certifies that counsel for Plaintiff has conferred with Defendant's counsel in a good faith attempt to resolve the matter without court intervention.  This motion is opposed.

/s/ Yvonne Takvorian Saville
Yvonne Takvorian Saville, #3430

**BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION TO REMAND**                              13

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Feb 28 2006 10:49 EST
Transaction ID 10675089

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. |
| | : | |
| Plaintiffs, | : | COMPLAINT |
| | : | |
| | : | NON-ARBITRATION |
| v. | : | |
| | : | ASBESTOS |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | |
| | : | |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |
| | : | |
| AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); | : | |



EXHIBIT
A

CHAMPLAIN CABLE CORPORATION          :
(individually, and as successor-in-interest   :
to AMERICAN SUPER                     :
TEMPERATURE WIRE, and successor-      :
in-interest to HAVEG INDUSTRIES,      :
INC. successor-by-merger to HAVEG     :
CORPORATION);                         :

HERCULES INC. (individually, and as   :
successor-in-interest to HAVEG        :
INDUSTRIES, INC. successor-be-merger  :
to HAVEG CORPORATION);                :

RILEY POWER, INC. (f/k/a BABCOCK      :
BORSIG POWER, INC., f/k/a D.B.        :
RILEY, INC., f/k/a RILEY STOKER       :
CORPORATION);                         :

UNION CARBIDE CORPORATION;            :

DANA CORPORATION;                     :

CRANE COMPANY;                        :

INGERSOLL-RAND COMPANY;               :

CROWN CORK & SEAL COMPANY,            :
INC. (individually and as successor-in-   :
interest to MUNDET CORK               :
COMPANY);                             :

3M COMPANY (individually and f/k/a    :
MINNESOTA, MINING, AND                :
MANUFACTURING COMPANY, a/k/a          :
"3M");                                :

T.H. AGRICULTURE & NUTRITION,         :
LLC (individually and f/k/a T.H.      :
AGRICULTURE & NUTRITION               :
COMPANY, INC. f/k/a THOMPSON-         :
HAYWARD CHEMICAL COMPANY);            :

PHILIPS ELECTRONICS NORTH             :
AMERICA CORP. (individually and as    :
successor-in-interest to T H          :
AGRICULTURE & NUTRITION, LLC);        :

KAISER GYPSUM COMPANY,                :
INC.;                                 :

KAISER CEMENT CORPORATION          :
(individually, and as successor-in-interest     :
to KAISER GYPSUM COMPANY,          :
INC.);                             :
                                   :
HANSON PERMANENTE CEMENT,          :
INC. (f/k/a KAISER CEMENT          :
CORPORATION, individually and as   :
successor-in-interest to KAISER    :
GYPSUM COMPANY, INC.);             :
                                   :
BONDEX INTERNATIONAL, INC.;        :
                                   :
RPM, INC. (individually, and as    :
successor-in-interest to BONDEX    :
INTERNATIONAL, INC.);              :
                                   :
RPM INTERNATIONAL, INC.            :
(individually and as successor-in-interest     :
to RPM, INC., and BONDEX           :
INTERNATIONAL, INC.);              :
                                   :
VIACOM, INC. (individually and as  :
successor-by-merger to CBS         :
CORPORATION, successor-by-merger   :
to WESTINGHOUSE ELECTRIC           :
CORPORATION);                      :
                                   :
THE GOODYEAR TIRE & RUBBER         :
COMPANY;                           :
                                   :
BORGWARNER MORSE TEC, INC.,        :
(individually and successor in interest to     :
BORG-WARNER CORPORATION);          :
                                   :
BORGWARNER, INC.,(individually and    :
successor in interest to BORG-WARNER     :
CORPORATION);                      :
                                   :
HONEYWELL INTERNATIONAL,           :
INC. (individually and as successor-in-    :
interest to ALLIED-SIGNAL, INC. and    :
THE BENDIX CORPORATION);           :
                                   :
DAIMLERCHRYSLER                    :
CORPORATION (f/k/a CHRYSLER        :
CORPORATION);                      :
                                   :
GENERAL MOTORS CORPORATION;        :

FORD MOTOR COMPANY;                                    :
                                                       :
PNUEMO ABEX, LLC (individually and                     :
as successor-by-merger to PNEUMO                       :
ABEX CORPORATION, successor-in-                        :
interest to ABEX CORPORATION f/k/a                     :
AMERICAN BRAKE SHOE                                    :
COMPANY, f/k/a AMERICAN BRAKE                          :
SHOE and FOUNDRY COMPANY                               :
including the AMERICAN                                  :
BRAKEBLOK DIVISION, successor-by-                      :
merger to the AMERICAN BRAKE                           :
SHOE and FOUNDRY COMPANY and                           :
THE AMERICAN BRAKEBLOK                                 :
CORPORATION, f/k/a THE                                 :
AMERICAN BRAKE MATERIALS                               :
CORPORATION);                                          :
                                                       :
MAREMONT CORPORATION (a                                :
subsidiary of ARVIN INDUSTRIES,                        :
INC., individually and as                              :
successor-in-interest to GRIZZLY                       :
MANUFACTURING CO.);                                    :
                                                       :
HENNESSY INDUSTRIES, INC.,                             :
(individually and as successor by merger               :
to AMMCO TOOLS, INC. and AMMCO                         :
TOOLS, CO., d/b/a AMMCO TOOLS);                         :
                                                       :
A.W. CHESTERTON, INC.;                                 :
                                                       :
DURABLA MANUFACTURING                                  :
COMPANY, INC.;                                         :

      Defendants.

## COUNT I

1.     Plaintiff, JAMES DANIEL COLLINS, was wrongfully exposed to asbestos, an

inherently dangerous toxic substance while employed at the following places:

         (a)     Plaintiff JAMES DANIEL COLLINS was exposed thru his father, James

               Collins, from his father's work at Fort Lewis  where he worked from

1947-1965; and 1967-1967 as a heating and cooling specialist in Fort Lewis, WA.

(b)     Plaintiff JAMES DANIEL COLLINS performed construction jobs at personal residences from 1950-1952.

(c)     Plaintiff JAMES DANIEL COLLINS performed mechanic jobs at personal residences from 1964-2005.

(d)     Plaintiff JAMES DANIEL COLLINS performed construction jobs at residential sites in Olympia, Washington in 1977.

(e)     Plaintiff JAMES DANIEL COLLINS worked at a salvage yard in Tumwater, Washington in1965.

(f)     Plaintiff JAMES DANIEL COLLINS attended Clover Park Vocational School in Tacoma, Washington from 1967-1969 as a student.

(g)     Plaintiff JAMES DANIEL COLLINS worked at America Oil Service Station in Tacoma, Washington from 1968-1969 as a laborer and light mechanic.

(h)     Plaintiff JAMES DANIEL COLLINS worked at Brewington Motors in Olympia, Washington as a mechanic from 1971-1976.

(i)     Plaintiff JAMES DANIEL COLLINS worked at South Puget Sound Community College in Olympia, Washington from 1985-2005 as an instructor.

(j)     Plaintiff JAMES DANIEL COLLINS worked at Hanson Motors in Olympia, Washington from 1976-1985 as a mechanic.

(k)     Plaintiff JAMES DANIEL COLLINS was employed by Collins Automotive Enterprises where he worked at personal residences in Olympia, Washington from 1975-1976 as a mechanic.

Plaintiff was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

2.    As a result of the Defendants' wrongful conduct, Plaintiff, JAMES DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.    As a result of Defendants wrongful conduct which caused Plaintiff, JAMES DANIEL COLLINS's asbestos related diseases and health problems, Plaintiffs, JAMES DANIEL COLLINS and MARY M. COLLINS suffer extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law. In addition, Plaintiff(s) MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

4.    The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

## COUNT II

5.    The allegations in paragraph one (1) through four (4) are realleged and incorporated by reference within this Count.

6.    FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

were at all times pertinent directly or indirectly engaged in the mining, manufacturing,

distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-

containing products. They were also engaged in the development, manufacture, distribution,

sales, licensing or leasing of equipment procedures and/or technology necessary to mine,

manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing

products.

       7.      Defendant Metropolitan Life Insurance Company, as well as other members of

the asbestos industry, including but not limited to Defendants listed herein, engaged in

investigations and research as to the hazards of asbestos and often edited out material harmful to

the asbestos industry and only published certain portions of their findings and/or refrained from

publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its

endeavors.

       8.      The illnesses and disabilities of Plaintiff is a direct and proximate result of 3M's

negligence in placing into the stream of commerce respiratory devices defective in design and

inadequate for the purposes for which they were intended, namely preventing the inhalation of

dust, including asbestos dust, generated from construction and/or insulation activities.

       9.      3M knew or should have known that workers would use and rely upon 3M's

respiratory devices at sites where asbestos materials were commonly and extensively used which

created substantial and constant quantities of dust and that 3M's respiratory devices would

provide inadequate protection against the inhalation of asbestos dust.

       10.     Furthermore, 3M was negligent for failing to warn and/or properly instruct

workers regarding the inadequacies of its respiratory devices for preventing the inhalation of

asbestos dust.

11.    As a direct and proximate result of the above wrongful activities of the Defendants, Plaintiff was exposed to asbestos and the Plaintiff developed the asbestos-related diseases discussed and sustained the injuries described herein.

## COUNT III

12.    The allegations in paragraphs One (1) through Eleven (11) are realleged and incorporated by reference within this Count.

13.    The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)    Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)    Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)    Failed to adequately test, research investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)    Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)    Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

14.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT IV

15.     The allegations in paragraphs one (1) through Fourteen (14) are realleged and incorporated by reference within this Count.

16.     The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff and others similarly situated:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

(c)     Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)     Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT V

18.    The allegations in paragraphs one (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.    Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff for all injuries and damages which were contracted thereby.

20.    All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff for all the injuries and damages which were contracted thereby.

21.    The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff injuries which were caused thereby.

22.    The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff for all injuries caused thereby.

23.    As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VI

24.    The allegations in paragraphs One (1) through Twenty-three (23) are realleged and incorporated by reference within this Count.

25.    The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

        (a)    Conceal the existence, nature and extent of that risk; and,

(b)    Failed to disclose the existence, nature and extent of that risk to Plaintiff and those similarly situated.

26.    The Defendants had reason to expect that Plaintiff, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would-be materially affected by the aforementioned concealment and nondisclosure.

27.    As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VII

28.    The allegations in paragraphs one (1) through Twenty-seven (27) are realleged and incorporated by reference within this Count.

29.    The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)    Had no adequate basis for such representations;

(b)    Knew that a significant health hazard to human life existed from asbestos.

30.    Defendants had reason to expect that as a result of such representation, Plaintiff and others similarly situated would be exposed to asbestos.

31.    As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

32.    The allegations in paragraphs One (1) through Thirty-one (31) are realleged and incorporated by reference within this Count.

33.    The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the Plaintiff and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

34.     As a result of this conspiracy, the Plaintiff was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

35.     The allegations in paragraphs One (1) through Thirty-four (34) are realleged and incorporated by reference within this Count.

36.     Even after the dangers of asbestos finally began to be known to Plaintiff or others similarly situated, Defendants continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

        (a)     Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

        (b)     Defeat and/or delay such legal actions and the final collection of any judgment.

37.     Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

38.     As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT X

39.     The allegations in paragraphs One (1) through Thirty-eight (38) are realleged and incorporated by reference within this Count.

40.     Plaintiff used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the

inhalation of asbestos dust and fibers. Plaintiff would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

41.    Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiff.

42.    Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

43.    Plaintiff was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

44.    During the periods Plaintiff used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

45.    As a direct and proximate result of the above acts and omissions of Defendants, Plainitiff was injured as described herein.

## COUNT XI

46.    The allegations in paragraphs One (1) through Forty- five (45) are realleged and incorporated by reference within this Count.

47.    Plaintiff, JAMES DANIEL COLLINS, would show that for a period of many years, **(he/she)** worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of Plaintiff, JAMES DANIEL COLLINS', father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiff, JAMES DANIEL COLLINS, would show that he has been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great

quantities of asbestos fibers. Further, Plaintiff, JAMES DANIEL COLLINS, alleges, as more specifically set out below, that he has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

48.    Plaintiff, JAMES DANIEL COLLINS, alleges that he was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of Plaintiff, JAMES DANIEL COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff, JAMES DANIEL COLLINS, was exposed to the asbestos dust and fibers brought home by Plaintiff, JAMES DANIEL COLLINS', father in the normal course of performing household activities, such as shaking out and laundering work clothing. In that each exposure to such products caused or contributed to Plaintiff, JAMES DANIEL COLLINS' injuries, Plaintiff, JAMES DANIEL COLLINS, says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudgement interest, as would be necessary to compensate the Plaintiffs for the injuries they have and will suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages.

Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**JACOBS & CRUMPLAR, P.A.**

By:     */s/ David A. Arndt, Esquire*
        David A. Arndt #3925
        2 East 7th Street
        P.O. Box 1271
        Wilmington, DE 19899
        (302) 656-5445
        Attorney for Plaintiff

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605

Date:   February 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and as Personal Representative of the Heirs and Estate of JAMES DANIEL COLLINS, Deceased, | : : : : : | Case No. 07-CV-149 |
| Plaintiffs, | : : | *(Removed on March 14, 2007, from the Superior Court of the State of Delaware, in* |
| v. | : : | *and for New Castle County, C.A. No. 06C-02-281-ASB)* |
| METROPOLITAN LIFE INSURANCE COMPANY; ET AL., | : : : | |
| Defendants. | : | |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

On the _____ day of _____, 2007, came before the Court Plaintiff's Motion to Remand filed by Plaintiff, MARY M. COLLINS, acting Individually and as Personal Representative of the Heirs of the ESTATE OF JAMES DANIEL COLLINS, Deceased; the motion seeks remand of this action to the state court from which it was removed by Defendant Volkswagen of America, Inc. The Court has been advised of argument of the parties, and finds that Defendant Volkswagen of America, Inc. failed to remove this case in a timely manner, as required under 28 U.S.C. § 1446(b). This case is therefore remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

SIGNED on the _____ day of _____, 2007.

_____
**HONORABLE JUDGE PRESIDING**

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** -Solo Page