IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARY M. COLLINS, Individually and as Personal Representative of the Heirs and Estate of JAMES DANIEL COLLINS, Deceased, | : : : : : | Case No. 07-CV-149 |
| Plaintiff, | : : | *(Removed on March 14, 2007, from the Superior Court of the State of Delaware, in and for New Castle County, C.A. No. 06C-02-281-ASB)* |
| v. | : : | |
| METROPOLITAN LIFE INSURANCE COMPANY; ET AL., | : : | |
| Defendants. | : : | |

---

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND**

---

**WEISS & SAVILLE, P.A.**
Yvonne Takvorian Saville, SB No. 3430
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

**BARON & BUDD, P.C.**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
Phone:  214/521-3605
Fax:  214/520-1181

*Attorneys for Plaintiffs*

May 4, 2007

# TABLE OF CONTENTS

**Page No(s).**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     ARGUMENT AND AUTHORITIES IN REPLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.     The Conditional Transfer Order to the Multi District Litigation Does Not Affect the Ability of this Court to Remand this Case to State Court. . . . . . . . 1

     B.     Plaintiff Has Not Acted in Bad Faith or Attempted to Improperly Manipulate the Judicial System. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     C.     Defendant's Arguments Regarding Personal Jurisdiction and Forum Selection Are Simply Irrelevant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     D.     This Case Should Be Remanded Because it Has Progressed Substantially in the Delaware State Court and Removal at this Point in the Case Would Be Disruptive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     E.     This Case Should Be Remanded Because the Notice of Removal Was Filed More than One Year after the Commencement of the Lawsuit . . . . . . . . . 6

          1.     Delaware State Law Determines the Date of Commencement . . . . . . . . 6

          2.     Under Applicable Law, the Date of Commencement Is the Initial Date of Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

               a.     The Relation Back Doctrine Does Not Apply in the Removal Context . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

               b.     Congress Expressed No Intent to Allow the Loophole Defendant Encourages this Court to Create . . . . . . . . . . . . . . . . . 10

          3.     The One Year Period Is Mandatory . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     F.     The Removal Should Not Be Permitted to Stand on an Equitable Exception That Does Not Exist . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

II.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## INDEX OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611 (3rd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . 11

*Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F.Supp. 2d 729 (N.D.W.Va. 2005) . . . . . . . . . .  2

*Blue v. Equifax Information Services, LLC, Slip Copy*, 2007 WL 602295 (N.D.Cal.2007) . . .  13

*Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . .  9

*Chaplake Holdings, LTD. v. Chrysler Corp.*, 766 A.2d 1 (Del.Supr. 2001) . . . . . . . . . . . . . . .  7

*Connell v. Delaware Aircraft Ind.,* 55 A.2d 637 (Del.Supr.1947) . . . . . . . . . . . . . . . . . . . . . .  7

*In re Expedia Hotel Taxes & Fees Litigation*, 377 F.Supp. 2d 904 (W.D.Wash.2005) . . . . . . .  7

*General Electric Co. v. Byrne*, 611 F.2d 670 (7th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

*Haywood v. Tribeca Lending Corp.*, No. Civ.A.2:06CV108-P-A, 2006 WL 2708578
   (N.D.Miss. Sept. 20, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ill. Municipal Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844 (7th Cir. 2004) . . . . . . . . . .  2, 3

*Kite v. Richard Wolf Medical Instruments Corp.*, 761 F.Supp. 597 (S.D.Ind.1989) . . . . . . . . . . 6

*In re Mass. Diet Drug Litigation*, 338 F.Supp. 2d 198 (D.Mass. 2004) . . . . . . . . . . . . . . . . . . . 2

*Monsanto Co. v. Aetna Casualty and Surety Co.*, No. 88C-JA-118, 1994 WL 317557
   (Del.Supr. Apr. 15, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*O'Brien v. Powerforce, Inc.*, 939 F.Supp. 774 (D.Haw. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Perez v. General Packer, Inc.*, 790 F.Supp. 1464 (C.D.Cal.1992) . . . . . . . . . . . . . . . . . . . . . . 6

*Pierson v. Scott, No. C 06-6503 PJH*, 2007 WL 160924 (N.D.Cal. Jan. 17, 2007) . . . . . . . . . . 9

*Progressive West Insurance Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007) . . . . . . . . . . . . . 9

*Provenza ex rel. Provenza v. Yamaha Motor Co., Ltd*, 295 F.Supp. 2d 1175 (D.Nev. 2003) . . . 7

*Robinson v. Ruiz*, 772 F.Supp. 212 (D.Del. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**INDEX OF AUTHORITIES**, Con't.

*Sasser v. Ford Motor Co.*, 126 F.Supp. 2d 1333 (M.D. Ala.2001) . . . . . . . . . . . . . . . . . . . . . . . 11

*Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281 (E.D.Va.1991) . . . . . . . . . . . . . . . . . . . . . . . 7

*Schott v. Hechinger Co.*, No. Civ.A.96C-06-012, 1997 WL 358306
     (Del.Super. March 20, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sledz v. Flintkote Co.*, 209 F.Supp. 2d 559 (D.Md. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*Taylor v. LSI Logic Corp.*, No.13915, 1998 WL 51742 (Del.Ch. Feb. 3, 1998) . . . . . . . . . . . . . 7

*Zumas v. Owens-Corning Fiberglas Corp.*, 907 F.Supp. 131 (D.Md. 1995) . . . . . . . . . . . . . . 6

## Statutes and Rules

28 U.S.C. 1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Del. Sup.Ct. Civil Rule 3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Secondary Source

Miller & Cooper, Fed. Prac. & Proc. § 3732 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

---

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW MARY M. COLLINS, acting Individually and as Personal Representative of the Heirs of the ESTATE OF JAMES DANIEL COLLINS, Deceased ("Plaintiff"), and files this Reply Brief in Support of Motion to Remand.  Plaintiff would respectfully show the Court as follows:

I.    **ARGUMENT AND AUTHORITIES IN REPLY**

    A.    **The Conditional Transfer Order to the Multi District Litigation Does Not Affect the Ability of this Court to Remand this Case to State Court.**

After the motion to remand in this case was file with this Court, a conditional transfer order was issued.  (Conditional Transfer Order, attached as Exhibit A).  A conditional transfer order is an administrative device, issued by the Clerk of the Judicial Panel on Multidistrict Litigation ("JPML"). If any party opposes transfer, the issue must be resolved by the Panel. Rule 7.4, Rules of the Judicial Panel on Multidistrict Litigation.

The pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rule 1.5, Rules of the Judicial Panel on Multidistrict Litigation. Unless and until the MDL Panel transfers a case, the district court has the authority to rule on timely motions to remand.  *See, e.g., Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir.1979) ("The mere pendency of a motion to transfer before the Multidistrict Panel does not affect or suspend the jurisdiction of the transferor court, or limit its ability to act on matters properly before it.");

*Asbury-Castro v. GlaxoSmithKline, Inc.,* 352 F.Supp.2d 729 (N.D.W.Va. 2005) (district court "may rule on the remand motion regardless of the fact that the MDL Panel has entered a conditional transfer order" and "continues to retain jurisdiction over the matter until a final transfer order is entered"); *In re Mass. Diet Drug Litig.*, 338 F.Supp.2d 198, 201 (D.Mass. 2004) (finding that it is "proper and efficient to rule on the pending motions to remand rather than wait for the JPML to decide whether to transfer the cases to the MDL Court").  Indeed, ruling on such motions is a "fundamental obligation of all courts of limited jurisdiction."  *Ill. Mun. Retirement Fund v. Citigroup, Inc.* 391 F.3d 844, 852 (7th Cir. 2004) (upholding authority of district court to remand case while conditional transfer order was pending).  In short, the condition transfer order has no effect on motion to remand currently pending before the Court.

B.    **Plaintiff Has Not Acted in Bad Faith or Attempted to Improperly Manipulate the Judicial System.**

Defendant has accused Plaintiff of strategically waiting to amend its complaint so as disadvantage Defendant.  The record simply does not support such an accusation.  As admitted by Defendant, Plaintiff was investigating claims against Defendant in the summer of 2006.  Plaintiff was investigating whether she had a viable claim against the Defendant.  When it was determined that she had viable claim against Defendant, Plaintiff pursued amending the complaint.  *See* Plaintiff's Motion to Amend the Complaint, attached as Exhibit B to this motion).  Defendant has not demonstrated that any delay in initially including Defendant in the case was due to an improper motive.  Rather, the record shows that Plaintiff did not add Defendant to the case until it had a good faith belief that it had a viable claim.  This is unarguably proper conduct. In short, Defendant's baseless allegations of manipulation are as offensive as they are unsupported.

2

Defendant also has claimed that Plaintiff delayed amending the complaint to add it as a defendant until after discovery had closed. This is simply untrue. Discovery is currently open and will remain so under the current scheduling order until June 22, 2007. (*See* Master Trial Scheduling Order at 29, attached as exhibit C). Additionally, Defendant has asserted that it has been denied the opportunity to depose the decedent's coworkers. This is likewise untrue because discovery is still open. *See id.* Beyond the fact that the coworkers are available to Defendant for discovery, Plaintiff has also made the decedent's mother available to Defendant for deposition. (*See* correspondence dated March 12, 2007, attached as Exhibit D). What makes these misrepresentations all the more brazen is the fact that the parties were discussing deposition dates at the time Defendant removed this case to federal court. *Id.*

Defendant also attempts to cast Plaintiff in a bad light because it was not served with the complaint until weeks after it was initially filed with the court. This misrepresents the reality of the situation in that all actions necessary for Plaintiff to perfect service were completed on or about October 17, 2006. (First Amended Complaint, attached as Exhibit E; *see* Praecipe, October 17, 2006, attached as exhibit F). After Plaintiff performed these actions, the date of actual service was completely dependent upon when the sheriff's department performed its duties. No delay was created by Plaintiff and it is misleading to suggest otherwise.

Defendant also makes much of the fact that it was added as a defendant after the decedent's death and that this prevented it from obtaining discovery from decedent. Defendant goes so far as to accuse Plaintiff of postponing amendment of the complaint until after decedent's death in order to deprive Defendant of the opportunity to depose the decedent. This wild and unsupported allegation is simply untrue. Also, it should be noted that Defendant has not suffered any damage

3

from not getting to depose the decedent because Plaintiff will not be using deposition testimony identifying Defendant as providing exposure to asbestos containing materials. In fact, it appears that Defendant has actually derived a benefit from being added as a defendant after decedent's death because the testimony from that deposition identifying Defendant can no longer be used by Plaintiff. If Defendant would have been a party at the time of the deposition the evidence derived from the deposition would likely have been harmful to its defense.

Defendant also repeatedly complains that it has been deprived of the same opportunity to remove as the other defendants in the case. This is also a misrepresentation of reality because no defendant could have removed this case before Defendant was added as a defendant, as it is undisputed that diversity did not exist until months after Defendant was added to the case.

Finally, Defendant asserts that "Plaintiff agreed to remove this case from the Delaware Superior Court's trial list expressly because of her own delays." This is yet another example of Defendant simply misrepresenting reality. The truth of the matter is that Plaintiff agreed to remove this case from the trial list in order to provide Defendant time to conduct discovery. Such agreement was an accommodation, not manipulation. Defendant's attempt to capitalize on Plaintiff's *agreement* by asserting it was due to bad acts rather than good faith makes Defendant's argument even more repugnant.

Based on the actual facts, as opposed to the misrepresentations put forth by Defendant, it is difficult to see exactly how Defendant has been harmed by not being joined in the initial complaint. In fact, it appears Defendant is in a better position than had it been initially included in the original complaint. In short, Defendant has failed to demonstrate any bad acts on the part of Plaintiff and its unsupported representations to the contrary should be disregarded.

4

C.    **Defendant's Arguments Regarding Personal Jurisdiction and Forum Selection Are Simply Irrelevant.**

In its Opposition, Defendant continually relies on arguments regarding personal jurisdiction and forum selection. These arguments are irrelevant as to whether remand is appropriate. The simple fact is that the case was filed in Delaware. (Original Complaint, attached as Exhibit G). If on remand the Delaware state court agrees with Defendant's arguments regarding personal jurisdiction and forum selection then the Delaware state court can take appropriate action. Alternatively, should this Court deny the remand motion, it could then address these complaints. For now, however, these arguments remain completely irrelevant and should be disregarded in determining whether to remand this case to the state court.

D.    **This Case Should Be Remanded Because it Has Progressed Substantially in the Delaware State Court and Removal at this Point in the Case Would Be Disruptive.**

The most basic underlying reason for the one year period for removal is to prevent disruption of cases in which substantial progress has already been made in state court. The present case has progressed so substantially that it actually has been completed as to all but one defendant. (*See* correspondence dated March 13, 2007, attached as Exhibit H). This case presents precisely the situation that Congress intended to address with the one year period for removal.

Also, it should be noted that this case has been conditionally transferred for multi district litigation treatment. (*See* Conditional Transfer Order, attached as Exhibit A). As noted by the court in *Sledz v. Flintkote Co.,* the very fact that a case *might* be transferred for multi district litigation treatment bolsters the reasons for remand in cases that have already substantially progressed:

It seems clear, however, that if the case remains in this court, it will almost certainly become the subject of a motion by Flintkote for multi-district litigation treatment. . . . Inevitably, therefore, to permit removal of this case on the dubious ground that I have "discretion" to override the command of the federal removal statute, as informed by Maryland law, would cause a substantial "slow down" in the progress of the case to conclusion.

*Sledz v. Flintkote Co.*, 209 F.Supp.2d 559 (D.Md. 2002). Such a "slow down" is in direct contravention to the federal removal statute and would surely result in the present case as it has already been conditionally transferred for multi-district litigation treatment. Such a slow down in a case that has not only substantially progressed, but actually run its course for all but one defendant surely is what Congress intended to prevent by instituting the one year period for removal.

### E.    This Case Should Be Remanded Because the Notice of Removal Was Filed More than One Year after the Commencement of the Lawsuit.

#### 1.    Delaware State Law Determines the Date of Commencement.

Defendant and Plaintiff both agree that in determining the date of commencement "the applicable state's law" controls. VWA's Answering Brief at 10. Where the parties differ is on the applicable state. Fortunately the law on the subject is quite clear.

In removal cases, timing of "commencement" of an action, for purposes of the one-year time limit for removal based on diversity, is controlled by the <u>law of state in which action originated</u>. *O'Brien v. Powerforce, Inc.*, 939 F.Supp. 774 (D.Haw. 1996); *Kite v. Richard Wolf Med. Instruments Corp.*, 761 F.Supp. 597 (S.D.Ind.1989) ("One-year limitation period for removal of diversity action begins to run when case is commenced, and commencement is determined by <u>law of state in which case was filed</u>.") (emphasis added); *Zumas v. Owens-Corning Fiberglas Corp.*, 907 F.Supp. 131 (D.Md. 1995) (noting that courts considering the question "have looked to the <u>law of the state in which the state court action originated</u>" (emphasis added); *see also Perez v. Gen.*

6

*Packer, Inc.*, 790 F.Supp. 1464, 1469 (C.D.Cal.1992) (applying California law and holding that, in removal cases, timing of "commencement" of case is controlled by <u>law of state in which action originated</u>.") (emphasis added); *Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281, 1283 (E.D.Va.1991) (Virginia law); *Provenza ex rel. Provenza v. Yamaha Motor Co., Ltd*, 295 F.Supp.2d 1175 (D.Nev.,2003) ("For purposes of the one year limitation on diversity jurisdiction cases, "commencement" of an action is governed by the <u>law of the state in which the case originated</u>.") (emphasis added); *In re Expedia Hotel Taxes & Fees Litig.*, 377 F.Supp.2d 904, 906 (W.D.Wash.2005) ("in removal cases, 'commencement' is governed by <u>the law of the state in which the action originated</u>.") (emphasis added). This case was originally filed in Delaware state court. (Original Complaint, attached as Exhibit G).

As a general rule, the law of Delaware will govern procedural matters in cases filed in Delaware. *Chaplake Holdings, LTD. v. Chrysler Corp.*, 766 A.2d 1, 5 (Del.Supr. 2001); *Connell v. Delaware Aircraft Ind.*, Del.Super., 55 A.2d 637, 640 (1947); *Monsanto Co., v. Aetna Cas. and Surety Co.*, Del.Super., No. 88C-JA-118, 1994 WL 317557 at *4, (Del.Supr. Apr. 15, 1994); *Taylor v. LSI Logic Corp.*, Del. Ch., No. 13915, 1998 WL 51742, at *4 (Del.Ch. Feb. 3, 1998). The procedural law of a foreign state can be applied in the rare circumstances "when the law of a foreign state is applied to substantive issues [and] the procedural law of the foreign state is 'so inseparably interwoven with substantive rights as to render a modification of the foregoing rule necessary, lest a party be thereby deprived of his legal rights.'" *Monsanto*, 1994 WL 317557 at *4 (quoting *Connell*, 55 A.2d at 640). Defendant in this case has not even attempted to demonstrate that the law applying to the substantive issues in this case is so "inseparably interwoven with substantive rights" as to necessitate abandoning the general rule. Absent such a showing, Delaware state courts would

7

apply Delaware procedural law.  Likewise, the failure to make this showing requires this Court to apply Delaware procedural law in determining the date of commencement.

Under the above principles, Delaware state law should determine the date of commencement.[1]  Defendant has not suggested any compelling reason for disregarding the above precedent and applying the law of a state in which no procedural actions have been taken over the law of the state under which the entirety of this case has been conducted.

**2.    Under Applicable Law, the Date of Commencement Is the Initial Date of Filing.**

Delaware Superior Court Civil Rule 3(a) provides that an action is commenced by filing with the Prothonotary a complaint and a praecipe.  The Original Complaint and praecipe were filed with the Prothonotary on February 28, 2006. (Original Complaint, attached as Exhibit G; *see* Praecipe, February 28, 2006, attached as Exhibit I).   This action was therefore commenced for purposes of the one year period for removal on February 28, 2006.

**a.    The Relation Back Doctrine Does Not Apply in the Removal Context.**

Defendant has attempted to cloud the issue with an irrelevant argument that the relation back doctrine changes the commencement date to the date it was added to the case.  The relation back doctrine, however, does not apply in the context of determining the one year removal period.  In fact, Defendant was unable to cite a single Delaware case applying the relation-back doctrine in the removal context.   The majority of Defendant's cases address situations involving statutes of limitations, not removal under the one year period in section 1446(b).

---

[1] Because Delaware law applies, Defendant's arguments regarding relation-back doctrine and inexcusable neglect based in Washington law are irrelevant.

8

Under its relation-back argument, Defendant attempts to argue that an amended complaint that adds a new party does not "relate back" to the initial complaint. Defendant's cases are plainly inapplicable to the present case, however, as they merely address the relation back doctrine in respect to a limitations defense. *See e.g. Schott v. Hechinger Co.*, No. CIV. A. 96C-06-012, 1997 WL 358306 (Del.Super. March 20, 1997) (unpublished) ("[T]he amendment relates back to the date of the original pleading pursuant to Rule 15(c)(3) so as to bar a statute of limitations defense. . . .").[2]

A statute of limitations is "designed to move suits expeditiously toward trial," and will necessarily "conflict with the strong public policy that seeks to dispose of litigation on the merits rather than on procedural grounds." *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007) (internal quotations omitted). Based on these principles, the relation-back doctrine, was created as an exception "to mitigate the harshness of the statute of limitations. . . ." *Id.* The relation-back doctrine would not serve any similar purpose in the removal context. The relation back doctrine seeks to ensure that cases are disposed on the merits, rather than being dismissed on procedural grounds. *Id.* The one year period for removal seeks to limit federal removal jurisdiction and has nothing to do with ensuring that cases are disposed on the merits. More importantly, the relation back doctrine would completely defeat the express purpose of the one year period for

---

[2]The cases cited by Defendant that actually do address the one year period for removal are all from outside the third circuit and/or find the removal period does not apply for reasons other than the relation-back doctrine (*Haywood v. Tribeca Lending Corp.*, No. Civ.A.2:06CV108-P-A, 2006 WL 2708578 (N.D.Miss. Sept. 20, 2006) - case initially removable therefore one year period did not apply); or they are factually distinguishable (*Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801 (5th Cir. 2006) - addressing the Class Action Fairness Act which specifically exempts amended defendants from the one year period for removal); *Pierson v. Scott*, No. C 06-6503 PJH, 2007 WL 160924 (N.D.Cal. Jan. 17, 2007) - applying California law).

removal by expanding the period a case could be removed and increasing the number of cases in federal courts.

Because the purposes of statutes of limitations and the one year period for removal are completely different, and even contrasting, and because the relation-back doctrine in the removal context would undermine congressional intent, cases utilizing the relations-back doctrine in the limitations context are not at all useful in assessing the timeliness of a removal by a defendant added in an amended complaint.[3]  Consequently, this Court should disregard Defendants' arguments regarding the relation-back doctrine.

> **b.**    **Congress Expressed No Intent to Allow the Loophole Defendant Encourages this Court to Create.**

In concert with its relation-back argument, Defendant repeatedly asserts that the case recommenced for purposes of the one year period for removal upon the filing of an amendment adding it to the case. There is no provision in law, however, for any such recommencement. Defendant is simply seeking a loophole that does not exist and was not intended by Congress.  If Congress had intended for the one year period for removal to start anew whenever a new defendant were added to a case, it could simply have inserted such a provision in section 1446(b). Alternatively, Congress could have included language that would toll the time period separately for each claim or each defendant.  Congress took neither of these actions.  Because Congress chose not to make the one year period for removal party specific, it should be assumed it was not Congress'

---

[3]Defendant also cites cases involving the Class Action Fairness Act ("CAFA").  The CAFA specifically exempts amended defendants from the one year period of removal.  If amended defendants were already allowed this exemption it would be unnecessary to include such a provision in the CAFA.  Regardless, because of this distinction, the cases cited by Defendant involving CAFA are irrelevant.

intent to do so. *See Sasser v. Ford Motor Co.*, 126 F.Supp.2d 1333 (M.D. Ala.2001); *see also Sledz v. Flintkote Co.*, 209 F.Supp.2d 559 (D.Md. July 11, 2002).

This logic is also in line with the plain language of § 1446(b). In a case not initially removable the notice of removal must be filed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper" indicating that the case has become removable. 28 U.S.C. § 1446(b). In such a case, a defendant is granted a measure of protection because the clock for filing a notice of removal does not start running until the defendant receives actual notice that the case has become removable. In contrast, Congress did not use such protective language with regard to the one year limitation. Instead, the one year time period is measured from the "commencement of the action." *Id.* The decision to provide protection for later added defendants regarding the 30 day deadline, while limiting the ultimate period for removal balances the interests involved. This balance should not be disturbed by judicial intervention.

### 3.    The One Year Period Is Mandatory.

Contrary to Defendant's position, the one year period for removal is mandatory. *Robinson v. Ruiz*, 772 F.Supp. 212 (D.Del. 1991); *see generally* 14A C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure, § 3732 at 527-30 (2d ed. 1985).  This is even supported by the very case Defendant cites to rebut this assertion. Defendant cites *Ariel Land Owners,* and asserts that the one year period is not mandatory because it is not jurisdictional. Contrary to Defendant's assertion, *Ariel Land Owners* actually acknowledges that the language is mandatory, but not necessarily jurisdictional. *See Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 n.22 (3rd Cir. 2003) (acknowledging that the one year period is "mandatory language"). A requirement may be

mandatory while at the same time not being jurisdictional. A mandatory rule must be followed, however if a party fails to object to violation of a mandatory rule it may be waived. Consequently if Plaintiff had failed to timely object to Defendant's removal, the objection would have been waived. It does not, as Defendant suggests, permit the one year period for removal to simply be discarded on a whim.

**F.    The Removal Should Not Be Permitted to Stand on an Equitable Exception That Does Not Exist.**

Defendant argues that it should be granted an equitable exception to the mandatory one year period for removal based on inequitable conduct. Defendant has not cited a single case in the third circuit that would permit such an exception. This is not surprising considering that not a single case in the entire third circuit has permitted an equitable exception to avoid the absolute one year deadline. Instead of basing its argument on any binding law, Defendant instead argues that it should be permitted to violate the one year period because Plaintiff has acted in bad faith in prosecuting its case against Defendant. Defendant, however, has failed to present any evidence of bad faith. As discussed above, Defendant only presents empty allegations, supported only by examples of appropriate conduct on the part of Plaintiff or misrepresentations of the Plaintiff's conduct. *Supra* at 3-5.

If plaintiff truly intended to manipulate the proceedings, she could simply have waited until one year had passed before settling with the all the other defendants. This was not the case, as the settlements with regard to the last remaining defendants were entered into weeks before the one year period for removal expired. (*See* Settlement Agreement (redacted) attached as Exhibit J; *see*

12

correspondence dated March 12, 2007, attached as Exhibit D; *see* correspondence dated March 13, 2007, attached as Exhibit G; *see* Order, January 17, 2007, at 5, attached as Exhibit K).

      Additionally, as discussed above, Plaintiff agrees that the deposition testimony identifying Defendant as exposing the decedent to asbestos containing products may not be used against Defendant.  Hence, why would Plaintiff purposefully choose to delay amending the complaint until a time when the deposition testimony could not be used.  Such is truly at odds with Defendant's assertion that Plaintiff has tried to gain an advantage against Defendant by delaying amendment until after Mr. Collins' death.

      Even if the allegations made by Defendant were actually true or if the conduct of Plaintiff was even questionable, it should be noted that "facts that could indicate forum manipulation are not enough to demonstrate actual forum manipulation." *Blue v. Equifax Info. Servs., LLC*, Slip Copy, 2007 WL 602295 (N.D.Cal.,2007).  "A plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Sledz v. Flintkote Co.*, 209 F.Supp.2d 559 (D.Md. 2002).  In short, an allegation that a defendant should have been joined in a case sooner, particularly when the Plaintiff was actively investigating the viability of a claim against the defendant, does not arise to the level of bad faith manipulation that would permit an exception to the mandatory one year period, assuming any such exception exists.

## II.    CONCLUSION

Volkswagen failed to timely remove this case to federal court.  This case should be remanded to state court without further delay.

Respectfully submitted,

**WEISS & SAVILLE, P.A.**
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington, DE 19899
Phone: 302/656-0400
Fax:  302/656-5011

By:    /s/ Yvonne Takvorian Saville
          Yvonne Takvorian Saville, #3430

*~ and ~*

**BARON & BUDD, P.C.**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
Phone:  214/521-3605
Fax:  214/520-1181

*Attorneys for Plaintiffs*

Date: May 4, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2007, a true and correct copy of the above and foregoing instrument was served via LEXIS NEXIS eFile and Serve system to all counsel of record.

/s/ Yvonne Takvorian Saville
Yvonne Takvorian Saville, #3430

14

# EXHIBIT A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 7 2007

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

## *(SEE ATTACHED SCHEDULE)*

## *CONDITIONAL TRANSFER ORDER (CTO-276)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,014 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# EXHIBIT B

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

EFiled: Aug 17 2006 5:00PM EDT
Transaction ID 12109224

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : <br> : <br> : | C.A. No. 06C-02-281 ASB |
| | : | ASBESTOS |
| Plaintiff(s) | : <br> : | |
| vs. | : <br> : | |
| METROPOLITAN LIFE INSURANCE COMPANY, INC., ET AL., | : <br> : <br> : | |
| Defendant(s). | : <br> : | |

**PLAINTIFFS'  MOTION TO AMEND THE COMPLAINT
TO ADD CERTAIN DEFENDANT**

      1.     Plaintiffs, by and through their counsel, Jacobs & Crumplar, P.A., hereby move

this Honorable Court to amend the complaint to add Defendant VOLKSWAGON OF AMERICA, INC.

      2.     The caption shall read as follows:

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| METROPOLITAN LIFE INSURANCE COMPANY; | : <br> : <br> : |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : <br> : <br> : |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : <br> : <br> : <br> : |
| KELLY-MOORE PAINT COMPANY, INC.; | : <br> : |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : <br> : <br> : |
| CERTAINTEED CORPORATION; | : <br> : |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : <br> : <br> : <br> : <br> : |

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS);    :
                                                                                  :
GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.);    :
                                                                                  :
AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);    :
                                                                                  :
CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);    :
                                                                                  :
HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-bc-merger to HAVEG CORPORATION);    :
                                                                                  :
RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);    :
                                                                                  :
UNION CARBIDE CORPORATION;    :
                                                                                  :
DANA CORPORATION;    :
                                                                                  :
CRANE COMPANY;    :
                                                                                  :
INGERSOLL-RAND COMPANY;    :
                                                                                  :
CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);    :
                                                                                  :
3M COMPANY (individually and f/k/a MINNESOTA, MINING, AND MANUFACTURING COMPANY, a/k/a "3M");    :
                                                                                  :
T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);    :
                                                                                  :
PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);    :
                                                                                  :
KAISER GYPSUM COMPANY, INC.;    :
                                                                                  :
KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);    :
                                                                                  :
HANSON PERMANENTE CEMENT, INC.    :

(f/k/a KAISER CEMENT CORPORATION,
individually and as successor-in-interest to
KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-
interest to BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and
as successor-in-interest to RPM, INC., and
BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-
by-merger to CBS CORPORATION, successor-
by-merger to WESTINGHOUSE ELECTRIC
CORPORATION);

THE GOODYEAR TIRE & RUBBER
COMPANY;

BORGWARNER MORSE TEC, INC.,
(individually and successor in interest to BORG-
WARNER CORPORATION);

BORGWARNER, INC.,(individually and
successor in interest to BORG-WARNER
CORPORATION);

HONEYWELL INTERNATIONAL, INC.
(individually and as successor-in-interest to
ALLIED-SIGNAL, INC. and THE BENDIX
CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a
CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNUEMO ABEX, LLC (individually and as
successor-by-merger to PNEUMO ABEX
CORPORATION, successor-in-interest to ABEX
CORPORATION f/k/a AMERICAN BRAKE
SHOE COMPANY, f/k/a AMERICAN BRAKE
SHOE and FOUNDRY COMPANY including the
AMERICAN BRAKEBLOK DIVISION,
successor-by-merger to the AMERICAN BRAKE
SHOE and FOUNDRY COMPANY and THE
AMERICAN BRAKEBLOK CORPORATION,
f/k/a THE AMERICAN BRAKE MATERIALS
CORPORATION);

MAREMONT CORPORATION (a subsidiary of
ARVIN INDUSTRIES, INC., individually and as
successor-in-interest to GRIZZLY
MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC., (individually
and as successor by merger to AMMCO TOOLS,

Page 3

INC. and AMMCO TOOLS, CO., d/b/a AMMCO
TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY,
INC.;

VOLKSWAGON OF AMERICA, INC.

      Defendants.

    3.     References in the body of the complaint to Defendants should include the defendant added by

this motion.

     Plaintiffs respectfully request that an order be entered allowing the amendment as set forth above.

**JACOBS & CRUMPLAR, P.A.**

By:   /s/Robert Jacobs Esquire_____
        Robert Jacobs Esquire, #0244
        2 East 7th Street
        P.O. Box 1271
        Wilmington, DE 19899
        (302) 656-5445
        Attorney for Plaintiff

Date:  August 17, 2006

# EXHIBIT C

**SO ORDERED**

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

N RE : ASBESTOS LITIGATION              :        C.A. No. : 77C-ASB-2

### MASTER TRIAL SCHEDULING ORDER
### AND TABLE OF TRIAL SCHEDULE ABSTRACTS
### (Amended on  :  December 11, 2006)

**AND NOW TO WIT**, on this 11th day of December, 2006, in order to clarify the record nd avoid confusion with regard to those cases assigned trial dates and to avoid confusion and isputes in the future;

**IT IS HEREBY ORDERED THAT:**

(1)     This Order lists all asbestos litigation matters set for trial as of the date of its issue nd shall be known as the "Master Trial Scheduling Order".  Amended versions of this Order hall be filed from time to time as the trial dates set herein pass and as new trial dates and trial roupings are established.  Any amendments to this Order required as a result of changes made ursuant to the provisions of Paragraph 2 hereof shall also result in the filing of an amended ersion of this Order.  All amended versions of this Order shall clearly indicate the date of the mendment in the caption hereof.

(2)     Informal and/or oral requests for any changes to the provision of this Order will ot be entertained.

(3)     Any party seeking to add any matter to an existing trial grouping, re-align trial groupings, delete a matter from a trial grouping, move or assign any particular matter to or from a particular trial date, create trial groupings in addition to or in place of those groupings

established by this Order, or otherwise alter the provisions of this Order shall follow the following procedures:

(a)    Any plaintiff wishing to alter the provisions of this Order shall advise Loreto P. Rufo, Esq., as Defense Coordinating Counsel of the changes requested and the reasons therefore. Defense Coordinating Counsel shall communicate with all defense counsel and shall advise plaintiff of its position, the position of defendants as a group, and any specific or individual defendant issues with regard to such changes within five (5) business days of the date of notification of requested changes. In the event no objections are raised to the requested changes, Defense Coordinating Counsel shall prepare and file an amended version of this Order which shall be entered by the Court. In the event agreement can not be reached with regard to the requested changes, plaintiff shall file a formal motion seeking such changes. Such motion shall be captioned as a "Motion to Alter Master Trial Scheduling Order As Amended On ___" and shall be filed in the general civil action number: 77C-ASB-2 as well as in the civil action number corresponding to any particular matter directly affected by the changes requested. All parties shall be noticed and served with any such Motion. Loreto P. Rufo, Esq., as Defense Coordinating Counsel., shall be served with a copy of such Motion. The form of Order submitted with any such Motion will indicate, with particularity and specificity, the changes to this Order requested. Within five (5) business days of this Court's ruling on any such Motion, defense Coordinating Counsel shall prepare and file an amended version of this Order which shall reflect the changes made and which shall be entered by the Court.

(b)    Any defendant wishing to alter the provisions of this Order shall advise plaintiffs' counsel and Loreto P. Rufo, Esq., as Defense Coordinating Counsel of the changes requested and the reasons therefore. Defense Coordinating Counsel shall communicate with

other defense counsel and with plaintiffs' counsel and shall advise the requesting defendant of its

position, the position of other defendants, and the position of plaintiffs' counsel with regard to

such changes within five (5) business days of the date of notification of requested changes. In

the event no objections are raised to the requested changes, Defense Coordinating Counsel shall

prepare and file an amended version of this Order which shall be entered by the Court. In the

event agreement can not be reached with regard to the requested changes, the requesting

defendant shall file a formal motion seeking such changes. Such motion shall be captioned as a

"Motion to Alter Master Trial Scheduling Order As Amended On ___" and shall be filed in the

general civil action number: 77C-ASB-2 as well as in the civil action number corresponding to

any particular matter directly affected by the changes requested. All parties shall be noticed and

served with any such Motion. Loreto P. Rufo, Esq., as Defense Coordinating Counsel., shall be

served with a copy of such Motion. The form of Order submitted with any such Motion will

indicate, with particularity and specificity, the changes to this Order requested. Within five (5)

business days of this Court's ruling on any such Motion, defense Coordinating Counsel shall

prepare and file an amended version of this Order which shall reflect the changes made and

which shall be entered by the Court.

(2)    The following is a compilation of trial groupings currently in place and a Table of

Trial Schedule Abstracts for each trial setting. The dates set on the Table of Trial Schedule

Abstracts may be altered upon agreement by and between counsel. Defense Coordinating

Counsel shall be notified of any such accommodations or agreements reached by and between

counsel. In the event a formal motion to alter pretrial deadline dates is required, the requesting

party shall file caption the motion as a "Motion to Alter Master Trial Scheduling Order As

Amended On ___" and it shall be filed in the general civil action number: 77C-ASB-2 as well

as in the civil action number corresponding to any particular matter directly affected by the changes requested.   All parties shall be noticed and served with any such Motion.  Loreto P. Rufo, Esq., as Defense Coordinating Counsel., shall be served with a copy of such Motion. Within five (5) business days of this Court's ruling on any such Motion, defense Coordinating Counsel shall prepare and file an amended version of this Order which shall reflect the changes made and which shall be entered by the Court.

| TRIAL DATE | : | January 3, 2007 |
| PLAINTIFFS' COUNSEL | : | Jacobs & Crumplar, PA |

*HUDSON TRIAL GROUP*

| Harry Hudson | C.A. No. : 03C-06-130 |
| Edward Smack | C.A. No. : 04C-03-053 |
| Alfred Croce | C.A. No. : 03C-09-003 |
| Theodore Dixon | C.A. No. : 04C-01-106 |
| Scott Arterbridge | C.A. No. : 03C-05-031 |
| Henry Wenke | C.A. No. : 03C-10-277 |
| Harold Walker | C.A. No. : 05C-03-058 |
| Lester Trice, Jr. | C.A. No. : 03C-07-171 |
| Warren Saunders | C.A. No. : 03C-06-001 |
| Robert Jefferson | C.A. No. : 03C-04-265 |
| Edwin Opalcysnski | C.A. No. : 04C-03-264 |
| Wyatt Winfree | C.A. No. : 05C-12-114 |

| **TRIAL DATE** | **:** | **February 7, 2007** | |
|---|---|---|---|
| **PLAINTIFFS' COUNSEL** | **:** | **Barron & Budd** | |

| *COTE  TRIAL GROUP* | William Cote | C.A. No. : 05C-09-268 |
|---|---|---|
| | John Sheldon | C.A. No. : 05C-08-206 |
| | Moscoe King | C.A. No. : 05C-11-125 |
| | Charles Lentile | C.A. No. : 05C-11-256 |
| | James Collins | C.A. No. : 06C-02-281 |
| | William Kountz | C.A. No. : 06C-02-223 |
| | Marlon Owens | C.A. No. : 06C-02-241 |
| | Roland Grenier | C.A. No. : 05C-11-257 |
| | Lyle Foltz | C.A. No. : 05C-10-325 |
| | Hugo Engel | C.A. No. : 05C-09-083 |
| | Virgil Brauer | C.A. No. : 05C-08-049 |
| | Oliver Sandahl | C.A. No. : 05C-11-057 |
| | Arnold Eudy | C.A. No. : 05C-10-323 |
| | William Modelewski | C.A. No. : 05C-09-192 |
| | Kenneth Beard | C.A. No. : 05C-11-158 |
| | John Bassett | C.A. No. : 05C-07-122 |
| | Rollin Overstreet | C.A. No. : 05C-09-037 |
| | Eustachico Lupone | C.A. No. : 05C-11-063 |
| | George Thomas | C.A. No. : 05C-11-106 |
| | Barry Smith | C.A. No. : 06C-02-265 |

| TRIAL DATE | : | April 4, 2007 |
| PLAINTIFFS' COUNSEL | : | Law Offices of Peter G. Angelos |

| | | |
|---|---|---|
| *MAUCHIN TRIAL GROUP* | John Helm | C.A. No. : 01C-11-239 |
| | Ronald L . Irwin | C.A. No. : 01C-10-240 |
| | Robert Stymerski | C.A. No. : 01C-06-151 |
| | Joseph Christopher | C.A. No. : 02C-07-265 |
| | James J. Mauchin | C.A. No. : 01C-05-261 |
| | Louis P. Fournarakis | C.A. No. : 01C-07-103 |
| | Joseph J. Pawlowicz | C.A. No. : 01C-05-258 |
| | Carl E. Schiavoni | C.A. No. : 01C-04-068 |
| | William Vaughn | C.A. No. : 01C-06-154 |
| | Paul Barkus | C.A. No. : 02C-03-056 |
| | Joseph Pennington | C.A. No. : 02C-03-219 |
| | James A. Jones | C.A. No. : 02C-05-166 |
| | Harry Toy | C.A. No. : 02C-08-093 |
| | Michael DiMatteo | C.A. No. : 01C-11-015 |
| | Ronald L. Marks | C.A. No. : 02C-06-210 |
| | Wayne Stille | C.A. No. : 03C-03-297 |
| | Marshall J. Fields | C.A. No. : 02C-03-279 |
| | Lucious Pringle | C.A. No. : 02C-02-066 |
| | Ronald McKelvey | C.A. No. : 01C-07-121 |
| | Warren Whiteside | C.A. No. : 02C-08-298 |
| | Hugh Dougherty | C.A. No. : 02C-09-004 |
| | Stephen W. Pringle | C.A. No. : 02C-08-205 |
| | Thomas Archie | C.A. No. : 02C-08-204 |
| | | |
| *WOOLEYHAN TRIAL GROUP* | John F. Betley | C.A. No. : 02C-01-041 |
| | Drexel Biddle | C.A. No. : 02C-03-194 |
| | James F. Wooleyhan | C.A. No. : 00C-08-028 |
| | | |
| *JUSTIS TRIAL GROUP* | Stanley Justis | C.A. No. : 02C-03-005 |
| | Mary Patten | C.A. No. : 02C-02-206 |
| | Joseph Todd | C.A. No. : 02C-03-193 |
| | Mary E. Good | C.A. No. : 02C-08-239 |
| | | |
| *BACHMAN TRIAL GROUP* | Daniel E. Bachman | C.A. No. : 02C-04-280 |
| | John J. Healy | C.A. No. : 02C-07-264 |
| | Forrest Boetcher | C.A. No. : 02C-06-075 |
| | Michael Bove | C.A. No. : 02C-06-074 |
| | Theodore Pankowski | C.A. No. : 02C-06-225 |
| | Albert J. Conner | C.A. No. : 02C-03-206 |

| | | |
|---|---|---|
| *BARKUS TRIAL GROUP* | John A. Booth | C.A. No. : 02C-04-108 |
| | Eutice Waters | C.A. No. : 02C-01-251 |
| *HOLLERAN TRIAL GROUP* | Delmer T. Kilby, Sr. | C.A. No. : 02C-06-110 |
| | Edward A. Slavin | C.A. No. : 02C-08-042 |
| | Richard S. Ferguson | C.A. No. : 02C-08-016 |
| *MARSHALL TRIAL GROUP* | Larry S. Marshall | C.A. No. : 02C-07-249 |
| | James W. Ryan | C.A. No. : 01C-12-172 |
| *SYLVESTRO TRIAL GROUP* | Paige Montgomery | C.A. No. : 02C-02-207 |
| | Dewey Pierce | C.A. No. : 02C-04-128 |
| *VINCENT TRIAL GROUP* | Conrad G. Heinhold | C.A. No. : 02C-08-095 |
| | Charleston J. Scott | C.A. No. : 02C-02-012 |
| *ROBSON TRIAL GROUP* | John W. Robson | C.A. No. : 02C-02-205 |
| | Coy Snow | C.A. No. : 02C-02-067 |
| | Eugene Thompson | C.A. No. : 02C-02-011 |
| | John Whitby, Sr. | C.A. No. : 02C-02-065 |
| *BROWER TRIAL GROUP* | Charles Brower | C.A. No. : 02C-08-299 |
| | Harvey Fisher | C.A. No. : 02C-08-296 |
| | Richard Newman | C.A. No. : 02C-09-001 |
| *DIOSSI TRIAL GROUP* | Rocca A. DiOssi | C.A. No. : 02C-08-291 |
| | John Watson | C.A. No. : 02C-08-297 |
| | Edward A. Lesniczak | C.A. No. : 02C-08-294 |
| | Paul Shannon | C.A. No. : 02C-09-006 |

* * * * * * * * * * * * * * *

| | | |
|---|---|---|
| *KOSSEK TRIAL GROUP* | James Kossek | C.A. No. : 02C-08-067 |
| | Clarence Bailey | C.A. No. : 03C-06-245 |
| | John P. Crowley, Jr. | C.A. No. : 03C-05-190 |
| | Larre M. Jones | C.A. No. : 02C-04-075 |
| | | C.A. No. : 03C-12-034 |
| *NYCE TRIAL GROUP* | Benjamin F. Nyce | C.A. No. : 02C-08-241 |
| | Columbus Nacchia | C.A. No. : 02C-08-240 |
| | William L. Milliken | C.A. No. : 02C-08-292 |
| | Stanley Zgleszewsk | C.A. No. : 02C-08-293 |
| | Francis Hackendorn | C.A. No. : 02C-08-300 |
| | David Stevenson | C.A. No. : 03C-05-170 |
| *SWEETMAN TRIAL GROUP* | Clarence Sweetman | C.A. No. : 02C-09-005 |

|  | Charles W. Hanagan | C.A. No. : 02C-09-003 |
|  | Earl L. Hudson | C.A. No. : 02C-09-002 |
|  | Monte Tabor | C.A. No. : 03C-01-250 |
| *CRUMP TRIAL GROUP* | Alfred Crump | C.A. No. : 02C-09-242 |
|  | Irma Crump | C.A. No. : 02C-09-241 |
|  | Michael Federowicz | C.A. No. : 02C-12-014 |
|  | James E. Parker, Sr. | C.A. No. : 03C-03-160 |
|  | Donald Tibbitt | C.A. No. : 03C-02-095 |
| *PENOZA TRAL GROUP* | Gerald R. Penoza | C.A. No. : 02C-10-020 |
|  | Robert Rozenko | C.A. No. : 02C-11-010 |
|  | John Hopkins | C.A. No. : 03C-01-123 |
|  | John O. Flynn | C.A. No. : 03C-01-138 |
|  | William Porter | C.A. No. : 02C-12-093 |
| *STRAB TRIAL GROUP* | Francis Strab | C.A. No. : 04C-06-256 |

**TRIAL DATE**               :    **May 16, 2007**
**PLAINTIFFS' COUNSEL**      :    **Bifferato, Gentilotti, Biden & Balick**

*METZGER TRIAL GROUP*        Wilda Metzger         C.A. No. : 05C-07-109
                             William Losi          C.A. No. : 05C-09-214
                             Eleanor Losi          C.A. No. : 06C-06-011
                             Amey Coston           C.A. No. : 05C-05-167
                             Dana Bandin           C.A. No. : 05C-07-206
                             Gary Gerdes           C.A. No. : 06C-07-047
                             Vera Campbell         C.A. No. : 05C-06-083
                             Maudie Powell         C.A. No. : 05C-10-021
                             Dorothy Snell         C.A. No. : 05C-05-341
                             Robert Overby         C.A. No. : 05C-05-329
                             Phillip Koontz        C.A. No. : 05C-06-216
                             Harry Nalbandian      C.A. No. : 05C-08-148
                             William Tofaute       C.A. No. : 06C-01-016
                             Antoinette Vortriede  C.A. No. : 05C-05-247
                             Donald Barker         C.A. No. : 05C-08-262
                             Wilma Blackwell       C.A. No. : 05C-12-223
                             Francisco Vigil       C.A. No. : 06C-02-028
                             Isaiah Fenner         C.A. No. : 05C-05-274
                             Betty Gill            C.A. No. : 05C-11-242
                             Lillian Harwood       C.A. No. : 06C-08-224

TRIAL DATE                    :        July 11, 2007
PLAINTIFFS' COUNSEL           :        Jacobs & Crumplar

| | | |
|---|---|---|
| *JUSTICE TRIAL GROUP* | Ralph Justice | C.A. No. : 03c-04-122 |
| | Dewey Smith | C.A. No. : 03C-05-032 |
| | Charles Snyder | C.A. No. : 03C-04-266 |
| | William Treml | C.A. No. : 04C-03-183 |
| | | |
| *RAYMOND TRIAL GROUP* | Joseph Raymond | C.A. No. : 04C-04-304 |
| | Austin Burke | C.A. No. : 03C-07-126 |
| | Joseph McNulty | C.A. No. : 03C-11-116 |
| | Claude Smith | C.A. No. : 03C-02-029 |
| | Edward Vincent | C.A. No. : 03C-10-125 |
| | | |
| *LUNDY TRIAL GROUP* | Neil Lundy | C.A. No. : 04C-09-216 |
| | William T. Brown | C.A. No. : 04C-09-111 |
| | Robert Venabales | C.A. No. : 04C-08-077 |
| | | |
| *LAMBERT TRIAL GROUP* | Mary Lambert | C.A. No. : 04C-06-287 |
| | Ralph Reynolds | C.A. No. : 04C-07-060 |
| | Lilian Riedel | C.A. No. : 04C-07-099 |
| | | |
| *MATHEWSON TRIAL GROUP* | Austin Foley | C.A. No. : 05C-03-069 |
| | William Mathewson | C.A. No. : 06C-02-146 |
| | Plaxico, Mary | C.A. No. : 05C-06-069 |
| | Alvin Binns | C.A. No. : 05C-12-153 |
| | Emmit Hayes | C.A. No. : 05C-02-245 |
| | Joseph McFaul | C.A. No. : 05C-10-178 |
| | Mitchell Fawcett | C.A. No. : 05C-10-322 |
| | Mary Campbell | C.A. No. : 04C-10-153 |
| | Melton Gray | C.A. No. : 06C-04-230 |
| | Pauline Largin | C.A. No. : 04C-01-153 |
| | Edwin Kuhwald | C.A. No. : 04C-03-214 |
| | Francis Conley | C.A. No. : 06C-02-118 |
| | Carmen Stigliano | C.A. No. : 05C-06-263 |

| TRIAL DATE | : | August 29, 2007 | |
|---|---|---|---|
| PLAINTIFFS' COUNSEL | : | Law Offices of Peter G. Angelos | |

| *KILOSKI TRIAL GROUP* | Grant Kiloski | C.A. No. : 03C-11-101 |
|---|---|---|
| | Olive Mandell | C.A. No. : 04C-03-222 |
| | Joseph Celli | C.A. No. : 04C-03-364 |
| | James Moss | C.A. No. : 04C-06-308 |
| | Francis G. Choma | C.A. No. : 02C-03-195 |
| | Diana L. Slavin | C.A. No. : 02C-09-243 |
| | Robert A. Foraker | C.A. No. : 02C-09-163 |

| *VAHEY TRIAL GROUP* | Robert Vahey | C.A. No. : 03C-07-169 |
|---|---|---|
| | Brenda Hunter | C.A. No. : 03C-07-170 |
| | James Corradin | C.A. No. : 03C-12-033 |
| | Andrew Smith | C..A. No. : 03C-07-105 |
| | Joseph Kossek | C.A. No. : 03C-10-278 |
| | John Griffith | C.A. No. : 00C-06-150 |

| *SWIATEK TRIAL GROUP* | Joseph Swiatek | C.A. No. : 03C-08-136 |
|---|---|---|
| | Alan Cephas | C.A. No. : 03C-08-138 |
| | Joseph Kalinowski | C.A. No. : 04C-06-303 |
| | Michael Swiatek | C.A. No. : 04C-01-178 |
| | Ralph Ryan | C.A. No. : 04C-05-108 |
| | David Holleran | C.A. No. : 02C-04-281 |

| *NEFOROS TRIAL GROUP* | Peter Neferos | C.A. No. : 03C-05-189 |
|---|---|---|
| | Homer Jennings | C.A. No. : 03C-12-032 |
| | Elmer Cochran | C.A. No. : 03C-08-001 |
| | Albert DelPizzo | C.A. No. : 04C-05-268 |
| | Charles Campbell | C.A. No. : 01C-12-136 |
| | Carl T. Gibson | C.A. No. : 02C-11-156 |
| | Mark Krause | C.A. No. : 03C-01-124 |

| *MITCHELL TRIAL GROUP* | Carlton Mitchell | C.A. No. : 00C-10-121 |
|---|---|---|
| | Albert Cruciano | C.A. No. : 01C-06-302 |
| | James Bradley | C.A. No. : 03C-07-248 |
| | Robert P. Fritz | C.A. No. : 06C-02-194 |

| *SHEPHERD TRIAL GROUP* | Arthur Shepherd | C.A. No. : 00C-10-120 |
|---|---|---|
| | Theodore Shields | C.A. No. : 01C-06-096 |

| **TRIAL DATE** | : | **October 17, 2007** |
| **PLAINTIFFS' COUNSEL** | : | **Barron & Budd** |

| *MOSES TRIAL GROUP* | Samuel Moses | C.A. No. : 05C-08-207 |
| | Glenn Bourke | C.A. No. : 05C-11-266 |
| | Leon Krebs | C.A. No. : 05C-10-177 |
| | Michael McGuire | C.A. No. : 05C-08-222 |
| | Robert Rice | C.A. No. : 05C-09-034 |
| | Harold Switzer | C.A. No. : 05C-08-039 |
| | John Gerlach | C.A. No. : 05C-09-179 |
| | Deborah Enenbach | C.A. No. : 05C-10-261 |
| | Donald McLellan | C.A. No. : 05C-12-061 |
| | Horace Durham | C.A. No. : 05C-07-136 |

**TRIAL DATE**              :    **November 28, 2007**
**PLAINTIFFS' COUNSEL**     :    **Bifferato, Gentilotti, Biden & Balick**

| | | |
|---|---|---|
| *BABBITT  TRIAL GROUP* | John Babbitt | C.A. No. : 05C-08-250 |
| | Roger Bellman | C.A. No. : 06C-02-258 |
| | Robert Coveney | C.A. No. : 05C-07-124 |
| | John Giannini | C.A. No. : 05C-08-248 |
| | Warren Henckel | C.A. No. : 05C-12-184 |
| | Julia Herndon | C.A. No. : 06C-03-101 |
| | Barbara Hintz | C.A. No. : 05C-08-249 |
| | Helen Kerr | C.A. No. : 06C-02-017 |
| | Jerry Luman | C.A. No. : 06C-06-051 |
| | Glen Maas | C.A. No. : 05C-11-159 |
| | Bruce Maynard | C.A. No. : 06C-02-070 |
| | Frances Reed | C.A. No. : 06C-04-142 |

**TRIAL DATE**              :     **January 23, 2008**
**PLAINTIFFS' COUNSEL**     :     **Jacobs & Crumplar**

|  |  |  |
|---|---|---|
| *WARD TRIAL GROUP* | Lester Ward | C.A. No. : 04C-07-287 |
| | William Conklin | C.A. No. : 04C-06-240 |
| | Robert Frederick | C.A. No. : 04C-08-087 |
| | Manuel Lluerma | C.A. No. : 04C-09-122 |
| *DORRIN TRIAL GROUP* | Edward Dorrin | C.A. No. : 04C-07-059 |
| | Mark McGrellis | C.A. No. : 04C-08-267 |
| | Carl Wilkerson | C.A. No. : 04C-08-268 |
| | Joseph Schmitt | C.A. No. : 04C-08-271 |

**TRIAL DATE**           :       **May 14, 2008**
**PLAINTIFFS' COUNSEL**  :       **Law Offices of Peter G. Angelos**

*DRAKE TRIAL GROUP*          Melvin Drake          C.A. No. : 04C-06-183

*SCZUBELEK TRIAL GROUP*      Walter Sczubelek      C.A. No. : 03C-08-149
                             Donald Hazewski       C.A. No. : 03C-08-137
                             Harold Hill           C.A. No. : 04C-03-126
                             Lawrence Whiteside    C.A. No. : 04C-06-306
                             Gary Sylvestro        C.A. No. : 03C-01-001

*MORGANSTERN TRIAL GROUP*    Thomas Morganstern    C.A. No. : 03C-09-001
                             Margaret Wilfong      C.A. No. : 03C-09-002
                             Kenneth Fanning       C.A. No. : 03C-12-043
                             Robert Magaw          C.A. No. : 03C-12-093
                             David Granger         C.A. No. : 03C-11-045

*ANGELINE TRIAL GROUP*       John McDermott        C.A. No. : 04C-01-176
                             Clifford Morris       C.A. No. : 04C-02-174
                             Alfred Angeline       C.A. No. : 04C-03-196
                             David McGinness       C.A. No. : 04C-01-229
                             Samuel Moore          C.A. No. : 04C-03-310

**TRIAL DATE**           :     **July 30, 2008**
**PLAINTIFFS' COUNSEL**  :     **Barron & Budd**

| | | |
|---|---|---|
| **TRIAL DATE** | **:** | **October 22, 2008** |
| **PLAINTIFFS' COUNSEL** | **:** | **Bifferato, Gentilotti, Biden & Balick** |

**TRIAL DATE**                   :        **December 3, 2008**
**PLAINTIFFS' COUNSEL**          :        **Jacobs & Crumplar**

| TRIAL DATE | : | January 14, 2009 |
| PLAINTIFFS' COUNSEL | : | Law Offices of Peter G. Angelos |

*STANCZAK TRIAL GROUP*

| Sigmund Stanczak | C.A. No. : 04C-01-130 |
| Frank Igo | C.A. No. : 04C-03-354 |
| Norman Robinson | C.A. No. : 04C-06-305 |
| Barry Bogart | C.A. No. : 04C-03-352 |
| Joseph Forrest, Jr. | C.A. No. : 04C-06-304 |

*T.JADEN TRIAL GROUP*

| Samuel Field | C.A. No. : 03C-07-208 |
| Francis Ciliberti | C.A. No. : 04C-08-089 |
| Melvin Tjaden | C.A. No. : 04C-03-353 |
| Robert Reynolds | C.A. No. : 04C-03-125 |
| Samuel Reed | C.A. No. : 04C-08-251 |

*LATTIS TRIAL GROUP*

| Patrick Lattis | C.A. No. : 03C-03-298 |
| George Schmidt | C.A. No. : 03C-11-125 |
| George Ramsey | C.A. No. : 03C-08-150 |
| Harry Congo | C.A. No. : 04C-05-196 |

*LOUGHREY TRIAL GROUP*

| Paul Loughrey | C.A. No. : 04C-03-365 |
| Stephen Dundon | C.A. No. : 04C-06-307 |
| Paul Casey | C.A. No. : 04C-09-012 |
| Everette Deakyne | C.A. No. : 04C-05-197 |
| Larry Blevins | C.A. No. : 04C-08-219 |

**TRIAL DATE**              :      **Unassigned 2009**
**PLAINTIFFS' COUNSEL**     :      **Barron & Budd**

| | | |
|---|---|---|
| **TRIAL DATE** | : | **Unassigned 2009** |
| **PLAINTIFFS' COUNSEL** | : | **Bifferato, Gentilotti, Biden & Balick** |

TRIAL DATE                    :        Unassigned 2009
PLAINTIFFS' COUNSEL           :        Jacobs & Crumplar

## TABLE OF TRIAL SCHEDULE ABSTRACTS

| (Previous) Standing Order No. 2 Item<br>And<br>Pretrial Scheduling Order Item | J&C<br>JAN<br>2007 |
|---|---|
| 1.   Notice Discovery Deficiencies | 03/03/06 |
| 2.   File Rule 12 Motions | 04/07/06 |
| 3.   Plaintiff Exams Done | 05/12/06 |
| 4.   Exchange of Non-Medical Witness<br>& Exhibit Lists<br>Plaintiffs' Medical Witness &<br>Exhibit List due | 06/09/06 |
| 5.   Defendant Medical Exams Done | 07/07/06 |
| 6.   Final Non-Medical Discovery | 07/07/06 |
| 7.   Defendants' Medical Witness &<br>Exhibit Lists due | 07/28/06 |
| 8.   Discovery Conf. (2:30 p.m.) | 08/03/06 |
| 9.   Final Medical Discovery Requests | 09/01/06 |
| 10.  Opening Summary Judgment Brief | 08/25/06 |
| 11.  SJ Response Brief Due | 09/22/06 |
| 12.  SJ Reply Brief Due | 10/06/06 |
| 13.  Final Witness Lists (Paired down from earlier submissions) | 10/06/06 |
| 14.  All Discovery Done | 11/09/06 |
| 15.  Pretrial Conference  (2:30 pm.) | 11/09/06 |
| Date For Plaintiffs' written settlement demands | 12/04/06 |
| Date For Defendants' written responses to settlement demands | 12/11/06 |
| Date for lines and pages designations | 12/01/06 |
| Date for lines and pages counter designations | 12/08/06 |
| Date for filing of Motions in Limine | 12/08/06 |
| Date for filing responses to Motions in Limine | 12/15/06 |
| Plaintiffs' Pretrial Memorandum provided to Defense Coordinating Counsel and circulated to all defense counsel | 12/11/06 |
| Defendants individual Pretrial Stipulations submitted to Defense | 12/18/06 |

| (Previous) Standing Order No. 2 Item And Pretrial Scheduling Order Item | J&C JAN 2007 |
|---|---|
| Coordinating Counsel | |
| Defendants' combined Pretrial Stipulation submitted to Plaintiffs | 12/22/06 |
| Pretrial Stipulation signed and filed with Court with hard copy delivered to Court | 12/29/06 |
| Prospective Witness Lists and Lists of First Week Witnesses filed with Filing ID Nos. provided to Commissioner | 12/29/06 |
| Date by which Defendants to contact Plaintiffs to schedule mandatory Settlement Conference/Mediation | None Issued |
| Date by which all Motions, Briefs, and Appendices/Exhibits for Summary Judgment to be provided to Defense Coordinating Counsel | TBA |
| Date for delivery of index to and hard copies of all pending Motions, Briefs, and Appendices/Exhibits for Summary Judgment to the Court | TBA |
| Oral arguments on Motions for Summary Judgment | TBA |
| Final Pretrial Conference and In Limine hearings | 01/04/07 01/05/07 |
| 17.  Trial Date (Jury Screening) | 01/03/07 |

| General Scheduling Order No. 1 Item And Pretrial Scheduling Order Item | **<br>B&B<br>FEB<br>2007 | **<br>PGA<br>APR<br>2007 | **<br>BGBB<br>MAY<br>2007 | J&C<br>JUL<br>2007 | PGA<br>AUG<br>2007 |
|---|---|---|---|---|---|
| Date to notice discovery deficiencies | 06/26/06 | 08/11/06 | 09/01/06 | 09/08/06 | 09/22/06 |
| Date for plaintiff to file motion seeking to establish the substantive law applicable to the matter | 07/07/06 | 08/25/06 | 09/15/06 | 09/08/06 | 09/22/06 |
| Date to correct discovery deficiencies noticed | 07/17/06 | 08/25/06 | 09/15/06 | 09/13/06 | 09/22/06 |
| Date to file Rule 12 Motions | 07/24/06 | 08/25/06 | 09/15/06 | 09/13/06 | 09/22/06 |
| Date to file motion to correct discovery deficiencies noticed but not corrected | 07/24/06 | 09/01/06 | 09/22/06 | 09/20/06 | 09/29/06 |
| Date for defendants' responses to plaintiffs' motion for establishment for substantive law | 07/24/06 | 09/07/06 | 09/28/06 | 09/20/06 | 10/06/06 |
| Date to file answers to Rule 12 motions | 07/31/06 | 09/07/06 | 09/28/06 | 09/20/06 | 10/13/06 |
| Date to exchange non-medical Witness and Exhibit Lists | 08/07/06 | 10/18/06 | 11/08/06 | 10/18/06 | 10/23/06 |
| Date for plaintiff to file medical Witness and Exhibit List | 08/14/06 | 11/08/06 | 11/29/06 | 10/18/06 | 10/23/06 |
| Date for plaintiffs to produce medical and diagnostic materials | 08/21/06 | 10/20/06 | 11/09/06 | 10/27/06 | 10/30/06 |
| Date to supplement prior discovery responses | 09/11/06 | 11/02/06 | 11/22/06 | 11/17/06 | 11/14/06 |
| Date for plaintiffs to produce non-medical expert reports or disclosures | 09/11/06 | 11/02/06 | 11/22/06 | 11/17/06 | 11/14/06 |
| Date for plaintiffs to produce medical expert reports | 09/11/06 | 11/08/06 | 11/29/06 | 11/17/06 | 11/14/06 |
| Date to initiate Alternative Dispute Resolution | 11/06/06 | 11/20/06 | 01/22/07 | 11/20/06 | 12/04/06 |
| Date for defendants' joint medical Witness and Exhibit list and defendants' joint medical expert reports | 10/16/06 | 11/10/06 | 12/08/06 | 01/12/07 | 01/12/07 |
| Date for final non-medical discovery requests | 10/27/06 | 12/01/06 | 12/22/06 | 01/02/07 | 02/02/07 |
| Date for defendants to produce non-medical expert reports or disclosures | 10/27/06 | 12/01/06 | 12/22/06 | 01/02/07 | 02/02/07 |
| Date for objections to any final non-medical discovery requests | 11/03/06 | 12/08/06 | 12/29/06 | 01/22/07 | 02/23/07 |
| Date to complete Alternative Dispute Resolution and report to Commissioner | 12/07/06 | 12/15/06 | 01/05/07 | 02/16/07 | 03/16/07 |
| Date for motions to compel any final non-medical discovery requested | 11/15/06 | 12/22/06 | 01/12/07 | 02/01/07 | 03/06/07 |
| Date for Commissioner's Discovery Conference | 09/07/06 | 11/09/06 | 01/12/07 | 02/01/07 | 03/15/07 |
| Date for completion of all factual/non-medical discovery | 11/27/06 | 01/05/07 | 01/26/07 | 02/06/07 | 03/06/07 |
| Date for opening brief and motion for summary judgment | 11/29/06 | 01/15/07 | 01/05/07 | 02/16/07 | 03/16/07 |

| General Scheduling Order No. 1 Item And Pretrial Scheduling Order Item | **<br>B&B<br>FEB<br>2007 | **<br>PGA<br>APR<br>2007 | **<br>BGBB<br>MAY<br>2007 | J&C<br>JUL<br>2007 | PGA<br>AUG<br>2007 |
|---|---|---|---|---|---|
| Date for individual defendants' medical Witness and Exhibit list and individual defendants' medical expert reports | 11/29/06 | 01/05/07 | 01/26/07 | 02/16/07 | 03/16/07 |
| Date for final medical discovery requests | 12/04/06 | 01/30/07 | 02/12/07 | 03/09/07 | 04/06/07 |
| Date for responsive brief or written notice not to oppose summary judgment | 12/13/06 | 02/15/07 | 01/19/07 | 03/09/07 | 04/06/07 |
| Date for reply brief supporting motion for summary judgment | 12/22/06 | 03/01/07 | 02/01/07 | 03/20/07 | 04/17/07 |
| Date for objections to any medical discovery requests | 12/11/06 | 12/29/06 | 01/19/07 | 03/30/07 | 04/27/07 |
| Date for motions to compel medical discovery requested | 12/18/06 | 01/17/07 | 02/01/07 | 04/09/07 | 05/07/07 |
| Date for completion of all medical discovery | 01/08/07 | 01/26/07 | 02/16/07 | 04/09/07 | 05/07/07 |
| Date to finalize and focus all witness and exhibit lists | 11/29/06 | 01/05/07 | 01/26/07 | 04/09/07 | 05/07/07 |
| Date for filing of motions in limine | 01/05/07 | 01/15/07 | 02/05/07 | 04/19/07 | 06/07/07 |
| Date for filing answers to motions in limine | 01/12/07 | 02/02/07 | 02/23/07 | 05/04/07 | 06/22/07 |
| Date for Commissioner's Pretrial Conference | 12/07/06 | 01/12/07 | 03/15/07 | 05/10/07 | 06/28/07 |
| Date For Plaintiffs' written settlement demands | 12/22/06 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date For Defendants' written responses to settlement demands | 12/29/06 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for lines and pages designations | 12/29/06 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for lines and pages counter designations | 01/05/07 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Plaintiffs' Pretrial Memorandum provided to Defense Coordinating Counsel and circulated to all defense counsel | 01/09/07 | 02/06/07 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Defendants individual Pretrial Stipulations submitted to Defense Coordinating Counsel | 01/16/07 | 02/08/07 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Defendants' combined Pretrial Stipulation submitted to Plaintiffs | 01/22/07 | 02/09/07 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Pretrial Stipulation signed and filed with Court with hard copy delivered to Court | 01/29/07 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Prospective Witness Lists and Lists of First Week Witnesses filed with Filing ID Nos. provided to Commissioner | 02/02/07 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date by which Defendants to contact Plaintiffs to schedule mandatory Settlement Conference/Mediation | 01/12/07 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date by which all Motions, Briefs, and Appendices/Exhibits for Summary Judgment to be provided to Defense Coordinating Counsel | 12/22/06 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for delivery of index to and hard copies of all pending Motions, Briefs, and Appendices/Exhibits for Summary Judgment to the Court | 12/29/06 | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Oral arguments on Motions for Summary Judgment | 01/11/07 10:00 am | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |

| General Scheduling Order No. 1 Item And Pretrial Scheduling Order Item | ** B&B FEB 2007 | ** PGA APR 2007 | ** BGBB MAY 2007 | J&C JUL 2007 | PGA AUG 2007 |
|---|---|---|---|---|---|
| Final Pretrial Conference and In Limine hearings | TBA | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Trial Date | 02/07/07 | 04/04/07 | 05/16/07 | 07/11/07 | 08/29/07 |

\*     **Additional Deadlines applicable to February 2007 B&B Trial Setting:**

| GENERAL SCHEDULING ORDER NO. 1 ITEM | DATE |
|---|---|
| Date for Completion of All Plaintiff Depositions | 09/29/06 |
| Date for Completion of All Product Identification/Coworker Depositions | 11/17/06 |

\*     **Additional Deadlines applicable to April 2007 PGA Trial Setting:**

| GENERAL SCHEDULING ORDER NO. 1 ITEM | DATE |
|---|---|
| Date for Completion of All Plaintiff Depositions | 10/31/06 |
| Date for Completion of All Product Identification/Coworker Depositions | 12/04/06 |
| Date to Have Completed Alternative Dispute Resolution and/or Settlement Conferences | 01/26/07 |

\*     **Additional Deadlines applicable to May 2007 BGBB Trial Setting:**

| GENERAL SCHEDULING ORDER NO. 1 ITEM | DATE |
|---|---|
| Date for Completion of All Plaintiff Depositions | 11/23/06 |
| Date for Completion of All Product Identification/Coworker Depositions | 12/22/06 |
| Date to Have Completed Alternative Dispute Resolution and/or Settlement Conferences | 02/28/07 |

| General Scheduling Order No. 1 Item And Pretrial Scheduling Order Item | ** B&B OCT 2007 | BGBB NOV 2007 | J&C JAN 2008 | PGA MAY 2008 | B&B JUL 2008 |
|---|---|---|---|---|---|
| Date to notice discovery deficiencies | 10/24/06 | 11/29/06 | 01/17/07 | 05/02/07 | 7/20/07 |
| Date for plaintiff to file motion seeking to establish the substantive law applicable to the matter | 11/13/06 | 12/19/06 | 02/06/07 | 05/22/07 | 08/10/07 |
| Date to correct discovery deficiencies noticed | 11/22/06 | 12/29/06 | 02/16/07 | 06/01/07 | 08/21/07 |
| Date to file Rule 12 Motions | 11/22/06 | 12/29/06 | 02/16/07 | 06/01/07 | 08/21/07 |
| Date to file motion to correct discovery deficiencies noticed but not corrected | 11/27/06 | 01/04/07 | 02/23/07 | 06/08/07 | 08/28/07 |
| Date for defendants' responses to plaintiffs' motion for establishment for substantive law | 12/01/06 | 01/09/07 | 03/02/07 | 06/15/07 | 09/04/07 |
| Date to file answers to Rule 12 motions | 12/12/06 | 01/19/07 | 03/12/07 | 06/26/07 | 09/14/07 |
| Date to exchange non-medical Witness and Exhibit Lists | 12/22/06 | 01/30/07 | 03/22/07 | 07/06/07 | 09/25/07 |
| Date for plaintiff to file medical Witness and Exhibit List | 12/22/06 | 01/30/07 | 03/22/07 | 07/06/07 | 09/25/07 |
| Date for plaintiffs to produce medical and diagnostic materials | 01/02/07 | 02/09/07 | 04/02/07 | 07/17/07 | 10/05/07 |
| Date to supplement prior discovery responses | 02/02/07 | 03/09/07 | 05/01/07 | 08/17/07 | 11/06/07 |
| Date for plaintiffs to produce non-medical expert reports or disclosures | 02/02/07 | 03/09/07 | 05/01/07 | 08/17/07 | 11/06/07 |
| Date for plaintiffs to produce medical expert reports | 02/02/07 | 03/09/07 | 05/01/07 | 08/17/07 | 11/06/07 |
| Date to initiate Alternative Dispute Resolution | 02/22/07 | 03/30/07 | 05/21/07 | 09/07/07 | 11/26/07 |
| Date for defendants' joint medical Witness and Exhibit list and defendants' joint medical expert reports | 04/03/07 | 05/10/07 | 06/29/07 | 10/18/07 | 01/03/08 |
| Date for final non-medical discovery requests | 04/23/07 | 05/30/07 | 07/20/07 | 11/07/07 | 01/23/08 |
| Date for defendants to produce non-medical expert reports or disclosures | 04/23/07 | 05/30/07 | 07/20/07 | 11/07/07 | 01/23/08 |
| Date for objections to any final non-medical discovery requests | 05/11/07 | 06/19/07 | 08/10/07 | 11/27/07 | 02/12/08 |
| Date to complete Alternative Dispute Resolution and report to Commissioner | 06/01/07 | 07/09/07 | 08/31/07 | 12/19/07 | 03/05/08 |
| Date for motions to compel any final non-medical discovery requested | 05/22/07 | 06/28/07 | 08/21/07 | 12/07/07 | 02/21/08 |
| Date for Commissioner's Discovery Conference | 05/10/07 | 06/28/07 | 08/23/07 | 11/15/07 | 02/21/08 |
| Date for completion of all factual/non-medical discovery | 05/22/07 | 06/28/07 | 08/23/07 | 12/07/07 | 02/21/08 |
| Date for opening brief and motion for summary judgment | 06/01/07 | 07/09/07 | 08/31/07 | 12/19/07 | 03/05/08 |
| Date for individual defendants' medical Witness and Exhibit list and individual defendants' medical expert reports | 06/01/07 | 07/09/07 | 08/31/07 | 12/19/07 | 03/05/08 |

| General Scheduling Order No. 1 Item And Pretrial Scheduling Order Item | ** B&B OCT 2007 | BGBB NOV 2007 | J&C JAN 2008 | PGA MAY 2008 | B&B JUL 2008 |
|---|---|---|---|---|---|
| Date for final medical discovery requests | 06/22/07 | 07/27/07 | 09/21/07 | 01/08/08 | 03/25/08 |
| Date for responsive brief or written notice not to oppose summary judgment | 06/22/07 | 07/27/07 | 09/21/07 | 01/08/08 | 03/25/08 |
| Date for reply brief supporting motion for summary judgment | 07/03/07 | 08/07/07 | 10/02/07 | 01/18/08 | 04/04/08 |
| Date for objections to any medical discovery requests | 07/13/07 | 08/17/07 | 10/12/07 | 01/29/08 | 04/15/08 |
| Date for motions to compel medical discovery requested | 07/23/07 | 08/27/07 | 10/22/07 | 02/08/08 | 04/25/08 |
| Date for completion of all medical discovery | 07/23/07 | 08/27/07 | 10/22/07 | 02/08/08 | 04/25/08 |
| Date to finalize and focus all witness and exhibit lists | 07/23/07 | 08/27/07 | 10/22/07 | 02/08/08 | 04/25/08 |
| Date for filing of motions in limine | 08/02/07 | 09/06/07 | 11/01/07 | 02/20/08 | 05/07/08 |
| Date for filing answers to motions in limine | 08/17/07 | 09/21/07 | 11/16/07 | 03/06/08 | 05/22/08 |
| Date for Commissioner's Pretrial Conference | 08/23/07 | 09/27/07 | 11/15/07 | 03/13/08 | 05/29/08 |
| Date For Plaintiffs' written settlement demands | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date For Defendants' written responses to settlement demands | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for lines and pages designations | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for lines and pages counter designations | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Plaintiffs' Pretrial Memorandum provided to Defense Coordinating Counsel and circulated to all defense counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Defendants individual Pretrial Stipulations submitted to Defense Coordinating Counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Defendants' combined Pretrial Stipulation submitted to Plaintiffs | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Pretrial Stipulation signed and filed with Court with hard copy delivered to Court | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Prospective Witness Lists and Lists of First Week Witnesses filed with Filing ID Nos. provided to Commissioner | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date by which Defendants to contact Plaintiffs to schedule mandatory Settlement Conference/Mediation | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date by which all Motions, Briefs, and Appendices/Exhibits for Summary Judgment to be provided to Defense Coordinating Counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for delivery of index to and hard copies of all pending Motions, Briefs, and Appendices/Exhibits for Summary Judgment to the Court | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Oral arguments on Motions for Summary Judgment | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Final Pretrial Conference and In Limine hearings | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |

| General Scheduling Order No. 1 Item<br>And<br>Pretrial Scheduling Order Item | **<br>B&B<br>OCT<br>2007 | BGBB<br>NOV<br>2007 | J&C<br>JAN<br>2008 | PGA<br>MAY<br>2008 | B&B<br>JUL<br>2008 |
|---|---|---|---|---|---|
| Trial Date | 10/17/07 | 11/28/07 | 01/23/08 | 05/14/08 | 07/30/08 |

\*     **Additional Deadlines applicable to October 2007 B&B Trial Setting:**

| GENERAL SCHEDULING ORDER NO. 1 ITEM | DATE |
|---|---|
| Date to have completed all Plaintiff depositions | 01/31/07 |
| Date to Have Completed Alternative Dispute Resolution and/or Settlement Conferences | 04/23/07 |
| Date for Completion of All Product Identification/Coworker Depositions | 05/04/07 |

| General Scheduling Order No. 1 Item And Pretrial Scheduling Order Item | BGBB OCT 2008 | J&C DEC 2008 | PGA JAN 2009 | B&B | BGBB |
|---|---|---|---|---|---|
| Date to notice discovery deficiencies | 10/06/07 | 11/20/07 | 01/02/08 | TBA | TBA |
| Date for plaintiff to file motion seeking to establish the substantive law applicable to the matter | 10/26/07 | 12/21/07 | 01/22/08 | TBA | TBA |
| Date to correct discovery deficiencies noticed | 11/06/07 | 12/31/07 | 02/01/08 | TBA | TBA |
| Date to file Rule 12 Motions | 11/06/07 | 12/31/07 | 02/01/08 | TBA | TBA |
| Date to file motion to correct discovery deficiencies noticed but not corrected | 11/13/07 | 01/08/08 | 02/08/08 | TBA | TBA |
| Date for defendants' responses to plaintiffs' motion for establishment for substantive law | 11/20/07 | 01/15/08 | 02/15/08 | TBA | TBA |
| Date to file answers to Rule 12 motions | 11/30/07 | 01/25/08 | 02/26/08 | TBA | TBA |
| Date to exchange non-medical Witness and Exhibit Lists | 12/11/07 | 02/04/08 | 03/07/08 | TBA | TBA |
| Date for plaintiff to file medical Witness and Exhibit List | 12/11/07 | 02/04/08 | 03/07/08 | TBA | TBA |
| Date for plaintiffs to produce medical and diagnostic materials | 12/21/07 | 02/14/07 | 03/18/08 | TBA | TBA |
| Date to supplement prior discovery responses | 01/25/08 | 03/14/08 | 04/18/08 | TBA | TBA |
| Date for plaintiffs to produce non-medical expert reports or disclosures | 01/25/08 | 03/14/08 | 04/18/08 | TBA | TBA |
| Date for plaintiffs to produce medical expert reports | 01/25/08 | 03/14/08 | 04/18/08 | TBA | TBA |
| Date to initiate Alternative Dispute Resolution | 02/15/08 | 04/03/08 | 05/09/08 | TBA | TBA |
| Date for defendants' joint medical Witness and Exhibit list and defendants' joint medical expert reports | 03/28/08 | 05/13/08 | 06/20/08 | TBA | TBA |
| Date for final non-medical discovery requests | 04/18/08 | 06/02/08 | 07/11/08 | TBA | TBA |
| Date for defendants to produce non-medical expert reports or disclosures | 04/18/08 | 06/02/08 | 07/11/08 | TBA | TBA |
| Date for objections to any final non-medical discovery requests | 05/09/08 | 06/20/08 | 08/01/08 | TBA | TBA |
| Date to complete Alternative Dispute Resolution and report to Commissioner | 05/28/08 | 07/11/08 | 08/22/08 | TBA | TBA |
| Date for motions to compel any final non-medical discovery requested | 05/19/08 | 07/01/08 | 08/12/08 | TBA | TBA |
| Date for Commissioner's Discovery Conference | 05/29/08 | 07/10/08 | 08/14/08 | TBA | TBA |
| Date for completion of all factual/non-medical discovery | 05/19/08 | 07/01/08 | 08/12/08 | TBA | TBA |
| Date for opening brief and motion for summary judgment | 05/28/08 | 07/11/08 | 08/22/08 | TBA | TBA |
| Date for individual defendants' medical Witness and Exhibit list and individual defendants' medical expert reports | 05/28/08 | 07/11/08 | 08/22/08 | TBA | TBA |
| Date for final medical discovery requests | 06/17/08 | 08/02/08 | 09/12/08 | TBA | TBA |

| General Scheduling Order No. 1 Item<br>And<br>Pretrial Scheduling Order Item | BGBB<br>OCT<br>2008 | J&C<br>DEC<br>2008 | PGA<br>JAN<br>2009 | B&B | BGBB |
|---|---|---|---|---|---|
| Date for responsive brief or written notice not to oppose summary judgment | 06/17/08 | 08/02/08 | 09/12/08 | TBA | TBA |
| Date for reply brief supporting motion for summary judgment | 06/27/08 | 08/12/08 | 09/23/08 | TBA | TBA |
| Date for objections to any medical discovery requests | 07/08/08 | 08/22/08 | 10/03/08 | TBA | TBA |
| Date for motions to compel medical discovery requested | 07/18/08 | 09/01/08 | 10/13/08 | TBA | TBA |
| Date for completion of all medical discovery | 07/18/08 | 09/01/08 | 10/13/08 | TBA | TBA |
| Date to finalize and focus all witness and exhibit lists | 07/18/08 | 09/01/08 | 10/13/08 | TBA | TBA |
| Date for filing of motions in limine | 07/29/08 | 09/11/08 | 10/22/08 | TBA | TBA |
| Date for filing answers to motions in limine | 08/14/08 | 09/26/08 | 11/06/08 | TBA | TBA |
| Date for Commissioner's Pretrial Conference | 08/14/08 | 10/02/08 | 11/13/08 | TBA | TBA |
| Date For Plaintiffs' written settlement demands | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date For Defendants' written responses to settlement demands | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for lines and pages designations | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for lines and pages counter designations | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Plaintiffs' Pretrial Memorandum provided to Defense Coordinating Counsel and circulated to all defense counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Defendants individual Pretrial Stipulations submitted to Defense Coordinating Counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Defendants' combined Pretrial Stipulation submitted to Plaintiffs | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Pretrial Stipulation signed and filed with Court with hard copy delivered to Court | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Prospective Witness Lists and Lists of First Week Witnesses filed with Filing ID Nos. provided to Commissioner | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date by which Defendants to contact Plaintiffs to schedule mandatory Settlement Conference/Mediation | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date by which all Motions, Briefs, and Appendices/Exhibits for Summary Judgment to be provided to Defense Coordinating Counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for delivery of index to and hard copies of all pending Motions, Briefs, and Appendices/Exhibits for Summary Judgment to the Court | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Oral arguments on Motions for Summary Judgment | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Final Pretrial Conference and In Limine hearings | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Trial Date | 10/22/08 | 12/03/08 | 01/14/09 | TBA | TBA |

Page 33 of 36

| General Scheduling Order No. 1 Item<br>And<br>Pretrial Scheduling Order Item | J&C | PGA | B&B | BGBB | J&C |
|---|---|---|---|---|---|
| Date to notice discovery deficiencies | TBA | TBA | TBA | TBA | TBA |
| Date for plaintiff to file motion seeking to establish the substantive law applicable to the matter | TBA | TBA | TBA | TBA | TBA |
| Date to correct discovery deficiencies noticed | TBA | TBA | TBA | TBA | TBA |
| Date to file Rule 12 Motions | TBA | TBA | TBA | TBA | TBA |
| Date to file motion to correct discovery deficiencies noticed but not corrected | TBA | TBA | TBA | TBA | TBA |
| Date for defendants' responses to plaintiffs' motion for establishment for substantive law | TBA | TBA | TBA | TBA | TBA |
| Date to file answers to Rule 12 motions | TBA | TBA | TBA | TBA | TBA |
| Date to exchange non-medical Witness and Exhibit Lists | TBA | TBA | TBA | TBA | TBA |
| Date for plaintiff to file medical Witness and Exhibit List | TBA | TBA | TBA | TBA | TBA |
| Date for plaintiffs to produce medical and diagnostic materials | TBA | TBA | TBA | TBA | TBA |
| Date to supplement prior discovery responses | TBA | TBA | TBA | TBA | TBA |
| Date for plaintiffs to produce non-medical expert reports or disclosures | TBA | TBA | TBA | TBA | TBA |
| Date for plaintiffs to produce medical expert reports | TBA | TBA | TBA | TBA | TBA |
| Date to initiate Alternative Dispute Resolution | TBA | TBA | TBA | TBA | TBA |
| Date for defendants' joint medical Witness and Exhibit list and defendants' joint medical expert reports | TBA | TBA | TBA | TBA | TBA |
| Date for final non-medical discovery requests | TBA | TBA | TBA | TBA | TBA |
| Date for defendants to produce non-medical expert reports or disclosures | TBA | TBA | TBA | TBA | TBA |
| Date for objections to any final non-medical discovery requests | TBA | TBA | TBA | TBA | TBA |
| Date to complete Alternative Dispute Resolution and report to Commissioner | TBA | TBA | TBA | TBA | TBA |
| Date for motions to compel any final non-medical discovery requested | TBA | TBA | TBA | TBA | TBA |
| Date for Commissioner's Discovery Conference | TBA | TBA | TBA | TBA | TBA |
| Date for completion of all factual/non-medical discovery | TBA | TBA | TBA | TBA | TBA |
| Date for opening brief and motion for summary judgment | TBA | TBA | TBA | TBA | TBA |
| Date for individual defendants' medical Witness and Exhibit list and individual defendants' medical expert reports | TBA | TBA | TBA | TBA | TBA |
| Date for final medical discovery requests | TBA | TBA | TBA | TBA | TBA |
| Date for responsive brief or written notice not to oppose summary judgment | TBA | TBA | TBA | TBA | TBA |

| General Scheduling Order No. 1 Item And Pretrial Scheduling Order Item | J&C | PGA | B&B | BGBB | J&C |
|---|---|---|---|---|---|
| Date for reply brief supporting motion for summary judgment | TBA | TBA | TBA | TBA | TBA |
| Date for objections to any medical discovery requests | TBA | TBA | TBA | TBA | TBA |
| Date for motions to compel medical discovery requested | TBA | TBA | TBA | TBA | TBA |
| Date for completion of all medical discovery | TBA | TBA | TBA | TBA | TBA |
| Date to finalize and focus all witness and exhibit lists | TBA | TBA | TBA | TBA | TBA |
| Date for filing of motions in limine | TBA | TBA | TBA | TBA | TBA |
| Date for filing answers to motions in limine | TBA | TBA | TBA | TBA | TBA |
| Date for Commissioner's Pretrial Conference | TBA | TBA | TBA | TBA | TBA |
| Date For Plaintiffs' written settlement demands | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date For Defendants' written responses to settlement demands | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for lines and pages designations | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for lines and pages counter designations | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Plaintiffs' Pretrial Memorandum provided to Defense Coordinating Counsel and circulated to all defense counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Defendants individual Pretrial Stipulations submitted to Defense Coordinating Counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Defendants' combined Pretrial Stipulation submitted to Plaintiffs | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Pretrial Stipulation signed and filed with Court with hard copy delivered to Court | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Prospective Witness Lists and Lists of First Week Witnesses filed with Filing ID Nos. provided to Commissioner | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date by which Defendants to contact Plaintiffs to schedule mandatory Settlement Conference/Mediation | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date by which all Motions, Briefs, and Appendices/Exhibits for Summary Judgment to be provided to Defense Coordinating Counsel | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date for delivery of index to and hard copies of all pending Motions, Briefs, and Appendices/Exhibits for Summary Judgment to the Court | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Oral arguments on Motions for Summary Judgment | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Final Pretrial Conference and In Limine hearings | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Date For Plaintiffs' written settlement demands | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item | PT Sched Order Item |
| Trial Date | **TBA** | **TBA** | **TBA** | **TBA** | **TBA** |

David A. White
Commissioner

# EXHIBIT D



## OBERMAYER
### REBMANN MAXWELL & HIPPEL LLP

*Attorneys At Law*

Alice S. Johnston
Direct Dial: 412-288-2459
E-mail: alice.johnston@obermayer.com

One Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219-2502
P 412-566-1500
F 412-566-1508
www.obermayer.com

March 12, 2007

*Via Telefax – 214/520-1181*

Tiffany Newlin
Baron & Budd
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

Re:     Civil Action No. **06C-02-281 ASB**, *Mary M. Collins, Individually and as Personal
        Representative of the Heirs and Estate of James Daniel Collins  v. Metropolitan Life
        Insurance Company, Inc., et al.* in the Superior Court of the State of Delaware In and
        For New Castle County

Dear Tiffany:

        Following up on our telephone conversation of this afternoon, you are going to provide me with
available dates for the deposition of Lenore Collins, the mother of decedent Mr. James Collins.  I will
take the deposition in Olympia, Washington, preferably this month, as there is significant other
discovery to be conducted thereafter.

        Also, you indicated that Ford and General Motors are the only defendants remaining in the
case, other than Volkswagen of America, Inc., and you agreed to find out and let me know whether or
not Ford and General Motors have now settled the case.  Later this afternoon, Larry Rufo advised me
that Ford and General Motors have in fact settled and that Volkswagen of America, Inc. is the last
defendant remaining in the case.  Will you please let me know immediately if that is not correct?

        Thank you.

                                        Very truly yours,

                                        Alice S. Johnston

ASJ/njw

### Over a Century of Solutions

4137615
Philadelphia
Pennsylvania

Harrisburg
Pennsylvania

Pittsburgh
Pennsylvania

Cherry Hill
New Jersey

Wilmington
Delaware

# EXHIBIT E

EFiled: Oct 17 2006 12:26PM EDT
Transaction ID 12649530

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. 06C-02-281 ASB |
| | : | |
| Plaintiffs, | : | COMPLAINT |
| | : | |
| | : | "FIRST AMENDED COMPLAINT - |
| v. | : | UNDERSCORED LANGUAGE |
| | : | REPRESENTS CHANGES MADE FROM |
| METROPOLITAN LIFE INSURANCE | : | THE FIRST AMENDED COMPLAINT |
| COMPANY; | : | AND BRACKETS INDICATE |
| | : | DELETION FROM THE ORIGINAL |
| FOSTER WHEELER NORTH | : | COMPLAINT" |
| AMERICA CORPORATION (f/k/a | : | |
| FOSTER WHEELER ENERGY | : | NON-ARBITRATION |
| CORPORATION); | : | |
| | : | ASBESTOS |
| GEORGIA-PACIFIC CORPORATION | : | |
| (individually and as successor to | : | JURY TRIAL DEMANDED |
| BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, | : | |
| INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER- | : | |
| BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually | : | 1ST AMEND |
| and as successor-in-interest to OWENS- | : | |
| ILLINOIS GLASS COMPANY and d/b/a | : | Add Volkswagen of America, Inc. |
| O-I); | : | |
| | : | Filed: 10/17/2006 |
| ZURN INDUSTRIES, INC. (a/k/a and | : | |
| successor-by-merger to ERIE CITY | : | |
| IRON WORKS); | : | |
| | : | |
| GARLOCK SEALING | : | |
| TECHNOLOGIES LLC (individually and | : | |
| as a successor-in-interest to GARLOCK, | : | |
| INC.); | : | |
| | : | |
| AMETEK, INC. (individually, and as | : | |
| successor-in-interest to HAVEG | : | |
| INDUSTRIES, INC. successor-by- | : | |
| merger with HAVEG CORPORATION); | : | |

CHAMPLAIN CABLE CORPORATION            :
(individually, and as successor-in-interest    :
to AMERICAN SUPER                      :
TEMPERATURE WIRE, and successor-       :
in-interest to HAVEG INDUSTRIES,       :
INC. successor-by-merger to HAVEG      :
CORPORATION);                          :
                                       :
HERCULES INC. (individually, and as    :
successor-in-interest to HAVEG         :
INDUSTRIES, INC. successor-be-merger   :
to HAVEG CORPORATION);                 :
                                       :
RILEY POWER, INC. (f/k/a BABCOCK       :
BORSIG POWER, INC., f/k/a D.B.         :
RILEY, INC., f/k/a RILEY STOKER        :
CORPORATION);                          :
                                       :
UNION CARBIDE CORPORATION;             :
                                       :
DANA CORPORATION;                      :
                                       :
CRANE COMPANY;                         :
                                       :
INGERSOLL-RAND COMPANY;                :
                                       :
CROWN CORK & SEAL COMPANY,             :
INC. (individually and as successor-in-    :
interest to MUNDET CORK                :
COMPANY);                              :
                                       :
3M COMPANY (individually and f/k/a     :
MINNESOTA, MINING, AND                 :
MANUFACTURING COMPANY, a/k/a           :
"3M");                                 :
                                       :
T.H. AGRICULTURE & NUTRITION,          :
LLC (individually and f/k/a T.H.       :
AGRICULTURE & NUTRITION                :
COMPANY, INC. f/k/a THOMPSON-          :
HAYWARD CHEMICAL COMPANY);             :
                                       :
PHILIPS ELECTRONICS NORTH              :
AMERICA CORP. (individually and as     :
successor-in-interest to T H           :
AGRICULTURE & NUTRITION, LLC);         :
                                       :
KAISER GYPSUM COMPANY, INC.;           :
                                       :

KAISER CEMENT CORPORATION          :
(individually, and as successor-in-interest   :
to KAISER GYPSUM COMPANY,          :
INC.);                                            :
                                                  :
HANSON PERMANENTE CEMENT,          :
INC. (f/k/a KAISER CEMENT              :
CORPORATION, individually and as      :
successor-in-interest to KAISER          :
GYPSUM COMPANY, INC.);                :
                                                  :
BONDEX INTERNATIONAL, INC.;         :
                                                  :
RPM, INC. (individually, and as         :
successor-in-interest to BONDEX         :
INTERNATIONAL, INC.);                   :
                                                  :
RPM INTERNATIONAL, INC.             :
(individually and as successor-in-interest  :
to RPM, INC., and BONDEX              :
INTERNATIONAL, INC.);                   :
                                                  :
VIACOM, INC. (individually and as      :
successor-by-merger to CBS              :
CORPORATION, successor-by-merger       :
to WESTINGHOUSE ELECTRIC            :
CORPORATION);                           :
                                                  :
THE GOODYEAR TIRE & RUBBER          :
COMPANY;                                 :
                                                  :
BORGWARNER MORSE TEC, INC.,        :
(individually and successor in interest to   :
BORG-WARNER CORPORATION);           :
                                                  :
BORGWARNER, INC.,(individually and    :
successor in interest to BORG-WARNER    :
CORPORATION);                           :
                                                  :
HONEYWELL INTERNATIONAL,            :
INC. (individually and as successor-in-   :
interest to ALLIED-SIGNAL, INC. and    :
THE BENDIX CORPORATION);             :
                                                  :
DAIMLERCHRYSLER                       :
CORPORATION (f/k/a CHRYSLER          :
CORPORATION);                           :
                                                  :
GENERAL MOTORS CORPORATION;         :

FORD MOTOR COMPANY;                           :
                                              :
PNEUMO ABEX, LLC (individually and            :
as successor-by-merger to PNEUMO              :
ABEX CORPORATION, successor-in-               :
interest to ABEX CORPORATION f/k/a            :
AMERICAN BRAKE SHOE                           :
COMPANY, f/k/a AMERICAN BRAKE                 :
SHOE and FOUNDRY COMPANY                      :
including the AMERICAN                         :
BRAKEBLOK DIVISION, successor-by-             :
merger to the AMERICAN BRAKE                  :
SHOE and FOUNDRY COMPANY and                  :
THE AMERICAN BRAKEBLOK                        :
CORPORATION, f/k/a THE                        :
AMERICAN BRAKE MATERIALS                      :
CORPORATION);                                 :
                                              :
MAREMONT CORPORATION (a                       :
subsidiary of ARVIN INDUSTRIES,               :
INC., individually and as                     :
successor-in-interest to GRIZZLY              :
MANUFACTURING CO.);                           :
                                              :
HENNESSY INDUSTRIES, INC.,                    :
(individually and as successor by merger      :
to AMMCO TOOLS, INC. and AMMCO                :
TOOLS, CO., d/b/a AMMCO TOOLS);               :
                                              :
A.W. CHESTERTON, INC.;                        :
                                              :
DURABLA MANUFACTURING                         :
COMPANY, INC.;                                :
                                              :
VOLKSWAGEN OF AMERICA, INC.;                  :
                                              :
        Defendants.                           :
                                              :

## COUNT I

1.      Plaintiff, JAMES DANIEL COLLINS, was wrongfully exposed to asbestos, an

inherently dangerous toxic substance while employed at the following places:

        (a)     Plaintiff JAMES DANIEL COLLINS was exposed thru his father, James

                Collins, from his father's work at Fort Lewis  where he worked from

1947-1965; and 1967-1967 as a heating and cooling specialist in Fort

Lewis, WA.

(b) Plaintiff JAMES DANIEL COLLINS performed construction jobs at

personal residences from 1950-1952.

(c) Plaintiff JAMES DANIEL COLLINS performed mechanic jobs at

personal residences from 1964-2005.

(d) Plaintiff JAMES DANIEL COLLINS performed construction jobs at

residential sites in Olympia, Washington in 1977.

(e) Plaintiff JAMES DANIEL COLLINS worked at a salvage yard in

Tumwater, Washington in 1965.

(f) Plaintiff JAMES DANIEL COLLINS attended Clover Park Vocational

School in Tacoma, Washington from 1967-1969 as a student.

(g) Plaintiff JAMES DANIEL COLLINS worked at America Oil Service

Station in Tacoma, Washington from 1968-1969 as a laborer and light

mechanic.

(h) Plaintiff JAMES DANIEL COLLINS worked at Brewington Motors in

Olympia, Washington as a mechanic from 1971-1976.

(i) Plaintiff JAMES DANIEL COLLINS worked at South Puget Sound

Community College in Olympia, Washington from 1985-2005 as an

instructor.

(j) Plaintiff JAMES DANIEL COLLINS worked at Hanson Motors in

Olympia, Washington from 1976-1985 as a mechanic.

(k) Plaintiff JAMES DANIEL COLLINS was employed by Collins

Automotive Enterprises where he worked at personal residences in

Olympia, Washington from 1975-1976 as a mechanic.

Plaintiff was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

2.     As a result of the Defendants' wrongful conduct, Plaintiff, JAMES DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.     As a result of Defendants wrongful conduct which caused Plaintiff, JAMES DANIEL COLLINS's asbestos related diseases and health problems, Plaintiffs, JAMES DANIEL COLLINS and MARY M. COLLINS suffer extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law. In addition, Plaintiff(s) MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

4.     The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

## COUNT II

5.     The allegations in paragraph one (1) through four (4) are realleged and incorporated by reference within this Count.

6.     FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

## VOLKSWAGEN OF AMERICA, INC.:

were at all times pertinent directly or indirectly engaged in the mining, manufacturing,

distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-

containing products. They were also engaged in the development, manufacture, distribution,

sales, licensing or leasing of equipment procedures and/or technology necessary to mine,

manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing

products.

       7.      Defendant Metropolitan Life Insurance Company, as well as other members of

the asbestos industry, including but not limited to Defendants listed herein, engaged in

investigations and research as to the hazards of asbestos and often edited out material harmful to

the asbestos industry and only published certain portions of their findings and/or refrained from

publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its

endeavors.

       8.      The illnesses and disabilities of Plaintiff is a direct and proximate result of 3M's

negligence in placing into the stream of commerce respiratory devices defective in design and

inadequate for the purposes for which they were intended, namely preventing the inhalation of

dust, including asbestos dust, generated from construction and/or insulation activities.

       9.      3M knew or should have known that workers would use and rely upon 3M's

respiratory devices at sites where asbestos materials were commonly and extensively used which

created substantial and constant quantities of dust and that 3M's respiratory devices would

provide inadequate protection against the inhalation of asbestos dust.

      10.     Furthermore, 3M was negligent for failing to warn and/or properly instruct

workers regarding the inadequacies of its respiratory devices for preventing the inhalation of

asbestos dust.

11.    As a direct and proximate result of the above wrongful activities of the

Defendants, Plaintiff was exposed to asbestos and the Plaintiff developed the asbestos-related

diseases discussed and sustained the injuries described herein.

## COUNT III

12.    The allegations in paragraphs One (1) through Eleven (11) are realleged and

incorporated by reference within this Count.

13.    The Defendants were negligent in conducting the above activities and/or in the

safety conditions at their plants and facilities in that despite the fact that the Defendants knew or

should have known that asbestos exposure could result in serious injury, disease and/or death

they:

(a)    Failed to substitute, suggest, promote or require the substitution of materials other

than asbestos;

(b)    Failed to adequately warn all the potential victims of asbestos including the

Plaintiff as well as other users, bystanders, household members and members of the general

public of the risks of asbestos;

(c)    Failed to adequately test, research investigate asbestos and/or its effects prior to

sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)    Failed to adequately package, distribute and/or use asbestos in a manner which

would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff

and others similarly situated;

(e)    Failed to take adequate steps to remedy the above failure, including but not

limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products,

to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to

render it safe or safely remove the asbestos now in place.

14.　　As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT IV

15.　　The allegations in paragraphs one (1) through Fourteen (14) are realleged and incorporated by reference within this Count.

16.　　The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff and others similarly situated:

　　　　(a)　　Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

　　　　(b)　　Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

　　　　(c)　　Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

　　　　(d)　　Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

　　　　(e)　　Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.　　As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT V

18.    The allegations in paragraphs one (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.    Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff for all injuries and damages which were contracted thereby.

20.    All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff for all the injuries and damages which were contracted thereby.

21.    The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff injuries which were caused thereby.

22.    The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff for all injuries caused thereby.

23.    As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VI

24.    The allegations in paragraphs One (1) through Twenty-three (23) are realleged and incorporated by reference within this Count.

25.    The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

   (a)    Conceal the existence, nature and extent of that risk; and,

(b)      Failed to disclose the existence, nature and extent of that risk to Plaintiff and those similarly situated.

26.      The Defendants had reason to expect that Plaintiff, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would-be materially affected by the aforementioned concealment and nondisclosure.

27.      As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VII

28.      The allegations in paragraphs one (1) through Twenty-seven (27) are realleged and incorporated by reference within this Count.

29.      The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)      Had no adequate basis for such representations;

(b)      Knew that a significant health hazard to human life existed from asbestos.

30.      Defendants had reason to expect that as a result of such representation, Plaintiff and others similarly situated would be exposed to asbestos.

31.      As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

32.      The allegations in paragraphs One (1) through Thirty-one (31) are realleged and incorporated by reference within this Count.

33.      The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the Plaintiff and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

34.     As a result of this conspiracy, the Plaintiff was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

35.     The allegations in paragraphs One (1) through Thirty-four (34) are realleged and incorporated by reference within this Count.

36.     Even after the dangers of asbestos finally began to be known to Plaintiff or others similarly situated, Defendants continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

(a)     Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

(b)     Defeat and/or delay such legal actions and the final collection of any judgment.

37.     Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

38.     As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT X

39.     The allegations in paragraphs One (1) through Thirty-eight (38) are realleged and incorporated by reference within this Count.

40.     Plaintiff used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the

inhalation of asbestos dust and fibers. Plaintiff would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

41.    Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiff.

42.    Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

43.    *Plaintiff was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.*

44.    During the periods Plaintiff used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

45.    As a direct and proximate result of the above acts and omissions of Defendants, Plaintiff was injured as described herein.

### COUNT XI

46.    *The allegations in paragraphs One (1) through Forty- five (45) are realleged and incorporated by reference within this Count.*

47.    Plaintiff, JAMES DANIEL COLLINS, would show that for a period of many years, he worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of Plaintiff, JAMES DANIEL COLLINS', father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiff, JAMES DANIEL COLLINS, would show that he has been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great

quantities of asbestos fibers. Further, Plaintiff, JAMES DANIEL COLLINS, alleges, as more specifically set out below, that he has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

48.    Plaintiff, JAMES DANIEL COLLINS, alleges that he was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of Plaintiff, JAMES DANIEL COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff, JAMES DANIEL COLLINS, was exposed to the asbestos dust and fibers brought home by Plaintiff, JAMES DANIEL COLLINS', father in the normal course of performing household activities, such as shaking out and laundering work clothing. In that each exposure to such products caused or contributed to Plaintiff, JAMES DANIEL COLLINS' injuries, Plaintiff, JAMES DANIEL COLLINS, says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudement interest, as would be necessary to compensate the Plaintiffs for the injuries they have and will suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages.

Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**WEISS & SAVILLE, P.A.**

By: /s/ Yvonne Takvorian Saville
      Yvonne Takvorian Saville, #3430
      Weiss & Saville, P.A.
      1220 North Market Street, Suite 604
      P.O. Box 370
      Wilmington, DE 19899
      Phone (302)656-0400
      Fax (302)656-5011
      Attorney for Plaintiff

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605

Date:   October 17, 2006

# EXHIBIT F

EFiled: Oct 17 2006 12:26 — EDT
Transaction ID 12649530

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. 06C-02-281 ASB |
| | : | |
| Plaintiffs, | : | "FIRST AMENDED COMPLAINT - UNDERSCORED LANGUAGE REPRESENTS CHANGES MADE FROM THE FIRST AMENDED COMPLAINT AND BRACKETS INDICATE DELETION FROM THE ORIGINAL COMPLAINT" |
| v. | : | |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | |
| | : | |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | NEW CASTLE COUNTY |
| | : | PRAECIPE |
| | : | NON-ARBITRATION |
| | : | |
| | : | ASBESTOS |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | |
| | : | JURY TRIAL DEMANDED |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |
| | : | |

AMETEK, INC. (individually, and as          :
successor-in-interest to HAVEG             :
INDUSTRIES, INC. successor-by-            :
merger with HAVEG CORPORATION);           :
                                          :
CHAMPLAIN CABLE CORPORATION               :
(individually, and as successor-in-interest :
to AMERICAN SUPER                         :
TEMPERATURE WIRE, and successor-          :
in-interest to HAVEG INDUSTRIES,          :
INC. successor-by-merger to HAVEG         :
CORPORATION);                             :
                                          :
HERCULES INC. (individually, and as       :
successor-in-interest to HAVEG            :
INDUSTRIES, INC. successor-be-merger      :
to HAVEG CORPORATION);                    :
                                          :
RILEY POWER, INC. (f/k/a BABCOCK          :
BORSIG POWER, INC., f/k/a D.B.            :
RILEY, INC., f/k/a RILEY STOKER           :
CORPORATION);                             :
                                          :
UNION CARBIDE CORPORATION;                :
                                          :
DANA CORPORATION;                         :
                                          :
CRANE COMPANY;                            :
                                          :
INGERSOLL-RAND COMPANY;                   :
                                          :
CROWN CORK & SEAL COMPANY,                :
INC. (individually and as successor-in-   :
interest to MUNDET CORK                   :
COMPANY);                                 :
                                          :
3M COMPANY (individually and f/k/a        :
MINNESOTA, MINING, AND                    :
MANUFACTURING COMPANY, a/k/a              :
"3M");                                    :
                                          :
T.H. AGRICULTURE & NUTRITION,             :
LLC (individually and f/k/a T.H.          :
AGRICULTURE & NUTRITION                   :
COMPANY, INC. f/k/a THOMPSON-             :

HAYWARD CHEMICAL COMPANY);                                    :
                                                              :
PHILIPS ELECTRONICS NORTH                                     :
AMERICA CORP. (individually and as                            :
successor-in-interest to T H                                  :
AGRICULTURE & NUTRITION, LLC);                                :
                                                              :
KAISER GYPSUM COMPANY, INC.;                                  :
                                                              :
KAISER CEMENT CORPORATION                                     :
(individually, and as successor-in-interest                   :
to KAISER GYPSUM COMPANY,                                     :
INC.);                                                        :
                                                              :
HANSON PERMANENTE CEMENT,                                     :
INC. (f/k/a KAISER CEMENT                                     :
CORPORATION, individually and as                              :
successor-in-interest to KAISER                               :
GYPSUM COMPANY, INC.);                                        :
                                                              :
BONDEX INTERNATIONAL, INC.;                                   :
                                                              :
RPM, INC. (individually, and as                               :
successor-in-interest to BONDEX                               :
INTERNATIONAL, INC.);                                         :
                                                              :
RPM INTERNATIONAL, INC.                                       :
(individually and as successor-in-interest                    :
to RPM, INC., and BONDEX                                      :
INTERNATIONAL, INC.);                                         :
                                                              :
VIACOM, INC. (individually and as                             :
successor-by-merger to CBS                                    :
CORPORATION, successor-by-merger                              :
to WESTINGHOUSE ELECTRIC                                      :
CORPORATION);                                                 :
                                                              :
THE GOODYEAR TIRE & RUBBER                                    :
COMPANY;                                                      :
                                                              :
BORGWARNER MORSE TEC, INC.,                                   :
(individually and successor in interest to                    :
BORG-WARNER CORPORATION);                                     :
                                                              :
BORGWARNER, INC.,(individually and                            :

successor in interest to BORG-WARNER             :
CORPORATION);                                    :
                                                 :
HONEYWELL INTERNATIONAL,                         :
INC. (individually and as successor-in-          :
interest to ALLIED-SIGNAL, INC. and              :
THE BENDIX CORPORATION);                         :
                                                 :
DAIMLERCHRYSLER                                  :
CORPORATION (f/k/a CHRYSLER                       :
CORPORATION);                                    :
                                                 :
GENERAL MOTORS CORPORATION;                      :
FORD MOTOR COMPANY;                              :
                                                 :
PNEUMO ABEX, LLC (individually and              :
as successor-by-merger to PNEUMO                 :
ABEX CORPORATION, successor-in-                  :
interest to ABEX CORPORATION f/k/a               :
AMERICAN BRAKE SHOE                              :
COMPANY, f/k/a AMERICAN BRAKE                     :
SHOE and FOUNDRY COMPANY                          :
including the AMERICAN                            :
BRAKEBLOK DIVISION, successor-by-                :
merger to the AMERICAN BRAKE                      :
SHOE and FOUNDRY COMPANY and                      :
THE AMERICAN BRAKEBLOK                            :
CORPORATION, f/k/a THE                            :
AMERICAN BRAKE MATERIALS                          :
CORPORATION);                                    :
                                                 :
MAREMONT CORPORATION (a                          :
subsidiary of ARVIN INDUSTRIES,                   :
INC., individually and as                         :
successor-in-interest to GRIZZLY                  :
MANUFACTURING CO.);                              :
                                                 :
HENNESSY INDUSTRIES, INC.,                        :
(individually and as successor by merger          :
to AMMCO TOOLS, INC. and AMMCO                    :
TOOLS, CO., d/b/a AMMCO TOOLS);                   :
                                                 :
A.W. CHESTERTON, INC.;                           :
                                                 :
DURABLA MANUFACTURING                            :

COMPANY, INC.;                              :
                                           :
VOLKSWAGEN OF AMERICA, INC.;

    Defendants.

## NEW CASTLE COUNTY PRAECIPE

    PLEASE ISSUE Summons and Complaint through the Sheriff of New Castle County to the defendants at the address indicated herein:

    VOLKSWAGEN OF AMERICA, INC.
    c/o The Corporation Trust Company
    Corporation Trust Center
    1209 Orange Street
    Wilmington, DE 19801

                    WEISS & SAVILLE, P.A.

                    By: /s/ Yvonne Takvorian Saville
                    Yvonne Takvorian Saville, #3430
                    Weiss & Saville, P.A.
                    1220 North Market Street, Suite 604
                    P.O. Box 370
                    Wilmington, DE 19899
                    Phone (302)656-0400
                    Fax (302)656-5011
                    Attorney for Plaintiffs

                    and

                    BARON & BUDD
                    A PROFESSIONAL CORPORATION
                    The Centrum
                    Suite 1100
                    3102 Oak Lawn Avenue
                    Dallas, Texas 75219
                    (214) 521-3605
                    FAX: (214) 520-1181

Date:  October 17, 2006



EFiled: Oct 17 2006 12:26▮
Transaction ID 12649530

SUMMOI

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. 06C-02-281 ASB |
|  | : |  |
| Plaintiffs, | : | "FIRST AMENDED COMPLAINT - UNDERSCORED LANGUAGE REPRESENTS CHANGES MADE FROM THE FIRST AMENDED COMPLAINT AND BRACKETS INDICATE DELETION FROM THE ORIGINAL COMPLAINT" |
|  | : |  |
| v. | : |  |
|  | : |  |
| METROPOLITAN LIFE INSURANCE COMPANY; | : |  |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | NEW CASTLE COUNTY |
|  | : |  |
|  | : | NON-ARBITRATION |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : |  |
|  | : | ASBESTOS |
|  | : |  |
| KELLY-MOORE PAINT COMPANY, INC.; | : | JURY TRIAL DEMANDED |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : |  |
| CERTAINTEED CORPORATION; | : |  |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : |  |
|  | : |  |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : |  |
|  | : |  |
| AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); | : |  |
|  | : |  |
|  | : |  |
| CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor- | : |  |
|  | : |  |

in-interest to HAVEG INDUSTRIES,                    :
INC. successor-by-merger to HAVEG                   :
CORPORATION);                                       :
HERCULES INC. (individually, and as                 :
successor-in-interest to HAVEG                      :
INDUSTRIES, INC. successor-be-merger                :
to HAVEG CORPORATION);                              :
RILEY POWER, INC. (f/k/a BABCOCK                    :
BORSIG POWER, INC., f/k/a D.B.                      :
RILEY, INC., f/k/a RILEY STOKER                     :
CORPORATION);                                       :
UNION CARBIDE CORPORATION;                          :
DANA CORPORATION;                                   :
CRANE COMPANY;                                      :
INGERSOLL-RAND COMPANY;                             :
CROWN CORK & SEAL COMPANY,                          :
INC. (individually and as successor-in-             :
interest to MUNDET CORK                             :
COMPANY);                                           :
3M COMPANY (individually and f/k/a                  :
MINNESOTA, MINING, AND                              :
MANUFACTURING COMPANY, a/k/a                        :
"3M");                                              :
T.H. AGRICULTURE & NUTRITION,                       :
LLC (individually and f/k/a T.H.                    :
AGRICULTURE & NUTRITION                             :
COMPANY, INC. f/k/a THOMPSON-                       :
HAYWARD CHEMICAL COMPANY);                          :
PHILIPS ELECTRONICS NORTH                           :
AMERICA CORP. (individually and as                  :
successor-in-interest to T H                        :
AGRICULTURE & NUTRITION, LLC);                      :
KAISER GYPSUM COMPANY, INC.;                        :
KAISER CEMENT CORPORATION                           :
(individually, and as successor-in-interest         :
to KAISER GYPSUM COMPANY,                           :
INC.);                                              :
HANSON PERMANENTE CEMENT,                           :
INC. (f/k/a KAISER CEMENT                           :
CORPORATION, individually and as                    :
successor-in-interest to KAISER                     :
GYPSUM COMPANY, INC.);                              :
BONDEX INTERNATIONAL, INC.;                         :
RPM, INC. (individually, and as                     :
successor-in-interest to BONDEX                     :
INTERNATIONAL, INC.);                               :

RPM INTERNATIONAL, INC.                    :
(individually and as successor-in-interest  :
to RPM, INC., and BONDEX                   :
INTERNATIONAL, INC.);                       :
VIACOM, INC. (individually and as          :
successor-by-merger to CBS                 :
CORPORATION, successor-by-merger           :
to WESTINGHOUSE ELECTRIC                   :
CORPORATION);                              :
THE GOODYEAR TIRE & RUBBER                 :
COMPANY;                                   :
BORGWARNER MORSE TEC, INC.,                :
(individually and successor in interest to  :
BORG-WARNER CORPORATION);                  :
BORGWARNER, INC.,(individually and         :
successor in interest to BORG-WARNER       :
CORPORATION);                              :
HONEYWELL INTERNATIONAL,                   :
INC. (individually and as successor-in-     :
interest to ALLIED-SIGNAL, INC. and         :
THE BENDIX CORPORATION);                   :
DAIMLERCHRYSLER                            :
CORPORATION (f/k/a CHRYSLER                :
CORPORATION);                              :
GENERAL MOTORS CORPORATION;                :
FORD MOTOR COMPANY;                        :
PNEUMO ABEX, LLC (individually and         :
as successor-by-merger to PNEUMO           :
ABEX CORPORATION, successor-in-            :
interest to ABEX CORPORATION f/k/a          :
AMERICAN BRAKE SHOE                        :
COMPANY, f/k/a AMERICAN BRAKE              :
SHOE and FOUNDRY COMPANY                   :
including the AMERICAN                      :
BRAKEBLOK DIVISION, successor-by-          :
merger to the AMERICAN BRAKE               :
SHOE and FOUNDRY COMPANY and               :
THE AMERICAN BRAKEBLOK                     :
CORPORATION, f/k/a THE                     :
AMERICAN BRAKE MATERIALS                   :
CORPORATION);                              :
MAREMONT CORPORATION (a                    :
subsidiary of ARVIN INDUSTRIES,            :
INC., individually and as                   :
successor-in-interest to GRIZZLY           :
MANUFACTURING CO.);                        :

HENNESSY INDUSTRIES, INC.,                  :
(individually and as successor by merger    :
to AMMCO TOOLS, INC. and AMMCO             :
TOOLS, CO., d/b/a AMMCO TOOLS);            :
A.W. CHESTERTON, INC.;                      :
DURABLA MANUFACTURING                       :
COMPANY, INC.;                              :
<u>VOLKSWAGEN OF AMERICA, INC.;</u>         :
                                            :
     Defendants.    :

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

     To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Yvonne Takvorian Saville, Esquire, #3430, plaintiffs' attorney, whose address is 1220 North Market Street, Suite 604, Wilmington, DE 19899, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

     To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:                                   <u>SHARON AGNEW</u>
                                         Prothonotary


                                         _____
                                         Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                                SHARON AGNEW
                                Prothonotary

                                _____

                                Per Deputy

# EXHIBIT G

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Feb 28 2006 10:49 EST
Transaction ID 10675089

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. |
| | : | |
| Plaintiffs, | : | COMPLAINT |
| | : | |
| | : | NON-ARBITRATION |
| v. | : | |
| | : | ASBESTOS |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | |
| | : | |
| | : | |
| | : | |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| | : | |
| | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |
| | : | |
| | : | |
| | : | |
| AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); | : | |

CHAMPLAIN CABLE CORPORATION            :
(individually, and as successor-in-interest    :
to AMERICAN SUPER                              :
TEMPERATURE WIRE, and successor-        :
in-interest to HAVEG INDUSTRIES,            :
INC. successor-by-merger to HAVEG          :
CORPORATION);                                  :
                                                        :
HERCULES INC. (individually, and as        :
successor-in-interest to HAVEG                 :
INDUSTRIES, INC. successor-be-merger    :
to HAVEG CORPORATION);                   :
                                                        :
RILEY POWER, INC. (f/k/a BABCOCK        :
BORSIG POWER, INC., f/k/a D.B.             :
RILEY, INC., f/k/a RILEY STOKER           :
CORPORATION);                                  :
                                                        :
UNION CARBIDE CORPORATION;            :
                                                        :
DANA CORPORATION;                          :
                                                        :
CRANE COMPANY;                               :
                                                        :
INGERSOLL-RAND COMPANY;              :
                                                        :
CROWN CORK & SEAL COMPANY,          :
INC. (individually and as successor-in-       :
interest to MUNDET CORK                       :
COMPANY);                                        :
                                                        :
3M COMPANY (individually and f/k/a         :
MINNESOTA, MINING, AND                    :
MANUFACTURING COMPANY, a/k/a         :
"3M");                                                  :
                                                        :
T.H. AGRICULTURE & NUTRITION,          :
LLC (individually and f/k/a T.H.              :
AGRICULTURE & NUTRITION                 :
COMPANY, INC. f/k/a THOMPSON-         :
HAYWARD CHEMICAL COMPANY);       :
                                                        :
PHILIPS ELECTRONICS NORTH            :
AMERICA CORP. (individually and as        :
successor-in-interest to T H                      :
AGRICULTURE & NUTRITION, LLC);     :
                                                        :
KAISER GYPSUM COMPANY,                 :
INC.;                                                    :

KAISER CEMENT CORPORATION                    :
(individually, and as successor-in-interest  :
to KAISER GYPSUM COMPANY,                     :
INC.);                                        :
                                              :
HANSON PERMANENTE CEMENT,                     :
INC. (f/k/a KAISER CEMENT                     :
CORPORATION, individually and as             :
successor-in-interest to KAISER              :
GYPSUM COMPANY, INC.);                        :
                                              :
BONDEX INTERNATIONAL, INC.;                   :
                                              :
RPM, INC. (individually, and as              :
successor-in-interest to BONDEX              :
INTERNATIONAL, INC.);                         :
                                              :
RPM INTERNATIONAL, INC.                       :
(individually and as successor-in-interest   :
to RPM, INC., and BONDEX                      :
INTERNATIONAL, INC.);                         :
                                              :
VIACOM, INC. (individually and as            :
successor-by-merger to CBS                    :
CORPORATION, successor-by-merger              :
to WESTINGHOUSE ELECTRIC                      :
CORPORATION);                                 :
                                              :
THE GOODYEAR TIRE & RUBBER                    :
COMPANY;                                      :
                                              :
BORGWARNER MORSE TEC, INC.,                   :
(individually and successor in interest to    :
BORG-WARNER CORPORATION);                     :
                                              :
BORGWARNER, INC.,(individually and            :
successor in interest to BORG-WARNER          :
CORPORATION);                                 :
                                              :
HONEYWELL INTERNATIONAL,                      :
INC. (individually and as successor-in-       :
interest to ALLIED-SIGNAL, INC. and          :
THE BENDIX CORPORATION);                      :
                                              :
DAIMLERCHRYSLER                               :
CORPORATION (f/k/a CHRYSLER                   :
CORPORATION);                                 :
                                              :
GENERAL MOTORS CORPORATION;                   :

FORD MOTOR COMPANY;                    :

PNUEMO ABEX, LLC (individually and     :
as successor-by-merger to PNEUMO       :
ABEX CORPORATION, successor-in-        :
interest to ABEX CORPORATION f/k/a     :
AMERICAN BRAKE SHOE                    :
COMPANY, f/k/a AMERICAN BRAKE          :
SHOE and FOUNDRY COMPANY               :
including the AMERICAN                 :
BRAKEBLOK DIVISION, successor-by-      :
merger to the AMERICAN BRAKE           :
SHOE and FOUNDRY COMPANY and           :
THE AMERICAN BRAKEBLOK                 :
CORPORATION, f/k/a THE                 :
AMERICAN BRAKE MATERIALS               :
CORPORATION);                          :

MAREMONT CORPORATION (a                :
subsidiary of ARVIN INDUSTRIES,        :
INC., individually and as              :
successor-in-interest to GRIZZLY       :
MANUFACTURING CO.);                    :
                                       :
HENNESSY INDUSTRIES, INC.,             :
(individually and as successor by merger :
to AMMCO TOOLS, INC. and AMMCO         :
TOOLS, CO., d/b/a AMMCO TOOLS);        :

A.W. CHESTERTON, INC.;                 :
                                       :
DURABLA MANUFACTURING                  :
COMPANY, INC.;                         :

        Defendants.

## COUNT I

1.      Plaintiff, JAMES DANIEL COLLINS, was wrongfully exposed to asbestos, an

inherently dangerous toxic substance while employed at the following places:

            (a)     Plaintiff JAMES DANIEL COLLINS was exposed thru his father, James

                    Collins, from his father's work at Fort Lewis where he worked from

1947-1965; and 1967-1967 as a heating and cooling specialist in Fort Lewis, WA.

(b)    Plaintiff JAMES DANIEL COLLINS performed construction jobs at personal residences from 1950-1952.

(c)    Plaintiff JAMES DANIEL COLLINS performed mechanic jobs at personal residences from 1964-2005.

(d)    Plaintiff JAMES DANIEL COLLINS performed construction jobs at residential sites in Olympia, Washington in 1977.

(e)    Plaintiff JAMES DANIEL COLLINS worked at a salvage yard in Tumwater, Washington in1965.

(f)    Plaintiff JAMES DANIEL COLLINS attended Clover Park Vocational School in Tacoma, Washington from 1967-1969 as a student.

(g)    Plaintiff JAMES DANIEL COLLINS worked at America Oil Service Station in Tacoma, Washington from 1968-1969 as a laborer and light mechanic.

(h)    Plaintiff JAMES DANIEL COLLINS worked at Brewington Motors in Olympia, Washington as a mechanic from 1971-1976.

(i)    Plaintiff JAMES DANIEL COLLINS worked at South Puget Sound Community College in Olympia, Washington from 1985-2005 as an instructor.

(j)    Plaintiff JAMES DANIEL COLLINS worked at Hanson Motors in Olympia, Washington from 1976-1985 as a mechanic.

(k)    Plaintiff JAMES DANIEL COLLINS was employed by Collins Automotive Enterprises where he worked at personal residences in Olympia, Washington from 1975-1976 as a mechanic.

Plaintiff was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

2.    As a result of the Defendants' wrongful conduct, Plaintiff, JAMES DANIEL COLLINS developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

3.    As a result of Defendants wrongful conduct which caused Plaintiff, JAMES DANIEL COLLINS's asbestos related diseases and health problems, Plaintiffs, JAMES DANIEL COLLINS and MARY M. COLLINS suffer extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law. In addition, Plaintiff(s) MARY M. COLLINS has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

4.    The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiff would not have otherwise incurred.

## COUNT II

5.    The allegations in paragraph one (1) through four (4) are realleged and incorporated by reference within this Count.

6.    FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);

GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);

KELLY-MOORE PAINT COMPANY, INC.;

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION);

CERTAINTEED CORPORATION;

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I);

ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS);

GARLOCK SEALING TECHNOLOGIES, LLC (individually and as a successor-in-interest to GARLOCK, INC.);

AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION);

HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION);

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION);

UNION CARBIDE CORPORATION;

DANA CORPORATION;

CRANE COMPANY;

INGERSOLL-RAND COMPANY;

CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY);

T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY);

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC);

KAISER GYPSUM COMPANY, INC.;

KAISER CEMENT CORPORATION (individually, and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);

BONDEX INTERNATIONAL, INC.;

RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.);

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to RPM, INC., and BONDEX INTERNATIONAL, INC.);

VIACOM, INC. (individually and as successor-by-merger to CBS CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC CORPORATION);

THE GOODYEAR TIRE & RUBBER COMPANY;

BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION);

BORGWARNER, INC.,(individually and successor in interest to BORG-WARNER CORPORATION);

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION);

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION);

GENERAL MOTORS CORPORATION;

FORD MOTOR COMPANY;

PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION);

MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.);

HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS);

A.W. CHESTERTON, INC.;

DURABLA MANUFACTURING COMPANY, INC.;

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

7.      Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, including but not limited to Defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material harmful to the asbestos industry and only published certain portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors.

8.      The illnesses and disabilities of Plaintiff is a direct and proximate result of 3M's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

9.      3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

10.     Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

11.     As a direct and proximate result of the above wrongful activities of the Defendants, Plaintiff was exposed to asbestos and the Plaintiff developed the asbestos-related diseases discussed and sustained the injuries described herein.

**COUNT III**

12.     The allegations in paragraphs One (1) through Eleven (11) are realleged and incorporated by reference within this Count.

13.     The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)     Failed to adequately test, research investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

14.    As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT IV

15.    The allegations in paragraphs one (1) through Fourteen (14) are realleged and incorporated by reference within this Count.

16.    The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff and others similarly situated:

(a)    Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)    Failed to adequately warn all the potential victims of asbestos including the Plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

(c)    Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff and others similarly situated;

(d)    Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff and others similarly situated;

(e)    Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

17.    As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT V

18.     The allegations in paragraphs one (1) through Seventeen (17) are realleged and incorporated by reference within this Count.

19.     Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff for all injuries and damages which were contracted thereby.

20.     All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff for all the injuries and damages which were contracted thereby.

21.     The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff injuries which were caused thereby.

22.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff for all injuries caused thereby.

23.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VI

24.     The allegations in paragraphs One (1) through Twenty-three (23) are realleged and incorporated by reference within this Count.

25.     The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

        (a)     Conceal the existence, nature and extent of that risk; and,

(b)     Failed to disclose the existence, nature and extent of that risk to Plaintiff and those similarly situated.

26.     The Defendants had reason to expect that Plaintiff, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would-be materially affected by the aforementioned concealment and nondisclosure.

27.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VII

28.     The allegations in paragraphs one (1) through Twenty-seven (27) are realleged and incorporated by reference within this Count.

29.     The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)     Had no adequate basis for such representations;

(b)     Knew that a significant health hazard to human life existed from asbestos.

30.     Defendants had reason to expect that as a result of such representation, Plaintiff and others similarly situated would be exposed to asbestos.

31.     As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

32.     The allegations in paragraphs One (1) through Thirty-one (31) are realleged and incorporated by reference within this Count.

33.     The Defendants knowingly and wilfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abided their co-Defendants and manufacturers of asbestos products in keeping the Plaintiff and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

34.    As a result of this conspiracy, the Plaintiff was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

35.    The allegations in paragraphs One (1) through Thirty-four (34) are realleged and incorporated by reference within this Count.

36.    Even after the dangers of asbestos finally began to be known to Plaintiff or others similarly situated, Defendants continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

    (a)    Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

    (b)    Defeat and/or delay such legal actions and the final collection of any judgment.

37.    Similarly, Defendants aided and abided the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

38.    As a result of this wrongful representation, Plaintiff was exposed to asbestos and suffered the injuries referred to herein.

## COUNT X

39.    The allegations in paragraphs One (1) through Thirty-eight (38) are realleged and incorporated by reference within this Count.

40.    Plaintiff used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiff would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the

inhalation of asbestos dust and fibers. Plaintiff would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

41.     Defendant 3M was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiff.

42.     Defendant 3M knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

43.     Plaintiff was unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

44.     During the periods Plaintiff used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

45.     As a direct and proximate result of the above acts and omissions of Defendants, Plainitiff was injured as described herein.

## COUNT XI

46.     The allegations in paragraphs One (1) through Forty- five (45) are realleged and incorporated by reference within this Count.

47.     Plaintiff, JAMES DANIEL COLLINS, would show that for a period of many years, **(he/she)** worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in the household setting as a result of Plaintiff, JAMES DANIEL COLLINS', father working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States. Plaintiff, JAMES DANIEL COLLINS, would show that he has been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great

quantities of asbestos fibers. Further, Plaintiff, JAMES DANIEL COLLINS, alleges, as more specifically set out below, that he has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

48.     Plaintiff, JAMES DANIEL COLLINS, alleges that he was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of Plaintiff, JAMES DANIEL COLLINS' father originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, and/or distributed by Defendants. Plaintiff, JAMES DANIEL COLLINS, was exposed to the asbestos dust and fibers brought home by Plaintiff, JAMES DANIEL COLLINS', father in the normal course of performing household activities, such as shaking out and laundering work clothing. In that each exposure to such products caused or contributed to Plaintiff, JAMES DANIEL COLLINS' injuries, Plaintiff, JAMES DANIEL COLLINS, says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and postjudement interest, as would be necessary to compensate the Plaintiffs for the injuries they have and will suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages.

Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**JACOBS & CRUMPLAR, P.A.**

By:    */s/ David A. Arndt, Esquire*
       David A. Arndt #3925
       2 East 7th Street
       P.O. Box 1271
       Wilmington, DE 19899
       (302) 656-5445
       Attorney for Plaintiff

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605

Date:   February 27, 2006

# EXHIBIT H

# BARON & BUDD

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
SUITE 1100
3102 OAK LAWN AVENUE
DALLAS, TEXAS 75219-4281
(214) 521-3605
TELECOPIER (214) 520-1181

March 13, 2007

Alice S. Johnston          *Via Facsimile: 412/566-1508*
Obermayer Rebmann Maxwell & Hippel, LLP
One Melton Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219

Re:   JAMES DANIEL COLLINS, et al. vs. METROPOLITAN LIFE INSURANCE COMPANY, INC., et al.;
Cause No. 06C-02-281 ASB, SUPERIOR COURT FOR NEW CASTLE COUNTY, Delaware County,
Delaware

Dear Ms. Johnston,

      I am writing to advise you of the new procedures in place in Delaware regarding initial case dispositive motions which apply to the Motions to Dismiss that have been filed on behalf of Volkswagen in the aforementioned case:

- Defendant Volkswagen Of America, Inc.'s Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Failure To Plead Negligence And Fraud With Particularity And For Ancillary Relief ; and

- Defendant Volkswagen Of America, Inc.'s Motion to Dismiss For Lack Of Personal Jurisdiction And On The Basis Of Forum Non Conveniens.

      The court has now set up a procedure wherein these motions are to be set on the omnibus docket, the last Thursday of each month. Once set on this docket, the non-moving party must file an objection to the motion or the motion will then be ordered by the court. If the non-moving party objects to the motion, the moving party is to re-notice the motion for one of the designated toxic tort weeks to be heard by Judge Slights. The next toxic tort week will take place the week of April 23rd.

      Accordingly, once your cases are placed on the omnibus docket, we will be prepared to notify you of our objection and proceed with a hearing during the next available toxic tort week. If you have

any further questions regarding these new procedures, please feel free to contact Defense Coordinating Counsel, Loreto P. Rufo, as suggested by the court.

      Additionally, in response to your letter received yesterday afternoon, I would like to confirm that Volkswagen of America, Inc. is now the only remaining defendant in this case.

      Also, as requested, please be advised that Plaintiffs produced 11 pathology slides (SP-05-016413: A1-1-A1-10(10); A2-1) to Defense Coordinating Counsel on June 6, 2006.

      With Kind Regards,

*Erin A. Farris*

Erin Anderson Farris

EAF/kh

cc:    Loreta P. Rufo - *Via Facsimile*

# EXHIBIT I

EFiled: Feb 28 2006 10:49AM EST
Transaction ID 10675089

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS, | : | C.A. No. |
| | : | |
| | : | NEW CASTLE COUNTY |
| Plaintiffs, | : | PRAECIPE |
| | : | NON-ARBITRATION |
| v. | : | |
| | : | ASBESTOS |
| METROPOLITAN LIFE INSURANCE COMPANY; | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); | : | |
| | : | |
| | : | |
| GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); | : | |
| | : | |
| | : | |
| KELLY-MOORE PAINT COMPANY, INC.; | : | |
| | : | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION); | : | |
| | : | |
| CERTAINTEED CORPORATION; | : | |
| | : | |
| OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); | : | |
| | : | |
| | : | |
| ZURN INDUSTRIES, INC. (a/k/a and successor-by-merger to ERIE CITY IRON WORKS); | : | |
| | : | |
| | : | |
| GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); | : | |
| | : | |

AMETEK, INC. (individually, and as                    :
successor-in-interest to HAVEG                        :
INDUSTRIES, INC. successor-by-                        :
merger with HAVEG CORPORATION);                       :
                                                      :
CHAMPLAIN CABLE CORPORATION                           :
(individually, and as successor-in-interest           :
to AMERICAN SUPER                                     :
TEMPERATURE WIRE, and successor-                      :
in-interest to HAVEG INDUSTRIES,                      :
INC. successor-by-merger to HAVEG                     :
CORPORATION);                                         :
                                                      :
HERCULES INC. (individually, and as                   :
successor-in-interest to HAVEG                        :
INDUSTRIES, INC. successor-be-merger                  :
to HAVEG CORPORATION);                                :
                                                      :
RILEY POWER, INC. (f/k/a BABCOCK                      :
BORSIG POWER, INC., f/k/a D.B.                        :
RILEY, INC., f/k/a RILEY STOKER                       :
CORPORATION);                                         :
                                                      :
UNION CARBIDE CORPORATION;                            :
                                                      :
DANA CORPORATION;                                     :
                                                      :
CRANE COMPANY;                                        :
                                                      :
INGERSOLL-RAND COMPANY;                               :
                                                      :
CROWN CORK & SEAL COMPANY,                            :
INC. (individually and as successor-in-               :
interest to MUNDET CORK                               :
COMPANY);                                             :
                                                      :
3M COMPANY (individually and f/k/a                    :
MINNESOTA, MINING, AND                                :
MANUFACTURING COMPANY, a/k/a                          :
"3M");                                                :
                                                      :
                                                      :
                                                      :
                                                      :
                                                      :

T.H. AGRICULTURE & NUTRITION,    :
LLC (individually and f/k/a T.H.    :
AGRICULTURE & NUTRITION    :
COMPANY, INC. f/k/a THOMPSON-    :
HAYWARD CHEMICAL COMPANY);    :
                                                        :
PHILIPS ELECTRONICS NORTH    :
AMERICA CORP. (individually and as    :
successor-in-interest to T H    :
AGRICULTURE & NUTRITION, LLC);    :
                                                        :
KAISER GYPSUM COMPANY,    :
INC.;    :
                                                        :
KAISER CEMENT CORPORATION    :
(individually, and as successor-in-interest to    :
KAISER GYPSUM COMPANY, INC.);    :
                                                        :
HANSON PERMANENTE CEMENT, INC.    :
(f/k/a KAISER CEMENT CORPORATION,    :
individually and as successor-in-interest to    :
KAISER GYPSUM COMPANY, INC.);    :
                                                        :
BONDEX INTERNATIONAL, INC.;    :
                                                        :
RPM, INC. (individually, and as successor-    :
in-interest to BONDEX INTERNATIONAL,    :
INC.);    :
                                                        :
RPM INTERNATIONAL, INC. (individually    :
and as successor-in-interest to RPM, INC.,    :
and BONDEX INTERNATIONAL, INC.);    :
                                                        :
VIACOM, INC. (individually and as    :
successor-by-merger to CBS    :
CORPORATION, successor-by-merger to    :
WESTINGHOUSE ELECTRIC    :
CORPORATION);    :
                                                        :
THE GOODYEAR TIRE & RUBBER    :
COMPANY;    :
                                                        :
BORGWARNER MORSE TEC, INC.,    :
(individually and successor in interest to    :
BORG-WARNER CORPORATION);    :
                                                        :
BORGWARNER, INC.,(individually and    :
successor in interest to BORG-WARNER    :

CORPORATION);                           :
                                        :
HONEYWELL INTERNATIONAL, INC.           :
(individually and as successor-in-interest to   :
ALLIED-SIGNAL, INC. and THE BENDIX      :
CORPORATION);                           :
                                        :
DAIMLERCHRYSLER CORPORATION             :
(f/k/a CHRYSLER CORPORATION);           :
                                        :
GENERAL MOTORS CORPORATION;             :
                                        :
FORD MOTOR COMPANY;                     :
                                        :
PNUEMO ABEX, LLC (individually and as   :
successor-by-merger to PNEUMO ABEX      :
CORPORATION, successor-in-interest to   :
ABEX CORPORATION f/k/a AMERICAN         :
BRAKE SHOE COMPANY, f/k/a              :
AMERICAN BRAKE SHOE and                 :
FOUNDRY COMPANY including the           :
AMERICAN BRAKEBLOK DIVISION,            :
successor-by-merger to the AMERICAN     :
BRAKE SHOE and FOUNDRY COMPANY          :
and THE AMERICAN BRAKEBLOK              :
CORPORATION, f/k/a THE AMERICAN         :
BRAKE MATERIALS CORPORATION);           :
                                        :
MAREMONT CORPORATION (a                 :
subsidiary of ARVIN INDUSTRIES, INC.,   :
individually and as successor-in-interest to   :
GRIZZLY MANUFACTURING CO.);             :
                                        :
HENNESSY INDUSTRIES, INC.,              :
(individually and as successor by merger to   :
AMMCO TOOLS, INC. and AMMCO             :
TOOLS, CO., d/b/a AMMCO TOOLS);         :
                                        :
A.W. CHESTERTON, INC.;                  :
                                        :
DURABLA MANUFACTURING
COMPANY, INC.;

          Defendants.

## NEW CASTLE COUNTY PRAECIPE

        PLEASE ISSUE Summons and Complaint through the Sheriff of New Castle County to
the defendants at the address indicated herein:

GEORGIA-PACIFIC CORPORATION (Individually and as
successor to BESTWALL GYPSUM COMPANY
c/o Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

CERTAINTEED CORPORATION
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-
ILLINOIS GLASS COMPANY and d/b/a O-I)
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19805

AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES,
INC. successor-by-merger with HAVEG CORPORATION)
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to
AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG
INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION)
c/o Corporation Service Co.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES,
INC. successor-be-merger to HAVEG CORPORATION)
c/o Hercules, Inc.
1313 N. Market St.
Wilmington, DE 19894

INGERSOLL-RAND COMPANY
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

FOSTER WHEELER NORTH AMERICA CORPORATION
(f/k/a FOSTER WHEELER ENERGY CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS DIVISION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

ZURN INDUSTRIES, INC. (a/k/a And successor-by-merger
to ERIE CITY IRON WORKS)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

GARLOCK SEALING TECHNOLOGIES, L.L.C (individually and
as a successor-in-interest to GARLOCK, INC.)
c/o Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC.,
F/k/a D.B. RILEY, INC., f/k/a RILEY STOKER
CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UNION CARBIDE CORPORATION
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

3M COMPANY (individually and f/k/a MINNESOTA, MINING, AND
MANUFACTURING COMPANY, a/k/a "3M");
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street

Wilmington, DE 19801

RPM INTERNATIONAL, INC. (individually and as successor-in-interest to RPM, Inc., and BONDEX INTERNATIONAL, INC.)
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

VIACOM, INC. (individually and as successor-by-merger to CBS CORPORATION, successor-by-merger to WESTINGHOUSE ELECTRIC CORPORATION)
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

THE GOODYEAR TIRE & RUBBER COMPANY
c/o Corporation Service Company
2711 Centerville Road, Suite 400,
Wilmington, Delaware 19808

PHILIPS ELECTRONICS NORTH AMERICA CORP. (individually and as successor-in-interest to T H AGRICULTURE & NUTRITION, LLC)
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

BORGWARNER, INC.,(individually and successor in interest to BORG-WARNER CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION)
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801


GENERAL MOTORS CORPORATION
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801


FORD MOTOR COMPANY
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801


PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX
CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN
BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY
COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger
to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN
BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS
CORPORATION)
Corporation Service Company
2711 Centerville Rd
Ste 400
Wilmington, DE 19808


MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC.,
individually and as successor-in-interest to GRIZZLY MANUFACTURING CO.)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801


HENNESSY INDUSTRIES, INC.. (individually and as successor by merger to AMMCO
TOOLS, INC. and AMMCO TOOLS, CO.. d/b/a AMMCO TOOLS)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**JACOBS & CRUMPLAR, P.A.**

By:    */s/ David A. Arndt, Esquire*
       David A. Arndt #3925
       2 East 7th Street
       P.O. Box 1271
       Wilmington, DE 19899
       (302) 656-5445
       Attorney for Plaintiffs

and

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum
Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605
FAX: (214) 520-1181

Date:  February 27, 2006

# EXHIBIT J

214 969 1751

# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

1700 PACIFIC AVENUE • SUITE 3300
DALLAS. TEXAS 75201-4693
(214) 969-1700
FAX (214) 969-1751
www.tklaw.com

AUSTIN
DALLAS
FORT WORTH
HOUSTON
NEW YORK

ALGIERS
LONDON
MEXICO CITY
MONTERREY
PARIS
RIO DE JANEIRO

(214) 969-1216
E-Mail: dawn.wright@tklaw.com

February 8, 2007

*VIA FACSIMILE*

Mr. John Spillane
Baron & Budd, P.C.
6955 Perkins Road, Suite 100
Baton Rouge, Louisiana 70808

Re:    February Baron & Budd Docket
       New Castle County, Delaware Superior Court

Dear John:

I am writing to confirm our agreement to fully resolve the above-referenced matter for $          total.  Plaintiffs have agreed to accept the following from General Motors Corporation and Ford Motor Company in full and final settlement of their claims against them:

(1)
(2)
(3)    James  Collins - $          (GM only)
(4)                                     .)

If this letter accurately reflects our agreement, please sign in the space provided below and return it to me so I can file it with the Courts as necessary pursuant to Rule 11.

Very truly yours,

Dawn M. Wright

DMW:caf
AGREED:

_____
John Spillane
Attorney for Plaintiffs

# EXHIBIT K





**SO ORDERED** Filed Jan 17 2007 9:12 AM EST
Transaction ID 13478810

**IN THE SUPERIOR COPURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUTY**

IN RE: ASBESTOS LITIGATION :
:
*COTE TRIAL GROUP* :
   William Cote :   C.A. No. : 05C-09-268
   John Sheldon :   C.A. No. : 05C-08-206
   Moscoe King :   C.A. No. : 05C-11-125
   Charles Lentile :   C.A. No. : 05C-11-256
   James Collins :   C.A. No. : 06C-02-281
   William Kountz :   C.A. No. : 06C-02-223
   Marlon Owens :   C.A. No. : 06C-02-241
   Roland Grenier :   C.A. No. : 05C-11-257
   Lyle Foltz :   C.A. No. : 05C-10-325
   Hugo Engel :   C.A. No. : 05C-09-083
   Virgil Brauer :   C.A. No. : 05C-08-049
   Oliver Sandahl :   C.A. No. : 05C-11-057
   Arnold Eudy :   C.A. No. : 05C-10-323
   William Modelewski :   C.A. No. : 05C-09-192
   Kenneth Beard :   C.A. No. : 05C-11-158
   John Bassett :   C.A. No. : 05C-07-122
   Rollin Overstreet :   C.A. No. : 05C-09-037
   Eustachico Lupone :   C.A. No. : 05C-11-063
   George Thomas :   C.A. No. : 05C-11-106
   Barry Smith :   C.A. No. : 06C-02-265

**SO ORDERED**

**ORDER**

**AND NOW TO WIT,** on this 21st day of December, 2006, upon considering the Motion to

ismiss Claims filed on behalf of various Defendants, and it appearing that as said Motion

ppears meritorious and is unopposed and, further, that there is no just reason for delay;

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that, Pursuant to Rule 54 of

he Superior Court Civil Rules, said Motion is hereby **GRANTED** and all claims, including

rossclaims, against the Defendants listed below in the cases listed below are hereby dismissed

with prejudice with each party bearing its own costs.

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| JOHN MILLER BASSETT | 05C-07-122 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);<br><br>GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);<br><br>CERTAINTEED CORPORATION;<br><br>OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY);<br><br>AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.);<br><br>CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.;<br><br>KAISER GYPSUM COMPANY, INC.;<br><br>HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.);<br><br>RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.);<br><br>THE SHERWIN WILLIAMS COMPANY;<br><br>T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| KENNETH RUDELL BEARD and CATHERYN SUE BEARD | 05C-11-158 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION);<br><br>GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY);<br><br>CERTAINTEED CORPORATION;<br><br>AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION);<br><br>CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | ✓ HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | ✓ KAISER GYPSUM COMPANY, INC.; |
| | | ✓ HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | ✓ RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | ✓ H.B. FULLER COMPANY (individually and as successor-in-interest to AMCHEM PRODUCTS, INC. and BENJAMIN FOSTER COMPANY); |
| | | ✓ OKONITE INCORPORATED; |
| | | ✓ PRATT & WHITNEY POWER SYSTEMS, INC.; |
| | | ✓ PEERLESS INDUSTRIES, INC. (d/b/a PEERLESS HEATER COMPANY); |
| | | ✓ PEERLESS HEATER COMPANY, (individually and as successor in interest to PEERLESS INDUSTRIES, INC. d/b/a THE PEERLESS HEATER COMPANY, and d/b/a PEERLESS BOILERS); |
| | | ✓ GENERAL ELECTRIC COMPANY; |
| | | ✓ DURABLA MANUFACTURING COMPANY; |
| | | ✓ DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | ✓ GENERAL MOTORS CORPORATION; |
| | | ✓ PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| VIRGIL LLOYD BRAUER | 05C-08-049 | ✓ FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | A.W. CHESTERTON, INC.; |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (successor to OWENS-ILLINOIS GLASS COMPANY); |
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | BUFFALO PUMPS, INC. |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., f/k/a WARREN PUMPS, INC.; |
| | | GARDNER DENVER, INC., f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | HENRY VOGT MACHINE COMPANY; |
| | | UNION CARBIDE CORPORATION; |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| JAMES DANIEL COLLINS and MARY M. COLLINS | 06C-02-281 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | A.W. CHESTERTON, INC.; |
| | | FORD MOTOR COMPANY; |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.); |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | UNION CARBIDE CORPORATION; and |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.) |
| WILLIAM GILBERT COTE and ETHEL MAE COTE | 05C-09-268 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | BONDEX INTERNATIONAL, INC.; |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; and |
| | | CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to MUNDET CORK COMPANY) |
| INGEBORG ENGEL and MARGARET OSMOND, Individually and as Co-Executrix of the Estate of HUGO GEORGE ENGEL, Deceased; and BARBARA ENGEL, MARIA DUBIEL | 05C-09-083 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I; |
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; |
| | | UNION CARBIDE CORPORATION; |
| | | CRANE COMPANY; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; |
| ARNOLD CHARLES EUDY and SHIRLEY ARLETTE EUDY | 05C-10-323 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | BONDEX INTERNATIONAL, INC.; |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | GENERAL ELECTRIC COMPANY; |
| | | BUFFALO PUMPS, INC.; |
| | | IMO INDUSTRIES, INC. (individually and as successor-in-interest to DELAVAL TURBINE, INC.); |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | GOULDS PUMPS, INC.; and |
| | | HENRY VOGT MACHINE COMPANY |
| LYLE DAVIS FOLTZ and LAWANDA FOLTZ, | 05C-10-325 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION); |
| | | FORD MOTOR COMPANY; |
| | | GENERAL MOTORS CORPORATION |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| ROLAND LEO GRENIER, SR., | 05C-11-257 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; |
| | | GENERAL ELECTRIC COMPANY; |
| | | H.B. FULLER COMPANY, (individually and as successor-in-interest to AMCHEM PRODUCTS, INC. |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | and BENJAMIN FOSTER COMPANY); HENNESSY INDUSTRIES, INC. (individually and as successor-by-merger to AMMCO TOOLS, INC.); WEIL-MCLAIN; SAINT-GOBAIN PERFORMANCE PLASTICS, INC. (individually and f/k/a FURON COMPANY, and as successor-in-interest to SEPCO CORPORATION); SEPCO CORPORATION; SEALING EQUIPMENT PRODUCTS COMPANY, INC. (f/k/a SEPCO CORPORATION) |
| BARBARA HASSEN KING, Individually and as Executrix of the Estate of MOSCOE JACKSON KING, JR., Deceased; MICHAEL JACKSON KING, BARBARA CHRISTINE WILSON, LEMUEL HALFORD KING, and RONALD BLANCHARD KING | 05C-11-125 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); CERTAINTEED CORPORATION; OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY, INC.); KAISER GYPSUM COMPANY, INC.; HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | INC.); |
| | | BUFFALO PUMPS, INC.; |
| | | HOWDEN BUFFALO, INC. (individually and as successor-in-interest to B.F. STURTEVANT); |
| | | WARREN PUMPS, L.L.C., (f/k/a WARREN PUMPS, INC.); |
| | | GARDNER DENVER, INC., (f/k/a GARDNER DENVER MACHINERY, INC.); |
| | | GOULDS PUMPS, INC.; |
| | | HENRY VOGT MACHINE COMPANY; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | A.W. CHESTERTON, INC.; and |
| | | UNION CARBIDE CORPORATION |
| WILLIAM JOSEPH KOUNTZ | 06C-02-223 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY, INC.; |
| | | BUFFALO PUMPS, INC.; |
| | | BORGWARNER MORSE TEC, INC., (individually and successor in interest to BORG-WARNER CORPORATION); |
| | | BORGWARNER, INC., (individually and successor in interest to BORG-WARNER CORPORATION); |
| | | HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDIX CORPORATION); |
| CHARLES CHRISTOPHER LENTILE and SUSIE DUNN-LENTILE | 05C-11-256 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
| | | DURABLA MANUFACTURING COMPANY; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
|  |  |  |
| EUSTACHICO LUPONE | 05C-11-063 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
|  |  | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
|  |  | CERTAINTEED CORPORATION; |
|  |  | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
|  |  | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
|  |  | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
|  |  | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
|  |  | UNION CARBIDE CORPORATION; |
|  |  | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
|  |  | KAISER GYPSUM COMPANY, INC.; |
|  |  | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
|  |  | RPM, INC. (individually, and as successor-in-interest to BONDEX INTERNATIONAL, INC.); |
|  |  | DURABLA MANUFACTURING COMPANY; |
|  |  | A.W. CHESTERTON, INC. |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| WILLIAM JOSEPH MODELEWSKI, and JEANETTE MODELEWSKI | 05C-09-192 | F FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); CERTAINTEED CORPORATION; OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in interest to HAVEG INDUSTRIES, INC.; UNION CARBIDE CORPORATION; T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); KAISER GYPSUM COMPANY, INC.; HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); GENERAL ELECTRIC COMPANY; DURABLA MANUFACTURING COMPANY; A.W. CHESTERTON, INC.; OKONITE INCORPORATED |
| ROLLIN JAMES OVERSTREET and CRYSTAL J. OVERSTREET | 05C-09-037 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); CERTAINTEED CORPORATION; OWENS-ILLINOIS, INC. individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I; GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | AMETEK, INC (successor-in-interest to HAVEG INDUSTRIES, INC.); |
| | | CHAMPLAIN CABLE CORPORATION (f/k/a HERCULES, INC., and individually and as successor-in-interest to HAVEG INDUSTRIES, INC.; |
| | | T H AGRICULTURE & NUTRITION, LLC (successor to THOMPSON HAYWARD CHEMICAL CO., INC.); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to ALLIED-SIGNAL, INC. and THE BENDEX CORPORATION); |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | FORD MOTOR COMPANY; |
| | | PNEUMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| MARLON CLARENCE OWENS and LYNN OWENS | 06C-02-241 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | d/b/a O-I); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | DURABLA MANUFACTURING COMPANY, INC.; |
| | | A.W. CHESTERTON, INC.; |
| | | HENNESSY INDUSTRIES, INC., (individually and as successor by merger to AMMCO TOOLS, INC. and AMMCO TOOLS, CO., d/b/a AMMCO TOOLS); |
| | | DAIMLERCHRYSLER CORPORATION (f/k/a CHRYSLER CORPORATION); |
| | | MAREMONT CORPORATION (a subsidiary of ARVIN INDUSTRIES, INC., individually and as successor in interest to GRIZZLY MANUFACTURING CO.) |
| OLIVER EDWARD SANDAHL, and ANNE M. SANDAHL | 05C-11-057 | FOSTER WHEELER NORTH AMERICA CORPORATION (f/k/a FOSTER WHEELER ENERGY CORPORATION); |
| | | GEORGIA-PACIFIC CORPORATION (individually and as successor to BESTWALL GYPSUM COMPANY); |
| | | CERTAINTEED CORPORATION; |

| PLAINTIFF/CASE | CIVIL ACTION NUMBER | DEFENDANTS HEREBY DISMISSED BY WAY OF SUMMARY JUDGMENT OF ALL CLAIMS AGAINST THEM |
|---|---|---|
| | | OWENS-ILLINOIS, INC. (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY and d/b/a O-I); |
| | | GARLOCK SEALING TECHNOLOGIES LLC (individually and as a successor-in-interest to GARLOCK, INC.); |
| | | AMETEK, INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger with HAVEG CORPORATION); |
| | | CHAMPLAIN CABLE CORPORATION (individually, and as successor-in-interest to AMERICAN SUPER TEMPERATURE WIRE, and successor-in-interest to HAVEG INDUSTRIES, INC. successor-by-merger to HAVEG CORPORATION); |
| | | HERCULES INC. (individually, and as successor-in-interest to HAVEG INDUSTRIES, INC. successor-be-merger to HAVEG CORPORATION); |
| | | UNION CARBIDE CORPORATION; |
| | | CRANE COMPANY; |
| | | T.H. AGRICULTURE & NUTRITION, LLC (individually and f/k/a T.H. AGRICULTURE & NUTRITION COMPANY, INC. f/k/a THOMPSON-HAYWARD CHEMICAL COMPANY); |
| | | KAISER GYPSUM COMPANY, INC.; |
| | | HANSON PERMANENTE CEMENT, INC. (f/k/a KAISER CEMENT CORPORATION, individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.); |
| | | A.W. CHESTERTON, INC.; |
| | | DURABLA MANUFACTURING COMPANY; |
| | | PNUEMO ABEX, LLC (individually and as successor-by-merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, f/k/a AMERICAN BRAKE SHOE and FOUNDRY COMPANY including the AMERICAN BRAKEBLOK DIVISION, successor-by-merger to the AMERICAN BRAKE SHOE and FOUNDRY COMPANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION); |